## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC*., et. al.*

     *Plaintiffs,*

v.

CORD BYRD, in his official capacity as
Secretary of the State of Florida, et al.

     *Defendants.*

Case No.  4:25-cv-00211-MW-MAF

## PLAINTIFFS' EMERGENCY MOTION
## FOR TEMPORARY RESTRAINING ORDER

  Pursuant to Rule 65, Federal Rules of Civil Procedure, Plaintiffs Florida Decides Healthcare ("FDH"), Mitchell Emerson, and Jordan Simmons move for a temporary restraining order against Cord Byrd, in his official capacity as Secretary of State of Florida, James Uthmeier, in his official capacity as Attorney General of the State of Florida, and the State Attorneys of the State of Florida. In support thereof, Plaintiffs state as follows:

  1. On May 4, 2025, Plaintiff filed their Complaint for Declaratory and Injunctive Relief alleging, pursuant to 28 U.S.C. § 1983, that Defendants violated the First, Fifth, and Fourteenth Amendments to the U.S. Constitution when the

Florida State Legislature passed House Bill 1205 ("HB 1205"), signed into law by Governor Ron DeSantis on May 2, 2025.

2.      HB 1205 imposes various new restrictions and requirements on the citizen-led initiative process. The law is complex. Some provisions of HB 1205 take immediate effect and, as described in the accompanying Memorandum of Law, are causing Plaintiffs immediate irreparable injury. These provisions are addressed in this motion. Other provisions of HB 1205 challenged in this lawsuit will take effect on July 1, 2025. Plaintiffs anticipate filing a subsequent motion for preliminary injunction to address this second type of provision.

3.      Specifically, for the reasons detailed in the accompanying Memorandum of Law, Plaintiffs seek a temporary restraining order enjoining Defendants from enforcing the following provisions of HB 1205 at Fla. H.B. 1205, 2025 Leg., Reg. Sess. (Fla. 2025) (Engrossed 2):

(a)      Severe and Punitive Fines provisions, Fla. Stat. § 100.371(4)(g), (7)(a)1–3, (8), and (10) (2025);

(b)      Ten-Day Return Time requirement, Fla. Stat. § 100.371(7)(a)1–3 (2025); and

(c)      Vague Criminal Penalties provisions, Fla. Stat. §§ 100.371(9), 104.85(2), and 895.02(8)(d) (2025).

4.      This motion is filed as an emergency motion pursuant to Local Rule 7.1(L) because the above provisions of HB 1205 have an immediate impact on Plaintiff FDH's operations as a sponsor organization of a citizen-led initiative, and Plaintiff Simmons' constitutional rights.

5.      Plaintiffs will provide prompt notice to Defendants of the instant motion and all supporting documentation.

WHEREFORE, for the foregoing reasons, and those set forth in Plaintiffs' supporting Memorandum of Law, Plaintiffs respectfully request this Court enter a temporary restraining order enjoining Defendants' implementation of HB 1205 as outlined in this motion.

## REQUEST FOR ORAL ARGUMENT

Plaintiff seeks leave to present 30 minutes of oral argument in support of this motion pursuant to Local Rule 7.1(K).

## LOCAL RULE 7.1(B) CERTIFICATION

Plaintiffs' counsel, Frederick Wermuth, notified counsel for the Secretary of State, Mohammad Jazil; counsel for the Attorney General, William Stafford; and counsel who may appear for the State Attorneys, Doug Wyler,[1] regarding Plaintiffs' intent to seek the requested injunctive relief on an emergency basis. Plaintiffs'

---

[1] It is not clear whether Mr. Wyler will appear on behalf of the State Attorneys. Yet Mr. Wyler has confirmed that he has notified the State Attorneys of Plaintiffs' Complaint, and he has agreed to notify the State Attorneys of the instant motion.

counsel has not received a response from the foregoing counsel and will promptly update the Court regarding their responses.  This motion does not seek relief against the Defendant Supervisors of Elections, but Plaintiffs' counsel will promptly notify counsel for the Defendant Supervisors of Elections, who are known but have not yet filed notices of appearance; and Plaintiffs' counsel will promptly notify the Court if any take a position on the relief requested in this motion.

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned, Matletha Bennette, certifies that this motion contains 410 words, excluding the case style, signature block and certifications.

Dated: May 7, 2025

Frederick S. Wermuth
Florida Bar No. 0184111
Quinn Ritter
Florida Bar No. 1018135
King, Blackwell,
Zehnder & Wermuth, P.A.
25 E. Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
qritter@kbzwlaw.com

Respectfully submitted,

 /s/ Matletha Bennette
Matletha Bennette, Fla. Bar No. 1003257
Krista Dolan, Fla. Bar No. 1012147
SOUTHERN POVERTY LAW CENTER
PO Box 10788
Tallahassee, FL 32302-2788
Telephone: (850) 408-4840
Matletha.bennette@splcenter.org

Avner Shapiro*
Bradley E. Heard*
Nicholas Taichi Steiner*
SOUTHERN POVERTY LAW CENTER
1101 17th St NW Ste 550
Washington, DC 20036
Avner.shapiro@splcenter.org
bradley.heard@splcenter.org
nick.steiner@splcenter.org

4

Ben Stafford*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
bstafford@elias.law

Emma Olson Sharkey*
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: 202-968-4490
eolsonsharkey@elias.law

*Pro hac vice applications forthcoming

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

*Attorney for Plaintiff*

5