# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

FLORIDA DECIDES HEALTHCARE,
INC., MITCHELL EMERSON, in his
individual capacity, JORDAN
SIMMONS, in his individual capacity.

*Plaintiffs,*

v.

CORD BYRD, in his official capacity
as Secretary of State of Florida, et al.

*Defendants.*

Civil Action No. 4:25-cv-211

**DECLARATION OF JORDAN SIMMONS IN SUPPORT OF PLAINTIFFS'**
**REQUEST FOR INJUNCTIVE RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Jordan Simmons, declare as follows:

1.     I am over the age of eighteen and fully competent to make this
declaration. I have personal knowledge of the facts stated herein and declare the
following to be true and correct.

2.     I serve as a Project Director for Florida Decides Healthcare, Inc. (FDH).
This is a salaried, full-time role. I began working for FDH on March 20, 2025, and
plan on remaining with FDH as it expands throughout the state. Although I am living

in Florida while I work for FDH, I am a Missouri resident. I do not plan on changing my residency to Florida.

3.    I have made a career out of grassroots organizing, traveling from state to state to help ordinary people make their voices heard. I am particularly passionate about expanding access to healthcare. I believe that healthcare is a fundamental right, and I am committed to helping citizens of states nationwide vote to expand access to Medicaid. To advance that mission, I helped organize for Medicaid-expansion ballot initiatives in my home state of Missouri in 2020, as well as in South Dakota in 2022. Both measures were approved by Missouri's and South Dakota's electors.

4.    I came to Florida to continue this mission with FDH. Florida ranks 47th in the nation for healthcare access and affordability, with the third-highest number of uninsured people in the United States. Healthcare costs are debilitating for the uninsured, so hundreds of thousands of hard-working Floridians lack access to life-saving care and treatments. I joined FDH because the organization is sponsoring a ballot initiative to expand Medicaid for those in Florida with the greatest need.

5.    As Project Director, I oversee FDH's Tampa office. Before HB 1205, FDH had plans to expand to Saint Petersburg and Orlando. I am supposed to oversee those future offices, as well. My duties as Project Director include debriefing canvassers and reviewing petitions for accuracy and completeness at the end of each day. I also canvass myself at least once per week.

6.     HB 1205 prohibits anyone who is not a Florida resident from registering as a petition circulator in Florida. If I am not registered as a petition circulator, I cannot canvass on FDH's behalf. So the law prevents me from interacting with voters.

7.     It is also not clear whether I can handle petitions at all without violating the law, because it restricts nonresidents from physically possessing petitions. Before HB 1205, almost all of my work for FDH involved directly handling petitions, such as when I would review and verify petitions at the end of each day.

8.     I understand that HB 1205 imposes new criminal penalties and hefty fines for errors and irregularities during the collection and return of petition signatures. I am afraid that if I make a mistake, or if I accidentally overstep limits in what I am allowed to do as an out-of-state resident working for FDH, I will be sanctioned and possibly charged with a felony. I am also afraid of inadvertently causing FDH to have to pay substantial fines or other penalties for any mistakes I make while performing my job.

9.     Because of HB 1205 and its alarming new penalties, I am not willing to remain at FDH unless they are able to restructure my role to avoid any direct contact with petitions whatsoever. The law is not clear what I am and am not allowed to do, so I am not willing to take the risk of handling petitions at all. If FDH cannot

guarantee that, I will resign from my employment with FDH to avoid criminal and civil liability, for myself and for FDH.

10.    I want to continue working in my role for FDH. Floridians deserve the chance to vote to expand Medicaid, like those in Missouri and South Dakota, and I am committed to FDH's work to help them do so. But I cannot prioritize my passion for this work over my security and livelihood, and I do not want to go to work every day scared that if I make a mistake, it might be a felony.

11.    I also do not want FDH to suffer because I stay on staff, compromising the very mission I want to support.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.


Date: May 5, 2025

_____
Jordan Simmons