IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

   *Plaintiffs/Intervenor-Plaintiff*,

v.                                              Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

   *Defendants*.

_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER, CANCELING SCHEDULING HEARING, AND SETTING BRIEFING SCHEDULE

Pending before this Court is Plaintiffs' Emergency Motion for Temporary Restraining Order. ECF No. 14. Plaintiffs have also filed a status report on conferral, service, and scheduling regarding briefing and a hearing on the motion. ECF No. 62. This Court has considered Plaintiffs' proposed schedule, which includes a response deadline for the Secretary and Attorney General. *Id*. at 3. Implicit in the conferral and scheduling of a hearing affording Defendants an opportunity to be heard is that this Court has effectively converted Plaintiffs' motion for temporary restraining order into a motion for preliminary injunction. In so doing, this Court assumed Plaintiffs would file a motion for preliminary injunction at least mirroring the motion for temporary restraining order after it became clear that this Court was not planning

to rule on the motion without first hearing from Defendants. But Plaintiffs have not filed any such motion, so this Court will make explicit what was implicit.

Under Rule of Civil Procedure 65(b)(1)(A), a court may issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." For a plaintiff to be entitled to a temporary restraining order, it must show "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the [defendants]; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F. 3d 1223, 1225-26 (11th Cir. 2005). While all of these elements must be established, none is controlling.

Plaintiffs assert that a TRO is necessary because the challenged provisions at issue in their motion have taken immediate effect upon being signed into law on May 2, 2025, and have thus forced Plaintiffs to cease some operations to avoid incurring penalties that amount to existential threats to their mission. But as this Court previously noted in its order setting an emergency scheduling conference, ECF No. 17, this Court is not persuaded that relief must be afforded before Defendants are heard on Plaintiffs' motion. *See, e.g.*, *Dream Defenders v. DeSantis*, 559 F. Supp. 3d 1238 (N.D. Fla. 2021), *rev'd*, 119 F.4th 872 (11th Cir. 2024) (evaluating

2

preliminary injunction motion following hearing from both sides regarding criminal law that took immediate effect upon being signed into law). Questions concerning Plaintiffs' standing and the merits of Plaintiffs' claims raised in their motion persist. Accordingly, Plaintiffs' motion for temporary restraining order, ECF No. 14, is **DENIED**.

This Court recognizes that Plaintiffs seek preliminary injunctive relief in their corrected complaint. ECF No. 19 at 73. Accordingly, inasmuch as Plaintiffs seek such relief on an emergency basis with respect to the issues raised in their motion for temporary restraining order, they must file a motion for preliminary injunction **on or before 5:00 p.m. (ET) on Wednesday, May 14, 2025.**

The emergency scheduling conference set for tomorrow, May 14, 2025, is **CANCELLED**.

Given the conferral and agreement noted in Plaintiffs' status report, ECF No. 62, the Secretary's and Attorney General's responses to any forthcoming motion for preliminary injunction are due **on or before Friday, May 16, 2025.** This Court acknowledges that the State Attorney Defendants take no position on Plaintiffs' earlier-filed motion. *Id*. at 2. Nonetheless, if that changes, the State Attorneys' response to any forthcoming motion for preliminary injunction is also due **on or before Friday, May 16, 2025.** Plaintiffs' reply is due **on or before Monday, May**

**19, 2025.** A hearing on Plaintiffs' forthcoming motion for preliminary injunction is set for **Thursday, May 22, 2025, at 9:00 a.m. (ET).**

If any party wishes to be heard regarding this schedule, they must confer and notify the Court immediately.

**SO ORDERED on May 13, 2025.**

s/Mark E. Walker<br>
**Chief United States District Judge**
