IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,**
**INC., et al.,**

    *Plaintiffs*,

v.                                                     Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants*.

_____/

## ORDER GRANTING MOTION TO INTERVENE

This Court has considered, without hearing, the League of Women Voters of Florida's[1] (the League's) motion to intervene as party plaintiffs in this case. ECF No. 86. For the reasons provided below, the motion is due to be granted.

A court must allow a party to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). But here, this Court need not

---

[1] Proposed Intervenor-Plaintiffs include League of Women Voters of Florida, League of Women Voters of Florida Education Fund, Inc., League of United Latin American Citizens, Cecile Scoon, and Debra Chandler. This Court refers to these parties collectively as the League of Women Voters of Florida, or the League, for ease of reference.

determine whether the League may intervene as of right because the League also moves for permissive intervention. ECF No. 86 at 22.

A district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive intervention. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)). So much so that it "is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

Here, this Court finds permissive intervention appropriate. First, this Court finds the League's motion timely. This case is also time sensitive, and thus presents unique considerations related to potential interlocutory appeals that are not present in other cases. And this Court notes that the League has conferred with many of the players in this action who have had counsel appear, none of whom oppose the motion. Accordingly, the League's motion, ECF No. 86, is **GRANTED.** Intervenor-Plaintiffs shall file their complaint as a separate docket entry by close of business today. To the extent the League Plaintiffs intend to join any forthcoming motion for

preliminary injunction to be heard on May 22, 2025, they are likewise bound by the schedule this Court previously set forth. *See* ECF Nos. 70 and 73.

**SO ORDERED on May 14, 2025.**

<u>s/Mark E. Walker            </u>
**Chief United States District Judge**
