IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.

    *Plaintiffs*,

v.

CORD BYRD, in his official capacity
as Secretary of State of Florida, et al.

    *Defendants*.

No. 4:25-cv-00211-MW-MAF

## DECLARATION OF JUAN ARDILA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to 28 U.S.C. § 1746, I, Juan Ardila, declare as follows:

1. I am over the age of eighteen and fully competent to make this declaration. I have personal knowledge of the facts stated herein and declare the following to be true and correct.

2. I am a resident of Florida, and currently live in Orlando, Florida.

3. Since June 2022, I have served as Organizing Director for People Power for Florida. People Power for Florida is a political committee focused on promoting civic engagement and increasing voter registration and empowerment. For example, People Power for Florida hosts voter registration events, leads

canvassing and phone banking efforts, and conducts organizing trainings for college students.

4. In addition, People Power for Florida is also committed to supporting Medicaid expansion in Florida. As part of this effort, People Power for Florida works alongside Florida Decides Healthcare, Inc. ("FDH") in connection with FDH's proposed ballot measure to expand Medicaid coverage in the state. People Power for Florida assists FDH in the petition process by helping collect petitions for FDH and by training individuals on how to collect petitions in support of the Medicaid expansion measure.

5. The enactment of HB 1205 has immediately hindered the ability of People Power for Florida to collect signatures for the Medicaid expansion ballot measure in several ways.

6. For one, it has caused serious concerns among our volunteers, including our most dedicated volunteers, about their ability to continue to carry out the work of petition collection. We have a "super volunteer" program of individuals who very actively support our work and, among other things, recruit and organize other volunteers. A majority of these approximately 25 "super volunteers" reached out because of concerns with the law. These people are concerned about the punitiveness of HB 1205—including potentially exposing themselves to criminal penalties—as well as the lack of clarity about what the law prohibits.

2

7. Due to these concerns, some volunteers have stopped collecting petitions altogether. At least five "super volunteers" and additional regular volunteers have told me that they were simply unwilling to collect petitions anymore as a result of HB 1205.

8. As an example, one volunteer previously collected petitions for both the Medicaid expansion ballot measure and for a measure seeking to establish a right to clean waters. The group organizing the clean water measure advised that volunteer to stop collecting petitions entirely. As a result, even though we had not told the volunteer to stop collecting petitions for the Medicaid expansion, that person understandably chose to stop collecting for our campaign as well out of caution.

9. HB 1205 has also increased the cost to People Power for Florida of gathering signatures, particularly through its 10-day return limit. Under the prior rule, where sponsors had 30 days to return petition forms, we were able to collect petitions from volunteers, process and review them in a reasonable time, and then send them to the central initiative campaign (FDH). Now, to meet the 10-day limit, we have been forced to give volunteers pre-stamped envelopes so that they can mail petitions directly to the campaign. This has led to higher operational costs due to the added cost of requiring each volunteer to mail their petitions individually. In addition, these changes have also created increased operational costs for us in other ways. The new compliance requirements we must implement to meet these

3

legislative changes will require additional staff time and use of our elections attorney; this combined with the expensive risk we are taking on could bankrupt our organization.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Date: May 14, 2025

_____
Juan Ardila