

# FLORIDA DEPARTMENT *of* STATE

**RON DESANTIS**
Governor

**CORD BYRD**
Secretary of State

March 26, 2025

Smart & Safe Florida
c/o David Bellamy, Chairperson
1400 Village Square Boulevard, Suite 3-321
Tallahassee, FL 32312

    *Re: Violations of Initiative Petition Law*

Dear Chairperson Bellamy:

    The Division of Elections ("DOE") and Office of Election Crimes & Security ("OECS") received information from the Supervisor of Elections' offices indicating that Smart & Safe Florida, the sponsoring committee for initiative petition entitled: Adult Personal Use of Marijuana,[1] violated Florida election law.

    Under Florida law, a sponsor that collects petition forms or uses a petition circulator to collect petition forms serves as a fiduciary to the elector signing the petition form. *See* § 100.371(7)(a), Fla. Stat. The law requires each sponsor that collects petition forms to "promptly deliver[]" those petitions to the supervisor of elections within 30 days after the elector signs the form or be liable for a fine. *Id.*; Rule 1S-2.0091(2)(b), F.A.C. For each petition form that is delivered later than 30 days from the date the elector signed the form, the fine is $50, or $250 if the sponsor or petition circulator acted willfully. *See* § 100.371(7)(a)1, Fla. Stat. For each petition form that is not submitted to the supervisor of elections, the fine is $500, or $1,000 if the sponsor or petition circulator acted willfully. *See* § 100.371(7)(a)2, Fla. Stat.

    Records received by the DOE and OECS from the Alachua County Supervisor of Elections, the Clay County Supervisor of Elections, the Citrus County Supervisor of Elections, the Columbia County Supervisor of Elections, and the Leon County Supervisor of Elections reflect that your committee delivered 2,437 petition forms for initiative petition 22-05 to the Supervisor of Elections' offices after the statutory deadline.

---

[1] The petitions at issue in this letter were submitted by Smart & Safe Florida in support of the defeated 2024 ballot initiative, entitled: Adult Personal Use of Marijuana; petition serial number 22-05. The same sponsoring political committee, Smart & Safe Florida, has, as of January 2025, started circulating petitions for a 2026 ballot initiative with the same title: Adult Personal Use of Marijuana; petition serial number 25-01.

**Office of Election Crimes & Security**
**R.A. Gray Building • 500 South Bronough Street • Tallahassee, Florida 32399**
**850.245.6511 • 850.245.6212 (Fax) • OECS@dos.fl.gov**

Based on information provided by the respective Supervisors of Elections, the Department finds you in violation of section 100.371(7)(a)1. Therefore, the Department is imposing a **$121,850.00 fine.**

Enclosed with this letter is a USB flash drive containing the signed petition forms for initiative 22-05 that were submitted to DOE and OECS from the Supervisor of Elections. Please contact the Department if you would like the petition forms in a different format.

You may either remit payment of this fine to the Florida Department of State within 25 days, or, you may respond to this letter within 25 days if you are able to show cause why a fine should not be imposed. *See* § 100.371(7)(b), Fla. Stat. (stating that the fines may be waived "upon a showing that the failure to deliver the petition form promptly is based upon force majeure or impossibility of performance"). The check should be made out to the Florida Department of State. If you fail to remit payment or show cause within 25 days from the date of this letter, the Secretary may refer the matter to the Attorney General for enforcement. *See* § 100.371(8), Fla. Stat. Payment should be mailed to:

> Florida Department of State
> c/o Brad McVay, Deputy Secretary of State
> for Legal Affairs & Election Integrity
> 500 South Bronough Street
> Tallahassee, Florida 32399

You also have administrative rights outlined on next page of this letter.

Initiative petition efforts must be undertaken in compliance with the law. If you have questions about this letter, please contact me at (850) 245-5611.

