IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs*,

v.                                Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants*.

_____/

## ORDER GRANTING MOTION TO INTERVENE AND
## GRANTING MOTION TO OBSERVE HEARING REMOTELY

This Court has considered, without hearing, Proposed Intervenors FloridaRighttoCleanWater.org and Melissa Martin's motion to intervene as party plaintiffs in this case. ECF No. 113. For the reasons provided below, the motion is due to be granted.

A court must allow a party to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). But here, this Court need not determine whether the Proposed Intervenors may intervene as of right because the Proposed Intervenors also move for permissive intervention. ECF No. 113 at 15.

A district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive intervention. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)). So much so that it "is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

Here, this Court finds permissive intervention appropriate. First, this Court finds the Proposed Intervenors' motion timely. Likewise, Proposed Intervenors note that they do not intend to participate in the hearing on the pending motion for preliminary injunction set for tomorrow and will abide by all future scheduling orders. And this Court notes that the Proposed Intervenors have conferred with many of the players in this action who have had counsel appear, none of whom oppose the motion. Accordingly, the Proposed Intervenors' motion, ECF No. 113, is **GRANTED.** Intervenor-Plaintiffs shall file their complaint as a separate docket entry by close of business today.

Finally, inasmuch as Intervenor-Plaintiffs FloridaRighttoCleanWater.org and Melissa Martin seek to observe the hearing on the motion for preliminary injunction

remotely like other parties who are not participating in the hearing, ECF No. 114, their motion to observe the hearing remotely is **GRANTED**. The Clerk shall provide FloridaRighttoCleanWater.org and Melissa Martin with the call-in information to allow their remote observation of the hearing.

**SO ORDERED on May 21, 2025.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
