# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

*Plaintiffs*,

v.                                                    No. 4:25-cv-211-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

*Defendants*,

REPUBLICAN PARTY OF FLORIDA,

*Proposed Intervenor-Defendant.*

## [PROPOSED] ANSWER TO FLORIDA DECIDES HEALTHCARE'S CORRECTED COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA

Intervenor Defendant the Republican Party of Florida ("RPOF") now answers Plaintiffs' Corrected Complaint (ECF No. 19). Unless expressly admitted below, every allegation of the Corrected Complaint is denied. Accordingly, RPOF states:

## INTRODUCTION[1]

1.      Admit that Florida law since 1968 speaks for itself. Otherwise denied.

2.      Admit that more than 40% of Florida voters who cast a ballot in the general election in 2024 opposed the two citizens' initiatives proposing constitutional

---

[1] Throughout their Corrected Complaint, Plaintiffs include a number of headings that make unproven and untrue factual allegations. To the extent Plaintiffs intend any of their headings to serve as substantive allegations that require a response, they are denied. RPOF includes the headings herein solely for ease of reference in this Answer.

amendments. Otherwise denied.

3.    Denied.

4.    Denied.

5.    Admit that the law speaks for itself. Otherwise denied.

6.    Without knowledge of FDH's business, personnel, and financial operations and therefore denied. Otherwise denied.

7.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

8.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

9.    Some allegations in this paragraph are legal conclusions to which no response is required. Denied that Plaintiffs' claims have merit and in all other aspects or that Plaintiffs are entitled to relief.

## JURISDICTION AND VENUE

10.    Admit that Plaintiffs have filed this action pursuant to 28 U.S.C. §§ 1331 and 1343 but denied that Plaintiffs have any valid claim under these laws.

11.    Admit that Plaintiffs have filed this action pursuant to 28 U.S.C. §§ 2201 and 2202 but denied that Plaintiffs have any valid claim under these laws. Denied that Federal Rules of Civil Procedure 57 and 65 provide this Court with jurisdiction to hear this case. Otherwise denied.

12.    Without knowledge and therefore denied.

13.     Without knowledge and therefore denied.

## PARTIES

### A. Plaintiffs

14.     Without knowledge and therefore denied.

15.     Without knowledge and therefore denied.

16.     Admit that FDH submitted a proposed constitutional amendment to the Florida Division of Elections in 2018 titled "Provide Medicaid Coverage to Eligible Low-Income Adults," Serial No. 18-16, and otherwise denied.

17.     Without knowledge and therefore denied.

18.     Admit that Proposed Amendment Serial No. 18-16 speaks for itself. Otherwise denied.

19.     Without knowledge and therefore denied.

20.     Without knowledge and therefore denied.

21.     Without knowledge and therefore denied.

22.     Without knowledge and therefore denied.

### B. Defendants

23.     Admit that Cord Byrd is the Secretary of State for Florida and that Florida Statutes speak for themselves. Otherwise denied.

24.     Admit that Florida Statutes speak for themselves. Otherwise denied.

25.     Admit that Florida Statutes speak for themselves. Otherwise denied.

26.     Without knowledge and therefore denied.

3

27.    Admit that Defendants Supervisors of Elections are responsible for administering elections in each of Florida's 67 counties and that their official duties and responsibilities are set forth in Florida Statutes, which speak for themselves. Otherwise denied.

28.    Admit that Plaintiffs have named Supervisors of Elections in their official capacities as Defendants in this lawsuit. Otherwise denied.

29.    Admit that James Uthmeier is the Attorney General for Florida and that his official responsibilities are set forth in Florida's Constitution and Florida Statutes, which speak for themselves. Otherwise denied.

30.    Admit that Florida's Constitution and Florida Statutes speak for themselves. Otherwise denied.

31.    Admit that the Florida Constitution and Florida Statutes speak for themselves. Otherwise denied.

32.    Admit that the Florida Constitution and Florida Statutes speak for themselves. Otherwise denied.

33.    Admit that Plaintiffs have named State Attorneys in their official capacities as Defendants in this lawsuit. Otherwise denied.

## FACTUAL ALLEGATIONS

### A.  Floridians Have a Right to Citizen-Led Initiatives

34.    Admit that Florida's and other states' laws speak for themselves. Otherwise denied.

35.     Admit that the Florida Constitution speaks for itself. Otherwise denied.

36.     Admit that the Florida Constitution speaks for itself. Otherwise denied.

37.     Without knowledge and therefore denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Admit that the statute speaks for itself. Otherwise denied.

