# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

FLORIDA DECIDES HEALTHCARE, INC., et al.,

*Plaintiffs*,

v.

No. 4:25-cv-211-MW-MAF

CORD BYRD, in his official capacity as Florida Secretary of State, et al.,

*Defendants*,

REPUBLICAN PARTY OF FLORIDA,

*Proposed Intervenor-Defendant*.

**[PROPOSED] ANSWER TO INTERVENOR-PLAINTIFF SMART & SAFE FLORIDA'S CORRECTED COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA**

Intervenor Defendant the Republican Party of Florida ("RPOF") now answers Intervenor-Plaintiff Smart & Safe Florida's ("Intervenor-Plaintiff" or "Smart & Safe") Corrected Complaint (ECF No. 54). Unless expressly admitted below, every allegation of the Corrected Complaint is denied. Accordingly, RPOF states:

**Introduction**[1]

---

[1] Throughout their Corrected Complaint Intervenor-Plaintiff includes a number of headings that make unproven and untrue factual allegations. To the extent Intervenor-Plaintiff intends any of its headings to serve as substantive allegations that require a response, they are denied. RPOF includes the headings herein solely for ease of reference in this Answer.

Admit that HB 1205[2] speaks for itself. Otherwise, the entirety of the Introduction prior to the numbered paragraphs is denied.

1. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

2. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

   a. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

   b. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

   c. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

3. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

4. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

5. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

---

[2] Although the Corrected Complaint refers throughout to "HB 1205," Proposed Intervenor-Defendants interpret this to mean the final version of the bill that passed and was signed into law, which was Committee Substitute for House Bill 1205 or "CS/HB 1205."

*6.* Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

*7.* Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

## The Parties

1. Admit that Smart & Safe submitted a proposed constitutional amendment to the Florida Division of Elections in 2025 titled "Adult Personal Use of Marijuana," Serial No. 25-01. Otherwise without knowledge and/or otherwise denied.

2. Without knowledge and therefore denied.

3. Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

4. Admit that HB 1205 speaks for itself. Otherwise denied.

5. Some of the allegations in this paragraph are legal conclusions to which no response is required. Without knowledge as to Smart & Safe's operations and therefore denied. Otherwise denied.

6. The allegations in this paragraph are legal conclusions to which no response is required.

7. Admit that Cord Byrd is the Secretary of State for Florida and that Florida Statutes speak for themselves. Otherwise denied.

8. Admit that James Uthmeier is the Attorney General for Florida and that his official responsibilities are set forth in Florida's Constitution and Florida Statutes, which speak for themselves. Otherwise denied.

9. Admit that Intervenor-Plaintiff has named County Supervisors of Elections in their official capacities as Defendants in this lawsuit. Otherwise denied.

10. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

## Jurisdiction and Venue

11. Admit that Intervenor-Plaintiff has filed this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202 but denied that Intervenor-Plaintiff has any valid claim under these laws. Denied that Federal Rules of Civil Procedure 57 and 65 provide this Court with jurisdiction to hear this case. Otherwise denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

## The People's Sovereign Right to Amend the Florida Constitution

14. Admit that the Florida Constitution speaks for itself. Otherwise denied.

15. Admit that the Florida Constitution speaks for itself. Otherwise denied.

16. Admit that the cited case speaks for itself. Otherwise denied.

17. Admit that the cited case speaks for itself. Otherwise denied.

18. Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

4

19. The allegations in this paragraph are legal conclusions to which no response is required.

20. Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

21. Admit that the Florida Constitution speaks for itself and that the Florida Division of Elections' records regarding constitutional amendments on the ballot and their passage or failure rates speak for themselves. Otherwise denied.

22. Admit that the Florida Constitution and Florida Statutes speaks for themselves. Otherwise denied.

23. Admit that the Florida Constitution speaks for itself. Otherwise denied.

24. Denied.

25. Denied.

### Smart & Safe Sponsors an Amendment
### Supported By Millions of Florida Voters

26. Admit that Florida voters approved Amendment 2 in 2016 titled "Florida Medical Marijuana Legalization." Otherwise denied.

27. Admit that other states' laws speak for themselves. Otherwise denied.

28. Admit that Smart & Safe submitted a proposed constitutional amendment to the Florida Division of Elections in 2022 titled "Adult Personal Use of Marijuana," Serial No. 22-05 and that the proposed amendment appeared on the 2024 General

Election ballot as "Amendment 3." Otherwise without knowledge and therefore denied.

29. Admit that the Florida Division of Elections' records regarding vote totals of constitutional amendments on the ballot and their passage or failure rates speak for themselves. Otherwise without knowledge and therefore denied. Otherwise denied.

30. Admit.

31. Without knowledge and therefore denied.

32. Admit that the Florida Division of Elections' records regarding constitutional amendments on the ballot speak for themselves and that the ballot initiative titled "Adult Personal Use of Marijuana" is designated as Serial No. 25-01. Otherwise without knowledge and therefore denied. Otherwise denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge as to the residencies and work and travel habits of Intervenor-Plaintiff's petition circulators and therefore denied. Otherwise denied.

