# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE, INC., et al.,

*Plaintiffs*,

v.

No. 4:25-cv-211-MW-MAF

CORD BYRD, in his official capacity as Florida Secretary of State, et al.,

*Defendants*,

REPUBLICAN PARTY OF FLORIDA,

*Proposed Intervenor-Defendant*.

## [PROPOSED] ANSWER TO INTERVENOR-PLAINTIFF LEAGUE OF WOMEN VOTERS OF FLORIDA'S COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA

Intervenor Defendant the Republican Party of Florida ("RPOF") now answers Intervenor-Plaintiffs League of Women Voters of Florida, League of Women Voters of Florida Education Fund, Inc. (together, "LWVFL" or the "League"), League of United Latin American Citizens ("LULAC"), Cecile Scoon, and Debra Chandler's (collectively, "Intervenor-Plaintiffs") Complaint (ECF No. 90). Unless expressly admitted below, every allegation of the Complaint is denied. Accordingly, RPOF states:

### INTRODUCTION[1]

---

[1] Throughout their Complaint Intervenor-Plaintiffs include a number of headings that make unproven and untrue factual allegations. To the extent Intervenor-Plaintiffs intend any of its headings to serve as substantive allegations that require a response, they are denied. RPOF includes the headings herein solely for ease of reference in this Answer.

1.      Admit that the Florida Constitution speaks for itself. Otherwise denied.

2.      Admit that the Florida Division of Elections' records regarding vote totals of constitutional amendments on the ballot and their passage or failure rates speak for themselves. Otherwise denied.

3.      Denied.

4.      Denied.

5.      The cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

6.      Denied.

7.      Denied.

8.      Some allegations in this paragraph are legal conclusions to which no response is required. Admit that HB 1205[2] speaks for itself. Otherwise denied.

9.      The allegations in this paragraph are legal conclusions to which no response is required.

10.      Denied that Intervenor-Plaintiffs' claims have merit or that Intervenor-Plaintiffs are entitled to relief.

**JURISDICTION AND VENUE**

11.      Admit that Intervenor-Plaintiffs have filed this action pursuant to 28

---

[2] Although the Complaint refers throughout to "HB 1205," Proposed Intervenor-Defendants interpret this to mean the final version of the bill that passed and was signed into law, which was Committee Substitute for House Bill 1205 or "CS/HB 1205."

U.S.C. §§ 1331, 1343, 2201, and 2202 but denied that Intervenor-Plaintiffs have any valid claim under these laws. Otherwise denied.

12.     Without knowledge and therefore denied.

13.     Admit that Intervenor-Plaintiffs have filed this action pursuant to 28 U.S.C. §§ 2201 and 2202 but denied that Intervenor-Plaintiffs have any valid claim under these laws. Denied that Federal Rules of Civil Procedure 57 and 65 provide this Court with jurisdiction to hear this case.

## PARTIES

### Plaintiffs

14.     Without knowledge and therefore denied.

15.     Without knowledge and therefore denied.

16.     Without knowledge and therefore denied.

17.     Without knowledge as to LWVFL's operations and "reputation and influence" and therefore denied. Otherwise denied.

18.     Without knowledge and therefore denied.

19.     Without knowledge as to LULAC's operations, actions, and personnel and therefore denied. Otherwise denied.

20.     Without knowledge and therefore denied.

21.     Without knowledge and therefore denied.

### Defendants

22.     Admit that Cord Byrd is the Secretary of State for Florida and that the

cited statutes speak for themselves. Otherwise denied.

23.    Admit that James Uthmeier is the Attorney General for Florida and that his official responsibilities are set forth in Florida's Constitution and Florida Statutes, which speak for themselves. Otherwise denied.

24.    Admit that the cited statutes relating to the Defendant Supervisors of Elections speak for themselves. Otherwise denied.

25.    Admit that the Florida Constitution and cited statute relating to the Defendant State Attorneys speak for themselves. Otherwise denied.

## FACTUAL ALLEGATIONS

## I.    BACKGROUND ON FLORIDA'S BALLOT INITIATIVE PROCESS

26.    Admit that the Florida Constitution speaks for itself. Otherwise denied.

27.    Admit that the Florida Constitution speaks for itself. Otherwise denied.

28.    Admit that the Florida Constitution speaks for itself. Otherwise denied.

29.    Admit that Florida law speaks for itself.

30.    Denied.

31.    Admit that Florida Statutes (1977) speak for themselves. Otherwise denied.

32.    Admit that Florida Statutes (1997) speak for themselves. Otherwise denied.

33.    Admit that Florida Statutes (2002) speak for themselves. Otherwise denied.

34.     Admit that Florida Statutes (2011) speak for themselves. Otherwise denied.

35.     Admit that Florida Statutes (2019) speak for themselves. Otherwise denied.

36.     Admit that Florida Statutes (2020) speak for themselves. Otherwise denied.

37.     Admit that Florida Statutes, the Department of State's administrative regulations, and the Division of Election's Advisory Opinions speak for themselves. Otherwise denied.

