# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

*Plaintiffs*,

v.                                                    No. 4:25-cv-211-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

*Defendants*,

REPUBLICAN PARTY OF FLORIDA,

*Proposed Intervenor-Defendant.*

## [PROPOSED] ANSWER TO FLORIDARIGHTTOCLEANWATER.ORG 'S COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA

Intervenor Defendant the Republican Party of Florida ("RPOF") now answers Intervenor-Plaintiffs FloridaRighttoCleanWater.org and Melissa Martin's (collectively, "Intervenor-Plaintiffs") Complaint (ECF No. 116). Unless expressly admitted below, every allegation of the Complaint is denied. Accordingly, RPOF states:

### INTRODUCTION[1]

1.      The Florida Constitution speaks for itself. Otherwise denied.

2.      Denied.

_____

[1] Throughout their Complaint, Intervenor-Plaintiffs include a number of headings that make unproven and untrue factual allegations. To the extent Intervenor-Plaintiffs intend any of their headings to serve as substantive allegations that require a response, they are denied. RPOF includes the headings herein solely for ease of reference in this Answer.

3.      Denied.

4.      Without knowledge and therefore denied.

5.      Admit that HB 1205[2] speaks for itself. Otherwise denied.

6.      Denied.

7.      Denied.

## JURISDICTION AND VENUE

8.      Admit that Intervenor-Plaintiffs have filed this action pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 and 1343 but deny that Intervenor-Plaintiffs have any valid claims under these laws.

9.      Admit that Intervenor-Plaintiffs have filed this action pursuant to 28 U.S.C. §§ 2201 and 2202 but denied that Intervenor-Plaintiffs have any valid claim under these laws.

10.     Without knowledge and therefore denied.

11.     Without knowledge and therefore denied.

12.     Without knowledge and therefore denied.

## PARTIES

**A. Plaintiffs**

13.     Admit that FloridaRighttoCleanWater.org ("RTCW") submitted a

---

[2] Although the Complaint refers throughout to "HB 1205," Proposed Intervenor-Defendants interpret this to mean the final version of the bill that passed and was signed into law, which was Committee Substitute for House Bill 1205 or "CS/HB 1205."

proposed constitutional amendment to the Florida Division of Elections in 2024 titled "Right to Clean and Healthy Waters," Amendment Serial No. 24-03, and otherwise denied.

14.    Admit that Proposed Amendment Serial No. 24-03 speaks for itself. Otherwise denied.

15.    Admit that the ballot summary for Proposed Amendment Serial No. 24-03 speaks for itself. Otherwise denied.

16.    Admit that Florida law speaks for itself. Otherwise without knowledge and therefore denied.

17.    Without knowledge and therefore denied.

18.    Without knowledge and therefore denied.

19.    Without knowledge and therefore denied.

20.    Without knowledge and therefore denied.

21.    Without knowledge as to RTCW's personnel and operations and therefore denied. Otherwise denied.

22.    Without knowledge and therefore denied.

23.    Without knowledge and therefore denied.

24.    Without knowledge and therefore denied.

25.    Without knowledge and therefore denied.

26.    Without knowledge and therefore denied.

27.    Without knowledge and therefore denied.

3

28.    Without knowledge and therefore denied.

29.    Without knowledge and therefore denied.

30.    Without knowledge and therefore denied.

31.    Without knowledge and therefore denied.

32.    Without knowledge and therefore denied.

33.    Without knowledge and therefore denied.

**B. Defendants**

34.    Admit that Cord Byrd is the Secretary of State for Florida and that Florida Statutes speak for themselves. Otherwise denied.

35.    Admit that Florida Statutes speak for themselves. Otherwise denied.

36.    Admit that Florida Statutes speak for themselves. Otherwise denied.

37.    Admit that Florida Statutes speak for themselves. Otherwise denied.

38.    Admit that Florida Statutes speak for themselves. Otherwise denied.

39.    Admit that HB 1205 and the Florida Administrative Code speaks for itself. Otherwise denied.

40.    Admit that James Uthmeier is the Attorney General for Florida and that his official responsibilities are set forth in Florida's Constitution and Florida Statutes, which speak for themselves. Otherwise denied.

41.    Admit that Florida Statutes speak for themselves. Otherwise denied.

42.    Admit that Florida Statutes speak for themselves. Otherwise denied.

43.    Admit that Intervenor-Plaintiffs have named Supervisors of Elections in

4

their official capacities as Defendants in this lawsuit. Otherwise denied.

44.    Admit that Florida Statutes speak for themselves. Otherwise denied.

45.    Admit that Intervenor-Plaintiffs have named State Attorneys in their official capacities as Defendants in this lawsuit. Otherwise denied.

