# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE, INC., et al.,**

      *Plaintiffs/Intervenor-Plaintiffs,*

v.                                        **Case No.: 4:25cv211-MW/MAF**

**CORD BYRD, et al.,**

      *Defendants/Intervenor-Defendant.*

_____/

## ORDER GRANTING MOTION TO INTERVENE

This Court has considered, without hearing, Proposed Intervenor Republican Party of Florida's motion to intervene as a party defendant in this case. ECF No. 147. For the reasons provided below, the motion is due to be granted.

A court must allow a party to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). But here, this Court need not determine whether the Proposed Intervenor may intervene as of right because the Proposed Intervenor also moves for permissive intervention. ECF No. 147-1 at 5.

A district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive intervention. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)). So much so that it "is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

Here, this Court finds permissive intervention appropriate. This Court finds the Proposed Intervenor's motion timely. Nor will intervention unduly delay this litigation or prejudice anyone in this action. In permitting intervention, the Republican Party of Florida will have an opportunity to respond to Plaintiffs' claims once this Court rules on the pending motion for preliminary injunction that this Court has already taken under advisement—in other words, this Court is not reopening briefing to allow the Republican Party of Florida to respond to the motion now under advisement. Accordingly, the Proposed Intervenor's motion, ECF No. 147, is **GRANTED.**

Intervenor-Defendant shall file their answers as separate docket entries **on or**

**before the close of business Thursday, May 29, 2025.**

**SO ORDERED on May 28, 2025.**

**s/Mark E. Walker**
**Chief United States District Judge**