## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., *et al.*,

                        *Plaintiffs*,

      v.

BYRD, *et al.*,

                        *Defendants*.

No.: 4:25-cv-00211-MW-MAF

SMART & SAFE FLORIDA, *et al.*,

                    *Intervenor-Plaintiff*,

      v.

BYRD, *et al.*,

                        *Defendants*.

LEAGUE OF WOMEN VOTERS OF
FLORIDA, *et al.*,

                    *Intervenor-*
*Plaintiffs*,

      v.

BYRD, *et al.*,

                        *Defendants*.

## PRELIMINARY INJUNCTION MOTION OF LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND, INC., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, AND DEBRA CHANDLER

Pursuant to Rule 65, Federal Rules of Civil Procedure, Plaintiff-Intervenors League of Women Voters of Florida, Inc., League of Women Voters Education Fund, Inc., League of United Latin American Citizens, Cecile Scoon, and Debra Chandler (collectively "Plaintiffs") move for a preliminary injunction against Cord Byrd, in his official capacity as Secretary of State of Florida, James Uthmeier, in his official capacity as Attorney General of the State of Florida, Florida's 67 county supervisors of elections, and Florida's 20 State Attorneys, in their official capacities. In support, Plaintiff-Intervenors state:

1.    On May 14, 2025, this Court granted Plaintiffs' motion to intervene. ECF No. 86. That same day, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief alleging that Defendants' enforcement of HB 1205 violated their rights under the First and Fourteenth Amendments. On May 30, 2025, Plaintiffs filed their amended complaint, challenging two additional provisions and adding an additional claim under the Fourteenth Amendment. ECF No. 170.

2.    HB 1205's restrictions on the citizen-led initiative process threaten to derail Plaintiffs work in support of the Florida Decides Healthcare and Right to Clean Water initiatives. As described in the attached Memorandum of Law, both

Individual and Organizational Plaintiffs plan to cease collecting petitions if HB 1205 goes into effect.

3.    For the reasons detailed in the accompanying Memorandum of Law, Plaintiffs seek a preliminary injunction enjoining:

- The Secretary's enforcement of § 100.371(4)(a), which prohibits anyone not registered as a petition circulator from collecting, delivering, or otherwise physically possessing more than 25 signed petitions not belonging to themselves or an immediate family member.

- The Attorney General's and State Attorneys' enforcement of § 104.187, which makes any violation of § 100.371(4)(a) a second-degree misdemeanor, and § 104.188(2), which makes the same conduct a third-degree felony;

- The Secretary's enforcement of § 100.371(3)(e), which requires any petition form distributed by someone other than a circulator to include the following notice:

> This form is for PERSONAL USE only. Unless registered as a petition circulator, it is a third degree felony to collect, deliver, or otherwise physically possess more than 25 signed petition forms in addition to your own or those of immediate family members.

- The Secretary's enforcement of Fla. State. § 100.371(4)(b)(2)–(3), which bars nonresidents and noncitizens from collecting "signatures or initiative petitions."

3

- The Secretary's enforcement of § 100.371(3)(d), which requires petition circulators to include with every petition form a signed affidavit that includes "the circulator's name, permanent address, and petition circulator number  or barcode," as well as a statement made under penalty of perjury.

- The Secretary's enforcement of §§ 100.371(4)(c)2, 100.371(4)(c)6-8, 100.371(4)(c)9, which requires petition circulators register with the State by providing their Social Security numbers and other identification information and further disclose information like citizenship status, felony convictions, and residency, and affirm that they commit a crime for "false swearing."

WHEREFORE, for the foregoing reasons, and those set forth in Plaintiffs' supporting Memorandum of Law, Plaintiffs respectfully request this Court enter a preliminary injunction enjoining Defendants' implementation of HB 1205 as outlined in this motion.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs seek leave to present 1 hour of oral argument in support of this motion pursuant to Local Rule 7.1(K).

## REQUEST FOR TELEPHONIC SCHEDULING CONFERENCE

Plaintiffs request a telephonic scheduling conference as soon as the Court is available. Plaintiffs submit that the requested scheduling conference will aid in demonstrating that an expedited schedule for consideration of the challenged

provisions is possible by streamlined presentation and scheduling flexibility among the parties seeking preliminary injunctive relief.

The motions for Preliminary Injunctions filed by the other Plaintiffs and Plaintiff-Intervenors challenge overlapping sets of provisions and make effectively the same arguments. Plaintiffs would join the schedule proposed by the Florida Decides Healthcare plaintiffs to resolve the issues raised in this motion and to present their supporting evidence.

Dated: June 2, 2025                Respectfully submitted,

_s/ Pooja Chaudhuri_
POOJA CHAUDHURI**
pooja@statedemocracydefenders.org
SPENCER KLEIN**
spencer@statedemocracydefenders.org
SOFIA FERNANDEZ GOLD**
sofia@statedemocracydefenders.org
NORMAN EISEN*
norman@statedemocracydefenders.org
TIANNA MAYS*
tianna@statedemocracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Telephone: (202) 594-9958

GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

* _Pro hac vice_ applications forthcoming
** _Pro hac vice granted_
_Counsel for All Plaintiffs_

## LOCAL RULE 7.1(B) CERTIFICATION

Plaintiffs' Counsel, along with Counsel to Plaintiff-Intervenors Right to Clean Water, reached out via email to Counsel for the respective Defendants on Thursday, May 29, 2025, to obtain their position on this motion. Plaintiffs were able to confirm that the Supervisor of Elections for Brevard County does not oppose this motion. Supervisors of Elections for the following counties took no position: Okaloosa, DeSoto, Flagler, Gilchrist, Highlands, Jefferson, Liberty, Madison, and Union. Plaintiffs did not receive an answer from the other parties.

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned counsel certifies that this Motion contains 665 words, excluding the case style, signature block and certifications.

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

*s/ Pooja Chaudhuri*
Pooja Chaudhuri
(D.C. Bar No. 888314523)