IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs*,

v.                                                                          Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants*.

_____/

## ORDER GRANTING MOTION TO INTERVENE

This Court has considered, without hearing, Proposed Intervenors Poder Latinx, Humberto Orjuela Prieto, and Yivian Lopez Garcia's motion to intervene as party plaintiffs in this case. ECF No. 181. For the reasons provided below, the motion is due to be granted.

A court must allow a party to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). But here, this Court need not determine whether the Proposed Intervenors may intervene as of right because the Proposed Intervenors also move for permissive intervention. ECF No. 181 at 15.

A district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive intervention. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)). So much so that it "is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

Here, this Court finds permissive intervention appropriate. First, this Court finds the Proposed Intervenors' motion timely. Their intervention to present claims related solely to one of the many challenged provisions at issue in this case—namely, the non-citizen ban for petition circulators—will not unduly delay this case or otherwise prejudice the parties who have already appeared. And this Court notes that the Proposed Intervenors have conferred with many of the players in this action, none of whom oppose the motion. Accordingly, the Proposed Intervenors' motion, ECF No. 181, is **GRANTED.**

In the words of Defendant Turner's counsel, "welcome to the party." ECF No. 181 at 22. Intervenor-Plaintiffs shall file their complaint as a separate docket entry by close of business today. To the extent Intervenor-Plaintiffs intend to join in the

2

second round of pending motions for preliminary injunction that are now subject to this Court's scheduling order, ECF No. 176, they must also confer with all parties regarding a proposed briefing schedule as required by that order and abide by this Court's schedule going forward.

**SO ORDERED on June 4, 2025.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**