# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., MITCHELL EMERSON, in his
individual capacity, JORDAN SIMMONS,
in his individual capacity.

*Plaintiffs*,

v.

CORD BYRD, in his official capacity as
Secretary of State of Florida, et al.,

*Defendants*.

Case No. 4:25-cv-211-MW-MAF

## REPORT OF RULE 26 INITIAL CONFERENCE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's

May 7, 2025, Initial Scheduling Order (ECF No. 20), the following counsel of record

conducted a Rule 26(f) meeting by telephone on June 6, 2025:

| Counsel | Parties |
|---|---|
| Frederick Wermuth<br>Bradley E. Heard<br>Avner Shapiro<br>Nick Steiner<br>Ben Stafford<br>Emma Olson Sharkey | Plaintiffs Florida Decides Healthcare, Inc., Mitchell Emerson, and Jordan Simmons ("FDH Plaintiffs") |
| Glenn Burhans, Jr.<br>Bridget K. Smitha<br>Christopher R. Clark<br>Liz Desloge Ellis | Plaintiff Smart & Safe Florida ("Smart & Safe Plaintiff") |

2

| | |
|---|---|
| Hannah E. Murphy<br>Matthew Bryant | |
| Gerald Greenberg<br>Shane Grannum<br>Pooja Chaudhuri<br>Spencer Klein<br>Sofia Fernandez Gold<br>Norman Eisen<br>Tianna Mays | Plaintiffs League of Women Voters of Florida, League of Women Voters of Florida Education Fund, Inc., League of United Latin American Citizens, Cecile Scoon and Debra Chandler ("League Plaintiffs") |
| Simone Leeper<br>Danielle Lang<br>Brent Ferguson<br>Alexandra Copper<br>Heather Szilagyi<br>Ellen Boettcher<br>Melissa Neal<br>Kunal Dixit | Plaintiffs FloridaRightToCleanWater.org and Melissa Martin ("Florida RTCW Plaintiffs") |
| Jeremy C. Karpatkin<br>John A. Freedman<br>Phi Nguyen<br>Neda Khoshkhoo<br>Miranda Galindo<br>Delmarie Alicea<br>Cesar Z. Ruiz | Plaintiffs Poder Latinx, Humberto Orjuela Prieto and Yivian Lopez Garcia ("Poder Latinx Plaintiffs") |
| Mohammad O. Jazil<br>Michael Beato<br>Bradley R. McVay<br>Ashley Davis<br>William H. Stafford III<br>Sara E. Spears | Defendants Secretary of State ("Secretary") and Florida Attorney General ("Attorney General" and collectively with the Secretary, "State Defendants") |
| Douglas A. Wyler<br>Arthur I. Jacobs | Defendant State Attorneys |
| Benjamin J. Gibson<br>Daniel E. Nordby<br>Tara R. Price<br>Nicholas J.P. Meros<br>Kassandra S. Reardon | Defendant the Republican Party of Florida |

| | |
|---|---|
| Susan Erdelyi<br>Frank Mari<br>John T. LaVia<br>Andy V. Bardos<br>Christi Hankins<br>Dale Scott<br>Jerry Olivo<br>Mark Herron<br>Matt Shaud<br>Sarah Jonas<br>Jared Kahn<br>Robert C. Swain<br>Devona Reynolds Perez<br>Tiffany Pinkstaff<br>Jon Jouben<br>Oren Rosenthal<br>Nicholas Shannin<br>Morgan Bently<br>Pausha Taghdiri<br>Stephen Todd | Defendant Supervisors |

The parties hereby submit this joint report and proposed discovery plan concerning matters set forth in Federal Rule of Civil Procedure 26(f) and this Court's orders, all of which were addressed during the parties' telephone conference.

## A.    Magistrate Judge Jurisdiction

The parties have conferred regarding this issue.

## B.    Nature and Bases of Claims and Defenses

### 1.  Plaintiffs' Claims

Plaintiffs FDH Plaintiffs; Smart & Safe Plaintiff, League Plaintiffs, Florida RTCW Plaintiffs, and Poder Latinx Plaintiffs (collectively, "Plaintiffs") challenge the constitutionality of certain provisions of Florida's recently enacted HB 1205.

One or more of the Plaintiffs challenge the following provisions:

- Severe and Punitive Fines, Fla. Stat. § 100.371(4)(g), (7)(a)(1)–(3), (8), and (10);

- Ten-Day Return Time, Fla. Stat. § 100.371(7)(a)(1)–(3);

- Volunteer and Circulator Registration and Definition Provisions, Fla. Stat. §§ 100.371(4)(a), (4)(c)(6)–(9) and 97.021(28);

- The Affidavit Requirement, Fla. Stat. § 100.371(3)(d);

- Eligibility Restrictions based on residency and citizenship, Fla. Stat. § 100.371(4)(b)(1)–(3), (14)(h), Fla. Stat. § 104.187, Fla. Stat. § 104.188(2), as well as related attestation provisions Fla. Stat. § 100.371(4)(c)(7);

- Vague Criminal Penalties, Fla. Stat. §§ 100.371(8)–(9), 104.185(2), and 895.02(8)(d);

- Investigation Provision, Fla. Stat.§ 100.371(14)(g);

- 90-Day Moratorium Provision, Ch. 2025-21, § 20(1), at 28, Laws of Fla.

