# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., *et al.*  *Plaintiffs-Intervenors,*  v.  CORD BYRD, in his official capacity as Secretary of the State of Florida, *et al.*  *Defendants.* | Case No. 4:25-cv-00211-MW-MAF |

## DECLARATION OF MARY FIGG

I, Mary Figg, hereby declare and state as follows:

1. I am over eighteen years old, and I have personal knowledge of the facts set forth in this Declaration. I could and would testify competently to those facts if called to be a witness in this case.

2. I am registered to vote in Florida. I vote in most elections, and I sign ballot initiative petitions for causes that I believe in. I am politically active and served in the Florida House of Representatives from 1982 to 1992, representing the 60th District.

3. I am a member of the Broward County League of Women Voters. I joined LWVFL in 1977 while I was in college in order to play a more active role in my community. At one point I served as the president of the League of Women Voters of Hillsborough County.

4. I joined the League of Women Voters because I believe in the power of direct democracy and want to help ensure that the voices of all citizens are heard. I became a state

representative in order to serve my community. Now that I am no longer in office, I serve my community as a member of the League.

5. In the past, I have collected petitions for the right to abortion initiative. I am interested in collecting petitions in support of other initiatives in the future.

6. Although I plan to register so that I can continue circulating petitions, House Bill 1205's restrictions and vague language alarm me. I am appalled at the state legislature's continued efforts to stop citizens from having their voices heard.

7. First, I am very troubled by HB 1205's indeterminate and vague language. To begin with, this is a difficult piece of legislation to parse. It is more or less loaded into a single section of the Florida code with many, many subsections and sub-subsections that are often difficult to match up. The specific language is even worse. For example, what is an "irregularity," as used in the context of the law's RICO provision? This word is deliberately vague, and therefore dangerous because it is open to different interpretations. And during what time period is one allowed to collect up to 25 signed petitions? Is that a lifetime limit?

8. If I, as someone who served for a decade in the Florida legislature, find HB 1205 confusing and difficult to read, how are other citizens supposed to interpret it correctly? I worry that HB 1205's vague criminal penalties will allow public officials to target people for political reasons. For example, the "retain" language is confusing. Does "retain" also include just remembering information? And if so, what if I retain the information on the petition because the signatory is my friend? Because the language is ambiguous, it can be manipulated to serve a particular end. I also worry that requiring volunteers to sign an affidavit to verify the truth of the information put on a form will discourage people from collecting petitions, especially because

the affidavit tells them that they are doing so under penalty of perjury. How is a circulator supposed to verify the truth of the information given by another person?

9. Second, I am uncomfortable with the address disclosure requirement. Volunteers should not have to make their addresses public, especially in today's political climate. This requirement is all the most absurd given Senate Bill 268, which, if signed by Governor Ron DeSantis, would exempt a wide range of public officials, including members of the state legislature, from the public records disclosure requirement. Senate Bill 268 even goes so far as to extend the exemption to the family members, including the adult children, of public officials. It strikes me as ironic—and unfair—that the legislators who will benefit from the protection of Senate Bill 268 are the same who decided to subject everyday people to the invasive House Bill 1205.

10. One can only conclude that the purpose of House Bill 1205 is to limit the number of amendments to the state Constitution and therefore to limit the power of the voters.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of June 2025 in Fort Lauderdale, Florida.

*Mary Figg*
Mary Figg