IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., *et al.* <br><br> *Plaintiffs-Intervenors,* <br><br> v. <br><br> CORD BYRD, in his official capacity as Secretary of the State of Florida, *et al.* <br><br> *Defendants.* | Case No. 4:25-cv-00211-MW-MAF |

## **DECLARATION OF SHAYNA RICH**

1. My name is Shayna Rich. I am over 18 years of age and am competent to make this declaration.

2. I have personal knowledge of the matters stated herein and would testify to the same if called as a witness in Court.

3. I am a member of the League of Women Voters of Florida of Alachua County (the "League") for about four years. I recently assumed the role of Secretary of the League of Women Voters of Florida.

4. I am a registered Florida voter, and I vote in all elections. I volunteer my time because I believe that direct democracy helps combat partisanship and I am proud to live in a state that allows citizens to participate directly in the political process by getting initiatives on the ballot through the petition process.

5.  In the past, I volunteered to collect petitions for the Florida Amendment 4, the Amendment to Limit Government Interference with Abortion (2024). I personally collected more than 25 petitions for that initiative. Also, because my house served as a "hub" where other volunteers could meet and drop off their petitions to be processed before being taken to the Supervisor of Elections, at times I possessed over 500 petitions. In addition to making my house available as a hub, I helped process the petitions before they were sent to the Supervisor. I believe strongly in reproductive rights, and I am dismayed that because of House Bill 1205, a group that I work with has decided to delay—if not outright abandon—efforts to put a new right to abortion initiative on the ballot.

6.  I have been following House Bill 1205 closely because its provisions scare me. I have decided that I will not register to circulate petitions going forward because of the new law and its associated criminal penalties. I am a physician and a felony would prevent me from prescribing the medications that my patients need.

7.  To start, I am concerned about whether I could face criminal liability for allowing my home to serve as a hub or helping other volunteers process the petitions they collected. Would having over 25 petitions in my house at one time or helping to process a petition that had false information on it violate the law? The law is very vague and even a good faith mistake could result in a severe consequence. It is clearly a way for the government to go after people who have beliefs it opposes.

8.  I will not register because I do not want to risk my career or my ability to help my patients. I am not alone—many of the people I have volunteered with in

the past are confused about the new restrictions and I do not know of anyone who plans to register.

9. I also worry that the law's disclosure requirements could allow someone who opposes my beliefs to target me. I advocate for reproductive rights and provide abortions and do not want my address or phone number to be easily accessible in this political climate.

10. I am willing to try my best to comply and go through trainings provided by the state. However, many of the law's provisions would be impossible for me to comply with. For example, because I live in Gainesville, many of the people who sign a petition are students at the University of Florida who may frequently change addresses or have a permanent address outside of the county. Therefore, someone might inadvertently give an old address or change their address by the time the petition is processed by the Supervisor. I interpret HB 1205 as making it so I would be punished if I verified the accuracy of a petition form but the address listed ended up being incorrect.

11. The provision requiring that petitions must be given to the Supervisor of Elections of the county where the signatory permanently lives within ten days may be impossible for me to comply with because I collect petitions in a college town and many of the signatories have permanent addresses outside of the county. We may not always be able to mail the petitions to the Supervisor of a different county within ten days. In fact, my local post office informed me that even priority mail could not guarantee that the petitions would always arrive within ten days. And although I

would be willing to drive the petitions to the Supervisor myself, I would not be able to confirm the payment that the sponsoring organization must give the Supervisor for the petitions to be processed. Therefore, compliance with this provision is nearly impossible given the nature of my county.

12. It is unreasonable and unfair that the law requires petition circulators to verify the accuracy of the information on the petition form. The fact that someone could be convicted of racketeering just for collecting petitions in good faith is outrageous. In my experience, about a third of all petitions are filled out incorrectly or missing information. And in many cases, it is unclear whether the information is truthful. If collecting a petition with a minor, unintentional mistake opens someone up to a racketeering charge, no one would ever volunteer. The law requires volunteers to rely on the good faith of the public officials who interpret or enforce the ambiguous language of HB 1205. However, many of these officials attempt to advance their careers by making a show of punishing people for election law violations. Therefore, I am not willing to rely on the slim chance of the law's vague language being interpreted in a reasonable manner.

13. In the past, I helped people who previously signed a petition confirm that their signatures had been accepted. In doing so, I learned that some people signed a single petition up to six or seven times unintentionally, which is not allowed. However, a volunteer who is just collecting petitions would not be able to easily determine whether a signatory had already signed the petition. Therefore, the volunteer could be liable for the signatory's mistake or lie. That is incredibly unfair.

14. I also oppose the provision barring anyone who had a felony conviction from registering. Just because you made a mistake in the past does not mean that you could not be a good citizen in the future. I believe people with a criminal record should still have a right to participate in the political process. It is nearly impossible for many people to know if their rights have been restored and they sometimes do not know if they have a felony conviction at all.

15. Although I believe strongly in the importance of collecting petitions, because of House Bill 1205, I will no longer collect petitions going forward. The law's draconian penalties and disclosure requirements pose too much of a risk.

Executed this 26th day of June 2025 in Gainesville, Florida.

_____
Shayna Rich