IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA DECIDES
HEALTHCARE, INC., *et al.*,

*Plaintiffs*,

v.

CORD BYRD, in his official capacity as
Secretary of the State of Florida, *et al.*,

*Defendants*.

Case No.: 4:25cv211-MW/MAF

## NOTICE OF SUPPLEMENTAL AUTHORITY

Under N.D. Fla. Loc. R. 7.1(J), FDH Plaintiffs refer the Court to *Free Speech Coalition, Inc. v. Paxton*, No. 23-1122, 2025 WL 1773625 (U.S. June 27, 2025). *Paxton* addressed whether a Texas law that restricted minors' access to pornographic material—something that receives no First Amendment protection—was unconstitutional because it also incidentally burdened adults' access to the same material—something that does receive First Amendment protection. *Id.* at *3.

The district court applied strict scrutiny, while the Fifth Circuit applied rational-basis review. *Id.* at *4–5. Both, *Paxton* said, were wrong: Because the law imposed "only an incidental effect on protected speech," intermediate scrutiny applied. *Id.* at *8; *id.* at *11 (explaining that any burdens the law imposed on First

Amendment rights were "incidental to the statute's regulation of activity that is not protected by the First Amendment").

Per *Paxton*, "[i]ntermediate scrutiny, which is deferential but not toothless, plays an important role in ensuring that legislatures do not use ostensibly legitimate purposes to disguise efforts to suppress fundamental rights." *Id.* at *16. That's because "intermediate scrutiny can weed out" "manipulation of a legitimate kind of regulation" in a way "rational-basis review cannot." *Id.*

Here, the State frames the moratorium (which pauses verification activities for 90 days) as a legitimate regulation, notwithstanding suppressing speech and association. Of course, as Plaintiffs have explained, this Court should apply exacting scrutiny to HB 1205's moratorium provision under *Biddulph*. ECF No. 169-1 at 26–33; ECF No. 261 at 10–14. But even if the Court disagreed with that proposition, the moratorium—by "manipulation of a legitimate kind of regulation"—places an indirect burden on speech and association. *Paxton*, 2025 WL 1773625, at *16. It would thus be subject to, and fails, intermediate scrutiny for all the reasons Plaintiffs have already set out. ECF No. 169-1 at 26–33; ECF No. 261 at 10–14.

Dated: June 29, 2025

s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
Quinn B. Ritter
Florida Bar No. 1018135
King, Blackwell, Zehnder
& Wermuth, P.A.
25 E. Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
qritter@kbzwlaw.com

Respectfully submitted,

Matletha Bennette, Fla. Bar No. 1003257
Krista Dolan, Fla. Bar No. 1012147
SOUTHERN POVERTY LAW CENTER
PO Box 10788
Tallahassee, FL 32302-2788
Telephone: (850) 408-4840
Matletha.bennette@splcenter.org

Avner Shapiro*
Bradley E. Heard*
Nicholas Taichi Steiner*
SOUTHERN  POVERTY  LAW  CENTER
1101 17th St NW Ste 550
Washington, DC 20036
Avner.shapiro@splcenter.org
bradley.heard@splcenter.org
nick.steiner@splcenter.org

Ben Stafford*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
bstafford@elias.law

Emma Olson Sharkey*
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: 202-968-4490
eolsonsharkey@elias.law

*Admitted *Pro hac vice*

*Attorneys for Plaintiffs*

3

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel, Frederick Wermuth, certifies that this notice contains 315 words, excluding the case style, signature block and certifications.

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

*s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111
