IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA DECIDES HEALTHCARE, INC., *et al.*, <br><br> *Plaintiffs-Intervenors*, <br><br> v. <br><br> CORD BYRD, in his official capacity as Secretary of State of Florida, *et al.*, <br><br> *Defendants*. | Case No. 4:25-cv-211-MW-MAF |

PLAINTIFFS' SUPPLEMENTAL BRIEF
REGARDING THE EFFECT OF *TRUMP v. CASA, INC.*

Per the Court's instruction on June 30, 2025, Plaintiffs file this supplemental brief regarding the effect, if any, of *Trump v. CASA, Inc.*, 606 U.S. __ (2025), on this litigation. *See* ECF No. 277 at 2.

*CASA* presents no impediment to the relief Plaintiffs request. For the purposes of the pending preliminary injunction motions, Plaintiffs only seek to enjoin Defendants from enforcing challenged provisions against Plaintiffs themselves, their members, and those who collect, deliver, or otherwise physically possess the sponsor Plaintiffs' petitions or seek to do so. *See, e.g.*, ECF No. 169-1 at 3 n.1 (requesting "an injunction barring Defendants from applying these provisions as to Plaintiffs and those who circulate petitions for or with Plaintiffs"). *CASA* addressed whether

district courts may enjoin "enforcement of a law or policy against *anyone*." 606 U.S. __ (slip op., at 1). And it answered that question in the negative where such injunction is unnecessary to provide "complete relief" to the parties. *Id.* at 26. That issue is not raised here. That should end the inquiry.

*CASA* did, however, reaffirm the "complete relief" principle that courts in equity can fashion remedies that "advantag[e] nonparties" if necessary to fully redress *plaintiffs*' injuries. *Id.* at 16 (quoting *Trump v. Hawaii*, 585 U.S. 667, 717 (2018) (Thomas, J., concurring)). That principle, the Supreme Court held, "has deep roots in equity." *Id.* at 15. It has deep roots in this Circuit's precedents, as well. *See, e.g.*, *Georgia v. President of the U.S.*, 46 F.4th 1283, 1303 (11th Cir. 2022) (considering whether injunction was "necessary to provide complete relief to the plaintiffs" (quotations omitted)); *United States v. Ramsey*, 331 F.2d 824, 826 (5th Cir. 1964) (considering whether injunction "afforded" "full and complete relief" to plaintiff). Given that principle, *CASA* acknowledged that if a plaintiff's harm stems from enforcement of a law or policy against nonparties, complete relief may require an injunction barring enforcement against those nonparties. *See CASA*, 606 U.S. __ (slip op., at 18–19) (leaving district courts to determine whether the "blanket ban on the enforcement of the Executive Order" that the States requested was "appropriate" to redress their "financial injuries and the administrative burdens").

Plaintiffs seek relief that is appropriately tailored under *CASA*: an injunction barring Defendants from enforcing the challenged provisions only against Plaintiffs, their members, and those who circulate the sponsor Plaintiffs' petitions. *See* ECF No. 256 at 17–18.[1] Here, the "suing plaintiff[s]" to whom "the injunction's protection extends" would include only the Plaintiffs before the Court, *CASA*, 606 U.S. __ (slip op., at 16–17), and Plaintiffs only seek the relief necessary to remedy their own harms completely, not those of nonparties.

Complete relief here requires enjoining Defendants from enforcing the challenged provisions not just against Plaintiffs themselves but against anyone— paid or otherwise—who collects, delivers, or otherwise physically possesses signed petitions in support of *the sponsor Plaintiffs'* amendments.[2] That relief is necessary

---

[1] Although not necessary for this Court to address now, "complete relief" in the context of overbreadth challenges likely will be broader because of the public importance in protecting free speech and expression. *See Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1 (2023) (statement of Kavanagh, J. and Barrett, J.) (Whether a district court can "enjoin the government from enforcing that law against non-parties to the litigation is an important question that could warrant our review in the future. But the issue arises here in the context of a First Amendment overbreadth challenge, which presents its own doctrinal complexities about the scope of relief."); *Coates v. City of Cincinnati*, 402 U.S. 611, 620 (1971) (White, J., dissenting) ("[T]he otherwise continued existence of the statute in unnarrowed form would tend to suppress constitutionally protected rights.").

