IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

 *Plaintiffs/Intervenor-Plaintiffs*,

v.           Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

 *Defendants/Intervenor-Defendants.*

_____/

## SCHEDULING ORDER

This order is entered upon consideration of the parties' report of Rule 26 initial conference, ECF No. 242, and following a telephonic status conference on August 6, 2025. Accordingly, for the reasons stated on the record at the telephonic hearing,

**IT IS ORDERED:**

 1. The bench trial is set for the trial period that begins on **Monday, January 26, 2026.**

 2. The discovery deadline is extended to December 10, 2025.

 3. Plaintiffs' expert disclosures are due on or before October 15, 2025. Defendants' expert disclosures are due on or before November 12, 2025. Plaintiffs' rebuttal expert disclosures are due on or before November 26, 2025.

4. The Plaintiffs' proposed deadlines in the joint scheduling report, ECF No. 242, will control the matters they address, **except to the extent of any conflict with this order**. On matters not addressed in this order or the revised joint scheduling report, the Initial Scheduling Order remains in effect.

5. The parties may amend the pleadings on or before August 11, 2025, or on a motion showing good cause for not amending by that date. When the Federal Rules of Civil Procedure allow an amendment only with leave of court, a pleading may be amended only with leave of court.

6. Disclosures under Federal Rule of Civil Procedure 26 must be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered.

7. At the parties' joint request, the deadline for filing summary-judgment motions is October 1, 2025,[1] but *the motions should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.*

---

[1] The parties' requested summary-judgment motion deadline preceded the discovery deadline in their joint proposed schedule. Accordingly, this Court is not pushing this deadline out in line with the extended discovery deadline, as discussed on the record at the status conference.

8. Local Rule 56.1 applies to summary-judgment motions. Additionally, the parties **must** use the following procedures for filing summary judgment papers:

(a) ***First*, file a notice listing exhibits to be filed in support of or in opposition to summary judgment. Include the exhibits as attachments to the notice on CM/ECF. Exhibits that cannot be filed on CM/ECF must be submitted to the Clerk along with a hard-copy notice of filing**.

(b) *Second*, file the summary judgment memorandum (motion, response, or reply) pinciting to the ECF number for the exhibit attached to the notice listing the exhibits.

(c) To the extent it is technologically feasible, each party must:

(i) Highlight the portion of the exhibit it wishes this Court to see; and

(ii) File deposition transcripts in a form where the text of the testimony is searchable with the control-F function.

(d) The parties should take note that this Court reviews the cited portions of the record. Discrepancies between factual assertions in the parties' memoranda and the actual record do not go unnoticed. The parties should take care to distinguish between record evidence and inferences which can reasonably be made from that evidence.

9. Local Rule 54.1 applies to attorney's fee records. A party must not file attorney's fee records until needed.

10. Deadlines will be determined based on this order (including the joint scheduling report to the extent made applicable by this order), other applicable orders, and the governing rules. Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

11. By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers. The deadline for the attorney conference (as established by the Order for Pretrial Conference) also will be the deadline for disclosures under Federal Rule of Civil Procedure 26(a)(3). The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is seven days later.

12. **A motion in limine or other pretrial motion shall be filed no later than 15 days prior to the pretrial conference, with a response to the motion filed no later than 5 days thereafter, to allow consideration of the motion at or prior to the pretrial conference.**

13. The attorneys' attention is directed to the American College of Trial Lawyers Code of Pretrial Conduct and Code of Trial Conduct, which set out standards of professionalism that are available on the court's website and at http://www.actl.com/home/news-publications/position-statements-white-papers.

14. The parties request, and this Court agrees, that the mediation requirement should be abrogated. Accordingly, the parties are not required to participate in mediation.

**SO ORDERED on August 6, 2025.**

<u>s/Mark E. Walker</u>
**United States District Judge**
