### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE, INC., et al.,**

*Plaintiffs/Intervenor-Plaintiffs,*

v.                                              Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

*Defendants/Intervenor-Defendant.*

_____/

### ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION

Pending before this Court are Plaintiffs Smart & Safe Florida's and the Poder Latinx Plaintiffs'[1] motions for preliminary injunction. ECF Nos. 291 and 303. This Court held a telephonic hearing on the motions on Tuesday, August 12, 2025. For the reasons discussed on the record at the hearing and set out in detail below, the pending motions are due to be granted.[2]

I

Before addressing the pending motions, a little background is necessary given the procedural posture of this case and the arguments for and against granting the

---

[1] The Plaintiffs this Court refers to collectively as the "Poder Latinx Plaintiffs" include Poder Latinx, Yivian Lopez Garcia, and Humberto Orjuela Prieto.

[2] As explained in more detail below, the Poder Latinx Plaintiffs' motion, ECF No. 303, is granted in part with respect to their request for injunctive relief against the newly added State Attorney and Supervisor of Elections Defendants.

requested relief. Although this case has only been pending for a little over three months, it has developed a rich procedural history. But understanding the details of this history is critical, because the objecting Defendants incorrectly suggest the Plaintiffs' motions are improper successive requests for relief that have been repeatedly rejected. Not so.

This case originated on May 4, 2025, when another set of Plaintiffs—namely, Florida Decides Healthcare, Inc. (FDH), a citizen initiative sponsor, and two individuals—filed their complaint challenging several newly enacted provisions of Florida law amending Florida's ballot initiative process. These Plaintiffs—the FDH Plaintiffs—sued the Secretary of State, the Attorney General, the 67 Supervisors of Elections, and the State Attorneys, seeking declaratory and injunctive relief with respect to each Defendant's corresponding enforcement authority under the challenged provisions. ECF No. 1.

The FDH Plaintiffs first moved for a temporary restraining order directed at new fines, a shortened return deadline for completed petitions, and certain criminal provisions, all of which appeared to take effect immediately. ECF No. 14. Within days, Plaintiff Smart & Safe Florida (Smart & Safe) promptly moved to intervene on an emergency basis, ECF No. 50, prior to this Court's scheduling conference with respect to FDH's pending motion for TRO. Like the FDH Plaintiffs, Smart & Safe also challenged the fines, ten-day deadline, and residency requirement for petition

2

circulators, among other provisions. ECF No. 54. But they sued only the Secretary of State, Supervisors of Elections, and Attorney General. This Court granted the motion to intervene and acknowledged the possibility that Smart & Safe may intend to join FDH's TRO motion. ECF No. 53 at 2.

This Court ultimately denied the motion for TRO and set a briefing schedule for a motion for preliminary injunction challenging the fines, deadline, and criminal penalties that took immediate effect. ECF No. 70. Plaintiff Smart & Safe immediately sought clarification regarding the preclusive effect that seeking preliminary injunctive relief on these provisions may have on other claims and requests for relief going forward, which this Court granted in part. *See* ECF Nos. 72 and 73. This Court clarified that in allowing Smart & Safe to join the FDH Plaintiffs' request for preliminary injunction with respect to the deadline, fines, and criminal provisions, this Court was not putting anyone in a trick bag with respect to later requests for preliminary injunctive relief. ECF No. 73 at 1. But this Court also noted that whether further requests for preliminary injunctive relief would be appropriate ultimately depends on the circumstances giving rise to such requests. *Id*. at 2.

Ultimately, on May 14, 2025, the FDH Plaintiffs and Smart & Safe filed a joint motion for preliminary injunction targeting the provisions that took immediate effect—namely, the fines, the ten-day return deadline, and certain criminal penalties. ECF No. 92. More Plaintiffs—including other citizen initiative sponsors,

3

organizations whose members circulate petitions on behalf of initiative sponsors, and individual circulators—soon intervened to challenge the same provisions, in addition to the citizenship and residency requirements for petition circulators. ECF Nos. 86 (League of Women Voters Plaintiffs' motion) and ECF No. 113 (Right to Clean Water Plaintiffs' motion). The League Plaintiffs and the Clean Water Plaintiffs each sued the Secretary of State, the Attorney General, the Supervisors of Elections, and the State Attorneys. *See* ECF Nos. 90 (League Plaintiffs' complaint) and 116 (Clean Water Plaintiffs' complaint). The Poder Latinx Plaintiffs were the last group of Plaintiffs to seek to intervene within a month of the original Plaintiffs filing suit. *See* ECF No. 181. This Court granted their motion to intervene on June 4, 2025—the same day it granted in part and denied in part FDH's first motion for preliminary injunction. *See* ECF Nos. 184 and 189. The Poder Latinx Plaintiffs originally challenged only the citizenship requirement and sued the Secretary of State and the Attorney General. ECF No. 185.

