**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

FLORIDA DECIDES HEALTHCARE, INC., *et al.*,

*Plaintiffs-Intervenors*,

v.

CORD BYRD, in his official capacity as Secretary of the State of Florida, *et al.*,

*Defendants*.

Case No.: 4:25cv211-MW/MAF

**PLAINTIFFS PODER LATINX, YIVIAN LOPEZ GARCIA AND HUMBERTO ORJUELA PRIETO'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........................................................................................ 1

STANDARD OF REVIEW ............................................................................ 1

ARGUMENT ............................................................................................... 2

I. Poder Plaintiffs have standing. ................................................................ 2

A. Poder Latinx has associational standing. ............................................... 3

B. Poder Latinx has organizational standing. ............................................ 7

C. Individual Plaintiff Yivian Lopez Garcia has standing. ......................... 8

D. Individual plaintiff Humberto Orjuela Prieto has standing. ................. 10

II. Plaintiffs have stated a claim upon which relief can be granted. .......... 11

A. Plaintiffs have sufficiently pled their overbreadth claim. ................... 11

B. Plaintiffs have sufficiently pled their void for vagueness claim. ......... 14

C. Plaintiffs have sufficiently pled their Equal Protection claim. ........... 16

CONCLUSION .......................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................2, 17, 18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................2

*Biden v. Nebraska*,
600 U.S. 477 (2023)....................3

*Bluman v. FEC*,
800 F. Supp. 2d 281 (D.D.C. 2011)....................17

*Danielson v. Bd. of Higher Ed.*,
358 F. Supp. 22 (S.D.N.Y. 1972)....................19

*Doe v. Stincer*,
175 F.3d 879 (11th Cir. 1999)....................4

*Dream Defs. v. Governor of Fla.*,
119 F.4th 872 (11th Cir. 2024)....................14, 15, 16

*Dream Defs. v. Governor of Fla.*,
57 F.4th 879 (11th Cir. 2023)....................14

*Dusek v. JPMorgan Chase & Co.*,
832 F.3d 1243 (11th Cir. 2016)....................2

*Fla. State Conf. of N.A.A.C.P. v. Browning*,
522 F.3d 1153 (11th Cir. 2008)....................6

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
528 U.S. 167 (2000)....................3, 4

*Gale Force Roofing & Restoration, LLC v. Brown*,
No. 4:21cv246-MW/MAF, 2021 WL 4958101 (N.D. Fla. June 29, 2021)....................5

*Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*,
26 F.4th 1235 (11th Cir. 2022) ........................................................................1

*Grayned v. City of Rockford*,
408 U.S. 104 (1972)...................................................................................14

*Hang On, Inc. v. City of Arlington*,
65 F.3d 1248 (5th Cir. 1995) ..........................................................................4

*Hisp. Fed'n v. Byrd*,
734 F. Supp. 3d 1263 (N.D. Fla. 2024) ..............................................................18

*Houston v. Marod Supermarkets*,
733 F.3d 1323 (11th Cir. 2013) .......................................................................2

*Jackson v. Wal-Mart Stores, Inc.*,
753 F. App'x 866 (11th Cir. 2018)...................................................................18

*Keister v. Bell*,
29 F.4th 1239 (11th Cir. 2022) ......................................................................14

*LaCroix v. Lee Cnty.*,
819 F. App'x 839 (11th Cir. 2020) ...................................................................5

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)......................................................................................3

*Lynch v. Baxley*,
744 F.2d 1452 (11th Cir. 1984) ......................................................................10

*Nielsen v. DeSantis*,
469 F. Supp. 3d 1261 (N.D. Fla. 2020) ..............................................................2

*OPAWL v. Yost*,
118 F.4th 770 (6th Cir. 2024) .......................................................................18

*Resnick v. AvMed, Inc.*,
693 F.3d 1317 (11th Cir. 2012) ......................................................................18

*Rivell v. Priv. Health Care Sys., Inc.*,
520 F.3d 1308 (11th Cir. 2008) .......................................................................2

*Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*,
547 U.S. 47 (2006)....................................................................................3

*S. River Watershed All., Inc. v. Dekalb Cnty.*,
69 F.4th 809 (11th Cir. 2023) ...................................................................6

