IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                    Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER DENYING MOTION TO DISMISS

This Court has considered, without hearing, Defendants Byrd and Uthmeier's motion to dismiss Plaintiff Smart & Safe Florida's operative First Amended Complaint, ECF No. 362, Plaintiff's response in opposition thereto, ECF No. 384, and the Republican Party of Florida's notice of joinder of the Defendants' motion to dismiss, ECF No. 382. This Court agrees with Plaintiff that the motion to dismiss is due to be denied.

I

Defendants first argue that Plaintiff's operative complaint is due to be dismissed as a shotgun pleading. Not so. Contrary to Defendants' suggestion, Plaintiff does not commit the "mortal sin" of adopting "the allegations of all preceding counts, causing each successive count to carry all that came before and

the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *see also Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1361–77 (11th Cir. 2018) (amended complaint deemed to be a shotgun pleading, which included sixteen counts and which re-alleged and adopted all prior allegations in each subsequent count).

Instead, Plaintiff alleges detailed factual allegations with clear labels identifying which challenged provisions allegedly violate Plaintiff's rights and which Defendants are responsible for enforcing them. Plaintiff identifies the factual allegations that are re-alleged in each count and does not re-allege and adopt all prior allegations in each subsequent count. Moreover, Plaintiff's allegations are both detailed and organized to provide Defendants fair notice of the claims against them. Plaintiff's amended complaint is not a shotgun pleading.

II

Defendants' argument that Plaintiff lacks standing to challenge the One Amendment and Financial Impact Statement (FIS) provisions also fails to move the ball. As to the One Amendment provision, this Court agrees with Plaintiff that its factual allegations concerning enforcement of that provision against Plaintiff to prevent Plaintiff from sponsoring a second proposed amendment, *see, e.g.*, ECF No. 293 ¶¶ 98–99, demonstrate, at the pleading stage, that Plaintiff has suffered an injury

in fact traceable to the Secretary's enforcement of the provision against them and redressable by an injunction prohibiting further enforcement.

Likewise, as to the FIS provision, this Court agrees that Plaintiff's factual allegations, at this juncture, demonstrate standing at the pleading stage to pursue a compelled speech claim. Defendants ignore Plaintiff's allegations regarding Plaintiff's second proposed amendment, which would have been required to include the challenged FIS in its initiative petitions in the event Plaintiff were permitted to sponsor more than one proposed amendment. *See, e.g.*, ECF No. 293 ¶¶ 72–81. Defendants' contention that Plaintiff's injury is wholly speculative with respect this challenged provision is unconvincing given Defendants' failure to reckon with Plaintiff's factual allegations on this point. *See id*. ¶ 78.

### III

Finally, Defendants move to dismiss the amended complaint for failure to state plausible claims for relief. Defendants' arguments are either (1) misplaced—i.e., targeting claims that Plaintiff Smart & Safe has not made in its amended complaint, such as undue burden challenges to the volunteer restrictions and FIS provision—(2) reformulated standing arguments this Court has already rejected, or (3) attacks on the merits that are best left for resolution at the summary judgment stage. At the pleading stage, taking Plaintiff's allegations as true and construing all reasonable inferences in its favor, this Court concludes that Plaintiff's amended

complaint alleges sufficient facts to state plausible claims for relief in each of the six counts.[1] Defendants' motion, ECF No. 362, is **DENIED**.

**SO ORDERED on September 4, 2025.**

s/Mark E. Walker
**United States District Judge**

---

[1] This Court recognizes that it has already weighed in on the merits of several of these claims with respect to prior motions for preliminary injunction, which calls into question the viability of some of Plaintiff's theories and the evidence necessary to prove entitlement to relief going forward. *See, e.g.*, ECF No. 189 at 21 ("Here, aside from demonstrating that they have suffered an injury in fact, Plaintiffs' record only goes so far to show that the process of gathering signed petitions has become more expensive and less efficient, not that these post-petition-gathering regulations have severely burdened Plaintiffs from speaking such that the challenged regulations must survive heightened scrutiny to pass constitutional muster.") Nonetheless, this Court is persuaded that none of Plaintiff's claims are due to be dismissed merely because this Court denied, in part, Plaintiff's earlier request for preliminary injunction targeting certain provisions at issue in the amended complaint.