IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                        Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

This Court has considered, without hearing, Defendants Byrd and Uthmeier's motion to dismiss the League Plaintiffs' First Amended Complaint, ECF No. 360, Plaintiff's response in opposition thereto, ECF No. 387, and the Republican Party of Florida's notice of joinder of Defendants' motion, ECF No. 380. This Court agrees with Defendants that the First Amended Complaint, ECF No. 167, is a shotgun pleading inasmuch as it commits the "mortal sin" of adopting "the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *see also Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1361–77 (11th Cir. 2018) (amended

complaint deemed to be a shotgun pleading, which included sixteen counts and which re-alleged and adopted all prior allegations in each subsequent count).

While a close call given the League Plaintiffs' detailed and organized factual allegations, Plaintiffs nonetheless run afoul of the clear rule against incorporating all prior allegations by reference in each subsequent count, and thus, their First Amended Complaint is a "quintessential 'shotgun' pleading." *Weiland*, 792 F.3d at 1321 n.11 (quoting *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014).

Accordingly, Defendants' motion to dismiss, ECF No. 360, is **GRANTED in part** with respect to the shotgun pleading argument. The balance of the motion is **DENIED as moot**. Plaintiffs have leave to amend to correct the inartful pleading of incorporating all previous allegations within each subsequent count. In other words, Plaintiffs have leave to amend **solely to identify which factual allegations Plaintiffs rely upon in support of each count** without incorporating each preceding allegation in each subsequent count. Plaintiffs' second amended complaint is due **on or before Friday, September 12, 2025.**

SO ORDERED on September 4, 2025.

s/Mark E. Walker
**United States District Judge**