IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE, INC., et al.,**

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                             Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

This Court has considered, without hearing, Defendants Byrd and Uthmeier's motion to dismiss the Poder Latinx Plaintiffs' Amended Complaint, ECF No. 361, and Plaintiff's response in opposition thereto, ECF No. 383. For the reasons set out below, the motion, ECF No. 361, is **GRANTED in part** and **DENIED in part**.

I

Defendants first argue that Plaintiff's operative complaint must be dismissed because Plaintiffs' allegations fail to demonstrate standing to sue. Defendants specifically challenge Plaintiffs' allegations concerning their alleged injuries in fact, suggesting Plaintiffs' allegations demonstrate only speculative injuries. But Defendants' proposed standard demands far more specificity than is necessary at the pleading stage in this case. Although not explicitly stated, Defendants advance a

facial attack on Plaintiffs' standing to challenge the citizenship requirement for petition circulators. *See, e.g.*, ECF No. 361 at 3 (citing *Gesten v. Stewart Law Grp., LLC*, 67 F. Supp. 3d 1356, 1357 (S.D. Fla. 2014) (addressing facial attack on standing).

In response, Plaintiffs point to allegations in the complaint, in conjunction with declarations in the record, to argue that they have demonstrated standing as to each of the Plaintiffs' claims. But, because Defendants advance only a facial attack on Plaintiffs' standing, this Court confines its review to the allegations of the amended complaint and any attachments thereto. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) ("On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013) ("Facial attacks to subject matter jurisdiction *require the court merely to look and see if the plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction*, and the allegations in his complaint are taken as true for the purposes of the motion.") (emphasis added). In other words, this Court disregards Plaintiffs' citations to other evidence in the record, as Defendants' challenge is solely concerned with the sufficiency of the allegations on the face of the amended complaint.

Turning to the face of Plaintiffs' amended complaint, this Court concludes that Plaintiffs' factual allegations, taken as true and drawing all reasonable inferences therefrom in the light most favorable to Plaintiffs, demonstrate that each Plaintiff has suffered a cognizable injury in fact. "A plaintiff at the pleading stage, as the party invoking federal jurisdiction, bears the burden of establishing [*Lujan*'s three elements of standing] by alleging facts that 'plausibly' demonstrate each element." *Tsao v. Captiva MVP Restaurant Parrtners, LLC*, 986 F.3d 1332, 1338 (11th Cir. 2021) (citing *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020)). With respect to injury in fact, "[a]t the pleading stage, 'general factual allegations of injury' are enough," so long as they " 'plausibly and clearly allege a concrete injury.' " *Tsao*, 986 F.3d at 1337 (citations omitted).

Here, Plaintiffs challenge the citizenship requirement for petition circulation and the civil and criminal provisions that enforce this requirement. They allege that the individual Plaintiffs, Yivian Lopez Garcia and Humberto Orjuela Prieto, are both lawful permanent residents—i.e., noncitizens—who are now banned from collecting signatures for initiative petitions. ECF No. 309 ¶ 9. Ms. Lopez Garcia is a resident of Florida who has worked as a canvasser for several organizations since 2018, and, but for the challenged provision, Ms. Lopez Garcia "planned to be employed as a petition circulator." *Id*. ¶ 22. Likewise, Mr. Orjuela Prieto is also a resident of Florida who has worked as a paid canvasser for voter registration campaigns since 2022. *Id*.

3

¶ 21. Because paid canvassing opportunities for voter registration are limited in off-election years, Mr. Orjeula Prieto "planned to be employed as a petition circulator." *Id*. Moreover, he relies on this work as a source of income. *Id*.; *see also id*. ¶ 93 ("Canvassing work provides them with meaningful ways to civically engage with their communities and is a source of income to care for themselves and their families. But the Law prevents them from participating in petitioning work and earning income from that work solely because they are not U.S. citizens. As a result, Mr. Orjuela Prieto and Ms. Lopez Garcia and their respective families will suffer financially.").

Taken as true and construing all inferences in the light most favorable to Plaintiffs, Ms. Lopez Garcia and Mr. Orjuela Prieto have alleged plausible injuries in fact resulting from enforcement of the citizenship requirement. Both individual Plaintiffs have spent years working as canvassers in Florida and planned to do so going forward, but now they are prohibited from doing so with respect to gathering signed petitions due to the challenged provision. This Court may reasonably infer that these individual Plaintiffs had concrete plans to gather signed petitions this year given that both Plaintiffs have engaged on this work in the past, they rely on such work for income, and opportunities for gathering signed petitions "are much more abundant" in "off-election year[s] like 2025. *See, e.g.*, ECF No. 309 ¶¶ 21, 93. The prohibition on these Plaintiffs' planned petition gathering is a concrete injury, as it

4

prevents them from earning income and engaging in core political speech, and because it subjects them to differential treatment based on their citizenship status.

