IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE, INC.**, et al.,

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                     Case No.: 4:25cv211-MW/MAF

**CORD BYRD**, et al.,

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER DENYING MOTION TO DISMISS

This Court has considered, without hearing, Defendants Byrd and Uthmeier's motion to dismiss the Florida Decides Healthcare (FDH) Plaintiffs' operative complaint, ECF No. 358, Plaintiff's response in opposition thereto, ECF No. 386, and the Republican Party of Florida's notice of joinder of the Defendants' motion to dismiss, ECF No. 378. This Court agrees with Plaintiff that the motion to dismiss is due to be denied.

I

To start, this Court granted Plaintiffs leave to file a third amended complaint to eliminate certain claims challenging the financial impact statement provisions, the signature-verification moratorium, and a vagueness claim challenging the prohibition on filling in missing information on petition forms. ECF No. 410. The

operative complaint is now Plaintiffs' third amended complaint, ECF No. 413, which contains the same factual allegations as the second amended complaint, with the exception of the allegations associated with the abandoned claims, which have now been removed. Accordingly, Defendants' motion to dismiss, ECF No. 358, is **DENIED as moot** with respect to those claims that Plaintiffs have now abandoned—namely, Plaintiffs' challenge to the moratorium and the financial impact statement provisions in Counts I and II

II

Next, Defendants argue that Plaintiff's remaining claims are due to be dismissed for lack of standing. First, Defendants contend that Plaintiff Florida Decides Healthcare has not alleged sufficient facts to demonstrate associational standing for any of its claims. ECF No. 358 at 5–6. But as Plaintiffs point out, Florida Decides Healthcare is the sponsor of a proposed constitutional amendment and has alleged claims based on direct organizational injuries giving rise to standing rather than associational standing. ECF No. 386 at 5–7. This Court has reviewed the operative complaint, ECF No. 413, and, treating Plaintiffs allegations as true and construing all reasonable inferences in Plaintiffs' favor, this Court agrees that Plaintiffs have alleged facts plausibly demonstrating that Florida Decides Healthcare has suffered or will imminently suffer a direct injury as an organization that is

traceable to Defendants' enforcement of the challenged provisions and redressable by an injunction prohibiting their enforcement of these provisions.

Inasmuch as Plaintiff Florida Decides Healthcare has plausibly alleged standing against each of the Defendants as to each of the remaining claims, this Court "need not consider whether the other individual . . . plaintiffs have standing to maintain the suit." *Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F. 4th 1100, 1113–14 (11th Cir. 2022) (quoting *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 n.9 (1977)).

III

Finally, Defendants move to dismiss the operative complaint for failure to state plausible claims for relief. Defendants' arguments are grounded in attacks on the merits that are best left for resolution at the summary judgment stage. At the pleading stage, taking Plaintiffs' allegations as true and construing all reasonable inferences in their favor, this Court concludes that Plaintiffs' third amended complaint alleges sufficient facts to state plausible claims for relief in each of the remaining five counts.

For these reasons, Defendants' motion, ECF No. 358, is **DENIED**.[1]

**SO ORDERED on September 18, 2025.**

<u>s/Mark E. Walker</u>
**United States District Judge**

---

[1] This Court recognizes that it has already weighed in on the merits of several of these claims with respect to prior motions for preliminary injunction, which calls into question the viability of some of Plaintiff's theories and the evidence necessary to prove entitlement to relief going forward. Likewise, three judges on the Eleventh Circuit have also weighed in with respect to the merits of some of Plaintiffs claims in staying the injunction this Court entered on July 8, 2025. Nonetheless, this Court is persuaded that none of Plaintiff's claims are due to be dismissed at the pleading stage merely because this Court denied, in part, Plaintiff's earlier request for preliminary injunction targeting certain provisions at issue in the third amended complaint and because a stay panel of Eleventh Circuit judges have determined that Defendants are likely to succeed with respect to some of Plaintiffs' claims.