## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

     ***Plaintiffs/Intervenor-Plaintiffs,***

**v.**                          **Case No.: 4:25cv211-MW/MAF**

**CORD BYRD, et al.,**

     ***Defendants/Intervenor-Defendants.***

_____/

## ORDER DENYING MOTION FOR
## PROTECTIVE ORDER WITHOUT PREJUDICE

This Court has considered, without hearing, Plaintiffs Florida Decides Healthcare, Smart & Safe Florida, and FloridaRighttoCleanWater.org's motion for protective order, ECF No. 417, and Defendant Byrd and Uthmeier's response in opposition, ECF No. 436. "Rule 26(c) gives the district court discretionary power to fashion a protective order." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). "The decision does not depend upon a legal privilege." *Id*. Nonetheless, "[t]he party seeking a protective order has the burden to demonstrate good cause, and must make a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231

F.R.D. 426, 429–30 (M.D. Fla. 2005) (quoting *United States v. Garrett*, 571 F. 2d 1323, 1326 n.3 (5th Cir. 1978)).

Here, Plaintiffs ask this Court to adopt a proposed umbrella protective order "to ensure protection of confidential information and public access to judicial records while at the same time providing an efficient vehicle for streamlining discovery." ECF No. 417 at 7. But Plaintiffs' explanation to support an umbrella protective order, particularly with respect to trade secrets and sensitive information, lacks the "particular and specific demonstration of fact" necessary to grant such a sweeping request. *See McArdle v. City of Ocala*, 463 F. Supp. 3d 1288, 1289–90 (M.D. Fla. 2020) (denying protective order where movant failed to meet evidentiary burden to show information at issue was truly confidential and met necessary criteria to qualify as trade secret).

Moreover, Plaintiffs focus too much on the failed negotiations and shifting positions of opposing counsel to justify their broad protective order. Nor are Plaintiffs entitled to an umbrella protective order because they agreed to a protective order for the Defendants—"what's good for the goose is good for the gander" is not a basis to enter a protective order. Finally, to the extent the parties focus on asserted privilege and withheld documents, there is no pending motion to compel or asserted privilege now before me. Both sides' arguments on these issues are beside the point.

Accordingly, Plaintiffs' motion, ECF No. 417, is **DENIED without prejudice** to renew in the event Plaintiffs wish to pursue a narrower protective order directed at specific discovery requests.

**SO ORDERED on September 19, 2025.**

s/Mark E. Walker_____
**United States District Judge**