IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

    *Plaintiffs*,

v.   Case No. 4:25-cv-211-MW-MAF

CORD BYRD, in his official capacity as
Secretary of State of Florida, et al.,

    *Defendants*.

_____/

**THE SECRETARY AND ATTORNEY GENERAL'S ANSWER TO
LEAGUE OF WOMEN VOTERS PLAINTIFFS'
SECOND AMENDED COMPLAINT**

The Secretary and Attorney General answer Plaintiffs League of Women Voters of Florida and League of Women Voters of Florida Education Fund, Inc. (collectively, the "League" or "Plaintiffs") second amended complaint as follows. Any allegation that's not expressly admitted is denied.

**Introduction**

1. Admit that the Florida Constitution may be amended by the citizen-initiative process. Else, denied.

2. Admitted that over the years voters have approved amendments to the Florida constitution. Else, denied.

3. Without knowledge, therefore denied.

1

4. Admitted that direct democracy and representative democracy have existed since the founding of this nation. Else, denied.

5. Admitted that the cited cases include the quoted material. Else, denied.

6. Denied.

7. Denied.

8. Admitted that HB1205 implements restrictions and requirements relating to petition circulators. Else, denied.

9. Denied.

10. Admitted that Plaintiffs seek a declaratory judgment and an injunction in Plaintiffs' second amended complaint. Denied that Plaintiffs should be afforded the relief Plaintiffs seek.

## Jurisdiction and Venue

11. Admitted that this Court has jurisdiction under the federal statutes cited. Else, denied.

12. Admitted.

13. Admitted.

## Parties

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Denied that HB1205 limits Plaintiffs' ability to participate in direct democracy efforts or restricts its role in the citizen petition process. Else, without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Admitted that HB1205 prohibits non-U.S. citizens and non-Florida residents from collecting signatures or initiative petitions. Denied that HB1205's requirements are burdensome. Denied that HB1205 "effectively prevents LULAC from participating" in the ballot initiative petition process and "make[s] it nearly impossible for LULAC and its eligible volunteers to circulate petitions." Else, without knowledge, therefore denied.

20. Admitted that Cecile Scoon is a plaintiff in this case. Else, without knowledge, therefore denied.

21. Admitted that Debra Chandler is a plaintiff in this case. Else, without knowledge, therefore denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

### Factual Allegations

### I.

26. Admitted.

3

27. Denied that placing a proposed constitutional amendment on the ballot is "by no means an easy task." Else, admitted.

28. Admitted.

29. Admitted, including footnote 1.

30. Denied.

31. Admitted to the extent that the Florida Legislature has passed bills that have affected the citizen-initiative process. Denied as to Plaintiffs' characterization of those bills and their motivations. Else, denied.

32. Admitted to the extent that in 1997, the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Else, denied

33. Admitted to the extent that in 2002, the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Else, denied.

34. Admitted.

35. Admitted that voters approved the 2018 Voter Registration Amendment, resulting in the restoration of voting rights for Floridians with felony convictions after they have completed all the terms of their sentence (excluding those convicted of murder or sexual offenses, unless such rights are restored through the grant of clemency). Admitted to the extent the Florida Legislature passed a bill that affected the

citizen-initiative process. Denied as to Plaintiffs' descriptions of the bill, its motivations, and that it constituted a "strict regulatory scheme" on paid petitioners. Else, denied.

36. Admitted to the extent that in 2020, the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Else, denied.

37. Admitted that the Division of Elections issued an advisory opinion stating that a digital signature may not be considered an original signature for purposes of a constitutional amendment initiative petition form. Else, denied.

38. Denied.

39. Denied.

## II.

40. Denied.

### A.

41. Admitted that HB1205 defines "petition circulator" and requires petition circulators to register and undergo training. Else, denied.

42. Admitted that the cited statute contains the quoted material. Else, denied.

43. Admitted that a volunteer may fall within HB1205's definition of a petition circulator. Else, denied.

44. Admitted that HB1205 contains the quoted material. Else, denied.

45. Admitted.

5

46. Admitted that HB1205 defines "petition circulator" and requires petition circulators to register. Else, denied.

47. Admitted that HB1205 prohibits non-U.S. citizens, non-Florida residents, and felons who have not had their voting rights restored from collecting signatures or initiative petitions. Else, denied.

