# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE, INC., et al.,

*Plaintiffs*,

v.

No. 4:25-cv-211-MW-MAF

CORD BYRD, in his official capacity as Florida Secretary of State, et al.,

*Defendants*,

REPUBLICAN PARTY OF FLORIDA,

*Intervenor-Defendant*.

## THE REPUBLICAN PARTY OF FLORIDA'S ANSWER TO LEAGUE OF WOMEN VOTERS INTERVENOR-PLAINTIFFS' SECOND AMENDED COMPLAINT

Intervenor-Defendant the Republican Party of Florida ("RPOF") now answers Intervenor-Plaintiffs League of Women Voters of Florida, League of Women Voters of Florida Education Fund, Inc. (together, "LWVFL" or the "League"), League of United Latin American Citizens ("LULAC"), Cecile Scoon, and Debra Chandler's (collectively, "Intervenor-Plaintiffs") Second Amended Complaint (ECF No. 431). Unless expressly admitted below, every allegation of the Second Amended Complaint is denied. Accordingly, RPOF states:

## INTRODUCTION[1]

---

[1] Throughout their Second Amended Complaint Intervenor-Plaintiffs include a number of headings that make unproven and untrue factual allegations. To the extent Intervenor-Plaintiffs intend any of its headings to serve as substantive allegations that

1. Admitted that the Florida Constitution authorizes a citizens' initiative process. Otherwise denied.

2. Admitted that the Florida Division of Elections' records regarding vote totals of constitutional amendments on the ballot and their passage or failure rates speak for themselves. Otherwise denied.

3. Without knowledge and therefore denied.

4. Admitted that direct democracy and representative democracy have existed since the founding of this nation. Otherwise denied.

5. The cited cases speak for themselves. Otherwise, the remaining allegations are legal conclusions to which no response is required.

6. Denied.

7. Denied.

8. Admitted that HB 1205[2] speaks for itself. Otherwise denied.

9. Denied.

10. Admitted that Intervenor-Plaintiffs seek a declaratory judgment and injunctive relief. Denied that Intervenor-Plaintiffs' claims have merit or that Intervenor-Plaintiffs are entitled to relief.

---

require a response, they are denied. RPOF includes the headings herein solely for ease of reference in this Answer.

[2] Although the Second Amended Complaint refers throughout to "HB 1205," Intervenor-Defendant interprets this to mean the final version of the bill that passed and was signed into law, which was Committee Substitute for House Bill 1205 or "CS/HB 1205."

## JURISDICTION AND VENUE

11. Admitted that Intervenor-Plaintiffs have filed this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202 but denied that Intervenor-Plaintiffs have any valid claim under these laws. Otherwise denied.

12. Admitted.

13. Admitted.

## PARTIES

**Plaintiffs**

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Denied that HB1205 limits Intervenor-Plaintiffs' ability to participate in direct democracy efforts or restricts their role in the citizen petition process. Otherwise without knowledge and therefore denied..

18. Without knowledge and therefore denied.

19. Admitted that HB1205 prohibits non-U.S. citizens and non-Florida residents from collecting signatures or initiative petitions. Denied that HB 1205's requirements are burdensome. Denied that HB 1205 "effectively prevents LULAC from participating" in the ballot initiative petition process and "make[s] it nearly impossible for LULAC and its eligible volunteers to circulate petitions." Otherwise without knowledge and therefore denied.

20. Admitted that Cecile Scoon is an Intervenor-Plaintiff in this case. Otherwise without knowledge and therefore denied.

21. Admitted that Debra Chandler is an Intervenor-Plaintiff in this case. Otherwise without knowledge and therefore denied.

**Defendants**

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

## FACTUAL ALLEGATIONS

### I. BACKGROUND ON FLORIDA'S BALLOT INITIATIVE PROCESS

26. Admitted.

27. Denied that placing a proposed constitutional amendment on the ballot is "by no means an easy task." Otherwise admitted.

