# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

    Plaintiffs,

v.                                            Case No. 4:25-cv-00211-MW-MAF

CORD BYRD, in his official capacity as
Secretary of State of Florida, et al.,

    Defendants.

_____/

## THE STATE ATTORNEYS' ANSWER TO LEAGUE OF WOMEN VOTERS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, GINGER BOWDEN MADDEN, in her official capacity as State Attorney for the First Judicial Circuit of Florida; JACK CAMPBELL, in his official capacity as State Attorney for the Second Judicial Circuit of Florida; JOHN DURRETT, in his official capacity as State Attorney for the Third Judicial Circuit of Florida; MELISSA W. NELSON, in her official capacity as State Attorney for the Fourth Judicial Circuit of Florida; BILL GLADSON, in his official capacity as State Attorney for the Fifth Judicial Circuit of Florida; BRUCE BARTLETT, in his official capacity as State Attorney for the Sixth Judicial Circuit of Florida; R.J. LARIZZA, in his official capacity as State Attorney for the Seventh Judicial Circuit of Florida; BRIAN KRAMER, in his official capacity as State Attorney for the

Eighth Judicial Circuit of Florida; MONIQUE WORRELL, in her official capacity as State Attorney for the Ninth Judicial Circuit of Florida; BRIAN HAAS, in his official capacity as State Attorney for the Tenth Judicial Circuit of Florida; KATHERINE FERNANDEZ RUNDLE, in her official capacity as State Attorney for the Eleventh Judicial Circuit of Florida; ED BRODSKY, in his official capacity as State Attorney for the Twelfth Judicial Circuit of Florida; SUSAN LOPEZ, in her official capacity as State Attorney for the Thirteenth Judicial Circuit of Florida; LARRY BASFORD, in his official capacity as State Attorney for the Fourteenth Judicial Circuit of Florida; ALEXCIA COX, in her official capacity as State Attorney for the Fifteenth Judicial Circuit of Florida; DENNIS W. WARD, in his official capacity as State Attorney for the Sixteenth Judicial Circuit of Florida; HAROLD F. PRYOR, in his official capacity as State Attorney for the Seventeenth Judicial Circuit of Florida; WILL SCHEINER, in his official capacity as State Attorney for the Eighteenth Judicial Circuit of Florida; THOMAS BAKKEDAHL, in his official capacity as State Attorney for the Nineteenth Judicial Circuit of Florida; and AMIRA D. FOX, in her official capacity as State Attorney for the Twentieth Judicial Circuit of Florida, ("State Attorneys"), by and through the undersigned counsel, hereby answer Plaintiffs, League of Women Voters of Florida, League of Women Voters of Florida Education Fund, Inc., League of United Latin American Citizens, Cecile Scoon, and Debra Chandler's, (collectively, the "League"

2

or "Plaintiffs"), Second Amended Complaint, (ECF No. 431), as follows. Any allegation that is not expressly admitted is denied.

## INTRODUCTION

1. Admitted that the Florida Constitution may be amended by the citizen-initiative process. Otherwise denied.

2. Admitted that over the years voters have approved amendments to the Florida constitution. Otherwise denied.

3. Without knowledge and therefore denied.

4. Admitted that direct democracy and representative democracy have existed since the founding of this nation. Otherwise denied.

5. The cited cases speak for themselves. Otherwise denied.

6. Denied.

7. Denied.

8. Admitted that HB 1205 speaks for itself. Otherwise denied.

9. Denied.

10. Admitted that Plaintiffs seek a declaratory judgment and an injunction in Plaintiffs' second amended complaint. Denied that Plaintiffs should be afforded the relief Plaintiffs seek.

