# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., *et al.*<br><br>*Intervenor-Plaintiffs,*<br><br>v.<br><br>CORD BYRD, in his official capacity as Secretary of the State of Florida, *et al.*<br><br>*Defendants.* | No. 4:25-cv-00211-MW-MAF |

**DECLARATION OF CHRISTINE POFF**

I, Christine Poff, hereby declare and state as follows:

1. I am over eighteen years old, and I have personal knowledge of the facts set forth in this Declaration. I could and would testify competently to those facts if called to be a witness in this case.

2. I am a Massachusetts state resident and a registered Massachusetts voter. For the last several years, I have spent part of each year in Florida. In 2024 and 2025, I spent approximately four months in Florida, and I plan to spend a similar amount of time in the state this year. I am not a Florida resident and do not currently intend to become one.

3. I am a member of the League of Women Voters' ("LWV") St. Petersburg chapter and have been a member for about one year. I do not belong to a League chapter in Massachusetts. I first connected with the LWV St. Petersburg chapter through friends

1

of mine in Gulfport, Florida, who knew of the League's efforts campaigning for reproductive rights.

4. I value the League's work because it provides a grassroots, organized way to engage voters and support direct democracy. While in Florida, I have volunteered in civic and voter-engagement efforts, including coordinating and participating in large, peaceful street-corner demonstrations in St. Petersburg—sometimes with hundreds of participants—that were focused on encouraging democracy and civic participation. During the 2024 cycle, much of the time I spent volunteering with LWV in Florida was for roughly two weeks leading up to a local election. I canvased extensively during this time and typically knocked on the doors of at least 40–100 houses per day over the course of roughly 14 days.

5. If permitted, I would collect signatures in Florida for citizen-initiative petitions during my upcoming time in the state in November of this year and January through early April of 2026. Before I was barred from participating, I planned to collect more than 25 signed petitions from voters in St. Petersburg in the Grand Central area and at street fairs and in Gulfport at the Tuesday-morning outdoor market and on Beach Boulevard in the evenings. Specifically, I would circulate petitions for the Right to Clean Water and Medicaid Expansion Ballot Initiatives. Additionally, at the next opportunity, I would, if allowed, circulate petitions related to reproductive rights.

6. I understand that Florida's recently enacted House Bill 1205 ("HB 1205") changes the rules governing initiative petition circulation. My understanding of HB 1205 is that it prohibits any non-Florida residents from serving as petition circulators in the state and requires any individual who collects more than 25 signed petition forms from

2

non-family members to first register their involvement with the State and complete a mandatory training course.

7. Learning that HB 1205 would likely prohibit me, as a non-resident, from participating in any direct efforts to circulate petitions in Florida for the causes I care about was deeply disappointing and angering. I have a sustained and urgent desire to be involved in the full range of civic-engagement opportunities during the time that I spend in Florida each year. A key part of my civic and political engagement includes my efforts to talk with and engage a large number of diverse voters on key state issues, and collecting signatures for impactful local causes so that voters can be informed and have a voice to decide those issues at the ballot box. The non-resident ban on petition circulation severely restricts my ability to fully and effectively advocate for the causes I care about in a state where I spend a meaningful part of each year and where I am an active and involved member of the community.

8. HB 1205 does not at all diminish my desire to continue being civically engaged in my local Florida communities. But it meaningfully constrains what I can lawfully and realistically do to advocate for local causes and issues during the time I am in Florida. As a result, unless the new law is enjoined, I will likely be forced to refrain from conducting any efforts to collect petitions for important causes for the foreseeable future, despite very much wanting to do so.

9. I believe that direct, grassroots democracy led primarily through the citizen-initiative process is vitally important, today more than ever. It is a fundamental way for voters to have their voices directly heard on the issues that most personally affect them, and to have a meaningful say in the decisions that impact the lives of them and their

neighbors. As an active and engaged retiree, I have the time, experience, and sincere desire to meaningfully participate and contribute to that work while I am in Florida. I would continue do so at scale—regularly and often, for long hours across the course of many weeks—if permitted to do. HB 1205 revokes my ability to politically participate in this way and inhibits my advocacy for important local causes in communities that I have long been a part of and have sought to actively contribute to.

10. If HB 1205's non-resident ban and related restrictions are not blocked, I will be unable to collect any petitions while I am in Florida without risking penalties. That outcome will curtail my participation in League activities that often involve such efforts, and will limit the League's leadership and members to leverage committed non-resident volunteers like me, who spend substantial time in Florida and have the needed flexibility, but are not residents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of October 2025 in Jamaica Plain, Massachusetts.

_____

Christine Poff

4