IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                        Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER GRANTING MOTION TO QUASH

Pending before this Court is Defendants' motion to quash the deposition subpoena directed at Bradley McVay, ECF No. 546, Plaintiffs' response in opposition, ECF No. 552, and Defendants' response to this Court's Order for Clarification, ECF No. 554. Defendants' motion seeks to quash the deposition subpoena directed at Mr. McVay because, among other reasons, the "apex doctrine" applies. *See In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (noting that "the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged"). Defendants have since clarified that Mr. McVay was the Deputy Secretary for Legal Affairs & Election Integrity, answerable to the Assistant Secretary of State and the Secretary of State, at the time he apparently led an audit of validated initiative petitions in 2024 about which Plaintiffs seek to

question him. *See, e.g.*, ECF No. 554-1 at 7.

Upon further review, now that he has provided clarification regarding the role he played at the Department of State during the pertinent time period, this Court is persuaded that Mr. McVay's current position as Statewide Prosecutor qualifies Mr. McVay as a "high official," regardless of the position he held at the Department of State. *See* ECF No. 546-2 ¶ 3. Indeed, Plaintiffs do not contend that Mr. McVay's current position does not qualify him for "apex" protection as a "high official." Instead, they argue only that his current position as Statewide Prosecutor is "irrelevant" for this Court's analysis because the deposition is directed towards acts taken while Mr. McVay was employed at the Department of State. ECF No. 552 at 8 n.1.

But the Eleventh Circuit does not slice the bread this way when it comes to how and why the "apex doctrine" applies. This Court must first consider whether the witness is a current or former "high official." *In re United States*, 985 F.2d at 512; *see also Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (quoting *In re United States* and noting that the rule requiring exceptional circumstances to call high officials as witnesses "is based on the notion that 'high ranking government officials have greater duties and time constraints than other witnesses' and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation."). Contrary to Plaintiffs' suggestion, the question

of whether the "apex doctrine" applies in the first instance—i.e., whether a witness has demonstrated they are a current or former "high official"—is distinct from whether the deposition is directed to questioning official acts they took in their current position. Here, although Plaintiffs seek to depose Mr. McVay regarding acts taken when he worked for the Department of State, this does not change the uncontroverted fact that Mr. McVay is currently a "high official" in his role as Statewide Prosecutor. Thus, Plaintiffs must demonstrate exceptional circumstances justify calling him as a witness in this case.

Plaintiffs bear the burden to demonstrate that Mr. McVay's deposition is necessary to obtain relevant, "first-hand" information that is important to this case, the evidence sought is not reasonably available through less-burdensome means, and the deposition would not significantly interfere with Mr. McVay's ability to perform his government duties. *See Odom v. Roberts*, 337 F.R.D. 359, 365 (N.D. Fla. 2020) (citing *Lederman v. New York City Dept. of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013)). Here, while Plaintiffs have made a significant showing regarding Mr. McVay's intimate involvement in an investigation into validated initiative petitions during the second half of 2024, which culminated in the interim report submitted in December 2024, Plaintiffs' evidence also demonstrates that information pertaining to this investigation is likely available through less-burdensome means—namely, through other witnesses who assisted Mr. McVay

3

during the investigation, including Jillian Pratt, *see* ECF No. 552-2 at 9, Andrew Darlington, Nick Jackson, Lenore Linares, and Helen Blaney, *see* ECF No. 552-9 at 10. Accordingly, Plaintiffs have not demonstrated that extraordinary circumstances justify Mr. McVay's deposition. Inasmuch as this Court agrees that the "apex doctrine" applies to bar Mr. McVay's deposition, this Court need not rule on the alternative bases included in Defendants' motion. The motion to quash, ECF No. 546, is therefore **GRANTED**. The deposition subpoena directed at Mr. McVay, ECF No. 546-1, is hereby **QUASHED**.

**SO ORDERED on December 3, 2025.**

s/Mark E. Walker
**United States District Judge**
