IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                             Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER DENYING MOTION IN LIMINE

This Court has considered, without hearing, the League Plaintiffs' motion *in limine* to preclude introduction of post-enactment justifications for HB 1205, ECF No. 578, and the Defendants' response in opposition, ECF No. 583. The League Plaintiffs contend this Court should prohibit the introduction of evidence supporting post-enactment justifications for HB 1205 at the bench trial in this case. However, their motion presupposes that some form of heightened scrutiny applies to their claims challenging four different provisions of Florida law that HB 1205 amended, and thus, post-enactment justifications untethered from the legislative record would be irrelevant for this Court's consideration at the bench trial. In response, Defendants take their cue from the stay panel decision in this case and point out that the League Plaintiffs' claims are all arguably subject to a less rigorous level of scrutiny that

would permit the consideration of post-enactment justifications.

This Court concludes that Defendants have the better of the argument to the extent they suggest rational basis review may ultimately apply to some or all of Plaintiffs' claims, and thus, this Court may consider evidence of post-enactment justifications for the challenged provisions to determine if those provisions violate the Constitution. Indeed, this Court has already passed on the level of scrutiny that this Court should apply to some of the challenged provisions—albeit, in a preliminary posture—and applied rational basis review. *See, e.g.*, ECF No. 189 at 22 (applying rational basis review and determining that the FDH Plaintiffs failed to demonstrate a substantial likelihood of success on their claim challenging the ten-day return deadline and attendant fines). Moreover, this case is set for a bench trial, and this Court is equipped to sift through the record for relevant evidence pertaining to each claim depending upon which level of scrutiny applies to Plaintiffs' claims. Accordingly, the League Plaintiffs' motion, ECF No. 578, is **DENIED**.

**SO ORDERED on January 13, 2026.**

s/Mark E. Walker
**United States District Judge**
