IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                              Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER GRANTING MOTION IN LIMINE

This Court has considered, without hearing, the FDH Plaintiffs' motion *in limine* to bar Defendants from offering documents or trial testimony as evidence at the bench trial in this case to the extent Defendants previously claimed investigatory privilege to such documents or testimony during discovery, ECF No. 575, and the Secretary of State and Attorney General's response in opposition, ECF No. 583. For the reasons stated below, the motion, ECF No. 575, is **GRANTED** to the extent that any prior claim of investigative privilege to the production of documents or to deposition testimony bars the introduction of such evidence at trial.

The FDH Plaintiffs point out that Defendants agreed to be bound by a protective order that allowed for the assertion of investigatory privilege with respect to the production of documents involved in ongoing criminal investigations. *See*

ECF No. 374 (Order granting agreed motion for protective order and adopting proposed protective order). The agreed protective order provided that to the extent Defendants withheld documents based on the statutory investigatory privilege, "those and other documents for such investigation matter may not be offered into evidence in this case." ECF No. 372-1 at 7. In response to Plaintiffs' motion, Defendants agree that they "will abide by this Court's prior protective order," ECF No. 583 at 5. Accordingly, Defendants are barred from introducing any documents that have been withheld based on the asserted investigatory privilege.

      Defendants contend, however, that Plaintiffs' motion extends farther than just the documents withheld during discovery, including to testimony discussing concerns the State has with the citizen initiative process, vague references to alleged bad actors, and hypothetical new arrests ahead of the bench trial. But Defendants overstate Plaintiffs' position. Plaintiffs' motion is directed at documents withheld and lines of inquiry Plaintiffs attempted to explore during depositions but were blocked from doing so by Defendants' assertion of privilege. To the extent Defendants intend to introduce testimony at trial that was previously withheld on the assertion of privilege, they are also barred from doing so. *See QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 286 F.R.D. 661, 665–66 (S.D. Fla. 2012) ("If a party could use the privilege as both a sword and a shield, then the party 'could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in

that way kidnap the truth-seeking process.' " (quoting *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003))).

Finally, although both sides discuss Defendants' supplementation of their document production pertaining to evidence of criminal matters that "become available" ahead of trial, there has apparently been no such supplementation. Accordingly, this Court will not offer an advisory opinion regarding the admissibility of such hypothetical evidence. Instead, if or when such evidence becomes an issue and Plaintiffs object or file an appropriate motion, this Court will hear argument and rule on its admissibility at that time.

**SO ORDERED on January 14, 2026.**

                                           **s/Mark E. Walker            **
                                           **United States District Judge**