**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

　　　　*Plaintiffs/Intervenor-Plaintiffs,*

**v.**　　　　　　　　　　　　　　　　　**Case No.: 4:25cv211-MW/MAF**

**CORD BYRD, et al.,**

　　　　*Defendants/Intervenor-Defendants.*

_____/

## ORDER DENYING MOTION IN LIMINE

This Court has considered, without hearing, the Republican Party of Florida's

motion *in limine* to bar the FDH Plaintiffs from admitting unspecified expert

testimony and opinions of Dr. Herron at trial, ECF No. 571, and the FDH Plaintiff's

response in opposition, ECF No. 581. The Republican Party of Florida's motion

is based on its "serious concerns" about Dr. Herron's deposition testimony, during

which he would not categorically disclaim the possibility that at some time in the

future he may be provided additional information or may be asked to provide

additional analysis beyond what had already been disclosed in discovery. *See* ECF

No. 571 at 8. But, as the FDH Plaintiffs aptly point out, the Republican Party of

Florida's motion is completely untethered to any specific testimony they wish to bar

and is instead grounded in speculation that ignores Rule 26(e) of the Federal Rules

of Civil Procedure.

Indeed, the Republican Party of Florida asserts that "[p]ursuant to Rule 37(c), Dr. Herron should be automatically precluded from giving any opinion testimony that was not previously disclosed in his expert or rebuttal reports or during his deposition testimony." ECF No. 571 at 8–9. But the Republican Party of Florida misapprehends Rule 37(c) to allow for a preemptive bar on supplementation under Rule 26(e). However, Rule 37(c) specifically provides that a failure to supplement pursuant to Rule 26(e) is one of the triggers that permits the imposition of sanctions. In other words, Rule 37(c) does not prohibit supplementation under Rule 26(e), instead it requires supplementation. Indeed, before this Court may impose a sanction under Rule 37(c), this Court must first determine if the FDH Plaintiffs failed to either disclose or supplement their expert reports. And here, rather than identify any testimony that Plaintiffs failed to disclose or supplement, the Republican Party of Florida simply seeks relief based on some speculative theory that Plaintiffs may hypothetically attempt to introduce undisclosed evidence at trial that was not properly supplemented under Rule 26(e). This is not a basis for the relief the Republican Party of Florida seeks.

This Court concludes that the FDH Plaintiffs have the better of the argument. As this Court has already noted in another Order addressing a different motion *in limine*, this Court will not offer an advisory opinion regarding the admissibility of

such hypothetical evidence. Instead, if or when such evidence becomes an issue and the Republican Party of Florida objects or files an appropriate motion, this Court will hear argument and rule on its admissibility at that time. Until then, the Republican Party of Florida's motion, ECF No. 571, is premature, lacking in specificity, and due to be **DENIED**.

   **SO ORDERED on January 14, 2026.**

                          **s/Mark E. Walker**
                          **United States District Judge**