IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                  Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER GRANTING IN PART AND
## DENYING IN PART *DAUBERT* MOTION

This Court has considered, without hearing, the Republican Party of Florida's *Daubert* motion to exclude the testimony of FDH Plaintiffs' expert, Dr. Daniel Smith, ECF No. 572, and the FDH Plaintiffs' response in opposition, ECF No. 579. Much of the Republican Party of Florida's motion takes issue with considerations that go toward the weight this Court should afford Dr. Smith's testimony, rather than its admissibility. This Court concludes Plaintiffs have the better of the argument as to Dr. Smith's credentials and methods when it comes to how he arrived at his opinions in quantifying the relative burdens that the challenged provisions impose on petition gatherers, sponsors, etc., and whether the challenged provisions advance the stated goals of combatting fraud and increasing transparency. Although a close call, this testimony may ultimately be helpful to this Court in deciding the FDH

Plaintiffs' First Amendment claims, depending on the appropriate level of scrutiny that applies. Accordingly, this Court will only consider this testimony so long as it bears on relevant considerations under the applicable level of scrutiny.

However, this Court agrees with the Republican Party of Florida's position regarding the unhelpfulness of Dr. Smith's testimony concerning a discriminatory purpose behind the legislation. To the extent the FDH Plaintiffs suggest such portions of Dr. Smith's testimony that focus on *Arlington Heights* factors are helpful in considering their equal protection claim, they are mistaken. *See* ECF No. 579 at 16–18. Although the FDH Plaintiffs have brought an equal protection claim against the verification fee and voter notice provisions, their challenge is properly characterized as seeking relief from statutes that are discriminatory on their face inasmuch as they expressly apply only to statewide ballot initiatives and not to other types of petition gathering. *See* ECF No. 413 at 85–86 ("HB 1205 imposes unique burdens on statewide ballot initiatives that do not apply to candidates or local initiatives. . . . The State has no legitimate (let alone compelling) justification for treating statewide initiatives differently from candidates or local referenda petitions."). But an *Arlington Heights*-style analysis does not apply in a challenge to a facially discriminatory law. *See E&T Realty v. Strickland*, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987) (describing three categories of equal protection claims, including (1) claims challenging laws that discriminate on their face, (2) claims challenging

2

the neutral application of a facially neutral statute, but which has a discriminatory impact, and (3) claims challenging the unequal administration of a facially neutral statute); *see also Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 266 (1977) ("Sometimes a clear pattern, unexplainable on grounds other than race, emerges from the effect of the state action even when the governing legislation appears neutral on its face. The evidentiary inquiry is then relatively easy. But such cases are rare. Absent a pattern as stark as that in *Gomillion* or *Yick Wo*, impact alone is not determinative, and the Court must look to other evidence." (internal citations omitted)). In short, testimony concerning legislative intent, motivation, or discriminatory purpose have little to no relevance to the FDH Plaintiffs' equal protection claim, and thus, Dr. Smith shall not testify to such at trial.

Accordingly, for the reasons set out above, the motion, ECF No. 572, is **GRANTED in part** insofar as Dr. Smith cannot testify regarding legislative intent with respect to the FDH Plaintiffs' equal protection claims. The motion is otherwise **DENIED**.

**SO ORDERED on January 16, 2026.**

<u>s/Mark E. Walker            </u>
**United States District Judge**