IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,
INC., et al.,**

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                Case No.: 4:25cv211-MW/MAF

**CORD BYRD, et al.,**

    *Defendants/Intervenor-Defendants.*

_____/

## ORDER GRANTING MOTION IN LIMINE

    This Court has considered, without hearing, the Republican Party of Florida's motion *in limine* to bar the FDH Plaintiffs from admitting certain expert testimony from FDH Plaintiffs' expert, Dr. Daniel Smith, ECF No. 592, and the FDH Plaintiff's response in opposition, ECF No. 594. The Republican Party of Florida argues that Section II of Dr. Smith's supplemental report is a late disclosure of new data and expert opinions unrelated to the FDH Plaintiffs' claims challenging provisions enacted under HB 1205. This Court concludes that expert testimony pertaining to Section II of the supplemental report should be excluded at trial and **GRANTS** the Republican Party of Florida's motion, ECF No. 592.

    The Republican Party of Florida's motion arises out of a supplemental report by Dr. Smith that FDH Plaintiffs disclosed on January 20, 2026, and which accounts

for new information FDH Plaintiffs obtained after the close of discovery. Specifically, Dr. Smith takes into consideration an email dated December 23, 2025, from the Director of the Division of Elections, that directs the Supervisors of Elections to "correct their records" in case they have "verified as valid petitions signed by inactive voters." ECF No. 591-1 at 8. FDH Plaintiffs contend they did not receive a copy of this email until December 29, 2025, following a public records request. ECF No. 594 at 3. FDH Plaintiffs assert Dr. Smith incorporated this new information and its implications for the initiative petition process into his opinion regarding the burdens that HB 1205 places on sponsors, petition gatherers, and registered voters. Within 22 days of receiving a copy of this email, FDH Plaintiffs disclosed Dr. Smith's supplemental report, dated January 20, 2026.

As to the timeliness of the disclosure, the Republican Party of Florida does not suggest that Dr. Smith could have considered the new information concerning Director Matthews's December email at the time set for the initial disclosure of his expert report. Nor is this Court excluding Dr. Smith's testimony concerning Section II of the supplemental because of a timeliness issue. This Court recognizes that Dr. Smith could not have supplemented his expert report any sooner based on the timing of the discovery of Director Matthews's email.

Instead, the Republican Party of Florida's argument for exclusion boils down to the contention that Dr. Smith's opinions about the consequences of Director

2

Matthews's email requiring invalidation of inactive voters' petition signatures is so far beyond the scope of Dr. Smith's original opinions as to constitute a new, previously undisclosed opinion. *See* ECF No. 592 at 8. "While some supplementation is appropriate (and even required), it is improper for an expert to provide a supplemental report that includes a new theory or opinion." *Kawas v. Spies*, 2023 WL 2403779, at *2 (S.D. Ga. Mar. 8, 2023) (citation omitted).

Here, Dr. Smith initially opined on the extent to which the challenged provisions enacted through HB 1205 advance the Defendants' stated goals and the degree of burdens these challenged provisions place on sponsors, petition gatherers, and registered voters. ECF No. 592-2 at 8. Now, FDH Plaintiffs seek to supplement these initial opinions with Dr. Smith's new opinion regarding the disparate impact that Director Matthews's December directive has toward certain groups of voters. At this juncture, this Court agrees that Section II of Dr. Smith's supplemental report, which opines that "[t]he burdens of Director Matthews' directive fall disproportionately hard on registered Democrats and those voters registered as NPAs, and on counties and Congressional Districts with higher numbers and percentages of Inactive voters," ECF No. 592-1 at 20, does not correspond to Dr. Smith's earlier opinions that were timely disclosed, and thus, is not a proper supplementation of his prior reports. *See Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 186–87 (S.D. Cal. 2020) (noting that court considers whether

supplemental information corresponds to prior Rule 26(a) disclosure when determining if supplement under Rule 26(e) is appropriate).

But even if Dr. Smith's new opinion about the disparate impact that Director Matthews's December email will have on different groups of voters were properly supplemented under Rule 26(e), this Court is not persuaded that this supplemental information is relevant or helpful in proving the claims before this Court. To start, the legal basis and effect of Director Matthews's December 23rd email requiring invalidation of petitions signed by inactive voters is not in dispute in this action, nor have FDH Plaintiffs amended their claims to formally challenge Director Matthews's directive to invalidate inactive voters' petition signatures. This Court will not permit FDH Plaintiffs to morph their claims to now include such a challenge.

Moreover, insofar as FDH Plaintiffs suggest that Dr. Smith's opinion regarding the disparate impact of Director Matthews's directive is relevant because this Court must consider the cumulative effects that such an impact has with the challenged provisions, FDH Plaintiffs have failed to point to any authority supporting such an analysis. Instead, FDH Plaintiffs apparently rely on *Brnovich* for this assertion, which was a case that involved a completely different sort of claim under the Voting Rights Act that employed a completely different analytical framework. *See* ECF No. 594 at 8 (quoting *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 671 (2021)). Here, FDH Plaintiffs identify no authority that

demonstrates this Court must consider such cumulative effects when analyzing their First Amendment claims under the familiar *Meyer-Buckley-Biddulph* framework for analyzing claims pertaining to restrictions on the ballot initiative process and core political speech.[1]

And, finally, to the extent FDH Plaintiffs contend that this new information serves as useful context in considering the burdens imposed by the challenged provisions, such "context" is not admissible under the guise of "expert opinion."

Accordingly, the motion, ECF No. 592, is **GRANTED**. Dr. Smith is barred from testifying regarding his opinions expressed in Section II of the supplemental report dated January 20, 2026.

**SO ORDERED on January 27, 2026.**

> s/Mark E. Walker
> **United States District Judge**

---

[1] This Court recognizes that, in other contexts, courts may consider the cumulative impact of challenged state action when analyzing burdens on constitutional rights. However, FDH Plaintiffs cited no authority for this type of "cumulative impact" analysis in the context of First Amendment challenges associated with citizen initiatives, nor is this Court aware of any such test under *Biddulph* or *Meyer* and its progeny. To the extent FDH Plaintiffs' claims depend upon this Court analyzing the cumulative impact of all the alleged burdens placed on their ability to gather signatures in support of their initiative, they must be prepared to identify legal authority for such an analysis in this specific context at trial.