## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE, INC., *et al.*,

*Plaintiffs*,

v.

CORD BYRD, in his official capacity as Secretary of State of Florida, *et al.*,

*Defendants*.

Case No. 4:25-cv-211-MW-MAF

### *FDH* PLAINTIFFS' AND *LEAGUE AND LULAC* INTERVENOR-PLAINTIFFS' MOTION TO ALLOW CERTAIN WITNESSES TO TESTIFY AT TRIAL BY CONTEMPORANEOUS TRANSMISSION FROM A DIFFERENT LOCATION

Florida Decides Healthcare, Mitchell Emerson, and Jordan Simmons (together, the "FDH Plaintiffs") and The League of Women Voters of Florida, the League of Women Voters of Florida Education Fund, Inc., Cecile Scoon, Debra Chandler, and the League of United Latin American Citizens (together, the "League and LULAC Plaintiffs") respectfully request that the Court enter an order, pursuant to Federal Rule of Civil Procedure 43(a) and Local Rule 77, allowing prospective fact witnesses Humberto Orjuela Prieto and Karen Patricio of LULAC to testify at trial in open court by contemporaneous transmission from a different location. In support of this motion FDH and League/LULAC Plaintiffs state:

1

1.    The Court has set this matter for trial beginning on February 9, 2026. ECF No. 563. During the telephonic status conference held on December 4, 2025, the Court indicated that it would permit witnesses to testify remotely.

2.    On Plaintiffs' Witness List (ECF No. 596-2), Mr. Prieto and Ms. Patricio appear as "will call" witnesses.

## Incorporated Memorandum of Law

3.    As the Eleventh Circuit has recognized, "[a] witness need not always testify in person." *United States v. Approx. $299,873.70 Seized From a Bank of Am. Acct.*, 15 F.4th 1332, 1339 (11th Cir. 2021). Under the Federal Rules, while witnesses' testimony at trial generally "must be taken in open court," the court may, "[f]or good cause in compelling circumstances and with appropriate safeguards, . . . permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). "The plain language of the rule gives the district court discretion to allow live testimony by video" under such conditions. *Toland v. Phoenix Ins. Co.*, 855 F. App'x 486, 491 (11th Cir. 2021) (citations and quotation marks omitted).

4.    The Local Rules of this Court also state that "[t]he Court may conduct a trial or hearing–and may receive testimony and other evidence– by video or audio transmission from a remote location, unless contrary to law." N.D. Fla. Local Rule 77.3.

5.      Courts have found "travel cost and inconvenience," including both "domestic and international travel," to be a "compelling circumstance" for purposes of Rule 43(a). *Humbert v. O'Malley*, 303 F.R.D. 461, 465 (D. Md. 2014) (footnotes omitted).

6.      "Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." Fed. R. Civ. P. 43(a) Notes of Advisory Committee–1996 Amendment.

7.      Permitting Mr. Prieto and Ms. Patricio to testify by contemporaneous transmission is consistent with Federal Rule of Civil Procedure 43(a). It is also consistent with Federal Rule of Evidence 611(a), which directs courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

8.      Mr. Prieto is a non-citizen residing in Orlando, Florida, who works on an hourly basis as a rideshare driver. His income depends entirely on the hours he is able to work, and time away from driving results in an immediate loss of wages necessary to support his family. Requiring Mr. Prieto to travel from Orlando to Tallahassee and back would impose a significant financial hardship, as it would necessitate the loss of substantial working hours over multiple days. Permitting Mr.

3

Prieto to testify remotely would alleviate this hardship while still allowing the Court and the parties to fully evaluate his testimony.

9.     Ms. Patricio is a non-citizen residing in Apopka, Florida, who is studying to be a paralegal. Requiring Ms. Patricio to travel from Apopka to Tallahassee and back for multiple days would impose a significant financial hardship on her as a student, as well as impinge on her studies. Permitting Ms. Patricio to testify remotely would alleviate these hardships while still allowing the Court and the parties to fully evaluate her testimony.

10.     Given the above circumstances, there is good cause for allowing Mr. Prieto and Ms. Patricio to give live testimony—including direct examination and (if necessary) cross-examination, redirect examination, and re-cross examination—remotely via contemporaneous transmission, specifically teleconferencing software (such as Zoom, Cisco, WebEx, Microsoft Teams, or similar) that involves simultaneous audio and video transmission, as well as the display of exhibits to the witness, counsel, and the Court.

11.     In this bench trial, allowing remote testimony by contemporaneous transmission would serve the interests of fact-finding just as well as in-courtroom testimony. Moreover, allowing such testimony will allow counsel and the parties to make a presentation that is most useful for the Court. See *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, Case No. 3:19-md-2885, 2021 WL 2605957, *4 (N.D.

