IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA DECIDES HEALTHCARE, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>FLORIDA SECRETARY OF STATE, et al.,<br><br>*Defendants*. | Case No. 4:25-cv-00211-MW-MAF |

**MOTION FOR LEAVE TO FILE PROPOSED STATEMENT OF INTEREST ON BEHALF OF THE CIVIL RIGHTS CLINIC AT HOWARD UNIVERSITY SCHOOL OF LAW, SENATOR LAVON BRACY DAVIS, SENATOR TRACIE DAVIS, REPRESENTATIVE MICHELE RAYNER, REPRESENTATIVE RASHON YOUNG, REPRESENTATIVE ASHLEY GANTT, FLORIDA STATE CONFERENCE OF THE NAACP, COMMON CAUSE, AND EQUAL GROUND EDUCATION FUND
<u>IN SUPPORT OF PLAINTIFFS</u>**

The Civil Rights Clinic at Howard University School of Law (the "Clinic"), as well as five Florida legislators, the Florida State Conference of the NAACP ("Florida NAACP"), Common Cause, and Equal Ground Education Fund ("Equal Ground") respectfully move for leave to file a Statement of Interest as *amici curiae*

in support of Plaintiffs' position pursuant to Local Rule 7.1. The Proposed Statement of Interest is attached as Exhibit A.

In support of this Motion, by and through undersigned counsel, *amici* state as follows:

1. As one of the oldest Historically Black Colleges and Universities, Howard University School of Law has long prioritized defending constitutional rights, equality, and democracy. The Clinic is currently led by Professor Kristen Clarke, who recently served as the Assistant Attorney General for the Civil Rights Division at the U.S. Department of Justice and as the Executive Director of the Lawyers' Committee for Civil Rights Under Law.

2. *Amici* include Florida State Senator LaVon Bracy Davis, Florida State Senator Tracie Davis, Florida State Representative Michele Rayner, Florida State Representative RaShon Young, Florida State Representative Ashley Gantt, the Florida NAACP, Common Cause, and Equal Ground.

3. *Amici* have been harmed by Florida House Bill 1205 ("H.B. 1205") and are uniquely positioned to provide information to the Court about H.B. 1205's impact on direct democracy efforts in the State of Florida, particularly involving their First Amendment rights. *Amici* urge the Court to consider the significant impact and burdens imposed by H.B. 1205 on Floridians' efforts to exercise their First Amendment rights in support of the ballot initiative process.

4. Among other things, H.B. 1205 criminalizes protected political expression and directly intrudes on the ability of Florida citizens to participate in the ballot initiative process. Some of these provisions implicate conduct protected by the First Amendment.

5. The Proposed Statement of Interest primarily addresses three issues critical to the question of whether certain provisions of H.B. 1205 comply with the First Amendment. First, it underscores that protecting political speech is a core function of the First Amendment. Second, it argues that the First Amendment protects conduct that is intertwined with speech. Third, it argues that H.B. 1205 does not pass the narrow tailoring test necessary to satisfy strict scrutiny.

6. In accordance with Local Rule 7.1(E), the Clinic has contemporaneously filed its Proposed Statement of Interest with this Motion and demonstrated below how the proposed *amici*—a coalition of state legislators and historic civic organizations—would provide relevant information to assist in proceedings.

## Memorandum of Law

While the Federal Rules of Civil Procedure do not explicitly address the filing of *amicus curiae* briefs at the district court level, "district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006).

In determining whether to grant leave to file an *amicus curiae* brief, judges of this district have considered: (1) *amici*'s experience and qualifications; (2) the relevance of the *amicus curiae* brief to the matter; (3) whether the case is of "general public interest"; (4) whether the case is of "particular interest to the [*amici*]"; and (5) whether the "case concerns constitutional rights." Order Granting Mot. to Appear as Amicus Curiae 2, *Madera v. Detzner*, No. 1:18-cv-152-MW/GRD (N.D. Fla. Aug. 23, 2018) (Walker, J.), ECF No. 31; *see also* Order Granting Mot. for Leave to File Amicus Brief, *M.A., et al. v. Fla. State Bd. of Educ., et al.*, No. 4:22-cv-134-AW-MJF (N.D. Fla. Dec. 23, 2022) (Winsor, C.J.), ECF No. 147.

