**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

*Plaintiffs/Intervenor-Plaintiffs*,

v.

No. 4:25-cv-211-MW-MAF

CORD BYRD, in his official capacity as
Secretary of State of Florida, et al.,

*Defendants/Intervenor-Defendant.*

**THE SECRETARY AND ATTORNEY GENERAL'S
SUGGESTION OF MOOTNESS**

Plaintiffs' challenges to the **Racketeering Definition** are now moot. That

definition previously stated:

> (8) "Racketeering activity" means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce, or intimidate another person to commit:
>
> (d) A violation of the Florida Election Code relating to irregularities or fraud involving issue petition activities.

Fla. Stat. § 895.02(8)(d) (2025). On April 1, 2026, the Governor signed into law House

Bill 991 that repealed section 895.02(8)(d). *See* **Attachment 1** at ll. 1725-26 (Enrolled

Bill); **Attachment 2** at 35 (Laws of Florida).

"If events that occur subsequent to the filing of a lawsuit" "deprive the court of

the ability to give the plaintiff" "meaningful relief, then the case is moot and must be

dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). This is so because

1

mootness presents an Article III jurisdictional threshold. "[E]ven a once-justiciable case becomes moot and must be dismissed 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Flanigan's Enters. v. City of Sandy Springs*, 868 F.3d 1248, 1255 (11th Cir. 2017) (en banc) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("[A] moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." (quotation removed)); *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118-19 (11th Cir. 1995) (holding that the court may consider its jurisdiction sua sponte).

Because the legislature repealed the **Racketeering Definition**, Plaintiffs can no longer cross the jurisdictional threshold in their challenges to this provision. Their challenges to the provision are moot. *See* Doc.663 at 40-41 (noting that "FDH and League Plaintiffs challenge this provision based on (1) First Amendment speech, (2) First Amendment association, (3) vagueness, and (4) overbreadth").

2

Dated: April 2, 2026

JAMES UTHMEIER
  *Attorney General*

/s/ William H. Stafford III
William H. Stafford III (FBN 70394)
  SPECIAL COUNSEL
Sara E. Spears (FBN 1054270)
  ASSISTANT ATTORNEY GENERAL
Complex Litigation Division
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3785
William.Stafford@myfloridalegal.com
Sara.Spears@myfloridalegal.com
ComplexLitigation@myfloridalegal.com

*Counsel for Florida Attorney General*

Respectfully submitted,

Ashley Davis (FBN 48032)
  General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
(850) 245-6511
Ashley.davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Randall M. Raban (FBN 1055100)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
rraban@holtzmanvogel.com
mwolk@holtzmanvogel.com

*Counsel for Florida Secretary of State*

## Local Rules Certification

Under Local Rule 5.1, I certify that this suggestion of mootness contains 326 words and complies with this Court's word count, spacing, and formatting requirements.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## Certificate of Service

I certify that on April 2, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil