# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

*Plaintiffs/Intervenor-Plaintiffs*,

v.

CORD BYRD, in his official capacity as
Secretary of State of Florida, et al.,

*Defendants/Intervenor-Defendant.*

No. 4:25-cv-211-MW-MAF

## THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN SUPPORT OF SUGGESTION OF MOOTNESS

"[A]ssuming this Court issues its order in April," or any time before July 1, 2026, Defendants maintain that this Court should treat as moot Plaintiffs' claims concerning the definition of "racketeering activity." Doc.675 at 1.

"Mootness concerns whether 'events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief.'" *Aim Immunotech, Inc. v. Tudor*, No. 23-13576, 2025 U.S. App. LEXIS 7566, at *5 (11th Cir. Apr. 1, 2025) (quoting *Schultz v. State*, 42 F.4th 1298, 1319 (11th Cir. 2022)). There's no meaningful relief available to Plaintiffs on the racketeering-activity claims despite the repeal of the racketeering definition taking effect on July 1, 2026. *See* 2026 Fla. Laws Ch. 26, § 30.

1

*First*, there's no evidence of the racketeering definition ever being enforced against any Plaintiff. That's for good reason. At the preliminary injunction stage, this Court found the definition to be vague, Doc.189 at 23-26, explaining that the phrase "of the Florida Election Code relating to irregularities or fraud involving issue petition activities" is "so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case," Doc.189 at 24 (quoting Fla. Stat. § 895.02(8)(d) (2025); *Wollschlaeger v. Governor, State of Fla.*, 848 F.3d 1293, 1320 (11th Cir. 2017) (opinion of Marcus, J.)). The State never appealed that order. There's no evidence of anyone ever attempting to enforce the provision, either.

*Second*, there doesn't appear to be any ongoing petition gathering effort that'll be affected by the issuance of a final order between now and July 1, 2026. Doc.663 at 94-96. Smart & Safe hasn't collected any petitions for the ongoing cycle and its only witness at trial hasn't even been hired to work on an effort for this cycle. Tr.1161:5-11 (M. Cox). It also informed the Department of State that it's "no longer actively gathering petitions for Initiative Petition No. 25-01." *See* **Attachment A** (Feb. 18, 2026). Right to Clean Water seemingly hasn't gathered any petitions. Initiatives Database, https://constitutionalinitiatives.dos.fl.gov/Home/InitDetail?account=80360&seqnum=2 (last visited April 19, 2026). Florida Decides Healthcare sometimes mounts serious efforts and sometimes doesn't. Tr.85:2-86:6 (Acosta). To date, it appears to have gathered less than 100 petitions for the ongoing cycle. Initiatives Database,

https://constitutionalinitiatives.dos.fl.gov/Home/InitDetail?account=73891&seqnum=1 (last visited April 19, 2026). FDH's ongoing efforts also appear to use a chase method, like those undertaken for vote-by-mail ballots, which cuts out petition circulators. Tr.86:22-87:3 (Acosta). League of Women Voters Plaintiffs don't intend to sponsor initiatives of their own, meaning there are no ongoing efforts for which this group of Plaintiffs will circulate petitions between now and July 1, 2026. Tr.1577:6-23 (Lowe-Minor); Tr.1467:12-15 (Proaño). So, even if the State decided to enforce the racketeering-related provision in the gap between this Court's issuance of an order and July 1, there doesn't appear to be anyone against whom to enforce the provision.

*Finally*, consider the practicalities. Assume there's no Article III bar to the issuance of an order because there's sufficient evidence of Plaintiffs engaging in ongoing petition gathering activities *and* there's a reasonable expectation that the racketeering-related provisions of HB 1205 will be enforced against Plaintiffs. Any order issued before July 1 would still be subject to *Munsingwear* vacatur after July 1. *See, e.g.*, *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 951 (11th Cir. 2023).

Under the circumstances, at the very least, prudential mootness is appropriate. "Prudential mootness" applies when a controversy has become "so attenuated that considerations of prudence and comity counsel the court to stay its hand, and to withhold relief it has the power to grant." *Ingaseosas Int'l Co. v. Aconcagua Investing, Ltd.*, 479 F. App'x 955, 962 (11th Cir. 2012) (quotation and omission removed). The "critical

3

question" is "whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Id.* (quotation removed). And though the question is like the one asked for Article III purposes, prudential mootness concerns "not the power to grant relief but the court's discretion in the exercise of that power." *Chamber of Com. v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980); *see also Westchester Fire Ins. Co. v. Punit Corp.*, No. 3:03-cv-00188, 2006 U.S. Dist. LEXIS 91732, at *24 (N.D. Fla. Dec. 19, 2006) (recognizing same); *S. Mia. Holdings LLC v. FDIC*, No. 10-22032-CV, 2012 U.S. Dist. LEXIS 146636, at *7 (S.D. Fla. July 25, 2012) ("The Eleventh Circuit also recognizes the doctrine of prudential mootness, which allows courts to apply discretionary factors to determine whether it is appropriate to decline the exercise of judicial power." (citing *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005))).

Here, the circumstances have changed since the beginning of the litigation even if the suggestion of *constitutional* mootness is premature. This Court issued a preliminary injunction, concluding that the racketeering definition is vague. The State never appealed the order and adhered to this Court's conclusion. The Florida Legislature later repealed the definition. And an order issued in April wouldn't affect any serious, ongoing efforts. If issued in April, the order would likely be vacated after July 1, as well.

In sum, the racketeering-related claims are moot. There's no imminent harm that an order from this Court would remedy, meaning there's no live case or controversy concerning claims. Prudential considerations also weigh in favor of mootness.

Dated: April 20, 2026

JAMES UTHMEIER
  *Attorney General*

/s/ William H. Stafford III
William H. Stafford III (FBN 70394)
  SPECIAL COUNSEL
Sara E. Spears (FBN 1054270)
  ASSISTANT ATTORNEY GENERAL
Complex Litigation Division
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3785
william.stafford@myfloridalegal.com
sara.spears@myfloridalegal.com
complexlitigation@myfloridalegal.com

*Counsel for Florida Attorney General*

Respectfully submitted,


Ashley E. Davis (FBN 48032)
  General Counsel
Bilal A. Faruqui (FBN 15212)
  Deputy General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
(850) 245-6531
ashley.davis@dos.fl.gov
bilal.faruqui@dos.fl.gov
jenna.mclanahan@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Randall M. Raban (FBN 1055100)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
rraban@holtzmanvogel.com
mwolk@holtzmanvogel.com

*Counsel for Florida Secretary of State*

## Local Rules Certification

Under Local Rule 5.1, I certify that this response contains 931 words and complies with this Court's word count, spacing, and formatting requirements.

/s/ Mohammad O. Jazil
Mohammad O. Jazil


## Certificate of Service

I certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil