**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

|  |  |
|---|---|
| FLORIDA DECIDES HEALTHCARE, INC., *et al.*,<br><br>     *Plaintiffs*,<br><br>v.<br><br>CORD BYRD, in his official capacity as Secretary of State of Florida, *et al.*,<br><br>     *Defendants*. | Case No. 4:25-cv-00211-MW-MAF |

## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Pursuant to Northern District of Florida Local Rule 7.1(J), RTCW Plaintiffs refer this Court to the United States Supreme Court's decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781 (U.S. Apr. 29, 2026). Ex. A. The Supreme Court unanimously held that an organization had Article III standing to challenge a government subpoena demanding the identities of its donors because the complaint alleged such disclosure would chill individuals from donating to or associating with the organization. *Id.*, slip op. at 11–12 (demands for private member information give rise to constitutional injury because "they 'discourag[e]' people from associating with groups engaged in protected First Amendment advocacy" and "encourage groups and individuals to cease or modify protected First Amendment advocacy").

1

The Court reaffirmed that infringements on the right to anonymous donations and membership confer Article III standing and was clear that "the risk of harassment and reprisals" is not required to demonstrate standing. *Id.*, slip op. at 19–21. This is because even where there is *no disclosure to the general public*, "[a]n official demand for private donor information is enough to discourage reasonable individuals from associating with a group" and "is enough to discourage groups from expressing dissident views." *Id.*, slip op. at 21.

The Court further explained that demands for "private donor or member information" are "subjected . . . to heightened First Amendment scrutiny." *Id.*, slip op. at 9. In repeatedly reaching this conclusion, the Court has "emphasized the critical role privacy in association plays in preserving political and cultural diversity and in shielding dissident expression from suppression." *Id.* (citation modified). In *First Choice*, the Court made plain that disclosure "inevitably" infringes on the exercise of First Amendment rights and relied on declarations simply stating that individuals would have withheld their donations and association had they been aware that their identity would be disclosed to the government. *Id.*, slip op. at 12.

Respectfully submitted this 29th day of April, 2026,

*/s/ Brent Ferguson*
Danielle Lang (D.C. Bar No. 1500218)*
Brent Ferguson (D.C. Bar No. 1782289)*
Sejal Jhaveri (N.Y. Bar No. 5396304)*

2

William Hancock (D.C. Bar No. 90002204)*
Heather Szilagyi (D.C. Bar No. 90006787)*
Ellen Boettcher (D.C. Bar No. 90005525)*
Melissa Neal (D.C. Bar No. 90018637)*
Alexis Grady (D.C. Bar No. 90017620)*
Samantha Perlman (Mass. Bar No. 715595)*
Simone Leeper (Fla. Bar No. 1020511)
Campaign Legal Center
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
whancock@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
eboettcher@campaignlegalcenter.org
mneal@campaignlegalcenter.org
agrady@campaignlegalcenter.org
sperlman@campaignlegalcenter.org
sleeper@campaignlegalcenter.org

*Counsel for Plaintiffs FloridaRighttoCleanWater.org
and Melissa Martin*

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on April 29, 2026, I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing to all counsel of record in this case.

*/s/ Brent Ferguson*
Brent Ferguson

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the typeface and formatting

requirements in Local Rule 5.1.

*/s/ Brent Ferguson*
Brent Ferguson