**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

     *Plaintiffs*,

v.                                Case No. 4:25-cv-211-MW/MAF

CORD BYRD, in his official capacity
as Secretary of State of Florida, et al.,

     *Defendants*.

_____/

**<u>MEMORANDUM IN SUPPORT OF
THE SECRETARY'S BILL OF COSTS</u>**

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2, the Secretary provides this memorandum in support of his bill of costs. Under Rule 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." This includes "all reasonable expenses incurred in case preparation [] during the course of litigation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983); *see also* 28 U.S.C. § 1920 (enumerating recoverable costs).

The Secretary filed his bill of costs earlier today. Doc.688. The following chart outlines the costs for which the Secretary is seeking reimbursement:

1

| Type of Costs | Cost Amount | Notes |
|---|---|---|
| Deposition Transcript Costs | $12,814.10 | Deposition transcripts for: Mark Earley, Alison Novoa, Caitlin Germaine, Lucy Melendez, Meghan Cox, Joe Williams, Melissa Martin, Holly Bullard, Ana Acosta, Michael Herron, Maria Matthews, Juan Proaño, Jordan Simmons, Jillian Pratt, Marc Walsh, Daniel Smith, and Jonathan Bridges. |
| Hearing Transcript Costs | $1,398.30 | Preliminary Injunction Transcripts for hearings held on 5/22/25, 6/30/25, and 8/12/25. |
| Trial Transcript Costs | $8,014.55 | Bench trial transcript. |
| Copies for Discovery Costs | $3,532.99 | Cost of printing exhibits for discovery. |
| Total | $25,759.94 | |

Attached to this motion is an affidavit from Kayla Gordon, the records custodian for the Secretary's defense team, who provides greater detail of the above-listed costs. *See* Attachment 1.

Costs incurred for deposition transcripts, hearing transcripts, trial transcripts, and copying documents for discovery are authorized under Rule 54(d). These costs can, and should, be awarded.

**Deposition Transcript Costs ($12,814.10).** The costs the Secretary incurred for deposition transcripts in this case are recoverable. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1224 (11th Cir. 2002) ("deposition costs

2

should be taxed" when the deposition witnesses were "all" "identified" on a trial "witness list," "the depositions consequently were taken within the proper bounds of discovery," and "were necessary in light of the facts known to" the parties "at the time"). In this case, Mark Earley, Meghan Cox, Melissa Martin, Ana Acosta, Michael Herron, Maria Matthews, Juan Proaño, Jordan Simmons, Jillian Pratt, Marc Walsh, Daniel Smith, and Jonathan Bridges were all identified on Plaintiffs' witness list. Doc.596-2. Each of these individuals sat for depositions in this case. Attachment 1 ¶ 5. Plaintiffs even filed deposition designations for some of them. Doc.597; Attachment 1 at ¶ 5.

The costs of these deposition transcripts are reasonable. *See Maris Distrib. Co.*, 302 F.3d at 1255 ("'[D]eposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, . . . and that the information those people had on the subject matter was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.'") (quoting *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). Accordingly, they should be recovered by the Secretary in this case.

**Transcript Costs ($1,398.30).** The Secretary can recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Secretary obtained copies of the transcripts for the

3

preliminary injunction hearings and the trial. Attachment 1 ¶¶ 6-7. The Secretary reviewed and relied upon these transcripts to craft his written closing statements. Doc.663. Accordingly, the Secretary should recover costs relating to these transcripts.

**Copies for Discovery Costs ($3,532.99).** "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(4). This includes "copies attributable to discovery" "even if the document copied was not admitted at trial." *See Combs v. Am. Strategic Ins. Corp.*, 5:19-cv-269, at 2020 U.S. Dist. LEXIS 272540, at *6 (N.D. Fla. December 18, 2020) (quoting *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d at 623). In this case, the Secretary utilized a third-party vendor to aid in scanning and copying documents for discovery at the rate of $0.15 per page. This rate is not excessive. *Id.* at 7 (the court reduced the cost-per-page rate from $0.50 per page to "the more reasonable rate of 15 cents per page."). Accordingly, these costs should be awarded to the Secretary.

In conclusion, the Secretary respectfully requests this Court to award him $25,759.94 in prevailing party costs.

## LOCAL RULE 7.1(B) CERTIFICATION

Undersigned counsel, Randall Raban, conferred with counsel for Plaintiffs regarding this memorandum. The parties agreed that if Plaintiffs filed a motion with the Court to extend the deadlines for the parties to seek fees and costs and to file a verified bill of costs, then the Secretary would not oppose it. As part of this conferral, the Secretary also informed Plaintiffs that if the Court did not grant Plaintiffs' motion before the end of the day on May 14, 2026, the Secretary would proceed to file his verified bill of costs. As of the time the Secretary filed this memorandum, the Court had not issued an order granting Plaintiffs' motion for the extension of applicable deadlines to seek fees and costs.

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel, Randall Raban, certifies that this memorandum contains 714 words, excluding the case style and certifications.

Dated: May 14, 2026.                    Respectfully submitted by,

Ashley Davis (FBN 48032)
  *General Counsel*
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
(850) 245-6536
ashley.davis@dos.fl.gov

/s/ Randall M. Raban
Randall M. Raban (FBN 1055100)

5

Mohammad O. Jazil (FBN 72556)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mwolk@holtzmanvogel.com
rraban@holtzmanvogel.com

*Counsel for Florida Secretary of State*

## Certificate of Service

I certify that on May 14, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Randall M. Raban
Randall M. Raban

6