Sincerely,

Brad McVay
Florida Deputy Secretary of State
for Legal Affairs & Election Integrity

Enclosures

cc. *via email*
Kim Barton, Alachua County Supervisor of Elections
Tomi Brown, Columbia County Supervisor of Elections
Chris Chambless, Clay Supervisor of Elections
Mark Earley, Leon County Supervisor of Elections
Mo Baird, Citrus County Supervisor of Elections

## NOTICE OF ADMINISTRATIVE RIGHTS

Pursuant to § 120.569, Fla. Stat., you may have the right to petition for a formal or informal administrative proceeding under §§ 120.57(1) or (2), Fla. Stat., by filing a request for an administrative hearing in compliance with Rules 28-106.201 or 28-106.2015, F.A.C., within twenty-one (21) days from the date of the receipt of this notice. You have the right to be represented by counsel or other qualified representative at any hearing that occurs. Any petition for an administrative hearing may be emailed to the Agency Clerk at: dos.generalcounsel@dos.myflorida.com or filed with the Agency Clerk at:

Office of the General Counsel
Florida Department of State
500 S. Bronough Street
Tallahassee, FL | 32399

Please refer to Chapter 28-106, Florida Administrative Code, which operates as the Department of State's rules of administrative procedure. Failure to adequately file or email with the Agency Clerk requesting an administrative hearing within the twenty-one (21) day period after receipt of this notice shall constitute waiver of any right to request a hearing on any matter set forth herein. Pursuant to § 120.573, Fla. Stat., please be advised that mediation is not available.



# FLORIDA DEPARTMENT *of* STATE

**RON DESANTIS**
Governor

**CORD BYRD**
Secretary of State

March 26, 2025

Smart & Safe Florida
c/o David Bellamy, Chairperson
1400 Village Square Boulevard, Suite 3-321
Tallahassee, FL 32312

> *Re: Violations of Initiative Petition Law/Notice to Cease and Desist/Demand for Immediate Accounting*

Dear Chairperson Bellamy:

The Office of Election Crimes & Security ("OECS") has received information from numerous Florida voters, as well as from Supervisor of Elections' offices, indicating that Smart & Safe Florida violated Florida election law in its work as the sponsoring committee for initiative petition number 25-01 (Adult Personal Use of Marijuana). At this stage, OECS has determined that it appears Smart & Safe Florida committed multiple election law violations, including:

- Between January and March 2025, Smart & Safe Florida failed to provide or display the constitutional amendment text to voters before obtaining signatures on petitions;
- Between January and March 2025, Smart & Safe Florida delivered to Supervisor of Elections numerous forged or fraudulent petitions, including a petition purportedly signed by a Florida voter in February 2025, when, in fact, that voter has been deceased since November of 2024;
- Between January and March 2025, Smart & Safe Florida has circulated, by mail, non-approved petition forms in a manner that has created the opportunity for fraud and has led to dozens of Florida voters completing and submitting multiple 25-01 petitions, in violation of § 104.185(1), Fla. Stat. Over one hundred such voters have been identified as doing this in Palm Beach County alone; and
- Smart & Safe Florida has collected petitions from voters and submitted those petitions to the Supervisor of Elections more than 30 days after the voter signed, in violation of § 100.371(7)(a), Fla. Stat.

The 2025 OECS complaints stem from packages mailed to Florida voters from Smart & Safe Florida. In each instance, the package, of which OECS has several copies, contained two constitutional initiative petition forms for the voter to sign and return, a paid postage return envelope, and a cardboard flyer containing campaign-style literature advocating for marijuana legalization. Although it included two petition forms and campaign-style literature, the package did not include the full text of the proposed constitutional amendment, as is required by Florida law. *See* Rule 1S-2.009, Fla. Admin. Code. In addition, contrary to Florida law, the version of the DS-DE 155A constitutional initiative petition form contained in the package was not the version that the Florida Secretary of State approved. *See* Rule 1S-2.009(2)(c)(3), Fla. Admin. Code.