43.     Admit that the Florida Constitution speaks for itself. Otherwise denied.

44.     Admit that the statute speaks for itself. Otherwise denied.

45.     Admit that the statute speaks for itself. Otherwise denied.

46.     Admit that the statute speaks for itself. Otherwise denied.

47.     Admit that the statute speaks for itself. Otherwise denied.

48.     Admit that Florida Statutes and legislation speak for themselves. Otherwise denied.

49.     Denied.

50.     Denied.

51.     Admit that the Florida Constitution speaks for itself. Otherwise denied.

**B. The Florida Legislature Responds to Successful Citizen-Led Initiatives by Systematically Restricting and Imposing Burdens on the Process.**

52.     Denied.

5

53.     Admit that Florida voters have approved some citizens' initiatives "[o]ver the last two decades." Otherwise denied.

54.     Denied.

55.     Admit that the Laws of Florida and Florida Statutes speak for themselves. Otherwise denied.

56.     Admit that the Laws of Florida and Florida Statutes speak for themselves. Otherwise denied.

57.     Admit that the Florida Division of Elections' records regarding vote totals for constitutional amendments on the ballot and their passage or failure rates speak for themselves. Otherwise denied.

58.     Admit that the Laws of Florida and Florida Statutes speak for themselves. Otherwise denied.

59.     Admit that the Laws of Florida and Florida Statutes speak for themselves. Otherwise denied.

60.     Admit that the Laws of Florida and Florida Statutes speak for themselves. Otherwise denied.

61.     Admit that the Laws of Florida and Florida Statutes speak for themselves. Otherwise denied.

62.     Denied.

63.     Denied.

64.     Admit that the Florida Division of Elections' records regarding

6

constitutional amendments on the ballot and their passage or failure rates speak for themselves. Otherwise denied.

65.    Admit that the Florida Division of Elections' records regarding vote totals for constitutional amendments on the ballot and their passage or failure rates speak for themselves. Otherwise denied.

66.    Admit that the Florida Division of Elections' records regarding vote totals for constitutional amendments on the ballot and their passage or failure rates speak for themselves. Otherwise denied.

## C.  HB 1205[2] Creates Unconstitutional Burdens on the Citizen-Led Initiative Process.

67.    Denied.

68.    Without knowledge and therefore denied.

69.    Without knowledge and therefore denied.

70.    Without knowledge and therefore denied.

71.    Admit that "on May 2, 2025, the Florida Legislature passed HB 1205, which Governor DeSantis signed into law the same day." Otherwise denied.

72.    Denied

73.    Admit that HB 1205 speaks for itself. Otherwise denied.

### i. Petition Circulator Eligibility

---

[2] Although the Corrected Complaint refers throughout to "HB 1205," Proposed Intervenor-Defendants interpret this to mean the final version of the bill that passed and was signed into law, which was Committee Substitute for House Bill 1205 or "CS/HB 1205."

74.    Admit that HB 1205 speaks for itself. Otherwise denied.

75.    Admit that HB 1205 speaks for itself. Otherwise denied.

76.    Admit that HB 1205 speaks for itself. Otherwise denied.

77.    Admit that HB 1205 speaks for itself. Otherwise denied.

78.    Without knowledge as to the matters about which FDH is "deeply concerned" and thus denied. Otherwise denied.

79.    Denied.

80.    Without knowledge and therefore denied.

81.    Without knowledge as to some parts of this allegation and therefore denied. Otherwise denied.

82.    Without knowledge as to unnamed sponsors' "current employee pool[s]" and therefore denied. Otherwise denied.

83.    Without knowledge and therefore denied.

84.    Denied.

85.    Admit that HB 1205 speaks for itself. Otherwise denied.

86.    Admit that the U.S. citizenship laws and the cited case speak for themselves. Otherwise denied.

87.    Denied.

88.    Denied.

89.    Denied.

8

90.    Without knowledge and therefore denied.

91.    Admit HB 1205 speaks for itself. Otherwise denied.

92.    Denied.

93.    Denied.

### ii. Circulator Re-Registration

94.    Admit that HB 1205 speaks for itself. Otherwise denied.

95.    Admit that HB 1205 speaks for itself. Otherwise denied.

96.    Admit that HB 1205 speaks for itself. Otherwise denied.

97.    Denied.

98.    Admit that HB 1205 speaks for itself. Otherwise denied.

99.    Denied.

100.    Without knowledge as to FDH's personnel and other internal actions and therefore denied. Otherwise denied.

101.    Admit that HB 1205 speaks for itself. Otherwise denied.

102.    Without knowledge as to FDH's personnel and operational procedures and therefore denied. Otherwise denied.

103.    Without knowledge as to FDH's financial resources and therefore denied. Otherwise denied.

104.    Without knowledge as to FDH's actions prior to HB 1205's effective date and therefore denied. Otherwise denied.

105.    Without knowledge as to Mr. Simmons's residency and terms of

employment with FDH and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

106.    Denied.

### iii.  Signature Verification Suspension

107.    Admit HB 1205 speaks for itself. Otherwise denied.

108.    Without knowledge as to the number of petitions FDH has collected and its internal operations or strategies and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