37. Without knowledge and therefore denied.

38. Without knowledge as to the number of petitions Smart & Safe has collected and the number of petitions that "have been or are in the process of being submitted for verification" and therefore denied. Admit that the Florida Statutes and HB 1205 speak for themselves. Otherwise denied.

6

39. Without knowledge as to the diminishment of Intervenor-Plaintiff's workforce and therefore denied. Otherwise denied.

40. Without knowledge as to the confusion of Intervenor-Plaintiff's circulators or how many have stopped working for Intervenor-Plaintiff and therefore denied. Otherwise denied.

41. Without knowledge as to the amount of money Intervenor-Plaintiff has spent on legal compliance with the law and therefore denied. Otherwise denied.

42. Denied.

## **HB 1205's Unconstitutional Assault on the Citizen Initiative**

### *1. The Ten-Day Delivery Requirement and Severe Punitive Fines Unconstitutionally Chill Core Political Speech*

43. Admit that HB 1205 (including its effective date) and Florida Statutes speak for themselves. Otherwise denied.

44. Admit that HB 1205 speaks for itself. Otherwise denied.

45. Admit that HB 1205 speaks for itself. Otherwise denied.

46. Admit that HB 1205 speaks for itself. Otherwise denied.

47. Without knowledge and therefore denied.

48. Admit that the Department of State's administrative regulations speak for themselves. Otherwise denied.

49. Denied.

50. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

51. Admit that HB 1205 speaks for itself. Otherwise denied.

52. Without knowledge as to Intervenor-Plaintiff's receipt of Petitions via mail and therefore denied. Otherwise denied.

53. Denied.

54. Without knowledge as to Intervenor-Plaintiff's use of the U.S. Mail and therefore denied. Otherwise denied.

55. Denied.

56. Without knowledge as to Intervenor-Plaintiff's violations and fines and therefore denied. Otherwise denied.

57. Without knowledge as to Intervenor-Plaintiff's actions and financial decisions and the actions of its circulators and therefore denied. Otherwise denied.

58. Denied.

**2. HB 1205 Unconstitutionally Impairs Smart & Safe's Core Political Speech and Right to Associate with Petition Circulators**

59. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

60. Without knowledge as to Smart & Safe's operations and its petition circulators' expressions and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

61. Without knowledge as to the business decisions of professional petition gathering firms or of the actions of Intervenor-Plaintiff's circulators and therefore denied. Otherwise denied.

62. Denied.

### 3. HB 1205 Compels Speech by Mandating that the Financial Impact Statement be Engrafted on Smart & Safe's Petition

63. Admit that the Florida Constitution speaks for itself. Otherwise denied.

64. Admit that the statute and cited case speak for themselves. Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

65. Admit that HB 1205 and the cited statutes speak for themselves. Otherwise denied.

66. Admit that Florida Statutes (2024) speak for themselves. Otherwise denied.

67. Admit that HB 1205 and the cited statutes speak for themselves. Otherwise denied.

68. Admit that HB 1205 and the cited statutes speak for themselves. Otherwise denied.

69. Admit that HB 1205 and the cited statutes speak for themselves. Otherwise denied.

70. Admit that Florida Statutes govern the FIS process. Otherwise denied.

71. Admit that HB 1205 and the cited statute speak for themselves. Otherwise denied.

72. Denied.

73. Admit that the cited case speaks for itself. Otherwise denied.

74. Admit that the cited case speaks for itself. Otherwise denied.

75. Admit that the cited case speaks for itself. Otherwise denied.

76. Denied.

### 4. The Mandatory Decertification Provision Impermissibly Burdens Speech

77. Admit that HB 1205 and the cited statute speak for themselves. Otherwise denied.

78. Admit that HB 1205 and the cited statute speak for themselves. Otherwise denied.

79. Admit that HB 1205 and the cited statute speak for themselves. Otherwise denied.

80. Admit that the Florida Constitution speaks for itself. Otherwise denied.

81. Admit that the Florida Constitution speaks for itself. Otherwise denied.

82. Admit that the Florida Constitution speaks for itself. Otherwise denied.

83. Admit that the Florida Constitution and the cited statute speak for themselves. Otherwise denied.

84. Admit that HB 1205 speaks for itself. Otherwise denied.

85. Admit that HB 1205 and the cited statutes speak for themselves. Otherwise denied.

86. Admit that HB 1205 and the cited statute speak for themselves. Otherwise denied.

87. Denied.

### 5. The Additional Amendment Prohibition Bans Core Political Speech

88. Admit that HB 1205 speaks for itself. Otherwise denied.

89. Admit that Smart & Safe sponsored a proposed amendment in 2024. Without knowledge as to Smart & Safe's plans for 2026 and therefore denied. Other allegations in this paragraph are legal conclusions to which no response is required.

### 6. Pre-filled Petition Prohibition

90. Admit that HB 1205 speaks for itself. Otherwise denied.

91. Without knowledge as to Smart & Safe's operations and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Without knowledge and therefore denied.

## COUNT I

### Infringement of Smart & Safe's First Amendment Rights
### (Undue Burden on Core Political Speech)
### U.S. Const. amends. I, XIV; 42 U.S.C. § 1983

98. RPOF realleges its responses in paragraphs 1-97.

99. Admit that Intervenor-Plaintiff purports to allege First Amendment violations, but denied that Intervenor-Plaintiff's allegations have merit.