38.     Denied.

39.     Denied.

## II.    THE CHALLENGED PROVISIONS OF THE LAW

40.     Denied.

### A.  Petition Circulator Definition and Eligibility

41.     Admit that HB 1205 speaks for itself. Otherwise denied.

42.     Admit that Florida Statutes (2024) speak for themselves. Otherwise denied.

43.     Admit that HB 1205 speaks for itself. Otherwise denied.

44.     Admit that HB 1205 speaks for itself. Otherwise denied.

45.     Admit that HB 1205 speaks for itself. Otherwise denied.

46.     Admit that HB 1205 speaks for itself. Otherwise denied.

47.   Admit that HB 1205 speaks for itself. Otherwise denied.

48.   Admit that HB 1205 speaks for itself. Otherwise denied.

49.   Admit that HB 1205 speaks for itself. Otherwise denied.

**B. Petition Circulator Disclosure and Oath and Registration Requirements**

50.   Admit that HB 1205 speaks for itself. Otherwise denied.

51.   Admit that HB 1205 speaks for itself. Otherwise denied.

52.   Admit that HB 1205 speaks for itself. Otherwise denied.

53.   Admit that HB 1205 speaks for itself. Otherwise denied.

54.   Denied.

**C. The 10-day Return Deadline**

55.   Admit that the cited statute speaks for itself. Otherwise denied.

56.   Admit that HB 1205 speaks for itself. Otherwise denied.

57.   Admit that HB 1205 speaks for itself. Otherwise denied.

58.   Without knowledge as to the League's procedures and therefore denied. Otherwise denied.

59.   Admit that HB 1205 speaks for itself. Without knowledge as to the likelihood that the League is to submit incomplete petition forms. Otherwise denied.

60.   Without knowledge and therefore denied.

**D. Vague and Draconian Criminal Penalties**

61.   Denied.

62.   Admit that HB 1205 speaks for itself. Otherwise denied.

63.    Admit that HB 1205 speaks for itself. Otherwise denied.

64.    Admit that HB 1205 speaks for itself. Otherwise denied.

65.    Some allegations in this paragraph are legal conclusions to which no response is required. Admit that HB 1205 speaks for itself. Otherwise denied.

66.    Some allegations in this paragraph are legal conclusions to which no response is required. Admit that HB 1205 speaks for itself. Otherwise denied.

67.    Some allegations in this paragraph are legal conclusions to which no response is required. Admit that HB 1205 speaks for itself. Otherwise denied.

68.    Some allegations in this paragraph are legal conclusions to which no response is required. Admit that HB 1205 speaks for itself. Otherwise denied.

69.    Some allegations in this paragraph are legal conclusions to which no response is required. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

### E. Office of Election Crimes and Security Investigations

70.    Admit that HB 1205 speaks for itself. Otherwise denied.

71.    Admit that HB 1205 speaks for itself. Otherwise denied.

72.    Admit that HB 1205 speaks for itself. Otherwise denied.

## III.    THE IMPACT OF THE CHALLENGED PROVISIONS ON PLAINTIFFS

### A. Plaintiff LWVFL

73.    Without knowledge and therefore denied.

74.    Without knowledge and therefore denied.

75.    Without knowledge and therefore denied.

76.    Without knowledge and therefore denied.

77.    Without knowledge and therefore denied.

78.    Admit that HB 1205 and Florida Statutes (2024) speak for themselves. Otherwise denied.

79.    Without knowledge and therefore denied.

80.    Without knowledge and therefore denied.

81.    Without knowledge and therefore denied.

82.    Without knowledge and therefore denied.

83.    Without knowledge as to the League's operations and therefore denied. Otherwise denied.

84.    Some allegations in this paragraph are legal conclusions to which no response is required. Admit that HB 1205 speaks for itself. Otherwise denied.

85.    Admit that HB 1205 speaks for itself. Without knowledge as to the League's members and operations and therefore denied. Otherwise denied.

86.    Admit that HB 1205 speaks for itself. Otherwise denied.

87.    Admit that HB 1205 speaks for itself. Without knowledge as to unidentified individuals' beliefs and the likelihood of League volunteers participating in the citizen petition process and therefore denied. Otherwise denied.