46.    Admit that the cited statutes speak for themselves. Otherwise denied.

## FACTUAL ALLEGATIONS

### A. Floridians' Right to Lawmaking through Ballot Initiative

47.    Admit that the Florida Constitution and the cited case speak for themselves. Otherwise denied.

48.    Denied.

49.    Denied.

50.    Admit that the cited statutes speak for themselves. Otherwise denied.

51.    Admit that the Florida Constitution and Florida law speaks for itself. Otherwise without knowledge and therefore denied.

52.    Admit that the cited statute speaks for itself. Otherwise denied.

53.    Admit that the Florida Constitution and Florida Statutes speak for themselves. Otherwise denied.

54.    Admit that Florida Statutes (2022) speak for themselves. Otherwise denied.

55.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

56.     Admit that the cited statute speaks for itself. Otherwise denied.

**B. H.B. 1205 Places a Variety of Undue Constrains on Ballot Initiative Sponsors and Supporters**

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Admit that HB 1205, Florida Statutes (2024), and the Florida Administrative Code speak for themselves. Otherwise denied.

62.     Admit that HB 1205 speaks for itself. Otherwise denied.

63.     Admit that HB 1205 speaks for itself. Otherwise denied.

64.     Admit that HB 1205and "current law" speak for themselves. Otherwise denied.

65.     Denied.

66.     Denied.

67.     Admit that HB 1205 speaks for itself. Otherwise denied.

**a. Prohibition on Individuals who Are Not United States Citizens from Collecting Signatures or Initiative Petitions (Non-U.S. Citizen Restriction)**

68.     Admit that HB 1205 speaks for itself. Otherwise denied.

69.     Admit that HB 1205 speaks for itself. Otherwise denied.

70.     Admit that Florida Statutes speak for themselves. Otherwise denied.

71.    Admit that HB 1205 and Florida Statutes (2024) speak for themselves. Without knowledge as to RTCW's personnel and operations and therefore denied. Otherwise denied.

**b. Prohibition on Individuals Who Are Not Residents of Florida from Collecting Signatures or Initiative Petitions (Non-Resident Restriction)**

72.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

73.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

74.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

75.    Admit that HB 1205 and Florida Statutes (2024) speak for themselves. Otherwise denied.

**c. Petition Circulator's Affidavit**

76.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

77.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

78.    Admit that HB 1205 and Florida Statutes (2022) speak for themselves. Otherwise denied.

**d. Volunteer Petition Circulator Registration Requirement**

7

79.    Admit that HB 1205 speaks for itself. Otherwise denied.

80.    Admit that HB 1205, Florida Statutes, and Florida Statutes (2022) speak for themselves. Otherwise denied.

81.    Admit that HB 1205 speaks for itself. Otherwise denied.

82.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

83.    Admit that HB 1205, Florida Statutes, and Florida Statutes (2022) speak for themselves. Without knowledge as to the perceptions of RTCW's volunteers and therefore denied. Otherwise denied.

84.    Denied.

### e. Personal Use Petition Restrictions

85.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

86.    Admit that HB 1205 and Florida Statutes speak for themselves. Some of the allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

87.    Admit that HB 1205 and Florida Statutes speak for themselves. Some of the allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

88.    Admit that HB 1205 and Florida Statutes speak for themselves. Some of

the allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

89.    Without knowledge as to common practices of individuals who solicit signatures for multiple campaigns and therefore denied. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

90.    Admit that HB 1205 and Florida Statutes speak for themselves. Some of the allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

91.    Admit that HB 1205 and Florida Statutes speak for themselves. Some of the allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

92.    Denied.

### f. Severe Fines on Sponsors

93.    Admit that HB 1205 speaks for itself. Otherwise denied

94.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

95.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

a. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

b. Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise

9

denied.