- Refiling Requirement, Fla. Stat. § 100.371(16)(e).

**FDH Plaintiffs**

FDH Plaintiffs challenge, as they are described above: (i) the Severe and Punitive Fines; (ii) the Ten-Day Return Time; (iii) the Volunteer and Circulator Registration Provisions; (iv) the Eligibility Restrictions; (v) the Vague Criminal Penalties; (vi) 90-Day Moratorium Provision; and (vii) the Refiling Requirement.

FDH Plaintiffs assert that that these provisions, alone and in combination, severely burden their rights under the First and Fourteenth Amendments, and that there is no legitimate, much less compelling, state interest in targeting the initiative petition process in these ways. Specifically, the Challenged Provisions burden FDH Plaintiffs' rights to speech and association under the First Amendment, are facially discriminatory in violation of the Fourteenth Amendment, and are vague and overbroad in violation of both the First and Fourteenth Amendments.

**Smart & Safe Plaintiff**

Smart & Safe Florida challenges the following provisions as they are described above: (i) the Ten-Day Return Time; and (ii) the Eligibility Restrictions based on residency. In addition, Smart & Safe challenges: (i) the requirement for a sponsor's petition to carry the State's Financial Impact Statement (Fla. Stat. § 100.371(13)(a) (2025)) ("FIS Compelled Speech"); (ii) the prohibition on sponsors sponsoring more than one amendment to the Florida Constitution (Fla. Stat. § 100.371(2) (2025)) ("Additional Amendment Prohibition"); (iii) the requirement that the Secretary must rescind ballot certification if an advisory opinion by the Florida Supreme Court deems the initiative invalid due to non-compliance with section 16.061, Florida Statutes (Fla. Stat. § 100.371(15)) ("Mandatory Decertification Provision"); and (iv) the prohibition against mailing or otherwise providing a petition form upon which any information about a voter has been filled

in before it is provided to the voter (Fla. Stat. § 100.371(10)) ("Pre-filled Petition Prohibition").

**Florida RTCW Plaintiffs**

FloridaRighttoCleanWater.org and Melissa Martin challenge the constitutionality of the following provisions of HB 1205, as described in more detail in their complaint: (i) provisions related to petition circulation by non-U.S. citizens, *see* Fla. Stat. §§ 100.371(4)(b)(2), 100.371(4)(c)(7), 100.371(4)(c)(9), 104.011 (Non-U.S. Citizen Restriction); (ii) provisions related to petition circulation by individuals who are not residents of Florida, *see* Fla. Stat. §§ 100.371(4)(b)(3), 100.371(4)(c)(8), 100.371(4)(c)(9), 104.011 (Non-Resident Restriction); (iii) provisions related to the Petition Circulator's Affidavit, *see* Fla. Stat. §§ 100.371(3)(d)(1), 100.371(3)(d)(2), 100.371(3)(c); (iv) provisions related to the registration requirement for petition circulators, *see* Fla. Stat. §§ 97.021(28), 100.371(4)(a), 104.188(2) (Volunteer Petition Circulator Registration Requirement); (v) restrictions on personal use petitions, *see* Fla. Stat. §§ 100.371(3)(e), 100.371(4)(a), 97.021(28), 104.188(2) (Personal Use Petition Restrictions); and (vi) severe fines on ballot initiative sponsors, *see* Fla. Stat. §§ 100.371(7)(a), 100.371(8), 100.371(10), 100.371(4)(g); and (vii) provisions related to invalidated petitions, *see* Fla. Stat. §§ 100.371(14)(h) (Arbitrarily Invalidated Petitions).

7

Florida RTCW Plaintiffs assert that these provisions, alone and in combination, severely burden their constitutional rights. The Non-U.S. Citizen Restriction, Non-Resident Restriction, Petition Circulator's Affidavit, Volunteer Petition Circulator Registration Requirement, and Personal Use Petition Restrictions severely burden Plaintiffs rights under the First and Fourteenth Amendments, and that there is no legitimate, much less compelling, state interest in targeting the initiative petition process in these ways. Specifically, they burden Plaintiffs' rights to speech and association and are vague and overbroad in violation of both the First and Fourteenth Amendments. Florida RTCW Plaintiffs further assert that the Non-U.S. Citizen Restriction violates their rights under the Equal Protection Clause of the Fourteenth Amendment with no legitimate, much less compelling, state interest. Florida RTCW Plaintiffs further assert that the Volunteer Petition Circulator Registration Requirement and Personal Use Petition Restrictions are unconstitutionally vague in violation of the Fourteenth Amendment; and the Arbitrarily Invalidated Petitions and Severe Fines provisions violate the Due Process Clause of the Fourteenth Amendment.

**Poder Latinx Plaintiffs**

Poder Latinx, Yivian Lopez Garcia, and Humberto Orjuela Prieto (collectively "Poder Plaintiffs") challenge the constitutionality of (i) Eligibility Restrictions on Citizenship: Fla. Stat §§.100.371(4)(b)(2) and 100.371(4)(c)(7) and

the U.S. Citizenship Oath Requirement, Fla. Stat. § 100.371(4)(c)(7). Poder Plaintiffs assert that these provisions also severely burden their rights under the First and Fourteenth Amendments, and that there is no legitimate, much less compelling, state interest in targeting non-U.S. citizen's assisting in the initiative petition process in this way. The provisions unduly burden Poder Plaintiffs' rights to speech and association under the First Amendment, are facially discriminatory in violation of Fourteenth Amendment and is vague and overbroad in violation of both the First and Fourteenth Amendments.