[2] This case involves three statewide ballot initiatives for which volunteers and circulators can—and likely must—circulate petitions statewide to get on the ballot. *See, e.g.*, Fla. Const. Art. XI Sec. 3; ECF No. 170-1 ¶ 13 ("We currently employ 250 paid petition circulators throughout the State of Florida, with plans to scale up to 3,000 petition circulators by September 2025."); ECF No. 168-2 ¶¶ 10–11 (FDH

3

to provide Plaintiffs' complete relief because the challenged provisions' restrictions on petition circulation harms the sponsor and non-sponsor organizational Plaintiffs' ability to get out their message, encourage association with them, and collect petitions, and can result in fines to the sponsor Plaintiffs. *See, e.g.*, Fla. Stat. § 100.371(4)(g). While this relief may advantage nonparties, that incidental benefit does not amount to "universal" relief, in part because only parties to the suit, and not incidental beneficiaries, can enforce the injunction if it is violated. *See CASA*, 606 U.S. __ (slip op., at 16–17).

Indeed, any relief to a plaintiff raising a First Amendment associational claim (like the sponsor Plaintiffs) may by necessity provide an incidental benefit to third parties. When, for example, a court says that an organization cannot be required to disclose its donors, the donors benefit too. *See Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 605, 618 (2021) (rejecting argument that relief should have been limited to the parties because the "risk of a chilling effect on association is enough" to justify broad relief). When a court says that a state cannot "restrict the size of

---

partners with about 75 grassroots organizations and has about 50 hubs across Florida); *id.* ¶ 8 (explaining that "anyone can volunteer from anywhere"); ECF No. 256 at 17–18 (describing RTCW's statewide operations); ECF No. 91-1 ¶¶ 5–7 (Smart & Safe has submitted signed petitions to Supervisors of Elections in every county in Florida). Relief for the Plaintiffs would thus naturally apply throughout the state. *CASA*, 606 U.S. at ___ (slip op., at 2 n.1) (explaining that courts' authority to issue an "injunction" is bounded not by "*where* it applies, but *whom* it protects").

4

contributions to a single political committee in a referendum election," the donors again benefit. *See Let's Help Fla. v. McCrary*, 621 F.2d 195, 197 (5th Cir. 1980), *aff'd sub nom. Firestone v. Let's Help Fla.*, 454 U.S. 1130 (1982). When a court says that a state cannot force a political party to hold a closed primary, voters who are not party members benefit. *See Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 211 (1986). And when a court says that a state cannot prosecute the "proponents of an amendment to the Colorado Constitution" for paying circulators, the circulators also benefit. *See Meyer v. Grant*, 486 U.S. 414, 417 (1988).

In short, an injunction that incidentally benefits nonparties—but that is necessary to provide complete relief to parties—is plainly permissible under *CASA*. And because the sponsor Plaintiffs seek to speak with, and associate with, others (including the organizational and individual Plaintiffs) in support of their initiative, the Court cannot grant "complete" relief to Plaintiffs under the First Amendment without incidental benefits to others. The relief Plaintiffs seek is thus permissible under *CASA*.

Specifically, and consistent with these principles, Plaintiffs therefore request an injunction that:

1. Bars the Secretary from enforcing Fla. Stat. § 100.371(4)(g), which imposes a $50,000 fine on petition sponsors who knowingly permit

nonresidents to collect petition forms in violation of eligibility and registration requirements, against the sponsor Plaintiffs.

2. Bars the Secretary from enforcing Fla. Stat. § 100.371(4)(g), which imposes a $50,000 fine on petition sponsors who knowingly permit volunteers[3] to collect petition forms in violation of eligibility and registration requirements, against the sponsor Plaintiffs.