Between May 30 and June 3, Smart & Safe, FDH Plaintiffs, League Plaintiffs, and Clean Water Plaintiffs each filed additional motions for preliminary injunction challenging the residency and citizenship requirements which were to take effect on July 1, 2025. *See* ECF Nos. 165, 169, 173, and 175. Following this Court's June 4th Order granting in part and denying in part the FDH Plaintiffs' and Smart & Safe's first motion for preliminary injunction addressing the fines, ten-day deadline, and

criminal provisions, ECF No. 189, this Court held a hearing on the second round of preliminary injunction motions on June 30, 2025. The Poder Latinx Plaintiffs did not file a standalone motion but instead joined the League Plaintiffs' and Clean Water Plaintiffs' motions challenging the citizenship requirement prior to the hearing. ECF No. 214.

Days before this Court's June 30th hearing on the pending motions for preliminary injunction challenging the residency and citizenship requirements, the Supreme Court issued its opinion in *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025). Thus, with the benefit of *Trump*, the preliminary injunctions this Court ultimately granted were limited to as-applied relief for those Plaintiffs who had demonstrated standing as to each of the challenged provisions. *See* ECF No. 283. Accordingly, for Smart & Safe, this Court's injunction did not extend to any State Attorneys—indeed, it could not extend to State Attorneys because Smart & Safe had not yet sued them. And as for the Poder Latinx Plaintiffs, this Court denied preliminary injunctive relief altogether, as this Court determined these Plaintiffs failed to demonstrate a substantial likelihood that an injunction would redress their injuries inasmuch as they did not sue the Supervisors of Elections. The Secretary of State, Attorney

General, and Republican Party of Florida promptly appealed[3] this Court's Order on Motions for Preliminary Injunction, ECF No. 283, and that appeal remains pending.

Within days of this Court's order granting in part and denying in part the motions for preliminary injunction with respect to the residency and citizenship requirements, Smart & Safe and the Poder Latinx Plaintiffs amended their complaints to add additional Defendants. Smart & Safe added the 20 State Attorneys, ECF No. 293, and the Poder Latinx Plaintiffs added the 20 State Attorneys and the 67 Supervisors of Elections, ECF No. 302. These Plaintiffs also promptly filed motions for preliminary injunction seeking to enjoin those Defendants from enforcing either the residency or citizenship requirements. ECF Nos. 291 and 303.

Accordingly, the motions are now ripe for this Court's consideration. For the reasons set out below, this Court grants their motions for preliminary injunction.

## II

To start, this Court addresses Defendants' procedural objections to Plaintiffs' motions.

## A

First, this Court addresses the critical question of whether this Court has jurisdiction to rule on the pending motions notwithstanding the interlocutory appeal

---

[3] Likewise, the Clean Water Plaintiffs, FDH Plaintiffs, and the League Plaintiffs cross-appealed this Court's Order. ECF Nos. 312, 315, 331.

of this Court's prior Order granting preliminary injunctions to some, but not all, of the Plaintiffs and Intervenor-Plaintiffs. By prior Order, this Court preliminarily enjoined the Secretary of State, the Attorney General, the Supervisors of Elections, and the State Attorneys from enforcing the residency requirement against FDH and any non-residents who gather signed petitions on FDH's behalf. ECF No. 283 at 37–38. This Court also enjoined the Secretary of State, the Attorney General, and the Supervisors of Elections from enforcing the residency requirement against Smart & Safe and any non-residents who gather signed petitions on Smart & Safe's behalf. *Id.* at 37. In addition, this Court enjoined the Secretary of State, the Attorney General, the Supervisors of Elections, and the State Attorneys from enforcing the residency requirement and the citizenship requirement against Florida Right to Clean Water, Melissa Martin, and any non-citizens and non-residents who gather signed petitions on Right to Clean Water's behalf. *Id.* at 38. Finally, this Court also enjoined the Secretary of State, the Attorney General, the Supervisors of Elections, and the State Attorneys from enforcing the citizenship requirement against the League Plaintiff organizations and their non-citizen members who gather signed initiative petitions. *Id.* at 39.