*Scadron v. City of Des Plaines*,
734 F. Supp. 1437 (N.D. Ill. 1990), *aff'd*, 989 F.2d 502 (7th Cir.
1993) ........................................................................................................19

*Smith v. Goguen*,
415 U.S. 566 (1974)..................................................................................14

*Sutherland v. Nat'l Republican Cong. Comm.*,
No. 1:22-cv-302-RH-ZCB, 2023 WL 12088868 (N.D. Fla. May 3,
2023) ..........................................................................................................1

*Thole v. U.S. Bank. N.A.*,
590 U.S. 538 (2020)....................................................................................1

*Weaver v. Bonner*,
309 F.3d 1312 (11th Cir. 2002) ...............................................................11

*White's Place, Inc. v. Glover*,
222 F.3d 1327 (2000)..................................................................................4

*Wooten v. Quicken Loans, Inc.*,
626 F.3d 1187 (11th Cir. 2010) .................................................................1

*Yellowhammer v. Marshall*,
733 F. Supp. 3d 1167 (M.D. Ala. 2024) ...................................................13

**Statutes**

Fla. Laws ch. 2025-21 ................................................................................4

Fla. Stat. § 97.0575 ....................................................................................19

Fla. Stat. § 100.371 ............................................................................*passim*

Fla. Stat. § 104.187 ......................................................................................7

Fla. Stat. § 104.188 ......................................................................................7

**Other Authorities**

U.S. CONST. amend. I ........................................................................... *passim*

FED R. CIV. P. 8(a)(2) ........................................................................... 11, 16

FED R. CIV. P. 8(d) ........................................................................... 12

FED R. CIV. P. 12(b)(1) ........................................................................... 1

FED R. CIV. P. 12(b)(6) ........................................................................... 1, 17, 19

## INTRODUCTION

Plaintiffs Poder Latinx, Yivian Lopez Garcia and Humberto Orjuela Prieto (together, "Poder Plaintiffs") have sufficiently alleged the elements of standing and the elements of all their claims. Thus, Defendants Secretary Cord Bird and Attorney General James Uthmeier's Motion to Dismiss, ECF No. 361, and the Republican Party of Florida's Joinder thereto, ECF No. 381, should be denied.

## STANDARD OF REVIEW

When analyzing a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept the facts as alleged in the complaint to be true and draw all reasonable inferences in Plaintiffs' favor. *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1195–96 (11th Cir. 2010). At the motion to dismiss stage, the standard is whether the pleading clearly states and alleges a cause of action, not whether the plaintiff ultimately prevails on their cause of action. *See Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1240 (11th Cir. 2022) (citing *Thole v. U.S. Bank. N.A.*, 590 U.S. 538, 546 (2020)); *see also Sutherland v. Nat'l Republican Cong. Comm.*, No. 1:22-cv-302-RH-ZCB, 2023 WL 12088868, at *2 (N.D. Fla. May 3, 2023) ("A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged.").

Likewise, on a Rule 12(b)(6) motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable

to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "does not require detailed factual allegations . . . ." *Iqbal*, 556 U.S. at 678 (citation modified). Rather, "the standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ARGUMENT

### I. Poder Plaintiffs have standing.

The facts presented in the Amended Complaint and associated declarations are more than sufficient to establish that Plaintiffs have standing at this stage of the proceedings.[1]

Though Plaintiffs bear the burden of proving Article III standing, at the motion to dismiss stage they need only allege facts that show the following: "(1) [they have]

[1] When a motion to dismiss is raised for alleged lack of standing, evidentiary materials found within the record may be used to determine whether jurisdiction exists based on actual facts. *Nielsen v. DeSantis*, 469 F. Supp. 3d 1261, 1265 (N.D. Fla. 2020) (citing *Houston v. Marod Supermarkets*, Inc., 733 F.3d 1323, 1335–36 (11th Cir. 2013)).

suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). At the pleading stage, Plaintiffs' burden to demonstrate injury is not especially onerous and will be satisfied by "general factual allegations of injury resulting from [Defendant's conduct]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 52 n.2 (2006); *see also Biden v. Nebraska*, 600 U.S. 477, 489 (2023). Poder Plaintiffs have met their burden here.