Likewise, Plaintiff Poder Latinx's allegations demonstrate that it has suffered a similar, plausible concrete injury as an organization. Specifically, Poder Latinx alleges that it "is a social justice, organizing, and civic engagement organization whose mission is to help ensure that Latino communities, inclusive of immigrants and people of color, are decision-makers in our democracy." *Id*. ¶ 16. It "works in Florida" and "carries out its mission to increase access to democracy for the Latino community through voter registration and other civic engagement work, including petition gathering." *Id*. ¶¶ 16–17. Specifically, "Poder Latinx's staff members started working on the campaign [to expand Medicaid] in April 2025, and before the passage of the [citizenship requirement], Poder Latinx planned to significantly expand its petition efforts in support of the program by engaging more of its workforce and hiring paid canvassers to engage in initiative petition gathering." *Id*. ¶ 46. However, because "the majority of Poder Latinx's Florida staff and workforce are noncitizens, including its field organizers, community organizers, and canvassers," *id*. ¶ 47, at least one amendment sponsor, Florida Decides Healthcare, "has slowed down efforts to have Poder Latinx be a partner for its petitioning campaign to expand Medicaid." ECF No. 309 ¶ 57. Indeed, "[s]ince the passage of and in response to the [citizenship requirement], Poder Latinx has stopped its

petition circulation activities and imposed a moratorium on all petition circulation activities," *id.* ¶ 58, "because of the [citizenship requirement's] new restrictions and associated liability." *Id.* ¶ 19. Taking these allegations as true and construing all reasonable inferences in Plaintiff's favor, Poder Latinx has alleged a plausible, concrete chill on its protected speech inasmuch as it has ceased petition circulation activities in response to the restrictions on its majority non-citizen workforce and associated liability that would flow from violating the citizenship requirement.

The problem for Plaintiffs is their failure to allege facts permitting the plausible inference that their injuries are traceable to each of the Defendants, and thus, likely to be redressed by an injunction against them. At most, Plaintiffs' allegations permit the reasonable inference that their injuries are traceable to the Secretary of State, the Attorney General, the Supervisor of Elections for Orange County—the only jurisdiction where any Plaintiff allegedly operates, *see* ECF No. 309 ¶ 10—and the State Attorney for the Ninth Judicial Circuit, who has jurisdiction to prosecute crimes occurring in Orange County. Accordingly, Defendants' motion to dismiss for lack of standing is due to be granted in part with respect to the balance of the Defendants—the remaining Supervisors of Elections and State Attorneys—

against whom Plaintiffs' fail to allege facts demonstrating that their injuries are traceable to and redressable by an injunction against them.[1]

II

Finally, Defendants move to dismiss the balance of the amended complaint for failure to state plausible claims for relief with respect to Plaintiffs' overbreadth, vagueness, and equal protection claims. Defendants' arguments amount to attacks on the merits that are best left for resolution at the summary judgment stage. At the pleading stage, taking Plaintiffs' allegations as true and construing all reasonable inferences in their favor, this Court concludes that Plaintiffs' amended complaint alleges sufficient facts to state plausible claims for relief in each of the three counts that Defendants challenge.

Accordingly, for the reasons set out above, Defendants' motion, ECF No. 361, is **GRANTED in part** and **DENIED in part**. Plaintiffs' claims against sixty-six Supervisors of Elections—*excluding* the Supervisor of Elections for Orange

---

[1] In so doing, this Court is not requiring Plaintiffs to "name names" for members in every respective county or judicial circuit to demonstrate that their injuries are traceable to every single Defendant. However, Plaintiffs are well aware that standing is not dispensed in gross. That means Plaintiffs are required to demonstrate standing for each claim they seek to press and for each form of relief that is sought. For example, if Plaintiffs seek an injunction against every State Attorney in Florida, they must allege facts plausibly demonstrating that at least one Plaintiff—or some combination of Plaintiffs—have suffered injuries in fact that are traceable to and redressable by an injunction against every State Attorney. In other words, absent factual allegations demonstrating that any one Plaintiff risks prosecution by a given State Attorney, Plaintiffs fail to demonstrate that any of their injuries are traceable to that particular State Attorney. Here, however, Plaintiffs' amended complaint is short on factual allegations regarding the jurisdictions where they operate—a critical consideration given that each Supervisor of Election and State Attorney is responsible for enforcing the laws at issue in their respective county or judicial circuit.

County—and against nineteen State Attorneys—*excluding* the State Attorney for the Ninth Judicial Circuit—are **DISMISSED for lack of standing**. The balance of the motion, ECF No. 361, is **DENIED**.

**SO ORDERED on September 10, 2025.**

<u>s/Mark E. Walker</u>
**United States District Judge**