48. Denied.

**B.**

49. Admitted that petition circulators must comply with disclosure and oath requirements set forth in HB1205. Else, denied.

50. Admitted.

51. Admitted.

52. Admitted.

53. Denied.

54. Admitted that petition forms are publicly available documents under Florida law. Else, denied.

**C.**

55. Admitted that the definition of a petition circulator does not include a person who "collects, delivers, or otherwise physically possesses no more than 25 signed petition forms in addition to his or her own signed petition form or a signed petition form belonging to the person's spouse, or the parent, child, grandparent,

grandchild, or sibling of the person or the person's spouse." Admitted that HB1205 contains the quoted material. Else, denied.

56. Denied.

57. Denied.

58. Denied.

**D.**

59. Admitted.

60. Admitted.

61. Admitted that HB1205 imposes a fine in the amount of $50 per each day late for each petition form received by the supervisor of elections. Admitted that HB1205 imposes a fine in the amount of $2,500 for each late petition form received if the sponsor or petition circulator acted willfully. Else, denied.

62. Denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

**E.**

65. Denied.

66. Admitted.

67. Admitted.

68. Admitted that HB1205 contains the quoted material. Else, denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Admitted that HB1205 and section 895.02, Florida Statutes, define "irregularity." Else, denied.

### F.

74. Admitted that petition circulators may be subject to investigation by OECS and that violations of HB1205 may impose criminal liability. Else, denied.

75. Admitted.

76. Admitted.

### G.

77. Admitted that initiative sponsors may be subject to fines for violations of HB1205. Else, denied.

### III.

### A.

78. Without knowledge, therefore denied.

79. Without knowledge, therefore denied.

80. Without knowledge, therefore denied.

81. Without knowledge, therefore denied.

82. Without knowledge, therefore denied.

83. Without knowledge, therefore denied.

84. Without knowledge, therefore denied.

85. Without knowledge, therefore denied.

86. Without knowledge, therefore denied.

87. Without knowledge, therefore denied.

88. As to the first sentence, without knowledge, therefore denied. Else, denied.

89. Denied that HB1205's requirements are "burdensome." Else, without knowledge, therefore denied.

90. Admitted that non-U.S. citizens and felons who have not had their voting rights restored are prohibited from serving as petition circulators. Else, without knowledge, therefore denied.

91. Denied.

92. Denied.

93. Denied.

94. As to the first sentence, denied. Else, without knowledge, therefore denied.

95. As to the first sentence, denied. Else, without knowledge, therefore denied.

96. As to the first sentence, denied. Else, without knowledge, therefore denied.

97. As to the first sentence, admitted that petition forms must be delivered to the supervisor of elections in the county in which the voter resides within 10 days after the voter signs the form. Else, without knowledge, therefore denied.

98. Without knowledge, therefore denied.

99. Without knowledge, therefore denied.

100. Without knowledge, therefore denied.

101. Denied.

102. Admitted that a person who fills in missing information on a signed petition commits a felony in the third degree. Else, denied.

103. As to the first sentence, denied. Else without knowledge, therefore denied.

104. Denied.

105. As to the first sentence, denied. Admitted that HB1205 prohibits the retention of a voter's personal information, such as the voter's Florida driver license number, for any reason other than to provide such information to the sponsor of the initiative petition. Else, without knowledge, therefore denied.

106. As to the first sentence, denied. Else, without knowledge, therefore denied.

107. Without knowledge, therefore denied.

108. Without knowledge, therefore denied.

109. As to the last sentence, denied. Else, without knowledge, therefore denied.

110. As to the second sentence, without knowledge, therefore denied. Else, denied.

111. Denied.

112. Without knowledge, therefore denied.

113. As to the last sentence, denied. Else, without knowledge, therefore denied.

114. Without knowledge, therefore denied.

115. Without knowledge, therefore denied.

116. Denied that HB1205's provisions are "burdensome, vague, and harsh." Else, without knowledge, therefore denied.

117. As to the first sentence, denied. Else, without knowledge, therefore denied.

118. As to the first and last sentence, denied. Else, without knowledge, therefore denied.

119. Denied.

120. Denied.

121. Denied.

122. Admitted that Plaintiffs Scoon and Chandler must comply with HB1205. Else, without knowledge, therefore denied.

123. As to the first sentence, denied. Admitted that Plaintiffs Scoon and Chandler must comply with the requirements of HB1205. Else, without knowledge, therefore denied.