28. Admitted.

29. Admitted, including Footnote 1.

30. Denied.

31. Admitted to the extent that the Florida Legislature has passed bills that have affected the citizen-initiative process. Denied as to Plaintiffs' characterization of those bills and their motivations. Otherwise denied.

32. Admitted to the extent that in 1997, the Florida Legislature passed a bill

4

that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Otherwise denied.

33. Admitted to the extent that in 2002, the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Otherwise denied.

34. Admitted.

35. Admitted that voters approved the 2018 Voter Registration Amendment, resulting in the restoration of voting rights for Floridians with felony convictions after they have completed all the terms of their sentence (excluding those convicted of murder or sexual offenses, unless such rights are restored through the grant of clemency). Admitted to the extent the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' descriptions of the bill, its motivations, and that it constituted a "strict regulatory scheme" on paid petitioners. Otherwise denied.

36. Admitted to the extent that in 2020, the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Otherwise denied.

37. Admitted that the Division of Elections issued an advisory opinion stating that a digital signature may not be considered an original signature for purposes of a constitutional amendment initiative petition form. Otherwise denied.

38. Denied.

39. Denied.

## II. THE CHALLENGED PROVISIONS OF THE LAW

40. Denied.

### A. Petition Circulator Definition Provision and Eligibility Requirements

41. Admitted that HB 1205 defines "petition circulator" and requires petition circulators to register and undergo training. Otherwise denied.

42. Admitted that Florida Statutes (2024) speak for themselves. Otherwise denied.

43. Admitted that HB 1205's definition of a petition circulator may include a volunteer. Otherwise denied.

44. Admitted that HB 1205 speaks for itself. Otherwise denied.

45. Admitted.

46. Admitted that HB 1205 defines "petition circulator" and requires petition circulators to register. Otherwise denied.

47. Admitted that HB 1205 prohibits non-U.S. citizens, non-Florida residents, and felons who have not had their voting rights restored from collecting signatures or initiative petitions. Otherwise denied.

48. Denied.

### B. The Disclosure, Affidavit, and Registration Requirements

49. Admitted that petition circulators must comply with disclosure and oath requirements set forth in HB 1205. Otherwise denied.

50. Admitted.

51. Admitted.

52. Admitted.

53. Denied.

54. Admitted that petition forms are publicly available documents under Florida law. Otherwise denied.

### C. The Personal Use Petition Restrictions

55. Admitted that the definition of a petition circulator does not include a person who "collects, delivers, or otherwise physically possesses no more than 25 signed petition forms in addition to his or her own signed petition form or a signed petition form belonging to the person's spouse, or the parent, child, grandparent, grandchild, or sibling of the person or the person's spouse." Admitted that HB 1205 speaks for itself. Otherwise denied.

56. Denied.

57. Denied.

58. Denied.

### D. The 10-Day Return Deadline

59. Admitted.

60. Admitted.

61. Admitted that HB 205 imposes a fine in the amount of $50 per each day late for each petition form received by the supervisor of elections. Admitted that

HB 1205 imposes a fine in the amount of $2,500 for each late petition form received if the sponsor or petition circulator acted willfully. Otherwise denied.

62. Denied.

63. Without knowledge and therefore denied.

64. Without knowledge and therefore denied.

### E. The Criminal Penalties

65. Denied.

66. Admitted.

67. Admitted.

68. Admitted that HB 1205 speaks for itself. Otherwise denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Admitted that HB 1205 and section 895.02, Florida Statutes, define "irregularity." Otherwise denied.

### F. The Investigation Provisions

74. Admitted that petition circulators may be subject to investigation by the Office of Election Crimes and Security and that violations of HB 1205 may impose criminal liability. Otherwise denied.

75. Admitted.

    76.    Admitted.

### G. Fines Provision

    77.    Admitted that initiative sponsors may be subject to fines for violations of HB 1205. Otherwise denied.

## III. THE IMPACT OF THE CHALLENGED PROVISIONS ON PLAINTIFFS

### A. Plaintiff LWVFL

    78.    Without knowledge and therefore denied.

    79.    Without knowledge and therefore denied.

    80.    Without knowledge and therefore denied.

    81.    Without knowledge and therefore denied.

    82.    Without knowledge and therefore denied.

    83.    Without knowledge and therefore denied.

    84.    Without knowledge and therefore denied.

    85.    Without knowledge and therefore denied.

    86.    Without knowledge and therefore denied.

    87.    Without knowledge and therefore denied.

    88.    Without knowledge as to the first sentence in the paragraph and therefore denied. Otherwise denied.

    89.    Denied that HB 1205's requirements are "burdensome." Otherwise denied.

90. Admitted that non-U.S. citizens and felons who have not had their voting rights restored are prohibited from serving as petition circulators. Otherwise without knowledge as to the League's members and operations and therefore denied. Otherwise denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

95. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

96. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

97. As to the first sentence, admitted that petition forms must be delivered to the supervisor of elections in the county in which the voter resides within 10 days after the voter signs the form. Otherwise without knowledge and therefore denied.

98. Without knowledge as to LWVFL's operations and therefore denied. Otherwise denied.

99. Without knowledge as to LWVFL's operations and therefore denied. Otherwise denied.

100. Without knowledge as to LWVFL's relationships with sponsors and

potential sponsors and LWVFL's reputation and therefore denied. Otherwise denied.

101. Admitted that HB 1205 speaks for itself. Otherwise denied.

102. Admitted that a person who fills in missing information on a signed petition commits a felony in the third degree. Otherwise denied.

103. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

104. Denied.

105. Denied as to the first sentence of the paragraph. Admitted that HB 1205 prohibits the retention of a voter's personal information, such as the voter's Florida driver license number, for any reason other than to provide such information to the sponsor of the initiative petition. Otherwise without knowledge and therefore denied.

106. Denied as to the first sentence of the paragraph and that LWVFL's efforts will be "stymied." Otherwise without knowledge and therefore denied.

107. Without knowledge as to the League's operations, procedures, and considerations and therefore denied. Otherwise denied.

108. Admitted that HB 1205 speaks for itself. Otherwise without knowledge and therefore denied.

109. Denied that a 75% validity rate places a "significant burden" on LWVFL and denied as to the last sentence. Otherwise without knowledge and therefore denied.

110. Without knowledge as to the second sentence of the paragraph and therefore denied. Otherwise denied.

11

111. Denied.

112. Denied.

113. Denied as to the last sentence of the paragraph. Otherwise without knowledge and therefore denied.

**B. LULAC**

114. Without knowledge and therefore denied.

115. Without knowledge and therefore denied.

116. Denied that HB 1205's provisions are "burdensome, vague, and harsh." Otherwise without knowledge and therefore denied.

117. Denied as to the first sentence in the paragraph. Otherwise without knowledge and therefore denied.

118. Denied as to the first and last sentences in the paragraph. Otherwise without knowledge and therefore denied.

119. Denied.

120. Denied.

121. Denied.

**C. The Individual Plaintiffs**

122. Admitted that Intervenor-Plaintiffs Scoon and Chandler must comply with HB 1205. Otherwise without knowledge and therefore denied.

123. Denied as to the first sentence of the paragraph. Admitted that Intervenor-Plaintiffs Scoon and Chandler must comply with HB 1205. Otherwise

without knowledge and therefore denied.

124. Denied as to a "chilling effect." Otherwise without knowledge and therefore denied.

## IV. THE PROVISIONS OF THE LAW ARE NOT TAILORED TO THE LEGISLATURE'S STATED INTENT.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## CLAIMS FOR RELIEF

### COUNT I
### Burden on Core Political Speech in Violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983

133. RPOF realleges its responses to Intervenor-Plaintiffs' allegations in paragraphs 1 to 132.

134. Admitted to the extent that the First Amendment applies to certain aspects of petition circulation. Otherwise denied.

135. Admitted to the extent that the First Amendment applies to certain

13

aspects of petition circulation. Otherwise denied.

136. Denied.

137. Denied.

138. Denied.

139. RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## COUNT II
## Violation of the Right to Free Association Under the First and Fourteenth Amendments and 42 U.S.C. § 1983

140. RPOF realleges its responses to Intervenor-Plaintiffs' allegations in paragraphs 1 to 132.

141. Admitted.

142. Admitted to the extent the First Amendment protects free association and the cited case speaks for itself. Otherwise denied.

143. Denied.

144. RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## COUNT III
## Violation of Due Process Under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983

145. RPOF realleges its responses to Intervenor-Plaintiffs' allegations in paragraphs 1 to 65, 68 to 73, 77-100, and 104 to 132.

146. Admitted that the void for vagueness doctrine requires that laws must be

14

written with sufficient clarity for a reasonable person to understand. Admitted that the cited case speaks for itself. Otherwise denied.

147. Denied.

148. Admit that Intervenor-Plaintiffs may be subject to fines and penalties if they violate HB 1205. Otherwise denied.

149. Admitted that HB 1205 speaks for itself. Denied that the quoted material within the paragraph is vague. Otherwise denied.

150. RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## COUNT IV
### Impermissible Chilling Effect on Speech Due to Substantial Overbreadth Under the First and Fourteenth Amendments and 42 U.S.C. § 1983

151. RPOF realleges its responses to Intervenor-Plaintiffs' allegations in paragraphs 1 to 132.

152. Admitted that a law may be struck down for being substantially overboard. Denied that the substantial overbreadth doctrine applies to HB 1205. Admitted that the cited case speaks for itself. Otherwise denied.

153. Admitted that the substantial overbreadth doctrine protects against laws that are so broadly written that they deter people from engaging in constitutionally protected speech. Denied that the substantial overbreadth doctrine applies to HB 1205. Denied that HB 1205 deters people from engaging in constitutionally protected speech.

154. Denied.

155.   RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## COUNT V
## Discriminatory Treatment of Non-Citizens in Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983

156.   RPOF realleges its responses to Intervenor-Plaintiffs' allegations in paragraphs 1 to 39, 47 to 54, 78, 88, 90 to 92, 111 to 112, 116 to 118, and 125 to 132.

157.   Admitted that the United States Constitution speaks for itself. Denied that HB 1205 violates the Fourteenth Amendment. Otherwise denied.

158.   Admitted that HB 1205 prohibits non-U.S. citizens from being petition circulators. Without knowledge as the second sentence in the paragraph and therefore denied. Otherwise denied.

159.   Admitted that the cited cases speak for themselves. Denied that those cases apply in this litigation. Otherwise denied.

160.   Denied.

161.   Admitted that the cited case speaks for itself. Otherwise denied.

162.   Admitted that HB1205 prohibits non-U.S. citizens from collecting signatures or initiative petitions. Otherwise denied.

163.   Denied.

164.   RPOF denies that Intervenor-Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## PRAYER FOR RELIEF

WHEREFORE, RPOF denies that Intervenor-Plaintiffs are entitled to a judgment in their favor or any relief:

1. RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief:

2. RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief;

3. RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief; and

4. RPOF denies that Intervenor-Plaintiffs are entitled to the requested relief.

Dated: September 26, 2025

Respectfully submitted,

*/s/ Benjamin J. Gibson*
Benjamin J. Gibson
Fla. Bar No. 58661
Daniel E. Nordby
Fla. Bar No. 14588
Tara R. Price
Fla. Bar No. 98073
Nicholas J.P. Meros
Fla. Bar No. 120270
Kassandra S. Reardon
Fla. Bar No. 1033220
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
bgibson@shutts.com
dnordby@shutts.com
tprice@shutts.com
nmeros@shutts.com
kreardon@shutts.com
smartin@shutts.com
chill@shutts.com

*Counsel for Intervenor-Defendant Republican Party of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve all parties whose counsel have entered appearances.

*/s/ Benjamin J. Gibson*