## JURISDICTION AND VENUE

11. Admitted that this Court has jurisdiction under the federal statutes cited. Otherwise denied.

12. Admitted.

13. Admitted.

## PARTIES

**Plaintiffs**

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Denied that HB 1205 limits Plaintiffs' ability to participate in direct democracy efforts or restricts its role in the citizen petition process. Otherwise without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Admitted that HB 1205 prohibits non-U.S. citizens and non-Florida residents from collecting signatures or initiative petitions. Denied that HB 1205's requirements are burdensome. Denied that HB 1205 "effectively prevents LULAC from participating" in the ballot initiative petition process and "make[s] it nearly impossible for LULAC and its eligible volunteers to circulate petitions." Otherwise without knowledge and therefore denied.

20. Admitted that Cecile Scoon is a plaintiff in this case. Otherwise without knowledge and therefore denied.

21. Admitted that Debra Chandler is a plaintiff in this case. Otherwise without knowledge and therefore denied.

**Defendants**

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

## FACTUAL ALLEGATIONS

### I. BACKGROUND ON FLORIDA'S BALLOT INITIATIVE PROCESS

26. Admitted.

27. Denied that placing a proposed constitutional amendment on the ballot is "by no means an easy task." Otherwise admitted.

28. Admitted.

29. Admitted, including Footnote 1.

30. Denied.

31. Admitted to the extent that the Florida Legislature has passed bills that have affected the citizen-initiative process. Denied as to Plaintiffs' characterization of those bills and their motivations. Otherwise denied.

32. Admitted to the extent that in 1997, the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Otherwise denied.

33. Admitted to the extent that in 2002, the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Otherwise denied.

34. Admitted.

35. Admitted that voters approved the 2018 Voter Registration Amendment, resulting in the restoration of voting rights for Floridians with felony convictions after they have completed all the terms of their sentence (excluding those convicted of murder or sexual offenses, unless such rights are restored through the grant of clemency). Admitted to the extent the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' descriptions of the bill, its motivations, and that it constituted a "strict regulatory scheme" on paid petitioners. Otherwise denied.

36. Admitted to the extent that in 2020, the Florida Legislature passed a bill that affected the citizen-initiative process. Denied as to Plaintiffs' characterization of the bill and its motivations. Otherwise denied.

37. Admitted that the Division of Elections issued an advisory opinion stating that a digital signature may not be considered an original signature for purposes of a constitutional amendment initiative petition form. Otherwise denied.

38. Denied.

39. Denied.

## II. THE CHALLENGED PROVISIONS OF THE LAW

40. Denied.

### A. Petition Circulator Definition Provision and Eligibility Requirements

41. Admitted that HB 1205 defines "petition circulator" and requires petition circulators to register and undergo training. Otherwise denied.

42. Admitted that Florida Statutes (2024) speak for themselves. Otherwise denied.

43. Admitted that HB 1205's definition of a petition circulator may include a volunteer. Otherwise denied.

44. Admitted that HB 1205 speaks for itself. Otherwise denied.

45. Admitted.

46. Admitted that HB 1205 defines "petition circulator" and requires petition circulators to register. Otherwise denied.

47. Admitted that HB 1205 prohibits non-U.S. citizens, non-Florida residents, and felons who have not had their voting rights restored from collecting signatures or initiative petitions. Otherwise denied.

48. Denied.

**B.    The Disclosure, Affidavit, and Registration Requirements**

49. Admitted that petition circulators must comply with disclosure and oath requirements set forth in HB 1205. Otherwise denied.

50. Admitted.

51. Admitted.

52. Admitted.

53. Denied.

54. Admitted that petition forms are publicly available documents under Florida law. Else denied.

**C.    The Personal Use Restrictions**

55. Admitted that the definition of a petition circulator does not include a person who "collects, delivers, or otherwise physically possesses no more than 25 signed petition forms in addition to his or her own signed petition form or a signed petition form belonging to the person's spouse, or the parent, child, grandparent, grandchild, or sibling of the person or the person's spouse." Admitted that HB 1205 speaks for itself. Otherwise denied.

56. Denied.

57. Denied.

58. Denied.

**D.     The 10-Day Return Deadline**

59. Admitted.

60. Admitted.

61. Admitted that HB 1205 imposes a fine in the amount of $50 per each day late for each petition form received by the supervisor of elections. Admitted that HB 1205 imposes a fine in the amount of $2,500 for each late petition form received if the sponsor or petition circulator acted willfully. Otherwise denied.

62. Denied.

63. Without knowledge and therefore denied.

64. Without knowledge and therefore denied.

**E.     The Criminal Penalties**

65. Denied.

66. Admitted.

67. Admitted.

68. Admitted the HB 1205 speaks for itself. Otherwise denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Admitted that HB 1205 and section 895.02, Florida Statutes, define "irregularity." Otherwise denied.

### F. The Investigation Provisions

74. Admitted that petition circulators may be subject to investigation by OECS and that violations of HB 1205 may impose criminal liability. Otherwise denied.

75. Admitted.

76. Admitted.

### G. Fines Provisions

77. Admitted that initiative sponsors may be subject to fines for violations of HB 1205. Otherwise denied.

### III. THE IMPACT OF THE CHALLENGED PROVISIONS ON PLAINTIFFS

#### A. Plaintiff LWVFL

78. Without knowledge and therefore denied.

79. Without knowledge and therefore denied.

80. Without knowledge and therefore denied.

81. Without knowledge and therefore denied.

82. Without knowledge and therefore denied.

83. Without knowledge and therefore denied.

84. Without knowledge and therefore denied.

85. Without knowledge and therefore denied.

86. Without knowledge and therefore denied.

87. Without knowledge and therefore denied.

88. Without knowledge as to the first sentence in the paragraph and therefore denied. Otherwise denied.

89. Denied that HB 1205's requirements are "burdensome." Otherwise without knowledge and therefore denied.

90. Admitted that non-U.S. citizens and felons who have not had their voting rights restored are prohibited from serving as petition circulators. Otherwise without knowledge and therefore denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

95. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

96. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

97. As to the first sentence, admitted that petition forms must be delivered to the supervisor of elections in the county in which the voter resides within 10 days after the voter signs the form. Otherwise without knowledge and therefore denied.

98. Without knowledge and therefore denied.

99. Without knowledge and therefore denied.

100. Without knowledge and therefore denied.

101. Denied.

102. Admitted that a person who fills in missing information on a signed petition commits a felony in the third degree. Otherwise denied.

103. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

104. Denied.

105. Denied as to the first sentence of the paragraph. Admitted that HB 1205 prohibits the retention of a voter's personal information, such as the voter's Florida driver license number, for any reason other than to provide such information to the sponsor of the initiative petition. Otherwise without knowledge and therefore denied.

106. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

107. Without knowledge and therefore denied.

108. Without knowledge and therefore denied.

109. Denied as to the last sentence of the paragraph. Otherwise without knowledge and therefore denied.

110. Without knowledge as to the second sentence of the paragraph and therefore denied. Otherwise denied.

111. Denied.

112. Denied.

113. Denied as to the last sentence of the paragraph. Otherwise without knowledge and therefore denied.

**B.  LULAC**

114. Without knowledge and therefore denied.

115. Without knowledge and therefore denied.

116. Denied that HB 1205's provisions are "burdensome, vague, and harsh." Otherwise without knowledge and therefore denied.

117. Denied as to the first sentence of the paragraph. Otherwise without knowledge and therefore denied.

118. Denied as to the first and last sentence of the paragraph. Otherwise without knowledge and therefore denied.

119. Denied.

120. Denied.

121. Denied.

### C. The Individual Plaintiffs

122. Admitted that Plaintiffs Scoon and Chandler must comply with Hb 1205. Otherwise without knowledge and therefore denied.

123. Denied as to the first sentence of the paragraph. Admitted that Plaintiffs Scoon and Chandler must comply with the requirements of Hb 1205. Otherwise without knowledge and therefore denied.

124. Without knowledge and therefore denied.

### IV. THE PROVISIONS OF THE LAW ARE NOT TAILORED TO THE LEGISLATURE'S STATED INTENT.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## CLAIMS FOR RELIEF

### COUNT I
### Burden on Core Political Speech in Violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983

133. The State Attorneys reallege their responses in paragraphs 1 to 132.

134. Admitted to the extent that the First Amendment applies to certain aspects of petition circulation. Otherwise denied.

135. Admitted to the extent that the First Amendment applies to certain aspects of petition circulation. Otherwise denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied that Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

### COUNT II
### Violation of the Right to Free Association Under the First and Fourteenth Amendments and 42 U.S.C. § 1983

140. The State Attorneys reallege their responses in paragraphs 1 to 132.

141. Admitted.

142. Admitted to the extent the First Amendment protects free association. Otherwise denied.

143. Denied.

144. Denied that Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## COUNT III
### Violation of Due Process Under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983

145. The State Attorneys reallege their responses in paragraphs 1 to 132.

146. Admitted that the void for vagueness doctrine requires that laws must be written with sufficient clarity for a reasonable person to understand. Admitted that the cited case speaks for itself. Otherwise denied.

147. Denied.

148. Admit that Plaintiffs may be subject to fines and penalties if they violate HB 1205. Otherwise denied.

149. Admitted that HB 1205 speaks for itself. Denied that the quoted material within the paragraph is vague. Otherwise denied.

150. Denied that Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## COUNT IV
### Impermissible Chilling Effect on Speech Due to Substantial Overbreadth Under the First and Fourteenth Amendments and 42 U.S.C. § 1983

151. The State Attorneys reallege their responses in paragraphs 1 to 132.

152. Admitted that a law may be struck down for being substantially overbroad. Denied that the substantial overbreadth doctrine applies to HB 1205. Otherwise denied.

153. Admitted that the substantial overbreadth doctrine protects against laws that are so broadly written that they deter people from engaging in constitutionally protected speech. Denied that the substantial overbreadth doctrine applies to HB 1205. Denied that HB 1205 deters people from engaging in constitutionally protected speech. Otherwise denied.

154. Denied.

155. Denied that Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## COUNT V
### Discriminatory Treatment of Non-Citizens in Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C § 1983

156. The State Attorneys reallege their responses in paragraphs 1 to 132.

157. Admitted that the United States Constitution speaks for itself. Denied that HB 1205 violates the Fourteenth Amendment. Otherwise denied.

158. Admitted that HB 1205 prohibits non-U.S. citizens from being petition circulators. Without knowledge as to the second sentence in the paragraph and therefore denied. Otherwise denied.

159. Admitted that the cited cases speak for themselves. Denied that those cases apply in this case. Otherwise denied.

160. Denied.

161. Admitted that the cited case speaks for itself. Otherwise denied.

162. Admitted that HB 1205 prohibits non-U.S. citizens from collecting signatures or initiative petitions. Otherwise denied.

163. Denied.

164. Denied that Plaintiffs are entitled to judgment in their favor or any relief. Otherwise denied.

## PRAYER FOR RELIEF

WHEREFORE, the State Attorneys deny that Plaintiffs are entitled to a judgment in their favor or any relief:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

Respectfully submitted on this 3rd day of October, 2025,

       /s/ Douglas A. Wyler
       _____
       Douglas A. Wyler, Esq.
       Fla. Bar No.: 119979
       Jacobs Scholz & Wyler, LLC
       961687 Gateway Blvd., Suite 201-I

Fernandina Beach, FL 32034
(904) 261-3693
(904) 261-7879 Fax
doug@jswflorida.com
filings@jswflorida.com

*Counsel for the State Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2025, a copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared in this proceeding.

*/s/ Douglas A. Wyler*

Douglas A. Wyler, Esq.
Fla. Bar No.: 119979

*Counsel for the State Attorneys*