Fla. 2021) ("[A] trial, itself, is a dynamic, ever evolving process and the use of contemporaneous transmission of live testimony better allows for the witness and counsel to be responsive to the inevitable, unexpected developments and shifts that always occur during trial") (citation omitted)

12.     Moreover, as required by Fed. R. Civ. P. 43(a), there are appropriate safeguards for testimony by contemporaneous video transmission in this trial. "This is a straightforward question. Appropriate safeguards exist where the opposing party's ability to conduct cross examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." *3M Combat Arms Earplug Prods.*, 2021 WL 2605957, *5 (citation and internal quotation marks omitted). "In general, safeguards should ensure (i) accurate identification of the witness; (ii) protection against any outside influence on the witness; and (iii) accurate transmission." *Gil-Leyva v. Leslie*, 780 F. App'x 580, 588 (10th Cir. 2019).

13.     Appropriate safeguards exist here, where "[m]odern videoconferencing technology allows for near instantaneous transmission of testimony with no discernable difference between it and 'live' testimony, thereby allowing a juror to judge credibility unimpeded. Given the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony satisfies the goals of live, in-person testimony and avoids the short–

comings of deposition testimony." *3M Combat Arms Earplug Prods.*, 2021 WL 260595, at *5 (citations, brackets, and internal quotation marks omitted).

14.    As in past cases, the use of "near-instantaneous transmission of video testimony through current technology" here will allow "the Court to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, and his calmness or consideration." *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, 470 F. Supp. 3d 735, 739 (E.D. Mich. 2020) (brackets, quotation marks, and citations omitted).

## LOCAL RULE 7.1(B) CERTIFICATION

Movants' counsel have conferred with counsel for defendants. Of the 16 Supervisor Defendants who provided a written response, none object to the relief requested; some indicated they do not oppose the motion, while others stated they take no position. As of the time of filing, counsel for the remaining Supervisor Defendants, the State Attorney Defendants, the State-level Defendants, and the Intervenor-Defendants have not indicated their positions.

## LOCAL RULE 7.1(F) CERTIFICATION

The    undersigned    certifies    that    this    motion    contains    1105 words, excluding the case style, signature blocks, and certifications

DATED: February 2, 2026                    Respectfully submitted,

/s/ Matletha Bennette
Matletha Bennette (Fl. Bar. No. 1003257)    Frederick S. Wermuth
Krista Dolan (Fl. Bar No. 1012147)          Florida Bar No. 0184111
SOUTHERN POVERTY LAW CENTER                 Quinn Ritter
P.O. Box 10788                              Florida Bar No. 1018135
Tallahassee, FL 32302-2788                  KING, BLACKWELL,
Telephone: (850) 408-4840                   ZEHNDER & WERMUTH, P.A.
matletha.bennette@splcenter.org             25 E. Pine Street
krista.dolan@splcenter.org                  Orlando, FL 32801
                                            Telephone: (407) 422-2472
Bradley E. Heard*                           Facsimile: (407) 648-0161
Avner Shapiro*                              fwermuth@kbzwlaw.com
Nicholas Taichi Steiner*                    qritter@kbzwlaw.com\
1101 17th Street, NW, Suite 550
Washington, D.C. 20036
bradley.heard@splcenter.org
avner.shapiro@splcenter.org
nick.steiner@splcenter.org

Ben Stafford*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
bstafford@elias.law

Emma Olson Sharkey*
Harleen Kaur Gambhir*
Nicole E. Wittstein*
Derek A. Zeigler**
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
eolsonsharkey@elias.law
hgambhir@elias.law
nwittstein@elias.law                        *Counsel for FDH Plaintiffs*
dzeigler@elias.law                          *Admitted Pro Hac Vice*

GEORGE E. MASTORIS**
gmastoris@winston.com
SOFIA ARGUELLO*
sarguello@winston.com
JOHANNA RAE HUDGENS*
jhudgens@winston.com
TYLER DATO**
tdato@winston.com
SAMANTHA OSAKI**
sosaki@winston.com
NATHAN C. GREESS*
ngreess@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (202) 294-6700

SPENCER KLEIN**
spencer@democracydefenders.org
POOJA CHAUDHURI**
pooja@democracydefenders.org
SOFIA FERNANDEZ GOLD**
sofia@democracydefenders.org
NORMAN EISEN**
norman@democracydefenders.org
JACOB KOVACS-GOODMAN**
jacob@democracydefenders.org
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave. SE, Suite 15180
Washington, DC 20003
Telephone: (202) 594-9958

JON GREENBAUM**
jgreenbaum@justicels.com
JUSTICE LEGAL STRATEGIES PLLC
P.O. Box 27015
Washington, D.C. 20038
Telephone: (202) 601-8678

*Counsel for League Plaintiffs*
*\* Pro hac vice applications*
*forthcoming*
*\*\* Pro hac vice granted*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

/s/ *Matletha Bennette*
Matletha Bennette
*Counsel for FDH Plaintiffs*