### Members of the Florida Legislature

LaVon Bracy Davis has been a Florida State Senator since September 2, 2025 and was a member of the Florida House of Representatives from November 8, 2020 to September 1, 2025. She currently represents Senate District 15, which consists of part of Orange County. Tracie Davis has been a Florida State Senator since November 8, 2022. She represents District 5, which consists of part of Duval County. Michele Rayner has been a Florida State Representative since November 3, 2020. She represents District 62, which consists of Hillsborough County and part of Pinellas County. Rashon Young has been a Florida State Representative since September 2, 2025. He represents District 40, which consists of parts of

Orange County. Ashley Gantt has been a Florida State Representative since November 8, 2022. She represents District 109, which consists of part of Miami-Dade County.

As active members of the Florida Legislature, each Florida lawmaker represents thousands of Floridians whose ability to engage in direct democracy is directly curtailed by H.B. 1205. The Florida legislators have supported initiative measures in Florida, including the petition collection process itself, and they have signed petitions. Additionally, the legislators possess knowledge of the practical regulatory gauntlet created by H.B. 1205 and have received complaints from constituents and stakeholders regarding the same. Because this case concerns core First Amendment rights, these legislators can offer a perspective on how the law disparately impacts organizing and petition collection efforts within their communities and the districts they represent.

### Florida State Conference of the National Association for the Advancement of Colored People

The Florida NAACP works to increase voter registration and participation among members of racial and ethnic minority communities in the State. The Florida NAACP has local chapters throughout the State and has approximately 1200 members in Florida. Its members have supported citizen-led amendments and collected petitions prior to H.B. 1205 becoming law. Many members are concerned about the risks of doing so in the future due to H.B. 1205's restrictions and the

5

threat of criminal liability. The Florida NAACP has members who were collecting petitions in support of an initiative prior to H.B. 1205's passage but stopped due to the new regulations. The Florida NAACP also has members who have not registered with the State as petition circulators but would collect, deliver, or possess more than twenty-five signed petitions. Many of the Florida NAACP's members have signed petitions in the past, including petitions supporting initiatives during the most recent cycle. Some members will sign petitions again in the future, which are at risk of being thrown out due to H.B. 1205's restrictions.

### Common Cause

Plaintiff Common Cause is a nonprofit grassroots organization dedicated to empowering all people in Florida to make their voices heard in the political process. Through its thousands of members across Florida, Common Cause works to create open, honest, and accountable government that serves the public interest. Common Cause provides nonpartisan education to its members and supporters, partner organizations, and the public, about the citizen initiative process generally and about specific initiatives through speaking engagements, its website, email communications, and social media posts.

Common Cause leadership has played a leading role in political committees that have sponsored initiatives before, and it would like to do so again in the future. Common Cause was a primary proponent of the 1976 Public Disclosure

Amendment. Common Cause was the original sponsoring organization for "Floridians for Fair Elections," the political committee formed in 2006 to advance the Fair Districts Amendment prohibiting racial and partisan gerrymandering, which was later renamed FairDistrictsFlorida.org. Common Cause was also part of the coalition supporting "Floridians for a Fair Democracy," which advanced the rights restoration constitutional amendment passed by Florida voters in 2018.

Common Cause's organizational activities are being impeded by H.B. 1205. In the wake of H.B. 1205's passage, Common Cause is reconsidering plans to support and/or sponsor initiatives in Florida. Moreover, since H.B. 1205's enactment, Common Cause has been conducting public outreach surrounding its provisions and its impacts. Common Cause is developing accurate, current, and authoritative public education materials for Floridians seeking to collect or sign petitions without incurring fines or felony penalties. Common Cause is engaging with its membership to assess the impact of H.B. 1205 on members' petition signing and collection efforts. Common Cause is reaching out to and aiding members who have ceased petition collection efforts due to H.B. 1205.

### Equal Ground Education Fund

Equal Ground is a 501(c)(3) organization with a mission to register, educate, and increase engagement among Black voters in Florida. Equal Ground's principal office is in Orlando, but the organization engages voters throughout the State.

Equal Ground was founded in May 2019 to give the rising American electorate greater influence on issues that affect them. The organization focuses on ensuring equal access to democracy in underserved communities. To achieve its goal, Equal Ground conducts extensive voter education, voter registration, and voter engagement work directly through its staff and in alliance with hundreds of faith partners throughout the State. Equal Ground has educated voters about proposed constitutional amendments placed on the ballot through Article XI of the Florida Constitution, for example, by sending out mailers to constituents, conducting presentations in the community, and conducting phone banking. It has engaged in extensive community engagement and education in 2025 surrounding the Medicare expansion ballot initiative campaign. H.B. 1205 will require Equal Ground to divert scarce resources away from its other policy priorities toward efforts to give Black voters other avenues to make their voices heard where they no longer have effective representation.

*****

The five factors identified above plainly militate in favor of granting *amici*'s Motion. *Amici*, in particular the five Florida legislators, the Florida NAACP, Common Cause, and Equal Ground Education Fund, have significant experience, qualifications, and interest in the subject matter of this case, based on their extensive interactions with the initiative and petition collection process in Florida.

8

The proposed Statement of Interest is directly relevant to this case. This matter is of general public interest—including to *amici*'s constituents and members—and this case concerns their constitutional rights, including those protected by the First Amendment, which are discussed at length in the Proposed Statement of Interest. Finally, the proposed Statement of Interest is timely because the parties can address these matters at trial and in post-trial briefing.

WHEREFORE, based on the foregoing and good cause shown, the Clinic requests this Court grant its Motion for Leave to file its Statement of Interest in support of the Plaintiffs.

Respectfully submitted on this 6th day of February 2026.

*/s/ James Slater*
James Slater
Florida Bar No. 111779
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
 (404) 458-7283
james@slater.legal

Kristen Clarke*
John Powers*
Howard University School of Law
Civil Rights Clinic
2900 Van Ness Street
Washington, DC 20008
Kristen.Clarke@howard.edu
John.Powers@howard.edu
(202) 806-8082

* *Pro hac vice application forthcoming*

## **CERTIFICATION OF CONFERRAL**

Pursuant to Northern District of Florida's Local Rule 7.1(B), between February 2nd and 5th, the undersigned emailed counsel representing all Plaintiffs and Defendants to seek their position on this Motion.

Florida Decides Healthcare, Inc. Plaintiffs, the League Plaintiffs, Right to Clean Water Plaintiffs, and Smart & Safe Plaintiffs consent to the filing of the Proposed Statement of Interest.

Defendants Supervisors of Elections Leah Valenti, Melissa Blazier, Leslie Swan, Alan Hays, Tommy Doyle, Scott Farrington, Wesley Wilcox, Sherri Hodies, Brian Corley, Amy Pennock, Chris Chambless, Vicki Davia, Mary Jane Arrington, Wendy Link, Melony Bell, Gertrude Walker, Jerry Holland, Debbie Wertz, Kaiti Lenhart, Lisa Darus, Karen Healy, Michelle Milligan, Grant Conyers, Heath Driggers, Deborah Osborne, Christopher Milton, Nina Ward, Amanda Seyfang, Sharon Chason, Toni Stinson Brown, Darbi Chaires, Heather Riley, Kenya Williams, Rhonda Pierce, Laura Hutto, Carol A. Dunaway, Travis Hart, Janet H. Adkins, Charles Overturf, Tappie A. Villane, Vicky Oakes, William Keen, Jennifer Kinsey, Dana Southerland, Joseph Morgan, Ryan Messer, Deidra Pettis, Paul Lux, Mark Earley, Aletris Farnam, Diane Smith, Sherry Taylor, David May, Tammy Jones, H. Russell Williams, and Rob Turner object because (1) the parties to the litigation will fully and capably present the issues; and (2) the deadline to file

pretrial briefs passed on January 16, 2026, *see* ECF No. 570 at 2. Defendant Supervisor of Elections Joe Scott opposes the Motion as untimely and duplicative of the other plaintiffs in this matter and takes no position as it relates to any other issues. Defendants Supervisors of Elections Kim A. Burton, Julie Marcus, Maureen "Mo" Baird opposed but did not specify a reason. Defendant Supervisor of Elections Alina Garcia opposes—specifically for the verification fee issue—as untimely and duplicative of the numerous other plaintiffs in this matter. Defendant Supervisor of Elections Craig Latimer takes no position on the Motion. Defendant Supervisor of Elections Karen Castor Dentel stated that while she would not traditionally oppose anyone's request to add their voice to any issue of public importance, they take no position on this Motion due to the current stage of the litigation and procedural complexities.

    As of the time of filing, the other parties have not taken a position on the instant Motion.

Date: February 6, 2026

                                                       */s/ James Slater*
                                                       James Slater

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains 1,680 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

*/s/ James Slater*
James Slater

## CERTIFICATE OF SERVICE

I certify that on February 6, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties.

*/s/ James Slater*
James Slater