## I.    *Relevant Statutes and Rules*

The Florida Statutes provide that "[t]he sponsor of an initiative amendment shall, prior to obtaining any signatures," "… submit the text of the proposed amendment to the Secretary of State, with the form on which the signatures will be affixed, and shall obtain the approval of the Secretary of State of such form." § 100.371(2), Fla. Stat. "The Secretary of State shall adopt rules" "… prescribing the style and requirements of such a form." *Id.*

The Secretary has adopted rules prescribing the style and requirements of such a form, as well as rules concerning the collection of signatures. *See* Rules 1S-2.009 and 1S-2.0091, Fla. Admin. Code. The rules clearly provide that "[w]herever the DS-DE 155A," "… forms are circulated for signature, a copy of full text of the associated proposed amendment" "… shall also be provided or displayed to show the voter before signing the petition." Rule 1S-2.009(2)(c)2.b., Fla. Admin. Code.  Form DS-DE 156 exists for precisely this purpose.

To be sure,"[a]ny change to a previously approved petition form shall be submitted to the Secretary of State for review." Rule 1S-2.009(2)(c)3, Fla. Admin. Code. Among other things, "a change in" "layout" constitutes a "material change" to the form that requires the Secretary of State to issue "a different serial number." *Id.*

It is critical to provide voters the full text of the proposed initiative before obtaining the voter signature. You are asking Florida voters to sign petition forms to advance a change to the Florida Constitution, but nowhere in your package do you show voters the proposed amendment text so that the voter can be fully informed and understand what it is he or she is supporting before signing the petition. This omission violates Florida law.

It is also critically important to use the right petition forms before obtaining voter signatures. Although it is the Florida Supervisors of Elections who are responsible for verification of the signatures, a "supervisor may verify that the signature on a form is valid only if" "… [t]he signature was obtained legally." § 100.371(11)(a)5, Fla. Stat. Legally obtained signatures are those that among other things, are on the approved form. Indeed, "[i]n any situation in which [the election code] requires the form of the petition to be prescribed by the division, no signature shall be counted toward the number of signatures required unless it is on a petition form prescribed by the division." § 99.097(3)(b), Fla. Stat.; *see also* Rule 1S-2.0091(3)(b), Fla.

Admin. Code ("Supervisor shall not verify as valid a signature on an initiative petition form unless the petition is on the proper form.")

## II.    *Smart & Safe Florida's Package*

The complaints submitted to OECS state that the Smart & Safe package failed to provide a copy of the full text of the proposed amendment or display the proposed amendment to the voter. Instead, the package contained campaign-style literature to influence voters to sign the form, while completely omitting the actual language of the proposed amendment. Campaign-style literature is not a substitute for the full text of the proposed amendment.

A printed hyperlink to the text is not a substitute either. The requirement is for "the full text of the associated proposed amendment" to "be provided or displayed" "… before" an elector "sign[s] the petition." *See* Rule 1S-2.009(2)(c)2.b., Fla. Admin. Code. Mailing the full text to voters with the package would comply with the rule. A sheet or posterboard displaying the full text would also comply with the rule when gathering signatures in the community. By contrast, your method of including a hyperlink on the petition form does not comply. This approach seems designed to have a voter look at the full text, if at all, only after reviewing the campaign-style literature and signing the petition. Voters would have to take an additional step of typing, not clicking, the hyperlink because this package was issued through mail. Simply put, the law requires more.

Moreover, the Secretary has no record of approving the version of the DS-DE 155A form your committee included in the package—the one with the text, graphic, and hyperlink. Smart & Safe Florida received approval of a form DS-DE 155A from the Secretary on or about January 14, 2025; however, that approved form did not include a hyperlink. The changes you made change the form's layout and are thus material changes, and must be approved by the Secretary before you can use that version of the form. *See* Rule 1S-2.009(2)(c)(3), Fla. Admin. Code ("Any change to a previously approved petition form shall be submitted to the Secretary of State for review."). Your failure to obtain approval for this new version of the form calls into question the validity of signatures collected using the unapproved form. *See* § 99.097(3)(b), § 100.371(11)(a)5, Fla. Stat.; Rule 1S-2.0091(3)(b), Fla. Admin. Code.

## III.    *Voter Confusion/Opportunity for Fraud*

Two Supervisors of Elections have also referred to OECS dozens of voters who, after receiving your package, completed and submitted the same petition more than once; that is a possible first-degree misdemeanor under § 104.185(1), Fla. Stat. The Supervisor of Elections in Palm Beach County alone has referred more than one hundred such voters to OECS. Palm Beach's referrals prompted OECS to forward this information to FDLE for further investigation into the multiple submissions.

We have reason to believe this scenario is playing out in other counties as well.

Based on the complaints received and reviewed by OECS, it appears that your package is partly to blame for this uptick in multiple submissions. As noted above, your package includes

two petitions for the Adult Personal Use of Marijuana initiative (25-01). On one petition you pre-filled a voter's name, address, city, zip, county, and voter registration number, leaving only the date of birth and signature field empty. The second petition form in the package did not include pre-filled information. Voters appear to be signing and submitting the form with the pre-filled information and then also signing and submitting the form without the pre-filled information. The voters are doing this despite the following language at the bottom of each form: "[i]t is a first degree misdemeanor to knowingly sign the same petition more than once." § 104.185, Fla. Stat. These more than one hundred voters are either not reading that warning, ignoring it, or being led to believe both forms need to be submitted.

To make matters worse, Smart & Safe appears to be blaming the voters for the double submissions. According to the Palm Beach County Supervisor of Elections' office, a representative of Smart & Safe Florida delivered a letter to the Supervisor's office addressing the issue. That letter includes a vague reference to problems with "the mailing process," *See* Exhibit "A," but the undated and unsigned letter does not include the committee's letterhead. The letter goes on to state in relevant part:

> When mailing out petitions, we included both a pre-filled version and a blank one, as we were specifically targeting multi-voter households and intended for the blank form to be completed by someone different than the person identified on the prefilled form. However, it seems some people may have filled out and returned both in their name, leading to duplicates. We do not believe [voters filling out and returning both petitions in their name] was done with any malice or purposeful intent – just a case of confusion with the mailing process.

In the letter, Smart & Safe Florida acknowledges the voter confusion, yet you place blame on the voter's inability to properly follow the mailing process. Based on our preliminary review, it appears the confusion is attributable to your decision to send two forms. Given the high number of Florida voters responding to your package who now find themselves under potential criminal investigation by FDLE, OECS has asked as part of that review that FDLE also review whether your organization violated § 104.091(1), Fla. Stat., by aiding or abetting violations of § 104.185(1), Fla. Stat.

Your confusing package is also creating an opportunity for others to commit petition fraud. Several recent OECS referrals to FDLE highlight the concern. In each referral, the voter alleges that a Smart & Safe Florida volunteer petition form was submitted in the voter's name and containing the voter's personal information. The allegation in each referral is that someone forged the voter's signature and submitted it to the Supervisor of Elections. One such allegation from Hillsborough County, alleges an individual who has been deceased since November 2024, purportedly signed a Smart & Safe Florida petition on February 15, 2025. The petition in question was delivered by Smart & Safe Florida to the Hillsborough Supervisor of Elections in March of 2025. In each case, the petition form used for the fraud appears to be on the form contained in the previously mentioned package your organization mailed out.

### IV.    *Demand for an Accounting*

The Secretary is responsible for ensuring the integrity of the petition gathering process.  *See* § 100.371(9), Fla. Stat. The law is clear that you, as the petition sponsor, shall account for all petition forms turned in by you or your agents and that the Secretary has authority to conduct audits. *See, e.g.*, § 100.371(9), Fla. Stat.; Rule 1S-2.009(8), F.A.C. Based on what is outlined in the paragraphs above, I am demanding on behalf of the Division of Elections an immediate accounting of any and all petition forms that were obtained in response to one of your mailed packages and that you or your agents have turned in to any Supervisors of Elections' office. Please also provide any and all correspondence from you and your agents to any Supervisor of Elections related to any package delivered to a Florida voter from your organization.   This production shall be made within 25 days of receipt of this letter.  In addition, as part of the accounting, you shall, within 25 days of receipt of this letter, provide the following information to the Division of Elections:

- The number of packages sent to Florida voters with a pre-filled petition and a link to the text of the proposed amendment;
- The names and addresses of each voter to whom the packages were sent; and
- Any and all documents, correspondence, or notes detailing complaints sent by voters concerning the packages sent to them.

If you fail to provide an accounting as required herein, the Department may refer the matter to the Attorney General for enforcement.  *See* § 100.371(8), Fla. Stat.  The required production and information should be provided to:

> Florida Department of State
> c/o Brad McVay, Deputy Secretary of State
> for Legal Affairs & Election Integrity
> 500 South Bronough Street
> Tallahassee, Florida 32399

### V.    *Cease & Desist*

Based upon the issues outlined in the previous sections of this letter, OECS further demands that you immediately come into compliance with Florida Statutes and the Florida Administrative Code, and that your organization immediately cease the mailing, use, or circulation of non-approved petition forms. OECS demands that you and your agents also comply with Rule 1S-2.009(2)(c)2.b., Fla. Admin. Code, by providing or displaying the full text of the proposed amendment to voters before a voter signs one of your petition forms.

* * *

Initiative petition efforts must be undertaken in compliance with the law. The issues raised in this letter are serious and could serve to undermine public confidence in the initiative petition process. We ask for your immediate compliance.

You also have administrative rights outlined on next page of this letter.

If you have questions about this letter, please contact me at (850) 245-5611.

Sincerely,

Brad McVay
Florida Deputy Secretary of State
for Legal Affairs & Election Integrity

## <u>NOTICE OF ADMINISTRATIVE RIGHTS</u>

Pursuant to § 120.569, Fla. Stat., you may have the right to petition for a formal or informal administrative proceeding under §§ 120.57(1) or (2), Fla. Stat., by filing a request for an administrative hearing in compliance with Rules 28-106.201 or 28-106.2015, F.A.C., within twenty-one (21) days from the date of the receipt of this notice. You have the right to be represented by counsel or other qualified representative at any hearing that occurs. Any petition for an administrative hearing may be emailed to the Agency Clerk at: dos.generalcounsel@dos.myflorida.com or filed with the Agency Clerk at:

Office of the General Counsel<br>
Florida Department of State<br>
500 S. Bronough Street<br>
Tallahassee, FL | 32399

Please refer to Chapter 28-106, Florida Administrative Code, which operates as the Department of State's rules of administrative procedure. Failure to adequately file or email with the Agency Clerk requesting an administrative hearing within the twenty-one (21) day period after receipt of this notice shall constitute waiver of any right to request a hearing on any matter set forth herein. Pursuant to § 120.573, Fla. Stat., please be advised that mediation is not available.

*Exh. "A"*

Supervisor of Elections Office,

This stack of petitions is believed to contain duplicates. When mailing out petitions, we included both a pre-filled version and a blank one, as we were specifically targeting multi-voter households and intended for the blank form to be completed by someone different than the person identified on the prefilled form. However, it seems some people may have filled out and returned both in their name, leading to duplicates.

We do not believe this was done with any malice or purposeful intent—just a case of confusion with the mailing process. We wanted to bring it to your attention for transparency and have pulled and separated them out to assist in your review.

It is our understanding that the initial petition will be counted and that only the second petition will be invalidated. Please advise if this understanding is incorrect or if you have any questions.

Thank you

# Stearns Weaver Miller
# Weissler Alhadeff & Sitterson, p.a.

Glenn Burhans, Jr.
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Direct: (850) 329-4850
Email: gburhans@stearnsweaver.com

April 16, 2025

*Via E-Mail and FedEx*
brad.mcvay@dos.fl.gov
OECS@dos.fl.gov

Brad McVay
Florida Deputy Secretary of State
for Legal Affairs & Election Integrity
c/o Office of Election Crimes & Security
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399

Re:    *Alleged Violations of Initiative Petition Law*

Dear Deputy Secretary McVay:

This law firm represents Smart & Safe Florida ("SSF"), the sponsor of Florida initiative petition number 22-05, Adult Personal Use of Marijuana (the "Petition"). On March 28, 2025, SSF received your letter dated March 26, 2025 ("Letter"), which pertains to signed elector petitions that were submitted to the Supervisors of Elections in Alachua, Clay, Citrus, Columbia, and Leon Counties, respectively (collectively the "Supervisors").

Thank you for reaching out to SSF. We take the issues raised in the Letter very seriously and are committed to scrupulous compliance with the law. As of the date of this letter, SSF continues to perform an analysis of each of the 2,437 petition forms that were allegedly submitted to the Supervisors more than thirty (30) days after being signed by the voters.

Several factors play into timely submission of signed petitions over which SSF has no control. For example, to the extent any petitions were submitted by U.S. Mail to SSF, delays in the mailing process could have resulted in untimely submission.  Regardless that such forces are beyond SSF's control, SSF is required to submit all Petitions – whether timely or not. *See* § 100.371(7)(a); *see also* § 100.371(7)(b) (identifying "impossibility of performance" as an affirmative defense to the alleged violation).  Under Florida law, impossibility of performance as an affirmative defense concerns factual situations where compliance with a statute becomes

Miami  ▪  Tampa  ▪  Fort Lauderdale  ▪  Tallahassee  ▪  Coral Gables

April 16, 2025
Page 2

impossible to perform. *In re Cinemex USA Real Estate Holdings, Inc.*, 627 B.R. 693 (BK S.D. Fla. 2021).[1]

SSF is committed to work with OECS to ensure that this matter is fully investigated and appropriately resolved. The task of investigating the relevant facts concerning the submission of 2,437 petitions is time intensive and will not be completed within the time to file a Request for Formal Administrative Hearing – the filing of which we hope to avoid. *As such, SSF asks that the time to file said request be extended 20 days through May 8, 2025.*

**Please let me know if the extension is approved at your earliest convenience.**

Thank you for your consideration and attention to this matter.

Respectfully,

Glenn Burhans, Jr.

---

[1] Absent this specific statutory affirmative defense, Florida law is clear that it does not impose penalties upon an individual for failing to take certain actions which are physically impossible for that individual to take. *See Shevin v. Int'l Inventors, Inc.*, 353 So.2d 89, 93 (Fla.1977)(invalidating regulatory statute due to its "substantial impossibility of compliance"); *Aspen–Tarpon Springs Ltd. v. Stuart*, 635 So.2d 61, 67–8 (Fla. 1st DCA 1994)(finding that regulatory scheme constituted an unconstitutional taking because it prohibits landowners' use of their property unless the landowner satisfies impossible requirements*); Indian Trail Homeowners Ass'n., Inc. v. Roberts*, 577 So.2d 998, 999 (Fla. 4th DCA 1991)("... a party cannot be required to do the impossible."); *Abbey Park Homeowners Ass'n. v. Bowen*, 508 So.2d 554, 555 (Fla. 4th DCA 1987)(reversing order granting injunction because "Abbey Park does not have the ability to comply with the injunction, and therefore, the injunction is improper."); *Ivaran Lines, Inc. v. Waicman*, 461 So.2d 123, 125 (Fla. 3d DCA 1984) ("The law does not require the performance of impossibilities as a condition to assertion of acknowledged rights, and if a statute requires performance of something which cannot be performed, the court may hold it inoperative."). In addition, as a general rules, "[s]ervice by mail is complete upon mailing." *Fla. R. Gen. Prac. & Jud. Admin*. 2.516(b)(2). Accordingly, petitions that were timely mailed should be deemed timely delivered.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

# Stearns Weaver Miller
# Weissler Alhadeff & Sitterson, p.a.

Glenn Burhans, Jr.
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Direct: (850) 329-4850
Email: gburhans@stearnsweaver.com

April 17, 2025

*Via Hand Delivery*
Copy without enclosures via email:
brad.mcvay@dos.fl.gov
OECS@dos.fl.gov

Brad McVay
Florida Deputy Secretary of State
for Legal Affairs & Election Integrity
c/o Office of Election Crimes & Security
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399

Re:    *Alleged Violations of Initiative Petition Law/Notice to Cease and Desist/Demand for Immediate Accounting*

Dear Deputy Secretary McVay:

This law firm represents Smart & Safe Florida ("SSF"), the sponsor of Florida initiative petition number 25-01, Adult Personal Use of Marijuana (the "Petition"). On March 28, 2025, SSF received your letter dated March 26, 2025 ("Complaint"), which pertains to a package that SSF mailed to certain electors related to the Petition ("Package"). Thank you for reaching out to SSF. We take the issues raised in the Complaint very seriously and are committed to scrupulous compliance with the law.

We respectfully disagree with the allegations and conclusions in the Complaint, and have filed a formal request for administrative hearing pursuant to section 120.569, Florida Statutes. Until that administrative matter is concluded, and as a measure of good faith, SSF will comply with the Department's cease and desist demand in the Complaint. Specifically, while that matter is pending, SSF agrees that all Petitions mailed directly to electors will have nothing printed on the backside of DS-DE 155A, each package will include the full text of the amendment (*i.e.*, DS-DE 156), and blank petition forms will not be included in the packages.

In response to the accounting requested in the Complaint, SSF provides all requested information on the enclosed flash drive, with one exception as noted below, as follows:

- The number of Packages sent to Florida voters with a pre-filled Petition and a link to the text of the proposed amendment: 5,614,073.

MIAMI · TAMPA · FORT LAUDERDALE · TALLAHASSEE · CORAL GABLES

April 17, 2025
Page 2

- All correspondence from SSF to any supervisor of elections related to any Package delivered to a Florida voter from SSF (Bates stamped SSF_0000001 – SSF_0000928).

- The names and addresses of each voter that received the Package and returned to SSF a pre-paid envelope, provided herein because the Petition expressly states that such information on the form would become a public record upon filing with the Supervisor of Elections (Bates stamped SSF_0000929 – SSF_0005287). For the reasons set forth below, SSF will not violate the privacy of the persons that did not return a Petition by publicly disclosing their names and addresses.

- SSF has completed an internal review and has no documents, correspondence or notes detailing complaints sent by voters concerning the Packages sent to them. SSF notes, however, that approximately 37 individuals asked to be removed from the mailing list and were immediately removed. SSF also notes that it received a phone call concerning the Package, but that SSF has no written record of the substance of the call.

SSF will not produce the names or addresses of the persons that did not return a Petition in response to the Package for two reasons. *First*, if the recipient did not sign the Petition, then their names and addresses are not within the scope of the Department's purview. SSF is only required to account "for all petition forms **turned in** by their agents." *See* Rule IS-2.009(8). Fla. Admin. Code (emphasis added). Since SSF did not receive, let alone turn in, any Petitions for these persons, it has no duty to account for their names and addresses. *Id*. *Second*, SSF has a good faith concern for the privacy of recipients of the Package that chose not to return a signed Petition. The Petition form states that the signed petition becomes public record, as required by Florida law. Thus, Package recipients could have chosen not to sign the Petition on the basis that they did not want their name and address on the form made public record. Producing their information in response to the Complaint would cause that information to become public record in violation of their expectation of privacy. Thus, while SSF has endeavored to cooperate fully with the accounting requests in the Complaint, it will not violate the privacy rights of persons over which the Department has no jurisdiction.

If you have any questions, please contact me directly at (850) 329-4850 or gburhans@stearnsweaver.com. Thank you.

Respectfully,

Glenn Burhans, Jr.

Enclosures as noted

cc:    Chairperson Bellamy

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.