109.    Denied.

110.    Denied.

### iv.  Ten-day Return Time

111.    Admit that HB 1205 speaks for itself. Otherwise denied.

112.    Admit that Florida Statutes (2022) speak for themselves. Otherwise denied.

113.    Admit that HB 1205 speaks for itself. Otherwise denied.

114.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

115.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

116.    Admit that HB 1205 speaks for itself. Otherwise denied.

117.    Denied.

10

118.  Admit that Florida Statutes and the Department of State's administrative regulations speak for themselves. Otherwise denied.

119.  Admit that current and prior versions of Florida Statutes and Department of State's administrative regulations speak for themselves.  Admit that HB 1205 speaks for itself.  Otherwise denied.

120.  Without knowledge as to "FDH's internal processing" and therefore denied. Otherwise denied.

121.  Denied.

122.  Admit that HB 1205 speaks for itself. Otherwise denied.

123.  Admit that HB 1205 speaks for itself. Otherwise denied.

124.  Without knowledge as to FDH's operations and actions and therefore denied. Otherwise denied.

### v.  Severe and Punitive Fines

125.  Admit that HB 1205 speaks for itself. Otherwise denied.

126.  Admit that HB 1205 speaks for itself. Otherwise denied.

127.  Admit that HB 1205 speaks for itself. Otherwise denied.

128.  Admit that HB 1205 speaks for itself. Otherwise denied.

129.  Admit that HB 1205 speaks for itself. Otherwise denied.

130.  Admit that HB 1205 speaks for itself. Otherwise denied.

131.  Admit that HB 1205 speaks for itself. Otherwise denied.

132.  Denied.

133.    Without knowledge as to FDH's finances and operations and therefore denied. Otherwise denied.

134.    Without knowledge as to FDH's actions and operations and therefore denied. Otherwise denied.

135.    Without knowledge as to FDH's business model and therefore denied. Otherwise denied.

136.    Denied.

### vi. Vague Criminal Penalties

137.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

138.    Admit that Florida law speaks for itself. Otherwise denied.

139.    Admit that the statute speaks for itself. Otherwise denied.

140.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

141.    Denied.

142.    Admit that HB 1205 speaks for itself. Otherwise denied.

143.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

144.    Admit that HB 1205 and this Court's rulings in other cases speak for themselves. Otherwise denied.

145.    Admit that HB 1205 speaks for itself. Otherwise denied.

146.    Admit that HB 1205 speaks for itself. Otherwise denied.

147.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

148.    Denied.

149.    Without knowledge as to what FDH has "heard directly from circulators" and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

150.    Admit that HB 1205 speaks for itself. Otherwise denied.

151.    Denied.

152.    Denied.

### vii.  Requirement to Refile

153.    Admit that HB 1205 speaks for itself. Otherwise denied.

154.    Admit that HB 1205 speaks for itself. Otherwise denied.

155.    Admit that Florida Statutes governing the constitutional amendment process speak for themselves. Otherwise denied.

156.    Admit that HB 1205 speaks for itself. Otherwise denied.

157.    Denied.

158.    Admit that HB 1205 speaks for itself. Otherwise denied.

159.    Admit that HB 1205 speaks for itself. Otherwise denied.

160.    Denied.

161.    Without knowledge as to the "current and potential donors" who have

"expressed serious concerns about the impact of then-proposed HB 1205 on the campaign's viability." Otherwise denied.

162.    Admit that HB 1205 speaks for itself. Otherwise denied.

163.    Admit that HB 1205 speaks for itself. Otherwise denied.

164.    Denied.

165.    Denied.

166.    Denied.

**D.  The Challenged Provisions Do Not Serve a Compelling or Legitimate State Interest.**

167.    Admit that HB 1205 speaks for itself. Otherwise denied.

168.    Denied.

169.    Admit that the January 2025 annual report of Florida's Office of Election Crimes and Security speaks for itself. Otherwise denied.

170.    Admit that Representative Persons-Mulicka's comments during legislative debates speak for themselves. Otherwise denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Admit that HB 1205 speaks for itself. Otherwise denied.

175.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

## CLAIMS FOR RELIEF

## COUNT I

**Infringement on Plaintiff FDH's, Plaintiff Mitch Emerson's,
and Plaintiff Jordan Simmons's First Amendment Rights
(Undue Burden on Core Political Speech)
<u>U.S. Const. amends I, XIV; 42 U.S.C. § 1983</u>**

180.   RPOF repeats and re-incorporates its prior responses contained in paragraphs 1-179 as if fully set forth herein.

181.   Admit that Plaintiffs purport to allege First Amendment violations, but denied that Plaintiffs' allegations have merit.

182.   Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

183.   Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

184.   Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

185.   Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

186.    Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Some allegations in this paragraph are legal conclusions to which no response is required. Other allegations are without knowledge and therefore denied. Otherwise denied.

193.    Admit that the cited case speaks for itself. Some allegations in this paragraph are legal conclusions to which no response is required. Other allegations are without knowledge and therefore denied. Otherwise denied.

194.    The allegations in this paragraph are legal conclusions to which no response is required.

195.    Admit that the cited cases speak for themselves. Other allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

196.    The allegations in this paragraph are legal conclusions to which no response is required.

WHEREFORE, RPOF denies that Plaintiffs are entitled to a judgment in their favor or any relief:

16

A.    RPOF denies that Plaintiffs are entitled to the requested relief:

    i.    RPOF denies that Plaintiffs are entitled to any relief;

    ii.    RPOF denies that Plaintiffs are entitled to any relief;

    iii.    RPOF denies that Plaintiffs are entitled to any relief;

    iv.    RPOF denies that Plaintiffs are entitled to any relief;

    v.    RPOF denies that Plaintiffs are entitled to any relief;

    vi.    RPOF denies that Plaintiffs are entitled to any relief;

    vii.    RPOF denies that Plaintiffs are entitled to any relief;

B.    RPOF denies that Plaintiffs are entitled to the requested relief;

C.    RPOF denies that Plaintiffs are entitled to the requested relief;

D.    RPOF denies that Plaintiffs are entitled to the requested relief; and

E.    RPOF denies that Plaintiffs are entitled to the requested relief.

## COUNT II

### Infringement on Plaintiff FDH's and Plaintiff Jordan Simmons's First Amendment Rights to Free Association
### U.S. Const. amends I, XIV; 42 U.S.C. § 1983

197.    RPOF repeats and re-incorporates its prior responses contained in paragraphs 1-152 and 167-179 as if fully set forth herein.

198.    Admit that Plaintiffs purport to allege First Amendment violations, but denied that Plaintiffs' allegations have merit.

199.    Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

200.    The allegations in this paragraph are legal conclusions to which no response is required.

201.    Admit that HB 1205 speaks for itself. Otherwise denied.

202.    Admit that HB 1205 speaks for itself. Otherwise denied.

203.    The allegations in this paragraph are legal conclusions to which no response is required.

204.    Admit that HB 1205 speaks for itself. Otherwise denied.

205.    Admit that HB 1205 speaks for itself. Otherwise denied.

206.    Without knowledge as to the "reports" FDH alleges it has received and therefore denied. Otherwise denied.

207.    Denied.

208.    Admit that the cited case speaks for itself. Otherwise denied.

209.    Denied.

210.    The allegations in this paragraph are legal conclusions to which no response is required.

211.    Without knowledge as to Mr. Simmons's responsibilities on behalf of FDH and therefore denied. Other allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

212.    The allegations in this paragraph are legal conclusions to which no response is required.

213.    Admit that the cited cases speak for themselves. Other allegations in this

paragraph are legal conclusions to which no response is required.

WHEREFORE, RPOF denies that Plaintiffs are entitled to a judgment in their favor or any relief:

A.    RPOF denies that Plaintiffs are entitled to the requested relief:

    i.    RPOF denies that Plaintiffs are entitled to any relief;

    ii.    RPOF denies that Plaintiffs are entitled to any relief;

    iii.    RPOF denies that Plaintiffs are entitled to any relief;

    iv.    RPOF denies that Plaintiffs are entitled to any relief;

    v.    RPOF denies that Plaintiffs are entitled to any relief;

    vi.    RPOF denies that Plaintiffs are entitled to any relief;

    vii.    RPOF denies that Plaintiffs are entitled to any relief;

B.    RPOF denies that Plaintiffs are entitled to the requested relief;

C.    RPOF denies that Plaintiffs are entitled to the requested relief;

D.    RPOF denies that Plaintiffs are entitled to the requested relief; and

E.    RPOF denies that Plaintiffs are entitled to the requested relief.

## COUNT III

**Infringement on Plaintiff FDH's and Plaintiff Jordan
Simmons's First Amendment Rights
(Substantial Overbreadth)
U.S. Const. amends I, XIV; 42 U.S.C. § 1983**

214.    RPOF repeats and re-incorporates its prior responses contained in paragraphs 1-93, 137-152, and 167-179 as if fully set forth herein.

19

215.  Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

216.  Admit that the cited cases speak for themselves. Other allegations in this paragraph are legal conclusions to which no response is required.

217.  Admit that HB 1205 speaks for itself. Otherwise denied.

218.  The allegations in this paragraph are legal conclusions to which no response is required.

219.  Admit that HB 1205 speaks for itself. Otherwise denied.

220.  Admit that HB 1205 speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

221.  Admit that the cited cases speak for themselves. Other allegations in this paragraph are legal conclusions to which no response is required.

222.  Denied.

223.  Denied.

224.  Without knowledge as to FDH's and other unidentified organizations' business models and therefore denied. Otherwise denied.

225.  Denied.

226.  Denied.

227.  Without knowledge as to Mr. Simmons's responsibilities on behalf of FDH and therefore denied. Other allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

228.    The allegations in this paragraph are legal conclusions to which no response is required.

229.    The allegations in this paragraph are legal conclusions to which no response is required.

WHEREFORE, RPOF denies that Plaintiffs are entitled to a judgment in their favor or any relief:

A.    RPOF denies that Plaintiffs are entitled to the requested relief:

      i.    RPOF denies that Plaintiffs are entitled to any relief;

      ii.    RPOF denies that Plaintiffs are entitled to any relief;

B.    RPOF denies that Plaintiffs are entitled to the requested relief;

C.    RPOF denies that Plaintiffs are entitled to the requested relief;

D.    RPOF denies that Plaintiffs are entitled to the requested relief; and

E.    RPOF denies that Plaintiffs are entitled to the requested relief.

## COUNT IV

**Infringement on Plaintiff Jordan Simmons's**
**Right to Due Process**
**(Void for Vagueness)**
**U.S. Const. amends V, XIV; 42 U.S.C. § 1983**

230.    RPOF repeats and re-incorporates its prior responses contained in paragraphs 1-73, 137-152, and 167-179 as if fully set forth herein.

231.    Admit that Plaintiffs purport to allege Due Process violations, but denied that Plaintiffs' allegations have merit.

21

232.    Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

233.    Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

234.    Admit that the cited cases speak for themselves. Other allegations in this paragraph are legal conclusions to which no response is required.

235.    Admit that HB 1205 speaks for itself. Otherwise denied.

236.    The allegations in this paragraph are legal conclusions to which no response is required.

237.    The allegations in this paragraph are legal conclusions to which no response is required.

238.    The allegations in this paragraph are legal conclusions to which no response is required.

239.    Admit that HB 1205 speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

240.    The allegations in this paragraph are legal conclusions to which no response is required.

WHEREFORE, RPOF denies that Plaintiffs are entitled to a judgment in their favor or any relief:

A.    RPOF denies that Plaintiffs are entitled to the requested relief:

B.    RPOF denies that Plaintiffs are entitled to the requested relief;

C.    RPOF denies that Plaintiffs are entitled to the requested relief;

D.    RPOF denies that Plaintiffs are entitled to the requested relief; and

E.    RPOF denies that Plaintiffs are entitled to the requested relief.

## **AFFIRMATIVE DEFENSES**

1.    The allegations in the complaint fail to state a claim upon which relief may be granted.

Dated: May 27, 2025

Respectfully submitted,

*/s/ Benjamin J. Gibson*
Benjamin J. Gibson
Fla. Bar No. 58661
Daniel E. Nordby
Fla. Bar No. 14588
Tara R. Price
Fla. Bar No. 98073
Nicholas J.P. Meros
Fla. Bar No. 120270
Kassandra S. Reardon
Fla. Bar No. 1033220
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
bgibson@shutts.com
dnordby@shutts.com
tprice@shutts.com
nmeros@shutts.com
kreardon@shutts.com
chill@shutts.com

*Counsel for Proposed Intervenor-Defendant*
*Republican Party of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve all parties whose counsel have entered appearances.

*/s/ Benjamin J. Gibson*