100. The allegations in this paragraph are legal conclusions to which no response is required.

101. Denied.

102. Denied.

103. Denied.

104. The allegations in this paragraph are legal conclusions to which no response is required.

WHEREFORE, RPOF denies that Intervenor-Plaintiff is entitled to a judgment in its favor or any relief:

A. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief:

   i. RPOF denies that Intervenor-Plaintiff is entitled to any relief;

   ii. RPOF denies that Intervenor-Plaintiff is entitled to any relief;

   iii. RPOF denies that Intervenor-Plaintiff is entitled to any relief;

   iv. RPOF denies that Intervenor-Plaintiff is entitled to any relief;

   v. RPOF denies that Intervenor-Plaintiff is entitled to any relief; and

  vi. RPOF denies that Intervenor-Plaintiff is entitled to any relief;

B. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

C. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

D. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

E. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief; and

F. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief.

## COUNT II

### Infringement of Smart & Safe's First Amendment Rights: Free Association
### U.S. Const. amends. I, XIV; 42 U.S.C. § 1983

105. RPOF realleges its responses in paragraphs 1-97.

106. Admit that Intervenor-Plaintiff purports to allege First Amendment violations, but denied that Intervenor-Plaintiff's allegations have merit.

107. Admit that the U.S. Constitution speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

108. The allegations in this paragraph are legal conclusions to which no response is required.

109. Denied.

WHEREFORE, RPOF denies that Intervenor-Plaintiff is entitled to a judgment in its favor or any relief:

A. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

B.      RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

C.      RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

D.      RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

and

E.      RPOF denies that Intervenor-Plaintiff is entitled to the requested relief.

## COUNT III

### Infringement of Smart & Safe's First Amendment Rights: Substantial Overbreadth
### U.S. Const. amends. I, XIV; 42 U.S.C. § 1983

110.   RPOF realleges its responses in paragraphs 1-97.

111.   Admit that Intervenor-Plaintiff purports to allege First Amendment violations, but denied that Intervenor-Plaintiff's allegations have merit.

112.   Admit that the U.S. Constitution speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

113.   Denied.

114.   The allegations in this paragraph are legal conclusions to which no response is required.

115.   Denied.

116.   Denied.

117.   The allegations in this paragraph are legal conclusions to which no response is required.

WHEREFORE, RPOF denies that Intervenor-Plaintiff is entitled to a judgment

in its favor or any relief:

    A.    RPOF denies that Intervenor-Plaintiff is entitled to the requested relief:

        i.    RPOF denies that Intervenor-Plaintiff is entitled to any relief;

        ii.    RPOF denies that Intervenor-Plaintiff is entitled to any relief;

        iii.    RPOF denies that Intervenor-Plaintiff is entitled to any relief;

        iv.    RPOF denies that Intervenor-Plaintiff is entitled to any relief;

        v.    RPOF denies that Intervenor-Plaintiff is entitled to any relief; and

        vi.    RPOF denies that Intervenor-Plaintiff is entitled to any relief;

    B.    RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

    C.    RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

    D.    RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

    E.    RPOF denies that Intervenor-Plaintiff is entitled to the requested relief; and

    F.    RPOF denies that Intervenor-Plaintiff is entitled to the requested relief.

## COUNT IV

**Infringement of Smart & Safe's First Amendment Rights:
FIS Compelled Speech
U.S. Const. amends. I, XIV; 42 U.S.C. § 1983**

118.    RPOF realleges its responses in paragraphs 1-97.

119.    Admit that Intervenor-Plaintiff purports to allege First Amendment violations, but denied that Intervenor-Plaintiff's allegations have merit.

15

120. The allegations in this paragraph are legal conclusions to which no response is required.

121. The allegations in this paragraph are legal conclusions to which no response is required.

122. The allegations in this paragraph are legal conclusions to which no response is required.

WHEREFORE, RPOF denies that Intervenor-Plaintiff is entitled to a judgment in its favor or any relief:

A. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

B. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

C. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief;

D. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief; and

E. RPOF denies that Intervenor-Plaintiff is entitled to the requested relief.

## **AFFIRMATIVE DEFENSES**

1. The allegations in the complaint fail to state a claim upon which relief may be granted.

Dated: May 27, 2025

Respectfully submitted,

*/s/ Benjamin J. Gibson*
Benjamin J. Gibson
Fla. Bar No. 58661
Daniel E. Nordby
Fla. Bar No. 14588
Tara R. Price
Fla. Bar No. 98073
Nicholas J.P. Meros
Fla. Bar No. 120270
Kassandra S. Reardon
Fla. Bar No. 1033220
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
bgibson@shutts.com
dnordby@shutts.com
tprice@shutts.com
nmeros@shutts.com
kreardon@shutts.com
chill@shutts.com

*Counsel for Proposed Intervenor-Defendant Republican Party of Florida*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve all parties whose counsel have entered appearances.

*/s/ Benjamin J. Gibson*