88.    Without knowledge as to the League's business, personnel, and financial

operations and therefore denied. Otherwise denied.

89.    Denied.

90.    Admit that HB 1205 speaks for itself. Otherwise denied.

91.    Without knowledge as to LWVFL's operations and therefore denied. Otherwise denied.

92.    Without knowledge as to LWVFL's operations and therefore denied. Otherwise denied.

93.    Denied.

94.    Admit that HB 1205 speaks for itself. Otherwise denied.

95.    Without knowledge as to the League's past actions and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

96.    Without knowledge as to the League's training protocols and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

97.    Admit that HB 1205 speaks for itself. Otherwise denied.

98.    Without knowledge as to the League's considerations and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

99.    Without knowledge as to the League's operations, procedures, and considerations and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

100.    Without knowledge as to the League's operations, procedures, and considerations and therefore denied. Admit that HB 1205 speaks for itself. Otherwise

denied.

101.   Without knowledge as to LWVFL's past actions and therefore denied. Otherwise denied.

102.   Without knowledge as to some parts of this allegation and therefore denied. Otherwise denied.

103.   Denied.

104.   Denied.

## B. LULAC

105.   Without knowledge and therefore denied.

106.   Without knowledge and therefore denied.

107.   Some allegations in this paragraph are legal conclusions to which no response is required. Without knowledge as to LWVFL's and its volunteers' beliefs and LULAC's operations and therefore denied.

108.   Without knowledge as to LULAC's operations and members and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

109.   Without knowledge as to LULAC's volunteers' beliefs and therefore denied. Otherwise denied.

110.   Denied.

111.   Denied.

112.   Denied.

## C. The Individual Plaintiffs

113.    Without knowledge as to Intervenor-Plaintiffs Scoon's and Chandler's past actions and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

114.    Without knowledge as to Intervenor-Plaintiffs Scoon's and Chandler's experiences and beliefs and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

## IV.    THE PROVISIONS OF THE LAW ARE NOT TAILORED TO THE LEGISLATURE'S STATED INTENT.

115.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

116.    Denied.

117.    Denied.

118.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

### CLAIMS FOR RELIEF

### COUNT I
### Burden on Core Political Speech in Violation of the First and Fourteenth

Amendments and 42 U.S.C. § 1983

123.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count I.

124.    The allegations in this paragraph are legal conclusions to which no response is required.

125.    Denied.

126.    Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

127.    Denied.

128.    The allegations in this paragraph are legal conclusions to which no response is required.

129.    RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief.

**COUNT II**
**Violation of the Right to Free Association Under the First and Fourteenth Amendments and 42 U.S.C. § 1983**

130.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count II.

131.    Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

132.    Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

133.    Denied.

134.    RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief.

## COUNT III
## Violation of Due Process Under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983

135.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count III.

136.    Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

137.    Denied.

138.    Denied.

139.    RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief.

## COUNT IV
## Impermissible Chilling Effect on Speech Due to Substantial Overbreadth Under the First and Fourteenth Amendments and 42 U.S.C. § 1983

140.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count IV.

141.    Admit that the cited case speaks for itself. Other allegations in this paragraph are legal conclusions to which no response is required.

142.    The allegations in this paragraph are legal conclusions to which no response is required.

13

143.   Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

144.   RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief.

## PRAYER FOR RELIEF

WHEREFORE, RPOF denies that Intervenor-Plaintiffs are entitled to a judgment in their favor or any relief:

1.   RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief:

2.   RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief;

3.   RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief; and

4.   RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

1.   The allegations in the complaint fail to state a claim upon which relief may be granted.

2.   By incorporating every prior allegation—including those found within specific counts—into each of the complaint's four counts, the complaint is an impermissible shotgun pleading.

Dated: May 27, 2025

Respectfully submitted,

*/s/ Benjamin J. Gibson*
Benjamin J. Gibson
Fla. Bar No. 58661
Daniel E. Nordby
Fla. Bar No. 14588
Tara R. Price
Fla. Bar No. 98073
Nicholas J.P. Meros
Fla. Bar No. 120270
Kassandra S. Reardon
Fla. Bar No. 1033220
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
bgibson@shutts.com
dnordby@shutts.com
tprice@shutts.com
nmeros@shutts.com
kreardon@shutts.com
chill@shutts.com

*Counsel for Proposed Intervenor-Defendant*
*Republican Party of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve all parties whose counsel have entered appearances.

*/s/ Benjamin J. Gibson*