    c.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

96.    Admit that HB 1205 speaks for itself. Otherwise denied.

97.    Admit that HB 1205 speaks for itself. Otherwise denied.

98.    Admit that HB 1205 speaks for itself. Otherwise denied.

99.    Admit that HB 1205 speaks for itself. Otherwise denied.

100.    Without knowledge and therefore denied.

101.    Admit that HB 1205 speaks for itself. Otherwise denied.

102.    Admit that HB 1205 speaks for itself. Otherwise denied.

103.    Admit that HB 1205 speaks for itself. Otherwise denied.

104.    Admit that HB 1205 speaks for itself. Otherwise denied.

105.    Admit that HB 1205 and Florida Statutes speak for themselves. Otherwise denied.

106.    Without knowledge as to RTCW's operations and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

### g. Arbitrarily Invalidated Petitions

107.    Admit that HB 1205 speaks for itself. Otherwise denied.

108.    Admit that HB 1205 speaks for itself. Otherwise denied.

109.    Admit that HB 1205 speaks for itself. Otherwise denied.

110.    Admit that the cited statute speaks for itself. Otherwise denied.

111.   Admit that HB 1205 speaks for itself. Otherwise denied.

## C. The Restrictions on Petition Activities in H.B. 1205, Collectively and Individually, Harm RTCW and its Volunteers

112.   Denied.

113.   Denied.

114.   Admit that HB 1205 and the cited case speak for themselves. Otherwise denied.

115.   Without knowledge as to RTCW's resources and therefore denied. Otherwise denied.

116.   Without knowledge as to RTCW's and its volunteers' actions and therefore denied. Otherwise denied.

117.   Denied.

### a. Non-U.S. Citizen Restriction

118.   Without knowledge and therefore denied.

119.   Admit that HB 1205 speaks for itself. Otherwise denied.

120.   Without knowledge as to RTCW's operations and therefore denied. Otherwise denied.

121.   Without knowledge and therefore denied.

122.   Without knowledge as to RTCW's efforts and therefore denied. Admit that the cited case speaks for itself. Otherwise denied.

123.   Without knowledge and therefore denied.

124.   Without knowledge and therefore denied.

125.   Without knowledge and therefore denied.

126.   Without knowledge and therefore denied.

127.   Without knowledge and therefore denied.

128.   Without knowledge and therefore denied.

129.   Admit that HB 1205 speaks for itself. Otherwise without knowledge and therefore denied.

### b. Non-Resident Restriction

130.   Denied.

131.   Admit that HB 1205 speaks for itself. Without knowledge as to the activities, travel, and residency of Intervenor-Plaintiff Melissa Martin and therefore denied. Otherwise denied.

132.   Admit that HB 1205 speaks for itself. Without knowledge as to the activities, travel, and intentions of Intervenor-Plaintiff Melissa Martin and therefore denied. Otherwise denied.

### c. Petition Circulator's Affidavit

133.   Denied.

134.   Without knowledge as to RTCW's operations and therefore denied. Admit that HB 1205 and Florida Statutes (2024) speak for themselves. Otherwise denied.

135.   Without knowledge and therefore denied.

136. Without knowledge and therefore denied.

137. Admit that HB 1205 speaks for itself. Without knowledge as to RTCW's operations and therefore denied. Otherwise denied.

### d. Volunteer Petition Circulator Registration

138. Admit that HB 1205 and Florida Statutes (2022) speak for themselves. Otherwise without knowledge and therefore denied.

139. Admit that HB 1205 speaks for itself. Otherwise denied.

140. Admit that HB 1205 speaks for itself. Otherwise denied.

141. Admit that HB 1205 speaks for itself. Otherwise denied.

142. Without knowledge as to RTCW's operations and therefore denied. Admit that HB 1205 speaks for itself. Otherwise denied.

143. Admit that HB 1205 speaks for itself. Otherwise denied.

144. Denied.

### e. Personal Use Restrictions

145. Denied.

146. Without knowledge and therefore denied.

147. Without knowledge as to RTCW and its volunteers' understandings and therefore denied.

148. Admit that HB 1205 speaks for itself. Otherwise denied.

149. Without knowledge as to RTCW's training protocols and therefore denied. Otherwise denied.

**f. Severe Fines on Sponsors**

150.    Denied.

151.    Without knowledge as to RTCW's petition activities and therefore denied. Otherwise denied.

152.    Without knowledge as to RTCW's training protocols and therefore denied. Otherwise denied.

153.    Admit that HB 1205 speaks for itself. Otherwise denied.

154.    Admit that HB 1205 speaks for itself. Otherwise denied.

155.    Admit that HB 1205 speaks for itself. Otherwise denied.

156.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

157.    Admit that HB 1205 speaks for itself. Otherwise denied.

158.    Without knowledge as to RTCW's beliefs and its volunteers' actions and therefore denied. Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

**g. Arbitrarily Invalidated Petitions**

159.    Some allegations in this paragraph are legal conclusions to which no response is required. Admit that the cited statute speaks for itself. Otherwise denied.

160.    Without knowledge as to the actions of RTCW's volunteers and therefore denied. Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

14

161. Admit that HB 1205 speaks for itself. Otherwise denied.

162. Admit that HB 1205 speaks for itself. Otherwise denied.

163. Admit that HB 1205 speaks for itself. Otherwise denied.

164. Denied.

165. Admit that the cited statute speaks for itself. Otherwise denied.

**D. H.B. 1205's Restrictions are Not Appropriately Tailored to Any State Interest**

166. Admit that HB 1205 speaks for itself. Otherwise denied.

167. Denied.

168. Admit that the cited statutes and Division of Elections forms speak for themselves. Some allegations in this paragraph are legal conclusions to which no response is required. Admit that the cited statutes and authorities speak for themselves. Otherwise denied.

169. Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

170. Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

**CLAIMS**

**COUNT I**
**Violation of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983**
**(Infringement of Core Political Speech)**

171. RPOF repeats and realleges each and every response contained in

paragraphs 1-170 as if fully set forth herein.

172.    Admit that the United States Constitution speaks for itself. Otherwise denied.

173.    Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

174.    Denied.

175.    Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

176.    Without knowledge and therefore denied.

177.    The allegations in this paragraph are legal conclusions to which no response is required.

178.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

179.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

180.    The allegations in this paragraph are legal conclusions to which no response is required.

181.    Denied.

## COUNT II
**Violation of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983**
**(Substantial Overbreadth)**

182.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count II.

183.    Admit that the U.S. Constitution and the cited case speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

184.    Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

185.    Denied.

186.    Denied.

187.    Denied.

## COUNT III
### Violation of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983
### (Infringement of Right to Association)

188.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count III.

189.    Admit that the U.S. Constitution and the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

190.    Denied.

191.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

192.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

193.    The allegations in this paragraph are legal conclusions to which no response is required.

194.    Denied.

## COUNT IV
### Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983
### (Equal Protection Clause)

195.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count IV.

196.    Admit that the U.S. Constitution speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

197.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

198.    Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

199.    Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

200.    Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

201.    Denied.

202.    Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

203.    Some allegations in this paragraph are legal conclusions to which no response is required. Otherwise denied.

204.    Denied.

### COUNT V
### Violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983
### (Unconstitutionally Vague in Violation of Due Process Clause)

205.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count V.

206.    Admit that the U.S. Constitution speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

207.    Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

208.    Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

209.    Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

210.    Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

211.    Admit that the cited case speaks for itself. Otherwise, the remaining

allegations are legal conclusions to which no response is required.

212.   Denied.

213.   Denied.

214.   Denied.

<u>**COUNT VI**</u>
**Violation of the Due Process Clause of the Fourteenth Amendment to the
United States Constitution, 42 U.S.C. § 1983
(Procedural Due Process)**

215.   RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count VI.

216.   Admit that the U.S. Constitution speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

217.   Denied.

218.   Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

219.   Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

220.   Admit that the Florida Constitution and cited case speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

221.   Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

222.    Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

223.    Denied.

224.    Denied.

225.    Denied.

## COUNT VII
**Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983**
**(Substantive Due Process)**

226.    RPOF repeats, realleges, and incorporates its responses to Intervenor-Plaintiffs' allegations incorporated within Count III.

227.    Admit that the cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

228.    Admit that the cited case speaks for itself. Otherwise, the remaining allegations are legal conclusions to which no response is required.

229.    Admit that HB 1205 speaks for itself. Otherwise denied.

230.    Admit that the cited statute speaks for itself. Otherwise denied.

231.    Denied.

232.    The allegations in this paragraph are legal conclusions to which no response is required.

233.    Denied.

234.    Denied.

## PRAYER FOR RELIEF

WHEREFORE, RPOF denies that Intervenor-Plaintiffs are entitled to a judgment in their favor or any relief:

A.     RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief;

B.     RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief;

C.     RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief;

D.     RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief; and

E.     RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief.

## **AFFIRMATIVE DEFENSES**

1.     The allegations in the complaint fail to state a claim upon which relief may be granted.

2.     By incorporating every prior allegation—including those found within specific counts—into each of the complaint's seven counts, the complaint is an impermissible shotgun pleading.

Dated: May 27, 2025

Respectfully submitted,

*/s/ Benjamin J. Gibson*
Benjamin J. Gibson
Fla. Bar No. 58661
Daniel E. Nordby
Fla. Bar No. 14588
Tara R. Price
Fla. Bar No. 98073
Nicholas J.P. Meros
Fla. Bar No. 120270
Kassandra S. Reardon
Fla. Bar No. 1033220
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
bgibson@shutts.com
dnordby@shutts.com
tprice@shutts.com
nmeros@shutts.com
kreardon@shutts.com
chill@shutts.com

*Counsel for Proposed Intervenor-Defendant*
*Republican Party of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I electronically filed this document with

the Clerk of the Court by using the CM/ECF system, which will serve all parties whose

counsel have entered appearances.

*/s/ Benjamin J. Gibson*

23