**League Plaintiffs**

The League Plaintiffs challenge the following provisions, as described in more detail in their complaint: (1) Petition Circulator Definition and Eligibility Requirements, Fla. Stat. §§ 97.021(28), 100.371(4)(b), (4)(c)(2); (2) the Disclosure, Affidavit, and Registration requirements, Fla. Stat. §§ 100.371(3)(d)(2), (4)(a), (4)(c)(6); (3) Personal Use Restrictions, Fla. Stat. §§ 97.021(28), 100.371(3)(e), (4)(a); (4) 10-Day Return Deadline, Fla Stat. § 100.371(7)(a)(1)–(3); (5) Criminal Penalties, Fla. Stat. §§ 104.185(2), 100.371(8)–(9); 895.02(8)(d); (6) Investigation Provision, Fla Stat. § 104.371(14)(g); and (7) Fines Provision Fla. Stat. § 104.371(7).

The League Plaintiffs assert that the above provisions, alone and in combination, violate their constitutional rights. Specifically, the League Plaintiffs allege that each of the provisions listed above burden core political speech and are

impermissibly overbroad in violation of the First and Fourteenth Amendments to the United States Constitution and violate their right to Freedom of Association under those same amendments. The League Plaintiffs further allege that the Definition and Eligibility Requirements, the Registration, Disclosure, and Affidavit Requirements, the Personal Use Restrictions, the 10-Day Return Deadline, the Criminal Penalties, and the Investigation Provisions are void for vagueness under the Fifth and Fourteenth Amendments to the United States Constitution. Finally, the League Plaintiffs allege that the Eligibility Requirements' exclusion of non-U.S. citizens violates the Equal Protection Clause of the Fourteenth Amendment.

### 2. Defendants Secretary of State and Attorney General's Defenses

The provisions being challenged satisfy the requirements of the U.S. Constitution. One or more Plaintiffs lack standing to sue.

### 3. Defendants Florida State Attorneys' Defenses

The State Attorney Defendants take no position on the merits of Plaintiffs' claims and agree to be bound by any order the Court enters in this matter.

### 4. Defendants Supervisors' Defenses

The Supervisors continue to assess the claims asserted against them and their potential defenses. The Supervisors' responses to Plaintiffs' complaints are due within 30 days after the Court enters an Order on Plaintiffs' pending motions for preliminary injunction. ECF No. 206. The Supervisors note that the Florida RTCW

Plaintiffs' and the League Plaintiffs' complaints do not indicate which claims are asserted against which Defendants. *See* ECF Nos. 116, 167.

### 5. Intervenor-Defendant Republican Party of Florida's Defenses

The provisions being challenged satisfy the requirements of the U.S. Constitution.

## C. Settlement and Alternative Dispute Resolution

### 1. Settlement

The parties agree that settlement is unlikely at this time.

### 2. Alternative Dispute Resolution

The parties agree that mediation (or other forms of alternative dispute resolution) is not likely to be helpful in settlement until the Court decides the merits of Plaintiffs' claims.  Accordingly, the parties jointly request that the Court dispense with the mediation requirement in this case.

## D. Proposed Schedule

The Plaintiffs and the Secretary and Attorney General Defendants propose the following competing schedules:

| Deadline or Event | Plaintiffs' Dates | Secretary and Attorney General Defendants' and Intervenor-Defendant's Dates |
|---|---|---|

11

| Mandatory Initial Disclosures | June 20, 2025 (14 days after Rule 26 conference) | June 20, 2025 |
|---|---|---|
| Certificate of interested persons and corporate disclosure statement | Filed by FDH Plaintiffs May 4, 2025; Smart & Safe Plaintiff May 13, 2025; League Plaintiffs May 20, 2025; Florida RTCW Plaintiffs May 21, 2025; and Poder Latinx Plaintiffs June 16, 2025. | June 23, 2025 for any Parties who must but have not yet filed. |
| Motions to add parties or amend pleadings | 14 days after the Court rules on pending motion for preliminary injunction | 14 days after the Court rules on pending motion for preliminary injunction |
| Plaintiffs' Expert Disclosures | Wed., Oct. 19, 2025 | July 14, 2025 |
| Defendants' Expert Disclosures | Fri., Oct. 31, 2025 | August 14, 2025 |
| Plaintiffs' Expert Rebuttal Report | Fri., Nov. 14, 2025 | August 28, 2025 |
| Close of discovery | Fri., Nov. 28, 2025 | September 30, 2025 |
| Deadline for dispositive motions | Wed. Oct. 1, 2025 (8,000 words), with oppositions and replies in support due according to local rules | October 1, 2025 with oppositions and replies each due within seven days of the filing of the motions or responses. |
| Attorney's pretrial conference | Mon., Dec. 5, 2025 (avoids trial conflict of Smart & Safe Plaintiff's counsel) | October 15, 2025 |

12

| Motions *in limine*, and *Daubert* motions | Mon., Dec. 22, 2025<br><br>(18 days before Pre-Trial Conference)<br><br>Responses due:<br><br>Fri. Jan. 2, 2026<br><br>(7 days before pretrial conference) | October 15, 2025 with responses due within seven days of the filing of the motion. |
| Pre-Trial Disclosures (exhibit lists, witness lists) | Fri., Jan. 2, 2026 | October 17, 2025. |
| Trial brief or memorandum with citation | Mon., Jan. 5, 2026 | October 20, 2025. |
| Final pretrial conference | Fri., Jan. 9, 2026 (avoids stated trial conflict) | October 27, 2025 |
| Trial term begins | ~ Monday, Jan. 19, 2026 (avoids stated trial conflict)[1] | November 3, 2025 |

---

[1] A potential trial schedule that precedes a conflicting trial schedule of Smart & Safe Plaintiff's counsel would involve a trial start date on Nov. 10, 2025; a final pre-trial conference on Nov. 3, 2025; a trial brief deadline of Oct. 27, 2025; a pre-trial disclosure deadline of Oct. 24, 2025; a motion in limine and Daubert motions deadline of Oct. 17, 2025, with responses due Oct. 29, 2025; the attorneys' pre-trial conference on Oct. 16, 2025; dispositive motions deadline on Oct. 1, 2025, with oppositions and replies each due within seven days of the filing of the motions or responses; close of discovery on Oct. 10, 2025; Plaintiffs' expert rebuttals on Oct. 1, 2025; Defendants' expert disclosures on Sept. 26, 2025; and Plaintiffs' expert disclosures on Sept. 1, 2025. For the reasons Plaintiffs explain below, Plaintiffs would request that the Court permit liberal exhibit and expert supplementation based on information coming to light after the close of discovery. For the reasons Plaintiffs explain below, however, this alternative schedule remains too compressed.

| Estimated length of trial | 10 days | 5 days |
|---|---|---|
| Jury/Non-Jury | Non-Jury | Non-Jury |
| Mediation | The Parties propose to dispense with this requirement | No Mediation |
| All parties consent to proceed before magistrate judge | No | |

## E.    Discovery Plan

The parties propose this discovery plan:

### 1.  Subjects of Discovery

Plaintiffs expect that discovery will be needed on these subjects: data regarding volunteer assistance for petition circulation and voter registration; data regarding circulator assistance with initiative petitions; data regarding impacts of statutory return deadline and penalty provisions on circulation by ballot initiative sponsors and petition circulators; data regarding impacts of statutory return deadline and penalty provisions on registration by third-party voter registration organizations ("3PVROs"); data regarding which voters sign one or more initiative petitions; data regarding initiative petition participation and/or the impacts of Challenged Provisions on initiative petition circulation, verification, and validity – including the standards applied to determining the same; data regarding the enactment of HB 1205, the legislative process in enacting HB 1205, any analyses concerning HB

14

1205, and any impact outside groups had on drafting and enacting HB 1205; data regarding state officials' policy, stance, or position on HB 1205; and data regarding communications between state officials regarding HB 1205; and documentation of the Plaintiffs' standing, documentation of the Plaintiffs' initiative petition activities, and documentation of any complaints directed at the Plaintiffs.

Defendants Secretary of State and Attorney General and Intervenor-Defendant expect that discovery will be necessary concerning the records of those who either have or intend to participate in the petition gathering process. This discovery will include, but is not limited to, the training provided to petition circulators, contractors, or subcontractors hired by petition sponsors and Plaintiffs; the extent to which petition sponsors and Plaintiffs use contractors or sub-contractors to hire petition circulators; the training, if any, that contractors or sub-contractors might provide to petition circulators; the disciplining of circulators by petition sponsors, contractors, or subcontractors; the use of volunteers by petition sponsors, contractors, or sub-contractors; the internal processes used by Plaintiffs (or their agents) before submitting a signed petition; the training, if any, provided to volunteers; and the oversight, if any, exercised over volunteers.

### 2. Electronic Discovery

The parties discussed issues relating to disclosure or discovery of electronically storied information ("ESI"), including pre-discovery initial

disclosures, and agree to the following: (1) Disclosure or production of electronically stored information will generally be limited to data reasonably available to the parties in the ordinary course of business, but may also include data that may have been developed or available to defendants in the course of the 2024 and other election and ballot initiative cycles; (2) the parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business, or beyond data that might have been developed or made available to defendants in the course of the 2024 and other election and ballot initiative cycles; (3) the parties agree to produce electronically stored information in native format where feasible; (4) the parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction; (5) the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the inadvertent production of privileged information; and (6) the parties do not at this moment expect that any other problems will arise in connection with electronic or computer-based discovery. Nothing in this paragraph is intended to waive any available objection to the production of documents requested in discovery.

### 3. Timing of Discovery and Trial

Plaintiffs submit that the 10-day trial reflected in their proposal in the chart above will ensure that this matter is resolved expeditiously, while allowing sufficient time to conduct discovery and submit pretrial filings, with a trial date of January 19,

2026, or before as noted above.  The FDH Plaintiffs object to the Secretary, Attorney General, and Intervenor Defendant's proposed schedule. As explained in prior briefing more fully, HB 1205 poses interlocking and mounting injuries to FDH as its campaign continues. Of particular note, assuming for the sake of argument that the 90-day moratorium on petition verification goes into effect, the full consequences—including resulting applications of penalties and criminal sanctions associated with the 10-day return rule and other requirements—will not be known until well after October 1. Under the proposed schedule, Plaintiffs must complete all discovery *before* October 1. Indeed, the proposal requires that Plaintiffs provide expert disclosures just two weeks after the upcoming preliminary initial hearing. Then, once discovery is completed, Defendants propose that the parties file dispositive motions, motions in limine, *Daubert* motion in a matter of days, while also holding a pretrial conference and serving pretrial disclosures and preparing a trial brief. The proposed schedule provides inappropriately truncated and compressed timelines in which Plaintiffs can gather evidence in support of their claims and marshal that evidence for trial.

To accommodate other parties' conflicts, Plaintiffs have prepared alternative schedules set forth in the chart above and in footnote 1 above, under which the case could be prepared for trial (a) after the Secretary's January trial or (b) before counsel for Smart & Safe Plaintiff's trial from December 8 to 19, 2025, while otherwise

providing more realistic case deadlines (provided an alternative standard for supplementation is employed in the alternative schedule set forth in footnote 1). The January trial date requested by Plaintiffs is by far the more appropriate, and Plaintiffs welcome the opportunity to brief how such a schedule will not render relief moot.

Defendants Secretary of State, Attorney General, and Intervenor-Defendant's preferred schedule is highlighted above. Counsel for the Secretary of State notes that they are set for a three-judge trial in a redistricting case from January 12 through January 23, 2026. The accelerated schedule proposed above would allow for this case to be resolved before the three-judge trial. Defendants further note that the accelerated schedule will have the benefit of focusing the discovery and briefing in this case. And Defendants prefer to have the case resolved before February 1, 2026, the statutory deadline for some of the Plaintiffs—the ones who are also sponsors— to submit signed petitions for a ballot initiative to be placed on the 2026 General Election ballot; resolution before February 1, 2026 might help avoid briefing on whether some of the claims by some of the Plaintiffs have become moot.

### 4. Forms of Discovery

The parties anticipate all forms of written discovery and depositions may be appropriate as provided by the Federal Rules of Civil Procedure. Plaintiffs expect that certain materials produced will be in the form of electronic or computer-based media, including data, spreadsheets, databases of voter information, and

electronically stored documents and emails. Plaintiffs and Defendant Supervisors of Elections may agree that certain Requests for Production may be answered in whole or in part via affidavit in place of the Supervisor of Elections producing responsive documents. The parties at this time do not seek any restrictions on discovery beyond the limitations set forth in this agreement or the Federal Rules of Civil Procedure; however, the parties agree to confer in good faith as needed regarding any proposed limitations on discovery.

## 5. Discovery in Phases

The parties agree that it would not be useful to conduct discovery in phases. Plaintiffs seek to complete discovery by November 14, 2025. Defendant Secretary of State's, Attorney General's, and Intervenor Defendant's preferred deadline is noted above.

## 6. Limitations on Discovery

The parties take the following positions regarding limitations on discovery:

Plaintiffs propose that they, as a group, will issue no more than fifty (50) interrogatories to each Defendant, if each Defendant agrees to a reciprocal limitation. The parties may, however, seek leave for additional interrogatories depending on each party's responses.

The Secretary contends that 50 interrogatories to each Defendant is 25 interrogatories too many. The Secretary proposes a 25-interrogatory limit. He will abide by that limit for each Plaintiff as well.

Plaintiffs contend that, to the extent practicable, they will coordinate depositions among the parties so that each deponent need only appear once.

The Secretary agrees on coordinating depositions among the parties so that each deponent only appears once; however, the Secretary intends for each deposition to last for seven hours regardless of the number of parties asking questions of the deponent.

Plaintiffs in the instant case submit that, in similar multi-party-plaintiff challenges to SB 90 (2021) and SB 7050 (2023), the Plaintiffs successfully worked with Defendants and counsel for other plaintiffs groups to avoid having any particular employee of the Department of State and Secretary sit for multiple separate depositions, and Plaintiffs did so without waiving in advance the time each plaintiffs group would otherwise have to depose each witness and cover their own non-duplicative questions. Plaintiffs will similarly work cooperatively to avoid separate depositions and duplicative deposition questioning in this case. At this point, however, Plaintiffs cannot agree to waive their ability to depose each witness for a period of up to seven

hours, without regard to questioning that may be sought by other plaintiffs groups.

The Supervisors contend that, absent leave of court or stipulation of the parties, each deponent is subject to deposition only once in this case. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii).

Until an appropriate protective order is entered, the Supervisors will object to the production of documents and electronically stored information that are exempt from disclosure or confidential under state or federal law.

Plaintiffs agree, to the extent practicable, that they will not serve discovery requests duplicative of discovery requests issued by a co-Plaintiff to the Supervisors of Elections or to the Florida State Attorneys. Plaintiffs would agree to a reciprocal arrangement with the Secretary of State and Attorney General provided they agree to the same.

**F.    Suitability of Using Manual for Complex Litigation**

The parties agree that this case should not be made subject to the Manual for Complex Litigation.

DATED: June 20, 2025                    Respectfully submitted,

/s/ *Frederick S. Wermuth*                    /s/ *Glenn Burhans, Jr.*
Frederick S. Wermuth                          Glenn Burhans, Jr.
Florida Bar No. 0184111                       Florida Bar No. 0605867
Quinn Ritter                                  Bridget K. Smitha
Florida Bar No. 1018135                       Florida Bar No. 709581

KING, BLACKWELL,
ZEHNDER & WERMUTH, P.A.
25 E. Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
qritter@kbzwlaw.com


Matletha Bennette (Fl. Bar. No. 1003257)
Krista Dolan (Fl. Bar No. 1012147)
SOUTHERN POVERTY LAW CENTER
P.O. Box 10788
Tallahassee, FL 32302-2788
Telephone: (850) 408-4840
matletha.bennette@splcenter.org
krista.dolan@splcenter.org

Bradley E. Heard*
Avner Shapiro*
Nick Steiner*
1101 17th Street, NW, Suite 550
Washington, D.C. 20036
bradley.heard@splcenter.org
avner.shapiro@splcenter.org
nick.steiner@splcenter.org

Ben Stafford*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
bstafford@elias.law

Emma Olson Sharkey*
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490

Christopher R. Clark
Florida Bar No. 1002388
Liz Desloge Ellis
Florida Bar No. 97873
Hannah E. Murphy
Florida Bar No. 1032759
Matthew Bryant
Florida Bar No. 93190
106 E. College Avenue, Suite 700
Tallahassee, Florida 32301
Telephone: (850) 580-7200
gburhans@stearnsweaver.com
bsmitha@stearnsweaver.com
crclark@stearnsweaver.com
lellis@stearnsweaver.com
hmurphy@stearnsweaver.com
mbryant@stearnsweaver.com
cacosta@stearnsweaver.com
abrantley@stearnsweaver.com
aruddock@stearnsweaver.com

*Counsel for Smart & Safe Plaintiff*

eolsonsharkey@elias.law

*Counsel for FDH Plaintiffs*
*\*Admitted Pro Hac Vice*

/s/ Gerald E. Greenberg
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER &
GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

POOJA CHAUDHURI*
pooja@statedemocracydefenders.org
SPENCER KLEIN*
spencer@statedemocracydefenders.org
SOFIA FERNANDEZ GOLD*
sofia@statedemocracydefenders.org
NORMAN EISEN*
norman@statedemocracydefenders.org
TIANNA MAYS*
tianna@statedemocracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Telephone: (202) 594-9959

*Counsel for League Plaintiffs*
*\*Admitted Pro Hac Vice*

/s/ Cesar Z. Ruiz
Cesar Z. Ruiz*
LatinoJustice PRLDEF

/s/ Simone Leeper
Simone Leeper (Fla. Bar No. 1020511)
Danielle Lang (D.C. Bar No. 1500218)*
Brent Ferguson (D.C. Bar No. 1782289)*
Alexandra Copper (Cal. Bar No. 335528)*
Heather Szilagyi (D.C. Bar No. 90006787)*
Ellen Boettcher (D.C. Bar No. 90005525)*
Melissa Neal (D.C. Bar No. 90018637)*
Kunal Dixit (D.C. Bar No. 90029821)*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
sleeper@campaignlegalcenter.org
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
acopper@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
eboettcher@campaignlegalcenter.org
mneal@campaignlegalcenter.org
kdixit@campaignlegalcenter.org

*Counsel for Florida RTCW Plaintiffs*
*\* Admitted Pro Hac Vice*

475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org

Miranda Galindo
Delmarie Alicea
LatinoJustice PRLDEF
4700 Millenia Blvd, Suite 500
Orlando, FL 32839
(321) 754-1935
mgalindo@latinojustice.org

Jeremy C. Karpatkin
John A. Freedman*
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 942-5316
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com

Phi Nguyen*
Neda Khoshkhoo*
Dēmos
368 9th Avenue, 6th Floor
Suite 11-105
New York, NY 10001
(212) 485-6065
pnguyen@demos.org
nkhoshkhoo@demos.org

*Counsel for Poder Latinx Plaintiffs*
*Admitted Pro Hac Vice*

/s/ *Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
Michael Beato (FBN 1017715)

/s/ *William H. Stafford III*
William H. Stafford III (FBN 70394)
SPECIAL COUNSEL
Sara E. Spears (FBN 1054270)

HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com

Bradley R. McVay (FBN 79034)
Deputy Secretary of State for Legal
Affairs & Election Integrity
Ashley Davis (FBN 48032)
General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough Street
Tallahassee, Florida 32399
(850) 245-6511
Brad.mcvay@dos.fl.gov
Ashley.davis@dos.fl.gov

*Counsel for the Secretary of State*

ASSISTANT ATTORNEY GENERAL
Complex Litigation Division
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida 32399
William.Stafford@myfloridalegal.com
Sara.Spears@myfloridalegal.com
ComplexLitigation@myfloridalegal.com

*Counsel for the Attorney General*

/s/ *Benjamin J. Gibson*
Benjamin J. Gibson (Fla. Bar No. 58661)
Daniel E. Nordby (Fla. Bar No. 14588)
Tara R. Price (Fla. Bar No. 98073)
Nicholas J.P. Meros (Fla. Bar No. 120270)
Kassandra S. Reardon (Fla. Bar No. 1033220)
SHUTTS &BOWEN LLP
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
bgibson@shutts.com
dnordby@shutts.com
tprice@shutts.com
nmeros@shutts.com
kreardon@shutts.com

/s/ *Douglas A. Wyler*
Douglas A. Wyler, Esq.
Fla. Bar No.: 119979
Arthur I. Jacobs, Esq.
Fla. Bar No.: 108249
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, FL 32034
(904) 261-3693
(904) 261-7879 Fax
doug@jswflorida.com
filings@jswflorida.com
buddy@jswflorida.com

*Counsel for the State Attorneys*

chill@shutts.com

*Counsel for the Republican Party*

/s/ *Andy Bardos*
Andy Bardos
Florida Bar No. 822671
GRAYROBINSON, P.A.
301 S. Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: (850)577-9090
andy.bardos@gray-robinson.com

*Counsel for Leah Valenti, Charlotte County Supervisor of Elections; Melissa Blazier, Collier County Supervisor of Elections; Leslie Swan, Indian River County Supervisor of Elections; Alan Hays, Lake County Supervisor of Elections; Tommy Doyle, Lee County Supervisor of Elections; Scott Farrington, Manatee County Supervisor of Elections; Wesley Wilcox, Marion County Supervisor of Elections; Sherri Hodies, Monroe County Supervisor of Elections; Brian Corley, Pasco County Supervisor of Elections; Amy Pennock, Seminole County Supervisor of Elections*

/s/ *Susan Erdelyi*
Susan S. Erdelyi
Florida Bar No. 0648965
MARKS GRAY, P.A.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
serdelyi@marksgray.com

*Counsel for Christopher Milton, Baker County Supervisor of Elections; Nina Ward, Bay County Supervisor of Elections; Amanda Seyfang, Bradford County Supervisor of Elections; Sharon Chason, Calhoun County Supervisor of Elections; Tomi Stinson Brown, Columbia County Supervisor of Elections; Darbi Chaires, Dixie County Supervisor of Elections; Heather Riley, Franklin County Supervisor of Elections; Kenya Williams, Gadsden County Supervisor of Elections; Rhonda Pierce, Gulf County Supervisor of Elections; Laura Hutto, Hamilton County Supervisor of Elections; Carol A. Dunaway, Jackson County Supervisor of Elections; Travis Hart, Lafayette County Supervisor of Elections; Janet H. Adkins, Nassau County Supervisor of Elections; Charles Overturf, Putnam County Supervisor of Elections; Tappie A. Villane, Santa Rosa County Supervisor of Elections; Vicky Oakes, St. Johns County Supervisor of Elections; William Keen, Sumter County Supervisor of Elections; Jennifer Kinsey, Suwannee County Supervisor of Elections; Dana Southerland, Taylor County Supervisor of Elections; Joseph Morgan, Wakulla County*

26

*Supervisor of Elections; Ryan Messer, Walton County Supervisor of Elections; Deidra Pettis, Washington County Supervisor of Elections*

/s/ *Geraldo Olivo*
Geraldo F. Olivo, III
Florida Bar No. 0060905
HENDERSON, FRANKLIN, STARNES
& HOLT, P.A.
1715 Monroe Street
Fort Myers, Florida 33905
Telephone: (239) 344-1168
jerry.olivo@henlaw.com

*Counsel for Aletris Farnam, Glades County Supervisor of Election; Diane Smith, Hardee County Supervisor of Elections; Sherry Taylor, Hendry County Supervisor of Elections; David May, Okeechobee County Supervisor of Elections; Tammy Jones, Levy County Supervisor of Elections; H. Russell Williams, Holmes County Supervisor of Elections*

/s/ *John LaVia*
John T. LaVia, III
Florida Bar No. 0853666
GARDNER, BIST, BOWDEN, DEE, LAVIA, WRIGHT, PERRY & HARPER, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308
Telephone: (850) 385-0070
Facsimile: (850) 385-5416
jlavia@gbwlegal.com

*Counsel for Chris Chambless, Clay County Supervisor of Elections; Vicki Davis, Martin County Supervisor of Elections; Mary Jane Arrington, Osceola County Supervisor of Elections; Wendy Link, Supervisor of Elections for Palm Beach County, Melony Bell, Polk County Supervisor of Elections; Gertrude Walker, St. Lucie County Supervisor of Elections*

/s/ *Frank Mari*
Frank M. Mari
Florida Bar No. 93243
TESSITORE, MARI, SCOTT, PLLC
1485 INTERNATIONAL PARKWAY
SUITE 2031
LAKE MARY, FL 32746
Telephone: (321) 363-1634
fmari@tessmari.com

*Counsel for Tim Bobanic, Brevard County Supervisor of Elections*

/s/ *Robert Swain*
Robert C. Swain
Florida Bar No. 366961
ALACHUA COUNTY ATTORNEY'S
OFFICE
12 Southeast 1st Street
Gainesville, Florida 32601
Telephone: (352) 374-5218
Facsimile: (352) 374-5216
bswain@alachuacounty.us

*Counsel for Kim A. Barton, Alachua County Supervisor of Elections*

/s/*Devona Reyonlds Perez*

Adam Katzman
Florida Bar No. 652431
Devona A. Reynolds Perez
Florida Bar No. 70409
BROWARD COUNTY ATTORNEY
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: (954)357-7600
dreynoldsperez@broward.org

*Counsel for Joe Scott, Broward County Supervisor of Elections*

/s/ *Dale A. Scott*

Dale A. Scott
Florida Bar No. 0568821
TESSITORE MARI SCOTT, PLLC
1485 INTERNATIONAL PARKWAY
SUITE 2031
LAKE MARY, FL 32746
Telephone: (321)363-1634
dscott@roperpa.com

*Counsel for Maureen "Mo" Baird, Citrus County Supervisor of Elections*

/s/ *Jon Jouben*

Jon A. Jouben
Florida Bar No. 149561
HERNANDO COUNTY ATTORNEY'S OFFICE
20 N. Main Street, Suite 462
Brooksville, Florida 34601
Telephone: (352) 754-4122
Jjouben@co.hernando.fl.us

*Counsel for Denise LaVancher, Hernando County Supervisor of Elections*

s/ *Tiffiny Douglas Pinkstaff*

Tiffiny Douglas Pinkstaff
Florida Bar No. 682101
OFFICE OF THE GENERAL COUNSEL
117 W. Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 255-5100
Facsimile: (904) 255-5120
tpinkstaff@coj.net

*Counsel for Jerry Holland, Duval County Supervisor of Elections*

s/ *Christi Hankins*

Christi Hankins
Florida Bar No. 483321
ESCAMBIA COUNTY ATTORNEY'S OFFICE
221 Palafox Place, Suite 430
Pensacola, Florida 32502
Telephone: (850) 595-4970
cjhankins@myescambia.com

*Counsel for Robert Bender, Escambia County Supervisor of Elections*

/s/ *Jared Kahn*

Jared Kahn
Florida Bar No. 105276
PINELLAS COUNTY ATTORNEY'S OFFICE
315 Court Street, Sixth Floor
Clearwater, Florida 33756
Telephone: (727) 464-3354
Facsimile: (727) 464-4147
jkahn@pinellas.gov

*Counsel for Julie Marcus, Pinellas County Supervisor of Elections*

28

/s/ Sarah Jonas
Sarah Jonas
Florida Bar No. 115989
123 W. Indiana Avenue
Deland, Florida 32720
Telephone: 386-736-5950
sjonas@volusia.org

*Counsel for Lisa Lewis, Volusia County Supervisor of Elections*

/s/ Matthew Shaud
Gregory T. Stewart
Florida Bar No. 203718
Matthew R. Shaud
Florida Bar No. 122252
NABORS, GIBLIN & NICKERSON, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
Telephone: (850) 224-4070
Facsimile: (850) 224-4073
gstewart@ngnlaw.com
mshaud@ngnlaw.com

*Counsel for Paul Lux, Okaloosa County Supervisor of Elections*

/s/ Morgan Bentley
Morgan Bentley
Florida Bar No. 0962287
BENTLEY GOODRICH KISON, P.A.
783 S. Orange Ave., Third Floor
Sarasota, Florida 34236
Telephone: 941-556-9030
mbentley@bgk.law

*Counsel for Ron Turner, Sarasota County Supervisor of Elections*

/s/ Oren Rosenthal
Oren Rosenthal
Florida Bar No. 86320
2700 NW 87th Ave.
Miami, FL 33172
Telephone: (305) 499-8537
Oren.rosenthal@votemiamidade.gov

*Counsel for Alina Garcia, Supervisor of Elections for Miami-Dade County*

s/ Nicholas Shannin
Nicholas Shannin
Florida Bar No. 9570
SHANNIN LAW FIRM
214 S. Lucerne Circle East
Orlando, Florida 32801
Telephone: (407) 985-2222
nshannin@shanninlaw.com

*Counsel for Karen Castor Dentel, Orange County Supervisor of Elections*

/s/ Pausha Taghdiri
Pausha Taghdiri
Florida Bar No. 1002857
ROPER, TOWNSEND & STUPHEN, P.A.
255 S. Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 897-5150
ptaghdiri@roperpa.com

*Counsel for Debbie Wertz, DeSoto County Supervisor of Elections; Kaiti Lenhart, Flagler*

*County Supervisor of Elections; Lisa Darus, Gilchrist County Supervisor of Elections; Karen Healy, Highlands County Supervisor of Elections; Michelle Milligan, Jefferson County Supervisor of Elections; Grant Conyers, Liberty County Supervisor of Elections; Heath Driggers, Madison County Supervisor of Elections; Deborah Osborne, Union County Supervisor of Elections*

| | |
|---|---|
| */s/ Stephen M. Todd* | */s/ Mark Herron* |
| Stephen M. Todd | Mark Herron |
| Florida Bar No. 0886203 | MESSER CAPARELLO, P.A. |
| OFFICE OF THE COUNTY ATTORNEY | P.O. Box 15579 |
| Post Office Box 1110 | Tallahassee, FL 32317 |
| Tampa, Florida 33601-1110 | 850-222-0720 |
| Telephone: (813) 272-5670 | mherron@lawfla.com |
| Facsimile: (813) 272-5758 | cc: clowell@lawfla.com |
| ToddS@hillsboroughcounty.org | statecourtpleadings@lawfla.com |
| | |
| *Counsel for Craig Latimer, Hillsborough County Supervisor of Elections* | *Counsel for Mark Earley, Leon County Supervisor of Elections* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

*Attorney for FDH Plaintiffs*

30