3. Bars the Secretary from enforcing Fla. Stat. § 100.371(4)(g), which imposes a $50,000 fine on petition sponsors who knowingly permit noncitizens to collect petition forms in violation of eligibility and registration requirements, against the sponsor Plaintiffs.

4. Bars the Secretary from enforcing Fla. Stat. § 100.371(4)(b)3, which prohibits nonresidents from registering as petition circulators, and Fla. Stat. § 100.371(4)(c)8, which requires applicants to disclose if they are Florida residents, against anyone who circulates the sponsor Plaintiffs' petition forms, including "personal use" petition forms.

5. Bars the Secretary from enforcing Fla. Stat. § 100.371(4)(b)(2), which prohibits noncitizens from registering as petition circulators, and Fla. Stat. § 100.371(4)(c)(7), which requires applicants to disclose if they are U.S.

---

[3] In this context, Plaintiffs use "volunteer" to mean a person who is not compensated for the purpose of circulating petitions. *Compare, e.g.*, Fla. Stat. § 100.371(5).

citizens, against anyone who circulates the sponsor Plaintiffs petitions forms, including "personal use" petition forms.

6. Bars the Secretary and the Supervisors from enforcing Fla. Stat. § 100.371(14)(h), which invalidates signed petitions submitted by an ineligible and/or unregistered petition circulator (specifically, unregistered volunteers, nonresidents, and noncitizens) as to any of the sponsor Plaintiffs' petition forms.

7. Otherwise bar the Secretary, Attorney General, and State Attorneys from undertaking any enforcement action regarding an alleged violation of Fla. Stat. § 100.371(4)(a), which requires that, as of July 1, 2025, a person cannot "collect, physically possess, or deliver more than 25 signed petitions in addition to his or her own signed petition form or a signed petition form belong to an immediate family member" without registering with the Secretary, and from enforcing Fla. Stat. § 97.021(28), which includes uncompensated individuals within the definition of petition circulators, as to any unregistered person circulating petitions on a volunteer basis, as to the sponsor Plaintiffs' petitions.

8. Bars the Attorney General and State Attorneys from enforcing Fla. Stat. § 104.187, which makes any violation of § 100.371(4)(a) a second-degree misdemeanor, and Fla. Stat. § 104.188(2), which makes the same conduct

7

a third-degree felony, against any nonresident, noncitizen, or unregistered volunteer circulators who circulate the sponsor Plaintiffs' petitions.

9. Bars the Secretary and the Supervisors from enforcing Ch. 2025-21, § 20(1), at 28, Laws of Fla., which provides that "a signed petition form may not be verified between July 1, 2025, and September 30, 2025," against Plaintiff FDH's petitions.

10. Bars the Secretary from enforcing Fla. Stat. § 100.371(3)(d), which provides that a petition form distributed by a petition circulator must include a Petition Circulator's Affidavit including certain information regarding the circulator, against Plaintiffs RTCW, LWVFL, and LULAC, and individual Plaintiff Martin.

11. Bars the Secretary from enforcing Fla. Stat. § 100.371(3)(e), which provides that a person other than a petition circulator must distribute petitions using a prescribed "personal use" petition, against Plaintiffs LWVFL and LULAC.

DATED: July 3, 2025

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111
Quinn B. Ritter
Florida Bar No. 1018135
KING, BLACKWELL,
ZEHNDER & WERMUTH, P.A.
25 E. Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
qritter@kbzwlaw.com

Matletha Bennette (Fl. Bar. No. 1003257)
Krista Dolan (Fl. Bar No. 1012147)
SOUTHERN POVERTY LAW CENTER
P.O. Box 10788
Tallahassee, FL 32302-2788
Telephone: (850) 408-4840
matletha.bennette@splcenter.org
krista.dolan@splcenter.org

Bradley E. Heard*
Avner Shapiro*
Nick Steiner*
1101 17th Street, NW, Suite 550
Washington, D.C. 20036
bradley.heard@splcenter.org
avner.shapiro@splcenter.org
nick.steiner@splcenter.org

Ben Stafford*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
bstafford@elias.law

Respectfully submitted,

/s/ *Glenn Burhans, Jr.*
Glenn Burhans, Jr.
Florida Bar No. 0605867
Bridget K. Smitha
Florida Bar No. 709581
Christopher R. Clark
Florida Bar No. 1002388
Liz Desloge Ellis
Florida Bar No. 97873
Hannah E. Murphy
Florida Bar No. 1032759
Matthew Bryant
Florida Bar No. 93190
106 E. College Avenue, Suite 700
Tallahassee, Florida 32301
Telephone: (850) 580-7200
gburhans@stearnsweaver.com
bsmitha@stearnsweaver.com
crclark@stearnsweaver.com
lellis@stearnsweaver.com
hmurphy@stearnsweaver.com
mbryant@stearnsweaver.com
cacosta@stearnsweaver.com
abrantley@stearnsweaver.com
aruddock@stearnsweaver.com

*Counsel for Smart & Safe Plaintiff*

9

Emma Olson Sharkey*
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
eolsonsharkey@elias.law

*Counsel for FDH Plaintiffs*
*\*Admitted Pro Hac Vice*

/s/ Pooja Chaudhuri
POOJA CHAUDHURI*
pooja@statedemocracydefenders.org
SPENCER KLEIN*
spencer@statedemocracydefenders.org
SOFIA FERNANDEZ GOLD*
sofia@statedemocracydefenders.org
NORMAN EISEN*
norman@statedemocracydefenders.org
TIANNA MAYS*
tianna@statedemocracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Telephone: (202) 594-9958

GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER &
GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

/s/ *Kunal Dixit*
Kunal Dixit
(D.C. Bar No. 90029821)*
Danielle Lang
(D.C. Bar No. 1500218)*
Brent Ferguson
(D.C. Bar No. 1782289)*
Heather Szilagyi
(D.C. Bar No. 90006787)*
Ellen Boettcher
(D.C. Bar No. 90005525)*
Melissa Neal
(D.C. Bar No. 90018637)*
Kristen Roehrig
(D.C. Bar No. 90027169)*
Simone Leeper
(Fla. Bar No. 1020511)
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Ste. 400
Washington, DC 20005
Telephone: (202) 736-2200
kdixit@campaignlegalcenter.org
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
eboettcher@campaignlegalcenter.org
mneal@campaignlegalcenter.org
kroehrig@campaignlegalcenter.org
sleeper@campaignlegalcenter.org

| | |
|---|---|
| *Counsel for League Plaintiffs* | *Counsel for Florida RTCW Plaintiffs* |
| *Admitted Pro Hac Vice* | * Admitted Pro Hac Vice |

*/s/ Cesar Z. Ruiz*
Cesar Z. Ruiz*
Michael Asparrin†
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Telephone: (212) 392-4752
cruiz@latinojustice.org
masparrin@latinojustice.org

Miranda Galindo
Delmarie Alicea
LatinoJustice PRLDEF
4700 Millenia Blvd, Suite 500
Orlando, FL 32839
Telephone: (321) 754-1935
mgalindo@latinojustice.org
dalicea@latinojustice.org

Jeremy C. Karpatkin
John A. Freedman*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Telephone: (202) 942-5316
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com

Phi Nguyen*
Neda Khoshkhoo*
Dēmos
368 9th Avenue, 6th Floor
Suite 11-105
New York, NY 10001
Telephone: (212) 485-6065

11

pnguyen@demos.org
nkhoshkhoo@demos.org

*Counsel for Poder Latinx Plaintiffs*
*Admitted *Pro Hac Vice*
† *pro hac vice* application forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

*Counsel for FDH Plaintiffs*