Now, Smart & Safe seeks an injunction prohibiting the newly added Defendant State Attorneys from enforcing criminal provisions associated with the residency requirement against their non-resident petition circulators, and the Poder

Latinx Plaintiffs seek an injunction prohibiting all Defendants from enforcing the citizenship requirement against them, their non-citizen members, and the sponsors on whose behalf they collect signed petitions. The newly added State Attorneys and Supervisors of Elections take no position on the requested relief. On the other hand, the Secretary of State, Attorney General, and Republican Party of Florida oppose the motions, citing the pending interlocutory appeal of the injunctions already entered as divesting this Court of jurisdiction to rule on the pending motions.

To be sure, an interlocutory appeal can certainly divest this Court of jurisdiction. But not always. The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). But "[a]n appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation." *Satanic Temple, Inc. v. Tx. Health and Human Serv. Comm'n*, 79 F. 4th 512, 514 (5th Cir. 2023). This Court "has authority to proceed forward with portions of the case not related to the claims on appeal." *Green Leaf Nursery*, 341 F.3d at 1309 (quoting *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000)).

Here, this Court is not divested of jurisdiction to rule on the Plaintiffs' pending motions because Plaintiffs seek relief that is not related to the claims now on appeal. No appeal is pending with respect to the Poder Latinx Plaintiffs and no injunction against the State Attorneys is on appeal with respect to Smart & Safe's claims. Contrary to the objecting Defendants' assertion, Smart & Safe and the Poder Latinx Plaintiffs are not seeking to modify any existing injunction—indeed, no injunction is in place at all with respect to the Poder Latinx Plaintiffs—and no injunction was entered against then-non-party State Attorneys' enforcement of the residency requirements with respect to Smart & Safe. Instead, these Plaintiffs seek new injunctions where none were previously entered, and which would enjoin parties that were not previously sued in either of their complaints. Accordingly, Plaintiffs' motions for preliminary injunctive relief are properly before this Court notwithstanding the pending interlocutory appeal of the injunctions previously entered on July 8, 2025.[4]

Next, this Court considers the objecting Defendants' alternative argument that this Court should not grant Plaintiffs' successive motions as a matter of discretion.

---

[4] To be clear, Smart & Safe is not asking to modify any existing injunction, but this Court notes that Rule 62(d) codifies this Court's authority to modify an existing injunction while an appeal is pending from an interlocutory order is pending. *See* Fed. R. Civ. P. 62(d).

B

The objecting Defendants also argue that Plaintiffs' motions are procedurally improper successive motions and that it would be an abuse of discretion for this Court to permit Plaintiffs to seek relief. This Court is not persuaded by this alternative argument. Contrary to Defendants' suggestion, there is no bright line rule requiring this Court to deny Plaintiffs' motions because they previously sought similar relief from other parties. Instead, whether this Court should permit Plaintiffs to seek relief depends on the facts and circumstances of the case. *See, e.g.*, *Khalil v. Trump*, --- F. Supp. 3d ---, 2025 WL 2267881, at *11 n.12 (D.N.J. Aug. 8, 2025) (acknowledging that if circumstances were different, court might have exercised its discretion differently with respect to ruling on successive motion for preliminary injunction). Given the unique facts of this case, this Court concludes that Plaintiffs' motions are properly before this Court.

Case law makes plain that successive motions are properly denied when a plaintiff is operating in bad faith or engaging in vexatious litigation or gamesmanship, for example, to manipulate the time for filing an appeal. *See, e.g.*, *Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty.*, 290 F.3d 1250, 1253 (11th Cir. 2002) ("If a party whose motion for an injunction, or to dissolve or modify an injunction, is denied fails to file an appeal within the prescribed time-frame, it may not file a successive motion requesting the same relief 'simply to revisit the initial

injunction decision or resurrect an expired time for appeal.' ") (quoting 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3924.2 (2d ed. 1996)); *F.W. Kerr Chemical Co. v. Crandall Associate, Inc.*, 815 F.2d 426, 429 (6th Cir. 1987) ("Parties should not be allowed to harass their adversaries and the courts with a barrage of successive motions for extraordinary, preliminary injunctive relief, secure in the knowledge that they can take an interlocutory appeal when it becomes apparent that they cannot win their war of attrition."). Likewise, do-overs on the merits, particularly based on a failure of proof, are generally not permitted. *See Khalil*, 2025 WL 2267881, at *9 (exercising discretion not to consider successive motion for preliminary injunction that overlapped significantly with earlier motion which court denied based on plaintiff's complete failure to present any evidence in support of claim).

But here, this Court is not persuaded that the Plaintiffs are seeking an impermissible do-over on the merits of their prior motions for preliminary injunction targeting the same challenged provisions of law. This is not a second bite at the apple for Plaintiffs to re-argue the merits and attempt to persuade this Court to reconsider its previous decision. *See Computer & Comms. Industry Ass'n v. Uthmeier,* --- F. Supp. 3d ---, 2025 WL 1570007, at *5 (N.D. Fla. 2025); *contrast with IBM Corp. v. Johnson*, No. 09 Civ. 4826(SCR), 2009 WL 2356430, at *2 (S.D.N.Y. July 30, 2009) (denying successive motion for preliminary injunction after issuing lengthy decision

denying relief on the merits with respect to first motion). Nor are Plaintiffs' motions some strategic move to manipulate the deadline to take an appeal or otherwise harass the Defendants.

Instead, the unique facts of this case counsel in favor of considering Plaintiffs' pending motions. Plaintiffs have not been litigating in a vacuum. Their motions followed filings by other Plaintiffs and Intervenor-Plaintiffs who sought overlapping facial and as-applied relief against a patchwork of Defendants with different roles in enforcing the challenged provisions. But nearly on the eve of the hearing on the prior motions, the Supreme Court issued a decision that dramatically upset the standard for the scope of injunctions available to plaintiffs seeking facial relief.

This Court granted Smart & Safe's original request for relief but noted that such relief did not extend to certain non-parties that they had not sued in their original complaint and thus did not have standing for purposes of as-applied preliminary injunctive relief. And, in light of the Supreme Court's decision in *Trump v. CASA, Inc.*, this Court's injunction enjoined the State Attorneys only as applied to other Plaintiffs, which does not benefit Smart & Safe. Likewise, this Court denied relief to the Poder Latinx Plaintiffs based solely on lack of standing without rejecting the merits of the Poder Latinx's specific claims.[5] Again, contrary to the parties'

---

[5] This Court recognizes that the Poder Latinx Plaintiffs did not originally file a separate motion, but instead, they joined in the League Plaintiffs' and the Clean Water Plaintiffs' motions

expectations at the time of filing, this Court's injunctions against all Defendants cannot run to the benefit of Poder Latinx or its members inasmuch as this Court only granted as-applied relief based on *Trump v. CASA, Inc.* Accordingly, Plaintiffs promptly amended their claims to add the missing Defendants and sought newly targeted relief. Under these circumstances, this Court exercises its discretion to consider the motions now before it because they are not impermissible "successive" motions for preliminary injunction.

This Court recognizes Defendants' arguments concerning Plaintiffs' "successive" motions for preliminary injunction are also relevant with respect to whether Plaintiffs have demonstrated irreparable harm, which this Court will address in more detail below. But, as a jurisdictional and procedural matter, this Court concludes that Plaintiffs' motions are properly before this Court. Defendants' suggestion that you only ever get one bite at the apple overstates the legal principles announced in the cited cases addressing successive motions. Applied to the unique facts presented in this case, Defendants' proposed rule would not only require Plaintiffs to sue everyone at once, but also to divine changes in the law and anticipate those changes before filing suit. This the law does not require.

---

for preliminary injunctive relief. This Court did reach the merits as to the other Plaintiffs' motions and ultimately found in Plaintiffs' favor and granted preliminary injunctive relief.

Next, this Court turns to Plaintiffs' standing to seek preliminary injunctive relief against Defendants with respect to their enforcement of the challenged residency and citizenship requirements.

### III

Plaintiff Smart & Safe seeks a preliminary injunction prohibiting all 20 State Attorneys from enforcing the residency requirement's associated criminal penalties against any non-residents who gather signed petitions on Smart & Safe's behalf. Specifically, section 104.187 makes it a second-degree misdemeanor to collect more than 25 signed petition forms in addition to one's own without first registering with the Secretary of State and being issued a petition circulator number. *See* § 104.187, Fla. Stat.; *see also* § 100.371(4)(a), Fla. Stat. (incorporated by reference in § 104.187)). Similarly, section 104.188(2) makes it a third-degree felony to possess more than 25 signed petitions other than one's own and those belonging to immediate family members if you are not a registered petition circulator under section 100.371(4)(a). § 104.188(2), Fla. Stat. And Florida law prohibits non-residents from becoming registered petition circulators. *See* § 100.371(4)(b)3., Fla. Stat. The State Attorney Defendants are authorized and duty-bound to enforce the criminal prohibitions on collecting signed petitions without properly registering with the Secretary of State. *See State ex rel. Martin v. Michell*, 188 So. 2d 684, 687 (Fla. 4th DCA 1966) ("[T]he constitution and statutes impose a duty upon the state

14

attorney to prosecute in the circuit court any and all violations of the criminal laws of which that court has jurisdiction either upon his own information or upon indictment by the grand jury.").

To demonstrate standing for purposes of their motion, Smart & Safe has submitted unrebutted declarations from the head of its paid petition circulator campaign for the marijuana ballot initiative and non-resident circulators. *See* ECF No. 300. These unrebutted declarations demonstrate that Smart & Safe has 474 non-resident circulators who previously collected signed petitions from all 67 counties. *See* ECF No. 300-1 ¶ 6. Now, however, Smart & Safe's non-resident paid circulators who would like to work in all 20 judicial circuits in Florida will not do so unless the State Attorneys are enjoined from prosecuting them if their petition circulation violates sections 104.187 or 104.188, Florida Statutes. *Id.*; *see also id.* ¶ 4; ECF No. 300-2 ¶¶ 2–3, 5; ECF No. 300-3; ECF No. 300-4 ¶¶ 1–5; ECF No. 300-5. This is a cognizable chill on Smart & Safe's non-resident petition circulator's speech, which directly injures Smart & Safe, as sponsor of the marijuana ballot initiative. And as noted above, the chill is fairly traceable to the State Attorneys' authority to enforce the challenged criminal provisions against Smart & Safe's non-resident petition circulators. Thus, an injunction prohibiting the State Attorneys from prosecuting Smart & Safe's non-resident circulators for violating either section 104.187 or section 104.188, Florida Statutes, would likely redress Smart & Safe's injury.

Accordingly, this Court concludes that Smart & Safe has demonstrated standing to seek a preliminary injunction against the State Attorneys' enforcement relating to the residency requirement.

The same is true with respect to the Poder Latinx Plaintiffs' standing to seek preliminary injunctive relief against Defendants' enforcement of the citizenship requirement. This Court previously found the Poder Latinx Plaintiffs had established cognizable injuries in fact with respect to the challenged citizenship requirement. This Court incorporates that analysis and finding by reference, ECF No. 283 at 9–13, as if fully set forth herein. The Poder Latinx Plaintiffs' injuries are fairly traceable to the Secretary of State, the Attorney General, the Supervisors of Elections for Lake, Orange, Osceola, Polk, and Seminole Counties,[6] and the State Attorneys for the Fifth, Ninth, Tenth, and Eighteenth Judicial Circuits given their roles in enforcing different civil and criminal penalties associated with the citizenship requirement. *See* ECF No. 303-1 at 10. Likewise, an injunction prohibiting these Defendants from enforcing the citizenship requirement and its civil and criminal penalties against Poder Latinx's non-citizen petition circulators would redress the Poder Latinx Plaintiffs' injuries. Accordingly, the Poder Latinx Plaintiffs have

---

[6] Inasmuch as Poder Latinx's work has a "specific focus" in Lake, Orange, Osceola, Polk, and Seminole Counties, and Plaintiffs' evidence provides no further detail on the likelihood that any non-citizen circulator will operate in any other county or judicial circuit, this Court concludes that the injuries are fairly traceable to those Defendants with jurisdiction in the specified counties only. *See* ECF No. 303-2 ¶ 8.

demonstrated standing to seek preliminary injunctive relief against the Secretary of State, the Attorney General, the Supervisors of Elections for Lake, Orange, Osceola, Polk, and Seminole Counties, and the State Attorneys for the Fifth, Ninth, Tenth, and Eighteenth Judicial Circuits.

IV

Under Rule 65 of the Federal Rules of Civil Procedure, a district court may grant a preliminary injunction "only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). The movant must clearly carry the burden of persuasion as to these four prerequisites. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983).

A

First, this Court addresses the merits of Plaintiffs' motions, starting with Smart & Safe's motion, ECF No. 291.

1

Smart & Safe seeks to preliminarily enjoin the State Attorneys from enforcing sections 104.187 and 104.188(2), Florida Statutes, against its non-resident petition

17

circulators for the same reasons this Court previously enjoined the Secretary of State, the Attorney General, and Supervisors of Elections from enforcing the residency requirement against Smart & Safe and non-residents who gather petitions on its behalf. The State Attorneys take no position on the requested relief. *See* ECF No. 299 at 1. Having considered Plaintiff Smart & Safe's motion, ECF No. 291, and additional evidence, ECF No. 300, this Court concludes that Smart & Safe has demonstrated that it is substantially likely to succeed on the merits of its First Amendment claim challenging the State Attorneys' role in enforcing the residency requirement under sections 104.187 and 104.188(2), Florida Statutes, for the same reasons this Court previously granted preliminary injunctive relief. This Court incorporates its merits analysis, ECF No. 283 at 18–28, as if fully set forth herein.

2

Next, this Court considers the Poder Latinx Plaintiffs' motion, ECF No. 303. The Poder Latinx Plaintiffs seek to preliminarily enjoin the Secretary of State, the Attorney General, the Supervisors of Elections, and the State Attorneys from enforcing the citizenship requirement against them and their non-citizen members who collect initiative petitions. Having considered the Poder Latinx Plaintiffs' motion, ECF No. 303, and attachments, ECF Nos. 303-1–303-4, this Court concludes that the Poder Latinx Plaintiffs are substantially likely to succeed on the merits of their First Amendment claims challenging Defendants' enforcement of the

citizenship requirement for the same reasons that this Court previously granted preliminary injunctive relief. This Court incorporates its merits analysis, ECF No. 283 at 18–28, applicable to the Poder Latinx Plaintiffs as if fully set forth herein.[7]

## B

Having determined that Plaintiffs are substantially likely to succeed on the merits of their First Amendment challenges to the residency and citizenship requirements, this Court considers the remaining factors for preliminary injunctive relief. First, this Court agrees, as it did in its prior preliminary injunction Order, ECF No. 283 at 31, that Plaintiffs face irreparable injury because the residency and citizenship requirements effectively silence them and their members and employees who are now ineligible to engage in petition circulation. The provisions force Plaintiffs to choose between curtailing their First Amendment rights to engage in core political speech via petition circulation or risk invalidation of verified petitions, crippling civil penalties, and further enforcement actions. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *accord Honeyfund.com v. Governor of Fla.*, 94 F.4th 1272, 1283 (11th Cir. 2024).

---

[7] Having concluded that Plaintiffs are substantially likely to succeed on the merits of their First Amendment claims, this Court need not address the alternative theories, such as whether the citizenship requirement also violates the Equal Protection Clause of the Fourteenth Amendment.

The objecting Defendants assert that Plaintiffs' "delay" in seeking preliminary injunctive relief against the newly added Defendants undercuts their claims of irreparable harm. ECF No. 337 at 7 (asserting "[i]t's now too late for them to claim irreparable harm"). As an aside, this Court agrees that the pending motions do not represent the most efficient or convenient method of litigating a case. But as to the argument that Plaintiffs' claims of irreparable harm are so in doubt at this juncture to preclude preliminary injunctive relief entirely, this Court cannot agree.

For starters, the objecting Defendants conflate the sequence of events in this case and attribute it all to the moving Plaintiffs. To be clear, although the FDH Plaintiffs first filed this action in early May, the Poder Latinx Plaintiffs did not intervene until early June, *after* this Court had addressed an unrelated motion for temporary restraining order and first motion for preliminary injunction. The Poder Latinx Plaintiffs then promptly joined then-pending motions for preliminary injunction, subsequently amended their complaint to add the necessary Defendants, and moved with alacrity to file the motion now pending before this Court. Likewise, Smart & Safe expeditiously sought leave to amend and filed its now pending motion for preliminary injunction well within three months of intervening in this action. In short, Plaintiffs have not unnecessarily delayed in seeking relief or otherwise sat on their rights.

Moreover, while the earlier motions for injunctive relief were pending in June, circumstances changed beyond Plaintiffs' control when *Trump v. CASA, Inc.*, changed the landscape for the scope of injunctive relief available to Plaintiffs in constitutional challenges such as this. Given the change in governing law as it pertains to the scope of injunctions and facial relief wrought by *Trump v. CASA, Inc.*, Plaintiffs' initial choice not to sue certain Defendant—and, subsequent to that decision, to add them as parties and immediately seek preliminary injunctive relief— does not amount to the sort of unexplained delay that severely undercuts Plaintiffs' demonstrated irreparable harm. *Contrast with Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (concluding that unexplained five-month delay in seeking preliminary injunctive relief militated against finding irreparable harm).

Contrary to Defendants' suggestion, no bright line rule requires finding that Plaintiffs failed to demonstrate irreparable harm simply because they have filed "successive" motions. As this Court discussed at length above with respect to whether this Court should exercise its discretion to consider Plaintiffs' motions, the question of irreparable harm is also a fact-intensive one. Here, considering the unique facts of this case, the ongoing First Amendment harms Plaintiffs face absent relief, the unexpected change in governing law regarding the scope of relief, and Plaintiffs' immediate action to seek additional relief in light of that change in law,

this Court concludes that Plaintiffs have met their burden to demonstrate irreparable harm despite Defendants' objections.

Next, this Court finds the balance of the equities and the public interest favor preliminary relief. The irreparable injuries Plaintiffs face are "not outweighed by any threatened harm to Florida because the government has no legitimate interest in enforcing an unconstitutional law," and "an injunction is not contrary to the public interest because it is in the public interest to protect First Amendment rights." *Honeyfund.com*, 94 F.4th at 1283 (internal quotation marks omitted). Defendants' prior argument that preliminary relief will hamstring the State from stopping petition fraud, forgery, and bad actors is unpersuasive. Even if the Defendants are enjoined from enforcing the prohibition on non-residents and non-citizens from engaging in petition circulation, Florida's law enforcement agencies maintain an arsenal of criminal provisions that remain enforceable against bad actors and fraudsters. *See, e.g.*, §§ 104.185, 104.186, 942.01–06, Fla. Stat. Accordingly, Plaintiffs have carried their burden on all four prerequisites to preliminary relief.

V

This Court next considers whether Plaintiffs must secure a bond in furtherance of the preliminary injunction. Rule 65(c) provides that a "court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to

22

have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). But "it is well-established that 'the amount of security required by the rule is a matter within the discretion of the trial court . . . [, and] the court may elect to require no security at all.'" *BellSouth Telecomms. v. MCImetro Access Transmission Servs.*, 425 F.3d 964, 971 (11th Cir. 2005) (alteration in original) (quoting *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. Unit B 1981)). Moreover, "[w]aiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right." *Complete Angler, LLC v. City of Clearwater*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009). Here, considering that the challenged law's unlawful impact on Plaintiffs' First Amendment rights weighs against requiring a bond, this Court waives the bond requirement.

VI

Having determined a preliminary injunction is warranted, this Court addresses whether it will stay that injunction pending appeal. Stays pending appeal are governed by a four-part test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000)

(applying the same test). Because this test is so similar to the four-part test for establishing entitlement to preliminary injunctive relief, courts rarely stay a preliminary injunction pending appeal. So too here. Because no exceptional circumstances justify staying this Order pending appeal, this Court shall not do so. *Contrast with Brenner v. Scott*, 999 F. Supp. 2d 1278, 1292 (N.D. Fla. 2014) (issuing a rare stay of a preliminary injunction given the public interest in stable marriage laws across the country). Defendants have every right to appeal, and this Court sees no reason to delay Defendants in seeking an appeal by requiring them to move to stay under Rule 62.

## VII

Finally, as it did in its prior Order, ECF No. 283, this Court considers the scope of the preliminary injunctions to which Plaintiffs are entitled. The Supreme Court recently held that district courts lack authority to universally enjoin the enforcement of an executive or legislative policy. *See Trump*, *Trump v. CASA, Inc.*, 145 S. Ct. at 2254. In other words, this Court cannot enjoin Defendants' enforcement of the residency and citizenship requirements against everyone, everywhere. Instead, the scope of relief afforded herein is limited to as-applied relief to the parties now before this Court with standing to seek preliminary injunctive relief.

The challenged provisions work an unconstitutional restriction as applied to Plaintiffs' speech by prohibiting non-citizen and non-residents from gathering signed

petitions by silencing the individual non-citizen petition circulators who are Plaintiffs in this case, and by preventing the organizational Plaintiffs' members or employees who are non-residents or non-citizens from engaging in the core political speech of petition circulation.

This State-imposed silence is enforced through the Secretary's pre-screening of petition circulators' citizenship status as applied to the Poder Latinx Plaintiffs and their non-citizen members who circulate more than 25 petitions on behalf of an initiative sponsor, §§ 100.371(4)(b), (4)(c)7.–8., Fla. Stat., the invalidation of petitions submitted by the individual Poder Latinx Plaintiffs and non-citizen Poder Latinx members, *id*. § 100.371(14)(h), the Secretary's imposition of $50,000 fines for each non-citizen Poder Latinx member that initiative sponsors knowingly allow to collect petitions on their behalf, *id*. § 100.371(4)(g), the threat that the Secretary may refer suspected violations to the Attorney General for further enforcement action, *id*. § 100.371(11), and the State Attorneys' authority to enforce criminal prohibitions with respect to violating the registration requirements as applied to non-resident petition circulators who collect petitions on Smart & Safe's behalf and as applied to the Poder Latinx Plaintiffs and their non-citizen members, §§ 104.187 and 104.188(2), Fla. Stat.

Accordingly, to afford complete relief to the parties with standing to sue in this case, the Secretary and the Attorney General are enjoined from enforcing the

prohibition on Poder Latinx's non-citizen members from gathering signed petitions. Likewise, the Supervisors of Elections for Lake, Orange, Osceola, Polk, and Seminole Counties are enjoined from invalidating petitions gathered by Poder Latinx's non-citizen members. Finally, the State Attorneys[8] are enjoined from prosecuting the prohibition on non-residents and non-citizens collecting signed petitions as applied to Smart & Safe's non-resident petition circulators, Poder Latinx's non-citizen members who gather signed petitions, and Plaintiffs Yivian Lopez Garcia and Humberto Orjuela Prieto.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff Smart & Safe Florida's motion for preliminary injunction, ECF No. 291, is **GRANTED.**

2. Defendant State Attorneys must take no steps to enforce sections 104.187, and 104.188(2), Florida Statutes (2025), against Smart & Safe Florida and non-residents who gather signed petitions on Smart & Safe Florida's behalf. This Order binds these Defendants and their officers, agents, servants, employees, attorneys, and successors in and office—and others

---

[8] All 20 State Attorneys are enjoined as to Smart & Safe's petition circulators, but only the State Attorneys for the Fifth, Ninth, Tenth, and Eighteenth Judicial Circuits are enjoined with respect to the Poder Latinx Plaintiffs.

in active concert or participation with any of them—who receive actual notice of this injunction by personal service or otherwise.

3. The Poder Latinx Plaintiffs' motion for preliminary injunction, ECF No. 303, is **GRANTED in part** with respect to their First Amendment challenge to the citizenship requirement against Defendants Byrd, Uthmeier, the Supervisors of Elections for Lake, Orange, Osceola, Polk, and Seminole Counties, and the State Attorneys for the Fifth, Ninth, Tenth, and Eighteenth Judicial Circuits. The balance of the motion is **DENIED**.

4. Defendant Byrd, Defendant Uthmeier, Defendant Supervisors of Elections for Lake, Orange, Osceola, Polk, and Seminole Counties, and Defendant State Attorneys for the Fifth, Ninth, Tenth, and Eighteenth Judicial Circuits must take no steps to enforce sections 100.371(4)(b)3., 100.3714(c)8., 100.3714(g), 100.371(11), 100.371(14)(h), 104.187, and 104.188(2), Florida Statutes (2025), as applied to Yivian Lopez Garcia, Humberto Orjuela Prieto, Poder Latinx, and Poder Latinx's non-citizen members who gather signed initiative petitions. This Order binds these Defendants and their officers, agents, servants, employees, attorneys, and successors in and office—and others in active concert or participation with any of them—

who receive actual notice of this injunction by personal service or otherwise.

**SO ORDERED on August 21, 2025.**

s/Mark E. Walker
**United States District Judge**