**A. Poder Latinx has associational standing.**

An organizational plaintiff has associational standing to enforce the rights of its constituents "when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of

individual members in the lawsuit."[2] *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1342 (11th Cir. 2014) (quoting *Friends of the Earth*, 528 U.S. at 181).

As this Court has found, Poder Latinx ("Poder") has "demonstrated an injury in fact for associational standing to challenge the citizenship requirement." Order Granting Prelim. Inj. 13, ECF No. 283 ("Order"). As pled in the Amended Complaint, over 85% of Poder's petitioning workforce are non-citizens, including non-citizen canvassers who would otherwise participate in Poder's petition circulation efforts were it not for newly revised section 100.371's ("the Law") citizenship requirement. Am. Compl. ¶¶ 9–11, ECF No. 309; Wassmer Decl. ¶¶ 10, 18, 39, ECF No. 303-2; Fla. Stat. § 100.371(4)(b)(2).[3] The interests that Poder is seeking to protect—the ability of its volunteers and paid canvassers to circulate petitions—are unquestionably "germane to the organization's purpose." *See Arcia,* 772 F. 3d at 1342; Am. Compl. ¶¶ 16–18, ECF No. 309; Wassmer Decl. ¶¶ 5–6, 12–13, 19; ECF No. 303-2; *see also* Order 12 n.11, ECF No. 283 (finding that injuries

---

[2] While Poder refers to some of its constituents as "volunteers," the record shows that it is supported by numerous individuals possessing the means to influence its priorities and activities like the members of a traditional association would, including through the leading, coordinating, and collecting of signed petitions on its behalf. *See Doe v. Stincer*, 175 F.3d 879, 886 (11th Cir. 1999); *see also White's Place, Inc. v. Glover*, 222 F.3d 1327, 1330 (2000) (citing *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1252 (5th Cir. 1995)).

[3] Unless otherwise noted, statutory citations are to the statute as amended by HB 1205. *See* Fla. Laws ch. 2025-21 (amending Fla. Stat. § 100.371 (2025)).

to Plaintiffs' "volunteers" and "paid circulators" are similar to injuries to members of a traditional association for purposes of a standing analysis).

Contrary to Defendants' assertions, the Amended Complaint contains sufficient specificity concerning Poder's plans to continue its petition circulation activities. The Amended Complaint alleges that Poder had already launched a petition gathering program in support of Medicaid expansion in April 2025 and planned to continue that work prior to the Law's enactment. Am. Compl. ¶ 10, ECF No. 309. The Amended Complaint further describes how Poder "planned to expand its petitioning work . . . by hiring paid canvassers"—including non-citizen veteran canvassers—"to collect petition signatures at Latino community events and businesses." *Id.* ¶ 19. Poder Plaintiffs' concrete factual allegations stand in stark contrast to the nebulous facts alleged in the cases Defendants cite in support of their motion to dismiss. *See LaCroix v. Lee Cnty.*, 819 F. App'x 839, 843 (11th Cir. 2020) (finding a street preacher "only generally stated that he intend[ed] to preach in public places in Lee County" and his speech thus might be infringed by a trespass policy); *Gale Force Roofing & Restoration, LLC v. Brown*, No. 4:21cv246-MW/MAF, 2021 WL 4958101 at *2 (N.D. Fla. June 29, 2021) (finding "nothing about Plaintiff's factual allegations show[ed], with the requisite specificity, that Plaintiff is engaging or intends to engage in [the] prohibited advertising").

Poder also need not establish that it has a volunteer in "every county and judicial circuit in Florida," as Defendants argue. Defs.' Mot. to Dismiss 4, ECF No. 361. Indeed, courts have well established that an organizational plaintiff is not required to identify every injured member in every location, especially when plaintiffs are seeking injunctive relief. *See Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1160–61 (11th Cir. 2008) ("When the alleged harm is prospective, we have not required that the organizational plaintiffs name names because every member faces a probability of harm in the near and definite future").

Nevertheless, Poder has established that it conducts its civic engagement work, including canvassing and petition circulation, throughout the state of Florida, with a particular focus on Lake, Osceola, Polk, Seminole, and Orange Counties. Am. Compl. ¶¶ 16, 18, 20, ECF No. 309; Wassmer Decl. ¶¶ 8, 13, ECF No. 303-2. And while Poder's petition circulating activities will focus on these counties, it will have to send petitions to every Supervisor of Elections to comply with the Law because its canvassing work relies on encountering voters at events with many out-of-county attendees, like campus events, fairs, parades, marches, and other community events. Fla. Stat. § 100.371(14)(h); Wassmer Decl. ¶¶ 6, 32, 34, ECF No. 303-2. Moreover, as Poder seeks prospective relief rather than damages, neither the claims it asserts nor the relief requested requires the participation of any individual members. *See S. River Watershed All., Inc. v. Dekalb Cnty.*, 69 F.4th 809, 820 (11th Cir. 2023) (finding

individual participation unnecessary when an organization seeks injunctive relief rather than damages).

Finally, Poder's injuries are all traceable to Defendants' enforcement authority under the Law. The Secretary of State has the authority to refer suspected violations of the citizenship requirement by any entity to the Attorney General for further enforcement, including issuing a restraining order, instituting a civil action for injunctive relief, or any other appropriate order. Fla. Stat. § 100.371(11). Furthermore, Defendant Byrd may fine sponsors $50,000 for every non-citizen petition circulator who gathers signatures on their behalf. Fla. Stat. § 100.371(4)(g). The Supervisors of Elections, meanwhile, are charged with invalidating any signed petition submitted by a non-citizen. Fla. Stat. § 100.371(14)(h). Lastly, the State Attorneys, and the Statewide Prosecutor under the direction of the Attorney General, have the authority to enforce criminal provisions incorporating the Law's citizenship requirement. *See* Fla. Stat. §§ 104.187, 104.188(2).

**B. Poder Latinx has organizational standing.**

In addition to associational standing, Poder has also presented sufficient facts to establish organizational standing. An organizational plaintiff has standing to sue when "a defendant's illegal acts impair the organization's ability to engage in its own projects by forcing the organization to divert resources in response." *Arcia*, 772 F.3d at 1341. Poder has alleged such injuries.

Plaintiffs have pleaded facts demonstrating that Poder's work will be impaired by forcing it to divert resources to comply with the Law's citizenship requirement. As Plaintiffs allege in their Amended Complaint, the citizenship requirement will "severely limit Poder Latinx's effectiveness in promoting democratic participation, make it costlier and more resource-intensive to conduct initiative petitioning with a citizen-only workforce, and severely chills speech because of the overbroad and unwarranted limitations it places on who can engage in petition circulation and signature gathering." Am. Compl. ¶ 44, ECF No. 309. Poder has also alleged that compliance with the citizenship requirement will force the organization to divert its resources, including staff time, away from activities designed to further its mission in favor of activities aimed at ensuring compliance with the Law, such as building citizenship verification infrastructure into its hiring process. Wassmer Decl. ¶ 38, ECF No. 303-2. Lastly, as discussed above, Poder's harms are traceable to each Defendant's enforcement authority under the Law, and can only be redressed by enjoining the actions of each Defendant. Plaintiffs here have readily identified the projects and work from which Poder's resources will be diverted in favor of ensuring compliance with the Law, and as such have established organizational standing.

### C. Individual Plaintiff Yivian Lopez Garcia has standing.

This Court has also found that "Plaintiffs Yivian Lopez Garcia and Humberto Orjuela Prieto have demonstrated an injury in fact with respect to the citizenship

requirement." Order 13, ECF No. 283. Contrary to Defendants' contention that the description of Ms. Lopez Garcia's future petitioning work lacks clarity, Plaintiffs have provided concrete facts that establish her standing. *See* Defs.' Mot. to Dismiss 5, ECF No. 361. First, Ms. Lopez Garcia is a non-citizen legal permanent resident who lives in Florida and previously worked as a petition circulator. Lopez Garcia Decl. ¶¶ 3, 5, 8, ECF No. 303-4. Second, Ms. Lopez Garcia's declaration makes clear that she planned to work with Poder in 2025 and 2026 as a petition circulator in support of the Medicaid expansion initiative and would be doing so currently if not for the Law's citizenship requirement. *Id.* ¶ 9. Ms. Lopez Garcia's constitutionally protected political speech will also be chilled as a result of the citizenship requirement. *Id.* ¶¶ 17–19; Am. Compl. ¶¶ 2–3, 9, 11, ECF No. 302.

Far from "some day" intentions, Plaintiffs' Amended Complaint and combined declarations establish Ms. Lopez Garcia's standing by detailing the time and nature of her planned petition circulation activities. Although past behavior is not required to establish standing and the likelihood of future harms, the fact that Ms. Lopez Garcia has engaged in petition circulation and canvassing activities in the past with a number of organizations, including Poder, further supports finding her future plans to engage in petition circulating activities as credible. *Cf. Lynch v. Baxley*, 744 F.2d 1452, 1456 (11th Cir. 1984) (finding that past wrongful conduct constitutes evidence of whether there is a real threat of imminent harm warranting

injunctive relief). And as detailed above when discussing Plaintiff Poder's standing, the injuries Ms. Lopez Garcia faces are traceable to Defendants' enforcement authority under the law, and can only be redressed by enjoining the actions of all Defendants. Importantly, as an individual seeking to collect more than 25 petition signatures, Ms. Lopez Garcia would have to register with the Florida Department of State, overseen by Defendant Byrd, and in doing so disclose whether she is a U.S. citizen or face penalty of perjury. Fla. Stat. §§ 100.371(4)(b), (c)7–9.

### D. Individual plaintiff Humberto Orjuela Prieto has standing.

Mr. Orjuela Prieto, like Ms. Lopez Garcia, has also readily established his standing by showing the injury he has suffered and will continue to suffer from the Law's citizenship requirement. Mr. Orjuela Prieto, a non-citizen legal permanent resident, is now banned from collecting signatures for initiative petitions as a consequence of the citizenship requirement. Am. Compl. ¶ 9, ECF No. 309. Like Ms. Lopez Garcia, Mr. Orjuela Prieto intended to engage in petitioning work with Poder in 2025 and 2026 to support the Medicaid expansion initiative, and he has previously engaged in canvassing work in Florida on behalf of several non-profit organizations, including Poder. Am. Compl. ¶¶ 21, 64, ECF No. 309; Orjuela Prieto Decl. ¶ 15, ECF No. 303-3. He now faces an imminent threat of harm, as the Law's passage in May 2025 means that he cannot engage in petition circulating activities without risking jail time for committing a misdemeanor and felony. *See* Am. Compl.

¶ 8, ECF No. 309. As a result of the Law's citizenship requirement, Mr. Orjuela Prieto will be deprived of income he otherwise relied on, and his constitutionally protected political speech will be chilled. Am. Compl. ¶¶ 11, 56, ECF No. 309; Orjuela Prieto Decl. ¶¶ 7, 12–13, ECF No. 303-3. Mr. Orjuela Prieto has manifestly established his standing here.

## II. Plaintiffs have stated a claim upon which relief can be granted.

### A. Plaintiffs have sufficiently pled their overbreadth claim.

Poder's overbreadth claim satisfies the pleading requirements of Rule 8(a)(2). The overbreadth doctrine "permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep." *Weaver v. Bonner*, 309 F.3d 1312, 1318 (11th Cir. 2002) (citation modified). A statute's overbreadth is judged by its "possible direct and indirect burdens on speech." *Id.* (citation omitted). In support of its overbreadth claim, Poder relies on factual allegations demonstrating how the citizenship requirement substantially curtails their initiative petitioning activities—as well as those of similarly situated petition circulators—in violation of the First Amendment. Am. Compl. ¶¶ 44–46, 55–58, 67, ECF No. 309. In describing the direct and indirect burdens on its First Amendment rights, Poder specifically alleges that the citizenship requirement not only prohibits its noncitizen workforce from engaging in initiative petitioning activities; it also

effectively prevents Poder from working with U.S. citizens who cannot furnish proof of citizenship *Id.* ¶¶ 51–55, 82.

Nonetheless, Defendants ask this Court to dismiss Poder's overbreadth claim (Count II) on the ground that it fails to present a "lopsided ratio" of the law's constitutional to unconstitutional applications. Defs.' Mot. to Dismiss 6, ECF No. 361. As an initial matter, Poder Plaintiffs submit that there *is* no constitutional application of the citizenship requirement—that is the basis of their free speech and association claim (Count I). However, Poder Plaintiffs are entitled under Rule 8(d) to state as many separate and alternative claims as they have. Accordingly, Poder alternatively plead an overbreadth claim in the event that the Court finds that the citizenship requirement has any lawful application under the First Amendment. Am. Compl. ¶¶ 78-83, No. ECF 309. Specifically, Poder alleges that the citizenship requirement is also "unconstitutionally overbroad" because of its regulation of a substantial amount of constitutionally protected expression. *Id.* ¶ 80.

Defendants suggest that Poder must enumerate constitutional applications of the citizenship requirement to sufficiently state an overbreadth claim. Defs.' Mot. to Dismiss 6, ECF No. 361. True, the *Court* must ultimately weigh the unconstitutional applications of the citizenship requirement against the statute's lawful sweep, if any. But requiring *Plaintiffs* to identify potential lawful applications of the statute simply cannot be what a "short and plain statement" of an overbreadth claim means. Instead,

Poder Plaintiffs' factual allegations about how the citizenship requirement burdens the free speech and association of Poder Plaintiffs—including by forcing Poder to turn away even U.S. citizen petition circulators—establish an overbreadth claim that is "plausible on its face."

*Yellowhammer v. Marshall*, 733 F. Supp. 3d 1167 (M.D. Ala. 2024), does not demand a different result. Whereas Poder Plaintiffs assert a facial challenge to the citizenship requirement, the plaintiff in *Yellowhammer* asserted an as-applied challenge to a state conspiracy statute. Given the potential application of the conspiracy statute to a wide variety of circumstances, the court in *Yellowhammer* found that the plaintiff could not rest its facial overbreadth claim on the same factual allegations underpinning its as-applied challenge. *Id.* at 1198. Here, on the other hand, Poder's First Amendment claims constitute facial challenges to the citizenship requirement; nothing in *Yellowhammer* bars Poder Plaintiffs from pleading two distinct facial challenges in the alternative. Moreover, unlike the plaintiff in *Yellowhammer*, Poder does plead additional facts in its overbreadth claim beyond the facts asserted in its free speech and association claim to demonstrate that the citizenship requirement—even if found to be justified as enforced against some or all noncitizens—also effectively prevents Poder from working with petition circulators who are U.S. citizens. Am. Compl. ¶ 82, ECF 309.

**B. Plaintiffs have sufficiently pled their void for vagueness claim.**

A law is "void for vagueness if its prohibitions are not clearly defined." *Dream Defs. v. Governor of Fla.*, 57 F.4th 879, 890 (11th Cir. 2023) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). Grounded in due process, the void-for-vagueness doctrine "guarantees that ordinary people have fair notice of the conduct a statute proscribes" and that laws are not "enforced in an arbitrary or discriminatory manner." *Dream Defs. v. Governor of Fla.*, 119 F.4th 872, 879–80 (11th Cir. 2024) (citation modified). "The First Amendment context amplifies these concerns because an unconstitutionally vague law can chill expressive conduct by causing citizens to steer far wider of the unlawful zone to avoid the law's unclear boundaries." *Dream Defs.*, 57 F.4th at 890 (quoting *Keister v. Bell*, 29 F.4th 1239, 1258–59 (11th Cir. 2022)); *see also Smith v. Goguen*, 415 U.S. 566, 573 (1974) (explaining that when "a statute's literal scope, unaided by a narrowing state court interpretation, is capable of reaching expression sheltered by the First Amendment, the doctrine demands a greater degree of specificity than in other contexts").

The Poder Plaintiffs' Amended Complaint pleads that the Law's citizenship requirement is void for vagueness because key words used to describe the proscribed conduct at issue—"collecting," "physically possess[ing]," and "deliver[ing]," Fla. Stat. § 100.371—are not defined in H.B. 1205. Am. Compl. ¶ 89, ECF No. 309. The Amended Complaint provides the following specific examples of conduct that may

or may not be proscribed by the citizenship requirement: "it is unclear whether [H.B. 1205] forbids [Lawful Permanent Residents] from reviewing circulated petitions and signatures to ensure compliance with petition circulation regulations; supervising other canvassers who are physically collecting petitions; encouraging an eligible citizen to sign a petition without physically touching it; or even being present in an office where initiative petitions and signatures are being processed." Am. Compl. ¶ 90, ECF No. 309. This deficiency renders the Law's citizenship requirement impermissibly vague because noncitizens do not have "fair notice" of the full scope of conduct that is prohibited under the Law, and the Law could be arbitrarily enforced against them. *See Dream Defs.*, 119 F.4th at 878.

Defendants argue that the Poder Plaintiffs should understand the Law's citizenship requirement to prevent noncitizens from specifically "collecting a voter's signature on an issue petition and delivering the signed petition to the appropriate official so that it may be verified." Defs.' Mot. to Dismiss 7, ECF No. 361. But, as the examples in the Amended Complaint make clear, the law provides law enforcement with the discretion to penalize non-citizens for engaging in a much wider set of activities that could fall within the law's nebulous scope of "collecting," "physically possess[ing]," and "deliver[ing]" initiative petitions. The fact that Defendants have proffered their own "answer" to these hypotheticals in their Motion to Dismiss is irrelevant to the validity of the claim for vagueness. Defs.' Mot. to

Dismiss 7, ECF No. 361. The Defendants' purported "answer" merely reflects the views of litigation counsel and has no foundation in the language in the statute, guidance or legislative history, and is not binding on the Defendants in any way. They simply constitute an interpretation, to which reasonable minds could differ, further underscoring the potential for arbitrary enforcement of the citizenship requirement.

The Amended Complaint's allegations are thus sufficient to satisfy the Poder Plaintiffs' burden under Rule 8(a)(2). The ambiguities highlighted by the Amended Complaint sufficiently plead that while noncitizens may be able to understand *some* of the prohibited conduct under the citizenship requirement, they do not have "fair notice" of the *scope* of prohibited conduct. As a result, noncitizens (such as Ms. Lopez Garcia and Mr. Orjuela Prieto) and organizations that engage them in petitioning efforts (such as Poder) must "steer far wider of the unlawful zone" and cease all petitioning activity out of a concern that they might otherwise violate the citizenship requirement. *See Dream Defs.*, 119 F.4th at 879. The Amended Complaint sufficiently pleads that the citizenship requirement's vagueness violates due process and chills political speech.

### C. Plaintiffs have sufficiently pled their Equal Protection claim.

Defendants have failed to meet their burden under Rule 12(b)(6) to warrant dismissal of the Poder Plaintiffs' Equal Protection claim. *See* Defs.' Mot. to Dismiss

8–9, ECF No. 361. Rather than dispute that Plaintiffs have pled sufficiently plausible facts, Defendants only argue that the claim should be dismissed because the citizenship requirement falls under the political function exception. *Id.* While Plaintiffs strongly disagree with Defendants' interpretation of the political function exception, that is immaterial here. Regardless of the level of scrutiny that will ultimately apply, Poder Plaintiffs' Amended Complaint sets forth sufficient facts to state a claim that the citizenship requirement is unlawful under the Equal Protection Clause. *See* Am. Compl. ¶¶ 1–65, 92–99, ECF No. 309.

Plaintiffs' Amended Complaint contains all of the requisite elements to establish a plausible prima facie case of an Equal Protection violation.[4] *Id*. Here, Plaintiffs must prove that they are being unconstitutionally discriminated against by a state law on the basis of their alienage or non-citizen status. *Hisp. Fed'n v. Byrd*, 734 F. Supp. 3d 1263, 1269–70 (N.D. Fla. 2024). Plaintiffs satisfy these requirements. The Amended Complaint discusses how Mr. Orjuela Prieto and Ms. Lopez Garcia, as well as many of Poder's staff and volunteer base, are prevented from engaging in petition circulation under H.B. 1205 because they are not U.S.

---

[4] Defendant's reliance on *Bluman v. FEC*, 800 F. Supp. 2d 281, 287 (D.D.C. 2011) and *OPAWL v. Yost*, 118 F.4th 770, 777–78 (6th Cir. 2024) is unavailing. Courts do not typically rely on elements of alternative causes of action to inform what is required to be pleaded for the cause of action sought to be dismissed by the moving party. *See, e.g., Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325–26 (11th Cir. 2012); *Jackson v. Wal-Mart Stores, Inc.*, 753 F. App'x 866, 869 (11th Cir. 2018); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

citizens. Am. Compl. ¶¶ 16–22, 93, ECF No. 309. Plaintiffs' Amended Complaint also alleges that the citizenship requirement targets individuals based on their alienage and is thus subject to strict scrutiny review. *Id*. ¶¶ 35, 92–99.

The Amended Complaint further addresses the citizenship requirement's constitutional infirmities by explaining: (1) how the citizenship requirement's categorical exclusion of noncitizens cannot withstand strict scrutiny because "[t]here is no compelling (or even rational) reason to exclude all noncitizens from handling and collecting initiative petitioning applications[]"; (2) how the citizenship requirement is not narrowly tailored because it is fatally underinclusive, as noncitizens are not barred from serving as notaries or holding positions in Florida's Division of Elections; and (3) that the Citizenship requirement mirrors a 2023 Florida law which similarly "banned noncitizens from 'collecting or handling voter registration applications,' Fla. Stat. § 97.0575(1)(f), [that] was [previously] enjoined as unconstitutional." *Id*. ¶¶ 97–99. Taking all these assertions as true, Plaintiffs' claims clearly pass from "conceivable to plausible" and show that Defendants citizenship requirement creates "more than the mere possibility of misconduct . . . ." *See Iqbal*, 556 U.S. at 679.

Defendants have failed to establish why Plaintiffs' Amended Complaint is deficient on its face under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678; *see also* Defs.' Mot. to Dismiss 8–9, ECF No. 361. Whether the citizenship requirement is subject

to the rational basis test or strict scrutiny is not an issue that can be decided on a motion to dismiss and does not serve as a proper basis to dismiss a plaintiff's claim under Rule 12(b)(6). *See Scadron v. City of Des Plaines*, 734 F. Supp. 1437, 1457 (N.D. Ill. 1990), *aff'd*, 989 F.2d 502 (7th Cir. 1993). This court should deny Defendants' motion to dismiss Plaintiffs' Equal Protection claims under Rule 12(b)(6) because Plaintiffs have presented a "colorable" constitutional claim, which is all that is required. *See Danielson v. Bd. of Higher Ed.*, 358 F. Supp. 22, 28 (S.D.N.Y. 1972); *see also* Am. Compl. ¶¶ 1–65, 92–99, ECF No. 309.

## **CONCLUSION**

For the foregoing reasons, the Poder Plaintiffs respectfully request that the Court deny Defendants Secretary Cord Bird and Attorney General James Uthmeier's Motion to Dismiss, ECF No. 361, and the Republican Party of Florida's Joinder thereto, ECF No. 381.

Respectfully submitted this 26th day of August, 2025,

Cesar Z. Ruiz†
Michael Asparrin†
**LatinoJustice PRLDEF**
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org
masparrin@latinojustice.org

Miranda Galindo
Delmarie Alicea
**LatinoJustice PRLDEF**
4700 Millenia Blvd, Suite 500
Orlando, FL 32839
(321) 754-1935
mgalindo@latinojustice.org
dalicea@latinojustice.org

*/s/ Jeremy C. Karpatkin*
Jeremy Karpatkin
John A. Freedman*
Eric Padilla*
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 942-5316
jeremy.karpatkin@arnoldporter.com
john.freedman@arnoldporter.com
eric.padilla@arnoldporter.com

Phi Nguyen†
Neda Khoshkhoo†
**Dēmos**
368 9th Avenue, 6th Floor
Suite 11-105
New York, NY 10001
(212) 485-6065
pnguyen@demos.org
nkhoshkhoo@demos.org

*Counsel for Plaintiffs Poder Latinx, Yivian Lopez Garcia and Humberto Orjuela Prieto*

* *Motion for leave to appear pro hac vice forthcoming*
† *Admitted Pro Hac Vice*

**LOCAL RULE 7.1(F) CERTIFICATION**

The undersigned counsel certifies, pursuant to N.D. Fla. Loc. R. 7.1(F), that this Memorandum contains 4,766 words, excluding the case style, tables of contents and authorities, signature block, and certificates of service.

*/s/ Jeremy C. Karpatkin*
Jeremy Karpatkin

*Counsel for Plaintiffs Poder Latinx, Yivian Lopez Garcia and Humberto Orjuela Prieto*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

*/s/ Jeremy C. Karpatkin*
Jeremy Karpatkin

*Counsel for Plaintiffs Poder Latinx, Yivian Lopez Garcia and Humberto Orjuela Prieto*