124. Without knowledge, therefore denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied that Plaintiffs are entitled to the relief they seek.

## Claims for Relief

## Count I

## Denied that HB1205 burdens core political speech in violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983

133. The Secretary and Attorney General reallege their responses in paragraphs 1 to 132.

134. Admitted to the extent that the First Amendment applies to certain aspects of petition circulation. Else, denied.

135. Admitted to the extent that the First Amendment applies to certain aspects of petition circulation. Else, denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied that Plaintiffs are entitled to the relief they seek. Else, denied.

## Count II

**Denied that HB1205 violates the right to free association under the First and Fourteenth Amendments and 42 U.S.C. § 1983**

140. The Secretary and Attorney General reallege their responses in paragraphs 1 to 132.

141. Admitted.

142. Admitted to the extent the First Amendment protects free association. Else, denied.

143. Denied.

144. Denied that Plaintiffs are entitled to the relief they seek. Else, denied.

## Count III

**Denied that HB1205 violates Due Process under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983**

145. The Secretary realleges his responses in paragraphs 1 to 65, 68 to 73, 77 to 100, and 104 to 132.

146. Admitted that the void for vagueness doctrine requires that laws must be written with sufficient clarity for a reasonable person to understand. Admitted that this paragraph contains a citation to a case. Else, denied.

147. Denied.

148. Admit that Plaintiffs may be subject to fines and penalties if they violate HB1205. Else, denied.

149. Admitted that HB1205 contains the quoted material. Denied that the quoted material is vague. Else, denied.

150. Denied that Plaintiffs are entitled to the relief they seek. Else, denied.

### Count IV

**Denied that HB1205 has an impermissible chilling effect on speech—or that it is substantially overbroad—under the First and Fourteenth Amendments and 42 U.S.C. § 1983**

151. The Secretary and Attorney General reallege their responses in paragraphs 1 to 132.

152. Admitted that a law may be struck down for being substantially overboard. Denied that the substantial overbreadth doctrine applies to HB1205. Else, denied.

153. Admitted that the substantial overbreadth doctrine protects against laws that are so broadly written that they deter people from engaging in constitutionally protected speech. Denied that the substantial overbreadth doctrine applies to HB1205. Denied that HB1205 deters people from engaging in constitutionally protected speech. Else, denied.

154. Denied.

155. Denied that Plaintiffs are entitled to the relief they seek. Else, denied.

## Count V

**Denied that HB1205 constitutes discriminatory treatment of non-citizens or that it otherwise violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983**

156. The Secretary and Attorney General reallege their responses in paragraphs 1 to 39, 47 to 54, 78, 88, 90 to 92, 111 to 112, 116 to 118, and 125 to 132.

157. Admitted that the Fourteenth Amendment to the U.S. Constitution contains the cited material. Denied that HB1205 violates the Fourteenth Amendment. Else, denied.

158. Admitted that HB1205 prohibits non-U.S. citizens from being petition circulators. As to the second sentence, without knowledge, therefore denied. Else, denied.

159. Admitted that the cases cited contain the quoted material. Denied that the cases cited apply in this case. Else, denied.

160. Denied.

161. Admitted that the case cited contains the quoted material. Else, denied.

162. Admitted that HB1205 prohibits non-U.S. citizens from collecting signatures or initiative petitions. Else, denied.

163. Denied.

164. Denied that Plaintiffs are entitled to the relief they seek. Else, denied.

## Prayer for Relief

Wherefore: Denied that Plaintiffs are entitled to a judgment in Plaintiffs' favor.

1. Denied.

2. Denied.

3. Denied.

4. Denied.

Dated: September 26, 2025

JAMES UTHMEIER
  *Attorney General*

/s/ William H. Stafford III
William H. Stafford III
  SPECIAL COUNSEL
Sara E. Spears
  ASSISTANT ATTORNEY GENERAL
Complex Litigation Division
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3785
William.Stafford@myfloridalegal.com
Sara.Spears@myfloridalegal.com
ComplexLitigation@myfloridalegal.com

*Counsel for Florida Attorney General*

Respectfully submitted,

Ashley Davis (FBN 48032)
  General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough Street
Tallahassee, Florida 32399
(850) 245-6511
Ashley.davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the Secretary*

## **CERTIFICATE OF SERVICE**

I certify that on September 26, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil
