**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

FLORIDA DECIDES HEALTHCARE, INC, et al.

    VS                          USDC NO. 4:25-cv-00211-MW-MAF
                                 USCA NO. _____

CORD BYRD, et al.

**TRANSMITTAL OF NOTICE OF APPEAL**

       The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

The appellate docket fee paid.  Date paid: 6/1/2026
Judge/Magistrate Judge appealed from: Mark E. Walker
Court Reporter(s): Megan Hague
Other:

Please acknowledge receipt on the enclosed copy of this transmittal to: TALLAHASSEE DIVISION

                              JESSICA J. LYUBLANOVITS,
                              CLERK OF COURT

                              By: *Bryston Ford*
                              Deputy Clerk
                              111 North Adams Street
June 1, 2026                     Tallahassee, Florida 32301

CLOSED,APPEAL

**U.S. District Court**
**Northern District of Florida (Tallahassee)**
**CIVIL DOCKET FOR CASE #: 4:25−cv−00211−MW−MAF**

FLORIDA DECIDES HEALTHCARE INC et al v. BYRD et al
Assigned to: JUDGE MARK E WALKER
Referred to: MAGISTRATE JUDGE MARTIN A
FITZPATRICK
Case in other court:  U.S. COURT OF APPEALS FOR THE
    ELEVENTH CIRCUIT, 25−12370−E
    U.S. COURT OF APPEALS FOR THE
    ELEVENTH CIRCUIT, 25−12370−E
    U.S. COURT OF APPEALS FOR THE
    ELEVENTH CIRCUIT, 25−12370−E
    USCA, 25−12370−E
    U.S. COURT OF APPEALS FOR THE
    ELEVENTH CIRCUIT, 25−12370−E

Date Filed: 05/04/2025
Date Terminated: 04/30/2026
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

Cause: 42:1983 Civil Rights Act

**Plaintiff**

**FLORIDA DECIDES HEALTHCARE INC**

represented by **AVNER MICHAEL SHAPIRO**
SOUTHERN POVERTY LAW
CENTER
3710 RAYMOND STREET
CHEVY CHASE, MD 20815
202−360−7181
Email: avner.shapiro@splcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**BEN STAFFORD**
ELIAS LAW GROUP – SEATTLE WA
1700 SEVENTH AVENUE
SUITE 2100
SEATTLE, WA 98101
206−656−0179
Fax: 206−359−7217
Email: bstafford@elias.law
*TERMINATED: 05/29/2026*

**BRADLEY ERIK HEARD**
SOUTHERN POVERTY LAW
CENTER – WASHINGTON DC
1101 17TH STREET NW
SUITE 550
WASHINGTON, DC 20036
470−989−5426
Email: bradley.heard@splcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DEREK ANTHONY ZEIGLER**
ELIAS LAW GROUP –
WASHINGTON DC
250 MASSACHUSETTS AVENUE
SUITE 400
WASHINGTON, DC 20001
202−968−4510
Email: dzeigler@elias.law
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**EMMA OLSON SHARKEY**
ELIAS LAW GROUP –
WASHINGTON DC
250 MASSACHUSETTS AVENUE
SUITE 400
WASHINGTON, DC 20001
202–968–4510
Email: eolsonsharkey@elias.law
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**FREDERICK STANTON
WERMUTH**
KING BLACKWELL ZEHNDER ETC
PA – ORLANDO FL
25 E PINE ST
ORLANDO, FL 32801
407–422–2472
Fax: 407–648–0161
Email: fwermuth@kbzwlaw.com
*TERMINATED: 05/29/2026*

**HARLEEN KAUR GAMBHIR**
ELIAS LAW GROUP –
WASHINGTON DC
250 MASSACHUSETTS AVENUE
SUITE 400
WASHINGTON, DC 20001
202–968–4510
Email: hgambhir@elias.law
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**KRISTA ANN DOLAN**
SOUTHERN POVERTY LAW
CENTER – TALLAHASSEE FL
PO BOX 10788
TALLAHASSEE, FL 32302
850–688–3908
Email: krista.dolan@splcenter.org
*ATTORNEY TO BE NOTICED*

**MATLETHA BENNETTE**
SOUTHERN POVERTY LAW
CENTER – TALLAHASSEE FL
4210 CAMDEN ROAD
TALLAHASSEE, FL 32303
850–408–4840
Email: matletha.bennette@splcenter.org
*ATTORNEY TO BE NOTICED*

**NICHOLAS TAICHI STEINER**
SOUTHERN POVERTY LAW
CENTER
1101 17TH STREET NW
SUITE 550
WASHINGTON, DC 20036
301–233–5747
Email: nick.steiner@splcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NICOLE ELYSE WITTSTEIN**
ELIAS LAW GROUP –

WASHINGTON DC
250 MASSACHUSETTS AVENUE
SUITE 400
WASHINGTON, DC 20001
202–968–4510
Email: nwittstein@elias.law
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**QUINN BRANDON RITTER**
KING BLACKWELL ZEHNDER &
WERMUTH PA – ORLANDO FL
25 E PINE STREET
ORLANDO, FL 32801
407–422–2472
Fax: 407–648–0161
Email: qritter@kbzwlaw.com
*TERMINATED: 05/29/2026*

**Plaintiff**

**MITCHELL EMERSON**                    represented by   **AVNER MICHAEL SHAPIRO**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**BEN STAFFORD**
(See above for address)
*TERMINATED: 05/29/2026*

**BRADLEY ERIK HEARD**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DEREK ANTHONY ZEIGLER**
(See above for address)
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**EMMA OLSON SHARKEY**
(See above for address)
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**FREDERICK STANTON
WERMUTH**
(See above for address)
*TERMINATED: 05/29/2026*

**HARLEEN KAUR GAMBHIR**
(See above for address)
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**KRISTA ANN DOLAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MATLETHA BENNETTE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**NICHOLAS TAICHI STEINER**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NICOLE ELYSE WITTSTEIN**
(See above for address)
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**QUINN BRANDON RITTER**
(See above for address)
*TERMINATED: 05/29/2026*

**Plaintiff**

**JORDAN SIMMONS**                    represented by    **AVNER MICHAEL SHAPIRO**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**BEN STAFFORD**
(See above for address)
*TERMINATED: 05/29/2026*

**BRADLEY ERIK HEARD**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DEREK ANTHONY ZEIGLER**
(See above for address)
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**EMMA OLSON SHARKEY**
(See above for address)
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**HARLEEN KAUR GAMBHIR**
(See above for address)
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**KRISTA ANN DOLAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MATLETHA BENNETTE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**NICHOLAS TAICHI STEINER**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NICOLE ELYSE WITTSTEIN**
(See above for address)
*TERMINATED: 05/29/2026*
*PRO HAC VICE*

**QUINN BRANDON RITTER**
(See above for address)
*TERMINATED: 05/29/2026*

**FREDERICK STANTON WERMUTH**
(See above for address)
*TERMINATED: 05/29/2026*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Plaintiff**

**SMART & SAFE FLORIDA**
*REGISTERED FLORIDA POLITICAL COMMITTEE*

represented by **BRIDGET KELLOGG SMITHA**
STEARNS WEAVER MILLER ETC
PA – TALLAHASSEE FL
106 EAST COLLEGE AVE
SUITE 700
TALLAHASSEE, FL 32301
850–328–4852
Email: bsmitha@stearnsweaver.com
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER ROY CLARK**
STEARNS WEAVER MILLER –
TALLAHASSEE FL
106 E COLLEGE AVENUE
SUITE 700
TALLAHASSEE, FL 32301
912–223–9901
Email: crclark@stearnsweaver.com
*ATTORNEY TO BE NOTICED*

**ELIZABETH DESLOGE ELLIS**
STEARNS WEAVER MILLER –
TALLAHASSEE FL
106 E COLLEGE AVENUE
SUITE 700
TALLAHASSEE, FL 32301
850–329–4856
Email: lellis@stearnsweaver.com
*ATTORNEY TO BE NOTICED*

**GLENN T BURHANS , JR**
STEARNS WEAVER MILLER ETC
PA – TALLAHASSEE FL
106 EAST COLLEGE AVE
SUITE 700
TALLAHASSEE, FL 32301
850–328–4850
Email: gburhans@stearnsweaver.com
*ATTORNEY TO BE NOTICED*

**HANNAH ELEANOR MURPHY**
STEARNS WEAVER MILLER –
TALLAHASSEE FL
106 E COLLEGE AVENUE
SUITE 700
TALLAHASSEE, FL 32301
850–354–7629
Email: hmurphy@stearnsweaver.com
*ATTORNEY TO BE NOTICED*

**MATT EDWARD BRYANT**
STEARNS WEAVER MILLER –
TALLAHASSEE FL
106 E COLLEGE AVENUE
SUITE 700

TALLAHASSEE, FL 32301
850–329–4857
Email: mbryant@stearnsweaver.com
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**LEAGUE OF WOMEN VOTERS OF**
**FLORIDA**

represented by **ANDREW H WARREN**
DEMOCRACY DEFENDERS FUND
600 PENNSYLVANIA AVENUE SE
SUITE 15180
WASHINGTON, DC 20003
202–594–9958
Email: andrew@democracydefenders.org
*ATTORNEY TO BE NOTICED*

**GEORGE E MASTORIS**
WINSTON & STRAWN LLP – NEW
YORK NY
200 PARK AVE
NEW YORK, NY 10166
212–294–4623
Email: gmastoris@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**GERALD EDWARD GREENBERG**
GELBER SCHACHTER &
GREENBERG PA – MIAMI FL
ONE SE 3RD AVENUE
SUITE 2600
MIAMI, FL 33131
305–728–0950
Fax: 305–728–0951
Email: ggreenberg@gsgpa.com
*ATTORNEY TO BE NOTICED*

**JACOB KOVACS–GOODMAN**
DEMOCRACY DEFENDERS FUND
600 PENNSYLVANIA AVENUE SE
SUITE 15180
WASHINGTON, DC 20003
202–594–9958
Email: Jacob@democracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHANNA RAE HUDGENS**
WINSTON & STRAWN LLP – NEW
YORK NY
200 PARK AVE
NEW YORK, NY 10166
212–294–6734
Email: jhudgens@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JON MARSHALL GREENBAUM**
JUSTICE LEGAL STRATEGIES –
WASHINGTON DC
PO BOX 27015
WASHINGTON, DC 20038–7015
202–601–8678
Email: jgreenbaum@justicels.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**NATHAN CLEARY GREESS**
WINSTON & STRAWN LLP – NEW
YORK NY
200 PARK AVE
NEW YORK, NY 10166
212–294–9568
Email: ngreess@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NORMAN LARRY EISEN**
DEMOCRACY DEFENDERS FUND
600 PENNSYLVANIA AVENUE SE
SUITE 15180
WASHINGTON, DC 20003
202–594–9958
Email: norman@democracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**POOJA CHAUDHURI**
DEMOCRACY DEFENDERS FUND –
WASHINGTON DC
600 PENNSYLVANIA AVENUE SE
UNIT 15180
WASHINGTON, DC 20003
202–594–9958
Email: pooja@statedemocracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SAMANTHA I OSAKI**
WINSTON & STRAWN LLP – NEW
YORK NY
200 PARK AVE
NEW YORK, NY 10166
212–294–6700
Email: sosaki@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SHANE ANTHONY GRANNUM**
GELBER SCHACHTER &
GREENBERG PA – MIAMI FL
ONE SE 3RD AVENUE
SUITE 2600
MIAMI, FL 33131
305–728–0950
Fax: 305–728–0951
Email: sgrannum@gsgpa.com
*ATTORNEY TO BE NOTICED*

**SOFIA ARGUELLO**
WINSTON & STRAWN LLP – NEW
YORK NY
200 PARK AVE
NEW YORK, NY 10166
212–294–5304
Email: sarguello@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SOFIA FERNANDEZ GOLD**

DEMOCRACY DEFENDERS FUND
600 PENNSYLVANIA AVENUE SE
SUITE 15180
WASHINGTON, DC 20003
202–594–9958
Email: Sofia@statedemocracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SPENCER WILLIAM KLEIN**
DEMOCRACY DEFENDERS FUND –
WASHINGTON DC
600 PENNSYLVANIA AVENUE SE
SUITE 15180
WASHINGTON, DC 20003
202–594–9958
Email: spencer@statedemocracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**TYLER MATHEW DATO**
WINSTON & STRAWN LLP – NEW
YORK NY
200 PARK AVE
NEW YORK, NY 10166
212–294–2656
Email: tdato@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**LEAGUE OF WOMEN VOTERS OF**     represented by  **ANDREW H WARREN**
**FLORIDA EDUCATION FUND INC**                    (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**GERALD EDWARD GREENBERG**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JACOB KOVACS–GOODMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHANNA RAE HUDGENS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JON MARSHALL GREENBAUM**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NATHAN CLEARY GREESS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NORMAN LARRY EISEN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**POOJA CHAUDHURI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SAMANTHA I OSAKI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SHANE ANTHONY GRANNUM**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SOFIA ARGUELLO**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SOFIA FERNANDEZ GOLD**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SPENCER WILLIAM KLEIN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**GEORGE E MASTORIS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**LEAGUE OF UNITED LATIN AMERICAN CITIZENS**     represented by **ANDREW H WARREN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**GERALD EDWARD GREENBERG**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JACOB KOVACS–GOODMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHANNA RAE HUDGENS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JON MARSHALL GREENBAUM**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NATHAN CLEARY GREESS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NORMAN LARRY EISEN**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**POOJA CHAUDHURI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SAMANTHA I OSAKI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SHANE ANTHONY GRANNUM**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SOFIA ARGUELLO**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SOFIA FERNANDEZ GOLD**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SPENCER WILLIAM KLEIN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**GEORGE E MASTORIS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**CECILE SCOON**                    represented by   **ANDREW H WARREN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**GERALD EDWARD GREENBERG**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JACOB KOVACS–GOODMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHANNA RAE HUDGENS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JON MARSHALL GREENBAUM**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NATHAN CLEARY GREESS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NORMAN LARRY EISEN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**POOJA CHAUDHURI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SAMANTHA I OSAKI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SHANE ANTHONY GRANNUM**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SOFIA ARGUELLO**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SOFIA FERNANDEZ GOLD**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SPENCER WILLIAM KLEIN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**GEORGE E MASTORIS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**DEBRA CHANDLER**                    represented by   **ANDREW H WARREN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**GERALD EDWARD GREENBERG**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JACOB KOVACS–GOODMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHANNA RAE HUDGENS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JON MARSHALL GREENBAUM**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NATHAN CLEARY GREESS**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NORMAN LARRY EISEN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**POOJA CHAUDHURI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SAMANTHA I OSAKI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SHANE ANTHONY GRANNUM**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SOFIA ARGUELLO**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SOFIA FERNANDEZ GOLD**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SPENCER WILLIAM KLEIN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**GEORGE E MASTORIS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**FLORIDARIGHTTOCLEANWATER.ORG**    represented by    **ALEXANDRA COPPER**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–736–2200
Email: alexandra.copper@gmail.com
*TERMINATED: 09/24/2025*
*PRO HAC VICE*

**ALEXIS DENAE GRADY**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON 20005
202–736–2200
Email: agrady@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DANIELLE MARIE LANG**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
267–205–0578
Email: dlang@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ELLEN MARGARET BOETTCHER**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
781–738–6100
Email: eboettcher@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**HEATHER JEAN SZILAGYI**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–736–2200
Email: hszilagyi@campaignlegalcenter.org
*ATTORNEY TO BE NOTICED*

**JACOB KOVACS–GOODMAN ,**
DEMOCRACY DEFENDERS FUND

600 PENNSYLVANIA AVENUE SE
SUITE 15180

WASHINGTON, DC 20003
202–594–9958
Fax:
Email: Jacob@democracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN SCOTT ROEHRIG**
UNIVERSITY OF NORTH
CAROLINA
OFFICE OF UNIVERSITY COUNSEL
123 W FRANKLIN STREET
STE 600A
CHAPEL HILL, NC 27516
919–962–1219
Email: kroehrig@campaignlegalcenter.org
*TERMINATED: 09/15/2025*

**KUNAL JAY DIXIT**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
214–734–7162
Email: kdixit@campaignlegalcenter.org
*TERMINATED: 09/05/2025*

*PRO HAC VICE*

**MELISSA LAUREN NEAL**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
734–259–9940
Email: mneal@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERT BRENT FERGUSON**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–736–2200
Email: bferguson@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SAMANTHA J PERLMAN**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–736–2200
Email: sperlman@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SEJAL PARIMAL JHAVERI**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–736–2200
Email: sjhaveri@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SIMONE TYLER LEEPER**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
727–418–8011
Email: sleeper@campaignlegalcenter.org
*ATTORNEY TO BE NOTICED*

**WILLIAM KYLE HANCOCK , III**
CAMPAIGN LEGAL CENTER –
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202–750–3298
Email: whancock@campaignlegalcenter.org
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**MELISSA MARTIN**                                    represented by    **ALEXANDRA COPPER**
(See above for address)
*TERMINATED: 09/24/2025*
*PRO HAC VICE*

**ALEXIS DENAE GRADY**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DANIELLE MARIE LANG**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ELLEN MARGARET BOETTCHER**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**HEATHER JEAN SZILAGYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KRISTEN SCOTT ROEHRIG**
(See above for address)
*TERMINATED: 09/15/2025*

**KUNAL JAY DIXIT**
(See above for address)
*TERMINATED: 09/05/2025*
*PRO HAC VICE*

**MELISSA LAUREN NEAL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERT BRENT FERGUSON**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SAMANTHA J PERLMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SEJAL PARIMAL JHAVERI**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SIMONE TYLER LEEPER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM KYLE HANCOCK , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

| | | |
|---|---|---|
| **PODER LATINX**<br>*TERMINATED: 10/15/2025* | represented by | **CESAR Z RUIZ**<br>LATINO JUSTICE PRLDEF – NEW<br>YORK NY<br>475 RIVERSIDE DRIVE<br>SUITE 1901<br>NEW YORK, NY 10115<br>212–392–4752<br>Email: cruiz@latinojustice.org<br>*TERMINATED: 11/13/2025*<br>*PRO HAC VICE* |

**DELMARIE ALICEA**
LATINO JUSTICE PRLDEF – NEW
YORK NY
475 RIVERSIDE DRIVE
SUITE 1901
NEW YORK, NY 10115
321–418–6354
Email: dalicea@latinojustice.org
*TERMINATED: 11/13/2025*

**EMILY MIRANDA GALINDO**
LATINO JUSTICE PRLDEF – TAMPA
FL
4700 MILLENIA BOULEVARD
SUITE 500
ORLANDO, FL 32839
917–209–7834
Email: mgalindo@latinojustice.org
*TERMINATED: 11/13/2025*

**ERIC STEVEN PADILLA**
ARNOLD & PORTER LLP – NEW
YORK NY
250 WEST 55TH STREET
NEW YORK, NY 10019
212–836–7856
Email: eric.padilla@arnoldporter.com
*TERMINATED: 11/13/2025*

**JEREMY KARPATKIN**
ARNOLD & PORTER LLP –
WASHINGTON DC
601 MASSACHUSETTS NW
WASHINGTON, DC 20001
202–942–5545
Fax: 202–942–5000
Email: jeremy.karpatkin@arnoldporter.com
*TERMINATED: 11/13/2025*

**MICHAEL M ASPARRIN**
LATINO JUSTICE PRLDEF – NEW
YORK NY
475 RIVERSIDE DRIVE
SUITE 1901
NEW YORK, NY 10115
212–739–7580
Email: masparrin@latinojustice.org
*TERMINATED: 10/10/2025*
*PRO HAC VICE*

**NEDA AFSHARIAN KHOSHKHOO**
DEMOS – NEW YORK NY

368 9TH AVENUE
6TH FLOOR
NEW YORK, NY 10001
646–948–1621
Email: neda.khoshkhoo@gmail.com
*TERMINATED: 11/13/2025*
*PRO HAC VICE*

**PHI UYEN NGUYEN**
ASIAN AMERICAN LEGAL
DEFENSE AND EDUCATION FUND
99 HUDSON STREET
12TH FLOOR
NEW YORK, NY 10013
404–409–4054
Email: Pnguyen@aaldef.org
*TERMINATED: 11/13/2025*
*PRO HAC VICE*

**Intervenor Plaintiff**

**YIVIAN LOPEZ GARCIA**            represented by   **CESAR Z RUIZ**
*TERMINATED: 10/15/2025*                            (See above for address)
                                                    *TERMINATED: 11/13/2025*
                                                    *PRO HAC VICE*

                                                    **DELMARIE ALICEA**
                                                    (See above for address)
                                                    *TERMINATED: 11/13/2025*

                                                    **EMILY MIRANDA GALINDO**
                                                    (See above for address)
                                                    *TERMINATED: 11/13/2025*

                                                    **ERIC STEVEN PADILLA**
                                                    (See above for address)
                                                    *TERMINATED: 11/13/2025*

                                                    **JEREMY KARPATKIN**
                                                    (See above for address)
                                                    *TERMINATED: 11/13/2025*

                                                    **MICHAEL M ASPARRIN**
                                                    (See above for address)
                                                    *TERMINATED: 10/10/2025*
                                                    *PRO HAC VICE*

                                                    **NEDA AFSHARIAN KHOSHKHOO**
                                                    (See above for address)
                                                    *TERMINATED: 11/13/2025*
                                                    *PRO HAC VICE*

                                                    **PHI UYEN NGUYEN**
                                                    (See above for address)
                                                    *TERMINATED: 11/13/2025*
                                                    *PRO HAC VICE*

**Intervenor Plaintiff**

**HUMBERTO ORJUELA PRIETO**        represented by   **CESAR Z RUIZ**
*TERMINATED: 10/15/2025*                            (See above for address)
                                                    *TERMINATED: 11/13/2025*
                                                    *PRO HAC VICE*

                                                    **DELMARIE ALICEA**
                                                    (See above for address)

*TERMINATED: 11/13/2025*

**EMILY MIRANDA GALINDO**
(See above for address)
*TERMINATED: 11/13/2025*

**ERIC STEVEN PADILLA**
(See above for address)
*TERMINATED: 11/13/2025*

**JEREMY KARPATKIN**
(See above for address)
*TERMINATED: 11/13/2025*

**MICHAEL M ASPARRIN**
(See above for address)
*TERMINATED: 10/10/2025*
*PRO HAC VICE*

**NEDA AFSHARIAN KHOSHKHOO**
(See above for address)
*TERMINATED: 11/13/2025*
*PRO HAC VICE*

**PHI UYEN NGUYEN**
(See above for address)
*TERMINATED: 11/13/2025*
*PRO HAC VICE*

V.

**<u>Defendant</u>**

**CORD BYRD**                        represented by   **ASHLEY E DAVIS**
*IN HIS OFFICIAL CAPACITY AS SECRETARY*              FLORIDA DEPARTMENT OF STATE
*OF STATE OF FLORIDA*                                RA GRAY BUILDING
                                                     500 SOUTH BRONOUGH STREET
                                                     SUITE 100
                                                     TALLAHASSEE, FL 32399
                                                     850–245–6531
                                                     Email: ashley.davis@dos.fl.gov
                                                     *ATTORNEY TO BE NOTICED*

                                                     **BILAL AHMED FARUQUI**
                                                     FLORIDA DEPARTMENT OF STATE
                                                     500 SOUTH BRONOUGH STREET
                                                     SUITE 100
                                                     TALLAHASSEE, FL 32399–0250
                                                     850–245–6519
                                                     Email: Bilal.Faruqui@dos.fl.gov
                                                     *ATTORNEY TO BE NOTICED*

                                                     **BRADLEY ROBERT MCVAY**
                                                     FLORIDA DEPARTMENT OF STATE
                                                     500 S BRONOUGH STREET
                                                     TALLAHASSEE, FL 32399
                                                     352–219–5195
                                                     Email: brad.mcvay@dos.myflorida.com
                                                     *ATTORNEY TO BE NOTICED*

                                                     **GENEVIEVE WELS MCNALIS**
                                                     FLORIDA DEPARTMENT OF STATE
                                                     500 S BRONOUGH STREET
                                                     TALLAHASSEE, FL 32399
                                                     850–245–6503

Email: genevieve.mcnalis@dos.myflorida.com
*TERMINATED: 09/12/2025*

**MARTIN CHRISTIAN WOLK**
HOLTZMAN VOGEL –
TALLAHASSEE FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850–566–7610
Email: mwolk@holtzmanvogel.com
*ATTORNEY TO BE NOTICED*

**MICHAEL ROBERT BEATO**
HOLTZMAN VOGEL –
TALLAHASSEE FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850–566–7610
Email: mbeato@holtzmanvogel.com
*TERMINATED: 10/07/2025*

**MOHAMMAD OMAR JAZIL**
HOLTZMAN VOGEL –
TALLAHASSEE FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850–391–0503
Email: mjazil@holtzmanvogel.com
*ATTORNEY TO BE NOTICED*

**RANDALL MCKAY RABAN**
HOLTZMAN VOGEL –
TALLAHASSEE FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850–566–7610
Email: rraban@holtzmanvogel.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JAMES UTHMEIER**
*IN HIS OFFICIAL CAPACITY AS ATTORNEY*
*GENERAL OF THE STATE OF FLORIDA*

represented by **MARYSSA SAVANNAH–LYNN HARDY**
FLORIDA ATTORNEY GENERAL'S
OFFICE
PL–01 THE CAPITOL
TALLAHASSEE, FL 32399–1050
850–414–3695
Email: maryssa.hardy@myfloridalegal.com
*TERMINATED: 03/09/2026*

**MOHAMMAD OMAR JAZIL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SARA ELIZABETH SPEARS**
FLORIDA ATTORNEY GENERAL'S
OFFICE
PL–01 THE CAPITOL
TALLAHASSEE, FL 32399
850–414–3300

Email: sara.spears@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**WILLIAM HENRY STAFFORD , III**
ATTORNEY GENERAL – PL–01 –
TALLAHASSEE FL
PL 01 THE CAPITOL
400 S MONROE ST
TALLAHASSEE, FL 32399
850/414–3785
Fax: 850/413–7555
Email: william.stafford@myfloridalegal.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KIM BARTON**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*ALACHUA COUNTY*

represented by **ANDY V BARDOS**
GRAYROBINSON PA –
TALLAHASSEE FL
301 S BRONOUGH ST STE 600
TALLAHASSEE, FL 32301
850–577–9090
Fax: 850–577–3311
Email: andy.bardos@gray–robinson.com
*ATTORNEY TO BE NOTICED*

**CORBIN FREDERICK HANSON**
ALACHUA COUNTY ATTORNEYS
OFFICE – GAINESVILLE FL
12 SE 1ST STREET
2nd Floor
GAINESVILLE, FL 32601
352–374–5218
Email: cfhanson@alachuacounty.us
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
GRAYROBINSON PA –
TALLAHASSEE FL
301 S BRONOUGH ST STE 600
TALLAHASSEE, FL 32301
850–577–9090
Fax: 850–577–3311
Email: tim.moore@gray–robinson.com
*ATTORNEY TO BE NOTICED*

**ROBERT CHARLES SWAIN**
ALACHUA COUNTY ATTORNEY'S
OFFICE
12 SE FIRST ST
PO BOX 2877
GAINESVILLE, FL 32602
352–374–5218
Email: bswain@alachuacounty.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTOPHER MILTON**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR BAKER*
*COUNTY*

represented by **SUSAN SMITH ERDELYI**
MARKS GRAY PA –
JACKSONVILLE FL
1200 RIVERPLACE BLVD
STE 800
JACKSONVILLE, FL 32207
904–398–0900

Fax: 904–399–8440
Email: serdelyi@marksgray.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**NINA WARD**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR BAY*
*COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMANDA SEYFANG**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BRADFORD COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TIM BOBANIC**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BREVARD COUNTY*

represented by **FRANK MICHAEL MARI**
TESSITORE MARI SCOTT PLLC –
LAKE MARY FL
1485 INTERNATIONAL PARKWAY
SUITE 2031
LAKE MARY, FL 32746
321–363–1634
Fax: 321–319–9095
Email: fmari@tessmari.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOE SCOTT**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BROWARD COUNTY*

represented by **ADAM M KATZMAN**
BROWARD COUNTY ATTORNEYS
OFFICE – FORT LAUDERDALE FL
115 S ANDREWS AVE
STE 423
FORT LAUDERDALE, FL 33301
954–357–7600
Email: akatzman@broward.org
*ATTORNEY TO BE NOTICED*

**DEVONA ALICIA REYNOLDS
PEREZ**
OFFICE OF THE BROWARD
COUNTY ATTORNEY
115 S ANDREWS AVENUE
SUITE 423
FORT LAUDERDALE, FL 33301
954–357–7600
Fax: 954–357–6968
Email: dreynoldsperez@broward.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHARON CHASON**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*CALHOUN COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEAH VALENTI**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

*CHARLOTTE COUNTY*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MAUREEN BAIRD**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR CITRUS*
*COUNTY*

represented by **DALE A SCOTT**
TESSITORE MARI SCOTT PLLC –
LAKE MARY FL
1485 INTERNATIONAL PARKWAY
SUITE 2031
LAKE MARY, FL 32746–5352
321–363–1634
Email: dscott@tessmari.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRIS H CHAMBLESS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR CLAY*
*COUNTY*

represented by **JOHN T LAVIA , III**
GARDNER BIST BOWDEN ET AL –
TALLAHASSEE FL
1300 THOMASWOOD DR
TALLAHASSEE, FL 32308
850–385–0070
Fax: 850–385–5416
Email: jlavia@gbwlegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MELISSA BLAZIER**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR COLLIER*
*COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TOMI STINSON BROWN**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR FOR COLUMBIA COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEBBIE WERTZ**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR DESOTO*
*COUNTY*

represented by **PAUSHA TAGHDIRI**
ROPER TOWNSEND & SUTPHEN –
ORLANDO FL
255 S ORANGE AVENUE
SUITE 750
ORLANDO, FL 32801
407–897–5150
Email: ptaghdiri@roperpa.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DARBI CHAIRES**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR DIXIE*
*COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JERRY HOLLAND**
*IN HIS OFFICIAL CAPACITY AS*

represented by **TIFFINY DOUGLAS PINKSTAFF**
OFFICE OF GENERAL COUNSEL –

*SUPERVISOR OF ELECTIONS FOR DUVAL
COUNTY*

JACKSONVILLE FL
117 W DUVAL ST
STE 480
JACKSONVILLE, FL 32202
904–874–1514
Email: tpinkstaff@coj.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT BENDER**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
ESCAMBIA COUNTY*

represented by **CHRISTI JO HANKINS**
ESCAMBIA COUNTY ATTORNEYS
OFFICE – PENSACOLA FL
221 PALAFOX PLACE
SUITE 430
PENSACOLA, FL 32502
850–595–4970
Email: cjhankins@myescambia.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**KAITLYN LENHART**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
FLAGLER COUNTY*

represented by **PAUSHA TAGHDIRI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HEATHER RILEY**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
FRANKLIN COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KENYA WILLIAMS**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
GADSDEN COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LISA DARUS**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
GILCHRIST COUNTY*

represented by **PAUSHA TAGHDIRI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALETRIS FARNAM**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR GLADES
COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
HENDERSON FRANKLIN STARNES
HOLT – FORT MYERS FL
1715 MONROE STREET
FORT MYERS, FL 33901
239–344–1168
Email: jerry.olivo@henlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**RHONDA PIERCE**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR GULF
COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LAURA HUTTO**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*HAMILTON COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DIANE SMITH**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR HARDEE*
*COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHERRY TAYLOR**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR HENDRY*
*COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DENISE LAVANCHER**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*HERNANDO COUNTY*

represented by **JON A JOUBEN**
HERNANDO COUNTY
20 N MAIN STREET
SUITE 462
BROOKESVILLE, FL 34601–2850
351–754–4122
Fax: 352–754–4001
Email: jjouben@co.hernando.fl.us
*ATTORNEY TO BE NOTICED*

**MELISSA A TARTAGLIA**
HERNANDO COUNTY ATTORNEY
20 NORTH MAIN STREET
SUITE 462
BROOKSVILLE, FL 34601
352–754–4122
Email: mtartaglia@co.hernando.fl.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**KAREN HEALY**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*HIGHLANDS COUNTY*

represented by **PAUSHA TAGHDIRI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CRAIG LATIMER**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*HILLSBOROUGH COUNTY*

represented by **STEPHEN MARK TODD**
OFFICE OF THE COUNTY
ATTORNEY
601 E KENNEDY BLVD
27TH FLOOR
TAMPA, FL 33602
813–272–5670
Fax: 813–272–5758
Email: todds@hcfl.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**H. RUSSELL WILLIAMS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR HOLMES*
*COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LESLIE SWAN**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR INDIAN
RIVER COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CAROL A DUNAWAY**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
JACKSON COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHELLE MILLIGAN**
*, IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
JEFFERSON COUNTY*

represented by **PAUSHA TAGHDIRI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TRAVIS HART**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
LAFAYETTE COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN HAYS**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR LAKE
COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TOMMY DOYLE**
*, IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR LEE
COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK EARLEY**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR LEON
COUNTY*

represented by **MARK HERRON**
MESSER CAPARELLO & SELF PA –
TALLAHASSEE FL
2618 CENTENNIAL PL
TALLAHASSEE, FL 32308
850–222–0720
Fax: 850–224–4359
Email: mherron@lawfla.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**TAMMY JONES**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR LEVY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

*COUNTY*

**Defendant**

**GRANT CONYERS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR LIBERTY*
*COUNTY*

represented by **PAUSHA TAGHDIRI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HEATH DRIGGERS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*MADISON COUNTY;*

represented by **PAUSHA TAGHDIRI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SCOTT FARRINGTON**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*MANATEE COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WESLEY WILCOX**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR MARION*
*COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**VICKI DAVIS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR MARTIN*
*COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALINA GARCIA**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*MIAMI–DADE COUNTY*

represented by **OREN ROSENTHAL**
MIAMI–DADE COUNTY
SUPERVISOR OF ELECTIONS
2700 NW 87TH AVENUE
MIAMI, FL 33172
305–499–8358
Email: oren.rosenthal@votemiamidade.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHERRI HODIE**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR MONROE*
*COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JANET H ADKINS**
*IN HER OFFICIAL CAPACITY AS*

represented by **SUSAN SMITH ERDELYI**
(See above for address)

*SUPERVISOR OF ELECTIONS FOR NASSAU
COUNTY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**PAUL A LUX**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
OKALOOSA COUNTY*

represented by **GREGORY THOMAS STEWART**
NABORS GIBLIN & NICKERSON PA
– TALLAHASSEE FL
1500 MAHAN DR STE 200
TALLAHASSEE, FL 32308
850–224–4070
Fax: 850–224–4073
Email: gstewart@ngn–tally.com
*ATTORNEY TO BE NOTICED*

**MATTHEW REED SHAUD**
NABORS GIBLIN & NICKERSON PA
– TALLAHASSEE FL
1500 MAHAN DR STE 200
TALLAHASSEE, FL 32308
850–224–4070
Fax: 850–224–4073
Email: mshaud@ngnlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID MAY**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
OKEECHOBEE COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KAREN CASTOR DENTEL**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR ORANGE
COUNTY*

represented by **NICHOLAS ARI SHANNIN**
SHANNIN LAW FIRM PA –
ORLANDO FL
214 EAST LUCERNE CIRCLE
SUITE 200
ORLANDO, FL 32801
407–985–2222
Email: nshannin@shanninlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARY JANE ARRINGTON**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR
OSCEOLA COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WENDY LINK**
*IN HER OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR PALM
BEACH COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN CORLEY**
*IN HIS OFFICIAL CAPACITY AS
SUPERVISOR OF ELECTIONS FOR PASCO
COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JULIE MARCUS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*PINELLAS COUNTY*

represented by **JARED DOUGLAS KAHN**
PINELLAS COUNTY ATTORNEYS
OFFICE
315 COURT STREET
6TH FLOOR
CLEARWATER, FL 33756
813–786–4034
Email: jkahn@pinellas.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**MELONY BELL**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR POLK*
*COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES OVERTURF**
*, IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR PUTNAM*
*COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TAPPIE VILLANE**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR SANTA*
*ROSA COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RON TURNER**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*SARASOTA COUNTY*

represented by **MORGAN RAY BENTLEY**
BENTLEY & BRUNING PA –
SARASOTA FL
783 SOUTH ORANGE AVENUE
SUITE 300
ASARASOTA, FL 34236
941–556–9030
Email: mbentley@bentleyandbruning.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMY PENNOCK**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*SEMINOLE COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JAMES TIMOTHY MOORE , JR**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**VICKY OAKES**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR ST.*
*JOHNS COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GERTRUDE WALKER**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR ST.*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

*LUCIE COUNTY*

**Defendant**

**WILLIAM KEEN**
*, IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR SUMTER*
*COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JENNIFER KINSEY**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*SUWANNEE COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DANA SOUTHERLAND**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR TAYLOR*
*COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEBORAH OSBORNE**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR UNION*
*COUNTY*

represented by **PAUSHA TAGHDIRI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LISA LEWIS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR VOLUSIA*
*COUNTY*

represented by **SARAH LYNN JONAS**
VOLUSIA COUNTY ATTORNEY'S
OFFICE
123 W INDIANA AVENUE
DELAND, FL 32720
386−736−5950
Email: sjonas@volusia.org
*ATTORNEY TO BE NOTICED*

**WILLIAM KEVIN BLEDSOE**
COUNTY OF VOLUSIA
123 WEST INDIANA AVENUE
ROOM 301
DELAND, FL 32720
386−736−5950
Fax: 386−736−5990
Email: kbledsoe@volusia.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH R MORGAN**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*WAKULLA COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEIDRA PETTIS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*WASHINGTON COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

**GINGER BOWDEN MADDEN**
*IN HER OFFICIAL CAPACITY AS STATE*
*ATTORNEY FOR THE FIRST JUDICIAL*
*CIRCUIT OF FLORIDA*

**ARTHUR IVAN JACOBS**
JACOBS SCHOLZ & WYLER LLC –
FERNANDINA BEACH FL
961687 GATEWAY BOULEVARD
SUITE 201–I
FERNANDINA BEACH, FL 32034
904–261–3693
Email: buddy@jswflorida.com
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
WYLER LAW FIRM – FERNANDINA
BEACH FL
961687 GATEWAY BOULEVARD
SUITE 101–L
FERNANDINA BEACH, FL 32034
904–261–3690
Fax: 904–261–2866
Email: doug@wylerlawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JACK CAMPBELL**
*IN HIS OFFICIAL CAPACITY AS STATE*
*ATTORNEY FOR THE SECOND JUDICIAL*
*CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DURRETT**
*IN HIS OFFICIAL CAPACITY AS STATE*
*ATTORNEY FOR THE THIRD JUDICIAL*
*CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MELISSA NELSON**
*IN HER OFFICIAL CAPACITY AS STATE*
*ATTORNEY FOR THE FOURTH JUDICIAL*
*CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BILL GLADSON**
*IN HIS OFFICIAL CAPACITY AS STATE*
*ATTORNEY FOR THE FIFTH JUDICIAL*
*CIRCUIT OF FLORIDA*

represented by **DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRUCE BARTLETT**
*IN HIS OFFICIAL CAPACITY AS STATE*
*ATTORNEY FOR THE SIXTH JUDICIAL*
*CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**R J LARIZZA**
*IN HIS OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE SEVENTH JUDICIAL
CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN KRAMER**
*IN HIS OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE EIGHTH JUDICIAL
CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MONIQUE WORRELL**
*IN HER OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE NINTH JUDICIAL
CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN HAAS**
*IN HIS OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE TENTH JUDICIAL
CIRCUIT OF FLORIDA*

represented by **DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KATHERINE FERNANDEZ RUNDLE**
*IN HER OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE ELEVENTH JUDICIAL
CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ED BRODSKY**
*IN HIS OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE TWELFTH JUDICIAL
CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUSAN LOPEZ**
*IN HER OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE THIRTEENTH
JUDICIAL CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LARRY BASFORD**
*IN HIS OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE FOURTEENTH
JUDICIAL CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALEXCIA COX**
*IN HER OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE FIFTEENTH JUDICIAL
CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DENNIS WARD**
*IN HIS OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE SIXTEENTH JUDICIAL
CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HAROLD F PRYOR**
*IN HIS CAPACITY AS STATE ATTORNEY FOR
THE SEVENTEENTH JUDICIAL CIRCUIT OF
FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILL SCHEINER**
*IN HIS OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE EIGHTEENTH
JUDICIAL CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS BAKKEDAHL**
*IN HIS OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE NINETEENTH
JUDICIAL CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMIRA D FOX**
*IN HER OFFICIAL CAPACITY AS STATE
ATTORNEY FOR THE TWENTIETH
JUDICIAL CIRCUIT OF FLORIDA*

represented by **ARTHUR IVAN JACOBS**
(See above for address)
*TERMINATED: 12/16/2025*

**DOUGLAS ARTHUR WYLER**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**RYAN MESSER**                              represented by   **SUSAN SMITH ERDELYI**
*IN HIS OFFICIAL CAPACITY AS*                                (See above for address)
*SUPERVISOR OF ELECTIONS FOR WALTON*                         *ATTORNEY TO BE NOTICED*
*COUNTY*

**Defendant**

**BRADLEY MCVAY**                            represented by   **MOHAMMAD OMAR JAZIL**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*


V.

**Intervenor Defendant**

**REPUBLICAN PARTY OF FLORIDA**              represented by   **BENJAMIN J GIBSON**
                                                             SHUTTS & BOWEN LLP –
                                                             TALLAHASSEE FL
                                                             215 S MONROE ST – STE 804
                                                             TALLAHASSEE, FL 32301
                                                             850–241–1720
                                                             Fax: 850–241–1718
                                                             Email: bgibson@shutts.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **DANIEL ELDEN NORDBY**
                                                             SHUTTS & BOWEN LLP –
                                                             TALLAHASSEE FL
                                                             215 S MONROE ST – STE 804
                                                             TALLAHASSEE, FL 32301
                                                             850–241–1720
                                                             Email: dnordby@shutts.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **ELISE M ENGLE**
                                                             SHUTTS & BOWEN LLP – TAMPA
                                                             FL
                                                             4301 W BOY SCOUT BLVD
                                                             STE 300
                                                             TAMPA, FL 33607
                                                             813–229–8900
                                                             Fax: 813–229–8901
                                                             Email: eengle@shutts.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **KASSANDRA SATTERLY
                                                             REARDON**
                                                             SHUTTS & BOWEN LLP –
                                                             TALLAHASSEE FL
                                                             215 S MONROE ST – STE 804
                                                             TALLAHASSEE, FL 32301
                                                             850–241–1724
                                                             Fax: 850–241–1716
                                                             Email: kreardon@shutts.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **NICHOLAS JOHN PETER MEROS**
                                                             SHUTTS & BOWEN LLP –
                                                             TALLAHASSEE FL
                                                             215 S MONROE ST – STE 804
                                                             TALLAHASSEE, FL 32301

850–241–1717
Email: nmeros@shutts.com
*ATTORNEY TO BE NOTICED*

**TARA R PRICE**
SHUTTS & BOWEN LLP –
TALLAHASSEE FL
215 S MONROE ST – STE 804
TALLAHASSEE, FL 32301
850–241–1734
Email: tprice@shutts.com
*ATTORNEY TO BE NOTICED*

Amicus

**CIVIL RIGHTS CLINIC AT HOWARD UNIVERSITY SCHOOL OF LAW**    represented by    **JAMES MURRAY SLATER**
SLATER LEGAL PLLC – ATLANTA
GA
2296 HENDERSON MILL ROAD NE
SUITE 116
ATLANTA, GA 30345
404–458–7283
Email: james@slater.legal
*ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
ADVANCEMENT PROJECT
POWER & DEMOCRACY PROGRAM
1220 L STREET NW
SUITE 850
WASHINGTON, DC 20005
202–921–7314
Email: jmppowers@gmail.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
HOWARD UNIVERSITY SCHOOL OF
LAW
2900 VAN NESS STREET NW
WASHINGTON, DC 20008
202–285–7464
Email: kristen.clarke@howard.edu
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Amicus

**LAVON BRACY DAVIS**    represented by    **JAMES MURRAY SLATER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Amicus

**TRACIE DAVIS**    represented by    **JAMES MURRAY SLATER**
(See above for address)

*ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**MICHELE RAYNER**                    represented by    **JAMES MURRAY SLATER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**RASHON YOUNG**                    represented by    **JAMES MURRAY SLATER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**ASHLEY GANTT**                    represented by    **JAMES MURRAY SLATER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**FLORIDA STATE CONFERENCE OF THE**      represented by    **JAMES MURRAY SLATER**
**NATIONAL ASSOCIATION FOR THE**                         (See above for address)
**ADVANCEMENT OF COLORED PEOPLE**                        *ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**COMMON CAUSE**                    represented by    **JAMES MURRAY SLATER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**EQUAL GROUND EDUCATION FUND**     represented by    **JAMES MURRAY SLATER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOHN MICHAEL POWERS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KRISTEN M CLARKE**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2025 | 1 | COMPLAINT *for Injunctive and Declaratory Relief* against JANET H ADKINS, MARY JANE ARRINGTON, MAUREEN BAIRD, THOMAS BAKKEDAHL, BRUCE BARTLETT, KIM BARTON, LARRY BASFORD, MELONY BELL, ROBERT BENDER, MELISSA BLAZIER, TIM BOBANIC, ED BRODSKY, TOMI STINSON BROWN, CORD BYRD, JACK CAMPBELL, DARBI CHAIRES, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN CORLEY, ALEXCIA COX, LISA DARUS, VICKI DAVIS, KAREN CASTOR DENTEL, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, JOHN DURRETT, MARK EARLEY, ALETRIS FARNAM, SCOTT FARRINGTON, AMIRA D FOX, ALINA GARCIA, BILL GLADSON, BRIAN HAAS, TRAVIS HART, ALAN HAYS, KAREN HEALY, SHERRI HODIE, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER KINSEY, BRIAN KRAMER, R.J. LARIZZA, CRAIG LATIMER, DENISE LAVANCHER, KAITLYN LENHART, LISA LEWIS, WENDY LINK, SUSAN LOPEZ, PAUL A LUX, GINGER BOWDEN MADDEN, JULIE MARCUS, DAVID MAY, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH R MORGAN, MELISSA NELSON, VICKY OAKES, DEBORAH OSBORNE, CHARLES OVERTURF, AMY PENNOCK, DEIDRA PETTIS, RHONDA PIERCE, HAROLD F PRYOR, HEATHER RILEY, KATHERINE FERNANDEZ RUNDLE, WILL SCHEINER, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, LESLIE SWAN, SHERRY TAYLOR, RON TURNER, JAMES |

UTHMEIER, LEAH VALENTI, TAPPIE VILLANE, GERTRUDE WALKER, DENNIS WARD, NINA WARD, DEBBIE WERTZ, WESLEY WILCOX, H. RUSSELL WILLIAMS, KENYA WILLIAMS, MONIQUE WORRELL ( Filing fee $ 405 receipt number AFLNDC–9462174.), filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE, INC., JORDAN SIMMONS. (Attachments: # 1 Exhibit A, # 2 SUMMONS TO BE ISSUED BYRD, # 3 SUMMONS TO BE ISSUED UTHMEIER, # 4 SUMMONS TO BE ISSUED BARTON, # 5 SUMMONS TO BE ISSUED MILTON, # 6 SUMMONS TO BE ISSUED WARD, # 7 SUMMONS TO BE ISSUED SEYFANG, # 8 SUMMONS TO BE ISSUED BOBANIC, # 9 SUMMONS TO BE ISSUED SCOTT, # 10 SUMMONS TO BE ISSUED CHASON, # 11 SUMMONS TO BE ISSUED VALENTI, # 12 SUMMONS TO BE ISSUED BAIRD, # 13 SUMMONS TO BE ISSUED CHAMBLESS, # 14 SUMMONS TO BE ISSUED BLAZIER, # 15 SUMMONS TO BE ISSUED BROWN, # 16 SUMMONS TO BE ISSUED WERTZ, # 17 SUMMONS TO BE ISSUED CHAIRES, # 18 SUMMONS TO BE ISSUED HOLLAND, # 19 SUMMONS TO BE ISSUED BENDER, # 20 SUMMONS TO BE ISSUED LENHART, # 21 SUMMONS TO BE ISSUED RILEY, # 22 SUMMONS TO BE ISSUED WILLIAMS, # 23 SUMMONS TO BE ISSUED DARUS, # 24 SUMMONS TO BE ISSUED FARNAM, # 25 SUMMONS TO BE ISSUED PIERCE, # 26 SUMMONS TO BE ISSUED HUTTO, # 27 SUMMONS TO BE ISSUED SMITH, # 28 SUMMONS TO BE ISSUED TAYLOR, # 29 SUMMONS TO BE ISSUED VANCHER, # 30 SUMMONS TO BE ISSUED HEALY, # 31 SUMMONS TO BE ISSUED LATIMER, # 32 SUMMONS TO BE ISSUED WILLIAMS, # 33 SUMMONS TO BE ISSUED SWAN, # 34 SUMMONS TO BE ISSUED DUNAWAY, # 35 SUMMONS TO BE ISSUED MILLIGAN, # 36 SUMMONS TO BE ISSUED HART, # 37 SUMMONS TO BE ISSUED HAYS, # 38 SUMMONS TO BE ISSUED DOYLE, # 39 SUMMONS TO BE ISSUED EARLEY, # 40 SUMMONS TO BE ISSUED JONES, # 41 SUMMONS TO BE ISSUED CONYERS, # 42 SUMMONS TO BE ISSUED DRIGGERS, # 43 SUMMONS TO BE ISSUED FARRINGTON, # 44 SUMMONS TO BE ISSUED WILCOX, # 45 SUMMONS TO BE ISSUED DAVIS, # 46 SUMMONS TO BE ISSUED GARCIA, # 47 SUMMONS TO BE ISSUED HODIES, # 48 SUMMONS TO BE ISSUED ADKINS, # 49 SUMMONS TO BE ISSUED LUX, # 50 SUMMONS TO BE ISSUED MAY, # 51 SUMMONS TO BE ISSUED DENTEL, # 52 SUMMONS TO BE ISSUED ARRINGTON, # 53 SUMMONS TO BE ISSUED LINK, # 54 SUMMONS TO BE ISSUED CORLEY, # 55 SUMMONS TO BE ISSUED MARCUS, # 56 SUMMONS TO BE ISSUED BELL, # 57 SUMMONS TO BE ISSUED OVERTURF, # 58 SUMMONS TO BE ISSUED VILLANE, # 59 SUMMONS TO BE ISSUED TURNER, # 60 SUMMONS TO BE ISSUED PENNOCK, # 61 SUMMONS TO BE ISSUED OAKES, # 62 SUMMONS TO BE ISSUED WALKER, # 63 SUMMONS TO BE ISSUED KEEN, # 64 SUMMONS TO BE ISSUED KINSEY, # 65 SUMMONS TO BE ISSUED SOUTHERLAND, # 66 SUMMONS TO BE ISSUED OSBORNE, # 67 SUMMONS TO BE ISSUED LEWIS, # 68 SUMMONS TO BE ISSUED MORGAN, # 69 SUMMONS TO BE ISSUED MESSER, # 70 SUMMONS TO BE ISSUED PETITIS, # 71 SUMMONS TO BE ISSUED BAKKADAHL, # 72 SUMMONS TO BE ISSUED BARTLETT, # 73 SUMMONS TO BE ISSUED BESFORD, # 74 SUMMONS TO BE ISSUED BRODSKY, # 75 SUMMONS TO BE ISSUED CAMPBELL, # 76 SUMMONS TO BE ISSUED COX, # 77 SUMMONS TO BE ISSUED DURRETT, # 78 SUMMONS TO BE ISSUED FERNANDEZ, # 79 SUMMONS TO BE ISSUED FOX, # 80 SUMMONS TO BE ISSUED GLADSON, # 81 SUMMONS TO BE ISSUED HAAS, # 82 SUMMONS TO BE ISSUED KRAMER, # 83 SUMMONS TO BE ISSUED LARIZZA, # 84 SUMMONS TO BE ISSUED LOPEZ, # 85 SUMMONS TO BE ISSUED MADDEN, # 86 SUMMONS TO BE ISSUED NELSON, # 87 SUMMONS TO BE ISSUED PRYOR, # 88 SUMMONS TO BE ISSUED SCHEINER, # 89 SUMMONS TO BE ISSUED WARD, # 90 SUMMONS TO BE ISSUED WORRELL) (WERMUTH, FREDERICK) (Entered: 05/04/2025)

| 05/04/2025 | 2 | CIVIL COVER SHEET. (WERMUTH, FREDERICK) (Entered: 05/04/2025) |
| 05/04/2025 | 3 | Corporate Disclosure Statement/Certificate of Interested Persons by FLORIDA DECIDES HEALTHCARE, INC., MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) (Entered: 05/04/2025) |

| | | |
|---|---|---|
| 05/05/2025 | 4 | Summons Issued as to THOMAS BAKKEDAHL, BRUCE BARTLETT, LARRY BASFORD, ED BRODSKY, JACK CAMPBELL, ALEXCIA COX, JOHN DURRETT, AMIRA D FOX, BILL GLADSON, BRIAN HAAS, BRIAN KRAMER, R.J. LARIZZA, LISA LEWIS, SUSAN LOPEZ, GINGER BOWDEN MADDEN, JOSEPH R MORGAN, MELISSA NELSON, DEBORAH OSBORNE, DEIDRA PETTIS, HAROLD F PRYOR, KATHERINE FERNANDEZ RUNDLE, WILL SCHEINER, DANA SOUTHERLAND, DENNIS WARD, MONIQUE WORRELL. (Attachments: # 1 Ward Summons, # 2 Scheiner Summons, # 3 Pryor Summons, # 4 Nelson Summons, # 5 Bowden Madden Summons, # 6 Lopez Summons, # 7 Larizza Summons, # 8 Kramer Summons, # 9 Haas Summons, # 10 Gladson Summons, # 11 Fox Summons, # 12 Fernandez–Rundle Summons, # 13 Durrett Summons, # 14 Cox Summons, # 15 Campbell Summons, # 16 Brodsky Summons, # 17 Basford Summons, # 18 Bartlett Summons, # 19 Bakkedahl Summons, # 20 Pettis Summons, # 21 Messer Summons, # 22 Morgan Summons, # 23 Lewis Summons, # 24 Osborne Summons, # 25 Southerland Summons) (baf) (Entered: 05/05/2025) |
| 05/05/2025 | 5 | Summons Issued as to JANET H ADKINS, MARY JANE ARRINGTON, MELONY BELL, GRANT CONYERS, BRIAN CORLEY, VICKI DAVIS, KAREN CASTOR DENTEL, HEATH DRIGGERS, MARK EARLEY, SCOTT FARRINGTON, ALINA GARCIA, SHERRI HODIE, TAMMY JONES, WILLIAM KEEN, JENNIFER KINSEY, WENDY LINK, PAUL A LUX, JULIE MARCUS, DAVID MAY, VICKY OAKES, CHARLES OVERTURF, AMY PENNOCK, LESLIE SWAN, RON TURNER, TAPPIE VILLANE, GERTRUDE WALKER, WESLEY WILCOX. (Attachments: # 1 Keen Summons, # 2 Walker Summons, # 3 Oakes Summons, # 4 Pennock Summons, # 5 Turner Summons, # 6 Villane Summons, # 7 Overturf Summons, # 8 Bell Summons, # 9 Marcus Summons, # 10 Corley Summons, # 11 Link Summons, # 12 Arrington Summons, # 13 Dentel Summons, # 14 May Summons, # 15 Lux Summons, # 16 Adkins Summons, # 17 Hodies Summons, # 18 Garcia Summons, # 19 Davis Summons, # 20 Wilcox Summons, # 21 Farrington Summons, # 22 Driggers Summons, # 23 Conyers Summons, # 24 Jones Summons, # 25 Earley Summons) (baf) (Entered: 05/05/2025) |
| 05/05/2025 | 6 | Summons Issued as to ROBERT BENDER, MELISSA BLAZIER, TOMI STINSON BROWN, DARBI CHAIRES, CHRIS H CHAMBLESS, LISA DARUS, TOMMY DOYLE, CAROL A DUNAWAY, ALETRIS FARNAM, TRAVIS HART, ALAN HAYS, KAREN HEALY, JERRY HOLLAND, LAURA HUTTO, CRAIG LATIMER, DENISE LAVANCHER, KAITLYN LENHART, MICHELLE MILLIGAN, RHONDA PIERCE, HEATHER RILEY, DIANE SMITH, LESLIE SWAN, SHERRY TAYLOR, DEBBIE WERTZ, H. RUSSELL WILLIAMS, KENYA WILLIAMS. (Attachments: # 1 Hays Summon, # 2 Hart Summons, # 3 Milligan Summons, # 4 Dunaway Summons, # 5 Swan Summons, # 6 Russell Williams Summons, # 7 Latimer Summons, # 8 Healy Summons, # 9 Lavancher Summons, # 10 Taylor Summons, # 11 Smith Summons, # 12 Hutto Summons, # 13 Pierce Summons, # 14 Farnam Summons, # 15 Darus Summons, # 16 Williams Summons, # 17 Riley Summons, # 18 Lenhart Summons, # 19 Bender Summons, # 20 Holland Summons, # 21 Chaires Summons, # 22 Wertz Summons, # 23 Brown Summons, # 24 Blazier Summons, # 25 Chambless Summons) (baf) (Entered: 05/05/2025) |
| 05/05/2025 | 7 | Summons Issued as to MAUREEN BAIRD, KIM BARTON, TIM BOBANIC, CORD BYRD, SHARON CHASON, CHRISTOPHER MILTON, JOE SCOTT, AMANDA SEYFANG, JAMES UTHMEIER, LEAH VALENTI, NINA WARD. (Attachments: # 1 Valenti Summons, # 2 Chason Summons, # 3 Scott Summons, # 4 Bobanic Summons, # 5 Seyfang Summons, # 6 Ward Summons, # 7 Milton Summons, # 8 Barton Summons, # 9 Uthmeier, # 10 Byrd Summons) (baf) (Entered: 05/05/2025) |
| 05/05/2025 | 8 | NOTICE of Appearance by KRISTA ANN DOLAN on behalf of FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (DOLAN, KRISTA) (Entered: 05/05/2025) |
| 05/06/2025 | 9 | NOTICE of Appearance by MATLETHA BENNETTE on behalf of All Plaintiffs (BENNETTE, MATLETHA) (Entered: 05/06/2025) |
| 05/06/2025 | 10 | NOTICE of Appearance by STEPHEN MARK TODD on behalf of CRAIG LATIMER (TODD, STEPHEN) (Entered: 05/06/2025) |

| 05/06/2025 | 11 | DEFENDANT CRAIG LATIMER, IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR HILLSBOROUGH COUNTY'S CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT by CRAIG LATIMER. (TODD, STEPHEN) Modified title on 5/7/2025 (baf). (Entered: 05/06/2025) |
|---|---|---|
| 05/06/2025 | 12 | DEFENDANT CRAIG LATIMER, IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR HILLSBOROUGH COUNTY'S NOTICE OF RELATED ACTION by CRAIG LATIMER (TODD, STEPHEN) Modified title on 5/7/2025 (baf). (Entered: 05/06/2025) |
| 05/06/2025 | 13 | PLAINTIFFS' UNOPPOSED MOTION TO SUBSTITUTE CORRECTED COMPLAINT by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Corrected Complaint) (WERMUTH, FREDERICK) Modified title on 5/7/2025 (baf). (Entered: 05/06/2025) |
| 05/07/2025 | 14 | PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Memorandum of Law in Support of Plaintiffs' Emergency Motion for Temporary Restraining Order, # 2 Declaration of Carlos Morales, # 3 Declaration of Jordan Simmons, # 4 Text of Proposed Order) (WERMUTH, FREDERICK) Modified title on 5/7/2025 (baf). (Entered: 05/07/2025) |
| 05/07/2025 | 15 | PLAINTIFFS' NOTICE, PURSUANT TO LOCAL RULE 7.1(B), OF RESPONSE TO CONFERRAL REGARDING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF. NO. 14 ) by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 5/8/2025 (baf). (Entered: 05/07/2025) |
| 05/07/2025 | 16 | ORDER GRANTING MOTION TO SUBSTITUTE CORRECTED COMPLAINT – This Court has considered, without hearing, Plaintiffs' unopposed motion to substitute corrected complaint. ECF No. 13 . The motion is GRANTED. Plaintiffs must file their corrected complaint as a new docket entry by the close of business today, 5/7/2025. Signed by CHIEF JUDGE MARK E WALKER on 5/7/2025. (baf) (Entered: 05/07/2025) |
| 05/07/2025 | 17 | ORDER SETTING EMERGENCY SCHEDULING CONFERENCE – Pending before this Court is Plaintiffs Emergency Motion for Temporary Restraining Order. ECF No. 14 . By separate notice, the clerk must set a telephonic scheduling conference for Wednesday, May 14, 2025, at 1:00 p.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 5/7/2025. (baf) (Entered: 05/07/2025) |
| 05/07/2025 | 18 | NOTICE OF TELEPHONIC HEARING: Telephonic Scheduling Conference set for 5/14/2025 01:00 PM before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call Judge Walker's Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: 855–244–8681 When prompted for an access code, enter: 2309 453 2428# Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 05/07/2025) |
| 05/07/2025 | 19 | CORRECTED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF against JANET H ADKINS, MARY JANE ARRINGTON, MAUREEN BAIRD, THOMAS BAKKEDAHL, BRUCE BARTLETT, KIM BARTON, LARRY BASFORD, MELONY BELL, ROBERT BENDER, MELISSA BLAZIER, TIM BOBANIC, ED BRODSKY, TOMI STINSON BROWN, CORD BYRD, JACK CAMPBELL, DARBI CHAIRES, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN CORLEY, ALEXCIA COX, LISA DARUS, VICKI DAVIS, KAREN CASTOR DENTEL, TOMMY DOYLE, HEATH DRIGGERS, |

| | | |
|---|---|---|
| | | CAROL A DUNAWAY, JOHN DURRETT, MARK EARLEY, ALETRIS FARNAM, SCOTT FARRINGTON, AMIRA D FOX, ALINA GARCIA, BILL GLADSON, BRIAN HAAS, TRAVIS HART, ALAN HAYS, KAREN HEALY, SHERRI HODIE, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER KINSEY, BRIAN KRAMER, R.J. LARIZZA, CRAIG LATIMER, DENISE LAVANCHER, KAITLYN LENHART, LISA LEWIS, WENDY LINK, SUSAN LOPEZ, PAUL A LUX, GINGER BOWDEN MADDEN, JULIE MARCUS, DAVID MAY, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH R MORGAN, MELISSA NELSON, VICKY OAKES, DEBORAH OSBORNE, CHARLES OVERTURF, AMY PENNOCK, DEIDRA PETTIS, RHONDA PIERCE, HAROLD F PRYOR, HEATHER RILEY, KATHERINE FERNANDEZ RUNDLE, WILL SCHEINER, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, LESLIE SWAN, SHERRY TAYLOR, RON TURNER, JAMES UTHMEIER, LEAH VALENTI, TAPPIE VILLANE, GERTRUDE WALKER, DENNIS WARD, NINA WARD, DEBBIE WERTZ, WESLEY WILCOX, H. RUSSELL WILLIAMS, KENYA WILLIAMS, MONIQUE WORRELL, RYAN MESSER, filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Ex. A – Declaration of M. Emerson) (WERMUTH, FREDERICK) Modified title on 5/8/2025 (baf). (Entered: 05/07/2025) |
| 05/07/2025 | 20 | INITIAL SCHEDULING ORDER – Fed.R.Civ.P. 7.1 Corporate Disclosure Statement Deadline set for **5/21/2025**., Rule 26 Meeting Report due by **6/20/2025**., Discovery due by **9/4/2025**., Status Report due by **6/6/2025**., Dispositive Motions to be filed by **9/25/2025**.. Signed by CHIEF JUDGE MARK E WALKER on 5/7/2025. (baf) (Entered: 05/07/2025) |
| 05/07/2025 | 21 | NOTICE of Appearance by FRANK MICHAEL MARI on behalf of TIM BOBANIC (MARI, FRANK) (Entered: 05/07/2025) |
| 05/07/2025 | 22 | NOTICE of Appearance by MARK HERRON on behalf of MARK EARLEY (HERRON, MARK) (Entered: 05/07/2025) |
| 05/07/2025 | 23 | NOTICE of Appearance by MOHAMMAD OMAR JAZIL on behalf of CORD BYRD (JAZIL, MOHAMMAD) (Entered: 05/07/2025) |
| 05/07/2025 | 24 | NOTICE of Appearance by MICHAEL ROBERT BEATO on behalf of CORD BYRD (BEATO, MICHAEL) (Entered: 05/07/2025) |
| 05/07/2025 | 25 | NOTICE of Appearance by BRADLEY ROBERT MCVAY on behalf of CORD BYRD (MCVAY, BRADLEY) (Entered: 05/07/2025) |
| 05/07/2025 | 26 | DEFENDANT MARK S. EARLEY, IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR LEON COUNTY'S CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT by MARK EARLEY. (HERRON, MARK) Modified title on 5/8/2025 (baf). (Entered: 05/07/2025) |
| 05/07/2025 | 27 | NOTICE of Appearance by JON A JOUBEN on behalf of DENISE LAVANCHER (JOUBEN, JON) (Entered: 05/07/2025) |
| 05/07/2025 | 28 | NOTICE of Appearance by ASHLEY E DAVIS on behalf of CORD BYRD (DAVIS, ASHLEY) (Entered: 05/07/2025) |
| 05/07/2025 | 29 | NOTICE of Appearance by SARA ELIZABETH SPEARS on behalf of JAMES UTHMEIER (SPEARS, SARA) (Entered: 05/07/2025) |
| 05/07/2025 | 30 | WAIVER OF SERVICE Returned Executed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. KIM BARTON waiver sent on 5/6/2025, answer due 7/7/2025; TIM BOBANIC waiver sent on 5/6/2025, answer due 7/7/2025; CORD BYRD waiver sent on 5/5/2025, answer due 7/7/2025; MARK EARLEY waiver sent on 5/6/2025, answer due 7/7/2025; JERRY HOLLAND waiver sent on 5/6/2025, answer due 7/7/2025; CRAIG LATIMER waiver sent on 5/6/2025, answer due 7/7/2025; DENISE LAVANCHER waiver sent on 5/6/2025, answer due 7/7/2025; PAUL A LUX waiver sent on 5/6/2025, answer due 7/7/2025; JAMES UTHMEIER waiver sent on 5/6/2025, answer due 7/7/2025. (Attachments: # 1 Waiver of Service – Uthmeier – Attorney General, # 2 Waiver of Service – Barton – Alachua, # 3 Waiver of Service – Bobanic – Brevard, # 4 Waiver of Service – Holland – Duval, |

| | | |
|---|---|---|
| | | # 5 Waiver of Service – LaVancher – Hernando, # 6 Waiver of Service – Latimer – Hillsborough, # 7 Waiver of Service – Earley – Leon, # 8 Waiver of Service – Lux – Okaloosa) (WERMUTH, FREDERICK) (Entered: 05/07/2025) |
| 05/07/2025 | 31 | NOTICE of Appearance by WILLIAM HENRY STAFFORD, III on behalf of JAMES UTHMEIER (STAFFORD, WILLIAM) (Entered: 05/07/2025) |
| 05/07/2025 | 32 | WAIVER OF SERVICE Returned Executed by JOE SCOTT. JOE SCOTT waiver sent on 5/7/2025, answer due 7/7/2025. (REYNOLDS PEREZ, DEVONA) (Entered: 05/07/2025) |
| 05/07/2025 | 33 | NOTICE of Appearance by DEVONA ALICIA REYNOLDS PEREZ on behalf of JOE SCOTT (REYNOLDS PEREZ, DEVONA) (Entered: 05/07/2025) |
| 05/07/2025 | 34 | NOTICE of Appearance by DEVONA ALICIA REYNOLDS PEREZ on behalf of JOE SCOTT (REYNOLDS PEREZ, DEVONA) (Entered: 05/07/2025) |
| 05/07/2025 | 35 | NOTICE of Appearance by ADAM M KATZMAN on behalf of JOE SCOTT (KATZMAN, ADAM) (Entered: 05/07/2025) |
| 05/07/2025 | 36 | NOTICE of Appearance by DALE A SCOTT on behalf of MAUREEN BAIRD (SCOTT, DALE) (Entered: 05/07/2025) |
| 05/08/2025 | 37 | NOTICE of Appearance by OREN ROSENTHAL on behalf of ALINA GARCIA (ROSENTHAL, OREN) (Entered: 05/08/2025) |
| 05/08/2025 | 38 | CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT OF DEFENDANT JOE SCOTT by JOE SCOTT. (KATZMAN, ADAM) Modified title on 5/8/2025 (baf). (Entered: 05/08/2025) |
| 05/08/2025 | 39 | NOTICE of Appearance by SARAH LYNN JONAS on behalf of LISA LEWIS (JONAS, SARAH) (Entered: 05/08/2025) |
| 05/08/2025 | 40 | NOTICE of Appearance by JARED DOUGLAS KAHN on behalf of JULIE MARCUS (KAHN, JARED) (Entered: 05/08/2025) |
| 05/08/2025 | 41 | NOTICE of Appearance by ROBERT CHARLES SWAIN on behalf of KIM BARTON (SWAIN, ROBERT) (Entered: 05/08/2025) |
| 05/08/2025 | 42 | DEFENDANT KIM A. BARTON, IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR ALACHUA COUNTY'S CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT by KIM BARTON. (SWAIN, ROBERT) Modified title on 5/8/2025 (baf). (Entered: 05/08/2025) |
| 05/08/2025 | 43 | DEFENDANT MARK S. EARLEY, IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECIONS FOR LEON COUNTY'S NOTICE OF RELATED ACTION by MARK EARLEY (HERRON, MARK) Modified title on 5/9/2025 (baf). (Entered: 05/08/2025) |
| 05/08/2025 | 44 | THE SECRETARY'S CORPORATE DISCLOSURE STATEMENT AND CERTIFICATE OF INTERESTED PARTIES by CORD BYRD. (BEATO, MICHAEL) Modified title on 5/9/2025 (baf). (Entered: 05/08/2025) |
| 05/08/2025 | 45 | NOTICE of Appearance by ANDY V BARDOS on behalf of LEAH VALENTI, MELISSA BLAZIER, LESLIE SWAN, ALAN HAYS, TOMMY DOYLE, SCOTT FARRINGTON, WESLEY WILCOX, SHERRI HODIE, BRIAN CORLEY, AMY PENNOCK (BARDOS, ANDY) (Entered: 05/08/2025) |
| 05/09/2025 | 46 | NOTICE of Appearance by MELISSA A TARTAGLIA on behalf of DENISE LAVANCHER (TARTAGLIA, MELISSA) (Entered: 05/09/2025) |
| 05/09/2025 | 47 | CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT OF DEFENDANT, DENISE LAVANCHER by DENISE LAVANCHER. (JOUBEN, JON) Modified title on 5/9/2025 (baf). (Entered: 05/09/2025) |
| 05/09/2025 | 48 | WAIVER OF SERVICE Returned Executed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. ROBERT BENDER waiver |

| | | |
|---|---|---|
| | | sent on 5/6/2025, answer due 7/7/2025; MELISSA BLAZIER waiver sent on 5/8/2025, answer due 7/7/2025; BRIAN CORLEY waiver sent on 5/8/2025, answer due 7/7/2025; TOMMY DOYLE waiver sent on 5/8/2025, answer due 7/7/2025; SCOTT FARRINGTON waiver sent on 5/8/2025, answer due 7/7/2025; ALINA GARCIA waiver sent on 5/7/2025, answer due 7/7/2025; ALAN HAYS waiver sent on 5/8/2025, answer due 7/7/2025; SHERRI HODIE waiver sent on 5/8/2025, answer due 7/7/2025; LISA LEWIS waiver sent on 5/7/2025, answer due 7/7/2025; JULIE MARCUS waiver sent on 5/8/2025, answer due 7/7/2025; AMY PENNOCK waiver sent on 5/8/2025, answer due 7/7/2025; LESLIE SWAN waiver sent on 5/8/2025, answer due 7/7/2025; RON TURNER waiver sent on 5/7/2025, answer due 7/7/2025; LEAH VALENTI waiver sent on 5/8/2025, answer due 7/7/2025; WESLEY WILCOX waiver sent on 5/8/2025, answer due 7/7/2025. (Attachments: # 1 Waiver of Service – Blazier – Collier, # 2 Waiver of Service – Corley – Pasco, # 3 Waiver of Service – Doyle – Lee, # 4 Waiver of Service – Farrington – Manatee, # 5 Waiver of Service – Garcia – Miami Dade, # 6 Waiver of Service – Hays – Lake, # 7 Waiver of Service – Hodies – Monroe, # 8 Waiver of Service – Pennock – Seminole, # 9 Waiver of Service – Swan – Indian River, # 10 Waiver of Service – Turner – Sarasota, # 11 Waiver of Service – Valenti – Charlotte, # 12 Waiver of Service – Wilcox – Marion, # 13 Waiver of Service – Lewis – Volusia, # 14 Waiver of Service – Marcus – Pinellas) (WERMUTH, FREDERICK) (Entered: 05/09/2025) |
| 05/09/2025 | 49 | NOTICE of Appearance by SUSAN SMITH ERDELYI on behalf of SHARON CHASON, RYAN MESSER, TOMI STINSON BROWN, DARBI CHAIRES, HEATHER RILEY, KENYA WILLIAMS, RHONDA PIERCE, LAURA HUTTO, CAROL A DUNAWAY, TRAVIS HART, JANET H ADKINS, CHARLES OVERTURF, TAPPIE VILLANE, VICKY OAKES, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, NINA WARD, AMANDA SEYFANG (ERDELYI, SUSAN) (Entered: 05/09/2025) |
| 05/10/2025 | 50 | SMART & SAFE FLORIDA'S EMERGENCY MOTION TO INTERVENE by Smart & Safe Florida, a registered Florida Political Committee. (Attachments: # 1 Exhibit A – Complaint for Declaratory and Injunctive Relief, # 2 Exhibit 1 to Complaint_HB 1205, # 3 Exhibit 2 to Complaint_Petition Form 25–01, # 4 Exhibit 3 to Complaint_ Proposed Amendment, # 5 Exhibit 4 to Complaint_Second Proposed Amendment, # 6 Exhibit 5 to Complaint_ Notice of Violation) (BURHANS, GLENN) Modified title on 5/12/2025 (baf). (Entered: 05/10/2025) |
| 05/12/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 50 SMART & SAFE FLORIDA'S EMERGENCY MOTION TO INTERVENE. (baf) (Entered: 05/12/2025) |
| 05/12/2025 | 51 | WAIVER OF SERVICE Returned Executed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. JANET H ADKINS waiver sent on 5/8/2025, answer due 7/7/2025; MAUREEN BAIRD waiver sent on 5/7/2025, answer due 7/7/2025; TOMI STINSON BROWN waiver sent on 5/8/2025, answer due 7/7/2025; DARBI CHAIRES waiver sent on 5/8/2025, answer due 7/7/2025; SHARON CHASON waiver sent on 5/8/2025, answer due 7/7/2025; KAREN CASTOR DENTEL waiver sent on 5/7/2025, answer due 7/7/2025; CAROL A DUNAWAY waiver sent on 5/8/2025, answer due 7/7/2025; TRAVIS HART waiver sent on 5/8/2025, answer due 7/7/2025; LAURA HUTTO waiver sent on 5/8/2025, answer due 7/7/2025; WILLIAM KEEN waiver sent on 5/8/2025, answer due 7/7/2025; JENNIFER KINSEY waiver sent on 5/8/2025, answer due 7/7/2025; RYAN MESSER waiver sent on 5/8/2025, answer due 7/7/2025; CHRISTOPHER MILTON waiver sent on 5/8/2025, answer due 7/7/2025; JOSEPH R MORGAN waiver sent on 5/8/2025, answer due 7/7/2025; VICKY OAKES waiver sent on 5/8/2025, answer due 7/7/2025; CHARLES OVERTURF waiver sent on 5/8/2025, answer due 7/7/2025; DEIDRA PETTIS waiver sent on 5/8/2025, answer due 7/7/2025; RHONDA PIERCE waiver sent on 5/8/2025, answer due 7/7/2025; HEATHER RILEY waiver sent on 5/8/2025, answer due 7/7/2025; AMANDA SEYFANG waiver sent on 5/8/2025, answer due 7/7/2025; DANA SOUTHERLAND waiver sent on 5/8/2025, answer due 7/7/2025; TAPPIE VILLANE waiver sent on 5/8/2025, answer due 7/7/2025; NINA WARD waiver sent on 5/8/2025, answer due 7/7/2025; KENYA WILLIAMS waiver sent on 5/8/2025, answer due 7/7/2025. (Attachments: # 1 Waiver of Service – Baird – Citrus, # 2 Waiver of Service – Brown – Columbia, # 3 Waiver of Service – Chaires – |

| | | |
|---|---|---|
| | | Dixie, # <u>4</u> Waiver of Service – Chason – Calhoun, # <u>5</u> Waiver of Service – Dentel – Orange, # <u>6</u> Waiver of Service – Dunaway – Jackson, # <u>7</u> Waiver of Service – Hart – Lafayette, # <u>8</u> Waiver of Service – Hutto – Hamilton, # <u>9</u> Waiver of Service – Keen – Sumter, # <u>10</u> Waiver of Service – Kinsey – Suwannee, # <u>11</u> Waiver of Service – Messer – Walton, # <u>12</u> Waiver of Service – Milton – Baker, # <u>13</u> Waiver of Service – Morgan – Wakulla, # <u>14</u> Waiver of Service – Oakes – St. Johns, # <u>15</u> Waiver of Service – Overturf – Putnam, # <u>16</u> Waiver of Service – Pettis – Washington, # <u>17</u> Waiver of Service – Pierce – Gulf, # <u>18</u> Waiver of Service – Riley – Franklin, # <u>19</u> Waiver of Service – Seyfang – Bradford, # <u>20</u> Waiver of Service – Southerland – Taylor, # <u>21</u> Waiver of Service – Villane – Santa Rosa, # <u>22</u> Waiver of Service – Ward – Bay, # <u>23</u> Waiver of Service – Williams – Gadsden) (WERMUTH, FREDERICK) (Entered: 05/12/2025) |
| 05/12/2025 | <u>52</u> | SMART & SAFE FLORIDA'S NOTICE OF COMPLETED CONFERRAL by Smart & Safe Florida, a registered Florida Political Committee (BURHANS, GLENN) Modified title on 5/13/2025 (baf). (Entered: 05/12/2025) |
| 05/12/2025 | <u>53</u> | ORDER GRANTING MOTION TO INTERVENE – Accordingly, Smart & Safe's motion, ECF No. <u>50</u> , is GRANTED. Intervenor–Plaintiff Smart & Safe shall file its complaint as a separate docket entry by close of business today. Signed by CHIEF JUDGE MARK E WALKER on 5/12/2025. (baf) (Complaint due by end of day **5/12/2025**.) (Entered: 05/12/2025) |
| 05/12/2025 | <u>54</u> | CORRECTED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, filed by Smart & Safe Florida, a registered Florida Political Committee. (Attachments: # <u>1</u> Exhibit 1 to Corrected Complaint_HB 1205, # <u>2</u> Exhibit 2 to Corrected Complaint_Petition Form 25–01, # <u>3</u> Exhibit 3 to Corrected Complaint_ Proposed Amendment, # <u>4</u> Exhibit 4 to Corrected Complaint_Second Proposed Amendment, # <u>5</u> Exhibit 5 to Corrected Complaint_ Notice of Violation) (BURHANS, GLENN) Modified title on 5/13/2025 (baf). (Entered: 05/12/2025) |
| 05/12/2025 | <u>55</u> | NOTICE of Appearance by GLENN T BURHANS, JR on behalf of Smart & Safe Florida, a registered Florida Political Committee (BURHANS, GLENN) (Entered: 05/12/2025) |
| 05/12/2025 | <u>56</u> | NOTICE of Appearance by BRIDGET KELLOGG SMITHA on behalf of Smart & Safe Florida, a registered Florida Political Committee (SMITHA, BRIDGET) (Entered: 05/12/2025) |
| 05/12/2025 | <u>57</u> | NOTICE of Appearance by CHRISTOPHER ROY CLARK on behalf of Smart & Safe Florida, a registered Florida Political Committee (CLARK, CHRISTOPHER) (Entered: 05/12/2025) |
| 05/12/2025 | <u>58</u> | NOTICE of Appearance by ELIZABETH DESLOGE ELLIS on behalf of Smart & Safe Florida, a registered Florida Political Committee (ELLIS, ELIZABETH) (Entered: 05/12/2025) |
| 05/12/2025 | <u>59</u> | NOTICE of Appearance by HANNAH ELEANOR MURPHY on behalf of Smart & Safe Florida, a registered Florida Political Committee (MURPHY, HANNAH) (Entered: 05/12/2025) |
| 05/12/2025 | <u>60</u> | NOTICE of Appearance by MATT EDWARD BRYANT on behalf of Smart & Safe Florida, a registered Florida Political Committee (BRYANT, MATT) (Entered: 05/12/2025) |
| 05/12/2025 | <u>61</u> | MOTION to Appear Pro Hac Vice by Nicholas Taichi Steiner.( Filing fee $ 219 receipt number AFLNDC–9472756.) by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # <u>1</u> Exhibit CERTIFICATE OF GOOD STANDING) (STEINER, NICHOLAS) (Entered: 05/12/2025) |
| 05/12/2025 | <u>62</u> | PLAINTIFFS' STATUS REPORT ON CONFERRAL, SERVICE, AND SCHEDULING by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 5/13/2025 (baf). (Entered: 05/12/2025) |
| 05/12/2025 | <u>63</u> | MOTION to Appear Pro Hac Vice by Avner M Shapiro.( Filing fee $ 219 receipt number AFLNDC–9472773.) by FLORIDA DECIDES HEALTHCARE INC, |

| | | |
|---|---|---|
| | | MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit CERTIFICATE OF GOOD STANDING) (SHAPIRO, AVNER) (Entered: 05/12/2025) |
| 05/13/2025 | 64 | DEFENDANT ALINA GARCIA'S CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT by ALINA GARCIA. (ROSENTHAL, OREN) Modified title on 5/13/2025 (baf). (Entered: 05/13/2025) |
| 05/13/2025 | 65 | ORDER ADMITTING AVNER SHAPIRO PRO HAC VICE – This Court has considered, without hearing, Avner Shapiro's Motion to Appear Pro Hac Vice. ECF No. 63 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/13/2025. (baf) (Entered: 05/13/2025) |
| 05/13/2025 | 66 | ORDER ADMITTING NICHOLAS TAICHI STEINER PRO HAC VICE – This Court has considered, without hearing, Nicholas Taichi Steiner's Motion to Appear Pro Hac Vice. ECF No. 61 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/13/2025. (baf) (Entered: 05/13/2025) |
| 05/13/2025 | 67 | WAIVER OF SERVICE Returned Executed by DENISE LAVANCHER. (TARTAGLIA, MELISSA) (Entered: 05/13/2025) |
| 05/13/2025 | 68 | SMART & SAFE FLORIDA'S RULE 7.1 CORPORATE DISCLOSURE STATEMENT by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 5/14/2025 (baf). (Entered: 05/13/2025) |
| 05/13/2025 | 69 | NOTICE of Appearance by PAUSHA TAGHDIRI on behalf of DEBBIE WERTZ, KAITLYN LENHART, LISA DARUS, KAREN HEALY, MICHELLE MILLIGAN, GRANT CONYERS, HEATH DRIGGERS, DEBORAH OSBORNE (TAGHDIRI, PAUSHA) (Entered: 05/13/2025) |
| 05/13/2025 | 70 | ORDER DENYING TEMPORARY RESTRAINING ORDER, CANCELING SCHEDULING HEARING, AND SETTING BRIEFING SCHEDULE – Plaintiffs' motion for temporary restraining order, ECF No. 14 , is DENIED. Accordingly, inasmuch as Plaintiffs seek such relief on an emergency basis with respect to the issues raised in their motion for temporary restraining order, they must file a motion for preliminary injunction on or before 5:00 p.m. (ET) on Wednesday, **5/14/2025**. The emergency scheduling conference set for tomorrow, May 14, 2025, is CANCELLED. Given the conferral and agreement noted in Plaintiffs status report, ECF No. 62 , the Secretary's and Attorney General's responses to any forthcoming motion for preliminary injunction are due on or before Friday, **5/16/2025**. The State Attorneys' response to any forthcoming motion for preliminary injunction is also due on or before Friday, **5/16/2025**. Plaintiffs' reply is due on or before Monday, **5/19/2025**. A hearing on Plaintiffs' forthcoming motion for preliminary injunction is set for Thursday, May 22, 2025, at 9:00 a.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 5/13/2025. (baf) (Entered: 05/13/2025) |
| 05/13/2025 | 71 | NOTICE of Appearance by GENEVIEVE WELS MCNALIS on behalf of CORD BYRD (MCNALIS, GENEVIEVE) (Entered: 05/13/2025) |
| 05/13/2025 | 72 | PLAINTIFFS' MOTION FOR CLARIFICATION by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 5/14/2025 (baf). (Entered: 05/13/2025) |
| 05/13/2025 | 73 | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLARIFICATION – Plaintiffs' motion, ECF No. 72 , is GRANTED in part and DENIED in part. Signed by CHIEF JUDGE MARK E WALKER on 5/13/2025. (baf) (Entered: 05/13/2025) |
| 05/13/2025 | 74 | NOTICE of Appearance by GREGORY THOMAS STEWART on behalf of PAUL A LUX (STEWART, GREGORY) (Entered: 05/13/2025) |
| 05/13/2025 | 75 | NOTICE of Appearance by CORBIN FREDERICK HANSON on behalf of KIM BARTON (HANSON, CORBIN) (Entered: 05/13/2025) |
| 05/13/2025 | 76 | NOTICE of Appearance by MATTHEW REED SHAUD on behalf of PAUL A LUX (SHAUD, MATTHEW) (Entered: 05/13/2025) |
| 05/13/2025 | 77 | NOTICE of Appearance by DOUGLAS ARTHUR WYLER on behalf of GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, |

| | | |
|---|---|---|
| | | BILL GLADSON, BRUCE BARTLETT, R.J. LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX (WYLER, DOUGLAS) (Entered: 05/13/2025) |
| 05/13/2025 | 78 | NOTICE OF CANCELLED HEARING: Telephonic Scheduling Conference set for 5/14/2025 01:00 PM before CHIEF JUDGE MARK E WALKER is CANCELLED. (vkm) (Entered: 05/13/2025) |
| 05/13/2025 | 79 | MOTION to Appear Pro Hac Vice by William B. Stafford.( Filing fee $ 219 receipt number AFLNDC–9473696.) by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (STAFFORD, BEN) (Entered: 05/13/2025) |
| 05/13/2025 | 80 | MOTION to Appear Pro Hac Vice by Emma Olson Sharkey.( Filing fee $ 219 receipt number AFLNDC–9473705.) by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (OLSON SHARKEY, EMMA) (Entered: 05/13/2025) |
| 05/13/2025 | 81 | WAIVER OF SERVICE Returned Executed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. MARY JANE ARRINGTON waiver sent on 5/7/2025, answer due 7/7/2025; MELONY BELL waiver sent on 5/7/2025, answer due 7/7/2025; CHRIS H CHAMBLESS waiver sent on 5/7/2025, answer due 7/7/2025; GRANT CONYERS waiver sent on 5/12/2025, answer due 7/11/2025; LISA DARUS waiver sent on 5/12/2025, answer due 7/11/2025; VICKI DAVIS waiver sent on 5/7/2025, answer due 7/7/2025; HEATH DRIGGERS waiver sent on 5/12/2025, answer due 7/11/2025; ALETRIS FARNAM waiver sent on 5/6/2025, answer due 7/7/2025; KAREN HEALY waiver sent on 5/12/2025, answer due 7/11/2025; TAMMY JONES waiver sent on 5/6/2025, answer due 7/7/2025; KAITLYN LENHART waiver sent on 5/12/2025, answer due 7/11/2025; WENDY LINK waiver sent on 5/7/2025, answer due 7/7/2025; DAVID MAY waiver sent on 5/6/2025, answer due 7/7/2025; MICHELLE MILLIGAN waiver sent on 5/12/2025, answer due 7/11/2025; DEBORAH OSBORNE waiver sent on 5/12/2025, answer due 7/11/2025; DIANE SMITH waiver sent on 5/6/2025, answer due 7/7/2025; SHERRY TAYLOR waiver sent on 5/6/2025, answer due 7/7/2025; GERTRUDE WALKER waiver sent on 5/7/2025, answer due 7/7/2025; DEBBIE WERTZ waiver sent on 5/12/2025, answer due 7/11/2025; H. RUSSELL WILLIAMS waiver sent on 5/6/2025, answer due 7/7/2025. (Attachments: # 1 Waiver of Service – Bell – Polk, # 2 Waiver of Service – Chambless – Clay, # 3 Waiver of Service – Conyers – Liberty, # 4 Waiver of Service – Darus – Gilchrist, # 5 Waiver of Service – Davis – Martin, # 6 Waiver of Service – Driggers – Madison, # 7 Waiver of Service – Farnam – Glades, # 8 Waiver of Service – Healy – Highlands, # 9 Waiver of Service – Jones – Levy, # 10 Waiver of Service – Lenhart – Flagler, # 11 Waiver of Service – Link – Palm Beach, # 12 Waiver of Service – May – Okeechobee, # 13 Waiver of Service – Milligan – Jefferson, # 14 Waiver of Service – Osborne – Union, # 15 Waiver of Service – Smith – Hardee, # 16 Waiver of Service – Taylor – Hendry, # 17 Waiver of Service – Walker – St. Lucie, # 18 Waiver of Service – Wertz – DeSoto, # 19 Waiver of Service – Williams – Holmes) (WERMUTH, FREDERICK) (Entered: 05/13/2025) |
| 05/13/2025 | 82 | NOTICE of Appearance by GERALDO FRANCIS OLIVO, III on behalf of ALETRIS FARNAM, DIANE SMITH, SHERRY TAYLOR, H. RUSSELL WILLIAMS, TAMMY JONES, DAVID MAY (OLIVO, GERALDO) (Entered: 05/13/2025) |
| 05/13/2025 | 83 | WAIVER OF SERVICE Returned Executed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. THOMAS BAKKEDAHL waiver sent on 5/9/2025, answer due 7/8/2025; BRUCE BARTLETT waiver sent on 5/9/2025, answer due 7/8/2025; LARRY BASFORD waiver sent on 5/9/2025, answer due 7/8/2025; ED BRODSKY waiver sent on 5/9/2025, answer due 7/8/2025; JACK CAMPBELL waiver sent on 5/9/2025, answer due 7/8/2025; ALEXCIA COX waiver sent on 5/9/2025, answer due 7/8/2025; JOHN DURRETT waiver sent on 5/9/2025, answer due 7/8/2025; AMIRA D FOX waiver sent on 5/9/2025, answer due 7/8/2025; BILL GLADSON waiver sent on 5/9/2025, answer due 7/8/2025; BRIAN HAAS waiver sent on 5/9/2025, answer due 7/8/2025; BRIAN KRAMER waiver sent on 5/9/2025, answer due 7/8/2025; R.J. LARIZZA waiver sent on 5/9/2025, answer due 7/8/2025; SUSAN LOPEZ waiver sent on 5/9/2025, answer due 7/8/2025; GINGER |

| | | |
|---|---|---|
| | | BOWDEN MADDEN waiver sent on 5/9/2025, answer due 7/8/2025; MELISSA NELSON waiver sent on 5/9/2025, answer due 7/8/2025; HAROLD F PRYOR waiver sent on 5/9/2025, answer due 7/8/2025; KATHERINE FERNANDEZ RUNDLE waiver sent on 5/9/2025, answer due 7/8/2025; WILL SCHEINER waiver sent on 5/9/2025, answer due 7/8/2025; DENNIS WARD waiver sent on 5/9/2025, answer due 7/8/2025; MONIQUE WORRELL waiver sent on 5/9/2025, answer due 7/8/2025. (Attachments: # 1 Waiver of Service – Bakkedahl for 19th Cir., # 2 Waiver of Service – Bartlett for 14th Cir., # 3 Waiver of Service – Brodsky for 12th Cir., # 4 Waiver of Service – Campbell for 2nd Cir., # 5 Waiver of Service – Cox for 15th Cir., # 6 Waiver of Service – Durrett for 3rd Cir., # 7 Waiver of Service – Fox for 20th Cir., # 8 Waiver of Service – Gladson for 5th Cir., # 9 Waiver of Service – Haas for 10th Cir., # 10 Waiver of Service – Kramer for 8th Cir., # 11 Waiver of Service – Larizza for 7th Cir., # 12 Waiver of Service – Lopez for 13th Cir., # 13 Waiver of Service – Madden for 1st Cir., # 14 Waiver of Service – Nelson for 4th Cir., # 15 Waiver of Service – Pryor for 17th Cir., # 16 Waiver of Service – Rundle for 11th Cir., # 17 Waiver of Service – Scheiner for 18th Cir., # 18 Waiver of Service – Ward for 16th Cir., # 19 Waiver of Service – Worrell for 9th Cir.) (WERMUTH, FREDERICK) (Entered: 05/13/2025) |
| 05/13/2025 | 84 | ORDER ADMITTING WILLIAM B. STAFFORD PRO HAC VICE – This Court has considered, without hearing, William B. Stafford's Motion to Appear Pro Hac Vice. ECF No. 79 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/13/2025. (baf) (Entered: 05/13/2025) |
| 05/13/2025 | 85 | ORDER ADMITTING EMMA OLSON SHARKEY PRO HAC VICE – This Court has considered, without hearing, Emma Olson Sharkey's Motion to Appear Pro Hac Vice. ECF No. 80 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/13/2025. (baf) (Entered: 05/13/2025) |
| 05/13/2025 | 86 | LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND, INC., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, AND DEBRA CHANDLER'S EMERGENCY MOTION TO INTERVENE by LEAGUE OF WOMEN VOTERS OF FLORIDA, League of Women Voters of Florida Education Fund, Inc., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, Debra Chandler. (Attachments: # 1 Exhibit A – Complaint) (GREENBERG, GERALD) Modified title on 5/14/2025 (baf). (Entered: 05/13/2025) |
| 05/14/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 86 LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND, INC., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, AND DEBRA CHANDLER'S EMERGENCY MOTION TO INTERVENE. (baf) (Entered: 05/14/2025) |
| 05/14/2025 | 87 | NOTICE of Appearance by SHANE ANTHONY GRANNUM on behalf of LEAGUE OF WOMEN VOTERS OF FLORIDA, League of Women Voters of Florida Education Fund, Inc., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, Debra Chandler (GRANNUM, SHANE) (Entered: 05/14/2025) |
| 05/14/2025 | 88 | ORDER GRANTING MOTION TO INTERVENE – The League's motion, ECF No. 86 , is GRANTED. Intervenor–Plaintiffs shall file their complaint as a separate docket entry by close of business today (5/14/2025). To the extent the League Plaintiffs intend to join any forthcoming motion for preliminary injunction to be heard on May 22, 2025, they are likewise bound by the schedule this Court previously set forth. See ECF Nos. 70 and 73 . Signed by CHIEF JUDGE MARK E WALKER on 5/14/2025. (baf) (Entered: 05/14/2025) |
| 05/14/2025 | 89 | NOTICE of Appearance by JOHN T LAVIA, III on behalf of CHRIS H CHAMBLESS, VICKI DAVIS, MARY JANE ARRINGTON, WENDY LINK, MELONY BELL, GERTRUDE WALKER (LAVIA, JOHN) (Entered: 05/14/2025) |
| 05/14/2025 | 90 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number AFLNDC–9474660.), filed by League of Women Voters of Florida Education Fund, Inc., CECILE SCOON, Debra Chandler, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. (GREENBERG, GERALD) (Entered: 05/14/2025) |

| 05/14/2025 | 91 | NOTICE OF FILING EXHIBITS IN SUPPORT OF PLAINTIFFS' FIRST MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (Attachments: # 1 Ex. 1 – Declaration of M. Cox, # 2 Ex. 2 – Declaration of M. Emerson, # 3 Ex. 3 – Declaration of J. Ardila, # 4 Ex. 4 – Declaration of R. Prestipino) (WERMUTH, FREDERICK) Modified title on 5/15/2025 (baf). (Entered: 05/14/2025) |
|---|---|---|
| 05/14/2025 | 92 | PLAINTIFFS' FIRST MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Memorandum of Law in Support of Plaintiffs' First Motion for Preliminary Injunction) (WERMUTH, FREDERICK) Modified title on 5/15/2025 (baf). (Entered: 05/14/2025) |
| 05/14/2025 | 93 | NOTICE BY LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND, INC., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, AND DEBRA CHANDLER AS TO PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION by LEAGUE OF WOMEN VOTERS OF FLORIDA, League of Women Voters of Florida Education Fund, Inc., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, Debra Chandler (Attachments: # 1 Exhibit A – Declaration of Intervenor–Plaintiff Cecile Scoon) (GREENBERG, GERALD) Modified title on 5/15/2025 (baf). (Entered: 05/14/2025) |
| 05/14/2025 | 94 | NOTICE OF HEARING RE: 92 First MOTION for Preliminary Injunction: Motion Hearing set for **5/22/2025 09:00 AM** before CHIEF JUDGE MARK E WALKER. Joseph Woodrow Hatchett United States Courthouse and Federal Building, **Courtroom 5 West,** 111 North Adams St., Tallahassee, Florida 32301.<br><br>NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria Milton McGee at 850–521–3510 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 05/14/2025) |
| 05/15/2025 | 95 | MOTION to Appear Pro Hac Vice by Sofia Fernandez Gold.( Filing fee $ 219 receipt number AFLNDC–9477142.) by LEAGUE OF WOMEN VOTERS OF FLORIDA, League of Women Voters of Florida Education Fund, Inc., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, Debra Chandler. (Attachments: # 1 Exhibit Certificate of Good Standing) (GOLD, SOFIA) (Entered: 05/15/2025) |
| 05/15/2025 | 96 | ORDER REGARDING PROCEDURE FOR MAY 22 HEARING – In the event any party plans to present live witnesses at the hearing, they must notify this Court's Deputy Clerk, Ms. Milton McGee, before 5:00 p.m. (ET) on Tuesday, **5/20/2025**. Signed by CHIEF JUDGE MARK E WALKER on 5/15/2025. (baf) (Entered: 05/15/2025) |
| 05/15/2025 | 97 | ORDER ADMITTING SOFIA FERNANDEZ GOLD PRO HAC VICE – This Court has considered, without hearing, the Motion to Appear Pro Hac Vice. ECF No. 95 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/15/2025. (baf) (Entered: 05/15/2025) |
| 05/16/2025 | 98 | NOTICE of Appearance by WILLIAM KEVIN BLEDSOE on behalf of LISA LEWIS (BLEDSOE, WILLIAM) (Entered: 05/16/2025) |
| 05/16/2025 | 99 | NOTICE of Appearance by MORGAN RAY BENTLEY on behalf of RON TURNER (BENTLEY, MORGAN) (Entered: 05/16/2025) |
| 05/16/2025 | 100 | NOTICE of Appearance by ARTHUR IVAN JACOBS on behalf of GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BRUCE BARTLETT, R.J. LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX (JACOBS, ARTHUR) (Entered: 05/16/2025) |

| 05/16/2025 | 101 | Unopposed MOTION to Observe Hearing Remotely *by 66 Supervisors of Elections* by VICKY OAKES. (ERDELYI, SUSAN) Modified on 5/19/2025 to correct document title. (kjw) (Entered: 05/16/2025) |
|---|---|---|
| 05/16/2025 | 102 | MOTION to Appear Pro Hac Vice by Spencer Klein.( Filing fee $ 219 receipt number BFLNDC–9479009.) by LEAGUE OF WOMEN VOTERS OF FLORIDA, League of Women Voters of Florida Education Fund, Inc., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, Debra Chandler. (Attachments: # 1 Exhibit Certificate of Good Standing) (KLEIN, SPENCER) (Entered: 05/16/2025) |
| 05/16/2025 | 103 | NOTICE *OF FILING THE SECRETARY AND ATTORNEY GENERAL'S EXHIBITS TO THEIR RESPONSE IN OPPOSITION TO PLAINTIFFS' FIRST PRELIMINARY INJUNCTION MOTION* by CORD BYRD (Attachments: # 1 Attachment 1 – Chart of Plaintiffs' Challenges and Challenged Provisions, # 2 Attachment 2 – Office of Election Crimes and Security Report 2024, # 3 Attachment 3 – Office of Election Crimes and Security Report 2023, # 4 Attachment 4 – Office of Election Crimes and Security Supplemental Interim Report, # 5 Attachment 5 – 2025 Letters to, and Responses from, Smart & Final) (JAZIL, MOHAMMAD) (Entered: 05/16/2025) |
| 05/16/2025 | 104 | NOTICE *of Filing Exhibit 1 to ECF No. 91–2* by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS re 92 First MOTION for Preliminary Injunction (Attachments: # 1 Exhibit 1 to the Declaration of Mitchell Emerson (91–2)) (WERMUTH, FREDERICK) (Entered: 05/16/2025) |
| 05/16/2025 | 105 | The Secretary and Attorney General's RESPONSE in Opposition to Plaintiffs' 92 First MOTION for Preliminary Injunction filed by CORD BYRD. (JAZIL, MOHAMMAD) Modified on 5/19/2025 to correct document title. (kjw) (Entered: 05/16/2025) |
| 05/19/2025 | 106 | ORDER GRANTING SUPERVISORS' – The 101 unopposed motion is GRANTED. The Clerk is directed to provide the Defendant Supervisors with a phone number to allow for their remote appearance at the hearing. Signed by CHIEF JUDGE MARK E WALKER on 5/19/25. (sjb) (Entered: 05/19/2025) |
| 05/19/2025 | 107 | ORDER ADMITTING SPENCER KLEIN PRO HAC VICE – The 102 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/19/25. (sjb) (Entered: 05/19/2025) |
| 05/19/2025 | 108 | DOCKET ANNOTATION BY COURT: Re 106 Order – Phone number emailed to parties as directed. (vkm) (vkm). (Entered: 05/19/2025) |
| 05/19/2025 | 109 | MOTION to Appear Pro Hac Vice by Pooja Chaudhuri.( Filing fee $ 219 receipt number AFLNDC–9479825.) by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (Attachments: # 1 Exhibit Certificate of Good Standing) (CHAUDHURI, POOJA) (Entered: 05/19/2025) |
| 05/19/2025 | 110 | ORDER ADMITTING POOJA CHAUDHURI PRO HAC VICE – The 109 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/19/25. (sjb) (Entered: 05/19/2025) |
| 05/19/2025 | 111 | PLAINTIFFS' REPLY IN SUPPORT OF THEIR 92 MOTION FOR PRELIMINARY INJUNCTION filed by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 5/20/2025 (baf). (Entered: 05/19/2025) |
| 05/20/2025 | 112 | INTERVENOR–PLAINTIFFS LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND, INC., AND LEAGUE OF UNITED LATIN AMERICAN CITIZENS' RULE 7.1 CORPORATE DISCLOSURE STATEMENT by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS. (GREENBERG, GERALD) Modified title on 5/21/2025 (baf). (Entered: 05/20/2025) |
| 05/21/2025 | 113 | MOTION TO INTERVENE BY FLORIDARIGHTTOCLEANWATER.ORG & MELISSA MARTIN by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Exhibit Exhibit A– Complaint) (LEEPER, SIMONE) Modified title on 5/22/2025 (baf). (Entered: 05/21/2025) |

| | | |
|---|---|---|
| 05/21/2025 | 114 | UNOPPOSED MOTION TO OBSERVE HEARING REMOTELY by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (LEEPER, SIMONE) Modified title on 5/22/2025 (baf). (Entered: 05/21/2025) |
| 05/21/2025 | 115 | ORDER GRANTING MOTION TO INTERVENE AND GRANTING MOTION TO OBSERVE HEARING REMOTELY – The Proposed Intervenors' motion, ECF No. 113 , is GRANTED. Intervenor–Plaintiffs shall file their complaint as a separate docket entry by close of business today (5/21/2025). Finally, inasmuch as Intervenor–Plaintiffs FloridaRighttoCleanWater.org and Melissa Martin seek to observe the hearing on the motion for preliminary injunction remotely like other parties who are not participating in the hearing, ECF No. 114 , their motion to observe the hearing remotely is GRANTED. The Clerk shall provide FloridaRighttoCleanWater.org and Melissa Martin with the call–in information to allow their remote observation of the hearing. Signed by CHIEF JUDGE MARK E WALKER on 5/21/2025. (baf) (Entered: 05/21/2025) |
| 05/21/2025 | 116 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number AFLNDC–9483997.), filed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (LEEPER, SIMONE) (Entered: 05/21/2025) |
| 05/21/2025 | 117 | NOTICE of Appearance by SPENCER WILLIAM KLEIN on behalf of LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER (Attachments: # 1 Exhibit List of Represented Plaintiffs) (KLEIN, SPENCER) (Entered: 05/21/2025) |
| 05/21/2025 | 118 | NOTICE of Appearance by POOJA CHAUDHURI on behalf of LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER (Attachments: # 1 Exhibit List of Represented Plaintiffs) (CHAUDHURI, POOJA) (Entered: 05/21/2025) |
| 05/21/2025 | 119 | NOTICE of Appearance by SOFIA FERNANDEZ GOLD on behalf of LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER (Attachments: # 1 Exhibit List of Represented Plaintiffs) (GOLD, SOFIA) (Entered: 05/21/2025) |
| 05/21/2025 | 120 | WAIVER OF SERVICE Returned Executed by RON TURNER. (BENTLEY, MORGAN) (Entered: 05/21/2025) |
| 05/21/2025 | 121 | 22 SUPERVISORS OF ELECTIONS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT by SHARON CHASON, RYAN MESSER, TOMI STINSON BROWN, DARBI CHAIRES, HEATHER RILEY, KENYA WILLIAMS, RHONDA PIERCE, LAURA HUTTO, CAROL A DUNAWAY, TRAVIS HART, JANET H ADKINS, CHARLES OVERTURF, TAPPIE VILLANE, VICKY OAKES, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, NINA WARD, AMANDA SEYFANG. (ERDELYI, SUSAN) Modified title on 5/22/2025 (baf). (Entered: 05/21/2025) |
| 05/21/2025 | 122 | WAIVER OF SERVICE Returned Executed by RON TURNER. RON TURNER waiver sent on 5/21/2025, answer due 7/21/2025. (BENTLEY, MORGAN) (Entered: 05/21/2025) |
| 05/21/2025 | 123 | Corporate Disclosure Statement/Certificate of Interested Persons by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (LEEPER, SIMONE) (Entered: 05/21/2025) |
| 05/21/2025 | 124 | SECOND NOTICE OF FILING EXHIBITS IN SUPPORT OF PLAINTIFFS' FIRST MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, SMART & SAFE FLORIDA, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Affidavit Declaration of Michael C. Herron, PhD, # 2 Affidavit Second Declaration of Corporate Representative of Smart & Safe Florida) (WERMUTH, FREDERICK) Modified title on 5/22/2025 (baf). (Entered: 05/21/2025) |

| 05/21/2025 | 125 | CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT OF DEFENDANT PAUL A. LUX by PAUL A LUX. (SHAUD, MATTHEW) Modified title on 5/22/2025 (baf). (Entered: 05/21/2025) |
|---|---|---|
| 05/21/2025 | 126 | DOCKET ANNOTATION BY COURT: Re 115 Order – Call–in information provided to counsel for FloridaRighttoCleanWater.org and Melissa Martin as directed. (vkm) (Entered: 05/22/2025) |
| 05/22/2025 | 127 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Motion Hearing held on 5/22/2025. Court hears argument regarding Plaintiff's 92 Motion for Preliminary Injunction. Order to follow (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee)). (vkm) (Entered: 05/22/2025) |
| 05/22/2025 | 128 | MOTION to Appear Pro Hac Vice by Danielle Lang.( Filing fee $ 219 receipt number AFLNDC–9485472.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (LANG, DANIELLE) (Entered: 05/22/2025) |
| 05/22/2025 | 129 | MOTION to Appear Pro Hac Vice by Robert Brent Ferguson.( Filing fee $ 219 receipt number AFLNDC–9485503.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (FERGUSON, ROBERT) (Entered: 05/22/2025) |
| 05/22/2025 | 130 | MOTION to Appear Pro Hac Vice by Alexandra Copper.( Filing fee $ 219 receipt number AFLNDC–9485516.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (COPPER, ALEXANDRA) (Entered: 05/22/2025) |
| 05/22/2025 | 131 | MOTION to Appear Pro Hac Vice by Ellen Boettcher.( Filing fee $ 219 receipt number AFLNDC–9485530.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (BOETTCHER, ELLEN) (Entered: 05/22/2025) |
| 05/22/2025 | 132 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Preliminary Injunction Proceedings held on 5/22/2025, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **5/29/2025**. Release of Transcript Restriction set for **8/27/2025**. (mah) (Entered: 05/22/2025) |
| 05/22/2025 | 133 | WAIVER OF SERVICE Returned Executed by SMART & SAFE FLORIDA. JANET H ADKINS waiver sent on 5/12/2025, answer due 7/11/2025; MARY JANE ARRINGTON waiver sent on 5/14/2025, answer due 7/14/2025; MAUREEN BAIRD waiver sent on 5/13/2025, answer due 7/14/2025; KIM BARTON waiver sent on 5/12/2025, answer due 7/11/2025; MELONY BELL waiver sent on 5/14/2025, answer due 7/14/2025; ROBERT BENDER waiver sent on 5/19/2025, answer due 7/18/2025; MELISSA BLAZIER waiver sent on 5/12/2025, answer due 7/11/2025; TIM BOBANIC waiver sent on 5/12/2025, answer due 7/11/2025; TOMI STINSON BROWN waiver sent on 5/12/2025, answer due 7/11/2025; CORD BYRD waiver sent on 5/12/2025, answer due 7/11/2025; DARBI CHAIRES waiver sent on 5/12/2025, answer due 7/11/2025; CHRIS H CHAMBLESS waiver sent on 5/14/2025, answer due 7/14/2025; SHARON CHASON waiver sent on 5/12/2025, answer due 7/11/2025; BRIAN CORLEY waiver sent on 5/12/2025, answer due 7/11/2025; VICKI DAVIS waiver sent on 5/14/2025, answer due 7/14/2025; KAREN CASTOR DENTEL waiver sent on 5/19/2025, answer due 7/18/2025; TOMMY DOYLE waiver sent on 5/12/2025, answer due 7/11/2025; CAROL A DUNAWAY waiver sent on 5/12/2025, answer due 7/11/2025; MARK EARLEY waiver sent on 5/12/2025, answer due 7/11/2025; ALETRIS FARNAM waiver sent on 5/14/2025, answer due 7/14/2025; SCOTT FARRINGTON waiver sent on 5/12/2025, answer due 7/11/2025; ALINA GARCIA waiver sent on 5/12/2025, answer due 7/11/2025; TRAVIS HART waiver sent on 5/12/2025, answer due 7/11/2025; ALAN HAYS waiver sent on 5/12/2025, |

answer due 7/11/2025; SHERRI HODIE waiver sent on 5/12/2025, answer due 7/11/2025; JERRY HOLLAND waiver sent on 5/19/2025, answer due 7/18/2025; LAURA HUTTO waiver sent on 5/12/2025, answer due 7/11/2025; TAMMY JONES waiver sent on 5/14/2025, answer due 7/14/2025; WILLIAM KEEN waiver sent on 5/12/2025, answer due 7/11/2025; JENNIFER KINSEY waiver sent on 5/12/2025, answer due 7/11/2025; CRAIG LATIMER waiver sent on 5/12/2025, answer due 7/11/2025; DENISE LAVANCHER waiver sent on 5/12/2025, answer due 7/11/2025; LISA LEWIS waiver sent on 5/12/2025, answer due 7/11/2025; WENDY LINK waiver sent on 5/14/2025, answer due 7/14/2025; PAUL A LUX waiver sent on 5/13/2025, answer due 7/14/2025; JULIE MARCUS waiver sent on 5/13/2025, answer due 7/14/2025; DAVID MAY waiver sent on 5/14/2025, answer due 7/14/2025; RYAN MESSER waiver sent on 5/12/2025, answer due 7/11/2025; CHRISTOPHER MILTON waiver sent on 5/12/2025, answer due 7/11/2025; JOSEPH R MORGAN waiver sent on 5/12/2025, answer due 7/11/2025; VICKY OAKES waiver sent on 5/12/2025, answer due 7/11/2025; CHARLES OVERTURF waiver sent on 5/12/2025, answer due 7/11/2025; AMY PENNOCK waiver sent on 5/12/2025, answer due 7/11/2025; DEIDRA PETTIS waiver sent on 5/12/2025, answer due 7/11/2025; RHONDA PIERCE waiver sent on 5/12/2025, answer due 7/11/2025; HEATHER RILEY waiver sent on 5/12/2025, answer due 7/11/2025; JOE SCOTT waiver sent on 5/12/2025, answer due 7/11/2025; AMANDA SEYFANG waiver sent on 5/12/2025, answer due 7/11/2025; DIANE SMITH waiver sent on 5/12/2025, answer due 7/11/2025; DANA SOUTHERLAND waiver sent on 5/12/2025, answer due 7/11/2025; LESLIE SWAN waiver sent on 5/12/2025, answer due 7/11/2025; SHERRY TAYLOR waiver sent on 5/14/2025, answer due 7/14/2025; JAMES UTHMEIER waiver sent on 5/12/2025, answer due 7/11/2025; LEAH VALENTI waiver sent on 5/12/2025, answer due 7/11/2025; TAPPIE VILLANE waiver sent on 5/12/2025, answer due 7/11/2025; GERTRUDE WALKER waiver sent on 5/14/2025, answer due 7/14/2025; NINA WARD waiver sent on 5/12/2025, answer due 7/11/2025; WESLEY WILCOX waiver sent on 5/12/2025, answer due 7/11/2025; H. RUSSELL WILLIAMS waiver sent on 5/14/2025, answer due 7/14/2025; KENYA WILLIAMS waiver sent on 5/12/2025, answer due 7/11/2025. (Attachments: # 1 Aletris Farnam_Glades SOE Waiver of Service, # 2 Alina Garcia_Miami–Dade SOE Waiver of Service, # 3 Amanda Seyfang_Bradford SOE Waiver of Service, # 4 Amy Pennock_Seminole SOE Waiver of Service, # 5 Brian Corley_Pasco SOE Waiver of Service, # 6 Carol Dunaway_Jackson SOE Waiver of Service, # 7 Charles Overturf_Putnam SOE Waiver of Service, # 8 Chris Chambless_Clay Co SOE Waiver of Service, # 9 Christopher Milton_Baker SOE Waiver of Service, # 10 Cord Byrd_SOS Waiver of Service, # 11 Craig Latimer_Hillsborough SOE Waiver, # 12 Dana Southerland_Taylor SOE Waiver of Service, # 13 Darbi Chaires_Dixie SOE Waiver of Service, # 14 David May_Okeechobee SOE Waiver of Service, # 15 Debbie Wertz_DeSoto SOE Waiver of Service, # 16 Deborah Osborne_Union SOE Waiver of Service, # 17 Deidra Pettis_Washington SOE Waiver of Service, # 18 Diane Smith_Hardee SOE Waiver of Service, # 19 Gertrude Walker_St. Lucie SOE Waiver of Service, # 20 Grant Conyers_Liberty SOE Waiver of Service, # 21 H. Russell Williams_Holmes SOE Waiver of Service, # 22 Heath Driggers_Madison SOE Waiver of Service, # 23 Heather Riley_Franklin SOE Waiver of Service, # 24 James Uthmeier_OAG Waiver of Service, # 25 Janet Adkins_Nassau SOE Waiver of Service, # 26 Jennifer Kinsey_Suwannee SOE Waiver of Service, # 27 Jerry Holland_Duval SOE Waiver of Service, # 28 Joe Scott_Broward SOE Waiver of Service, # 29 Joseph Morgan_Wakulla SOE Waiver of Service, # 30 Julie Marcus_Pinellas SOE Waiver, # 31 Kaitlyn Lenhart_Flagler SOE Waiver of Service, # 32 Karen Dentel_Orange SOE Waiver of Service, # 33 Karen Healy_Highlands SOE Waiver of Service, # 34 Kenya Williams_Gadsden SOE Waiver of Service, # 35 Kim Barton_Alachua SOE Waiver of Service, # 36 Laura Hutto_Hamilton SOE Waiver of Service, # 37 Leah Valenti_Charlotte SOE Waiver of Service, # 38 Leslie Swan_Indian River SOE Waiver of Service, # 39 Lisa Darus_Gilchrist SOE Waiver of Service, # 40 Lisa Lewis_Volusia SOE Waiver of Service, # 41 Mark Earley_Leon County SOE Waiver, # 42 Mary Jane Arrington_Osceola Co SOE Waiver of Service, # 43 Maureen Baird_Citrus SOE Waiver of Service, # 44 Melanie Bell_Polk Co SOE Waiver of Service, # 45 Melissa Blazier_Collier SOE Waiver of Service, # 46 Michelle Milligan_Jefferson SOE Waiver of Service, # 47 Nina Ward_Bay SOE Waiver of Service, # 48 Paul Lux_Okaloosa SOE Waiver of Service, # 49 Rhonda Pierce_Gulf SOE Waiver of Service.pdf, # 50 Robert Bender_Escambia SOE Waiver of Service.pdf, # 51 Ryan Messer_Walton SOE Waiver of Service.pdf, # 52 Scott

| | | |
|---|---|---|
| | | Farrington_Manatee SOE Waiver of Service.pdf, # 53 Sharon Chason_Calhoun SOE Waiver of Service.pdf, # 54 Sherrie Hodie_Monroe SOE Waiver of Service.pdf, # 55 Sherry Taylor_Hendry SOE Waiver of Service.pdf, # 56 Tammy Jones_Levy SOE Waiver of Service.pdf, # 57 Tappie Villane_Santa Rosa SOE Waiver of Service.pdf, # 58 Tim Bobanec_Brevard SOE Waiver of Service.pdf, # 59 Tomi Stinson Brown_Columbia SOE Waiver of Service.pdf, # 60 Tommy Doyle_Lee SOE Waiver of Service.pdf, # 61 Travis Hart_Lafayette SOE Waiver of Service.pdf, # 62 Vicki Davis_Martin Co SOE Waiver of Service.pdf, # 63 Vicky Oakes_St. Johns SOE Waiver of Service.pdf, # 64 Wendy Link_Palm Beach SOE Waiver of Service.pdf, # 65 Wesley Wilcox_Marion SOE Waiver of Service.pdf, # 66 William Keen_Sumter SOE Waiver of Service.pdf) (ELLIS, ELIZABETH) (Entered: 05/22/2025) |
| 05/22/2025 | 134 | ORDER ADMITTING DANIELLE LANG PRO HAC VICE – This Court has considered, without hearing, the Motion to Appear Pro Hac Vice. ECF No. 128 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/22/2025. (baf) (Entered: 05/22/2025) |
| 05/22/2025 | 135 | ORDER ADMITTING ROBERT BRENT FERGUSON PRO HAC VICE – This Court has considered, without hearing, the Motion to Appear Pro Hac Vice. ECF No. 129 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/22/2025. (baf) (Entered: 05/22/2025) |
| 05/22/2025 | 136 | ORDER ADMITTING ALEXANDRA COPPER PRO HAC VICE – This Court has considered, without hearing, the Motion to Appear Pro Hac Vice. ECF No. 130 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/22/2025. (baf) (Entered: 05/22/2025) |
| 05/22/2025 | 137 | ORDER ADMITTING ELLEN BOETTCHER PRO HAC VICE – This Court has considered, without hearing, the Motion to Appear Pro Hac Vice. ECF No. 131 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/22/2025. (baf) (Entered: 05/22/2025) |
| 05/23/2025 | 138 | NOTICE of Appearance by MARYSSA SAVANNAH–LYNN HARDY on behalf of JAMES UTHMEIER (HARDY, MARYSSA) (Entered: 05/23/2025) |
| 05/23/2025 | 139 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. CORD BYRD waiver sent on 5/22/2025, answer due 7/21/2025. (GREENBERG, GERALD) (Entered: 05/23/2025) |
| 05/23/2025 | 140 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. KIM BARTON waiver sent on 5/22/2025, answer due 7/21/2025. (GREENBERG, GERALD) (Entered: 05/23/2025) |
| 05/23/2025 | 141 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. JAMES UTHMEIER waiver sent on 5/22/2025, answer due 7/21/2025. (GREENBERG, GERALD) (Entered: 05/23/2025) |
| 05/23/2025 | 142 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. TIM BOBANIC waiver sent on 5/22/2025, answer due 7/21/2025. (GREENBERG, GERALD) (Entered: 05/23/2025) |
| 05/27/2025 | 143 | NOTICE of Appearance by CHRISTI JO HANKINS on behalf of ROBERT BENDER (HANKINS, CHRISTI) (Entered: 05/27/2025) |
| 05/27/2025 | 144 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. MELISSA BLAZIER waiver sent on 5/22/2025, answer due 7/21/2025; BRIAN CORLEY waiver sent on 5/22/2025, answer due 7/21/2025; |

| | | |
|---|---|---|
| | | TOMMY DOYLE waiver sent on 5/22/2025, answer due 7/21/2025; SCOTT FARRINGTON waiver sent on 5/22/2025, answer due 7/21/2025; ALINA GARCIA waiver sent on 5/22/2025, answer due 7/21/2025; ALAN HAYS waiver sent on 5/22/2025, answer due 7/21/2025; SHERRI HODIE waiver sent on 5/22/2025, answer due 7/21/2025; PAUL A LUX waiver sent on 5/22/2025, answer due 7/21/2025; AMY PENNOCK waiver sent on 5/22/2025, answer due 7/21/2025; LESLIE SWAN waiver sent on 5/22/2025, answer due 7/21/2025; LEAH VALENTI waiver sent on 5/22/2025, answer due 7/21/2025; WESLEY WILCOX waiver sent on 5/22/2025, answer due 7/21/2025. (GREENBERG, GERALD) (Entered: 05/27/2025) |
| 05/27/2025 | 145 | WAIVER OF SERVICE Returned Executed by RON TURNER. RON TURNER waiver sent on 5/27/2025, answer due 7/28/2025. (BENTLEY, MORGAN) (Entered: 05/27/2025) |
| 05/27/2025 | 146 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. JOE SCOTT waiver sent on 5/23/2025, answer due 7/22/2025. (GREENBERG, GERALD) (Entered: 05/27/2025) |
| 05/27/2025 | 147 | MOTION to Intervene by REPUBLICAN PARTY OF FLORIDA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (GIBSON, BENJAMIN) (Entered: 05/27/2025) |
| 05/28/2025 | 148 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. MARY JANE ARRINGTON waiver sent on 5/23/2025, answer due 7/22/2025; MELONY BELL waiver sent on 5/23/2025, answer due 7/22/2025; CHRIS H CHAMBLESS waiver sent on 5/23/2025, answer due 7/22/2025; VICKI DAVIS waiver sent on 5/23/2025, answer due 7/22/2025; MARK EARLEY waiver sent on 5/22/2025, answer due 7/21/2025; LISA LEWIS waiver sent on 5/22/2025, answer due 7/21/2025; WENDY LINK waiver sent on 5/23/2025, answer due 7/22/2025; GERTRUDE WALKER waiver sent on 5/23/2025, answer due 7/22/2025. (GREENBERG, GERALD) (Entered: 05/28/2025) |
| 05/28/2025 | 149 | ORDER GRANTING MOTION TO INTERVENE – The Proposed Intervenor's motion, ECF No. 147 , is GRANTED. Intervenor–Defendant shall file their answers as separate docket entries on or before the close of business Thursday, **5/29/2025**. Signed by CHIEF JUDGE MARK E WALKER on 5/28/2025. (baf) (Entered: 05/28/2025) |
| 05/28/2025 | 150 | DEFENDANT, LISA LEWIS, SUPERVISOR OF ELECTIONS FOR VOLUSIA COUNTY'S CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT by LISA LEWIS. (JONAS, SARAH) Modified title on 5/28/2025 (baf). (Entered: 05/28/2025) |
| 05/28/2025 | 151 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. ALETRIS FARNAM waiver sent on 5/22/2025, answer due 7/21/2025; TAMMY JONES waiver sent on 5/22/2025, answer due 7/21/2025; DAVID MAY waiver sent on 5/22/2025, answer due 7/21/2025; DIANE SMITH waiver sent on 5/22/2025, answer due 7/21/2025; SHERRY TAYLOR waiver sent on 5/22/2025, answer due 7/21/2025; H. RUSSELL WILLIAMS waiver sent on 5/22/2025, answer due 7/21/2025. (GREENBERG, GERALD) (Entered: 05/28/2025) |
| 05/29/2025 | 152 | WAIVER OF SERVICE Returned Executed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. CORD BYRD waiver sent on 5/27/2025, answer due 7/28/2025. (LANG, DANIELLE) (Entered: 05/29/2025) |
| 05/29/2025 | 153 | ANSWER TO 19 FLORIDA DECIDES HEALTHCARE'S CORRECTED COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 5/29/2025 (baf). (Entered: 05/29/2025) |

| 05/29/2025 | 154 | ANSWER TO INTERVENOR–PLAINTIFF SMART & SAFE FLORIDA'S CORRECTED COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 5/29/2025 (baf). (Entered: 05/29/2025) |
|---|---|---|
| 05/29/2025 | 155 | ANSWER TO INTERVENOR–PLAINTIFF LEAGUE OF WOMEN VOTERS OF FLORIDA'S COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 5/29/2025 (baf). (Entered: 05/29/2025) |
| 05/29/2025 | 156 | ANSWER TO FLORIDARIGHTTOCLEANWATER.ORG 'S COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 5/29/2025 (baf). (Entered: 05/29/2025) |
| 05/29/2025 | 157 | REPUBLICAN PARTY OF FLORIDA'S CORPORATE DISCLOSURE STATEMENT AND CERTIFICATE OF INTERESTED PARTIES by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 5/29/2025 (baf). (Entered: 05/29/2025) |
| 05/29/2025 | 158 | NOTICE of Appearance by DANIEL ELDEN NORDBY on behalf of REPUBLICAN PARTY OF FLORIDA (NORDBY, DANIEL) (Entered: 05/29/2025) |
| 05/29/2025 | 159 | NOTICE of Appearance by TARA R PRICE on behalf of REPUBLICAN PARTY OF FLORIDA (PRICE, TARA) (Entered: 05/29/2025) |
| 05/29/2025 | 160 | NOTICE of Appearance by KASSANDRA SATTERLY REARDON on behalf of REPUBLICAN PARTY OF FLORIDA (REARDON, KASSANDRA) (Entered: 05/29/2025) |
| 05/29/2025 | 161 | NOTICE of Appearance by NICHOLAS JOHN PETER MEROS on behalf of REPUBLICAN PARTY OF FLORIDA (MEROS, NICHOLAS) (Entered: 05/29/2025) |
| 05/29/2025 | 162 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. JULIE MARCUS waiver sent on 5/29/2025, answer due 7/28/2025. (GREENBERG, GERALD) (Entered: 05/29/2025) |
| 05/30/2025 | 163 | MOTION FOR ADMISSION PRO HAC VICE by Heather Szilagyi.( Filing fee $ 219 receipt number AFLNDC–9493328.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (SZILAGYI, HEATHER) Modified title on 6/2/2025 (baf). (Entered: 05/30/2025) |
| 05/30/2025 | 164 | ORDER ADMITTING HEATHER SZILAGYI PRO HAC VICE. This \Court has considered, without hearing, the Motion to Appear Pro Hac Vice. ECF No 163 . The motion is GRANTED. (Attorney HEATHER JEAN SZILAGYI added for FLORIDARIGHTTOCLEANWATER.ORG and MELISSA MARTIN). Signed by CHIEF JUDGE MARK E WALKER on 5/30/2025. (kjw) Modified on 6/3/2025 to add the motion information. (kjw) (Entered: 05/30/2025) |
| 05/30/2025 | 165 | PLAINTIFF SMART & SAFE FLORIDA'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 6/2/2025 (baf). (Entered: 05/30/2025) |
| 05/30/2025 | 166 | PLAINTIFF SMART & SAFE FLORIDA'S NOTICE OF FILING EXHIBITS IN SUPPORT OF 165 EMERGENCY MOTION FOR PRELIMINARY INJUNCTION by SMART & SAFE FLORIDA re 165 Emergency MOTION for Preliminary Injunction *and Incorporated Memorandum of Law* (Attachments: # 1 Exhibit Declaration of Caandra Davis, dated May 29, 2025, # 2 Exhibit Declaration of Jarvis K. DeBise, dated May 29, 2025, # 3 Exhibit Declaration of Carson Graves, dated May 29, 2025, # 4 Exhibit Declaration of Matthew Price, dated May 29, 2025, # 5 Exhibit Third Declaration of Meghan Cox, dated May 30, 2025, # 6 Exhibit Second Declaration of Jacqueline Wells, dated May 30, 2025) (BURHANS, GLENN) Modified title on 6/2/2025 (baf). (Entered: 05/30/2025) |

| | | |
|---|---|---|
| 05/30/2025 | 167 | First Amended Intervenor COMPLAINT , filed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. (CHAUDHURI, POOJA) (Entered: 05/30/2025) |
| 05/30/2025 | 168 | NOTICE OF FILING EXHIBITS IN SUPPORT OF 169 PLAINTIFFS' SECOND MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Affidavit Third Declaration of Mitchell Emerson, # 2 Affidavit Declaration of Ana–Christina Acosta Gaspar De Alba, # 3 Affidavit Declaration of Adam Janulis, # 4 Affidavit Declaration of Marc Walsh, # 5 Affidavit Declaration of Ava Guin) (WERMUTH, FREDERICK) Modified title on 6/2/2025 (baf). (Entered: 05/30/2025) |
| 05/30/2025 | 169 | PLAINTIFFS' SECOND MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Memorandum of Law In Support of Plaintiffs' Second Motion for Preliminary Injunction) (WERMUTH, FREDERICK) Modified title on 6/2/2025 (baf). (Entered: 05/30/2025) |
| 06/02/2025 | 170 | First AMENDED COMPLAINT *for Injunctive and Declaratory Relief* against All Defendants All Defendants., filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Exhibit A – Declaration of Mitchell Emerson) (WERMUTH, FREDERICK) (Additional attachment(s) added on 6/10/2025: # 2 Appendix – A (Corrected)) (baf). (Entered: 06/02/2025) |
| 06/02/2025 | 171 | NOTICE *of Filing Exhibits in Support of Plaintiffs' Motion for Preliminary Injunction* by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN (Attachments: # 1 Exhibit 1– First Declaration of Melissa Martin, # 2 Exhibit 2– Second Declaration of Melissa Martin, # 3 Exhibit 3– Declaration of John Doe, # 4 Exhibit 4– Declaration of Valerie Mobley, # 5 Exhibit 5– Declaration of Cynthia Haller, # 6 Exhibit 6– Declaration of Victoria Olson, # 7 Exhibit 7– Declaration of Thomas Perez, # 8 Exhibit 8– Online User Guide for Paid and Volunteer Petition Circulators for Constitutional Initiatives) (LEEPER, SIMONE) (Entered: 06/02/2025) |
| 06/02/2025 | 172 | PLAINTIFFS' MOTION FOR LEAVE FOR DECLARANT JOHN DOE TO PROCEED UNDER A PSEUDONYM by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (LEEPER, SIMONE) Modified title on 6/3/2025 (baf). (Entered: 06/02/2025) |
| 06/02/2025 | 173 | RTCW PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction) (LEEPER, SIMONE) Modified title on 6/3/2025 (baf). (Entered: 06/02/2025) |
| 06/03/2025 | 174 | NOTICE OF FILING EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER (Attachments: # 1 Affidavit Exhibit A – Second Declaration of Cecile Scoon on behalf of LWVFL, # 2 Affidavit Exhibit B – Declaration of Juan Proano on behalf of LULAC, # 3 Affidavit Exhibit C – Declaration of Debra Chandler in her Individual Capacity, # 4 Affidavit Exhibit D – Declaration of Cecile Scoon in her Individual Capacity) (CHAUDHURI, POOJA) Modified title on 6/3/2025 (baf). (Entered: 06/03/2025) |
| 06/03/2025 | 175 | PRELIMINARY INJUNCTION MOTION OF LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND, INC., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, AND DEBRA CHANDLER by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (Attachments: # 1 Memorandum of Law in Support of LWVFL Plaintiffs' Motion for Preliminary Injunction) (CHAUDHURI, POOJA) Modified title 6/3/2025 (baf). (Entered: 06/03/2025) |

| 06/03/2025 | 176 | ORDER SETTING CONFERENCE SCHEDULE – The parties shall file a proposed briefing schedule with respect to the motions for preliminary injunction by Friday, **6/6/2025**, at 5:00 p.m. (ET). The Clerk shall set this matter for a telephonic scheduling conference on Tuesday, June 10, 2025, at 3:00 p.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 6/3/2025. (baf) (Entered: 06/03/2025) |
|---|---|---|
| 06/03/2025 | 177 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. GRANT CONYERS waiver sent on 5/29/2025, answer due 7/28/2025; LISA DARUS waiver sent on 5/29/2025, answer due 7/28/2025; HEATH DRIGGERS waiver sent on 5/29/2025, answer due 7/28/2025; KAREN HEALY waiver sent on 5/29/2025, answer due 7/28/2025; KAITLYN LENHART waiver sent on 5/29/2025, answer due 7/28/2025; PAUL A LUX waiver sent on 5/29/2025, answer due 7/28/2025; MICHELLE MILLIGAN waiver sent on 5/29/2025, answer due 7/28/2025; DEBORAH OSBORNE waiver sent on 5/29/2025, answer due 7/28/2025; DEBBIE WERTZ waiver sent on 5/29/2025, answer due 7/28/2025. (GREENBERG, GERALD) (Entered: 06/03/2025) |
| 06/03/2025 | 178 | MOTION FOR ADMISSION PRO HAC VICE by Melissa Neal.( Filing fee $ 219 receipt number AFLNDC−9496579.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (NEAL, MELISSA) Modified title on 6/3/2025 (baf). (Entered: 06/03/2025) |
| 06/03/2025 | 179 | NOTICE OF TELEPHONIC HEARING: Telephonic Scheduling Conference set for **6/10/2025 03:00 PM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call Judge Walker's Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **855−244−8681** When prompted for an access code, enter: **2309 453 2428#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 06/03/2025) |
| 06/03/2025 | 180 | ORDER ADMITTING MELISSA NEAL PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Melissa Neal. ECF No. 178 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 6/3/2025. (baf) (Entered: 06/03/2025) |
| 06/03/2025 | 181 | MOTION TO INTERVENE AND INCORPORATED POINTS AND AUTHORITIES BY PROPOSED INTERVENORS PODER LATINX, HUMBERTO ORJUELA PRIETO, AND YIVIAN LOPEZ GARCIA by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (Attachments: # 1 Exhibit Proposed Complaint) (KARPATKIN, JEREMY) Modified title on 6/4/2025 (baf). (Entered: 06/03/2025) |
| 06/04/2025 | 182 | MOTION FOR ADMISSION PRO HAC VICE by Kunal Dixit.( Filing fee $ 219 receipt number AFLNDC−9498571.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (DIXIT, KUNAL) Modified title on 6/4/2025 (baf). (Entered: 06/04/2025) |
| 06/04/2025 | 183 | MOTION to Appear Pro Hac Vice by Norman Eisen.( Filing fee $ 219 receipt number AFLNDC−9498805.) by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (EISEN, NORMAN) (Entered: 06/04/2025) |
| 06/04/2025 | 184 | ORDER GRANTING MOTION TO INTERVENE – The Proposed Intervenors' motion, ECF No. 181 , is GRANTED. Intervenor−Plaintiffs shall file their complaint as a separate docket entry by close of business today (**6/4/2025**). Signed by CHIEF |

| | | |
|---|---|---|
| | | JUDGE MARK E WALKER on 6/4/2025. (baf) (Entered: 06/04/2025) |
| 06/04/2025 | 185 | COMPLAINT against CORD BYRD, JAMES UTHMEIER ( Filing fee $ 405 receipt number AFLNDC–9498995.), filed by YIVIAN LOPEZ GARCIA, PODER LATINX, HUMBERTO ORJUELA PRIETO. (KARPATKIN, JEREMY) (Entered: 06/04/2025) |
| 06/04/2025 | 186 | WAIVER OF SERVICE Returned Executed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. MARY JANE ARRINGTON waiver sent on 5/29/2025, answer due 7/28/2025; KIM BARTON waiver sent on 5/29/2025, answer due 7/28/2025; MELONY BELL waiver sent on 5/29/2025, answer due 7/28/2025; ROBERT BENDER waiver sent on 5/29/2025, answer due 7/28/2025; MELISSA BLAZIER waiver sent on 5/29/2025, answer due 7/28/2025; TIM BOBANIC waiver sent on 5/29/2025, answer due 7/28/2025; CHRIS H CHAMBLESS waiver sent on 5/29/2025, answer due 7/28/2025; GRANT CONYERS waiver sent on 5/29/2025, answer due 7/28/2025; BRIAN CORLEY waiver sent on 5/29/2025, answer due 7/28/2025; LISA DARUS waiver sent on 5/29/2025, answer due 7/28/2025; VICKI DAVIS waiver sent on 5/29/2025, answer due 7/28/2025; TOMMY DOYLE waiver sent on 5/29/2025, answer due 7/28/2025; HEATH DRIGGERS waiver sent on 5/29/2025, answer due 7/28/2025; MARK EARLEY waiver sent on 5/29/2025, answer due 7/28/2025; SCOTT FARRINGTON waiver sent on 5/29/2025, answer due 7/28/2025; ALINA GARCIA waiver sent on 5/29/2025, answer due 7/28/2025; ALAN HAYS waiver sent on 5/29/2025, answer due 7/28/2025; KAREN HEALY waiver sent on 5/29/2025, answer due 7/28/2025; SHERRI HODIE waiver sent on 5/29/2025, answer due 7/28/2025; KAITLYN LENHART waiver sent on 5/29/2025, answer due 7/28/2025; LISA LEWIS waiver sent on 5/29/2025, answer due 7/28/2025; WENDY LINK waiver sent on 5/29/2025, answer due 7/28/2025; PAUL A LUX waiver sent on 5/29/2025, answer due 7/28/2025; JULIE MARCUS waiver sent on 5/29/2025, answer due 7/28/2025; MICHELLE MILLIGAN waiver sent on 5/29/2025, answer due 7/28/2025; DEBORAH OSBORNE waiver sent on 5/29/2025, answer due 7/28/2025; AMY PENNOCK waiver sent on 5/29/2025, answer due 7/28/2025; JOE SCOTT waiver sent on 5/29/2025, answer due 7/28/2025; LESLIE SWAN waiver sent on 5/29/2025, answer due 7/28/2025; LEAH VALENTI waiver sent on 5/29/2025, answer due 7/28/2025; GERTRUDE WALKER waiver sent on 5/29/2025, answer due 7/28/2025; DEBBIE WERTZ waiver sent on 5/29/2025, answer due 7/28/2025; WESLEY WILCOX waiver sent on 5/29/2025, answer due 7/28/2025. (FERGUSON, ROBERT) (Entered: 06/04/2025) |
| 06/04/2025 | 187 | ORDER ADMITTING KUNAL DIXIT PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Kunal Dixit. ECF No. 182 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 6/4/2025. (baf) (Entered: 06/04/2025) |
| 06/04/2025 | 188 | ORDER ADMITTING NORMAN EISEN PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Norman Eisen. ECF No. 183 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 6/4/2025. (baf) (Entered: 06/04/2025) |
| 06/04/2025 | 189 | *VACATED per 679 FINAL ORDER ON MERITS* ORDER ON FIRST MOTION FOR PRELIMINARY INJUNCTION. Plaintiffs' motion for preliminary injunction, ECF No. 92 , is GRANTED in part and DENIED in part. The motion is GRANTED with respect to Plaintiff Jordan Simmons's vagueness claim challenging the expanded definition of "racketeering activity." The balance of the motion is DENIED. Defendant Uthmeier and Defendant Susan Lopez must take no steps to enforce section 895.02(8)(d), Florida Statutes (2025), against Jordan Simmons until otherwise ordered. Signed by CHIEF JUDGE MARK E WALKER on 6/4/2025. (kjw) Modified on 4/30/2026 to add vacate language. (kjw) (Entered: 06/04/2025) |
| 06/04/2025 | 190 | NOTICE of Appearance by NORMAN LARRY EISEN on behalf of LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER (Attachments: # 1 Supplement List of Represented Plaintiffs) (EISEN, NORMAN) (Entered: 06/04/2025) |
| 06/05/2025 | 191 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, |

| | | |
|---|---|---|
| | | LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. DENISE LAVANCHER waiver sent on 5/22/2025, answer due 7/21/2025. (GREENBERG, GERALD) (Entered: 06/05/2025) |
| 06/05/2025 | 192 | WAIVER OF SERVICE Returned Executed by YIVIAN LOPEZ GARCIA, PODER LATINX, HUMBERTO ORJUELA PRIETO. CORD BYRD waiver sent on 6/5/2025, answer due 8/4/2025. (KARPATKIN, JEREMY) (Entered: 06/05/2025) |
| 06/06/2025 | 193 | MOTION TO APPEAR PRO HAC VICE ( Filing fee $ 219 receipt number AFLNDC−9502575.) by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (RUIZ, CESAR) Modified title on 6/6/2025 (baf). (Entered: 06/06/2025) |
| 06/06/2025 | 194 | JOINT REPORT ON PARTIES' MEET−AND−CONFER REGARDING PLAINTIFFS MOTIONS FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 6/9/2025 (baf). (Entered: 06/06/2025) |
| 06/06/2025 | 195 | JOINT STATUS REPORT by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 6/9/2025 (baf). (Entered: 06/06/2025) |
| 06/06/2025 | 196 | ORDER ADMITTING CESAR Z. RUIZ PRO HAC VICE − This Court has considered, without hearing, the motion for admission pro hac vice for Cesar Z. Ruiz. ECF No. 193 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 6/6/2025. (baf) (Entered: 06/09/2025) |
| 06/09/2025 | | Set/Reset 20 Deadline: Status Report due by **7/7/2025**. (baf) (Entered: 06/09/2025) |
| 06/09/2025 | 197 | NOTICE OF RESCHEDULED TELEPHONIC HEARING: Telephonic Scheduling Conference reset for **6/10/2025 05:30 PM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call Judge Walker's Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **855−244−8681** When prompted for an access code, enter: **2309 453 2428#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 06/09/2025) |
| 06/09/2025 | 198 | PLAINTIFFS' UNOPPOSED MOTION TO SUBSTITUTE CORRECTED APPENDIX "A" TO AMENDED COMPLAINT by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Corrected Appendix A) (WERMUTH, FREDERICK) Modified title on 6/10/2025 (baf). (Entered: 06/09/2025) |
| 06/10/2025 | 199 | ORDER SETTING BRIEFING SCHEDULE AND CANCELING SCHEDULING HEARING − Defendants' responses to the pending motions, and any declarations in support thereof, are due on or before Friday, **6/20/2025**. Plaintiffs' replies, and any declarations in support thereof, are due on or before Tuesday, **6/24/2025**. The parties are permitted to submit any additional evidence other than live testimony on or before 12:00 p.m. (ET), noon, on Thursday, **6/26/2025**. The parties must notify this Courts Deputy Clerk, Ms. Milton McGee, on or before Friday, **6/27/2025**, if they intend to present any live witnesses at the hearing. This case is set for a hearing on the pending motions on Monday, June 30, 2025, at 10:00 a.m. (ET). Finally, the Clerk shall CANCEL the telephonic scheduling conference set for 5:30 p.m. (ET) on June 10, 2025. Signed by CHIEF JUDGE MARK E WALKER on 6/10/2025. (baf) (Entered: 06/10/2025) |

| 06/10/2025 | 200 | NOTICE OF CANCELLED HEARING: Telephonic Scheduling Conference reset for 6/10/2025 05:30 PM before CHIEF JUDGE MARK E WALKER is CANCELLED. (vkm) (Entered: 06/10/2025) |
|---|---|---|
| 06/10/2025 | 201 | ORDER GRANTING UNOPPOSED MOTION TO SUBSTITUTE CORRECTED APPENDIX – This Court has considered, without hearing, Plaintiffs' unopposed motion to substitute their corrected appendix to their amended complaint. ECF No. 198 . The motion is GRANTED. The Clerk shall substitute the corrected Appendix A, ECF No. 198 –1, as an attachment to Plaintiffs' amended complaint, ECF No. 170 . Signed by CHIEF JUDGE MARK E WALKER on 6/10/2025. (baf) (Correct version of Appendix A added as an attachment to ECF No. 170 .) (Entered: 06/10/2025) |
| 06/11/2025 | 202 | NOTICE OF HEARING Re: 165 , 169 , 173 & 175 MOTIONS for Preliminary Injunction: Motion Hearing set for **6/30/2025 10:00 AM** before CHIEF JUDGE MARK E WALKER. Joseph Woodrow Hatchett United States Courthouse and Federal Building, **Courtroom 5 West,** 111 North Adams St., Tallahassee, Florida 32301.<br><br>NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria Milton McGee at 850–521–3510 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 06/11/2025) |
| 06/11/2025 | 203 | MOTION FOR EXPEDITED DISCOVERY IN ADVANCE OF HEARING ON PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit 1) (WERMUTH, FREDERICK) Modified title on 6/11/2025 (baf). (Entered: 06/11/2025) |
| 06/11/2025 | 204 | ORDER FOR EXPEDITED RESPONSE – Pending before this Court is Plaintiffs' motion for expedited discovery. ECF No. 203 . Defendants Secretary of State and the Republican Party of Florida must file an expedited responses to the motion on or before Monday, **6/16/2025**. Signed by CHIEF JUDGE MARK E WALKER on 6/11/2025. (baf) (Entered: 06/11/2025) |
| 06/11/2025 | 205 | MOTION REGARDING ANSWER / MOTION TO DISMISS DEADLINES by CORD BYRD. (BEATO, MICHAEL) Modified title on 6/12/2025 (baf). (Entered: 06/11/2025) |
| 06/12/2025 | 206 | ORDER GRANTING MOTION TO SET UNIFORM ANSWER DEADLINE – This Court has considered, without hearing, Defendants' motion to set a uniform deadline to answer or otherwise respond the complaints in this case. ECF No. 205 . The motion is GRANTED. Defendants' deadline to file answers or otherwise respond to the complaints is extended to on or before thirty days after this Court enters an Order on Plaintiffs' pending motions for preliminary injunction. Signed by CHIEF JUDGE MARK E WALKER on 6/12/2025. (baf) (Entered: 06/12/2025) |
| 06/16/2025 | 207 | Corporate Disclosure Statement/Certificate of Interested Persons by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (RUIZ, CESAR) (Entered: 06/16/2025) |
| 06/16/2025 | 208 | THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN OPPOSITION TO 172 PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 6/16/2025 (baf). (Entered: 06/16/2025) |
| 06/16/2025 | 209 | RESPONSE IN OPPOSITION TO 203 MOTION FOR EXPEDITED DISCOVERY filed by CORD BYRD. (Attachments: # 1 Attachment 1, Secretary's First Request for Production to Florida Decides Healthcare Plaintiffs, # 2 Attachment 2, Secretary's First Request for Production to Smart & Safe Plaintiffs, # 3 Attachment 3, Secretary's First Request for Production to League of Women Voters Plaintiffs, # 4 Attachment 4, Secretary's First Request for Production to Right to Clean Water Plaintiffs) (JAZIL, MOHAMMAD) Modified on 6/17/2025 (baf). (Entered: 06/16/2025) |

| | | |
|---|---|---|
| 06/16/2025 | 210 | ORDER DENYING MOTION TO PROCCEED UNDER PSEUDONYM – Plaintiffs' motion to permit Declarant Doe to proceed under a pseudonym, ECF No. 172 , is DENIED. If Plaintiffs wish to rely on Declarant Doe's declaration, ECF No. 171 –3, they must file an amended declaration with Declarant Does real name on or before Tuesday, **6/17/2025**, at 5:00 p.m. (ET). But if Plaintiffs no longer wish to rely on Declarant Doe's declaration, they must notify this Court on or before Tuesday, **6/17/2025**, at 5:00 p.m. (ET), and this Court will strike the pseudonymous declaration from the record. Signed by CHIEF JUDGE MARK E WALKER on 6/16/25. (sjb) (Entered: 06/16/2025) |
| 06/16/2025 | 211 | ORDER FOR EXPEDITED REPLY – Plaintiffs Florida Decides Healthcare, Inc., Mitchell Emerson, and Jordan Simmons shall file an expedited reply to Defendants' response on or before Wednesday, **6/18/2025**. Signed by CHIEF JUDGE MARK E WALKER on 6/16/25. (sjb) (Entered: 06/16/2025) |
| 06/17/2025 | 212 | MOTION to Appear Pro Hac Vice by Phi Nguyen.( Filing fee $ 219 receipt number AFLNDC–9514662.) by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (NGUYEN, PHI) (Entered: 06/17/2025) |
| 06/17/2025 | 213 | WAIVER OF SERVICE Returned Executed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. JANET H ADKINS waiver sent on 5/29/2025, answer due 7/28/2025; TOMI STINSON BROWN waiver sent on 5/29/2025, answer due 7/28/2025; DARBI CHAIRES waiver sent on 5/29/2025, answer due 7/28/2025; SHARON CHASON waiver sent on 5/29/2025, answer due 7/28/2025; CAROL A DUNAWAY waiver sent on 5/29/2025, answer due 7/28/2025; ALETRIS FARNAM waiver sent on 5/29/2025, answer due 7/28/2025; TRAVIS HART waiver sent on 5/29/2025, answer due 7/28/2025; LAURA HUTTO waiver sent on 5/29/2025, answer due 7/28/2025; TAMMY JONES waiver sent on 5/29/2025, answer due 7/28/2025; WILLIAM KEEN waiver sent on 5/29/2025, answer due 7/28/2025; JENNIFER KINSEY waiver sent on 5/29/2025, answer due 7/28/2025; DENISE LAVANCHER waiver sent on 5/29/2025, answer due 7/28/2025; DAVID MAY waiver sent on 5/29/2025, answer due 7/28/2025; RYAN MESSER waiver sent on 5/29/2025, answer due 7/28/2025; CHRISTOPHER MILTON waiver sent on 5/29/2025, answer due 7/28/2025; JOSEPH R MORGAN waiver sent on 5/29/2025, answer due 7/28/2025; VICKY OAKES waiver sent on 5/29/2025, answer due 7/28/2025; CHARLES OVERTURF waiver sent on 5/29/2025, answer due 7/28/2025; DEIDRA PETTIS waiver sent on 5/29/2025, answer due 7/28/2025; RHONDA PIERCE waiver sent on 5/29/2025, answer due 7/28/2025; HEATHER RILEY waiver sent on 5/29/2025, answer due 7/28/2025; AMANDA SEYFANG waiver sent on 5/29/2025, answer due 7/28/2025; DIANE SMITH waiver sent on 5/29/2025, answer due 7/28/2025; DANA SOUTHERLAND waiver sent on 5/29/2025, answer due 7/28/2025; SHERRY TAYLOR waiver sent on 5/29/2025, answer due 7/28/2025; JAMES UTHMEIER waiver sent on 5/29/2025, answer due 7/28/2025; TAPPIE VILLANE waiver sent on 5/29/2025, answer due 7/28/2025; NINA WARD waiver sent on 5/29/2025, answer due 7/28/2025; H. RUSSELL WILLIAMS waiver sent on 5/29/2025, answer due 7/28/2025; KENYA WILLIAMS waiver sent on 5/29/2025, answer due 7/28/2025. (FERGUSON, ROBERT) (Entered: 06/17/2025) |
| 06/17/2025 | 214 | *Construed as motion for preliminary injunction per ECF 283 * INTEVENOR–PLAINTIFFS PODER LATINX, HUMBERTO ORJUELA PRIETO, AND YIVIAN LOPEZ GARCIA'S NOTICE OF JOINDER OF LEAGUE OF WOMEN VOTERS FLORIDA ET AL. AND FLORIDARIGHTTOCLEANWATER.ORG ET AL.'s MOTIONS FOR PRELIMINARY INJUNCTION (Dkt. 173 –1 & 175 –1) AND SUPPLEMENTAL POINTS AND AUTHORITIES by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (Attachments: # 1 Declaration of Yivian Lopez Garcia, # 2 Declaration of Humberto Orjuela Prieto, # 3 Declaration of Carolina Wasser) (KARPATKIN, JEREMY) Modified title on 6/17/2025 (baf). Modified to terminate motion on 6/18/2025 (baf). Modified on 7/8/2025 (erl). (Entered: 06/17/2025) |
| 06/17/2025 | 215 | RTCW PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OR RESCIND DECLARATION by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (LEEPER, SIMONE) Modified title on 6/17/2025 (baf). (Entered: 06/17/2025) |

| 06/17/2025 | 216 | ORDER GRANTING EXTENSION – This Court has considered, without hearing, Plaintiffs' motion for extension of time to re–file or rescind John Doe's declaration. ECF No. 215 . The unopposed motion is GRANTED. Plaintiffs' deadline to re–file John Doe's declaration with John Doe's real name or a notice indicating that they do not intend to rely on the declaration in support of their motion is on or before 11:59 p.m. (ET) on **6/19/2025**. Signed by CHIEF JUDGE MARK E WALKER on 6/17/2025. (baf) (Entered: 06/17/2025) |
|---|---|---|
| 06/17/2025 | 217 | ORDER ADMITTING PHI NGUYEN PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Phi Nguyen. ECF No. 212 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 6/17/2025. (baf) (Entered: 06/17/2025) |
| 06/18/2025 | 218 | WAIVER OF SERVICE Returned Executed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. CRAIG LATIMER waiver sent on 5/29/2025, answer due 7/28/2025. (FERGUSON, ROBERT) (Entered: 06/18/2025) |
| 06/18/2025 | 219 | PLAINTIFFS' REPLY IN SUPPORT OF THEIR 203 MOTION FOR EXPEDITED DISCOVERY filed by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 6/20/2025 (baf). (Entered: 06/18/2025) |
| 06/19/2025 | 220 | DECLARATION OF RAMON PEREIRA BONILLA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (*Amended Declaration to Replace ECF No. 171 –3*.) (LEEPER, SIMONE) Modified title on 6/20/2025 (baf). (Entered: 06/19/2025) |
| 06/19/2025 | 221 | PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (LEEPER, SIMONE) Modified title on 6/20/2025 (baf). (Entered: 06/19/2025) |
| 06/19/2025 | 222 | TEN SUPERVISORS OF ELECTIONS' INITIAL DISCLOSURE by LEAH VALENTI, MELISSA BLAZIER, LESLIE SWAN, ALAN HAYS, TOMMY DOYLE, SCOTT FARRINGTON, WESLEY WILCOX, SHERRI HODIE, BRIAN CORLEY, AMY PENNOCK. (BARDOS, ANDY) Modified title on 6/20/2025 (baf). (Entered: 06/19/2025) |
| 06/19/2025 | 223 | ORDER DENYING EXPEDITED DISCOVERY – Plaintiffs' motion, ECF No. 203 , is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 6/19/2025. (baf) (Entered: 06/20/2025) |
| 06/20/2025 | 224 | STATE ATTORNEY DEFENDANTS' UNOPPOSED MOTION TO BE EXCUSED FROM HEARING by GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (WYLER, DOUGLAS) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 225 | DEFENDANT ALINA GARCIA'S INITIAL DISCLOSURES by ALINA GARCIA. (ROSENTHAL, OREN) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 226 | DEFENDANT JOE SCOTT'S RULE 26(a) MANDATORY INITIAL DISCLOSURES by JOE SCOTT. (REYNOLDS PEREZ, DEVONA) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 227 | STATE ATTORNEY DEFENDANTS' INITIAL DISCLOSURES by GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (WYLER, DOUGLAS) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |

| | | |
|---|---|---|
| 06/20/2025 | 228 | RULE 26(a)(1) INITIAL DISCLOSURE BY DEFENDANT MARK EARLEY, LEON COUNTY SUPERVISOR OF ELECTIONS by MARK EARLEY (HERRON, MARK) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 229 | SIX SUPERVISORS OF ELECTIONS INITIAL DISCLOSURES by ALETRIS FARNAM, DIANE SMITH, SHERRY TAYLOR, H. RUSSELL WILLIAMS, TAMMY JONES, DAVID MAY. (OLIVO, GERALDO) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 230 | DEFENDANT JULIE MARCUS' RULE 26(A) MANDATORY INITIAL DISCLOSURES by JULIE MARCUS. (KAHN, JARED) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 231 | DEFENDANT, LISA LEWIS, IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR VOLUSIA COUNTY'S RULE 26 DISCLOSURES by LISA LEWIS. (JONAS, SARAH) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 232 | RULE 26(a)(1) INITIAL DISCLOSURES OF DEFENDANT PAUL A. LUX, SUPERVISOR OF ELECTIONS FOR OKALOOSA COUNTY, FLORIDA by PAUL A LUX. (SHAUD, MATTHEW) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 233 | REPUBLICAN PARTY OF FLORIDA'S INITIAL DISCLOSURES by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 234 | SMART & SAFE FLORIDA'S INITIAL DISCLOSURES by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 235 | SIX SUPERVISORS OF ELECTIONS' INITIAL DISCLOSURES by CHRIS H CHAMBLESS, VICKI DAVIS, MARY JANE ARRINGTON, WENDY LINK, MELONY BELL, GERTRUDE WALKER. (LAVIA, JOHN) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 236 | DEFENDANT ROBERT BENDER SUPERVISOR OF ELECTIONS INITIAL DISCLOSURES by ROBERT BENDER. (HANKINS, CHRISTI) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 237 | FDH PLAINTIFFS' INITIAL DISCLOSURES by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 6/20/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 238 | ORDER EXCUSING STATE ATTORNEY DEFENDANTS FROM HEARING – This Court has considered, without hearing, the State Attorney Defendants' unopposed motion to be excused from appearance and participation in the hearing scheduled for June 30, 2025. ECF No. 224 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 6/20/2025. (baf) (Entered: 06/20/2025) |
| 06/20/2025 | 239 | THE ATTORNEY GENERAL'S INITIAL DISCLOSURES by JAMES UTHMEIER. (STAFFORD, WILLIAM) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 240 | PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (RUIZ, CESAR) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 241 | INTERVENOR–PLAINTIFFS LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND, INC., LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, AND DEBRA CHANDLERS INITIAL DISCLOSURES by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (KLEIN, SPENCER) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 242 | REPORT OF RULE 26 INITIAL CONFERENCE. (WERMUTH, FREDERICK) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |

| 06/20/2025 | 243 | THE SECRETARY'S INITIAL DISCLOSURES by CORD BYRD. (JAZIL, MOHAMMAD) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |
|---|---|---|
| 06/20/2025 | 244 | 22 SUPERVISORS OF ELECTIONS' RULE 26(a)(1)(A) DISCLOSURES by SHARON CHASON, RYAN MESSER, TOMI STINSON BROWN, DARBI CHAIRES, HEATHER RILEY, KENYA WILLIAMS, RHONDA PIERCE, LAURA HUTTO, CAROL A DUNAWAY, TRAVIS HART, JANET H ADKINS, CHARLES OVERTURF, TAPPIE VILLANE, VICKY OAKES, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, NINA WARD, AMANDA SEYFANG. (ERDELYI, SUSAN) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 245 | THE SECRETARY AND ATTORNEY GENERAL'S EXHIBITS TO THEIR RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND PRELIMINARY INJUNCTION MOTIONS by CORD BYRD (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (JAZIL, MOHAMMAD) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 246 | THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND PRELIMINARY INJUNCTION MOTIONS filed by CORD BYRD. (JAZIL, MOHAMMAD) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |
| 06/20/2025 | 247 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER by REPUBLICAN PARTY OF FLORIDA (GIBSON, BENJAMIN) Modified title on 6/23/2025 (baf). (Entered: 06/20/2025) |
| 06/21/2025 | 248 | WAIVER OF SERVICE Returned Executed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. GRANT CONYERS answer due 7/28/2025; LISA DARUS answer due 7/28/2025; HEATH DRIGGERS answer due 7/28/2025; KAREN HEALY answer due 7/28/2025; KAITLYN LENHART answer due 7/28/2025; MICHELLE MILLIGAN answer due 7/28/2025; DEBORAH OSBORNE answer due 7/28/2025; DEBBIE WERTZ answer due 7/28/2025. (GREENBERG, GERALD) (Entered: 06/21/2025) |
| 06/22/2025 | 249 | EIGHT SUPERVISORS OF ELECTIONS' INITIAL DISCLOSURE by DEBBIE WERTZ, KAITLYN LENHART, LISA DARUS, KAREN HEALY, MICHELLE MILLIGAN, GRANT CONYERS, HEATH DRIGGERS, DEBORAH OSBORNE. (TAGHDIRI, PAUSHA) Modified title on 6/23/2025 (baf). (Entered: 06/22/2025) |
| 06/23/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE MARK E WALKER notified that action is needed Re: 242 REPORT OF RULE 26 INITIAL CONFERENCE. (baf) (Entered: 06/23/2025) |
| 06/23/2025 | 250 | PLAINTIFFS' MOTION FOR LEAVE TO APPEAR PRO HAC VICE BY BRADLEY E. HEARD, CONSENT TO DESIGNATION, AND REQUEST TO ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING ( Filing fee $ 219 receipt number AFLNDC−9520186.) by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit Certificate of Good Standing) (HEARD, BRADLEY) Modified title on 6/24/2025 (baf). (Entered: 06/23/2025) |
| 06/23/2025 | 251 | DEFENDANT CRAIG LATIMERS RULE 26(A) MANDATORY INITIAL DISCLOSURES by CRAIG LATIMER. (TODD, STEPHEN) Modified title on 6/24/2025 (baf). (Entered: 06/23/2025) |
| 06/23/2025 | 252 | ORDER ADMITTING BRADLEY HEARD PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Bradley Heard. ECF No. 250 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 6/23/2025. (baf) (Entered: 06/23/2025) |
| 06/23/2025 | 253 | NOTICE of Appearance by TIFFINY DOUGLAS PINKSTAFF on behalf of JERRY HOLLAND (PINKSTAFF, TIFFINY) (Entered: 06/23/2025) |
| 06/23/2025 | 254 | DUVAL COUNTY SUPERVISOR OF ELECTIONS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT by |

| | | |
|---|---|---|
| | | JERRY HOLLAND. (PINKSTAFF, TIFFINY) Modified title on 6/24/2025 (baf). (Entered: 06/23/2025) |
| 06/23/2025 | 255 | DUVAL COUNTY SUPERVISOR OF ELECTIONS' RULE 26 INITIAL DISCLOSURES by JERRY HOLLAND. (PINKSTAFF, TIFFINY) Modified title on 6/24/2025 (baf). (Entered: 06/23/2025) |
| 06/24/2025 | 256 | REPLY BRIEF IN SUPPORT OF RTCW PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION filed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN, PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (LEEPER, SIMONE) Modified title on 6/25/2025 (baf). (Entered: 06/24/2025) |
| 06/24/2025 | 257 | PLAINTIFF SMART & SAFE FLORIDA'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION filed by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 6/25/2025 (baf). (Entered: 06/24/2025) |
| 06/24/2025 | 258 | PLAINTIFF SMART & SAFE FLORIDA'S NOTICE OF FILING EXHIBIT TO REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION by SMART & SAFE FLORIDA (Attachments: # 1 Fourth Declaration of Meghan Cox, dated June 24, 2025) (BURHANS, GLENN) Modified title on 6/25/2025 (baf). (Entered: 06/24/2025) |
| 06/24/2025 | 259 | NOTICE OF FILING EXHIBITS TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Declaration of Meryl Shatzman, # 2 Declaration of Susan Bottcher) (WERMUTH, FREDERICK) Modified title on 6/25/2025 (baf). (Entered: 06/24/2025) |
| 06/24/2025 | 260 | NOTICE *OF FILING EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION* by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER (Attachments: # 1 Affidavit of Pam Militello, # 2 Affidavit of Monica Elliott, # 3 Affidavit of Susan Aertker) (CHAUDHURI, POOJA) (Entered: 06/24/2025) |
| 06/24/2025 | 261 | REPLY IN SUPPORT OF PLAINTIFFS' SECOND PRELIMINARY INJUNCTION MOTION filed by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 6/25/2025 (baf). (Entered: 06/24/2025) |
| 06/24/2025 | 262 | INTERVENOR–PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION filed by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (CHAUDHURI, POOJA) Modified title on 6/25/2025 (baf). (Entered: 06/24/2025) |
| 06/25/2025 | 263 | NOTICE of Appearance by NICHOLAS ARI SHANNIN on behalf of KAREN CASTOR DENTEL (SHANNIN, NICHOLAS) (Entered: 06/25/2025) |
| 06/25/2025 | 264 | MOTION to Appear Pro Hac Vice by Neda Khoshkhoo.( Filing fee $ 219 receipt number AFLNDC–9524565.) by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (Attachments: # 1 Certificate of Good Standing) (KHOSHKHOO, NEDA) (Entered: 06/25/2025) |
| 06/25/2025 | 265 | DEFENDANT KIM A. BARTON, IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR ALACHUA COUNTY'S RULE 26 INITIAL DISCLOSURES by KIM BARTON. (SWAIN, ROBERT) Modified title on 6/26/2025 (baf). (Entered: 06/25/2025) |
| 06/25/2025 | 266 | ORDER ADMITTING NEDA KHOSHKHOO PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Neda Khoshkhoo. ECF No. 264 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 6/25/2025. (baf) (Entered: 06/26/2025) |

| 06/26/2025 | 267 | THE SECRETARY AND ATTORNEY GENERAL'S SUPPLEMENTAL EXHIBITS TO THEIR RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND PRELIMINARY INJUNCTION MOTIONS by CORD BYRD, JAMES UTHMEIER re 246 Response in Opposition to Motion (Attachments: # 1 Ex. 6 – Declaration of David Ramba, # 2 Ex. 7 – Declaration of Jonathan Bridges) (JAZIL, MOHAMMAD) Modified title on 6/26/2025 (baf). (Entered: 06/26/2025) |
|---|---|---|
| 06/26/2025 | 268 | RTCW PLAINTIFFS' SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN (Attachments: # 1 Exhibit 9– Declaration of Paula McClease, # 2 Exhibit 10– Second Declaration of Victoria Olson, # 3 Exhibit 11– Second Declaration of Ramon Pereira Bonilla) (LEEPER, SIMONE) Modified title on 6/27/2025 (baf). (Entered: 06/26/2025) |
| 06/26/2025 | 269 | NOTICE OF FILING SUPPLEMENTAL EXHIBITS IN SUPPORT OF PLAINTIFFS' SECOND MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (Attachments: # 1 1 – Declaration of M. Emerson, # 2 2 – Maxon–Dixion Poll, # 3 3 – Declaration of M. Shatzman, # 4 4 – FPF Petition Tracking, # 5 5 – FPF Shapshots) (WERMUTH, FREDERICK) Modified title on 6/27/2025 (baf). (Entered: 06/26/2025) |
| 06/26/2025 | 270 | NOTICE OF FILING EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER (Attachments: # 1 Affidavit of Mary Figg, # 2 Affidavit of Lisa Hoffmeyer, # 3 Affidavit of Shayna Rich) (CHAUDHURI, POOJA) Modified title on 6/27/2025 (baf). (Entered: 06/26/2025) |
| 06/26/2025 | 271 | MOTION to Appear Pro Hac Vice by Kristen Roehrig.( Filing fee $ 219 receipt number AFLNDC–9526109.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (ROEHRIG, KRISTEN) (Entered: 06/26/2025) |
| 06/26/2025 | 272 | ORDER ADMITTING KRISTEN ROEHRIG PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Kristen Roehrig. ECF No. 271 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 6/26/2025. (baf) (Entered: 06/27/2025) |
| 06/27/2025 | 273 | DEFENDANT ORANGE COUNTY SUPERVISOR OF ELECTIONS KAREN CASTOR DENTEL'S RULE 26(A) INITIAL DISCLOSURES by KAREN CASTOR DENTEL. (SHANNIN, NICHOLAS) Modified title on 6/27/2025 (baf). (Entered: 06/27/2025) |
| 06/29/2025 | 274 | NOTICE of Supplemental Authority by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS re 169 Second MOTION for Preliminary Injunction (WERMUTH, FREDERICK) (Entered: 06/29/2025) |
| 06/30/2025 | 275 | HERNANDO SUPERVISOR OF ELECTIONS' INITIAL DISCLOSURE by DENISE LAVANCHER. (TARTAGLIA, MELISSA) Modified title on 7/1/2025 (baf). (Entered: 06/30/2025) |
| 06/30/2025 | 276 | RULE 26(a)(1)(A) DISCLOSURES by TIM BOBANIC. (MARI, FRANK) Modified title on 7/1/2025 (baf). (Entered: 06/30/2025) |
| 06/30/2025 | 277 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Motion Hearing held on 6/30/2025. Court hears argument regarding Plaintiffs' 165 , 169 , 173 & 175 Motions for Preliminary Injunction. Ruling by Court: Plaintiffs to file supplemental briefs by **5:00 p.m. on 7/3/2025**. Defendants may file response by **11:59 p.m. on 7/3/2025**. Order to follow (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee)). (Attachments: # 1 Exhibit List) (vkm) (Entered: 06/30/2025) |
| 07/02/2025 | 278 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Preliminary Injunction Proceedings held on 6/30/2025, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797. |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **7/9/2025**. Release of Transcript Restriction set for **10/7/2025**. (mah) (Entered: 07/02/2025) |
| 07/03/2025 | 279 | THE SECRETARY AND ATTORNEY GENERAL'S SUPPLEMENTAL BRIEF by CORD BYRD (JAZIL, MOHAMMAD) Modified title on 7/7/2025 (baf). (Entered: 07/03/2025) |
| 07/03/2025 | 280 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER by REPUBLICAN PARTY OF FLORIDA (GIBSON, BENJAMIN) Modified title on 7/7/2025 (baf). (Entered: 07/03/2025) |
| 07/03/2025 | 281 | PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING THE EFFECT OF TRUMP v. CASA, INC. by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (WERMUTH, FREDERICK) Modified title on 7/7/2025 (baf). (Entered: 07/03/2025) |
| 07/07/2025 | 282 | SECOND JOINT STATUS REPORT by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 7/7/2025 (baf). (Entered: 07/07/2025) |
| 07/07/2025 | | Set/Reset 20 Deadline: Status Report due by **8/6/2025**. (baf) (Entered: 07/07/2025) |
| 07/08/2025 | 283 | ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION – Plaintiff Smart & Safe Florida's motion for preliminary injunction, ECF No. 165 is GRANTED. Plaintiff FDH's second motion for preliminary injunction, ECF No. 169 is GRANTED in part with respect to FDH's First Amendment challenge to the residency requirement. The balance of the motion is DENIED. Right to Clean Water and Melissa Martin's motion for preliminary injunction, ECF No. 173 is GRANTED in part with respect to Plaintiffs' First Amendment challenge to the residency and citizenship requirements. The balance of the motion is DENIED. The League of Women Voters Plaintiffs' motion for preliminary injunction, ECF No. 175 is GRANTED in part with respect to the Leagues and LULAC's First Amendment challenge to the citizenship requirements. The balance of the motion is DENIED. The Poder Latinx Plaintiffs' notice of joinder, ECF No. 214 , construed as a motion for preliminary injunction, is DENIED for lack of standing. Signed by JUDGE MARK E WALKER on 7/8/2025. (erl) (Entered: 07/08/2025) |
| 07/11/2025 | 284 | THE SECRETARY AND ATTORNEY GENERAL'S NOTICE OF APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION by CORD BYRD, JAMES UTHMEIER. ( Filing fee $605 Receipt Number AFLNDC–9541947.) (Attachments: # 1 Doc.283, Order on Motions for Preliminary Injunction) (JAZIL, MOHAMMAD) Modified title on 7/14/2025 (baf). (Entered: 07/11/2025) |
| 07/11/2025 | 285 | Appeal Instructions re: 284 Notice of Appeal, : The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **7/25/2025**. (baf) (Entered: 07/14/2025) |
| 07/11/2025 | 286 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 284 Notice of Appeal. (baf) (Entered: 07/14/2025) |
| 07/11/2025 | | Set Deadlines re 284 Notice of Appeal: Clerk to check status of Appeal on **10/9/2025**. Certificate of Readiness (FRAP 11) due by **7/25/2025**. (baf) (Entered: 07/14/2025) |
| 07/14/2025 | 287 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION by REPUBLICAN PARTY OF FLORIDA. ( Filing fee $605 Receipt Number AFLNDC–9543145.) (Attachments: # 1 Exhibit Order On Motions for Preliminary Injuction) (GIBSON, BENJAMIN) Modified title on 7/15/2025 (baf). (Entered: 07/14/2025) |

| | | |
|---|---|---|
| 07/14/2025 | 288 | Appeal Instructions re: 287 Notice of Appeal : The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **7/28/2025**. (baf) (Entered: 07/15/2025) |
| 07/14/2025 | 289 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 287 Notice of Appeal. (baf) (Entered: 07/15/2025) |
| 07/14/2025 | | Set Deadlines re 287 Notice of Appeal: Clerk to check status of Appeal on **10/14/2025**. Certificate of Readiness (FRAP 11) due by **7/28/2025**. (baf) (Entered: 07/15/2025) |
| 07/14/2025 | 295 | USCA CASE NUMBER AND PROCEDURAL LETTER for 284 THE SECRETARY AND ATTORNEY GENERAL'S NOTICE OF APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION. USCA Appeal No. 25–12370–E. (baf) (Entered: 07/16/2025) |
| 07/15/2025 | 297 | USCA CASE NUMBER AND PROCEDURAL LETTER for 287 REPUBLICAN PARTY OF FLORIDA'S NOTICE OF APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION. USCA No. 25–12370–E. (baf) (Entered: 07/18/2025) |
| 07/16/2025 | 290 | MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF. (Attachments: # 1 First Amended Complaint, # 2 Exhibit 1 – HB 1205, # 3 Exhibit 2 – Approved Petition Form 25–01, # 4 Exhibit 3 – Proposed Amendment_Adult Personal Use of Marijuana.01–14–2025, # 5 Exhibit 4 – Second Proposed Amendment_ Home Cultivation of Medical Marijuana, # 6 Exhibit 5 – Notice of Violation dated 3.26.2025, # 7 Exhibit 6 – Withdrawal of Second Proposed Amendment – Home Cultivation of Medical Marijuana) (BURHANS, GLENN) Modified title on 7/17/2025 (baf). (Entered: 07/16/2025) |
| 07/16/2025 | 291 | PLAINTIFF SMART & SAFE FLORIDA'S SECOND EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 7/17/2025 (baf). (Entered: 07/16/2025) |
| 07/16/2025 | 292 | ORDER GRANTING SMART & SAFE FLORIDAS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT – Inasmuch as this case is in its infancy, Smart & Safe would ordinarily be provided additional time to amend the complaint and join additional parties in this Courts scheduling and mediation order, and the new Defendant State Attorneys have no objection to being added to Plaintiff Smart & Safes complaint, the motion, ECF No. 290 , is GRANTED. Plaintiff Smart & Safe must file its first amended complaint as a separate docket entry on or before 5:00 p.m. (ET), Thursday, **7/17/2025**. Signed by JUDGE MARK E WALKER on 7/16/2025. (baf) (Entered: 07/16/2025) |
| 07/16/2025 | 293 | FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF against All Defendants, filed by SMART & SAFE FLORIDA. (Attachments: # 1 Exhibit 1 – HB 1205, # 2 Exhibit 2 – Approved Petition Form 25–01, # 3 Exhibit 3 – Proposed Amendment_Adult Personal Use of Marijuana.01–14–2025, # 4 Exhibit 4 – Second Proposed Amendment_ Home Cultivation of Medical Marijuana, # 5 Exhibit 5 – Notice of Violation dated 3.26.2025, # 6 Exhibit 6 – Withdrawal of Second Proposed Amendment – Home Cultivation of Medical Marijuana) (BURHANS, GLENN) Modified title on 7/17/2025 (baf). (Entered: 07/16/2025) |
| 07/16/2025 | 294 | ORDER ON SMART & SAFE FLORIDA'S SECOND MOTION FOR PRELIMINARY INJUNCTION – Pending before this Court is Plaintiff–Intervenor Smart & Safe Florida's second motion for preliminary injunction, ECF No. 291 , which seeks to extend the preliminary injunction to include the Defendant State Attorneys' enforcement of §§ 104.187 and 104.188(2) to the extent those provisions incorporate the residency requirement for petition circulation. Accordingly, on or before Monday, **7/21/2025**, Plaintiff Smart & Safe must supplement the record if it can in good faith demonstrate standing for purposes of seeking preliminary injunctive relief against the Defendant State Attorneys. If Plaintiff requires additional time, Plaintiff must confer with the Defendant State Attorneys and alert this Court in writing on or before |

| | | |
|---|---|---|
| | | **7/21/2025**, keeping in mind that Plaintiff has requested expedited relief, and thus, any extension will be brief. Signed by JUDGE MARK E WALKER on 7/16/2025. (baf) (Entered: 07/16/2025) |
| 07/17/2025 | 296 | TRANSCRIPT REQUEST by CORD BYRD for proceedings held on June 30, 2025 before Judge Mark Walker, (JAZIL, MOHAMMAD) (Entered: 07/17/2025) |
| 07/21/2025 | 298 | THE SECRETARY AND ATTORNEY GENERAL'S NOTICE TO THE COURT by CORD BYRD, JAMES UTHMEIER re 291 PLAINTIFF SMART & SAFE FLORIDA'S SECOND EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW (JAZIL, MOHAMMAD) Modified title on 7/21/2025 (baf). (Entered: 07/21/2025) |
| 07/21/2025 | 299 | THE STATE ATTORNEYS' RESPONSE TO PRELIMINARY INJUNCTION (Doc. 291 ) filed by GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (WYLER, DOUGLAS) Modified title on 7/21/2025 (baf). (Entered: 07/21/2025) |
| 07/21/2025 | 300 | PLAINTIFF SMART & SAFE FLORIDA'S SUPPLEMENT TO SECOND MOTION FOR PRELIMINARY INJUNCTION AND NOTICE OF FILING EXHIBITS by SMART & SAFE FLORIDA (Attachments: # 1 Fourth Declaration Meghan Cox, # 2 Second Declaration of Jarvis K DeBise, # 3 Declaration of Matthew Hohnholt, # 4 Declaration of Hill McCrory, # 5 Declaration of Jessica White) (BURHANS, GLENN) Modified title on 7/21/2025 (baf). (Entered: 07/21/2025) |
| 07/21/2025 | 301 | ORDER FOR EXPEDITED RESPONSE – Pending before this Court is Plaintiff Smart & Safe Florida's second motion for preliminary injunction, ECF No. 291 , and the Secretary of State's and Attorney General's joint notice to the court, ECF No. 298 . Plaintiff Smart & Safe Florida must file an expedited response addressing the jurisdictional issues highlighted in the Defendants joint notice on or before Monday, **7/28/2025**. Signed by JUDGE MARK E WALKER on 7/21/2025. (baf) (Entered: 07/21/2025) |
| 07/22/2025 | 302 | AMENDED COMPLAINT against JANET H ADKINS, MARY JANE ARRINGTON, MAUREEN BAIRD, THOMAS BAKKEDAHL, BRUCE BARTLETT, KIM BARTON, LARRY BASFORD, MELONY BELL, ROBERT BENDER, MELISSA BLAZIER, TIM BOBANIC, ED BRODSKY, TOMI STINSON BROWN, CORD BYRD, JACK CAMPBELL, DARBI CHAIRES, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN CORLEY, ALEXCIA COX, LISA DARUS, VICKI DAVIS, KAREN CASTOR DENTEL, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, JOHN DURRETT, MARK EARLEY, ALETRIS FARNAM, SCOTT FARRINGTON, AMIRA D FOX, ALINA GARCIA, BILL GLADSON, BRIAN HAAS, TRAVIS HART, ALAN HAYS, KAREN HEALY, SHERRI HODIE, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER KINSEY, BRIAN KRAMER, R J LARIZZA, CRAIG LATIMER, DENISE LAVANCHER, KAITLYN LENHART, LISA LEWIS, WENDY LINK, SUSAN LOPEZ, PAUL A LUX, GINGER BOWDEN MADDEN, JULIE MARCUS, DAVID MAY, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH R MORGAN, MELISSA NELSON, VICKY OAKES, DEBORAH OSBORNE, CHARLES OVERTURF, AMY PENNOCK, DEIDRA PETTIS, RHONDA PIERCE, HAROLD F PRYOR, HEATHER RILEY, KATHERINE FERNANDEZ RUNDLE, WILL SCHEINER, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, LESLIE SWAN, SHERRY TAYLOR, RON TURNER, JAMES UTHMEIER, LEAH VALENTI, TAPPIE VILLANE, GERTRUDE WALKER, DENNIS WARD, NINA WARD, DEBBIE WERTZ, WESLEY WILCOX, H. RUSSELL WILLIAMS, KENYA WILLIAMS, MONIQUE WORRELL, filed by YIVIAN LOPEZ GARCIA, PODER LATINX, HUMBERTO ORJUELA PRIETO. (Attachments: # 1 Exhibit – Motion for First Amended Complaint) (KARPATKIN, JEREMY) Modified title on 7/23/2025 (baf). Modified change event type to reflect a motion on 7/23/2025 (baf). (Entered: 07/22/2025) |

| | | |
|---|---|---|
| 07/22/2025 | 303 | PLAINTIFF'S PODER LATINX, HUMBERTO ORJUELA PRIETO, AND YIVIAN LOPEZ GARCIA'S SECOND MOTION FOR A PRELIMINARY INJUNCTION by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (Attachments: # 1 Exhibit – Memorandum of Law in Support of Second Motion for a Preliminary Injunction, # 2 Exhibit – Declaration of Carolina Wassmer, # 3 Exhibit – Declaration of Humberto Orjuela Prieto, # 4 Exhibit – Declaration of Yivian Lopez Garcia) (KARPATKIN, JEREMY) Modified title on 7/23/2025 (baf). (Entered: 07/22/2025) |
| 07/22/2025 | 304 | PLAINTIFFS FLORIDA DECIDES HEALTHCARE, INC., MITCHELL EMERSON, AND JORDAN SIMMONS'S MOTION FOR LEAVE TO AMEND by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit A – Second Amended Complaint, # 2 Exhibit B) (WERMUTH, FREDERICK) Modified title on 7/23/2025 (baf). (Entered: 07/22/2025) |
| 07/23/2025 | 305 | PLAINTIFF SMART & SAFE FLORIDA'S RESPONSE TO DEFENDANT'S NOTICE REGARDING THE SECOND EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 7/23/2025 (baf). (Entered: 07/23/2025) |
| 07/23/2025 | 306 | ORDER GRANTING LEAVE TO AMEND – This Court has considered, without hearing, Florida Decides Healthcare, Inc.'s motion for leave to file a second amended complaint. ECF No. 304 . The unopposed motion is GRANTED. Florida Decides Healthcare, Inc., Mitchell Emerson, and Jordan Simmons must file their second amended complaint as a separate docket entry by 5:00 p.m. (ET), today, **7/23/2025**. Signed by JUDGE MARK E WALKER on 7/23/2025. (baf) (Entered: 07/23/2025) |
| 07/23/2025 | 307 | ORDER GRANTING LEAVE TO AMEND – This Court has considered, without hearing, the Poder Plaintiffs' motion for leave to file an amended complaint. ECF No. 302 –1. The unopposed motion is GRANTED. The Poder Plaintiffs must file their amended complaint as a separate docket entry by 5:00 p.m. (ET), today, **7/23/2025**. Signed by JUDGE MARK E WALKER on 7/23/2025. (baf) (Entered: 07/23/2025) |
| 07/23/2025 | 308 | SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF against All Defendants, filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Appendix A) (WERMUTH, FREDERICK) Modified title on 7/24/2025 (baf). (Entered: 07/23/2025) |
| 07/23/2025 | 309 | AMENDED COMPLAINT against JANET H ADKINS, MARY JANE ARRINGTON, MAUREEN BAIRD, THOMAS BAKKEDAHL, BRUCE BARTLETT, KIM BARTON, LARRY BASFORD, MELONY BELL, ROBERT BENDER, MELISSA BLAZIER, TIM BOBANIC, ED BRODSKY, TOMI STINSON BROWN, CORD BYRD, JACK CAMPBELL, DARBI CHAIRES, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN CORLEY, ALEXCIA COX, LISA DARUS, VICKI DAVIS, KAREN CASTOR DENTEL, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, JOHN DURRETT, MARK EARLEY, ALETRIS FARNAM, SCOTT FARRINGTON, AMIRA D FOX, ALINA GARCIA, BILL GLADSON, BRIAN HAAS, TRAVIS HART, ALAN HAYS, KAREN HEALY, SHERRI HODIE, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER KINSEY, BRIAN KRAMER, R J LARIZZA, CRAIG LATIMER, DENISE LAVANCHER, KAITLYN LENHART, LISA LEWIS, WENDY LINK, SUSAN LOPEZ, PAUL A LUX, GINGER BOWDEN MADDEN, JULIE MARCUS, DAVID MAY, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH R MORGAN, MELISSA NELSON, VICKY OAKES, DEBORAH OSBORNE, CHARLES OVERTURF, AMY PENNOCK, DEIDRA PETTIS, RHONDA PIERCE, HAROLD F PRYOR, HEATHER RILEY, KATHERINE FERNANDEZ RUNDLE, WILL SCHEINER, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, LESLIE SWAN, SHERRY TAYLOR, RON TURNER, JAMES UTHMEIER, LEAH VALENTI, TAPPIE VILLANE, GERTRUDE WALKER, DENNIS WARD, NINA WARD, DEBBIE WERTZ, WESLEY WILCOX, H. RUSSELL WILLIAMS, KENYA WILLIAMS, MONIQUE WORRELL, filed by YIVIAN LOPEZ GARCIA, PODER LATINX, HUMBERTO ORJUELA PRIETO. (KARPATKIN, JEREMY) Modified title on 7/24/2025 (baf). (Entered: 07/23/2025) |

| 07/23/2025 | 310 | DEFENDANT CITRUS COUNTY SUPERVISOR OF ELECTIONS RULE 26(A)(1)(A) DISCLOSURES by MAUREEN BAIRD. (SCOTT, DALE) Modified title on 7/24/2025 (baf). (Entered: 07/23/2025) |
|---|---|---|
| 07/24/2025 | 311 | ORDER FOR RESPONSE – Accordingly, in the event any Defendants wish to be heard further with respect to either pending motion, they must file an expedited response on or before Monday, **8/4/2025**. In addition, on or before **8/4/2025**, the parties must confer and file a notice indicating whether they request oral argument on either pending motion. Signed by JUDGE MARK E WALKER on 7/24/2025. (baf) (Entered: 07/24/2025) |
| 07/25/2025 | 312 | FLORIDARIGHTTOCLEANWATER.ORG AND MELISSA MARTINS NOTICE OF CROSS–APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. Filing fee $ 605, receipt number AFLNDC–9557362. (Attachments: # 1 Order on Motions for Preliminary Injunction) (LEEPER, SIMONE) Modified title on 7/25/2025 (baf). (Entered: 07/25/2025) |
| 07/25/2025 | 313 | Appeal Instructions re: 312 Notice of Cross Appeal: The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **8/8/2025**. (baf) (Entered: 07/25/2025) |
| 07/25/2025 | 314 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 312 Notice of Cross Appeal. (baf) (Entered: 07/25/2025) |
| 07/25/2025 | | Set Deadlines re 312 Notice of Cross Appeal: Clerk to check status of Appeal on **10/23/2025**. Certificate of Readiness (FRAP 11) due by **8/8/2025**. (baf) (Entered: 07/25/2025) |
| 07/25/2025 | 315 | PLAINTIFFS' NOTICE OF CROSS–APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. Filing fee $ 605, receipt number AFLNDC–9558200. (Attachments: # 1 Exhibit Order on Motions for Preliminary Injunction) (DOLAN, KRISTA) Modified title on 7/25/2025 (baf). (Entered: 07/25/2025) |
| 07/25/2025 | 316 | Appeal Instructions re: 315 Notice of Cross Appeal: The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **8/8/2025**. (baf) (Entered: 07/25/2025) |
| 07/25/2025 | 317 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 315 Notice of Cross Appeal. (baf) (Entered: 07/25/2025) |
| 07/25/2025 | | Set Deadlines re 315 Notice of Cross Appeal: Clerk to check status of Appeal on **10/23/2025**. Certificate of Readiness (FRAP 11) due by **8/8/2025**. (baf) (Entered: 07/25/2025) |
| 07/28/2025 | 318 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 284 Notice of Appeal,, Appeal No. 25–12370–E. The entire record on appeal is available electronically. (baf) (Entered: 07/28/2025) |
| 07/28/2025 | 319 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 287 Notice of Appeal, Appeal No. 25–12370–E. The entire record on appeal is available electronically. (baf) (Entered: 07/28/2025) |
| 07/28/2025 | 320 | TRANSCRIPT REQUEST by JAMES UTHMEIER for proceedings held on 6/30/2025 before Judge Walker.. (STAFFORD, WILLIAM) (Entered: 07/28/2025) |
| 07/28/2025 | 322 | USCA PROCEDURAL LETTER AND CASE NUMBER for 312 FLORIDARIGHTTOCLEANWATER.ORG AND MELISSA MARTINS NOTICE |

|  |  | OF CROSS–APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION. Appeal No. 25–12370–E. (baf) (Entered: 07/30/2025) |
|---|---|---|
| 07/29/2025 | 321 | TRANSCRIPT REQUEST by REPUBLICAN PARTY OF FLORIDA for proceedings held on June 30, 2025 before Judge Mark E. Walker.. (GIBSON, BENJAMIN) (Entered: 07/29/2025) |
| 07/29/2025 | 323 | USCA PROCEDURAL LETTER AND CASE NUMBER for 315 PLAINTIFFS' NOTICE OF CROSS–APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION. Appeal No. 25–12370–E. (baf) (Entered: 07/30/2025) |
| 07/31/2025 | 324 | TRANSCRIPT REQUEST by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN for proceedings held on 6/30/2025 before Judge Judge Mark E. Walker, Court Reporter:Megan Hague (LEEPER, SIMONE) (Entered: 07/31/2025) |
| 07/31/2025 | 325 | JOINT MOTION FOR STATUS CONFERENCE by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 7/31/2025 (baf). (Entered: 07/31/2025) |
| 07/31/2025 | 326 | JOINT MOTION FOR ENTRY OF A BRIEFING SCHEDULE by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 7/31/2025 (baf). (Entered: 07/31/2025) |
| 07/31/2025 | 327 | ORDER GRANTING JOINT MOTION FOR STATUS CONFERENCE AND JOINT MOTION FOR BRIEFING SCHEDULE – This Court has considered, without hearing, the pending joint motion for status conference and joint motion for briefing schedule, ECF Nos. 325 and 326 . Both motions are GRANTED. The Clerk is directed to set this case for a telephonic status conference on Wednesday, August 6, 2025. The parties, however, must file a notice, on or before 8/5/2025, indicating whether they are requesting a hearing on the motions, and, if so, whether they intend to rely solely on declarations or if they intend to call any witnesses at the hearing. Signed by JUDGE MARK E WALKER on 7/31/2025. (baf) (Entered: 07/31/2025) |
| 07/31/2025 | 328 | MOTION to Appear Pro Hac Vice by Michael Asparrin.( Filing fee $ 219 receipt number AFLNDC–9565217.) by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (ASPARRIN, MICHAEL) (Entered: 07/31/2025) |
| 07/31/2025 | 329 | ORDER ADMITTING MICHAEL ASPARRIN PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Michael Asparrin. ECF No. 328 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 7/31/2025. (baf) (Entered: 07/31/2025) |
| 08/01/2025 | 330 | NOTICE *OF APPEAL* by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER re 283 Order on Motion for Preliminary Injunction,,,,,,,,,,,,,,,,,,, (KLEIN, SPENCER) (Entered: 08/01/2025) |
| 08/01/2025 | 331 | NOTICE OF CROSS–APPEAL as to 283 Order on Motion for Preliminary Injunction by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC,LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (No appeal fee paid) (sjb) (Entered: 08/04/2025) |
| 08/04/2025 | 332 | Appeal Instructions re: 331 Notice of Appeal, : The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by 8/18/2025. (sjb) (Entered: 08/04/2025) |
| 08/04/2025 | 333 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 331 Notice of Appeal (sjb) (Entered: 08/04/2025) |
| 08/04/2025 |  | Set Deadlines re 331 Notice of Appeal, : Clerk to check status of Appeal on 10/30/2025. Certificate of Readiness (FRAP 11) due by 8/18/2025. (sjb) (Entered: 08/04/2025) |

| 08/04/2025 | 334 | RESPONSE TO COURTS ORDER REGARDING REQUESTS FOR ORAL ARGUMENT by SMART & SAFE FLORIDA, PODER LATINX re 311 Order . (MURPHY, HANNAH) Modified on 8/5/2025 (edit to title)(sjb). (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 335 | NOTICE OF TELEPHONIC HEARING: Telephonic Status Conference set for **8/6/2025 10:30 AM** before JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call Judge Walker's Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **855–244–8681** When prompted for an access code, enter: **2309 453 2428#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices. **If another hearing is in progress when you join the call, please mute your line until the hearing has concluded.**<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 08/04/2025) |
| 08/04/2025 | 336 | MOTION to Appear Pro Hac Vice by George E. Mastoris ( Filing fee $ 219 receipt number AFLNDC–9567444), by LEAGUE OF WOMEN VOTERS OF FLORIDA. (Attachments: # 1 Certificate of Good Standing (NY)) (MASTORIS, GEORGE) (Entered: 08/04/2025) |
| 08/04/2025 | 337 | RESPONSE in Opposition re 291 Emergency MOTION for Preliminary Injunction *and Incorporated Memorandum of Law (Second)*, 303 Second MOTION for Preliminary Injunction filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) (Entered: 08/04/2025) |
| 08/04/2025 | 338 | NOTICE *OF JOINDER* by REPUBLICAN PARTY OF FLORIDA re 337 Response in Opposition to Motion, (GIBSON, BENJAMIN) (Entered: 08/04/2025) |
| 08/04/2025 | 339 | ORDER ADMITTING GEORGE E. MASTORIS PRO HAC VICE – The 336 motion is GRANTED. Signed by JUDGE MARK E WALKER on 8/4/25. (sjb) (Entered: 08/05/2025) |
| 08/04/2025 | 340 | USCA Case Number 25–12370–E for 331 NOTICE OF CROSS–APPEAL. (sjb) (Entered: 08/05/2025) |
| 08/05/2025 | 341 | NOTICE *Joint Notice Regarding Motion for Preliminary Injunction* by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS re 327 Order,,, Set Deadlines/Hearings,, (WERMUTH, FREDERICK) (Entered: 08/05/2025) |
| 08/05/2025 | 342 | NOTICE *IN RESPONSE TO THIS COURT'S ORDER, DOC.327,* by CORD BYRD, JAMES UTHMEIER re 327 Order,,, Set Deadlines/Hearings,, (JAZIL, MOHAMMAD) (Entered: 08/05/2025) |
| 08/06/2025 | 343 | SCHEDULING ORDER Re: 242 Report of Rule 26(f) Planning Meeting : Discovery due by **12/10/2025**. Dispositive Motions to be filed by **10/1/2025**. Bench Trial set for **1/26/2026 09:00 AM** in U.S. Courthouse Tallahassee before JUDGE MARK E WALKER. Amended Pleadings due by **8/11/2025**. Plaintiffs' rebuttal expert disclosures are due on or before **11/26/2025**. Plaintiffs' expert disclosures are due on or before **10/15/2025**. Defendants' expert disclosures are due on or before **11/12/2025**. Signed by JUDGE MARK E WALKER on 8/6/25 (sjb) (Entered: 08/06/2025) |
| 08/06/2025 | 344 | ORDER REGARDING PRELIMINARY INJUNCTION HEARING SCHEDULE – As noted on the record at the hearing, a telephonic hearing addressing the pending motions for preliminary injunction, ECF Nos. 291 and 303, is set to begin at 1:00 p.m. (ET) on August 12, 2025. An in–person hearing on Florida Decides Healthcare, Inc.s forthcoming motion for preliminary injunction to be filed on August 11, 2025, is set to begin at 10:00 a.m. (ET) on September 19, 2025. The deadline for the parties to file evidence in support of the forthcoming motion is **9/10/2025**.The deadline for the Defendants to notify this Court of any live witnesses they intend to call at the hearing |

| | | |
|---|---|---|
| | | is **9/2/2025**. If the Defendants need to supplement this list of witnesses based on any new evidence filed on September 10, 2025, they may do so on or before **9/12/2025**. Signed by JUDGE MARK E WALKER on 8/6/25. (sjb) (Entered: 08/06/2025) |
| 08/06/2025 | 345 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Telephonic Status Conference held on 8/6/2025. Parties discuss scheduling for hearings re: 291 & 303 Motions for Preliminary Injunction and forthcoming motions for preliminary injunction. Ruling by Court: Telephonic hearing for 291 & 303 Motions set for 8/12/25 at 1:00 p.m. Parties will have 20 minutes, per side, for a total for 40 minutes. Evidence for forthcoming preliminary injunctions motions due by 9/10/25. Hearing for forthcoming preliminary injunction motions set for 10:00 am on 9/19/25, in person. Notice regarding witnesses due by 9/2/25; supplemental notice re: witnesses due by 9/12/25. Bench trial set for 1/26/26. Orders to follow (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee)). (vkm) (Entered: 08/06/2025) |
| 08/06/2025 | 346 | NOTICE OF TELEPHONIC HEARING RE: 303 & 291 MOTIONS for Preliminary Injunction: Telephonic Motion Hearing set for **8/12/2025 01:00 PM** before JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call Judge Walker's Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **855–244–8681** When prompted for an access code, enter: **2309 453 2428#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>THIS HEARING MUST NOT BE BROADCAST OR RECORDED BY ANY MEANS.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 08/06/2025) |
| 08/06/2025 | 347 | THIRD JOINT STATUS REPORT by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 8/7/2025 (baf). (Entered: 08/06/2025) |
| 08/07/2025 | | Set/Reset 20 Deadline: Status Report due by **9/5/2025**. (baf) (Entered: 08/07/2025) |
| 08/07/2025 | 348 | NOTICE of Appearance by EMILY MIRANDA GALINDO on behalf of PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO (GALINDO, EMILY) (Entered: 08/07/2025) |
| 08/08/2025 | 349 | TRANSCRIPT REQUEST by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS for proceedings held on 06/30/2025 before Judge Mark Walker, (WERMUTH, FREDERICK) (Entered: 08/08/2025) |
| 08/08/2025 | 350 | USCA Appeal Fees received $ 605, receipt number 400005473 re: 331 NOTICE OF CROSS–APPEAL. (baf) (Entered: 08/08/2025) |
| 08/11/2025 | 351 | MOTION FOR HARLEEN K. GAMBHIR TO APPEAR PRO HAC VICE, CONSENT TO DESIGNATION, AND REQUEST TO ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING ON BEHALF OF PLAINTIFFS by Harleen K. Gambhir.( Filing fee $ 219 receipt number AFLNDC–9579013.) by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit A – Admissions List, # 2 Exhibit B – Certificate of Good Standing) (GAMBHIR, HARLEEN) Modified title on 8/12/2025 (baf). (Entered: 08/11/2025) |
| 08/11/2025 | 352 | MOTION FOR NICOLE E. WITTSTEIN TO APPEAR PRO HAC VICE, CONSENT TO DESIGNATION, AND REQUEST TO ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING ON BEHALF OF PLAINTIFFS by Nicole E. Wittstein.( Filing fee $ 219 receipt number AFLNDC–9579087.) by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. |

| | | |
|---|---|---|
| | | (Attachments: # <u>1</u> Exhibit A – Admissions List, # <u>2</u> Exhibit B – Certificate of Good Standing) (WITTSTEIN, NICOLE) Modified title on 8/12/2025 (baf). (Entered: 08/11/2025) |
| 08/11/2025 | <u>353</u> | ORDER ADMITTING HARLEEN K. GAMBHIR PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Harleen K. Gambhir. ECF No. <u>351</u> . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 8/11/2025. (baf) (Entered: 08/11/2025) |
| 08/11/2025 | <u>354</u> | ORDER ADMITTING NICOLE E. WITTSTEIN PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Nicole E. Wittstein. ECF No. <u>352</u> . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 8/11/2025. (baf) (Entered: 08/11/2025) |
| 08/11/2025 | <u>355</u> | NOTICE OF FILING EXHIBITS IN SUPPORT OF PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12) (WERMUTH, FREDERICK) Modified title on 8/12/2025 (baf). (Entered: 08/11/2025) |
| 08/11/2025 | <u>356</u> | PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # <u>1</u> Memorandum of Law in Support of Plaintiffs' Third Motion for Preliminary Injunction, # <u>2</u> Declaration of Ben Stafford in Support of Plaintiffs' Motion for Preliminary Injunction) (WERMUTH, FREDERICK) Modified title on 8/12/2025 (baf). (Entered: 08/11/2025) |
| 08/12/2025 | <u>357</u> | Minute Entry for proceedings held before JUDGE MARK E WALKER: Motion Hearing held on 8/12/2025. Court hears argument regarding Intervenor Plaintiff Smart & Safe Floridas <u>291</u> Motion for Preliminary Injunction & Intervenor Plaintiff Poder Latinx's <u>303</u> Motion for Preliminary Injunction. Order to follow (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee)). (vkm) (Entered: 08/12/2025) |
| 08/12/2025 | <u>358</u> | THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS FLORIDA DECIDES HEALTHCARE PLAINTIFFS' OPERATIVE COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 8/13/2025 (baf). (Entered: 08/12/2025) |
| 08/12/2025 | <u>359</u> | THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS THE FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS' OPERATIVE COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 8/13/2025 (baf). (Entered: 08/12/2025) |
| 08/12/2025 | <u>360</u> | THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS THE LEAGUE OF WOMEN VOTERS PLAINTIFFS' OPERATIVE COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 8/13/2025 (baf). (Entered: 08/12/2025) |
| 08/12/2025 | <u>361</u> | THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS THE PODER LATINX PLAINTIFFS' OPERATIVE COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 8/13/2025 (baf). (Entered: 08/12/2025) |
| 08/12/2025 | <u>362</u> | THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS SMART & SAFE'S OPERATIVE COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 8/13/2025 (baf). (Entered: 08/12/2025) |
| 08/12/2025 | <u>363</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of telephonic preliminary injunction Proceedings held on 8/12/2025, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained |

| | | |
|---|---|---|
| | | through PACER.<br><br>Redaction Request due **8/19/2025**. Release of Transcript Restriction set for **11/17/2025**. (mah) (Entered: 08/12/2025) |
| 08/13/2025 | 364 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 312 FLORIDARIGHTTOCLEANWATER.ORG AND MELISSA MARTINS NOTICE OF CROSS–APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION, Appeal No. 25–12370–E. The entire record on appeal is available electronically. (baf) (Entered: 08/13/2025) |
| 08/13/2025 | 365 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 315 PLAINTIFFS' NOTICE OF CROSS–APPEAL as to 283 ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION, Appeal No. 25–12370–E. The entire record on appeal is available electronically. (baf) (Entered: 08/13/2025) |
| 08/13/2025 | 366 | MOTION to Appear Pro Hac Vice by Tyler M. Dato.( Filing fee $ 219 receipt number AFLNDC–9582269.) by LEAGUE OF WOMEN VOTERS OF FLORIDA. (Attachments: # 1 Certificate of Good Standing (NY)) (DATO, TYLER) (Entered: 08/13/2025) |
| 08/13/2025 | 367 | ORDER ADMITTING TYLER M. DATO PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Tyler M. Dato. ECF No. 366 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 8/13/2025. (baf) (Entered: 08/13/2025) |
| 08/14/2025 | 368 | NOTICE OF HEARING RE: 356 MOTION for Preliminary Injunction: Motion Hearing set for **9/19/2025 10:00 AM** before JUDGE MARK E WALKER. Joseph Woodrow Hatchett United States Courthouse and Federal Building, **Courtroom 5 West,** 111 North Adams St., Tallahassee, Florida 32301.<br><br>NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria Milton McGee at 850–521–3510 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 08/14/2025) |
| 08/15/2025 | 369 | ORDER of USCA as to 331 NOTICE OF CROSS–APPEAL. Appeal No. 25–12370–E. Motion to appear pro hac vice filed by Tyler Mathew Dato is GRANTED by clerk. (baf) (Entered: 08/15/2025) |
| 08/18/2025 | 370 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 331 NOTICE OF CROSS–APPEAL, Appeal No. 25–12370–E. The entire record on appeal is available electronically. (baf) (Entered: 08/18/2025) |
| 08/18/2025 | 371 | TRANSCRIPT REQUEST by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER for proceedings held on 06/30/2025 before Judge Mark E. Walker, (KLEIN, SPENCER) (Entered: 08/18/2025) |
| 08/18/2025 | 376 | ORDER of USCA as to 331 NOTICE OF CROSS–APPEAL. Motion to appear pro hac vice filed by George Mastoris is GRANTED by clerk. Appeal No. 25–12370–E. (baf) (Entered: 08/21/2025) |
| 08/20/2025 | 372 | AGREED MOTION TO ENTER PROTECTIVE ORDER by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Proposed Protective Order) (WERMUTH, FREDERICK) Modified title on 8/21/2025 (baf). (Entered: 08/20/2025) |

| | | |
|---|---|---|
| 08/20/2025 | 373 | NOTICE OF JOINT STIPULATION REGARDING PRIVILEGE LOGS by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (WERMUTH, FREDERICK) Modified title on 8/21/2025 (baf). (Entered: 08/20/2025) |
| 08/21/2025 | 374 | ORDER GRANTING AGREED MOTION FOR PROTECTIVE ORDER – This Court has considered, without hearing, the FDH Plaintiffs' agreed motion for protective order. ECF No. 372 . The agreed motion is GRANTED. Signed by JUDGE MARK E WALKER on 8/21/2025. (baf) (Entered: 08/21/2025) |
| 08/21/2025 | 375 | ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION – Plaintiff Smart & Safe Florida's motion for preliminary injunction, ECF No. 291 , is GRANTED. The Poder Latinx Plaintiffs' motion for preliminary injunction, ECF No. 303 , is GRANTED in part with respect to their First Amendment challenge to the citizenship requirement against Defendants Byrd, Uthmeier, the Supervisors of Elections for Lake, Orange, Osceola, Polk, and Seminole Counties, and the State Attorneys for the Fifth, Ninth, Tenth, and Eighteenth Judicial Circuits. The balance of the motion is DENIED. Signed by JUDGE MARK E WALKER on 8/21/2025. (baf) (Entered: 08/21/2025) |
| 08/21/2025 | 377 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of telephonic Proceedings held on 8/6/2025, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **8/28/2025**. Release of Transcript Restriction set for **11/26/2025**. (mah) (Entered: 08/21/2025) |
| 08/22/2025 | 378 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS FLORIDA DECIDES HEALTHCARE PLAINTIFFS' OPERATIVE COMPLAINT (GIBSON, BENJAMIN) Modified title on 8/22/2025 (baf). (Entered: 08/22/2025) |
| 08/22/2025 | 379 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS THE FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS' OPERATIVE COMPLAINT (GIBSON, BENJAMIN) Modified title on 8/22/2025 (baf). (Entered: 08/22/2025) |
| 08/22/2025 | 380 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS THE LEAGUE OF WOMEN VOTERS PLAINTIFFS' OPERATIVE COMPLAINT (GIBSON, BENJAMIN) Modified title on 8/22/2025 (baf). (Entered: 08/22/2025) |
| 08/22/2025 | 381 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS THE PODER LATINX PLAINTIFFS' OPERATIVE COMPLAINT (GIBSON, BENJAMIN) Modified title on 8/22/2025 (baf). (Entered: 08/22/2025) |
| 08/22/2025 | 382 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS SMART & SAFE'S OPERATIVE COMPLAINT (GIBSON, BENJAMIN) Modified title on 8/22/2025 (baf). (Entered: 08/22/2025) |
| 08/26/2025 | 383 | PLAINTIFFS PODER LATINX, YIVIAN LOPEZ GARCIA AND HUMBERTO ORJUELA PRIETO'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (ECF No. 361 ) filed by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (KARPATKIN, JEREMY) Modified title on 8/27/2025 (baf). (Entered: 08/26/2025) |
| 08/26/2025 | 384 | SMART & SAFE FLORIDA'S RESPONSE IN OPPOSITION TO 362 THE SECRETARY AND ATTORNEY GENERAL'S MOTION TO DISMISS filed by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 8/27/2025 (baf). (Entered: 08/26/2025) |

| | | |
|---|---|---|
| 08/26/2025 | 385 | RTCW PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS (ECF No. 359 ) filed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (FERGUSON, ROBERT) Modified title on 8/27/2025 (baf). (Entered: 08/26/2025) |
| 08/26/2025 | 386 | PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT' MOTION TO DISMISS COMPLAINT INTRODUCTION (ECF No. 358 ) filed by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (STAFFORD, BEN) Modified title on 8/27/2025 (baf). (Entered: 08/26/2025) |
| 08/26/2025 | 387 | INTERVENOR–PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (ECF No. 360 ) filed by LEAGUE OF WOMEN VOTERS OF FLORIDA. (MASTORIS, GEORGE) Modified title on 8/27/2025 (baf). (Entered: 08/26/2025) |
| 08/27/2025 | 388 | NOTICE of Appearance by DELMARIE ALICEA on behalf of PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO (ALICEA, DELMARIE) (Entered: 08/27/2025) |
| 08/27/2025 | 389 | MOTION to Appear Pro Hac Vice by Jon Greenbaum.( Filing fee $ 219 receipt number AFLNDC–9607219.) by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (Attachments: # 1 Exhibit Certificate of Good Standing) (GREENBAUM, JON) (Entered: 08/27/2025) |
| 08/27/2025 | 390 | ORDER ADMITTING JON GREENBAUM PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Jon Greenbaum. ECF No. 389 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 8/27/2025. (baf) (Entered: 08/27/2025) |
| 08/29/2025 | 391 | FDH PLAINTIFFS' MOTION FOR LEAVE TO AMEND by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit Ex A–3rd Amended Complaint, # 2 Exhibit Ex B–3rd Amended Complaint – Appendix A) (WERMUTH, FREDERICK) Modified title on 8/29/2025 (baf). (Entered: 08/29/2025) |
| 08/29/2025 | 392 | THE SECRETARY AND ATTORNEY GENERAL'S EXHIBIT TO THEIR RESPONSE IN OPPOSITION TO PLAINTIFFS FOURTH ROUND OF PRELIMINARY INJUNCTION MOTIONS by CORD BYRD, JAMES UTHMEIER (Attachments: # 1 Ex. 1 – Updated Florida Decides Healthcare Campaign Documents) (JAZIL, MOHAMMAD) Modified title on 9/2/2025 (baf). (Entered: 08/29/2025) |
| 08/29/2025 | 393 | THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' FOURTH ROUND OF PRELIMINARY INJUNCTION MOTIONS filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 9/2/2025 (baf). (Entered: 08/29/2025) |
| 08/29/2025 | 394 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER by REPUBLICAN PARTY OF FLORIDA (GIBSON, BENJAMIN) Modified title on 9/2/2025 (baf). (Entered: 08/29/2025) |
| 08/29/2025 | 395 | ORDER FOR EXPEDITED RESPONSE – Pending before this Court is Plaintiffs Florida Decides Healthcare, Inc., Mitchell Emerson, and Jordan Simmons's motion for leave to file an amended complaint. ECF No. 391 . Accordingly, any Defendant that opposes Plaintiffs' motion for leave to file amended complaint shall file an expedited response on or before Friday, **9/5/2025** at 5:00 p.m. (ET). Signed by JUDGE MARK E WALKER on 8/29/2025. (baf) (Entered: 08/29/2025) |
| 08/29/2025 | 396 | SUPERVISORS OF ELECTIONS' NOTICE OF FILING EXHIBITS IN SUPPORT OF RESPONSE TO FDH PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION by TIM BOBANIC, JOE SCOTT, SHARON CHASON, LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, |

| | | |
|---|---|---|
| | | TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, KAREN CASTOR DENTEL, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG (Attachments: # 1 Exhibit A Initiative Information, # 2 Exhibit B Declarations and Summary Table, # 3 Exhibit C Declaration of Supervisor Earley, # 4 Exhibit D Campaign Finance Report, # 5 Exhibit E Campaign Finance Report, # 6 Exhibit F Financial Statements of Tides Organizations) (BARDOS, ANDY) Modified title on 9/2/2025 (baf). (Entered: 08/29/2025) |
| 08/29/2025 | 397 | SUPERVISORS OF ELECTIONS' RESPONSE TO FDH PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION filed by TIM BOBANIC, JOE SCOTT, SHARON CHASON, LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, KAREN CASTOR DENTEL, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG. (BARDOS, ANDY) Modified title on 9/2/2025 (baf). (Entered: 08/29/2025) |
| 09/02/2025 | 398 | THE SECRETARY AND ATTORNEY GENERAL'S NOTICE REGARDING THE UPCOMING PRELIMINARY INJUNCTION HEARING by CORD BYRD, JAMES UTHMEIER (JAZIL, MOHAMMAD) Modified title on 9/3/2025 (baf). (Entered: 09/02/2025) |
| 09/03/2025 | 399 | THE SECRETARY'S AMENDED INITIAL DISCLOSURES by CORD BYRD. (JAZIL, MOHAMMAD) Modified title on 9/4/2025 (baf). (Entered: 09/03/2025) |
| 09/03/2025 | 400 | NOTICE OF FILING EXHIBITS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR 356 THIRD MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (Attachments: # 1 Certified transcript of August 27, 2025, deposition of Leon County Supervisor of Elections Mark Earley, # 2 Mark Earley Ex. 6 to the August 27, 2025, deposition of Leon County Supervisor of Elections Mark Earley, # 3 Mark Earley Ex. 5 to the August 27, 2025, deposition of Leon County Supervisor of Elections Mark Earley) (WERMUTH, FREDERICK) Modified title on 9/4/2025 (baf). (Entered: 09/03/2025) |
| 09/03/2025 | 401 | FDH PLAINTIFFS' REPLY IN SUPPORT OF 356 THIRD MOTION FOR PRELIMINARY INJUNCTION filed by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 9/4/2025 (baf). (Entered: 09/03/2025) |
| 09/03/2025 | 402 | MOTION TO APPEAR PRO HAC VICE by Samantha Osaki.( Filing fee $ 219 receipt number AFLNDC–9616850.) by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (Attachments: # 1 Certificate of Good Standing (NY)) |

| | | |
|---|---|---|
| | | (OSAKI, SAMANTHA) Modified title on 9/4/2025 (baf). (Entered: 09/03/2025) |
| 09/03/2025 | 403 | THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' 391 MOTION TO AMEND filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 9/4/2025 (baf). (Entered: 09/03/2025) |
| 09/04/2025 | 404 | ORDER ADMITTING SAMANTHA OSAKI PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Samantha Osaki. ECF No. 402 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 9/4/2025. (baf) (Entered: 09/04/2025) |
| 09/04/2025 | 405 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER by REPUBLICAN PARTY OF FLORIDA re 403 THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' 391 MOTION TO AMEND (GIBSON, BENJAMIN) Modified title on 9/4/2025 (baf). (Entered: 09/04/2025) |
| 09/04/2025 | 406 | SIXTY–SEVEN SUPERVISORS OF ELECTIONS' MOTION TO DISMISS SMART & SAFE FLORIDA'S CLAIMS FOR COMPENSATORY DAMAGES by TIM BOBANIC, JOE SCOTT, SHARON CHASON, LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, KAREN CASTOR DENTEL, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG. (Internal deadline for referral to judge if response not filed earlier: **9/18/2025**). (BARDOS, ANDY) Modified title on 9/5/2025 (baf). (Entered: 09/04/2025) |
| 09/04/2025 | 407 | ORDER DENYING MOTION TO DISMISS – Defendants' motion, ECF No. 362 , is DENIED. Signed by JUDGE MARK E WALKER on 9/4/2025. (baf) (Entered: 09/04/2025) |
| 09/04/2025 | 408 | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND – Defendants' motion to dismiss, ECF No. 359 , is GRANTED in part with respect to the shotgun pleading argument. The balance of the motion is DENIED as moot. Plaintiffs have leave to amend to correct the inartful pleading of incorporating all previous allegations within each subsequent count. In other words, Plaintiffs have leave to amend solely to identify which factual allegations Plaintiffs rely upon in support of each count without incorporating each preceding allegation in each subsequent count. Plaintiffs' amended complaint is due on or before Friday, **9/12/2025**. Signed by JUDGE MARK E WALKER on 9/4/2025. (baf) (Entered: 09/04/2025) |
| 09/04/2025 | 409 | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND – Defendants' motion to dismiss, ECF No. 360 , is GRANTED in part with respect to the shotgun pleading argument. The balance of the motion is DENIED as moot. Plaintiffs have leave to amend to correct the inartful pleading of incorporating all previous allegations within each subsequent count. In other words, Plaintiffs have leave to amend solely to identify which factual allegations Plaintiffs rely upon in support of each count without incorporating each preceding allegation in each subsequent count. Plaintiffs' second amended complaint is due on or before Friday, **9/12/2025**. Signed by JUDGE MARK E WALKER on 9/4/2025. (baf) (Entered: 09/04/2025) |
| 09/04/2025 | 410 | ORDER GRANTING LEAVE TO AMEND – The motion for leave to amend, ECF No. 391 , is GRANTED. Plaintiffs must file their Third Amended Complaint as a separate docket entry by 5:00 p.m. (ET) on Friday, **9/5/2025**. Signed by JUDGE |

| | | MARK E WALKER on 9/4/2025. (baf) (Entered: 09/05/2025) |
|---|---|---|
| 09/05/2025 | 411 | CONSENT MOTION TO WITHDRAW AS COUNSEL by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (DIXIT, KUNAL) Modified title on 9/5/2025 (baf). (Entered: 09/05/2025) |
| 09/05/2025 | 412 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, Plaintiffs' motion to withdraw Kunal Dixit as counsel for FloridaRightToCleanWater.org and Melissa Martin in this case. ECF No. 411 . Accordingly, the unopposed motion is GRANTED. The Clerk shall disconnect Mr. Dixit from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 9/5/2025. (baf) Attorney KUNAL JAY DIXIT terminated in this case. (Entered: 09/05/2025) |
| 09/05/2025 | 413 | THIRD AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF against All Defendants, filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Appendix A (Claims Chart)) (WERMUTH, FREDERICK) Modified title on 9/5/2025 (baf). (Entered: 09/05/2025) |
| 09/05/2025 | 414 | FOURTH JOINT STATUS REPORT by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 9/8/2025 (baf). (Entered: 09/05/2025) |
| 09/05/2025 | 415 | NOTICE of Appearance by ERIC STEVEN PADILLA on behalf of PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO (PADILLA, ERIC) (Entered: 09/05/2025) |
| 09/08/2025 | | Set/Reset 20 deadline: Status Report due by **10/6/2025**. (baf) (Entered: 09/08/2025) |
| 09/08/2025 | 416 | DECLARATION OF FREDERICK S. WERMUTH IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23) (WERMUTH, FREDERICK) Modified title on 9/9/2025 (baf). (Entered: 09/08/2025) |
| 09/08/2025 | 417 | SMART & SAFE FLORIDA, FLORIDA DECIDES HEALTHCARE, AND FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS' MOTION FOR PROTECTIVE ORDER by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (Attachments: # 1 Exhibit A) (WERMUTH, FREDERICK) Modified title on 9/9/2025 (baf). (Entered: 09/08/2025) |
| 09/08/2025 | 418 | FIRST AMENDED COMPLAINT *FOR DECLARATORY AND INJUNCTIVE RELIEF* against All Defendants All Defendants., filed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (FERGUSON, ROBERT) (Entered: 09/08/2025) |
| 09/08/2025 | 419 | NOTICE OF CORRECTED LOCAL RULE 7.1(B) CERTIFICATION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS (WERMUTH, FREDERICK) Modified title on 9/9/2025 (baf). (Entered: 09/08/2025) |
| 09/09/2025 | 420 | ORDER FOR EXPEDITED RESPONSE RE: 417 . Defendants Byrd and Uthmeier shall file an expedited response to the motion on or before Tuesday, **9/16/2025**. Signed by JUDGE MARK E WALKER on 9/9/2025. (rcb) (Entered: 09/09/2025) |
| 09/09/2025 | 427 | ORDER of USCA as to 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Appeal, 284 Notice of Appeal. Motion to stay preliminary injunction pending appeal filed by Appellant Florida Secretary of State is GRANTED. Appeal Number: 25–12370–EE. (baf) (Entered: 09/12/2025) |
| 09/10/2025 | 421 | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS – This Court has considered, without hearing, Defendants Byrd and Uthmeier's motion to dismiss the Poder Latinx Plaintiffs Amended Complaint, ECF No. 361 , and Plaintiff's response in opposition thereto, ECF No. 383 . For the reasons set out below, the motion, ECF No. 361 , is GRANTED in part and DENIED in part. Signed by |

| | | |
|---|---|---|
| | | JUDGE MARK E WALKER on 9/10/2025. (baf) (Entered: 09/10/2025) |
| 09/10/2025 | 422 | SUPERVISORS OF ELECTIONS' NOTICE OF FILING ADDITIONAL EXHIBITS IN OPPOSITION TO FDH PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION by TIM BOBANIC, JOE SCOTT, SHARON CHASON, LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, KAREN CASTOR DENTEL, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG re 356 MOTION for Preliminary Injunction (Attachments: # 1 Exhibit A – Errata Sheet, # 2 Exhibit B – Supplemental Errata Sheet) (BARDOS, ANDY) Modified title on 9/11/2025 (baf). (Entered: 09/10/2025) |
| 09/10/2025 | 423 | NOTICE OF FILING ADDITIONAL EXHIBITS IN SUPPORT OF PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS re 356 MOTION for Preliminary Injunction (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9) (WERMUTH, FREDERICK) Modified title on 9/11/2025 (baf). (Entered: 09/10/2025) |
| 09/11/2025 | 424 | MOTION TO WITHDRAW AS COUNSEL by CORD BYRD. (MCNALIS, GENEVIEVE) Modified title on 9/12/2025 (baf). (Entered: 09/11/2025) |
| 09/12/2025 | 425 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, Defendant's motion to withdraw Genevieve McNalis as counsel for Defendant Byrd in this case. ECF No. 424 . Accordingly, the unopposed motion is GRANTED. The Clerk shall disconnect Ms. McNalis from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 9/12/2025. (baf) Attorney GENEVIEVE WELS MCNALIS terminated within this case. (Entered: 09/12/2025) |
| 09/12/2025 | 426 | STATE ATTORNEY DEFENDANTS' MOTION TO OBSERVE HEARING REMOTELY by GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (WYLER, DOUGLAS) Modified title on 9/12/2025 (baf). (Entered: 09/12/2025) |
| 09/12/2025 | 428 | ORDER GRANTING MOTION TO OBSERVE HEARING REMOTELY – This Court has considered, without hearing, the Defendant State Attorneys' unopposed motion to observe hearing remotely. ECF No. 426 . The motion is GRANTED. Defendant State Attorneys are permitted to observe the hearing remotely. The Clerk shall set up a call–in number for their remote attendance. Signed by JUDGE MARK E WALKER on 9/12/2025. (baf) (Entered: 09/12/2025) |
| 09/12/2025 | 429 | DOCKET ANNOTATION BY CLERK: Re 428 Order – Call–in number setup and provided as directed. (vkm) (Entered: 09/12/2025) |
| 09/12/2025 | 430 | FDH PLAINTIFFS' NOTICE OF WITHDRAWAL OF THEIR 356 THIRD MOTION FOR PRELIMINARY INJUNCTION by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS re 356 MOTION for Preliminary Injunction (WERMUTH, FREDERICK) Modified title on 9/15/2025 (baf). (Entered: |

| | | 09/12/2025) |
|---|---|---|
| 09/12/2025 | 431 | SECOND AMENDED COMPLAINT against JANET H ADKINS, MARY JANE ARRINGTON, MAUREEN BAIRD, THOMAS BAKKEDAHL, BRUCE BARTLETT, KIM BARTON, LARRY BASFORD, MELONY BELL, ROBERT BENDER, MELISSA BLAZIER, TIM BOBANIC, ED BRODSKY, TOMI STINSON BROWN, CORD BYRD, JACK CAMPBELL, DARBI CHAIRES, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN CORLEY, ALEXCIA COX, LISA DARUS, VICKI DAVIS, KAREN CASTOR DENTEL, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, JOHN DURRETT, MARK EARLEY, ALETRIS FARNAM, SCOTT FARRINGTON, AMIRA D FOX, ALINA GARCIA, BILL GLADSON, BRIAN HAAS, TRAVIS HART, ALAN HAYS, KAREN HEALY, SHERRI HODIE, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER KINSEY, BRIAN KRAMER, R J LARIZZA, CRAIG LATIMER, DENISE LAVANCHER, KAITLYN LENHART, LISA LEWIS, WENDY LINK, SUSAN LOPEZ, PAUL A LUX, GINGER BOWDEN MADDEN, JULIE MARCUS, DAVID MAY, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH R MORGAN, MELISSA NELSON, VICKY OAKES, DEBORAH OSBORNE, CHARLES OVERTURF, AMY PENNOCK, DEIDRA PETTIS, RHONDA PIERCE, HAROLD F PRYOR, HEATHER RILEY, KATHERINE FERNANDEZ RUNDLE, WILL SCHEINER, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, LESLIE SWAN, SHERRY TAYLOR, RON TURNER, JAMES UTHMEIER, LEAH VALENTI, TAPPIE VILLANE, GERTRUDE WALKER, DENNIS WARD, NINA WARD, DEBBIE WERTZ, WESLEY WILCOX, H. RUSSELL WILLIAMS, KENYA WILLIAMS, MONIQUE WORRELL, filed by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA. (MASTORIS, GEORGE) (Entered: 09/12/2025) |
| 09/15/2025 | 432 | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT – This Order acknowledges the FDH Plaintiffs' notice of withdrawal of their third motion for preliminary injunction. ECF No. 430 . Accordingly, the motion, ECF No. 356 , is DENIED as moot. The Clerk shall CANCEL the hearing set for Friday, September 19, 2025. Signed by JUDGE MARK E WALKER on 9/15/2025. (baf) (Hearing canceled that was set for Friday, September 19, 2025.) (Entered: 09/15/2025) |
| 09/15/2025 | 433 | CONSENT MOTION TO WITHDRAW AS COUNSEL by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (ROEHRIG, KRISTEN) Modified on 9/15/2025 (baf). (Entered: 09/15/2025) |
| 09/15/2025 | 434 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, Plaintiffs' motion to withdraw Kristen Roehrig as counsel for Plaintiffs FloridaRightToCleanWater.org and Melissa Martin in this case. ECF No. 433 .The unopposed motion is GRANTED. The Clerk shall disconnect Ms. Roehrig from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 9/15/2025. (baf) (Attorney KRISTEN SCOTT ROEHRIG terminated in this case.) (Entered: 09/15/2025) |
| 09/16/2025 | 435 | THE SECRETARY AND ATTORNEY GENERAL'S EXHIBITS TO THEIR RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER by CORD BYRD, JAMES UTHMEIER (Attachments: # 1 Ex. 1 – FDH's Response to Secretary's 3rd RFP, # 2 Ex. 2 – FDH's Response to Secretary's 2nd RFP, # 3 Ex. 3 – FDH's Response to Secretary's 1st RFP, # 4 Ex. 4 – SSF's Response to Secretary's 2nd RFP, # 5 Ex. 5 – SSF's Response to Secretary's 1st RFP, # 6 Ex. 6 – Florida RTCW's Response to Secretary's 3rd RFP, # 7 Ex. 7 – Florida RTCW's Response to Secretary's 2nd RFP, # 8 Ex. 8 – Florida RTCW's Response to Secretary's 1st RFP, # 9 Ex. 9 – Poder LatinX's Response to Secretary's 1st RFP) (JAZIL, MOHAMMAD) Modified title on 9/17/2025 (baf). (Entered: 09/16/2025) |
| 09/16/2025 | 436 | THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 9/17/2025 (baf). (Entered: 09/16/2025) |

| 09/16/2025 | 437 | THE SECRETARY, ATTORNEY GENERAL, AND STATE ATTORNEYS' MOTION FOR RECONSIDERATION OR MOTION TO DISSOLVE THE THIRD PRELIMINARY INJUNCTION by CORD BYRD, JAMES UTHMEIER, GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (JAZIL, MOHAMMAD) Modified title on 9/17/2025 (baf). (Entered: 09/16/2025) |
|---|---|---|
| 09/17/2025 | 438 | ORDER FOR EXPEDITED RESPONSE – Pending before this Court is Defendants' motion for reconsideration or motion to dissolve the third preliminary injunction. ECF No. 437 . Plaintiffs shall file an expedited response to the motion on or before Monday, 9/22/2025. Signed by JUDGE MARK E WALKER on 9/17/2025. (baf) (Entered: 09/17/2025) |
| 09/17/2025 | 445 | ORDER of USCA as to 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Appeal, 284 Notice of Appeal. Attorney Kristen Scott Roehrig's motion to withdraw as counsel for Appellees– Cross Appellants Florida Right to Clean Wa ter and Melissa Martin is GRANTED. Appeal Number: 25–12370–EE. (baf) (Entered: 09/19/2025) |
| 09/18/2025 | 439 | SMART & SAFE FLORIDA'S RESPONSE TO THE SUPERVISORS OF ELECTIONS' MOTION TO DISMISS filed by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 9/19/2025 (baf). (Entered: 09/18/2025) |
| 09/18/2025 | 440 | ORDER GRANTING MOTION TO DISMISS – The unopposed motion to dismiss the claim for compensatory damages, ECF No. 406 , is GRANTED. Accordingly, Plaintiff Smart & Safe's claim for compensatory damages in Count V of the operative complaint is DISMISSED because the Supervisors of Elections are entitled to sovereign immunity. The balance of Count V, and Plaintiff's claim for declaratory and injunctive relief, remains. Signed by JUDGE MARK E WALKER on 9/18/2025. (baf) (Entered: 09/18/2025) |
| 09/18/2025 | 441 | ORDER DENYING MOTION TO DISMISS – Defendants' motion, ECF No. 358 , is DENIED. Signed by JUDGE MARK E WALKER on 9/18/2025. (baf) (Entered: 09/18/2025) |
| 09/18/2025 | 442 | SMART & SAFE FLORIDA'S RESPONSE TO THE SUPERVISORS OF ELECTIONS' MOTION TO DISMISS by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 9/19/2025 (baf). (Entered: 09/18/2025) |
| 09/18/2025 | 443 | ANSWER TO INTERVENOR–PLAINTIFF SMART & SAFE FLORIDA'S FIRST AMENDED COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 9/19/2025 (baf). (Entered: 09/18/2025) |
| 09/19/2025 | 444 | ORDER DENYING MOTION FOR PROTECTIVE ORDER WITHOUT PREJUDICE – Plaintiffs' motion, ECF No. 417 , is DENIED without prejudice to renew in the event Plaintiffs wish to pursue a narrower protective order directed at specific discovery requests. Signed by JUDGE MARK E WALKER on 9/19/2025. (baf) (Entered: 09/19/2025) |
| 09/19/2025 | 446 | THE ATTORNEY GENERAL'S AMENDED INITIAL DISCLOSURES by JAMES UTHMEIER. (HARDY, MARYSSA) Modified title on 9/22/2025 (baf). (Entered: 09/19/2025) |
| 09/22/2025 | 447 | PODER LATINX, YIVIAN LOPEZ GARCIA, AND HUMBERTO ORJUELA PRIETO'S RESPONSE TO DEFENDANTS' MOTION TO DISSOLVE PODER PLAINTIFFS' PRELIMINARY INJUNCTION filed by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (RUIZ, CESAR) Modified title on 9/23/2025 (baf). (Entered: 09/22/2025) |
| 09/22/2025 | 448 | SMART & SAFE FLORIDA'S RESPONSE TO THE STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR MOTION TO DISSOLVE THE THIRD PRELIMINARY INJUNCTION filed by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 9/23/2025 (baf). (Entered: 09/22/2025) |

| 09/22/2025 | 449 | ORDER DISSOLVING THIRD PRELIMINARY INJUNCTION – Accordingly, inasmuch as neither the Poder Latinx Plaintiffs nor Smart & Safe Florida oppose the motion to dissolve the third preliminary injunction, Defendants' unopposed motion, ECF No. 437 , is GRANTED. The preliminary injunction entered on August 21, 2025, ECF No. 375 , is DISSOLVED. Signed by JUDGE MARK E WALKER on 9/22/2025. (baf) (Entered: 09/22/2025) |
|---|---|---|
| 09/22/2025 | 450 | THE SECRETARY AND ATTORNEY GENERAL'S ANSWER TO THE FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS' FIRST AMENDED COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 9/23/2025 (baf). (Entered: 09/22/2025) |
| 09/22/2025 | 451 | ANSWER TO FLORIDARIGHTTOCLEANWATER.ORG 'S FIRST AMENDED COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 9/23/2025 (baf). (Entered: 09/22/2025) |
| 09/24/2025 | 452 | CONSENT MOTION TO WITHDRAW AS COUNSEL by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (COPPER, ALEXANDRA) Modified title on 9/24/2025 (baf). (Entered: 09/24/2025) |
| 09/24/2025 | 453 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL – This Court has considered, without hearing, Plaintiffs' motion to withdraw Alexandra Copper as counsel for Plaintiffs FloridaRightToCleanWater.org and Melissa Martin in this case. ECF No. 452 . Plaintiffs continue to be represented by counsel and their representation will continue uninterrupted. Accordingly, the unopposed motion is GRANTED. The Clerk shall disconnect Ms. Copper from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 9/24/2025. (baf) Attorney ALEXANDRA COPPER terminated in this case. (Entered: 09/24/2025) |
| 09/24/2025 | 454 | THE SECRETARY AND ATTORNEY GENERAL'S ANSWER TO PODER LATINX PLAINTIFFS' AMENDED COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 9/24/2025 (baf). (Entered: 09/24/2025) |
| 09/24/2025 | 455 | ANSWER TO INTERVENOR–PLAINTIFF PODER LATINX'S AMENDED COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 9/24/2025 (baf). (Entered: 09/24/2025) |
| 09/25/2025 | 456 | MOTION TO APPEAR PRO HAC VICE by Sofia Arguello.( Filing fee $ 219 receipt number AFLNDC–9647989.) by LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, CECILE SCOON, DEBRA CHANDLER. (Attachments: # 1 Certificate of Good Standing (NY)) (ARGUELLO, SOFIA) Modified title on 9/25/2025 (baf). (Entered: 09/25/2025) |
| 09/25/2025 | 457 | ORDER ADMITTING SOFIA ARGUELLO PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Sofia Arguello. ECF No. 456 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 9/25/2025. (baf) (Entered: 09/25/2025) |
| 09/25/2025 | 458 | ORDER of USCA as to 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Appeal, 284 Notice of Appeal. The motion for an extension of time to and including October 8, 2025 to file Appellants Florida Secretary of State and Attorney General, State of Floridas initial brief is GRANTED, with the appendix due 7 days after the filing of the brief. USCA Appeal No. 25–12370. (baf) (Entered: 09/26/2025) |
| 09/25/2025 | 459 | ORDER of USCA as to 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Appeal, 284 Notice of Appeal. The motion for an extension of time to and including October 8, 2025 to file Appellant's initial brief is GRANTED, with the appendix due 7 days after the filing of the brief. USCA Appeal No. 25–12370. (baf) (Entered: 09/26/2025) |
| 09/26/2025 | 460 | SMART & SAFE FLORIDA'S FIRST AMENDED INITIAL DISCLOSURES by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 9/29/2025 (baf). (Entered: 09/26/2025) |

| 09/26/2025 | 461 | THE SECRETARY AND ATTORNEY GENERAL'S ANSWER TO LEAGUE OF WOMEN VOTERS PLAINTIFFS' SECOND AMENDED COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 9/29/2025 (baf). (Entered: 09/26/2025) |
|---|---|---|
| 09/26/2025 | 462 | THE REPUBLICAN PARTY OF FLORIDA'S ANSWER TO LEAGUE OF WOMEN VOTERS INTERVENOR–PLAINTIFFS' 431 SECOND AMENDED COMPLAINT by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 9/29/2025 (baf). (Entered: 09/26/2025) |
| 09/26/2025 | 463 | FDH PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 9/29/2025 (baf). (Entered: 09/26/2025) |
| 09/29/2025 | 464 | THE SECRETARY AND ATTORNEY GENERAL'S ANSWER TO THE FLORIDA DECIDES HEALTHCARE PLAINTIFFS' THIRD AMENDED COMPLAINT by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 9/30/2025 (baf). (Entered: 09/29/2025) |
| 09/29/2025 | 465 | SIXTY–SEVEN SUPERVISORS OF ELECTIONS' ANSWER TO LEAGUE PLAINTIFFS' SECOND AMENDED COMPLAINT by TIM BOBANIC, JOE SCOTT, SHARON CHASON, LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, KAREN CASTOR DENTEL, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG. (MOORE, JAMES) Modified title on 9/30/2025 (baf). (Entered: 09/29/2025) |
| 09/29/2025 | 466 | SIXTY–SEVEN SUPERVISORS OF ELECTIONS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS FLORIDA DECIDES HEALTHCARE, MITCHELL EMERSON, AND JORDAN SIMMONS' THIRD AMENDED COMPLAINT by TIM BOBANIC, JOE SCOTT, SHARON CHASON, LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG. (BARDOS, ANDY) Modified title on 9/30/2025 (baf). (Entered: 09/29/2025) |
| 09/29/2025 | 467 | SIXTY–SEVEN SUPERVISORS OF ELECTIONS' ANSWER TO SMART & SAFE FLORIDAS FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF by TIM BOBANIC, JOE SCOTT, SHARON CHASON, |

| | | |
|---|---|---|
| | | LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, KAREN CASTOR DENTEL, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG. (BARDOS, ANDY) Modified title on 9/30/2025 (baf). (Entered: 09/29/2025) |
| 09/29/2025 | 468 | SIXTY–SEVEN SUPERVISORS OF ELECTIONS' ANSWER TO PLAINTIFFS FLORIDARIGHTTOCLEANWATER.ORG AND MELISSA MARTIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF by TIM BOBANIC, JOE SCOTT, SHARON CHASON, LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, KAREN CASTOR DENTEL, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG. (BARDOS, ANDY) Modified title on 9/30/2025 (baf). (Entered: 09/29/2025) |
| 09/29/2025 | 469 | ANSWER TO FLORIDA DECIDES HEALTHCARE'S THIRD AMENDED COMPLAINT BY THE REPUBLICAN PARTY OF FLORIDA by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) Modified title on 9/30/2025 (baf). (Entered: 09/29/2025) |
| 09/30/2025 | 470 | THE SECRETARY AND ATTORNEY GENERAL'S EXHIBITS TO THEIR SUMMARY JUDGMENT MOTIONS by CORD BYRD, JAMES UTHMEIER (Attachments: # 1 Ex. 1 – 2024 OECS Report, # 2 Ex. 2 – 2023 OECS Report, # 3 Ex. 3 – Interim OECS Report, # 4 Ex. 4 – Declaration of Jonathan Bridges, # 5 Ex. 5 – Smart and Safe's Responses to Requests for Admission, # 6 Ex. 6 – Attorney General's 8/15/25 Press Release, # 7 Ex. 7 – Supplemental Declaration of Jonathan Bridges) (JAZIL, MOHAMMAD) Modified title on 10/1/2025 (baf). (Entered: 09/30/2025) |
| 09/30/2025 | 471 | THE SECRETARY AND ATTORNEY GENERAL'S SUMMARY JUDGMENT MOTION AGAINST THE FLORIDA DECIDES HEALTHCARE PLAINTIFFS by CORD BYRD, JAMES UTHMEIER. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **10/21/2025**). (JAZIL, MOHAMMAD) Modified title on 10/1/2025 (baf). (Entered: 09/30/2025) |
| 09/30/2025 | 472 | THE SECRETARY AND ATTORNEY GENERAL'S SUMMARY JUDGMENT MOTION AGAINST THE PODER LATINX PLAINTIFFS by CORD BYRD, JAMES UTHMEIER. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **10/21/2025**). (JAZIL, MOHAMMAD) Modified title on 10/1/2025 (baf). (Entered: 09/30/2025) |

| 09/30/2025 | 473 | THE SECRETARY AND ATTORNEY GENERAL'S SUMMARY JUDGMENT MOTION AGAINST THE FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS by CORD BYRD, JAMES UTHMEIER. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **10/21/2025**). (JAZIL, MOHAMMAD) Modified title on 10/1/2025 (baf). (Entered: 09/30/2025) |
|---|---|---|
| 09/30/2025 | 474 | THE SECRETARY AND ATTORNEY GENERAL'S SUMMARY JUDGMENT MOTION AGAINST THE LEAGUE OF WOMEN VOTERS PLAINTIFFS by CORD BYRD, JAMES UTHMEIER. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **10/21/2025**). (JAZIL, MOHAMMAD) Modified title on 10/1/2025 (baf). (Entered: 09/30/2025) |
| 09/30/2025 | 475 | THE SECRETARY AND ATTORNEY GENERAL'S SUMMARY JUDGMENT MOTION AGAINST SMART & SAFE by CORD BYRD, JAMES UTHMEIER. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **10/21/2025**). (JAZIL, MOHAMMAD) Modified title on 10/1/2025 (baf). (Entered: 09/30/2025) |
| 10/01/2025 | 476 | RULE 26 Disclosures by REPUBLICAN PARTY OF FLORIDA. (GIBSON, BENJAMIN) (Entered: 10/01/2025) |
| 10/01/2025 | 477 | NOTICE *OF JOINDER* by REPUBLICAN PARTY OF FLORIDA re 471 MOTION for Summary Judgment *Against the Florida Decides Healthcare Plaintiffs* (GIBSON, BENJAMIN) (Entered: 10/01/2025) |
| 10/01/2025 | 478 | NOTICE *OF JOINDER* by REPUBLICAN PARTY OF FLORIDA re 474 MOTION for Summary Judgment *Against the League of Women Voters Plaintiffs* (GIBSON, BENJAMIN) (Entered: 10/01/2025) |
| 10/01/2025 | 479 | NOTICE *OF JOINDER* by REPUBLICAN PARTY OF FLORIDA re 473 MOTION for Summary Judgment *Against the Florida Right To Clean Water Plaintiffs* (GIBSON, BENJAMIN) (Entered: 10/01/2025) |
| 10/01/2025 | 480 | NOTICE *OF JOINDER* by REPUBLICAN PARTY OF FLORIDA re 475 MOTION for Summary Judgment *Against Smart and Safe Florida* (GIBSON, BENJAMIN) (Entered: 10/01/2025) |
| 10/01/2025 | 481 | NOTICE *OF JOINDER* by REPUBLICAN PARTY OF FLORIDA re 472 MOTION for Summary Judgment *Against the Poder Latinx Plaintiffs* (GIBSON, BENJAMIN) (Entered: 10/01/2025) |
| 10/01/2025 | 482 | ANSWER to 309 Amended Complaint,,,,, by KAREN CASTOR DENTEL. (SHANNIN, NICHOLAS) (Entered: 10/01/2025) |
| 10/03/2025 | 483 | FDH PLAINTIFFS' UNOPPOSED MOTION TO EXTEND EXPERT DEADLINES by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 10/6/2025 (baf). (Entered: 10/03/2025) |
| 10/03/2025 | 484 | ORDER GRANTING MOTION TO EXTEND EXPERT DEADLINES – The 483 unopposed motion is GRANTED. The FDH Plaintiffs' expert disclosure deadline is extended to **10/25/2025**. Defendants' expert disclosure deadline is extended to **11/22/2025**, and the FDH Plaintiffs' rebuttal expert disclosure deadline is extended to **12/6/2025**. Likewise, the discovery deadline is extended to **12/17/2025**, for the limited purposes of completing expert depositions. Signed by JUDGE MARK E WALKER on 10/3/25. (sjb) (Entered: 10/03/2025) |
| 10/03/2025 | 485 | THE STATE ATTORNEYS' ANSWER TO FLORIDA DECIDES HEALTHCARE PLAINTIFFS' THIRD AMENDED COMPLAINT by GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (WYLER, DOUGLAS) Modified title on 10/6/2025 (baf). (Entered: 10/03/2025) |

| | | |
|---|---|---|
| 10/03/2025 | 486 | THE STATE ATTORNEYS' ANSWER TO THE FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS' FIRST AMENDED COMPLAINT by GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (WYLER, DOUGLAS) Modified title on 10/6/2025 (baf). (Entered: 10/03/2025) |
| 10/03/2025 | 487 | THE STATE ATTORNEYS' ANSWER TO LEAGUE OF WOMEN VOTERS PLAINTIFFS' SECOND AMENDED COMPLAINT by GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (WYLER, DOUGLAS) Modified title on 10/6/2025 (baf). (Entered: 10/03/2025) |
| 10/03/2025 | 488 | THE STATE ATTORNEYS' ANSWER TO SMART & SAFE FLORIDA'S FIRST AMENDED COMPLAINT by GINGER BOWDEN MADDEN, JACK CAMPBELL, JOHN DURRETT, MELISSA NELSON, BILL GLADSON, BRUCE BARTLETT, R J LARIZZA, BRIAN KRAMER, MONIQUE WORRELL, BRIAN HAAS, KATHERINE FERNANDEZ RUNDLE, ED BRODSKY, SUSAN LOPEZ, LARRY BASFORD, ALEXCIA COX, DENNIS WARD, HAROLD F PRYOR, WILL SCHEINER, THOMAS BAKKEDAHL, AMIRA D FOX. (WYLER, DOUGLAS) Modified title on 10/6/2025 (baf). (Entered: 10/03/2025) |
| 10/03/2025 | 489 | THE STATE ATTORNEY'S ANSWER TO PODER LATINX PLAINTIFFS' AMENDED COMPLAINT by MONIQUE WORRELL. (WYLER, DOUGLAS) Modified title on 10/6/2025 (baf). (Entered: 10/03/2025) |
| 10/06/2025 | | Set/Reset 20 deadline: Status Report due by **11/5/2025**. (baf) (Entered: 10/06/2025) |
| 10/06/2025 | 490 | MOTION TO WITHDRAW AS COUNSEL by CORD BYRD. (BEATO, MICHAEL) Modified title on 10/7/2025 (baf). (Entered: 10/06/2025) |
| 10/06/2025 | 491 | FIFTH JOINT STATUS REPORT by FLORIDA DECIDES HEALTHCARE INC, MITCHELL EMERSON, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 10/7/2025 (baf). (Entered: 10/06/2025) |
| 10/07/2025 | 492 | ORDER GRANTING 490 MOTION TO WITHDRAW AS COUNSEL – The Clerk shall disconnect Mr. Beato from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 10/7/2025. (baf) Attorney MICHAEL ROBERT BEATO terminated in this case. (Entered: 10/07/2025) |
| 10/08/2025 | 493 | ORDER of USCA as to 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Appeal, 284 Notice of Appeal. Attorney Michael Beato's motion to withdraw as counsel for Appellant Florida Secretary of State is GRANTED. USCA Appeal Number: 25–12370–EE. (baf) (Entered: 10/08/2025) |
| 10/09/2025 | | Set Deadlines re 284 Notice of Appeal: Clerk to check status of Appeal on **1/7/2026**. USCA Appeal No. 25–12370–E is still pending. (baf) (Entered: 10/09/2025) |
| 10/09/2025 | 494 | CONSENT MOTION TO WITHDRAW AS COUNSEL by PODER LATINX, YIVIAN LOPEZ GARCIA, HUMBERTO ORJUELA PRIETO. (ASPARRIN, MICHAEL) Modified title on 10/9/2025 (baf). (Entered: 10/09/2025) |
| 10/10/2025 | 495 | ORDER GRANTING 494 MOTION TO WITHDRAW AS COUNSEL – The Clerk shall disconnect Mr. Asparrin from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 10/10/2025. (baf) Attorney MICHAEL M ASPARRIN terminated in this case. (Entered: 10/10/2025) |
| 10/10/2025 | 496 | SIXTY–SEVEN SUPERVISORS OF ELECTIONS' SUPPLEMENTAL INITIAL DISCLOSURE by TIM BOBANIC, JOE SCOTT, SHARON CHASON, LEAH VALENTI, MAUREEN BAIRD, RYAN MESSER, CHRIS H CHAMBLESS, MELISSA BLAZIER, TOMI STINSON BROWN, DEBBIE WERTZ, DARBI |

| | | |
|---|---|---|
| | | CHAIRES, JERRY HOLLAND, ROBERT BENDER, KAITLYN LENHART, HEATHER RILEY, KENYA WILLIAMS, LISA DARUS, ALETRIS FARNAM, RHONDA PIERCE, LAURA HUTTO, DIANE SMITH, SHERRY TAYLOR, DENISE LAVANCHER, KAREN HEALY, CRAIG LATIMER, H. RUSSELL WILLIAMS, LESLIE SWAN, CAROL A DUNAWAY, MICHELLE MILLIGAN, TRAVIS HART, ALAN HAYS, TOMMY DOYLE, MARK EARLEY, TAMMY JONES, GRANT CONYERS, HEATH DRIGGERS, SCOTT FARRINGTON, WESLEY WILCOX, VICKI DAVIS, ALINA GARCIA, SHERRI HODIE, JANET H ADKINS, PAUL A LUX, DAVID MAY, MARY JANE ARRINGTON, WENDY LINK, BRIAN CORLEY, JULIE MARCUS, MELONY BELL, CHARLES OVERTURF, TAPPIE VILLANE, RON TURNER, AMY PENNOCK, VICKY OAKES, GERTRUDE WALKER, WILLIAM KEEN, JENNIFER KINSEY, DANA SOUTHERLAND, DEBORAH OSBORNE, LISA LEWIS, KIM BARTON, JOSEPH R MORGAN, DEIDRA PETTIS, CHRISTOPHER MILTON, DENNIS WARD, AMANDA SEYFANG. (BARDOS, ANDY) Modified title on 10/10/2025 (baf). (Entered: 10/10/2025) |
| 10/14/2025 | | Set Deadlines re 287 Notice of Appeal: Clerk to check status of Appeal on **1/12/2026**. USCA Appeal No. 25–12370 is still pending. (baf) (Entered: 10/14/2025) |
| 10/14/2025 | 497 | PODER LATINX, YIVIAN LOPEZ GARCIA, AND HUMBERTO ORJUELA PRIETO'S STIPULATION TO DISMISS PURSUANT TO F.R.C.P 41(a)(1)(ii) by YIVIAN LOPEZ GARCIA, PODER LATINX, HUMBERTO ORJUELA PRIETO. (RUIZ, CESAR) Modified title on 10/15/2025 (baf). (Entered: 10/14/2025) |
| 10/15/2025 | 498 | ORDER ACKNOWLEDGING STIPULATION OF DISMISSAL OF PLAINTIFFS PODER LATINX, YIVIAN LOPEZ GARCIA, AND HUMBERTO ORJUELA PRIETO'S CLAIMS – Plaintiffs Poder Latinx, Yivian Lopez Garcia, and Humberto Orjuela Prieto have filed a stipulation of dismissal without prejudice. ECF No. 497 . All parties consent. Id. The notice is effective without an order. Plaintiffs Poder Latinx, Yivian Lopez Garcia, and Humberto Orjuela Prieto's claims are DISMISSED without prejudice. The rest of this case remains active. Signed by JUDGE MARK E WALKER on 10/15/2025. (baf) (Entered: 10/15/2025) |
| 10/15/2025 | 499 | INTERVENOR–PLAINTIFFS' UNOPPOSED MOTION FOR SEVEN–DAY EXTENSION OF TIME TO RESPOND TO SECRETARY AND ATTORNEY GENERAL'S MOTION FOR SUMMARY JUDGMENT by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (Attachments: # 1 Text of Proposed Order) (MASTORIS, GEORGE) Modified title on 10/16/2025 (baf). (Entered: 10/15/2025) |
| 10/15/2025 | 500 | ORDER GRANTING EXTENSION – This Court has considered, without hearing, Plaintiffs League of Women Voters of Florida, League of Women Voters of Florida Education Fund, Inc., Cecile Scoon, Debra Chandler, and League of United Latin American Citizens unopposed motion for extension of time to respond to Defendants' motion for summary judgment. ECF No. 499 . The motion is GRANTED. Plaintiffs' response is due on or before Tuesday, **10/28/2025**. Signed by JUDGE MARK E WALKER on 10/15/2025. (baf) (Entered: 10/15/2025) |
| 10/17/2025 | 501 | MOTION to Appear Pro Hac Vice by William Hancock.( Filing fee $ 219 receipt number AFLNDC–9672001.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Exhibit Certificate of Good Standing) (HANCOCK, WILLIAM) (Entered: 10/17/2025) |
| 10/17/2025 | 502 | ORDER ADMITTING WILLIAM HANCOCK PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice. ECF No. 501 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 10/17/2025. (baf) (Entered: 10/17/2025) |
| 10/21/2025 | 503 | ORDER DENYING 472 MOTION FOR SUMMARY JUDGMENT AS MOOT. Signed by JUDGE MARK E WALKER on 10/21/2025. (baf) (Entered: 10/21/2025) |
| 10/21/2025 | 504 | MOTION FOR ADMISSION PRO HAC VICE by Samantha Perlman.( Filing fee $ 219 receipt number AFLNDC–9675422.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Certificate of Good Standing) (PERLMAN, SAMANTHA) Modified title on 10/22/2025 (baf). (Entered: 10/21/2025) |
| 10/21/2025 | 505 | MOTION FOR ADMISSION PRO HAC VICE by Alexis Grady.( Filing fee $ 219 receipt number AFLNDC–9675466.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (GRADY, ALEXIS) Modified title on 10/22/2025 (baf). (Entered: 10/21/2025) |
| 10/21/2025 | 506 | ORDER ADMITTING SAMANTHA PERLMAN PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Samantha Perlman. ECF No. 504 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 10/21/2025. (baf) (Entered: 10/21/2025) |
| 10/21/2025 | 507 | ORDER ADMITTING ALEXIS GRADY PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Alexis Grady. ECF No. 505 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 10/21/2025. (baf) (Entered: 10/21/2025) |
| 10/21/2025 | 508 | EXHIBITS TO RTCW PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN (Attachments: # 1 Ex. 1 – Third Martin Decl., # 2 Ex. 2 – Second Perez Decl., # 3 Ex. 3 – Email from RTCW Member A, # 4 Ex. 4 – Email from RTCW Member B, # 5 Ex. 5 – Email from RTCW Member C, # 6 Ex. 6 – Second Email from RTCW Member B, # 7 Ex. 7 – Email from RTCW Member D) (FERGUSON, ROBERT) Modified title on 10/22/2025 (baf). (Entered: 10/21/2025) |
| 10/21/2025 | 509 | SMART & SAFE FLORIDAS RESPONSE IN OPPOSITION TO THE SECRETARY AND ATTORNEY GENERAL'S MOTION FOR SUMMARY JUDGMENT filed by SMART & SAFE FLORIDA. (Attachments: # 1 Exhibit A – Declaration of Corporate Rep of SSF) (BURHANS, GLENN) Modified title on 10/22/2025 (baf). (Entered: 10/21/2025) |
| 10/21/2025 | 510 | RTCW PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT filed by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (FERGUSON, ROBERT) Modified title on 10/22/2025 (baf). (Entered: 10/21/2025) |
| 10/21/2025 | 511 | NOTICE OF FILING EXHIBITS IN SUPPORT OF FLORIDA DECIDES HEALTHCARE, INC. PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12) (RITTER, QUINN) Modified title on 10/22/2025 (baf). (Entered: 10/21/2025) |
| 10/21/2025 | 512 | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (STAFFORD, BEN) Modified title on 10/22/2025 (baf). (Entered: 10/21/2025) |
| 10/23/2025 | | Set Deadlines re 312 Notice of Cross Appeal, 315 Notice of Cross Appeal: Clerk to check status of Appeal on 1/21/2026. Appeal No. 25–12370–E is still pending. (baf) (Entered: 10/23/2025) |
| 10/27/2025 | 513 | THE SECRETARY AND ATTORNEY GENERAL'S REPLY TO FLORIDA RIGHT TO CLEAN WATER'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (DOC. 510 ) filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 10/28/2025 (baf). (Entered: 10/27/2025) |
| 10/27/2025 | 514 | THE SECRETARY AND ATTORNEY GENERAL'S REPLY TO FLORIDA DECIDES HEALTHCARE'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (DOC. 512 ) filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 10/28/2025 (baf). (Entered: 10/27/2025) |
| 10/27/2025 | 515 | THE SECRETARY AND ATTORNEY GENERAL'S REPLY TO SMART & SAFE'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (DOC. 509 ) filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 10/28/2025 (baf). (Entered: 10/27/2025) |

| 10/27/2025 | 516 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF THE SECRETARY AND ATTORNEY GENERAL'S REPLY TO FLORIDA RIGHT TO CLEAN WATER'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT by REPUBLICAN PARTY OF FLORIDA (PRICE, TARA) Modified title on 10/28/2025 (baf). (Entered: 10/27/2025) |
|---|---|---|
| 10/27/2025 | 517 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF THE SECRETARY AND ATTORNEY GENERAL'S REPLY TO FLORIDA DECIDES HEALTHCARE'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT by REPUBLICAN PARTY OF FLORIDA (PRICE, TARA) Modified title on 10/28/2025 (baf). (Entered: 10/27/2025) |
| 10/27/2025 | 518 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF THE SECRETARY AND ATTORNEY GENERAL'S REPLY TO SMART & SAFE'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT by REPUBLICAN PARTY OF FLORIDA (PRICE, TARA) Modified title on 10/28/2025 (baf). (Entered: 10/27/2025) |
| 10/28/2025 | 519 | LEAGUE PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (MASTORIS, GEORGE) Modified title on 10/29/2025 (baf). (Entered: 10/28/2025) |
| 10/28/2025 | 520 | NOTICE OF FILING EXHIBITS IN SUPPORT OF INTERVENOR–PLAINTIFFS' OPPOSITION TO THE SECRETARY AND ATTORNEY GENERAL'S MOTION FOR SUMMARY JUDGMENT by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON (Attachments: # 1 Exhibit A Declaration of Jessica Lowe–Minor, # 2 Exhibit B Supp. Declaration of Juan Proano, # 3 Exhibit C Declaration of Karen Patricio, # 4 Exhibit D Declaration of Lydia Medrano, # 5 Exhibit E Second Declaration of Cecilia Gonzalez, # 6 Exhibit F Declaration of Christine Poff, # 7 Exhibit G Third Declaration of Cecile Scoon, # 8 Exhibit H Declaration of Heidi Davis, # 9 Exhibit I 2025–08–27 Deposition Transcript of Mark Earley) (MASTORIS, GEORGE) Modified title on 10/29/2025 (baf). (Entered: 10/28/2025) |
| 10/28/2025 | 521 | INTERVENOR–PLAINTIFFS' OPPOSITION TO THE SECRETARY AND ATTORNEY GENERAL'S MOTION FOR SUMMARY JUDGMENT filed by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (MASTORIS, GEORGE) Modified title on 10/29/2025 (baf). (Entered: 10/28/2025) |
| 10/30/2025 | | Set Deadlines re 331 NOTICE OF CROSS–APPEAL: Clerk to check status of Appeal on **1/28/2026**. Appeal No. 25–12370 is still pending. (baf) (Entered: 10/30/2025) |
| 10/30/2025 | 522 | NOTICE CONCERNING LEAGUE'S RESPONSE TO STATE'S MOTION FOR SUMMARY JUDGMENT (DOC. 521 ) by CORD BYRD, JAMES UTHMEIER (JAZIL, MOHAMMAD) Modified title on 10/31/2025 (baf). (Entered: 10/30/2025) |
| 10/30/2025 | 523 | NOTICE CONCERNING LEAGUE'S RESPONSE TO STATE'S MOTION FOR SUMMARY JUDGMENT by REPUBLICAN PARTY OF FLORIDA (PRICE, TARA) Modified title on 10/31/2025 (baf). (Entered: 10/30/2025) |
| 10/31/2025 | 524 | FDH PLAINTIFFS' NOTICE OF SERVICE OF EXPERT DISCLOSURES by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS (WERMUTH, FREDERICK) Modified title on 11/3/2025 (baf). (Entered: 10/31/2025) |
| 11/05/2025 | 525 | ORDER of USCA as to 287 NOTICE OF APPEAL, 331 NOTICE OF CROSS–APPEAL, 315 NOTICE OF CROSS–APPEAL, 312 NOTICE OF CROSS–APPEAL, 284 NOTICE OF APPEAL. The motion to stay the appeal is GRANTED. The movant is DIRECTED to file status reports with the Court every 60 days regarding the purpose for the stay, with the first status report due 60 days after the date of this order. The movant also is DIRECTED to promptly file a notice with the Court when the purpose for the stay is obviated. Appeal Number: 25–12370–EE. (baf) (Entered: 11/05/2025) |

| 11/05/2025 | 526 | MOTION FOR ADMISSION PRO HAC VICE by Sejal Jhaveri.( Filing fee $ 219 receipt number AFLNDC–9690850.) by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (Attachments: # 1 Certificate of Good Standing) (JHAVERI, SEJAL) Modified title on 11/6/2025 (baf). (Entered: 11/05/2025) |
|---|---|---|
| 11/05/2025 | | Set/Reset 20 deadline: Status Report due by **12/5/2025**. (baf) (Entered: 11/05/2025) |
| 11/05/2025 | 527 | UNOPPOSED MOTION FOR DEREK A. ZEIGLER TO APPEAR PRO HAC VICE, CONSENT TO DESIGNATION, AND REQUEST TO ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILING ON BEHALF OF PLAINTIFFS by Derek A. Zeigler.( Filing fee $ 219 receipt number AFLNDC–9691268.) by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Exhibit A – Admissions List, # 2 Exhibit B – Certificate of Good Standing) (ZEIGLER, DEREK) Modified title on 11/6/2025 (baf). (Entered: 11/05/2025) |
| 11/05/2025 | 528 | ORDER ADMITTING SEJAL JHAVERI PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Sejal Jhaveri. ECF No. 526 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 11/5/2025. (baf) (Entered: 11/05/2025) |
| 11/05/2025 | 529 | ORDER ON MOTIONS FOR SUMMARY JUDGMENT – Accordingly, the pending motions, ECF Nos. 471 , 473 , 474 , and 475 , are DENIED. Signed by JUDGE MARK E WALKER on 11/5/2025. (baf) (Entered: 11/05/2025) |
| 11/05/2025 | 530 | NOTICE of Appearance by ELISE M ENGLE on behalf of REPUBLICAN PARTY OF FLORIDA (ENGLE, ELISE) (Entered: 11/05/2025) |
| 11/05/2025 | 531 | ORDER ADMITTING DEREK A. ZEIGLER PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Derek A. Zeigler. ECF No. 527 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 11/5/2025. (baf) (Entered: 11/05/2025) |
| 11/05/2025 | 532 | SIXTH JOINT STATUS REPORT by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 11/6/2025 (baf). (Entered: 11/05/2025) |
| 11/05/2025 | 533 | NOTICE of Appearance by RANDALL MCKAY RABAN on behalf of CORD BYRD (RABAN, RANDALL) (Entered: 11/05/2025) |
| 11/05/2025 | 534 | NOTICE of Appearance by MARTIN CHRISTIAN WOLK on behalf of CORD BYRD (WOLK, MARTIN) (Entered: 11/05/2025) |
| 11/06/2025 | 535 | PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (LEEPER, SIMONE) Modified title on 11/7/2025 (baf). (Entered: 11/06/2025) |
| 11/07/2025 | 536 | NOTICE OF CHANGE OF ADDRESS by DOUGLAS ARTHUR WYLER (WYLER, DOUGLAS) Modified title on 11/7/2025 (baf). (Entered: 11/07/2025) |
| 11/11/2025 | 537 | FDH PLAINTIFFS' SECOND SUPPLEMENTAL INITIAL DISCLOSURES by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 11/12/2025 (baf). (Entered: 11/11/2025) |
| 11/13/2025 | 538 | CONSENT MOTION TO WITHDRAW AS COUNSEL by YIVIAN LOPEZ GARCIA, PODER LATINX, HUMBERTO ORJUELA PRIETO. (ALICEA, DELMARIE) Modified title on 11/13/2025 (baf). (Entered: 11/13/2025) |
| 11/13/2025 | 539 | ORDER GRANTING 538 MOTION TO WITHDRAW AS COUNSEL. Signed by JUDGE MARK E WALKER on 11/13/2025. (baf) Attorney's NEDA AFSHARIAN KHOSHKHOO; PHI UYEN NGUYEN; ERIC STEVEN PADILLA; CESAR Z RUIZ; DELMARIE ALICEA; JEREMY KARPATKIN; JOHN FREEDMAN and EMILY MIRANDA GALINDO terminated in this case. (Entered: 11/13/2025) |
| 11/13/2025 | 544 | ORDER of USCA as to 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Apeeal, 284 Notice of Appeal. The motion titled "Intervenor–Defendant–Appellant's Motion to Waive its Obligation to File a Separate Brief," filed by Appellant Republican Party of Florida, is GRANTED. Appeal |

| | | |
|---|---|---|
| | | Number: 25–12370–EE. (baf) (Entered: 11/18/2025) |
| 11/14/2025 | 540 | MOTION TO APPEAR PRO HAC VICE by Jacob Kovacs–Goodman.( Filing fee $ 219 receipt number AFLNDC–9700262.) by DEBRA CHANDLER, FLORIDARIGHTTOCLEANWATER.ORG, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (KOVACS–GOODMAN, JACOB) Modified title on 11/17/2025 (baf). (Entered: 11/14/2025) |
| 11/14/2025 | 541 | NOTICE OF APPEARANCE ON BEHALF OF TEN SUPERVISORS OF ELECTIONS by JAMES TIMOTHY MOORE, JR on behalf of MELISSA BLAZIER, BRIAN CORLEY, TOMMY DOYLE, SCOTT FARRINGTON, ALAN HAYS, SHERRI HODIE, AMY PENNOCK, LESLIE SWAN, LEAH VALENTI, WESLEY WILCOX (MOORE, JAMES) Modified title on 11/17/2025 (baf). (Entered: 11/14/2025) |
| 11/14/2025 | 542 | APPEARANCE OF COUNSEL by JACOB KOVACS–GOODMAN on behalf of DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON (Attachments: # 1 Supplement Listed Intervenors) (KOVACS–GOODMAN, JACOB) Modified title on 11/17/2025 (baf). (Entered: 11/14/2025) |
| 11/14/2025 | 543 | ORDER ADMITTING JACOB KOVACS–GOODMAN PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Jacob Kovacs–Goodman. ECF No. 540 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 11/14/2025. (baf) (Entered: 11/14/2025) |
| 11/21/2025 | 545 | ORDER FOR RESPONSE – The parties' joint notice is due on or before 12/5/2025. Signed by JUDGE MARK E WALKER on 11/21/2025. (baf) (Entered: 11/21/2025) |
| 11/21/2025 | 546 | MOTION to Quash *Deposition Subpoena of Bradley Mcvay* by CORD BYRD, JAMES UTHMEIER, Bradley McVay. (Attachments: # 1 Attachment 1 – McVay Subpoena, # 2 Attachment 2 – McVay Declaration) (JAZIL, MOHAMMAD) (Entered: 11/21/2025) |
| 11/24/2025 | 547 | ORDER FOR EXPEDITED RESPONSE – Plaintiffs shall file an expedited response on or before Monday, 12/1/2025. Signed by JUDGE MARK E WALKER on 11/24/25. (sjb) (Entered: 11/24/2025) |
| 11/24/2025 | 548 | Joint MOTION pre–trial briefing, post–trial briefing, pretrial conference re 343 Scheduling Order,,, Set Deadlines,, *Joint Motion for Order for PreTrial Conference, for Optional PreTrial Briefing, and to Permit or Require Post–Trial Briefing* by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) (Entered: 11/24/2025) |
| 11/24/2025 | 549 | PRETRIAL ORDER – The 548 motion is GRANTED. Pretrial Stipulation due by 1/12/2026. Telephonic Pretrial Conference set for 1/21/2026 12:30 PM in U.S. Courthouse Tallahassee before JUDGE MARK E WALKER. Responses to any motions in limine or Daubert motions are due on or before 1/12/2026. The parties must still confer and notify this Court, on or before 12/5/2025, the expected duration of the bench trial. But to the extent any party wishes to file a pre–trial brief, they are due on or before 1/5/2026. Any motions in limine, Daubert motions, Rule 26(a)(3) pretrial disclosures, and the attorney conference are due or must occur on or before 1/5/2026. Signed by JUDGE MARK E WALKER on 11/24/25. (sjb) (Entered: 11/24/2025) |
| 11/24/2025 | 550 | NOTICE OF TELEPHONIC HEARING: Telephonic Status Conference set for 12/4/2025 09:00 AM before JUDGE MARK E WALKER. ALL PARTIES are directed to call Judge Walker's Conference Line (see below) Conference Call Information You may dial into the conference call up to five minutes before start time. Call in number: 855–244–8681 When prompted for an access code, enter: 2309 453 2428# Say your name, when prompted. You are now in the conference call. Remember to |

| | | mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 11/24/2025) |
|---|---|---|
| 11/26/2025 | 551 | RULE 26 Disclosures by SMART & SAFE FLORIDA. (BURHANS, GLENN) (Entered: 11/26/2025) |
| 12/01/2025 | 552 | FDH PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO QUASH filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L) (WERMUTH, FREDERICK) Modified title on 12/2/2025 (baf). (Entered: 12/01/2025) |
| 12/02/2025 | 553 | ORDER FOR CLARIFICATION – Accordingly, on or before 12:00 p.m. (ET), **12/3/2025**, Defendants must specifically identify each position Mr. McVay held with the Department of State in 2024 and to whom, if anyone, Mr. McVay answered within the Department of State. Signed by JUDGE MARK E WALKER on 12/2/2025. (baf) (Entered: 12/02/2025) |
| 12/03/2025 | 554 | THE ATTORNEY GENERAL, SECRETARY OF STATE, AND MR. MCVAY'S RESPONSE TO ORDER FOR CLARIFICATION (DOC. 553 ) by CORD BYRD, BRADLEY MCVAY, JAMES UTHMEIER (Attachments: # 1 McVay Declaration, with Attachments A–C) (JAZIL, MOHAMMAD) Modified title on 12/3/2025 (baf). (Entered: 12/03/2025) |
| 12/03/2025 | 555 | ORDER GRANTING 546 MOTION TO QUASH – The motion to quash, ECF No. 546 , is therefore GRANTED. The deposition subpoena directed at Mr. McVay, ECF No. 546 –1, is hereby QUASHED. Signed by JUDGE MARK E WALKER on 12/3/2025. (baf) (Entered: 12/03/2025) |
| 12/04/2025 | 556 | ORDER FOR EXPEDITED RESPONSE – The parties shall confer and file an expedited response on or before 5:00 p.m. (ET), Friday, **12/5/2025**, to notify this Court as to whether they are available for trial during this two–week period. Signed by JUDGE MARK E WALKER on 12/4/2025. (baf) (Entered: 12/04/2025) |
| 12/04/2025 | 557 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Telephonic Status Conference held on 12/4/2025. Parties discuss bench trial schedule. Bench trial will be rescheduled at a later date. Order to follow (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee)). (vkm) (Entered: 12/04/2025) |
| 12/05/2025 | 558 | MOTION TO APPEAR PRO HAC VICE by Nathan Greess.( Filing fee $ 219 receipt number AFLNDC–9719958.) by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (Attachments: # 1 Certificate of Good Standing (NY)) (GREESS, NATHAN) Modified title on 12/5/2025 (baf). (Entered: 12/05/2025) |
| 12/05/2025 | 559 | ORDER ADMITTING NATHAN GREESS PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Nathan Greess. ECF No. 558 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 12/5/2025. (baf) (Entered: 12/05/2025) |
| 12/05/2025 | 560 | JOINT EXPEDITED RESPONSE REGARDING RESETTING BENCH TRIAL by SMART & SAFE FLORIDA. (MURPHY, HANNAH) Modified title on 12/8/2025 (baf). (Entered: 12/05/2025) |
| 12/05/2025 | 561 | JOINT NOTICE REGARDING DURATION OF TRIAL by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 12/8/2025 (baf). (Entered: 12/05/2025) |
| 12/05/2025 | 562 | SEVENTH JOINT STATUS REPORT by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 12/8/2025 (baf). (Entered: 12/05/2025) |

| 12/08/2025 | | Set/Reset 20 deadline: Status Report due by **1/5/2026**. (baf) (Entered: 12/08/2025) |
|---|---|---|
| 12/08/2025 | 563 | NOTICE OF RESCHEDULED HEARING: Bench Trial reset for **2/9/2026 09:00 AM** before JUDGE MARK E WALKER. Joseph Woodrow Hatchett United States Courthouse and Federal Building, **Courtroom 5 West,** 111 North Adams St., Tallahassee, Florida 32301. NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria Milton McGee at 850–521–3510 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made. s/ Victoria Milton McGee Courtroom Deputy Clerk (vkm) (Entered: 12/08/2025) |
| 12/09/2025 | 564 | NOTICE of Appearance by BILAL AHMED FARUQUI on behalf of CORD BYRD (FARUQUI, BILAL) (Entered: 12/09/2025) |
| 12/10/2025 | 565 | JOINT MOTION TO EXTEND DISCOVERY DEADLINE by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 12/10/2025 (baf). (Entered: 12/10/2025) |
| 12/10/2025 | 566 | ORDER GRANTING JOINT 565 MOTION TO EXTEND DISCOVERY DEADLINE – The discovery deadline is extended to **12/19/2025**, for the limited purpose of completing depositions currently noticed and scheduled. Signed by JUDGE MARK E WALKER on 12/10/2025. (baf) (Entered: 12/10/2025) |
| 12/16/2025 | 567 | UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT STATE ATTORNEYS by THOMAS BAKKEDAHL, BRUCE BARTLETT, LARRY BASFORD, ED BRODSKY, JACK CAMPBELL, ALEXCIA COX, JOHN DURRETT, AMIRA D FOX, BILL GLADSON, BRIAN HAAS, BRIAN KRAMER, R J LARIZZA, SUSAN LOPEZ, GINGER BOWDEN MADDEN, MELISSA NELSON, HAROLD F PRYOR, KATHERINE FERNANDEZ RUNDLE, WILL SCHEINER, DENNIS WARD, MONIQUE WORRELL. (JACOBS, ARTHUR) Modified title on 12/16/2025 (baf). (Entered: 12/16/2025) |
| 12/16/2025 | 568 | ORDER GRANTING 567 MOTION TO WITHDRAW AS COUNSEL – The Clerk shall disconnect Arthur I. Jacobs from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 12/16/2025. (baf) Attorney ARTHUR IVAN JACOBS terminated in this case. (Entered: 12/16/2025) |
| 12/19/2025 | 569 | JOINT MOTION TO EXTEND PRETRIAL DEADLINES by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 12/19/2025 (baf). (Entered: 12/19/2025) |
| 12/19/2025 | 570 | ORDER GRANTING 569 JOINT MOTION FOR EXTENSION – Any motions in limine and Daubert motions are due on or before **1/5/2026**. Responses to any motions in limine or Daubert motions are due on or before **1/12/2026**. The parties' pretrial stipulation, including witness and exhibit lists and any objections thereto, must be filed on or before **1/28/2026**. The Clerk shall set a telephonic pretrial conference for 12:30 p.m. (ET) on Wednesday, **2/4/2026**. Pre–trial briefs are not required. But to the extent any party wishes to file a pre–trial brief, they are due on or before **1/16/2026**. Signed by JUDGE MARK E WALKER on 12/19/2025. (baf) (Entered: 12/19/2025) |
| 12/23/2025 | 571 | REPUBLICAN PARTY OF FLORIDA'S MOTION IN LIMINE REGARDING MICHAEL C. HERRON, Ph.D., AND INCORPORATED MEMORANDUM OF LAW by REPUBLICAN PARTY OF FLORIDA. (Attachments: # 1 Exhibit A – Herron Deposition Transcript, # 2 Exhibit B – Herron Expert Report, # 3 Exhibit C – Herron Rebuttal Report) (PRICE, TARA) Modified title on 12/23/2025 (baf). (Entered: 12/23/2025) |
| 12/23/2025 | 572 | REPUBLICAN PARTY OF FLORIDA'S DAUBERT MOTION TO EXCLUDE THE TESTIMONY OF DANIEL A. SMITH, Ph.D., AND INCORPORATED MEMORANDUM OF LAW by REPUBLICAN PARTY OF FLORIDA. (Attachments: # 1 Exhibit A – Smith Expert Report, # 2 Exhibit B – Smith Rebuttal |

| | | |
|---|---|---|
| | | Report) (PRICE, TARA) Modified title on 12/23/2025 (baf). (Entered: 12/23/2025) |
| 12/23/2025 | 573 | SECRETARY AND ATTORNEY GENERAL'S NOTICE OF JOINDER OF THE REPUBLICAN PARTY OF FLORIDA'S MOTIONS REGARDING EXPERT WITNESSES by CORD BYRD, JAMES UTHMEIER (JAZIL, MOHAMMAD) Modified title on 12/23/2025 (baf). (Entered: 12/23/2025) |
| 01/05/2026 | 574 | EIGHTH JOINT STATUS REPORT by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 1/6/2026 (baf). (Entered: 01/05/2026) |
| 01/05/2026 | 575 | FDH PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY OF UNDISCLOSED CRIMINAL INVESTIGATIONS by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B) (WERMUTH, FREDERICK) Modified title on 1/6/2026 (baf). (Entered: 01/05/2026) |
| 01/05/2026 | 576 | RTCW PLAINTIFFS' NOTICE OF JOINDER by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN re 575 MOTION in Limine *to Exclude Evidence or Testimony of Undisclosed Criminal Investigations* (NEAL, MELISSA) Modified title on 1/6/2026 (baf). (Entered: 01/05/2026) |
| 01/05/2026 | 577 | NOTICE OF FILING EXHIBITS IN SUPPORT OF LEAGUE PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF POST–ENACTMENT JUSTIFICATIONS FOR HB 1205 by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON (Attachments: # 1 Exhibit A – HB 1205, # 2 Exhibit B – SOS (OECS) Deposition Transcript Excerpt, # 3 Exhibit C – SOS (DOE) Deposition Transcript Excerpt, # 4 Exhibit D – AG Deposition Transcript Excerpt, # 5 Exhibit E – House Government Operations Subcommittee Meeting Notes, # 6 Exhibit F – Osceola County SOE Deposition Transcript Excerpt, # 7 Exhibit G – Orange County SOE Deposition Transcript Excerpt, # 8 Exhibit H – Palm Beach County SOE Deposition Transcript Excerpt) (MASTORIS, GEORGE) Modified title on 1/6/2026 (baf). (Entered: 01/05/2026) |
| 01/05/2026 | 578 | LEAGUE PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF POST–ENACTMENT JUSTIFICATIONS FOR HB 1205 by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (MASTORIS, GEORGE) Modified title on 1/6/2026 (baf). (Entered: 01/05/2026) |
| 01/06/2026 | 579 | FDH PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' DAUBERT MOTION TO EXCLUDE THE TESTIMONY OF DR. DANIEL SMITH filed by FLORIDA DECIDES HEALTHCARE INC. (Attachments: # 1 Exhibit 1, Daniel Smith's Report, # 2 Exhibit 2, Daniel Smith's Rebuttal, # 3 Exhibit 3, Daniel Smith's Deposition) (SHAPIRO, AVNER) Modified title on 1/6/2026 (baf). (Entered: 01/06/2026) |
| 01/06/2026 | | Set/Reset 20 deadline: Status Report due by **2/4/2026**. (baf) (Entered: 01/06/2026) |
| 01/06/2026 | 580 | RTCW PLAINTIFFS' NOTICE OF JOINDER by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN re 578 MOTION in Limine *TO PRECLUDE INTRODUCTION OF POST–ENACTMENT JUSTIFICATIONS FOR HB 1205,* (NEAL, MELISSA) Modified title on 1/6/2026 (baf). (Entered: 01/06/2026) |
| 01/06/2026 | 581 | RESPONSE in Opposition re 571 MOTION in Limine *Regarding Michael C. Herron, Ph.D. FDH Plaintiffs' Response in Opposition to the Republican Party of Florida's Motion in Limine Regarding Michael C. Herron, Ph.D.* filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Exhibit Ex A – Supp Expert Report – Michael C Herron) (WERMUTH, FREDERICK) (Entered: 01/06/2026) |
| 01/07/2026 | 582 | NOTICE *of Joinder* by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, |

| | | |
|---|---|---|
| | | LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON re 575 MOTION in Limine *to Exclude Evidence or Testimony of Undisclosed Criminal Investigations* (MASTORIS, GEORGE) (Entered: 01/07/2026) |
| 01/12/2026 | | Set Deadlines re 284 Notice of Appeal: Clerk to check status of Appeal on **5/7/2026**. USCA Appeal No. 25–12370 is still pending. (baf) (Entered: 01/12/2026) |
| 01/12/2026 | | Set Deadlines re 287 Notice of Appeal: Clerk to check status of Appeal on **5/12/2026**. USCA Appeal No. 25–12370 is still pending. (baf) (Entered: 01/12/2026) |
| 01/12/2026 | 583 | THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE (DOCS. 575 , 578 ) filed by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 1/13/2026 (baf). (Entered: 01/12/2026) |
| 01/13/2026 | 584 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER by REPUBLICAN PARTY OF FLORIDA (GIBSON, BENJAMIN) Modified title on 1/14/2026 (baf). (Entered: 01/13/2026) |
| 01/13/2026 | 585 | ORDER DENYING 578 MOTION IN LIMINE. Signed by JUDGE MARK E WALKER on 1/13/2026. (baf) (Entered: 01/13/2026) |
| 01/14/2026 | 586 | ORDER GRANTING 575 MOTION IN LIMINE. Signed by JUDGE MARK E WALKER on 1/14/2026. (baf) (Entered: 01/14/2026) |
| 01/14/2026 | 587 | ORDER DENYING 571 MOTION IN LIMINE. Signed by JUDGE MARK E WALKER on 1/14/2026. (baf) (Entered: 01/14/2026) |
| 01/16/2026 | 588 | ORDER GRANTING IN PART AND DENYING IN PART DAUBERT MOTION – Accordingly, for the reasons set out above, the motion, ECF No. 572 , is GRANTED in part insofar as Dr. Smith cannot testify regarding legislative intent with respect to the FDH Plaintiffs' equal protection claims. The motion is otherwise DENIED. Signed by JUDGE MARK E WALKER on 1/16/2026. (baf) (Entered: 01/16/2026) |
| 01/16/2026 | 589 | THE SUPERVISORS OF ELECTIONS' PRETRIAL BRIEF by JANET H ADKINS, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MELONY BELL, ROBERT BENDER, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, DARBI CHAIRES, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN CORLEY, LISA DARUS, VICKI DAVIS, KAREN CASTOR DENTEL, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, MARK EARLEY, ALETRIS FARNAM, SCOTT FARRINGTON, ALINA GARCIA, TRAVIS HART, ALAN HAYS, KAREN HEALY, SHERRI HODIE, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER KINSEY, CRAIG LATIMER, DENISE LAVANCHER, KAITLYN LENHART, LISA LEWIS, WENDY LINK, PAUL A LUX, JULIE MARCUS, DAVID MAY, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH R MORGAN, VICKY OAKES, DEBORAH OSBORNE, CHARLES OVERTURF, AMY PENNOCK, DEIDRA PETTIS, RHONDA PIERCE, HEATHER RILEY, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, LESLIE SWAN, SHERRY TAYLOR, RON TURNER, LEAH VALENTI, TAPPIE VILLANE, GERTRUDE WALKER, NINA WARD, DEBBIE WERTZ, WESLEY WILCOX, H. RUSSELL WILLIAMS, KENYA WILLIAMS. (BARDOS, ANDY) Modified title on 1/20/2026 (baf). (Entered: 01/16/2026) |
| 01/20/2026 | 590 | NOTICE OF TELEPHONIC HEARING: Telephonic Pretrial Conference set for **2/4/2026 12:30 PM** before JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call Judge Walker's Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **855–244–8681** When prompted for an access code, enter: **2309 453 2428#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is |

| | | |
|---|---|---|
| | | compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 01/20/2026) |
| 01/20/2026 | 591 | APPEARANCE OF COUNSEL by ANDREW H WARREN on behalf of DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON (WARREN, ANDREW) Modified title on 1/21/2026 (baf). (Entered: 01/20/2026) |
| 01/21/2026 | | Set Deadlines re 312 FLORIDARIGHTTOCLEANWATER.ORG AND MELISSA MARTINS NOTICE OF CROSS–APPEAL, 315 PLAINTIFFS' NOTICE OF CROSS–APPEAL, 331 NOTICE OF CROSS–APPEAL, 287 REPUBLICAN PARTY OF FLORIDA'S NOTICE OF APPEAL, 284 THE SECRETARY AND ATTORNEY GENERAL'S NOTICE OF APPEAL: Clerk to check status of Appeal on **4/21/2026**. USCA Appeal No. 25–12370 is still pending. (baf) (Entered: 01/21/2026) |
| 01/22/2026 | 592 | REPUBLICAN PARTY OF FLORIDA'S MOTION IN LIMINE REGARDING DANIEL A. SMITH, Ph.D., AND INCORPORATED MEMORANDUM OF LAW by REPUBLICAN PARTY OF FLORIDA. (Attachments: # 1 Exhibit A – Smith Supplemental Expert Report, # 2 Exhibit B – Smith Expert Report, # 3 Exhibit C – Smith Rebuttal Expert Report) (PRICE, TARA) Modified title on 1/23/2026 (baf). (Entered: 01/22/2026) |
| 01/23/2026 | 593 | ORDER FOR EXPEDITED RESPONSE – Pending before this Court is the Republican Party of Florida's motion in limine regarding Dr. Smith's supplemental expert report, dated January 20, 2026. ECF No. 592 . Given this short time frame and this Courts myriad other time constraints, FDH Plaintiffs must file an expedited response to the motion on or before 5:00 p.m. (ET) on Monday, **1/26/2026**. Signed by JUDGE MARK E WALKER on 1/23/2026. (baf) (Entered: 01/23/2026) |
| 01/26/2026 | 594 | FDH PLAINTIFFS' RESPONSE IN OPPOSITION TO REPUBLICAN PARTY OF FLORIDA'S MOTION IN LIMINE filed by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 1/27/2026 (baf). (Entered: 01/26/2026) |
| 01/27/2026 | 595 | ORDER GRANTING 592 MOTION IN LIMINE. Signed by JUDGE MARK E WALKER on 1/27/2026. (baf) (Entered: 01/27/2026) |
| 01/28/2026 | 596 | JOINT PRETRIAL STIPULATION by FLORIDA DECIDES HEALTHCARE INC. (Attachments: # 1 Exhibit 1 Consolidated Trial Ex List, # 2 Exhibit 2 PLs' Witness List, # 3 Exhibit 3 SOS' AG's RPOF's Witness List, # 4 Exhibit 4 SOEs' Witness List) (WERMUTH, FREDERICK) Modified title on 1/29/2026 (baf). (Entered: 01/28/2026) |
| 01/28/2026 | 597 | PLAINTIFFS' DESIGNATIONS OF DEPOSITION TESTIMONY by FLORIDA DECIDES HEALTHCARE INC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7) (WERMUTH, FREDERICK) Modified title on 1/29/2026 (baf). (Entered: 01/28/2026) |
| 02/02/2026 | 598 | FDH PLAINTIFFS' AND LEAGUE AND LULAC INTERVENOR–PLAINTIFFS' MOTION TO ALLOW CERTAIN WITNESSES TO TESTIFY AT TRIAL BY CONTEMPORANEOUS TRANSMISSION FROM A DIFFERENT LOCATION by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (BENNETTE, MATLETHA) Modified title on 2/2/2026 (baf). (Entered: 02/02/2026) |
| 02/02/2026 | 599 | ORDER GRANTING 598 MOTION TO ALLOW CERTAIN WITNESSES TO TESTIFY AT TRIAL BY CONTEMPORANEOUS TRANSMISSION FROM A DIFFERENT LOCATION. Signed by JUDGE MARK E WALKER on 2/2/2026. (baf) (Entered: 02/02/2026) |
| 02/02/2026 | 600 | STATE ATTORNEY DEFENDANTS' MOTION TO BE EXCUSED FROM TRIAL by THOMAS BAKKEDAHL, BRUCE BARTLETT, LARRY BASFORD, ED BRODSKY, JACK CAMPBELL, ALEXCIA COX, JOHN DURRETT, AMIRA D FOX, BILL GLADSON, BRIAN HAAS, BRIAN KRAMER, R J LARIZZA, SUSAN LOPEZ, GINGER BOWDEN MADDEN, MELISSA NELSON, HAROLD F |

| | | |
|---|---|---|
| | | PRYOR, KATHERINE FERNANDEZ RUNDLE, WILL SCHEINER, DENNIS WARD, MONIQUE WORRELL. (WYLER, DOUGLAS) Modified title on 2/2/2026 (baf). (Entered: 02/02/2026) |
| 02/02/2026 | 601 | ORDER GRANTING 600 MOTION TO BE EXCUSED FROM TRIAL. Signed by JUDGE MARK E WALKER on 2/2/2026. (baf) (Entered: 02/02/2026) |
| 02/02/2026 | 602 | MOTION to Appear Pro Hac Vice by Johanna Rae Hudgens.( Filing fee $ 219 receipt number AFLNDC−9780796.) by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (Attachments: # 1 Certificate of Good Standing (NY)) (HUDGENS, JOHANNA) (Entered: 02/02/2026) |
| 02/03/2026 | 603 | ORDER ADMITTING JOHANNA RAE HUDGENS PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Johanna Hudgens. ECF No. 602 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 2/3/2026. (baf) (Entered: 02/03/2026) |
| 02/03/2026 | 604 | JOINT MOTION FOR RELIEF FROM REQUIREMENT TO SUBMIT FURTHER JOINT STATUS REPORTS by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 2/4/2026 (baf). (Entered: 02/03/2026) |
| 02/04/2026 | 605 | ORDER GRANTING 604 MOTION TO BE RELIEVED FROM JOINT STATUS REPORT REQUIREMENT. Signed by JUDGE MARK E WALKER on 2/4/2026. (baf) (Entered: 02/04/2026) |
| 02/04/2026 | 606 | FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS' MOTION TO ALLOW WITNESS TO TESTIFY AT TRIAL BY CONTEMPORANEOUS TRANSMISSION FROM A DIFFERENT LOCATION by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (FERGUSON, ROBERT) Modified title on 2/4/2026 (baf). (Entered: 02/04/2026) |
| 02/04/2026 | 607 | ORDER GRANTING 606 MOTION TO ALLOW WITNESS TO TESTIFY AT TRIAL BY CONTEMPORANEOUS TRANSMISSION FROM A DIFFERENT LOCATION. Signed by JUDGE MARK E WALKER on 2/4/2026. (baf) (Entered: 02/04/2026) |
| 02/04/2026 | 608 | THE SECRETARY AND ATTORNEY GENERAL'S COUNTER DESIGNATIONS OF PLAINTIFFS' DEPOSITION TESTIMONY by CORD BYRD, JAMES UTHMEIER re 597 Notice (Other), (Attachments: # 1 Attachment 1 – Counter Designations of Maria Matthews, # 2 Attachment 2 – Counter Designations of Jonathan Bridges, # 3 Attachment 3 – Counter Designations of Jillian Pratt, # 4 Attachment 4 – Counter Designations of Mark Earley, Leon County Supervisor of Elections, # 5 Attachment 5 – Counter Designations of Lucy Melendez, Orange County Supervisor of Elections, # 6 Attachment 6 – Counter Designations of Caitlin Germaine, Osceola County Supervisor of Elections, # 7 Attachment 7 – Counter Designations of Alison Novoa, Palm Beach County Supervisor of Elections) (RABAN, RANDALL) Modified title on 2/5/2026 (baf). (Entered: 02/04/2026) |
| 02/04/2026 | 609 | PLAINTIFFS' MOTION TO EXCLUDE EXHIBITS DX 2, 3, AND 4 by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (Attachments: # 1 Exhibit A – Depo Excerpt – Jillian Pratt, # 2 Exhibit B– Expert Report – Michael C Herron PhD, # 3 Exhibit C – Depo Excerpt – Caitlin Germaine, # 4 Exhibit D – Depo Excerpt – Mark Earley) (WERMUTH, FREDERICK) Modified title on 2/5/2026 (baf). (Entered: 02/04/2026) |
| 02/04/2026 | 612 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Telephonic Status Conference held on 2/4/2026. Parties discuss trial protocols and logistics. Trial hours will be 8:30 am 5:30 pm daily. Parties to file closing arguments by **5:00 p.m. on 3/9/2026**. Counter designations due by **5:00 p.m. on 2/4/2026**. Clerk to setup listen−only line for counsel and parties ONLY. Parties to file list of witnesses by **5:00 pm on 2/5/2026**, then nightly by 9:00 p.m. (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC−Tallahassee). (vkm) (Entered: 02/05/2026) |

| | | |
|---|---|---|
| 02/05/2026 | 610 | ORDER DIRECTING CLERK TO TERMINATE MOTION – Inasmuch as this Court will address Plaintiffs' objections to the admissibility of these exhibits on the record at trial, the Clerk is directed to TERMINATE ECF No. 609 . Signed by JUDGE MARK E WALKER on 2/5/2026. (baf) (Entered: 02/05/2026) |
| 02/05/2026 | 611 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Telephonic Pretrial Proceedings held on 2/4/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797. <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <br><br> Redaction Request due **2/12/2026**. Release of Transcript Restriction set for **5/13/2026**. (mah) (Entered: 02/05/2026) |
| 02/06/2026 | 613 | MOTION FOR LEAVE TO FILE PROPOSED STATEMENT OF INTEREST ON BEHALF OF THE CIVIL RIGHTS CLINIC AT HOWARD UNIVERSITY SCHOOL OF LAW, SENATOR LAVON BRACY DAVIS, SENATOR TRACIE DAVIS, REPRESENTATIVE MICHELE RAYNER, REPRESENTATIVE RASHON YOUNG, REPRESENTATIVE ASHLEY GANTT, FLORIDA STATE CONFERENCE OF THE NAACP, COMMON CAUSE, AND EQUAL GROUND EDUCATION FUND IN SUPPORT OF PLAINTIFFS by CIVIL RIGHTS CLINIC AT HOWARD UNIVERSITY SCHOOL OF LAW, LAVON BRACY DAVIS, TRACIE DAVIS, MICHELE RAYNER, RASHON YOUNG, ASHLEY GANTT, FLORIDA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, COMMON CAUSE, EQUAL GROUND EDUCATION FUND. (Attachments: # 1 Proposed Statement of Interest) (SLATER, JAMES) Modified title on 2/6/2026 (baf). (Entered: 02/06/2026) |
| 02/06/2026 | 614 | NOTICE OF APPEARANCE ON BEHALF OF ALACHUA COUNTY SUPERVISOR OF ELECTIONS by ANDY V BARDOS on behalf of KIM BARTON (BARDOS, ANDY) Modified title on 2/6/2026 (baf). (Entered: 02/06/2026) |
| 02/06/2026 | 615 | NOTICE OF APPEARANCE ON BEHALF OF ALACHUA COUNTY SUPERVISOR OF ELECTIONS by JAMES TIMOTHY MOORE, JR on behalf of KIM BARTON (MOORE, JAMES) Modified title on 2/6/2026 (baf). (Entered: 02/06/2026) |
| 02/06/2026 | 616 | ORDER GRANTING 613 MOTION FOR LEAVE TO FILE AMICUS BRIEF. Signed by JUDGE MARK E WALKER on 2/6/2026. (baf) (Entered: 02/06/2026) |
| 02/06/2026 | 627 | DOCKET ANNOTATION BY COURT: ZOOM & LISTEN–ONLY PHONE INFORMATION EMAILED TO PARTIES. (vkm) (Entered: 02/09/2026) |
| 02/07/2026 | 617 | MOTION TO APPEAR PRO HAC VICE by Kristen Clarke.( Filing fee $ 219 receipt number AFLNDC–9787478.) by LAVON BRACY DAVIS, CIVIL RIGHTS CLINIC AT HOWARD UNIVERSITY SCHOOL OF LAW, COMMON CAUSE, TRACIE DAVIS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ASHLEY GANTT, MICHELE RAYNER, RASHON YOUNG. (Attachments: # 1 Exhibit Cert. of Good Standing) (CLARKE, KRISTEN) Modified title on 2/9/2026 (baf). (Entered: 02/07/2026) |
| 02/07/2026 | 618 | SUPERVISORS OF ELECTIONS' DESIGNATIONS OF DEPOSITION TESTIMONY by KIM BARTON, MELISSA BLAZIER, BRIAN CORLEY, TOMMY DOYLE, SCOTT FARRINGTON, ALAN HAYS, SHERRI HODIE, AMY PENNOCK, LESLIE SWAN, LEAH VALENTI, WESLEY WILCOX (Attachments: # 1 Exhibit A – Deposition Transcript) (BARDOS, ANDY) Modified title on 2/9/2026 (baf). (Entered: 02/07/2026) |
| 02/07/2026 | 619 | MOTION TO APPEAR PRO HAC VICE by John Powers.( Filing fee $ 219 receipt number AFLNDC–9787567.) by LAVON BRACY DAVIS, CIVIL RIGHTS CLINIC AT HOWARD UNIVERSITY SCHOOL OF LAW, COMMON CAUSE, TRACIE DAVIS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE |

| | | |
|---|---|---|
| | | CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ASHLEY GANTT, MICHELE RAYNER, RASHON YOUNG. (Attachments: # 1 Exhibit Certificate of good standing) (POWERS, JOHN) Modified title on 2/9/2026 (baf). (Entered: 02/07/2026) |
| 02/07/2026 | 620 | THE SECRETARY AND ATTORNEY GENERAL'S NOTICE OF AMENDED COUNTER DESIGNATIONS OF CERTAIN DEPOSITIONS by CORD BYRD (Attachments: # 1 Attachment 1 – Amended Counter Designations of Jonathan Bridges Deposition, # 2 Attachment 2 – Amended Counter Designations of Jillian Pratt Deposition, # 3 Attachment 3 – Amended Counter Designations of Maria Matthews Deposition) (RABAN, RANDALL) Modified title on 2/9/2026 (baf). (Entered: 02/07/2026) |
| 02/08/2026 | 621 | THE SECRETARY, ATTORNEY GENERAL AND REPUBLICAN PARTY OF FLORIDA'S NOTICE OF FILING AMENDED TRIAL EXHIBIT LIST by CORD BYRD.. (Attachments: # 1 Secretary, Attorney General, and Republican Party of Florida's Amended Exhibit List) (RABAN, RANDALL) Modified title on 2/9/2026 (baf). (Entered: 02/08/2026) |
| 02/08/2026 | 622 | PLAINTIFFS' LIST OF WITNESSES AS OF FEBRUARY 8, 2026 by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 2/9/2026 (baf). (Entered: 02/08/2026) |
| 02/08/2026 | 623 | NOTICE OF FILING AMENDED TRIAL EXHIBIT LIST by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON.. (Attachments: # 1 Amended Consolidated Trial Exhibit List) (MASTORIS, GEORGE) Modified title on 2/9/2026 (baf). (Entered: 02/08/2026) |
| 02/09/2026 | 624 | ORDER ADMITTING JOHN POWERS PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for John Powers. ECF No. 619 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 2/9/2026. (baf) (Entered: 02/09/2026) |
| 02/09/2026 | 625 | ORDER ADMITTING KRISTEN CLARKE PRO HAC VICE – This Court has considered, without hearing, the motion for admission pro hac vice for Kristen Clarke. ECF No. 617 . The motion is GRANTED. Signed by JUDGE MARK E WALKER on 2/9/2026. (baf) (Entered: 02/09/2026) |
| 02/09/2026 | 626 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Bench Trial Day 1 held on 2/9/2026 (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee). (vkm) (Entered: 02/09/2026) |
| 02/09/2026 | 628 | PARTIES' LIST OF WITNESSES AS OF FEBRUARY 9, 2026 by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 2/10/2026 (baf). (Entered: 02/09/2026) |
| 02/09/2026 | 629 | PLAINTIFFS' CORRECTED LIST OF WITNESSES AS OF FEBRUARY 9, 2026 by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 2/10/2026 (baf). (Entered: 02/09/2026) |
| 02/10/2026 | 630 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Bench Trial Day 2 held on 2/10/2026 (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee)). (vkm) (Entered: 02/10/2026) |
| 02/10/2026 | 631 | PARTIES' LIST OF WITNESSES AS OF FEBRUARY 10, 2026 by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 2/11/2026 (baf). (Entered: 02/10/2026) |
| 02/11/2026 | 632 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Bench Trial Day 3 held on 2/11/2026. (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee). (vkm) (Entered: 02/11/2026) |
| 02/11/2026 | 633 | PLAINTIFFS' LIST OF WITNESSES AS OF FEBRUARY 11, 2026 by SMART & SAFE FLORIDA. (MURPHY, HANNAH) Modified title on 2/12/2026 (baf). (Entered: 02/11/2026) |

| 02/12/2026 | 634 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Bench Trial Day 4 held on 2/12/2026 (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee). (vkm) (Entered: 02/12/2026) |
|---|---|---|
| 02/12/2026 | 635 | PLAINTIFFS' LIST OF WITNESSES AS OF FEBRUARY 12, 2026 by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (MASTORIS, GEORGE) Modified title on 2/13/2026 (baf). (Entered: 02/12/2026) |
| 02/13/2026 | 636 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Bench Trial Day 5 held on 2/13/2026. Ruling by Court: Plaintiffs to file witness list by **10:00 am on 2/16/2026** (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee). (vkm) (Entered: 02/13/2026) |
| 02/13/2026 | 637 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume III Proceedings held on 2/11/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due **2/20/2026**. Release of Transcript Restriction set for **5/21/2026**. (mah) (Entered: 02/13/2026) |
| 02/13/2026 | 638 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume IV Proceedings held on 2/12/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due **2/20/2026**. Release of Transcript Restriction set for **5/21/2026**. (mah) (Entered: 02/13/2026) |
| 02/13/2026 | 639 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume II Proceedings held on 2/10/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due **2/20/2026**. Release of Transcript Restriction set for **5/21/2026**. (mah) (Entered: 02/13/2026) |
| 02/13/2026 | 640 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume I Proceedings held on 2/9/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due **2/20/2026**. Release of Transcript Restriction set for **5/21/2026**. (mah) (Entered: 02/13/2026) |

| | | |
|---|---|---|
| 02/13/2026 | 641 | PLAINTIFFS' LIST OF WITNESSES AS OF FEBRUARY 13, 2026* by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (MASTORIS, GEORGE) Modified title on 2/17/2026 (baf). (Entered: 02/13/2026) |
| 02/16/2026 | 642 | PLAINTIFFS' LIST OF WITNESSES AS OF FEBRUARY 16, 2026 by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (MASTORIS, GEORGE) Modified title on 2/17/2026 (baf). (Entered: 02/16/2026) |
| 02/17/2026 | 643 | Minute Entry for proceedings held before JUDGE MARK E WALKER:Bench Trial Day 6 held on 2/17/2026 (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee). (vkm) (Entered: 02/17/2026) |
| 02/17/2026 | 644 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume V Proceedings held on 2/13/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **2/24/2026**. Release of Transcript Restriction set for **5/26/2026**. (mah) (Entered: 02/17/2026) |
| 02/17/2026 | 645 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of OFFER OF PROOF – Testimony of Dr. Smith – Proceedings held on 2/13/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **2/24/2026**. Release of Transcript Restriction set for **5/26/2026**. (mah) (Entered: 02/17/2026) |
| 02/17/2026 | 646 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume VI Proceedings held on 2/17/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **2/24/2026**. Release of Transcript Restriction set for **5/26/2026**. (mah) (Entered: 02/17/2026) |
| 02/17/2026 | 647 | LIST OF WITNESSES AS OF FEBRUARY 17, 2026 by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (MASTORIS, GEORGE) Modified title on 2/18/2026 (baf). (Entered: 02/17/2026) |
| 02/17/2026 | 651 | ORDER of USCA as to 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Appeal, 284 Notice of Appeal. The motion to withdraw Alan M. Hurst as counsel for Amicus Curiae State of Idaho is GRANTED. Appeal No. 25–12370–EE. (baf) (Entered: 02/19/2026) |

| 02/18/2026 | 648 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Bench Trial Day 7 held on 2/18/2026 (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee). (vkm) (Entered: 02/18/2026) |
|---|---|---|
| 02/18/2026 | 649 | FDH PLAINTIFFS' SUPPLEMENTAL BRIEF ON DX. 2, 3, AND 4 by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 2/19/2026 (baf). (Entered: 02/18/2026) |
| 02/19/2026 | 650 | NOTICE OF FILING EXHIBITS IN SUPPORT OF 649 FDH PLAINTIFFS' SUPPLEMENTAL BRIEF ON DX. 2, 3, AND 4 by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS (Attachments: # 1 Ex. A – DX 2 – Highlights, # 2 Ex. B – DX 3 – Highlights – Part 1, # 3 Ex. C – DX 3 – Highlights – Part 2, # 4 Ex. D – DX 4 – Highlights) (WERMUTH, FREDERICK) Modified title on 2/19/2026 (baf). (Entered: 02/19/2026) |
| 02/19/2026 | 652 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume VII Proceedings held on 2/18/2025, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **2/26/2026**. Release of Transcript Restriction set for **5/27/2026**. (mah) (Entered: 02/19/2026) |
| 02/19/2026 | 653 | THE SECRETARY, ATTORNEY GENERAL, AND REPUBLICAN PARTY OF FLORIDA'S NOTICE OF FILING DEFENSE EXHIBITS 2, 3, AND 4 by CORD BYRD (Attachments: # 1 Exhibit Defense Exhibit (DX) 2, # 2 Exhibit Defense Exhibit (DX) 3, # 3 Exhibit Defense Exhibit (DX) 4) (RABAN, RANDALL) Modified title on 2/19/2026 (baf). (Entered: 02/19/2026) |
| 02/19/2026 | 656 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Bench Trial Day 8 held on 2/19/2026 (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee). (vkm) (Entered: 02/23/2026) |
| 02/20/2026 | 654 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume VIII Proceedings held on 2/19/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **2/27/2026**. Release of Transcript Restriction set for **5/28/2026**. (mah) (Entered: 02/20/2026) |
| 02/20/2026 | 655 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial – Volume VIIII Proceedings held on 2/20/2026, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850–443–9797.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **2/27/2026**. Release of Transcript Restriction set for **5/28/2026**. (mah) (Entered: 02/20/2026) |
| 02/20/2026 | 657 | Minute Entry for proceedings held before JUDGE MARK E WALKER: Bench Trial Day 9 completed on 2/20/2026 (Court Reporter Megan Hague (megan.a.hague@gmail.com) USDC–Tallahassee). (Attachments: # 1 Exhibit List) |

| | | |
|---|---|---|
| | | (vkm) (Entered: 02/23/2026) |
| 03/03/2026 | 658 | UNOPPOSED MOTION TO EXTEND TIME FOR WRITTEN CLOSING by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 3/3/2026 (baf). (Entered: 03/03/2026) |
| 03/03/2026 | 659 | ORDER GRANTING EXTENSION – This Court has considered, without hearing, Defendant Byrd's unopposed motion for extension of time to file written closing arguments. ECF No. 658 . The motion is GRANTED. All parties' written closing arguments are due on or before **3/19/2026**, at 5:00 p.m. (ET). Signed by JUDGE MARK E WALKER on 3/3/2026. (baf) (Entered: 03/03/2026) |
| 03/09/2026 | 660 | MOTION TO WITHDRAW AS COUNSEL by JAMES UTHMEIER. (HARDY, MARYSSA) Modified title on 3/9/2026 (baf). (Entered: 03/09/2026) |
| 03/09/2026 | 661 | ORDER GRANTING 660 MOTION TO WITHDRAW AS COUNSEL – The Clerk shall disconnect Maryssa Hardy from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 3/9/2026. (baf) Attorney MARYSSA SAVANNAH–LYNN HARDY terminated. (Entered: 03/09/2026) |
| 03/12/2026 | 662 | ORDER of USCA as to 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Appeal, 284 Notice of Appeal. Attorney Maryssa Hardy's motion to withdraw as counsel for Appellant Attorney General, State of Florida is GRANTED. Appeal No. 25–12370–EE. (baf) (Entered: 03/12/2026) |
| 03/19/2026 | 663 | THE SECRETARY, ATTORNEY GENERAL, AND INTERVENOR–DEFENDANT'S WRITTEN CLOSING by CORD BYRD, REPUBLICAN PARTY OF FLORIDA, JAMES UTHMEIER. (JAZIL, MOHAMMAD) Modified title on 3/19/2026 (baf). (Entered: 03/19/2026) |
| 03/19/2026 | 664 | THE SUPERVISORS OF ELECTIONS' POST–TRIAL BRIEF by JANET H ADKINS, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MELONY BELL, ROBERT BENDER, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, DARBI CHAIRES, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN CORLEY, LISA DARUS, VICKI DAVIS, KAREN CASTOR DENTEL, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, MARK EARLEY, ALETRIS FARNAM, SCOTT FARRINGTON, ALINA GARCIA, TRAVIS HART, ALAN HAYS, KAREN HEALY, SHERRI HODIE, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER KINSEY, CRAIG LATIMER, DENISE LAVANCHER, KAITLYN LENHART, LISA LEWIS, WENDY LINK, PAUL A LUX, JULIE MARCUS, DAVID MAY, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH R MORGAN, VICKY OAKES, DEBORAH OSBORNE, CHARLES OVERTURF, AMY PENNOCK, DEIDRA PETTIS, RHONDA PIERCE, HEATHER RILEY, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, LESLIE SWAN, SHERRY TAYLOR, RON TURNER, LEAH VALENTI, TAPPIE VILLANE, GERTRUDE WALKER, NINA WARD, DEBBIE WERTZ, WESLEY WILCOX, H. RUSSELL WILLIAMS, KENYA WILLIAMS. (BARDOS, ANDY) Modified title on 3/20/2026 (baf). (Entered: 03/19/2026) |
| 03/19/2026 | 665 | SMART & SAFE FLORIDA'S POST–TRIAL BRIEF by SMART & SAFE FLORIDA. (BURHANS, GLENN) Modified title on 3/20/2026 (baf). (Entered: 03/19/2026) |
| 03/19/2026 | 666 | FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS' CLOSING TRIAL BRIEF by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. (FERGUSON, ROBERT) Modified title on 3/20/2026 (baf). (Entered: 03/19/2026) |
| 03/19/2026 | 667 | FDH PLAINTIFFS' WRITTEN CLOSING STATEMENT AND POST–TRIAL BRIEF by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 3/20/2026 (baf). (Entered: 03/19/2026) |
| 03/19/2026 | 668 | LEAGUE PLAINTIFFS' WRITTEN CLOSING STATEMENT AND POST–TRIAL BRIEF by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF |

| | | |
|---|---|---|
| | | WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (Attachments: # 1 Appendix A, # 2 Appendix B) (MASTORIS, GEORGE) Modified title on 3/20/2026 (baf). (Entered: 03/19/2026) |
| 03/20/2026 | 669 | ***Construed as Motion to Accept Trial Brief as Timely Filed.*** Request to accept, nunc pro tunc, League Plaintiffs' Post–Trial Brief by DEBRA CHANDLER, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON. (MASTORIS, GEORGE) Modified title on 3/20/2026 (baf). (Entered: 03/20/2026) |
| 03/20/2026 | 670 | ORDER GRANTING 669 MOTION TO ACCCEPT TRIAL BRIEF AS TIMELY. Signed by JUDGE MARK E WALKER on 3/20/2026. (baf) (Entered: 03/20/2026) |
| 04/02/2026 | 671 | NOTICE *of Mootness Concerning Racketeering Definition* by CORD BYRD, JAMES UTHMEIER (Attachments: # 1 Exhibit Enrolled Bill, # 2 Exhibit Laws of Florida) (JAZIL, MOHAMMAD) (Entered: 04/02/2026) |
| 04/02/2026 | 672 | NOTICE *OF JOINDER* by REPUBLICAN PARTY OF FLORIDA re 671 Notice (Other) (PRICE, TARA) (Entered: 04/02/2026) |
| 04/03/2026 | 673 | ORDER FOR EXPEDITED RESPONSE – The suggestion of mootness speaks for itself, but if Plaintiffs wish to be heard, they must file an expedited response to the suggestion of mootness on or before Wednesday, **4/8/2026**. Signed by JUDGE MARK E WALKER on 4/3/26. (sjb) (Entered: 04/03/2026) |
| 04/08/2026 | 674 | FDH AND LEAGUE PLAINTIFFS' JOINT RESPONSE TO STATE DEFENDANTS SUGGESTION OF MOOTNESS by DEBRA CHANDLER, MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF FLORIDA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, CECILE SCOON, JORDAN SIMMONS re 672 Notice (Other), 673 Order,, Set Deadlines, 671 Notice (Other) *FDH and League Plaintifffs' Joint Response to State Defendants' Suggestion of Mootness*. (WERMUTH, FREDERICK) Modified title on 4/9/2026 (baf). (Entered: 04/08/2026) |
| 04/14/2026 | 675 | ORDER FOR EXPEDITED RESPONSE – Defendants' response is due on or before **4/21/2026**. Signed by JUDGE MARK E WALKER on 4/14/2026. (baf) (Entered: 04/14/2026) |
| 04/20/2026 | 676 | THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN SUPPORT OF SUGGESTION OF MOOTNESS by CORD BYRD, JAMES UTHMEIER. (Attachments: # 1 Smart & Safe Letters) (JAZIL, MOHAMMAD) Modified title on 4/21/2026 (baf). (Entered: 04/20/2026) |
| 04/21/2026 | 677 | REPUBLICAN PARTY OF FLORIDA'S NOTICE OF JOINDER OF 676 THE SECRETARY AND ATTORNEY GENERAL'S RESPONSE IN SUPPORT OF SUGGESTION OF MOOTNESS by REPUBLICAN PARTY OF FLORIDA (PRICE, TARA) Modified title on 4/22/2026 (baf). (Entered: 04/21/2026) |
| 04/22/2026 | | Set Deadlines re 312 FLORIDARIGHTTOCLEANWATER.ORG AND MELISSA MARTINS NOTICE OF CROSS–APPEAL, 287 REPUBLICAN PARTY OF FLORIDA'S NOTICE OF APPEAL, 315 PLAINTIFFS' NOTICE OF CROSS–APPEAL, 284 THE SECRETARY AND ATTORNEY GENERAL'S NOTICE OF APPEAL, 331 NOTICE OF CROSS–APPEAL: Clerk to check status of Appeal on **7/20/2026**. USCA Appeal No. 25–12370 is still pending. (baf) (Entered: 04/22/2026) |
| 04/29/2026 | 678 | NOTICE OF SUPPLEMENTAL AUTHORITY by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN (Attachments: # 1 Exhibit A – First Choice Women's Resource Centers, Inc. v. Davenport, No. 24–781 (U.S. Apr. 29, 2026)) (FERGUSON, ROBERT) Modified title on 4/29/2026 (baf). (Entered: 04/29/2026) |
| 04/30/2026 | 679 | FINAL ORDER ON MERITS. IT IS ORDERED: 1. With respect to the Florida Decides Healthcare, Inc., Jordan Simmons, and Mitchell Emerson, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Florida Decides Healthcare Inc.'s challenges to the petition circulator eligibility |

| | | |
|---|---|---|
| | | requirements, the petition circulator registration requirements, the ten–day delivery requirement and associated fines, and the increased verification costs provision. The Florida Decides Healthcare Plaintiffs' challenges to the "racketeering activity" definition are DISMISSED as moot for prudential reasons. The balance of the Florida Decides Healthcare Plaintiffs claims are DISMISSED for lack of standing." 2. With respect to Smart & Safe Florida, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Smart & Safe Florida's challenge to the ten–day delivery requirement and associated fines. The balance of Smart & Safe Florida's claims are DISMISSED for lack of standing." 3. With respect to Floridarighttocleanwater.org and Melissa Martin, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Right to Clean Water Plaintiffs' challenge to the ten–day delivery requirement and associated fines. The balance of Right to Clean Water Plaintiffs' claims are DISMISSED for lack of standing." 4. With respect to the League of Women Voters of Florida, the League of Women Voters of Florida Education Fund, Inc., LULAC, Cecile Scoon, and Debra Chandler, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to the League Plaintiffs' challenges to the registration requirements, the criminal prohibitions against filling in missing information on signed petitions and possessing more than 25 signed petitions as an unregistered petition circulator, and the investigation provision. The League Plaintiffs' challenges to the "racketeering activity" definition are DISMISSED as moot for prudential reasons. The balance of the League Plaintiffs' claims are DISMISSED for lack of standing." 5. Consistent with this Court's prior Order acknowledging the Poder Latinx Plaintiff's stipulation of dismissal, ECF No. 498 , the Clerk shall enter judgment stating, "Plaintiffs Poder Latinx, Yivian Lopez Garcia, and Humberto Orjuela Prieto's claims are DISMISSED without prejudice." 6. The Clerk shall VACATE this Court's prior preliminary injunction with respect to Jordan Simmons's vagueness claim challenging the "racketeering activity" definition, ECF No. 189 , and close the file. Signed by JUDGE MARK E WALKER on 4/30/2026. (kjw) (Entered: 04/30/2026) |
| 04/30/2026 | 680 | CLERK'S JUDGMENT re 679 FINAL ORDER ON MERITS. (kjw) 90 Day Exhibit Return Deadline set for **7/29/2026.** (Entered: 04/30/2026) |
| 04/30/2026 | 681 | CLERK'S JUDGMENT re 679 FINAL ORDER ON MERITS. (kjw) 90 Day Exhibit Return Deadline set for **7/29/2026.** (Entered: 04/30/2026) |
| 04/30/2026 | 682 | CLERK'S JUDGMENT re 679 FINAL ORDER ON MERITS. (kjw) 90 Day Exhibit Return Deadline set for **7/29/2026.** (Entered: 04/30/2026) |
| 04/30/2026 | 683 | CLERK'S JUDGMENT re 679 FINAL ORDER ON MERITS. (kjw) 90 Day Exhibit Return Deadline set for **7/29/2026.** (Entered: 04/30/2026) |
| 04/30/2026 | 684 | CLERK'S JUDGMENT re 679 FINAL ORDER ON MERITS. (kjw) 90 Day Exhibit Return Deadline set for **7/29/2026.** (Entered: 04/30/2026) |
| 05/07/2026 | 685 | SUPPLEMENTAL ROA Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 287 Notice of Appeal, 331 Notice of Appeal, 315 Notice of Cross Appeal, 312 Notice of Cross Appeal, 284 Notice of Appeal, Appeal No. 25–12370–E. The entire record on appeal is available electronically. ***Transcripts filed on 8/12/2025, 8/21/2025, 2/5/2026, 2/13/2026, 2/17/2026, 2/19/2026, 2/20/2026.*** (baf) (Entered: 05/07/2026) |
| 05/14/2026 | 686 | BILL OF COSTS by MELISSA BLAZIER, BRIAN CORLEY, TOMMY DOYLE, SCOTT FARRINGTON, ALAN HAYS, SHERRI HODIE, AMY PENNOCK, LESLIE SWAN, LEAH VALENTI, WESLEY WILCOX. (BARDOS, ANDY) (Entered: 05/14/2026) |
| 05/14/2026 | 687 | UNOPPOSED MOTION OF FLORIDA DECIDES HEALTHCARE PLAINTIFFS TO DEFER THE FILING AND RESOLUTION OF MOTION FOR DETERMINATION OF ENTITLEMENT TO, AND AMOUNT OF, FEES AND THE FILING OF BILL OF COSTS by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 5/14/2026 (baf). (Entered: 05/14/2026) |
| 05/14/2026 | | Set 686 deadline: (Internal deadline for referral to judge if response not filed earlier: **5/28/2026**). (baf) (Entered: 05/14/2026) |

| 05/14/2026 | 688 | BILL OF COSTS by CORD BYRD, JAMES UTHMEIER. (JAZIL, MOHAMMAD) (Entered: 05/14/2026) |
|---|---|---|
| 05/14/2026 | 689 | MEMORANDUM IN SUPPORT OF THE SECRETARY'S 688 BILL OF COSTS by CORD BYRD, JAMES UTHMEIER. (Attachments: # 1 Affidavit Affidavit of Kayla Gordon) (JAZIL, MOHAMMAD) Modified title on 5/15/2026 (baf). (Entered: 05/14/2026) |
| 05/14/2026 | 690 | ORDER SUSPENDING DEADLINES – This Court has considered, without hearing, the Florida Decides Healthcare Plaintiffs' unopposed motion to suspend the deadlines to seek entitlement to fees and to file a verified bill of costs. ECF No. 687 . The motion, ECF No. 687 , is GRANTED. The deadline to seek entitlement to attorneys fees and costs and to file a verified bill of costs is extended to within 14 days of (a) the final resolution of appellate proceedings, or (b) the expiration of the time to file a notice of appeal, whichever occurs first. Signed by JUDGE MARK E WALKER on 5/14/2026. (baf) (Entered: 05/15/2026) |
| 05/14/2026 | | Set 688 deadline: (Internal deadline for referral to judge if response not filed earlier: **5/28/2026)**. (baf) (Entered: 05/15/2026) |
| 05/29/2026 | 691 | UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS, FLORIDA DECIDES HEALTHCARE, INC., MITCHELL EMERSON, AND JORDAN SIMMONS by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. (WERMUTH, FREDERICK) Modified title on 5/29/2026 (baf). (Entered: 05/29/2026) |
| 05/29/2026 | 692 | ORDER GRANTING 691 MOTION TO WITHDRAW AS COUNSEL – The Clerk shall disconnect Ben Stafford, Emma Olson Sharkey, Harleen K. Gambhir, Nicole E. Wittstein, and Derek A. Zeigler of the law firm Elias Law Group LLP, and Frederick S. Wermuth and Quinn B. Ritter of the law firm of King, Blackwell, Zehnder & Wermuth, P.A., from CM/ECF as counsel for Plaintiffs, Florida Decides Healthcare, Inc., Mitchell Emerson, and Jordan Simmons in this case. Signed by JUDGE MARK E WALKER on 5/29/2026. (baf) (Attorney QUINN BRANDON RITTER; BEN STAFFORD; FREDERICK STANTON WERMUTH; NICOLE ELYSE WITTSTEIN; DEREK ANTHONY ZEIGLER; HARLEEN KAUR GAMBHIR and EMMA OLSON SHARKEY terminated.) (Entered: 05/29/2026) |
| 06/01/2026 | 693 | THE FDH PLAINTIFFS' NOTICE OF APPEAL as to 679 FINAL ORDER ON MERITS, 680 CLERK'S JUDGMENT by MITCHELL EMERSON, FLORIDA DECIDES HEALTHCARE INC, JORDAN SIMMONS. ( Filing fee $605 Receipt Number AFLNDC–9915059.) (SHAPIRO, AVNER) Modified title on 6/1/2026 (baf). (Entered: 06/01/2026) |
| 06/01/2026 | 694 | Appeal Instructions re: 693 Notice of Appeal: The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **6/15/2026**. (baf) (Entered: 06/01/2026) |
| 06/01/2026 | 695 | FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS NOTICE OF APPEAL as to 679 FINAL ORDER ON MERITS, 682 CLERK'S JUDGMENT by FLORIDARIGHTTOCLEANWATER.ORG, MELISSA MARTIN. ( Filing fee $605 Receipt Number AFLNDC–9915187.) (FERGUSON, ROBERT) Modified title on 6/1/2026 (baf). (Entered: 06/01/2026) |
| 06/01/2026 | 696 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 693 THE FDH PLAINTIFFS' NOTICE OF APPEAL as to 679 FINAL ORDER ON MERITS, 680 CLERK'S JUDGMENT. (baf) (Entered: 06/01/2026) |
| 06/01/2026 | | Set Deadlines re 693 THE FDH PLAINTIFFS' NOTICE OF APPEAL: Clerk to check status of Appeal on **8/30/2026**. Certificate of Readiness (FRAP 11) due by **6/15/2026**. (baf) (Entered: 06/01/2026) |
| 06/01/2026 | 697 | Appeal Instructions re: 695 Notice of Appeal: The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the |

| | | district court and the appeals court. Transcript Order Form due by **6/15/2026**. (baf) (Entered: 06/01/2026) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

FLORIDA DECIDES
HEALTHCARE, INC., *et al.*,

     *Plaintiffs*,

v.

CORD BYRD, in his official capacity as
Secretary of State of Florida, *et al.*,

     *Defendants*.

Case No. 4:25-cv-00211-MW-MAF

## <u>FLORIDA RIGHT TO CLEAN WATER PLAINTIFFS'</u>
## <u>NOTICE OF APPEAL</u>

Plaintiffs FloridaRighttoCleanWater.org and Melissa Martin (together, "Florida Right to Clean Water Plaintiffs" or "RTCW Plaintiffs") appeal to the U.S. Court of Appeals for the Eleventh Circuit from the final order on the merits, Doc. 679, and clerk's judgment, Doc. 682, both entered on April 30, 2026.

1

Respectfully submitted this 1st day of June, 2026,

*/s/ Brent Ferguson*
Danielle Lang (D.C. Bar No. 1500218)*
Brent Ferguson (D.C. Bar No. 1782289)*
Sejal Jhaveri (N.Y. Bar No. 5396304)*
William Hancock (D.C. Bar No. 90002204)*
Heather Szilagyi (D.C. Bar No. 90006787)*
Ellen Boettcher (D.C. Bar No. 90005525)*
Melissa Neal (D.C. Bar No. 90018637)*
Alexis Grady (D.C. Bar No. 90017620)*
Samantha Perlman (Mass. Bar No. 715595)*
Simone Leeper (Fla. Bar No. 1020511)
Campaign Legal Center
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
whancock@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
eboettcher@campaignlegalcenter.org
mneal@campaignlegalcenter.org
agrady@campaignlegalcenter.org
sperlman@campaignlegalcenter.org
sleeper@campaignlegalcenter.org

*Counsel for Plaintiffs FloridaRighttoCleanWater.org
and Melissa Martin*

*admitted *pro hac vice*

2

## CERTIFICATE OF SERVICE

I certify that on June 1, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this case.

/s/ Brent Ferguson
Brent Ferguson

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

      *Plaintiffs/Intervenor-Plaintiffs*,

v.                                 Case No.: 4:25cv211-MW/MAF

CORD BYRD, et al.,

      *Defendants/Intervenor-Defendants.*

_____/

## FINAL ORDER ON MERITS

This Order is entered following a bench trial on Plaintiffs' claims challenging the constitutionality of several provisions of HB 1205, which amended Florida's laws pertaining to the statewide ballot initiative process.

"Florida's Constitution gives 'the people' the power to propose amendments to the state constitution." *Biddulph v. Mortham*, 83 F.3d 1491, 1493 (11th Cir. 1996) (citing Art. XI, § 3, Fla. Const.). This right of the people "derive[s] from wholly state-created procedures by which issues that might otherwise be considered by elected representatives may be put to the voting populace." *Gibson v. Firestone*, 741 F.2d 1268, 1273 (11th Cir. 1984). As Plaintiffs' expert, Dr. Dan Smith, explained at trial, Florida's Constitution Revision Commission of 1966, led by Democrat Chesterfield Smith, recognized that when the governing party centralizes so much

power, as the Florida Democratic party did in the 1950s and '60s, it begins to act as a cartel. ECF No. 644 at 45–46. As a result, many issues may go unheard, despite public support for legislation. *Id*. To combat the chokehold this "cartel interest" has on legislation, Florida created the right of citizens to directly bring issues to public vote.[1]

But this right of the people is not without limits. "The state, having created such a procedure, retains the authority to interpret its scope and availability." *Gibson*, 741 F.2d at 1273. In other words, "[s]tates allowing ballot initiatives have considerable leeway to protect the integrity and reliability of the initiative process, as they have with respect to election processes generally." *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 191 (1999).

To that end, Florida has, over the years, enacted myriad regulations of this process, including regulations of the framing of proposed language for ballot initiatives, signature requirements to qualify for ballot placement, deadlines for returning signed petitions, etc. Indeed, before the Legislature enacted the challenged legislation at issue in this case, the chance of successfully proposing and passing a statewide ballot initiative was an uphill battle unless a sponsor was able to marshal

---

[1] Now, like the Democrats in the 1950s and '60s, Republicans have a chokehold on power in the Florida Legislature. Recently, the Legislature has enacted more regulations on Floridians' right of direct democracy, and, in the words of Defendant Earley, appear to "kill the ability to bring citizen initiative petitions to the ballot," with HB 1205. *See* ECF No. 639 at 180–81.

2

enormous resources and put them to work in a massive statewide campaign. Now, according to Plaintiffs, that process has gotten even more challenging, inefficient, and expensive due to new restrictions imposed by HB 1205.

Plaintiffs include three statewide ballot initiative sponsors, Smart & Safe Florida ("Smart & Safe"), Florida Decides Healthcare ("FDH"), and Right to Clean Water ("RTCW"), who had active campaigns to reach the ballot for the 2026 general election. Plaintiffs also include individuals associated with FDH—Jordan Simmons and Mitchell Emerson—and RTCW's campaign coordinator, Melissa Martin. And Plaintiffs include community organizations, the League of Women Voters ("the League") and the League of United Latin American Citizens ("LULAC"), and League members Cecile Scoon and Debra Chandler.

These Plaintiffs challenge most of the changes enacted through HB 1205, including new deadlines and requirements for returning signed petitions, who can serve as petition circulators, registration requirements for petition circulators, new criminal prohibitions and investigatory requirements associated with petition circulation, how much the State may charge initiative sponsors to verify signed petitions, what language must be included on initiative petitions, and how many initiatives a sponsor may propose. Plaintiffs' claims assert most of these provisions violate their First Amendment rights to speech and association by imposing a severe burden on their petition circulation efforts. Smart & Safe also contends the new

3

financial impact statement requirement compels speech in violation of the First Amendment, while FDH contends the new verification costs violate its right to equal protection and the League Plaintiffs assert one of the petition circulator eligibility requirements violates their rights to equal protection. But before this Court can address the merits of the claims presented in this case, it must first address the threshold question of standing.

I

First, this Court addresses whether Plaintiffs have standing to pursue prospective relief for each of the provisions they challenge. *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F. 2d 756, 759 (11th Cir. 1991) ("Before rendering a decision . . . every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings . . . ."). "Plaintiffs must maintain their personal interest in the dispute at all stages of litigation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "[I]n a case like this that proceeds to trial, the specific facts set forth by the plaintiff to support standing must be supported adequately by the evidence adduced at trial." *Id*. (internal quotation marks and citation omitted). "And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and

4

for each form of relief that they seek (for example, injunctive relief and damages)." *Id*. (citations omitted).

The parties are well familiar with the requirements for demonstrating Article III standing—namely, injury in fact, traceability, and redressability. This Court addresses each Plaintiff's standing as to each claim in turn, starting with each Plaintiff's evidence concerning the injuries suffered as the result of the challenged provisions. This Court's discussion begins with Smart & Safe.

A

First, this Court addresses those claims for which Smart & Safe has not demonstrated standing. Smart & Safe is a registered Florida political committee that sponsored a citizen initiative entitled "Adult Personal Use of Marijuana" during the 2026 election cycle. ECF No. 596 ¶ 63. Smart & Safe also attempted to sponsor a second proposed amendment entitled "Home Cultivation of Medical Marijuana" during the 2026 election cycle. *Id*. ¶ 65. The parties stipulated that if this second proposed amendment was unsuccessful in making the ballot for 2026, it would sponsor the same initiative for the 2028 election cycle. *Id*.[2] However, as Defendants point out, the testimony Smart & Safe introduced at trial failed to demonstrate that

---

[2] Smart & Safe asserted in the pretrial stipulation that it intends to campaign for its ballot initiatives in the 2028 election cycle if it obtains the necessary relief before this Court. *See* ECF No. 596 at 60, ¶¶ 17–18. However, Defendants did not stipulate to these assertions of fact nor were these facts proven at trial.

it intends to proceed with collecting signatures for the 2028 petition initiative cycle for any ballot initiative. At most, Meghan Cox, Smart & Safe's only live witness,[3] testified that she did not know yet if Smart & Safe has an active political committee trying to get on the 2028 ballot, ECF No. 638 at 193, and that Smart & Safe's decision to collect signatures toward the 2028 ballot depends on the outcome of this litigation and whether any fines assessed against Smart & Safe for the 2026 election cycle are cost prohibitive, *id*. at 190.

But Smart & Safe is pursuing only prospective relief, which requires proof of an ongoing or imminent injury that is concrete and particularized, not speculative or hypothetical. *See Church v. City of Huntsville*, 30 F. 3d 1332, 1337 (11th Cir. 1994). To the extent some of Smart & Safe's claims hinge on impacts to any of its efforts in current or future campaign cycles, Smart & Safe has not demonstrated any present or future intention to collect signatures toward a ballot initiative for the 2028 election cycle or beyond. This failure in proof dooms these claims. Simply put, prospective relief with respect to challenged provisions that apply only to current or future

---

[3] Ms. Cox is a political consultant whose company was retained to manage the field efforts for Smart & Safe's petition gathering campaign in support of the Adult Personal Use of Marijuana ballot initiative for the 2026 election cycle. ECF No. 638 at 102–03. Her testimony focused on the nuts and bolts of running the campaign, but Ms. Cox could not speak to higher-level decisionmaking by Smart & Safe with respect to its plans or intentions for election cycles beyond the 2026 general election.

6

election cycles will afford no redress to Smart & Safe if it has no intention of engaging in petition gathering for current or future election cycles.[4]

For example, inasmuch as Smart & Safe asserts the new financial impact statement requirement violates its First Amendment rights by compelling speech on its initiative petition forms, Smart & Safe has failed to demonstrate that it is likely, and not merely speculative, that Smart & Safe plans to engage in any further petitioning for current or future election cycles and will thus suffer an ongoing or imminent speech injury based on this provision. The same is true with Smart & Safe's challenges to the additional amendment prohibition,[5] the registration

---

[4] Smart & Safe argues that its claims are capable of repetition yet evading review inasmuch as this case involves ballot initiatives that operate over a shortened time frame for each election cycle. *See* ECF No. 665 at 15–16. However, this argument addresses whether this case has become moot, not whether Plaintiff has demonstrated that it is suffering or will suffer an imminent injury in fact for standing purposes. Moreover, the cases Smart & Safe cites in support of this contention are distinguishable. Notably, the Supreme Court in *Meyer* relied on evidence that the initiative proponents continued advocating for their failed initiative and planned future attempts to obtain signatures to place the issue on the ballot to determine that the case was not moot. *Meyer v. Grant*, 486 U.S. 414, 417 n.2 (1988). Thus, there was a reasonable expectation that the proponents would be subjected to the same challenged action again. *See also Wood v. Raffensperger*, 981 F. 3d 1307 (11th Cir. 2020). Here, however, Smart & Safe has offered no evidence to demonstrate by a preponderance of the evidence that it is planning or intends to gather any signatures for the current or future election cycles and this Court will not speculate as to this fact given Ms. Cox's testimony.

[5] Smart & Safe argues that this provision injures it because it is prohibited from sponsoring multiple ballot initiatives during the 2028 election cycle. ECF No. 665 at 18. But Smart & Safe has not demonstrated that it intends or is attempting to sponsor more than one ballot initiative during the 2028 election cycle. Accordingly, based on this record, Smart & Safe's asserted injury is unsupported and merely hypothetical.

requirements,[6] the mandatory decertification requirements,[7] and the voter notice and verification costs.[8] Inasmuch as Smart & Safe has not demonstrated an ongoing or imminent injury in fact that could be remedied by prospective relief with respect to these challenged provisions, Smart & Safe has not demonstrated standing to challenge these provisions.

With respect to the non-resident circulator prohibition, Smart & Safe's asserted injury is based on fears that the State will assess fines against it for the use of non-resident circulators during the time when this Court's preliminary injunction was in effect in 2025. ECF No. 665 at 13–14. However, the Director of the Office of Election Crimes and Security, Jillian Pratt, testified unequivocally that her office would issue no fines for the use of non-resident petition circulators during the injunction period in 2025. *See* ECF No. 654 at 199. Under these specific

---

[6] Smart & Safe's trial brief includes no discussion of its standing to seek prospective relief with respect to the registration requirements beyond the assertion that the Attorney General and State Attorneys are responsible for enforcing the criminal penalties associated with violations of the registration requirements. *See* ECF No. 665 at 17.

[7] In asserting it has standing to challenge these provisions, Smart & Safe offers no explanation beyond the fact that the financial impact statement and mandatory decertification requirements would apply to it if it sponsored an initiative in the future. Setting aside the lack of evidence demonstrating how these provisions are injuring or will injure Smart & Safe, any purported injury with respect to the decertification requirement appears to be wholly speculative at this juncture, inasmuch as this provision requires the decertification of an initiative's ballot position only if the Florida Supreme Court later determines in an advisory opinion that the initiative petition is invalid based on, among other reasons, an improper financial impact statement.

[8] Again, Smart & Safe has not demonstrated that it is likely to incur any future verification costs inasmuch as it has not demonstrated that it intends to collect petition signatures for another ballot initiative during the 2028 election cycle.

8

circumstances, Smart & Safe's subjective fears of enforcement for something the State has unequivocally disavowed an intention to enforce do not give rise to a cognizable injury. *Compare Wollschlaeger v. Gov. of Fla.*, 848 F. 3d 1293, 1306 (11th Cir. 2017) (nonbinding letter disavowing enforcement in general terms did not deprive plaintiff of standing where defendant had previously taken contradictory position) *with Wilson v. State Bar of Ga.*, 132 F. 3d 1422, 1429 (11th Cir. 1998) (disbarred attorneys' asserted belief that they would have to forego protected speech to avoid sanctions under challenged amendments to Bar Rules was not objectively reasonable in light of the State Bar's position that it would not sanction disbarred attorneys for engaging in such speech).

That leaves Smart & Safe's challenge to the ten-day delivery requirement and fines for late deliveries. Smart & Safe contends that it reasonably fears the imposition of fines for late petition deliveries that its circulators returned during the 2025–2026 campaign. ECF No. 665 at 13. To support this, Smart & Safe points to Ms. Cox's testimony which demonstrates that certain batches of Smart & Safe's signed petitions delivered to the Supervisors likely contained petitions that are at least one day late and thus subject to a fine. *See* ECF No. 638 at 147–50, 155–58. Likewise, Smart & Safe also points to Director Pratt's testimony insofar as she testified that her office has not issued any fines for late or incorrect deliveries for the 2025–2026 cycle, but there was no deadline for doing so. ECF No. 654 at 198.

9

Inasmuch as Director Pratt did not disavow the imposition of fines for late deliveries and given the volume of petitions submitted and the delivery notifications indicating that at least some of these petitions were turned in after the ten-day deadline, this Court concludes that Smart & Safe has demonstrated that it is more likely than not that it will be fined for late deliveries under the challenged provision. This injury is traceable to the Secretary of State, whose Office of Election Crimes and Security is responsible for issuing fines for late petitions. And this injury is redressable by an injunction prohibiting the imposition of fines for late deliveries from the 2025–2026 campaign cycle. Accordingly, Smart & Safe has demonstrated that it has standing to seek prospective relief solely with respect to the ten-day delivery requirement and associated fines provisions.

B

Next, this Court considers the RTCW Plaintiffs' standing to pursue prospective relief. RTCW is a registered Florida political committee that sponsored a citizen initiative entitled "Right to Clean and Healthy Waters" during the 2026 election cycle. ECF No. 596 ¶ 76. Plaintiff Melissa Martin is RTCW's campaign coordinator and a resident of Oregon. *Id*. ¶¶ 82–83. Again, as Defendants point out, the testimony RTCW introduced at trial failed to demonstrate that it intends to proceed with collecting signatures for the 2028 petition initiative cycle for any ballot initiative. At most, Ms. Martin testified that RTCW is still a registered political

10

committee and would remain registered for the next election cycle. ECF No. 637 at 87. However, Ms. Martin also testified that RTCW does not have any "active petition-gathering efforts right now," *id.* at 21, and RTCW's plans with respect to a 2028 initiative campaign are "[h]ighly contingent on this case," and that, "ideally, if things work out in [their] favor, [they] would be able to ramp something up for [2027]." *Id.*

RTCW argues that it has been injured by the myriad changes to Florida's ballot initiative process insofar as it had to cease petition gathering for the 2025–2026 cycle. *See, e.g.*, ECF No. 666 at 11–14. But the petition-gathering cycle has now ended for the 2026 general election, and RTCW has not demonstrated that it is currently subject to, or will imminently be subjected to, any of the challenged requirements going forward. This is because RTCW has not demonstrated that it is currently engaging in petition gathering or that it imminently intends to do so for the 2028 general election. Instead, RTCW has taken a wait-and-see approach and seeks prospective relief that is premised only on past injuries and hypothetical future injuries in the event it decided to pursue another petition-gathering campaign. Thus, like Smart & Safe, RTCW has not demonstrated an ongoing or imminent injury that would be redressed by prospective relief for those claims that hinge on harm to RTCW's current or future petition-gathering efforts. "When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to

11

seek prospective relief even if he has suffered a past injury." *31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003).

Accordingly, RTCW has not demonstrated by a preponderance of the evidence that it faces an ongoing or imminent injury in fact with respect to the challenged registration requirements,[9] the affidavit requirement,[10] the non-resident circulator prohibition and associated fines,[11] the non-citizen circulator prohibition and associated fines,[12] the fine for pre-filling petitions,[13] and the petition invalidation

---

[9] Insofar as registering to gather petitions places a burden on potential volunteers who would otherwise gather petitions on RTCW's behalf, RTCW has not demonstrated that it is currently or reasonably likely to sponsor another ballot initiative that anyone could voluntarily gather petitions for. Thus, any ongoing or imminent injury to RTCW or its volunteers is purely hypothetical at this juncture.

[10] Any chill on petition circulators as a result of the affidavit requirement is now purely hypothetical inasmuch as RTCW has not demonstrated that it is currently or reasonably likely to begin an active petition-gathering campaign in the immediate future.

[11] RTCW contends that it has standing to challenge the non-resident circulator prohibition and associated fines as the provisions bar non-resident volunteers, including Plaintiff Melissa Martin, from circulating RTCW's petitions on RTCW's behalf. However, now that RTCW's 2026 campaign has ended and there is no evidence of a current or imminent petition-gathering campaign for the 2028 election cycle, any asserted injuries flowing from these provisions are merely hypothetical.

[12] As with the non-resident prohibition and associated fines, RTCW's asserted injuries flowing from the non-citizen circulator prohibition and associated fines are merely hypothetical in the absence of a current or imminent 2028 petition-gathering campaign.

[13] Again, RTCW has not demonstrated that it is currently refraining from or would otherwise provide pre-filled petitions to voters for a current ballot initiative or that it is imminently going to do so.

provision.[14] Likewise, Plaintiff Melissa Martin has not demonstrated standing to pursue prospective relief with respect to the non-resident circulator prohibition and associated fines inasmuch as RTCW has not demonstrated that it has a current or imminent petition-gathering campaign that Ms. Martin would participate in but for the challenged provision. Nor is Ms. Martin's testimony, *see* ECF No. 637 at 21, concerning her general intentions to begin gathering petitions someday in the future, sufficient to confer standing for prospective relief. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."); *Fla. St. Conf. of Branches & Youth Units of NAACP v. Byrd*, 794 F. Supp. 3d 1131, 1159 (N.D. Fla. 2025) (Walker, J.) (finding no standing for individual plaintiff following bench trial due to speculative injury based on "someday intentions" to come to Florida to participate in voter registration drives).

Finally, to the extent RTCW appears to have challenged certain provisions in its operative complaint but failed to address those challenges in its evidence at trial and written closing arguments, this Court is not persuaded that RTCW has met its burden to demonstrate standing to seek prospective relief concerning challenges that

---

[14] Inasmuch as RTCW does not have an active petition-gathering campaign and has introduced no evidence to suggest a campaign is imminent, RTCW has not demonstrated that it is likely to be harmed from the invalidation provision going forward.

have been essentially abandoned at trial. This includes RTCW's challenges to the misdemeanor notice provision, section 100.371(3)(a)5., Florida Statutes, and the full amendment provision, section 100.371(3)(b), Florida Statutes. *See* ECF No. 418 ¶¶ 63–66.[15]

As for RTCW's challenge to the ten-day delivery requirement and associated fines, including fines for delivering signed petitions to the wrong county, RTCW introduced evidence demonstrating that it had petitions delivered late and to the wrong county during the 2025–2026 cycle, and is thus subject to fines under these provisions. *See* ECF No. 637 at 52 and 65–66. In addition, Ms. Martin, on behalf of RTCW, testified that RTCW is not aware of how much it will be fined in total for late-delivered and misfiled petitions as it has not yet received any notice from the State. *Id*. at 66. And, as this Court already discussed, the State has yet to determine the fines imposed for late and misfiled petitions for the 2025–2026 election cycle. *See* ECF No. 654 at 198. Accordingly, based on this record, RTCW has demonstrated that it is more likely than not that it will be fined for late and misfiled deliveries under the challenged provisions. This injury is traceable to the Secretary of State, whose Office of Election Crimes and Security is responsible for issuing fines for late

---

[15] Although the misdemeanor notice and full amendment provisions are included in RTCW's allegations and are alleged to have substantially increased the burden on RTCW to gather petition signatures, RTCW does not include these provisions among the "challenged provisions" at issue in the complaint. *See* ECF No. 418 ¶ 67. This Court addresses them here in the interest of being thorough.

14

and misfiled petitions. And this injury is redressable by an injunction prohibiting the imposition of fines for late and misfiled deliveries from the 2025–2026 campaign cycle. Accordingly, RTCW has demonstrated that it has standing to seek prospective relief solely with respect to the ten-day delivery requirement and associated fines and the wrong-county delivery provisions.

C

Next, this Court turns to the FDH Plaintiffs and whether they have demonstrated standing to seek prospective relief. Unlike the other two ballot initiative sponsors in this case, FDH introduced substantial evidence demonstrating a concrete intention of pursuing another petition-gathering campaign for a proposed statewide ballot initiative to expand Medicaid eligibility for the 2028 general election. For example, FDH's Executive Director Mitchell Emerson testified that FDH is currently trying to get on the ballot for the 2028 cycle. ECF No. 640 at 268, 279. Mr. Emerson testified that FDH has "been communicating with the coalition partners that [it was] continuing to grow from 2025 to let them know to be prepared to be engaged," that FDH has "done some press . . . letting folks know that [they] are going to seek getting on the 2028 ballot again," and that, in response to the challenged provisions, FDH has shifted its petition-gathering strategy to "a digital method" where they provide a link where voters can request a petition and FDH

15

"will mail them a petition along with a return envelope so that they can fill it out and return it." *Id*. at 268–69, 279.

FDH's evidence also demonstrates that its current shift away from paid petition circulators and volunteer petition circulators for the 2028 petition-gathering campaign is in response to several of the challenged provisions in an effort to avoid liability for violating such provisions, including fines and invalidation of petitions for violating the circulator eligibility requirements,[16] fines and invalidation of petitions submitted in violation of the petition circulator registration requirements,[17]

---

[16] FDH presented testimony demonstrating that the vendor it contracted with to run its paid petition-circulator efforts for the 2026 election cycle employed non-citizens, non-residents, and some convicted felons. *See* ECF No. 640 at 36–38, 109–10, 115, 130–32. However, this vendor suspended its work with FDH in late August or early September in light of FDH's decision to halt its petition-gathering campaign and the potential financial and criminal liability that its team faced for violating the myriad provisions of HB 1205. *Id*. at 135. Moreover, employees for FDH's chosen vendor for paid petition circulation testified that the financial risk involved in petition gathering under HB 1205 has dissuaded the vendor from working on Florida ballot initiatives going forward. *Id*. at 135, 202. And FDH submitted evidence demonstrating that, if the circulator eligibility requirements remain in place, it would continue to forego the use of paid circulators for the 2028 election cycle based on the limitations the requirements pose for hiring staff. *Id*. at 270–71. In short, this record demonstrates that FDH is suffering an ongoing injury in fact with respect to the circulator eligibility requirements insofar as the burden of complying with these provisions and the risks attendant to violating them have chilled FDH from engaging in in-person petition gathering.

[17] FDH's witnesses testified to the impact the petition circulator registration requirement had on its petition-gathering efforts during the 2026 election cycle and continues to have on its efforts to get on the ballot in 2028. ECF No. 640 at 73–76, 272. In light of these impacts, including the potential liability for violating the registration requirements and the drop in recruitment for volunteers to engage in petition circulation beyond the 25-petition limit, FDH has opted instead to use a digital program that does not rely on volunteer circulators to gather signed petitions. *Id*. at 271–72; *see also* ECF No. 639 at 27–28. This evidence is sufficient to demonstrate an injury in fact to challenge the petition circulator registration requirements.

16

and fines for violating the ten-day return deadline.[18] This evidence is sufficient to demonstrate an ongoing injury in fact caused by the circulator eligibility requirements, the petition circulator registration requirements, and the ten-day return deadline. These injuries are traceable to the respective enforcers of each of the challenged provisions. The Secretary of State and Supervisors of Elections are responsible for enforcing the eligibility and registration requirements by issuing fines and invalidating petitions submitted in violation of these provisions. *See* §§ 100.371(4)(g), 100.371(11), 100.371(14)(h), Fla. Stat. Relatedly, the Attorney General and State Attorneys are responsible for enforcing the criminal prohibitions associated with violations of the registration requirements for petition circulators. *See* §§ 104.187, 104.188(2), 100.371(11), Fla. Stat. And an injunction prohibiting these actors from enforcing their respective provisions would redress FDH's injuries by eliminating the threat of crippling fines, invalidated petitions, and criminal prosecution. Accordingly, FDH has demonstrated standing to challenge the petition circulator eligibility requirements, the petition circulator registration requirements, and the ten-day delivery requirement and associated fines.

---

[18] FDH introduced evidence of an ongoing shift in operations as a result of the ten-day return deadline. When the law went into effect in 2025, FDH's petition circulators had to change the way they engaged in petition gathering and processing of signed petitions to avoid incurring substantial fines for late-delivered petitions. *See* ECF No. 640 at 192–93, 263. This change in operations continues through to the 2028 election cycle and FDH's decision not to engage in traditional in-person petition circulation. *Id*. at 271. This evidence is sufficient to demonstrate an ongoing injury in fact with respect to the ten-day return deadline.

Likewise, FDH's evidence also demonstrates a cognizable injury with respect to the challenged increase in verification costs that the Supervisors of Elections charge under the "actual cost" provision enacted through HB 1205. This provision has dramatically increased the cost to verify petitions submitted toward FDH's 2028 ballot initiative campaign and forced FDH to forego using paid petition circulators. *See* ECF No. 640 at 270; *see also* ECF No. 596 at 37–39 (stipulated chart of increase in verification fees across all counties except for Sumter County); *id*. at 40 (stipulation that reasonable estimate of verification cost for statewide ballot initiative petitions has increased from $1,131,000.00 before HB 1205 took effect to $4,381,000.00 under current verification fees). The Supervisors are also responsible for calculating and charging the increased verification costs, and thus, FDH's injury is traceable to the Supervisors. *See* § 100.371, Fla. Stat. And an injunction prohibiting the Supervisors from charging these increased costs would redress FDH's injury. Thus, FDH has standing to challenge the verification costs provision.

However, FDH has not pointed to evidence demonstrating that it suffers an ongoing or imminent injury related to the prohibitions on filling in missing information on signed petitions, sending out pre-filled petitions to voters to sign, or copying or retaining voter information. At most, FDH has demonstrated that employees of its paid petition circulator vendor previously filled in missing information on signed petitions and scanned copies of signed petitions as part of its

18

quality control[19] and that FDH worked with another third party to send voters pre-filled petitions[20] before the challenged provisions went into effect during its petition-gathering campaign for the 2026 general election. But FDH's evidence fails to demonstrate that it would have continued to engage in the same conduct for the 2028 cycle in the absence of these provisions.

Likewise, FDH's evidence has not demonstrated that it is more likely than not injured or will imminently be injured by the voter PII disclosure requirements. This provision requires voters to now include the last four digits of their social security numbers or their driver's license ("DL") or state identification number on their signed petition to be validated. FDH introduced evidence demonstrating that voters were far more hesitant to fill out the required information or even sign a petition after the requirement went into effect in 2025. ECF No. 640 at 133–34. This resulted in a reduction in completed petitions for FDH in 2025. *Id*. However, FDH's evidence demonstrates that voters were hesitant to sign petitions or include this personal

---

[19] Prior to HB 1205's enactment, FDH's petition circulators would fill in some missing information on signed petitions and scan and retain copies of signed petitions as part of its quality control process. *See* ECF No. 640 at 128, 196. FDH's paid petition circulators stopped curing petitions and retaining scanned copies once the law prohibiting these practices went into effect and instead began turning in signed petitions that had missing information and which would presumably not be counted toward FDH's signature goal. *Id*. at 195.

[20] FDH's evidence demonstrates that FDH hired a third party to do quality control and data aggregation during FDH's petition-gathering efforts in 2025. ECF No. 640 at 52. With the help of this third party, FDH would send pre-filled petitions to voters for their signatures. *Id*. This was not FDH's "primary mode of gathering petitions," *id*. at 53, and there is no evidence in the record that FDH would resume this activity if the prohibition was enjoined.

19

information on their signed petitions when the petition would be collected by an in-person petition circulator. *Id*. FDH's evidence does not demonstrate, however, that voters are less likely to include this personal information or sign petitions provided through the digital-only method FDH is now using for the 2028 election cycle. Nor does FDH's evidence demonstrate that its shift in operations to a digital-only petition-gathering campaign is based on the PII disclosure requirement. In short, given the other provisions that have led to a change in FDH's operations for the 2028 election cycle, FDH has not shown that it is currently injured or faces an imminent injury based on the PII disclosure requirement.[21]

FDH also argues that Plaintiff Michell Emerson is injured by the voter PII disclosure requirement as a Florida voter who will now have to disclose either his DL number, state identification number, or last four digits of his social security number on his signed petition form. ECF No. 667 at 72–73. But Plaintiffs' evidence fails to demonstrate that Mr. Emerson is currently suffering or is likely to suffer an imminent injury with respect to this provision. Instead, FDH merely points to Mr. Emerson's testimony that he previously signed a petition for the 2026 campaign. *See* ECF No. 640 at 257. But this raises the question as to whether Mr. Emerson signed

---

[21] In addition, the asserted injury to FDH also depends on the action of third parties not before this Court—namely, voters who are likely to sign FDH's petition. Thus, expectations concerning how voters will react to the PII disclosure requirement going forward are speculative.

a petition for the 2026 campaign after the voter PII disclosure requirements became effective, whether he plans to sign a petition for the 2028 campaign and, if so, whether he would be dissuaded from doing so because of the challenged voter PII disclosure requirement. This Court cannot fill in the gaps for Plaintiffs. Accordingly, on this record, Mr. Emerson has not demonstrated, let alone clearly argued, that he has standing to challenge the voter PII disclosure requirement.

Accordingly, for all these reasons, FDH has demonstrated standing to seek prospective relief only with respect to its challenges to the petition circulator eligibility requirements, [22] the petition circulator registration requirements, the ten-day delivery requirement and associated fines, and the increased verification costs provision. Next, this Court turns the League Plaintiffs' standing.

D

As to the League Plaintiffs, this Court will address the individual Plaintiffs and the organizational Plaintiffs in turn, starting with the individual Plaintiffs—Cecile Scoon and Debra Chandler. Both Ms. Scoon and Ms. Chandler assert they have standing to challenge the registration requirements, including the requirement that they disclose certain personal information on signed petitions, the prohibitions

---

[22] Plaintiff Jordan Simmons has demonstrated that he was previously injured by the non-resident prohibition. However, as a Missouri resident who testified only generally to the desire to work on FDH's petition-gathering campaign sometime in the future, Mr. Simmons has not demonstrated an ongoing or imminent injury with respect to the non-resident prohibition of the petition circulator eligibility requirements. *See* ECF No. 640 at 136, 138.

21

on filling in missing voter information on signed petitions or retaining voters' personal information, and the investigation provision. However, Ms. Scoon's testimony did not include any details about future plans to collect signed petitions. Instead, her testimony largely focused on the impacts HB 1205 had on the League's activities with respect to petition gathering for FDH and RTCW's ballot initiatives for the 2026 campaign cycles, which have now ended. Given this lack of specificity concerning the new election cycle, Ms. Scoon has not demonstrated a current or imminent injury with respect to the challenged provisions.

Likewise, with respect to the prohibition of copying or retaining voter information, Ms. Chandler testified that she is concerned about the fact that voters sometimes provide their contact information to her at tabling events when they are also interested in joining the League of Women Voters. ECF No. 646 at 228; *see also id*. at 81–82. But such concerns do not constitute a reasonable fear of prosecution for violating section 100.371(9) merely because a voter who is interested in joining the organization may provide the League with their contact information—separate and apart from signing an initiative petition. In short, Ms. Chandler has not demonstrated a cognizable injury in fact sufficient to challenge the prohibition on copying or retaining voter information.

But Ms. Chandler has demonstrated that, but for other challenged provisions currently chilling her petition-gathering efforts, she would continue gathering signed

petitions on behalf of FDH in the same manner she has previously employed and at the same community events where she has previously engaged in petition gathering. *See* ECF No. 646 at 224; *see also id*. at 214–24 (describing previous petition circulation efforts). Specifically, Ms. Chandler testified that she is chilled from gathering petitions in light of the requirement that she now register with the State to avoid criminal prosecution for possessing more than 25 signed petitions, privacy concerns she has as a result of the compelled disclosure of her personal information on petition forms, and fears of running afoul of the criminal prohibition against filling in missing information on signed petitions—for instance, if she were to help sight-impaired voters fill out petitions. *See id*. at 224–29.

Ms. Chandler also testified that she is chilled from gathering petitions in light of the investigation provision, which triggers an investigation by the Office of Election Crimes and Security when a Supervisor of Election reports that 25% or more petitions are invalid in a given reporting period. *See* § 100.371(14)(g), Fla. Stat.; *see also* ECF No. 646 at 230–31. This fear of investigation is reasonable in light of Supervisor of Elections Mark Earley's testimony that initiative petitions are deemed invalid for a number of reasons at least a third of the time. *See* ECF No. 639 at 290–91.

The chill to Ms. Chandler's petition gathering constitutes a cognizable, ongoing injury in fact traceable to the Secretary of State, Attorney General, and Ms.

23

Chandler's local State Attorney for the Fifteenth Judicial Circuit,[23] who are responsible for enforcing the challenged provisions. And an injunction prohibiting these Defendants' enforcement of the challenged provisions would redress Ms. Chandler's injuries with respect to petition circulation. Accordingly, Ms. Chandler has demonstrated that she has standing, as an individual, to challenge the registration requirements, the criminal prohibitions against filling in missing information on signed petitions and possessing more than 25 signed petitions as an unregistered petition circulator, and the investigation provision.

Turning to the organizational Plaintiffs' standing, the League and LULAC assert they have associational and organizational standing to challenge the registration requirements for petition circulators, including the non-citizen, non-resident, and felon ban on petition circulation, the ten-day delivery requirement, and the investigation provision. With the exception of the League Plaintiffs' Fourteenth Amendment claim against the non-citizen ban, other Plaintiffs have already demonstrated standing to challenge these provisions. Thus, this Court need not

---

[23] Ms. Chandler testified that she resides in Palm Beach County and engages in petition circulation in Palm Beach County. *See* ECF No. 646 at 208–09. Accordingly, the only State Attorney against whom she has standing to seek prospective relief is the State Attorney for the Fifteenth Judicial Circuit, who has jurisdiction to prosecute crimes in Palm Beach County.

24

address the organizations' standing to reach the merits of these claims except for their claim that the non-citizen ban violates the Fourteenth Amendment.[24]

As to the League's equal protection claim, the only testimony the League points to in support of its standing to challenge the non-citizen ban is from member Cecilia González Herrera, who is originally from Venezuela and is not a U.S. citizen. *See* ECF No. 668 at 112. She previously circulated petitions for RTCW's ballot initiative in 2025. ECF No. 652 at 26. However, she lives in Washington, D.C. *Id*. at 18. And although she intends to return to live near her family in Florida and circulate petitions in the future for the RTCW ballot initiative in the event the non-citizen ban is enjoined, she provided few specifics about those plans. *Id*. at 18–19. Moreover, based on the record presented by RTCW, it is not clear that RTCW has an active petition gathering campaign at this time or will in the imminent future.

Although Ms. González Herrera offered compelling testimony regarding her community involvement and contributions, her testimony does not provide a basis for demonstrating a concrete and ongoing or imminent injury with respect to the non-citizen ban. Instead, it appears any asserted injury suffered as a result of the non-

---

[24] No other Plaintiffs raise an equal protection challenge to the non-citizen ban. Accordingly, this Court must address whether the League or LULAC have demonstrated standing to challenge the non-citizen ban on this basis. *See TransUnion LLC v. Ramirez*, 594 U.S. at 431 ("And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages).").

citizen ban is merely speculative and hypothetical at this juncture as it depends on Ms. González Herrera returning to Florida at some point in the future and engaging in petition circulation if the time permitted and the ballot initiative she has chosen to support is working towards ballot placement.

In addition, to the extent the League attempts to argue that the non-citizen ban has directly harmed the League as an organization by forcing a diversion in resources or by obstructing its core mission and reducing its membership, this Court is not persuaded. *See, e.g., City of South Miami v. Gov.*, 65 F.4th 631, 638–39 (11th Cir. 2023) ("Although an organization can establish standing under a diversion-of-resources theory, it cannot do so by inflicting harm on itself to address its members' 'fears of hypothetical future harm that is not certainly impending.' "). Notably, the League's discussion of these alternative theories of organizational standing fail to highlight the evidence as it pertains specifically to the non-citizen ban and its effects on the League or its activities.[25]

---

[25] The League's reliance on this Court's standing analysis in an earlier case is not persuasive. *See* ECF No. 668 at 114 n.31 (discussing *Fla. State Conf. of the NAACP v. Byrd*, 680 F. Supp. 3d 1291 (N.D. Fla. 2023)). In that case, this Court determined that the third-party voter registration organizations had demonstrated, at the preliminary injunction stage, that they relied heavily on noncitizens to engage in voter registration and that targeted voter outreach following registration was central to their missions to increase voter participation. *See Fla. State Conf. of the NAACP*, 680 F. Supp. 3d at 1300 & 1308. Here, on the other hand, the League introduced evidence that the current president is aware of only one noncitizen who has engaged in petition circulation in the past on a volunteer basis. *See* ECF No. 646 at 93 ("And then also noncitizens, we do have at least one that we're aware of who has done petition gathering for us in a volunteer capacity."). This is hardly the "heavy reliance" on noncitizen participation that the plaintiffs demonstrated in this Court's earlier case. In short, the facts of these cases and the import of those facts are distinguishable, and this Court is not convinced that because this Court found a direct injury to an

Instead, the questioning at trial and the League's arguments concerning organizational standing relate to HB 1205 as a whole, which includes myriad other challenged provisions. But, again, standing is not dispensed in gross. Moreover, the League's current president's testimony undermines the assertion that the non-citizen ban is responsible for direct harm to the League as an organization. *See* ECF No. 668 at 118–19; ECF No. 646 at 86–87 (testifying that if all other provisions "went away," she would still not recommend that League members participate in petition circulation if the ten-day return deadline provision remained in effect). Accordingly, on this record, the League of Women Voters has not demonstrated that any non-citizen member has suffered a cognizable injury in fact sufficient to support the League's standing to challenge the non-citizen ban, nor has the League demonstrated that it has suffered a direct injury as an organization due to the non-citizen ban.

As for LULAC, Plaintiffs point to testimony from a noncitizen member, Karen Patricio, who has previously collected petitions for ballot initiatives in the 2018 and 2024 election cycles. *See* ECF No. 646 at 246. She testified that she was in the process of planning to collect petitions in 2025, but she decided against it after HB 1205 passed. *Id*. at 250. And she testified that she would collect petitions if HB 1205 is repealed. *Id*. at 256. But Ms. Patricio also testified that her decision to collect

---

organization in the past, that means the same conclusion is inevitable based on the record in this case.

27

initiative petitions depends on the cause and whether there is some "personal problem" or "community needs" for which she wishes to advocate. *Id.* at 246. However, Ms. Patricio did not identify any particular ballot initiative for which she would currently gather petitions but for the non-citizen ban. Her generalized testimony, on its own, therefore does not confer standing on LULAC to challenge the non-citizen ban, as any injury to Ms. Patricio is not ongoing or imminent, but rather hypothetical and speculative based on this record.

LULAC also points to the testimony of its CEO, Juan Proaño, as additional evidence supporting LULAC's standing to challenge the non-citizen ban. *See* ECF No. 668 at 125. However, Mr. Proaño's testimony is also too generalized to satisfy LULAC's burden to demonstrate an ongoing or imminent injury in fact. With respect to non-citizens, Mr. Proaño testified that LULAC has non-citizen members, that some of these members collected signed petitions for 2018 and 2024 campaigns, and that some non-citizen members plan to collect petitions in the future. *See* ECF No. 644 at 213–15. But, again, "someday intentions" absent specific facts do not give rise to an imminent injury in fact. *See Lujan*, 504 U.S. at 564. This is particularly true, here, where the ballot initiative sponsors that LULAC had recently been interested in assisting have not demonstrated that they have an active petition-gathering campaign (RTCW) or have switched to an online distribution model only

28

(FDH). As a result, LULAC's evidence also fails to demonstrate that any non-citizen member has suffered an injury in fact sufficient to support LULAC's standing.

LULAC's attempt to demonstrate organizational standing to challenge the noncitizen ban also falls short. LULAC points to the testimony of Ms. Patricio concerning her initial, unsuccessful efforts to start focusing more on petition circulation within newly created districts that she joined in 2025 as evidence that the noncitizen ban has impeded LULAC's core mission. ECF No. 668 at 129–30. Inasmuch as the petition-gathering cycle for the 2026 general election has now ended, this evidence of a past injury, on its own, does not amount to a cognizable injury for purposes of seeking prospective relief.

In addition, LULAC's CEO testified that petition circulation is "critically important" to the organization's overall mission to promote civic engagement and advocacy for the Latino community. *See* ECF No. 644 at 208–09. But this activity is highly dependent on the existence of an active ballot initiative and petition-gathering campaign for LULAC's Florida members to choose to take part in.[26] And the only initiative sponsor before this Court that has demonstrated an active and ongoing effort to gather signed petitions has shifted to an online-only distribution strategy.

---

[26] Again, this case is distinguishable from this Court's earlier case involving third-party voter registration organizations, *see* 680 F. Supp. 3d 1291, inasmuch as voter registration can happen any time and is not dependent on a third party, such as an initiative sponsor, creating a window of opportunity that would allow volunteers to gather signatures. Ballot initiative petition circulation, on the other hand, inherently depends upon initiative sponsors and the existence of an active campaign for a proposed ballot initiative.

*See* ECF No. 640 at 269. LULAC's evidence does not account for this absence of opportunity for in-person petition circulation attributable to initiative sponsor's campaign strategy in response to HB 1205, nor does LULAC's evidence identify any other active ballot initiative that it would seek to assist through petition gathering during the current or future elections cycles. Thus, on this record, LULAC's organizational injuries appear to be hypothetical at this juncture. Accordingly, this Court is not persuaded that LULAC has demonstrated standing to challenge the non-citizen ban under the Fourteenth Amendment.

E

Finally, this Court considers the issue of Plaintiffs' claims challenging HB 1205's amendment to Florida's definition of "racketeering activity." After the trial, Defendants filed a suggestion of mootness with respect to Plaintiffs' claims challenging this particular provision, inasmuch as the Legislature had struck the challenged language in new legislation, HB 991, which the Governor signed into law on April 1, 2026. *See* ECF No. 671. Plaintiffs were afforded an opportunity to respond to Defendants' suggestion of mootness, and both the FDH Plaintiffs and the League Plaintiffs argue that their claims challenging Florida's "racketeering activity" statute are not moot despite the fact that the Legislature has repealed the language that both groups of Plaintiffs challenged in this action. ECF No. 674. This Court Ordered Defendants to provide an additional response to the issue of the

30

repeal's July 1, 2026, effective date, and Defendants raised the additional argument of prudential mootness. ECF No. 676.

Having considered the parties' arguments, the operative complaints, ECF Nos. 413 and 431, the Plaintiffs' written closing arguments, ECF Nos. 667 and 668, and the trial record, this Court agrees with Defendants that Plaintiffs' claims challenging HB 1205's amendment to the "racketeering activity" definition—namely, the inclusion of "violation[s] of the Florida Election Code relating to irregularities or fraud involving issue petition activities" within that definition—will become "constitutionally moot" once the HB 991's amendment of this definition takes effect on July 1, 2026. *See* ECF No. 671-1 at 65, 69–70 (amendment striking challenged provision and setting effective date of July 1, 2026); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023–24 (10th Cir. 2011) (discussing "constitutional" and "prudential" mootness). This Court also acknowledges that many of Plaintiffs' arguments in support of standing to challenge the "racketeering activity" definition while it is still in effect are undermined by the record in this case. For example, Defendants make a persuasive argument that any fears of prosecution under the challenged racketeering provision are not reasonable given the lack of any enforcement to date and the statute's imminent repeal, such that Plaintiffs have not demonstrated a cognizable, ongoing injury in fact. *See* ECF No. 676 at 2.

31

Nonetheless, assuming, for the sake of argument, that any Plaintiffs who challenge this provision are able to demonstrate standing while the law remains in effect until June 30, 2026, Defendants assert this Court should find Plaintiffs' challenges to the "racketeering activity" definition to be prudentially moot. This Court agrees. With respect to prudential mootness, the Eleventh Circuit has held that "[t]he critical question becomes 'whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.' " *Ingaseosas Intern. Co. v. Aconcagua Investing Ltd.*, 479 F. App'x 955, 962 (11th Cir. 2012) (quoting *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987)).

This Court acknowledges that prudential mootness is a "rarely invoked doctrine," that comes into play only when "a controversy . . . has become 'so attenuated that considerations of prudence and comity counsel the court to stay its hand, and to withhold relief it has the power to grant." *Baker*, 164 F.4th at 860 n.6 (internal quotation marks and citation omitted). Even so, here, this Court is ultimately persuaded that the unique change in circumstances with respect to the controversy involving the "racketeering activity" definition—namely, the fact that there has been no enforcement of this provision during its brief tenure in the Florida Statutes (despite the fact that this Court's preliminary injunction was granted in favor of only one individual Plaintiff), there is no evidence of any prospective

32

enforcement, and the provision's imminent repeal takes effect July 1, 2026, counsels in favor of staying this Court's hand with respect to granting equitable relief under the doctrine of prudential mootness. *See Ingaseosas Intern. Co.* at 963 (concluding that unique circumstances where "any effective relief is so remote," appeal should be treated as moot for prudential reasons). Accordingly, this Court treats Plaintiffs' claims challenging the "racketeering activity" definition, now repealed by HB 991, as moot for prudential reasons.

* * *

In sum, this Court concludes that Smart & Safe and RTCW have demonstrated standing only as to their claims seeking prospective relief with respect to the ten-day delivery requirement and associated fines. FDH has demonstrated standing with respect to the delivery requirement and fines, as well as the petition circulator eligibility requirements, the petition circulator registration requirements, and the increased verification costs provision. And Debra Chandler has also demonstrated standing to seek prospective relief with respect to the registration requirements, the criminal prohibitions against filling in missing information on signed petitions and possessing more than 25 signed petitions as an unregistered petition circulator, and the investigation provision. Finally, to the extent Plaintiffs' challenges to the "racketeering activity" definition may not yet be technically moot, this Court will

33

treat those challenges as moot for prudential reasons in light of the imminent effective date of the provision's repeal.

This Court now turns to the merits of Plaintiffs' claims for which they have demonstrated standing.

## II

## A

Turning to the merits, this Court first addresses Plaintiffs' challenges to the ten-day return deadline and associated fines, including fines for returning signed petitions to the wrong county Supervisor of Elections' office. This Court previously considered the merits of such claims at the preliminary injunction stage in this case and concluded that Plaintiffs had failed to establish a substantial likelihood of success in demonstrating that the shortened deadline and fines violated Plaintiffs' constitutional rights. *See* ECF No. 189. Based on the trial record, this Court remains unpersuaded that the return deadline, fines for late returns, and fines for erroneous returns constitute a severe burden on Plaintiffs' speech in violation of their First Amendment rights. Instead, this Court agrees with Defendants that these provisions fall within the heartland of permissible State regulation of the ballot initiative process—as one of the many "restrictions a state might impose on its initiative process" that does "not implicate First Amendment concerns." *Biddulph*, 89 F.3d at 1500.

As Judge Lagoa noted in the stay panel opinion in this case, *Biddulph* continues to bind the Eleventh Circuit (and this Court). *See* ECF No. 427 at 14. And *Biddulph* emphasized that "states maintain broad discretion in fashioning initiative mechanisms," so long as they do not impermissibly burden the free expression of ideas about the objective of an initiative proposal. 89 F.3d at 1500. Notwithstanding Plaintiffs' evidence concerning the great expense the new return deadline and associated fines have placed on ballot initiative sponsors, this Court is not persuaded that these provisions implicate Plaintiffs' First Amendment rights. Accordingly, judgment is due in Defendants' favor on Plaintiffs' claims challenging these provisions.

B

For similar reasons, this Court agrees with Defendants that the verification notice and increased verification cost provisions also do not run afoul of FDH's constitutional rights. For starters, to the extent FDH claims that the verification costs violate its First Amendment rights, this claim fails for reasons similar to the ten-day return deadline and associated fines. The costs to verify signed petitions are assessed only after petition circulators have spoken with voters and successfully persuaded them to sign petitions. On this record, the verification cost provision is well within the State's authority to regulate the state-created ballot initiative process and does not implicate FDH's First Amendment rights.

And to the extent FDH argues that the increase in verification costs for statewide ballot initiatives amounts to an equal protection violation, this Court disagrees. Statewide ballot initiative sponsors are not a suspect classification, nor does placing a statewide ballot initiative on the ballot implicate a fundamental right. *See* ECF No. 664 at 91–92. Moreover, this record readily demonstrates that treating statewide ballot initiatives differently than candidate petitions or local referenda is rationally related to a legitimate government purpose. *See, e.g.*, *id*. at 100.

Accordingly, this Court is not persuaded that the verification notice and increased verification cost provisions violate FDH's constitutional rights. Judgment is due in Defendants' favor on these claims.

C

Next, this Court considers Plaintiffs' claims challenging the petition circulator registration requirements and criminal prohibition on possessing more than 25 signed initiative petitions without registering as a petition circulator. This Court previously denied preliminary injunctive relief to Plaintiffs challenging these provisions under the First Amendment and Fourteenth Amendment. *See* ECF No. 283 at 28–30. And Plaintiffs' evidence at trial has not persuaded this Court that the merits of Plaintiffs claims have gained strength since the preliminary injunction stage. This Court again rejects the same arguments recycled from the preliminary

36

injunction stage for the reasons previously expressed and incorporated by reference herein. *Id*.

True, this record demonstrates that the registration requirements create hurdles for would-be volunteers who wish to gather more than 25 signed initiative petitions and financial risks for initiative sponsors in the event unregistered circulators exceed the 25-petition limit on their behalf. But contrary to Plaintiffs' argument, ECF No. 667 at 138, the registration requirement does not totally foreclose would-be volunteers from engaging in spontaneous speech. Eligible Florida residents may still partake in unregistered petition circulation unless and until they reach the 25-petition threshold. Only then must they complete the task of registering to continue gathering signed petitions. And while registering may be inconvenient,[27] it does not pose the sort of severe burden on core political speech that runs afoul of *Meyer* and *Buckley*. Again, states maintain authority to regulate the ballot initiative process, which includes the authority to regulate petition circulators. *See Buckley*, 525 U.S. at 191 ("As the Tenth Circuit recognized in upholding the age restriction [for petition circulators], the six-month limit on

---

[27] Plaintiffs cite the fact that the State's required training and test to complete registration is only offered in English as an example of the burdensome nature of the registration requirements. *See* ECF No. 667 at 138. However, Plaintiffs do not point to evidence of any would-be petition circulators who did not complete the training or successfully register because of the English-only option. Moreover, Plaintiffs do not bring a standalone claim challenging the English-only option. Accordingly, while this Court considers this fact as relevant to Plaintiffs' claim, it is certainly not determinative, nor does this Court afford this fact any special weight.

circulation, and the affidavit requirement [for petition circulators], States allowing ballot initiatives have considerable leeway to protect the integrity and reliability of the initiative process, as they have with respect to election processes generally."); *see also Miracle v. Hobbs*, 427 F. Supp. 3d 1150 (D. Ariz. 2019) (denying preliminary injunction with respect to First Amendment claim challenging Arizona's "strikeout law" for petition circulators who fail to respond to subpoenas).

Nor does the registration requirement's circulator affidavit and disclosure requirements impose a severe burden on core political speech. Plaintiffs again raise the same arguments this Court previously rejected at the preliminary injunction stage regarding the affidavit requirement and the disclosure of would-be circulators' names and addresses on signed petitions. *See* ECF No. 667 at 139–40; ECF No. 668 at 101–04.

To the extent Plaintiffs argue that the affidavit will operate in the same manner as the compelled name tags at issue in *Buckley*, the plain language of the statute undermines that argument. Under the challenged provision, petition circulators need not display their names nor identify themselves to voters prior to speaking. Instead, only after they have persuaded voters to sign a petition do they provide the petition form for signature, which may include their name and address. *See* § 100.371(3)(d), Fla. Stat.; *see also Buckley*, 525 U.S. 182, 199 ("While the affidavit reveals the name of the petition circulator and is a public record, it is tuned to the speaker's interest as

38

well as the State's. Unlike a name badge worn at the time a circulator is soliciting signatures, the affidavit is separated from the moment the circulator speaks."). Indeed, the Supreme Court has already distinguished compelled identification at the moment a petition circulator seeks to engage in core political speech from subsequent disclosure that follows such speech and concluded that this subsequent disclosure does not place the same unconstitutional burden on a would-be speaker. *Buckley*, 525 U.S. at 199 ("The affidavit, in contrast, does not expose the circulator to the risk of 'heat of the moment' harassment.").

Moreover, as this Court has previously explained, the Supreme Court has acknowledged that anonymity interests may justifiably give way to the special state interest of protecting the integrity of the ballot initiative process. *See* ECF No. 283 at 29 (quoting *Watchtower Bible & Tract Society of New York, Inc. v. Village of Stratton*, 536 U.S. 150, 167 (2002)). And the Supreme Court has also determined that a law requiring public disclosure of ballot initiative signers survived exacting scrutiny in a broader First Amendment challenge similar to Plaintiffs' claims here. *See John Doe No. 1 v. Reed*, 561 U.S. 186, 195–201 (2010). As in *Doe*, this Court is satisfied that the record amply supports the State's asserted interests in combatting fraud in the initiative petition process. And, based on this record, this Court is persuaded that the registration requirement, including disclosure of registered circulators' names and addresses, is narrowly tailored to furthering the State's

weighty interest in ensuring the integrity of the ballot initiative process. Accordingly, judgment is due in Defendants' favor with respect to these claims as well.

D

Next, this Court considers the petition circulator eligibility requirements. To the extent Plaintiffs have standing to raise First Amendment challenges to the petition circulator eligibility requirements—namely, the non-citizen, non-resident, and felon bans for petition circulators—and associated fines and invalidation of signed petitions based on violations of these restrictions, this Court is guided by the Eleventh Circuit's recent treatment of such claims in the stay panel opinion in this case. *See* ECF No. 427.

The stay panel's reasoning is persuasive inasmuch as it represents the collective voice of at least two Eleventh Circuit judges who rejected this Court's prior analysis in favor of their view of how Plaintiffs' First Amendment claims should be analyzed. According to the stay panel, the eligibility requirements—specifically, the non-resident and non-citizen prohibitions for petition circulators—are *not* subject to exacting scrutiny under *Meyer*, as they do not "restrict any speech elements of the petition-circulation process."[28] ECF No. 427 at 12. Moreover, the

---

[28] The stay panel's slicing and dicing of the core political speech of petition circulation into speech plus conduct (i.e., collecting a signed petition) fails to take cognizance of the reality of petition circulation and imposes a new layer to the analysis that the Supreme Court never previously imposed when it determined that initiative petition circulation constitutes core political speech. *See Meyer*, 486 U.S. at 421–22; *see also Baker v. City of Atlanta*, 164 F.4th 850, 868–69 (11th Cir. 2026) (Newsom, J., dissenting) (discussing *Meyer* and, without slicing and dicing speech

40

stay panel also concluded that to the extent these provisions are subject to some form of heightened review as restrictions on expressive conduct, they satisfy intermediate scrutiny based on evidence that Defendants introduced in early stages of this case pertaining to the State's asserted interest in combatting fraud in the initiative petition process. *Id*. at 18.

Whether or not this Court agrees with the majority's reasoning in the stay panel's opinion, this Court is hard pressed to ignore the panel's analysis.[29] This is particularly true now that Defendants have introduced additional evidence at trial concerning past instances of fraud in the initiative petition process, *see, e.g.*, ECF No. 639 at 246–47 & 251–53, which further supports the panel's conclusion that the petition circulator eligibility requirements satisfy intermediate scrutiny.[30] Moreover,

---

plus conduct, describes "the circulation of a citizen-initiated petition that seeks to place an issue on a general-election ballot" as "the particular type of speech act" at issue). Indeed, witness Cecilia González Herrera offered a helpful illustration of the importance of each step of petition circulation at trial. To her, talking to voters about a ballot initiative, without more, is akin to merely planting a seed. ECF No. 652 at 37. But petition circulators are trying to grow a relationship that bears fruit in the form of a signed initiative petition, and to do that, they must water the seed—by providing the petition—and grab the fruit and collect that signed petition once the conversation has blossomed into something greater. *Id*. However, the stay panel's analysis carves up this political speech and leaves petition circulators casting seeds in a dessert without water.

[29] Indeed, were this Court writing on a blank slate, it would have held to its prior analysis, in line with the vast majority of circuits to have considered similar challenges, and concluded that the bans on non-residents and non-citizens from circulating ballot initiative petitions severely burden core political speech and fail exacting scrutiny. But this Court is not writing on a blank slate, as the stay panel unequivocally rejected this prior analysis.

[30] To be clear, while this Court noted its concerns for the record and did not admit certain portions of proffered reports, this Court notes that Defendants introduced additional evidence of fraud to support the preliminary showing the Eleventh Circuit stay panel already found to be

41

as the Eleventh Circuit has often emphasized, the legislature need not wait for evidence of fraud to materialize before acting. *See League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 925 (11th Cir. 2023) ("Even if there were no evidence of voter fraud in Florida, our precedents would not require it before a bill like S.B. 90 could be adopted."). In short, this Court is not persuaded that the trial record permits this Court to deviate from the analysis set forth by the stay panel in this case, which this Court finds persuasive for the reasons set out above. In other words, in applying the stay panel's analysis to the record now before this Court, Plaintiffs have not demonstrated a First Amendment violation with respect to the petition circulator eligibility requirements. Accordingly, judgment is due in favor of Defendants as to these claims.

E

Finally, this Court considers Ms. Chandler's claims challenging the prohibition against filling in missing information on signed petitions and the investigation provision.

For starters, this Court finds the missing information provision is not void for vagueness in violation of the Fourteenth Amendment. To be clear, the challenged language prohibits "person[s] collecting petition forms on behalf of a sponsor of an

---

sufficient to withstand Plaintiffs' First Amendment challenges to the petition circulator eligibility requirements.

initiative petition" from "fill[ing] in missing information on a signed petition," among other acts, such as signing a fictitious name to any petition. § 100.371(8), Fla. Stat.; § 104.185(2), Fla. Stat. The plain language of the statute is clear. If you are collecting petitions on behalf of an initiative sponsor, you are prohibited from filling in any missing information on that petition once it is signed. As the record demonstrated at trial, a petition form has many blanks for voters to fill out. Blanks left unfilled plainly constitute "missing information." This Court is not persuaded otherwise, particularly where Plaintiffs rely primarily on a conclusory citation to their own argument at the motion-to-dismiss stage and suggest this Court credited that argument when this Court, in fact, dismissed their amended complaint as a shotgun pleading. *See* ECF No. 409.

This Court is also not persuaded that the missing information provision runs afoul of the First Amendment. While Plaintiffs suggest the prohibition may result in higher rates of invalidated petitions inasmuch as it prevents petition circulators from correcting minor omissions before returning signed petitions to the Supervisors of Elections, such policy arguments fail to demonstrate that the prohibition implicates the core political speech of petition circulation. Instead, the prohibition applies once the speech has already occurred and is supported by the State's interest in combatting fraud in the ballot initiative process. *See* ECF No. 663 at 86. In short, judgment is

43

due in favor of Defendants on Plaintiffs' claims challenging the missing information provision.

The same is true with respect to the investigation provision. This provision requires Supervisors of Elections to notify the Office of Election Crimes and Security when more than 25 percent of petition forms received by the Supervisors during a given reporting period are deemed invalid. § 100.371(14)(g), Fla. Stat. The Office of Election Crimes and Security then must "conduct a preliminary investigation into the activities of the sponsor, one or more petition circulators, or a person collecting petition forms on behalf of a sponsor, to determine whether the invalidated petitions are a result of fraud or any other violation of this section." *Id*.

The League Plaintiffs contend this provision is unconstitutionally overbroad under the First Amendment, that it violates their First Amendment rights by unconstitutionally chilling petition circulation, and is void for vagueness under the Fourteenth Amendment. This Court disagrees.

As to Plaintiffs' First Amendment claims, the investigation provision, by its very terms, kicks in after the core political speech of petition circulation has ended and petitions have been returned to the Supervisors of Elections for validation. And Plaintiffs identify no authority for the proposition that states cannot proactively investigate potential fraud or widespread clerical mistakes as part of regulating the statewide ballot initiative process or enact a particular trigger for such a proactive

44

investigation. In short, the investigation provision does not appear to implicate the League Plaintiffs' First Amendment rights in the first instance.

To be clear, however, this Court recognizes that this provision, in tandem with the shortened delivery deadline and fines provisions, gives rise to contradictory incentives for sponsors and proponents of proposed ballot initiatives. Either rush to return signed petitions on time to avoid fines and likely end up with higher rates of invalidation and potentially trigger a preliminary investigation, or take time to conduct quality checks and return fewer signed petitions and/or pay higher fines for late deliveries while also decreasing the invalidity rate and hopefully avoiding a preliminary investigation. But the pitfalls of either result and the policy arguments challenging these provisions as making the process harder, more expensive, and less efficient, do not transform Plaintiffs' legitimate concerns into a constitutional violation under *Biddulph*, *Meyer,* and *Buckley.* Moreover, as this Court has noted already, Defendants presented several examples of fraud in the ballot initiative context which support Defendants' justification for this provision. Indeed, even Defendants' preliminary evidence for enacting HB 1205 to combat fraud in the ballot initiative process already satisfied two Eleventh Circuit judges that other challenged provisions would survive intermediate scrutiny. In short, this Court is not persuaded that the subjective chill on the League Plaintiffs' petition circulation efforts as a

45

result of their members' fears concerning the investigation provision is so severe and so unjustified as to violate the League Plaintiffs' First Amendment rights.

Finally, with respect to the League Plaintiffs' Fourteenth Amendment claim challenging the investigation provision as unconstitutionally vague, this Court cannot agree. Although the League Plaintiffs lump this provision in with other challenged provisions in its brief argument concerning vagueness, *see* ECF No. 668 at 224, the League Plaintiffs fail to identify what language in the investigation provision is so vague as to fail to provide notice or invite arbitrary enforcement. Instead, their argument appears to focus on the specific language of other provisions at issue in this case. *Id*. Likewise, the League Plaintiffs' overall discussion of this provision in its written closing argument cites no record evidence supporting the alleged vagueness asserted in the League Plaintiffs' operative complaint. *See id*. at 78–83. Indeed, it appears the League Plaintiffs have all but abandoned this claim.

But to the extent the League Plaintiffs continue to press this claim, this Court is not persuaded that the investigation provision is unconstitutionally vague in violation of the Fourteenth Amendment. For starters, the provision is a directive to state actors regarding reporting invalidity rates and when to initiative a preliminary investigation of high rates of invalidated petitions. It is not a criminal statute that prohibits certain conduct. *See Wollschlaeger*, 848 F.3d at 1319 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) ("It is, by now, a 'basic principle of due

46

process that an enactment is void for vagueness if its prohibitions are not clearly defined.' "). And this Court agrees with Defendants that the language is not so standardless as to leave the public guessing about when the Supervisors of Elections must notify the Office of Election Crimes and Security and when the Office of Election Crimes and Security must conduct a preliminary investigation—namely, "[f]or any reporting period in which the percentage of petition forms deemed invalid by the supervisor exceeds a total of 25 percent of the petition forms received by the supervisor for that reporting period." § 100.371(14)(g), Fla. Stat.; *see also* ECF No. 663 at 87. The provision is also clear about what the Office of Election Crimes and Security must do during the preliminary investigation—namely, "investigat[e] . . . the activities of the sponsor, one or more petition circulators, or a person collecting petition forms on behalf of a sponsor[] to determine whether the invalidated petitions are a result of fraud or any other violation of this section." *Id*. In short, the plain language of the challenged statute is clear—if more than 25% of petitions are deemed invalid during a particular reporting period, the initiative sponsor, registered circulators, or unregistered circulators may be investigated to determine the cause or causes of that invalidity rate. For these reasons, judgment is due in Defendants' favor on the League Plaintiffs' challenges to the provision prohibiting filling in missing information and the investigation provision.

47

\*     \*     \*

This Court recognizes that Plaintiffs and other proponents of Floridians' right of direct democracy are understandably dismayed by the Legislature's decision to further regulate the process, effectively making it even harder and more expensive to put issues on the ballot for public vote. The evidence at trial made this effect clear. It is incredibly expensive to successfully place a statewide ballot initiative on the ballot. It is virtually impossible to collect enough signatures for ballot placement without hiring paid petition circulators. And the changes wrought by HB 1205 have created new barriers to entry, making it even harder for initiative sponsors and supporters to accomplish their goals. The citizen initiative process, which gives Floridians a path to amend their Constitution, is virtually dead save for the most controversial issues for which tens of millions of dollars can be raised. But Plaintiffs' quarrels with the wisdom of the Legislature's actions—at least with respect to those provisions under HB 1205 for which Plaintiffs had standing to challenge—are policy arguments, not constitutional violations for which this Court may grant relief. And it is not for this Court to determine whether it is a good or bad thing that political power is being further consolidated in Tallahassee and reclaimed from the safety-valve of direct democracy that the first Constitution Revision Commission saw fit to propose for inclusion in Florida's modern Constitution.

48

Accordingly,

**IT IS ORDERED:**

1. With respect to the Florida Decides Healthcare, Inc., Jordan Simmons, and Mitchell Emerson, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Florida Decides Healthcare Inc.'s challenges to the petition circulator eligibility requirements, the petition circulator registration requirements, the ten-day delivery requirement and associated fines, and the increased verification costs provision. The Florida Decides Healthcare Plaintiffs' challenges to the "racketeering activity" definition are **DISMISSED as moot for prudential reasons.** The balance of the Florida Decides Healthcare Plaintiffs' claims are **DISMISSED for lack of standing**."

2. With respect to Smart & Safe Florida, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Smart & Safe Florida's challenge to the ten-day delivery requirement and associated fines. The balance of Smart & Safe Florida's claims are **DISMISSED for lack of standing**."

3. With respect to Floridarighttocleanwater.org and Melissa Martin, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Right to Clean Water Plaintiffs' challenge to the ten-day delivery requirement and associated fines. The balance of Right to Clean Water Plaintiffs' claims are **DISMISSED for lack of standing**."

49

4. With respect to the League of Women Voters of Florida, the League of Women Voters of Florida Education Fund, Inc., LULAC, Cecile Scoon, and Debra Chandler, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to the League Plaintiffs' challenges to the registration requirements, the criminal prohibitions against filling in missing information on signed petitions and possessing more than 25 signed petitions as an unregistered petition circulator, and the investigation provision. The League Plaintiffs' challenges to the "racketeering activity" definition are **DISMISSED as moot for prudential reasons.** The balance of the League Plaintiffs' claims are **DISMISSED for lack of standing**."

5. Consistent with this Court's prior Order acknowledging the Poder Latinx Plaintiff's stipulation of dismissal, ECF No. 498, the Clerk shall enter judgment stating, "Plaintiffs Poder Latinx, Yivian Lopez Garcia, and Humberto Orjuela Prieto's claims are **DISMISSED without prejudice**."

6. The Clerk shall **VACATE** this Court's prior preliminary injunction with respect to Jordan Simmons's vagueness claim challenging the "racketeering activity" definition, ECF No. 189, and close the file.

   **SO ORDERED on April 30, 2026.**

                             **s/Mark E. Walker**
                             **United States District Judge**

50

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                                                          Case No.: 4:25cv211-MW/MAF

CORD BYRD, et al.,

    *Defendants/Intervenor-Defendants*.

_____/

## JUDGMENT

Judgment is entered in favor of Defendants with respect to Right to Clean Water Plaintiffs' challenge to the ten-day delivery requirement and associated fines. The balance of Right to Clean Water Plaintiffs' claims are **DISMISSED for lack of standing**.

JESSICA J LYUBLANOVITS,
CLERK OF COURT

April 30, 2026                  s/ *Kimberly J. Westphal*
DATE                               DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**FLORIDA DECIDES HEALTHCARE,**
**INC., et al.,**

  *Plaintiffs/Intervenor-Plaintiffs,*

**v.**          **Case No.: 4:25cv211-MW/MAF**

**CORD BYRD, et al.,**

  *Defendants/Intervenor-Defendants.*

_____/

## FINAL ORDER ON MERITS

This Order is entered following a bench trial on Plaintiffs' claims challenging the constitutionality of several provisions of HB 1205, which amended Florida's laws pertaining to the statewide ballot initiative process.

"Florida's Constitution gives 'the people' the power to propose amendments to the state constitution." *Biddulph v. Mortham*, 83 F.3d 1491, 1493 (11th Cir. 1996) (citing Art. XI, § 3, Fla. Const.). This right of the people "derive[s] from wholly state-created procedures by which issues that might otherwise be considered by elected representatives may be put to the voting populace." *Gibson v. Firestone*, 741 F.2d 1268, 1273 (11th Cir. 1984). As Plaintiffs' expert, Dr. Dan Smith, explained at trial, Florida's Constitution Revision Commission of 1966, led by Democrat Chesterfield Smith, recognized that when the governing party centralizes so much

power, as the Florida Democratic party did in the 1950s and '60s, it begins to act as a cartel. ECF No. 644 at 45–46. As a result, many issues may go unheard, despite public support for legislation. *Id*. To combat the chokehold this "cartel interest" has on legislation, Florida created the right of citizens to directly bring issues to public vote.[1]

But this right of the people is not without limits. "The state, having created such a procedure, retains the authority to interpret its scope and availability." *Gibson*, 741 F.2d at 1273. In other words, "[s]tates allowing ballot initiatives have considerable leeway to protect the integrity and reliability of the initiative process, as they have with respect to election processes generally." *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 191 (1999).

To that end, Florida has, over the years, enacted myriad regulations of this process, including regulations of the framing of proposed language for ballot initiatives, signature requirements to qualify for ballot placement, deadlines for returning signed petitions, etc. Indeed, before the Legislature enacted the challenged legislation at issue in this case, the chance of successfully proposing and passing a statewide ballot initiative was an uphill battle unless a sponsor was able to marshal

---

[1] Now, like the Democrats in the 1950s and '60s, Republicans have a chokehold on power in the Florida Legislature. Recently, the Legislature has enacted more regulations on Floridians' right of direct democracy, and, in the words of Defendant Earley, appear to "kill the ability to bring citizen initiative petitions to the ballot," with HB 1205. *See* ECF No. 639 at 180–81.

2

enormous resources and put them to work in a massive statewide campaign. Now, according to Plaintiffs, that process has gotten even more challenging, inefficient, and expensive due to new restrictions imposed by HB 1205.

Plaintiffs include three statewide ballot initiative sponsors, Smart & Safe Florida ("Smart & Safe"), Florida Decides Healthcare ("FDH"), and Right to Clean Water ("RTCW"), who had active campaigns to reach the ballot for the 2026 general election. Plaintiffs also include individuals associated with FDH—Jordan Simmons and Mitchell Emerson—and RTCW's campaign coordinator, Melissa Martin. And Plaintiffs include community organizations, the League of Women Voters ("the League") and the League of United Latin American Citizens ("LULAC"), and League members Cecile Scoon and Debra Chandler.

These Plaintiffs challenge most of the changes enacted through HB 1205, including new deadlines and requirements for returning signed petitions, who can serve as petition circulators, registration requirements for petition circulators, new criminal prohibitions and investigatory requirements associated with petition circulation, how much the State may charge initiative sponsors to verify signed petitions, what language must be included on initiative petitions, and how many initiatives a sponsor may propose. Plaintiffs' claims assert most of these provisions violate their First Amendment rights to speech and association by imposing a severe burden on their petition circulation efforts. Smart & Safe also contends the new

3

financial impact statement requirement compels speech in violation of the First Amendment, while FDH contends the new verification costs violate its right to equal protection and the League Plaintiffs assert one of the petition circulator eligibility requirements violates their rights to equal protection. But before this Court can address the merits of the claims presented in this case, it must first address the threshold question of standing.

I

First, this Court addresses whether Plaintiffs have standing to pursue prospective relief for each of the provisions they challenge. *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F. 2d 756, 759 (11th Cir. 1991) ("Before rendering a decision . . . every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings . . . ."). "Plaintiffs must maintain their personal interest in the dispute at all stages of litigation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "[I]n a case like this that proceeds to trial, the specific facts set forth by the plaintiff to support standing must be supported adequately by the evidence adduced at trial." *Id*. (internal quotation marks and citation omitted). "And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and

4

for each form of relief that they seek (for example, injunctive relief and damages)."

*Id.* (citations omitted).

The parties are well familiar with the requirements for demonstrating Article III standing—namely, injury in fact, traceability, and redressability. This Court addresses each Plaintiff's standing as to each claim in turn, starting with each Plaintiff's evidence concerning the injuries suffered as the result of the challenged provisions. This Court's discussion begins with Smart & Safe.

A

First, this Court addresses those claims for which Smart & Safe has not demonstrated standing. Smart & Safe is a registered Florida political committee that sponsored a citizen initiative entitled "Adult Personal Use of Marijuana" during the 2026 election cycle. ECF No. 596 ¶ 63. Smart & Safe also attempted to sponsor a second proposed amendment entitled "Home Cultivation of Medical Marijuana" during the 2026 election cycle. *Id.* ¶ 65. The parties stipulated that if this second proposed amendment was unsuccessful in making the ballot for 2026, it would sponsor the same initiative for the 2028 election cycle. *Id.*[2] However, as Defendants point out, the testimony Smart & Safe introduced at trial failed to demonstrate that

---

[2] Smart & Safe asserted in the pretrial stipulation that it intends to campaign for its ballot initiatives in the 2028 election cycle if it obtains the necessary relief before this Court. *See* ECF No. 596 at 60, ¶¶ 17–18. However, Defendants did not stipulate to these assertions of fact nor were these facts proven at trial.

it intends to proceed with collecting signatures for the 2028 petition initiative cycle for any ballot initiative. At most, Meghan Cox, Smart & Safe's only live witness,[3] testified that she did not know yet if Smart & Safe has an active political committee trying to get on the 2028 ballot, ECF No. 638 at 193, and that Smart & Safe's decision to collect signatures toward the 2028 ballot depends on the outcome of this litigation and whether any fines assessed against Smart & Safe for the 2026 election cycle are cost prohibitive, *id*. at 190.

But Smart & Safe is pursuing only prospective relief, which requires proof of an ongoing or imminent injury that is concrete and particularized, not speculative or hypothetical. *See Church v. City of Huntsville*, 30 F. 3d 1332, 1337 (11th Cir. 1994). To the extent some of Smart & Safe's claims hinge on impacts to any of its efforts in current or future campaign cycles, Smart & Safe has not demonstrated any present or future intention to collect signatures toward a ballot initiative for the 2028 election cycle or beyond. This failure in proof dooms these claims. Simply put, prospective relief with respect to challenged provisions that apply only to current or future

---

[3] Ms. Cox is a political consultant whose company was retained to manage the field efforts for Smart & Safe's petition gathering campaign in support of the Adult Personal Use of Marijuana ballot initiative for the 2026 election cycle. ECF No. 638 at 102–03. Her testimony focused on the nuts and bolts of running the campaign, but Ms. Cox could not speak to higher-level decisionmaking by Smart & Safe with respect to its plans or intentions for election cycles beyond the 2026 general election.

6

election cycles will afford no redress to Smart & Safe if it has no intention of engaging in petition gathering for current or future election cycles.[4]

For example, inasmuch as Smart & Safe asserts the new financial impact statement requirement violates its First Amendment rights by compelling speech on its initiative petition forms, Smart & Safe has failed to demonstrate that it is likely, and not merely speculative, that Smart & Safe plans to engage in any further petitioning for current or future election cycles and will thus suffer an ongoing or imminent speech injury based on this provision. The same is true with Smart & Safe's challenges to the additional amendment prohibition,[5] the registration

---

[4] Smart & Safe argues that its claims are capable of repetition yet evading review inasmuch as this case involves ballot initiatives that operate over a shortened time frame for each election cycle. *See* ECF No. 665 at 15–16. However, this argument addresses whether this case has become moot, not whether Plaintiff has demonstrated that it is suffering or will suffer an imminent injury in fact for standing purposes. Moreover, the cases Smart & Safe cites in support of this contention are distinguishable. Notably, the Supreme Court in *Meyer* relied on evidence that the initiative proponents continued advocating for their failed initiative and planned future attempts to obtain signatures to place the issue on the ballot to determine that the case was not moot. *Meyer v. Grant*, 486 U.S. 414, 417 n.2 (1988). Thus, there was a reasonable expectation that the proponents would be subjected to the same challenged action again. *See also Wood v. Raffensperger*, 981 F. 3d 1307 (11th Cir. 2020). Here, however, Smart & Safe has offered no evidence to demonstrate by a preponderance of the evidence that it is planning or intends to gather any signatures for the current or future election cycles and this Court will not speculate as to this fact given Ms. Cox's testimony.

[5] Smart & Safe argues that this provision injures it because it is prohibited from sponsoring multiple ballot initiatives during the 2028 election cycle. ECF No. 665 at 18. But Smart & Safe has not demonstrated that it intends or is attempting to sponsor more than one ballot initiative during the 2028 election cycle. Accordingly, based on this record, Smart & Safe's asserted injury is unsupported and merely hypothetical.

requirements,[6] the mandatory decertification requirements,[7] and the voter notice and verification costs.[8] Inasmuch as Smart & Safe has not demonstrated an ongoing or imminent injury in fact that could be remedied by prospective relief with respect to these challenged provisions, Smart & Safe has not demonstrated standing to challenge these provisions.

With respect to the non-resident circulator prohibition, Smart & Safe's asserted injury is based on fears that the State will assess fines against it for the use of non-resident circulators during the time when this Court's preliminary injunction was in effect in 2025. ECF No. 665 at 13–14. However, the Director of the Office of Election Crimes and Security, Jillian Pratt, testified unequivocally that her office would issue no fines for the use of non-resident petition circulators during the injunction period in 2025. *See* ECF No. 654 at 199. Under these specific

---

[6] Smart & Safe's trial brief includes no discussion of its standing to seek prospective relief with respect to the registration requirements beyond the assertion that the Attorney General and State Attorneys are responsible for enforcing the criminal penalties associated with violations of the registration requirements. *See* ECF No. 665 at 17.

[7] In asserting it has standing to challenge these provisions, Smart & Safe offers no explanation beyond the fact that the financial impact statement and mandatory decertification requirements would apply to it if it sponsored an initiative in the future. Setting aside the lack of evidence demonstrating how these provisions are injuring or will injure Smart & Safe, any purported injury with respect to the decertification requirement appears to be wholly speculative at this juncture, inasmuch as this provision requires the decertification of an initiative's ballot position only if the Florida Supreme Court later determines in an advisory opinion that the initiative petition is invalid based on, among other reasons, an improper financial impact statement.

[8] Again, Smart & Safe has not demonstrated that it is likely to incur any future verification costs inasmuch as it has not demonstrated that it intends to collect petition signatures for another ballot initiative during the 2028 election cycle.

circumstances, Smart & Safe's subjective fears of enforcement for something the State has unequivocally disavowed an intention to enforce do not give rise to a cognizable injury. *Compare Wollschlaeger v. Gov. of Fla.*, 848 F. 3d 1293, 1306 (11th Cir. 2017) (nonbinding letter disavowing enforcement in general terms did not deprive plaintiff of standing where defendant had previously taken contradictory position) *with Wilson v. State Bar of Ga.*, 132 F. 3d 1422, 1429 (11th Cir. 1998) (disbarred attorneys' asserted belief that they would have to forego protected speech to avoid sanctions under challenged amendments to Bar Rules was not objectively reasonable in light of the State Bar's position that it would not sanction disbarred attorneys for engaging in such speech).

That leaves Smart & Safe's challenge to the ten-day delivery requirement and fines for late deliveries. Smart & Safe contends that it reasonably fears the imposition of fines for late petition deliveries that its circulators returned during the 2025–2026 campaign. ECF No. 665 at 13. To support this, Smart & Safe points to Ms. Cox's testimony which demonstrates that certain batches of Smart & Safe's signed petitions delivered to the Supervisors likely contained petitions that are at least one day late and thus subject to a fine. *See* ECF No. 638 at 147–50, 155–58. Likewise, Smart & Safe also points to Director Pratt's testimony insofar as she testified that her office has not issued any fines for late or incorrect deliveries for the 2025–2026 cycle, but there was no deadline for doing so. ECF No. 654 at 198.

9

Inasmuch as Director Pratt did not disavow the imposition of fines for late deliveries and given the volume of petitions submitted and the delivery notifications indicating that at least some of these petitions were turned in after the ten-day deadline, this Court concludes that Smart & Safe has demonstrated that it is more likely than not that it will be fined for late deliveries under the challenged provision. This injury is traceable to the Secretary of State, whose Office of Election Crimes and Security is responsible for issuing fines for late petitions. And this injury is redressable by an injunction prohibiting the imposition of fines for late deliveries from the 2025–2026 campaign cycle. Accordingly, Smart & Safe has demonstrated that it has standing to seek prospective relief solely with respect to the ten-day delivery requirement and associated fines provisions.

B

Next, this Court considers the RTCW Plaintiffs' standing to pursue prospective relief. RTCW is a registered Florida political committee that sponsored a citizen initiative entitled "Right to Clean and Healthy Waters" during the 2026 election cycle. ECF No. 596 ¶ 76. Plaintiff Melissa Martin is RTCW's campaign coordinator and a resident of Oregon. *Id*. ¶¶ 82–83. Again, as Defendants point out, the testimony RTCW introduced at trial failed to demonstrate that it intends to proceed with collecting signatures for the 2028 petition initiative cycle for any ballot initiative. At most, Ms. Martin testified that RTCW is still a registered political

10

committee and would remain registered for the next election cycle. ECF No. 637 at 87. However, Ms. Martin also testified that RTCW does not have any "active petition-gathering efforts right now," *id.* at 21, and RTCW's plans with respect to a 2028 initiative campaign are "[h]ighly contingent on this case," and that, "ideally, if things work out in [their] favor, [they] would be able to ramp something up for [2027]." *Id.*

RTCW argues that it has been injured by the myriad changes to Florida's ballot initiative process insofar as it had to cease petition gathering for the 2025–2026 cycle. *See, e.g.*, ECF No. 666 at 11–14. But the petition-gathering cycle has now ended for the 2026 general election, and RTCW has not demonstrated that it is currently subject to, or will imminently be subjected to, any of the challenged requirements going forward. This is because RTCW has not demonstrated that it is currently engaging in petition gathering or that it imminently intends to do so for the 2028 general election. Instead, RTCW has taken a wait-and-see approach and seeks prospective relief that is premised only on past injuries and hypothetical future injuries in the event it decided to pursue another petition-gathering campaign. Thus, like Smart & Safe, RTCW has not demonstrated an ongoing or imminent injury that would be redressed by prospective relief for those claims that hinge on harm to RTCW's current or future petition-gathering efforts. "When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to

11

seek prospective relief even if he has suffered a past injury." *31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003).

Accordingly, RTCW has not demonstrated by a preponderance of the evidence that it faces an ongoing or imminent injury in fact with respect to the challenged registration requirements,[9] the affidavit requirement,[10] the non-resident circulator prohibition and associated fines,[11] the non-citizen circulator prohibition and associated fines,[12] the fine for pre-filling petitions,[13] and the petition invalidation

---

[9] Insofar as registering to gather petitions places a burden on potential volunteers who would otherwise gather petitions on RTCW's behalf, RTCW has not demonstrated that it is currently or reasonably likely to sponsor another ballot initiative that anyone could voluntarily gather petitions for. Thus, any ongoing or imminent injury to RTCW or its volunteers is purely hypothetical at this juncture.

[10] Any chill on petition circulators as a result of the affidavit requirement is now purely hypothetical inasmuch as RTCW has not demonstrated that it is currently or reasonably likely to begin an active petition-gathering campaign in the immediate future.

[11] RTCW contends that it has standing to challenge the non-resident circulator prohibition and associated fines as the provisions bar non-resident volunteers, including Plaintiff Melissa Martin, from circulating RTCW's petitions on RTCW's behalf. However, now that RTCW's 2026 campaign has ended and there is no evidence of a current or imminent petition-gathering campaign for the 2028 election cycle, any asserted injuries flowing from these provisions are merely hypothetical.

[12] As with the non-resident prohibition and associated fines, RTCW's asserted injuries flowing from the non-citizen circulator prohibition and associated fines are merely hypothetical in the absence of a current or imminent 2028 petition-gathering campaign.

[13] Again, RTCW has not demonstrated that it is currently refraining from or would otherwise provide pre-filled petitions to voters for a current ballot initiative or that it is imminently going to do so.

12

provision.[14] Likewise, Plaintiff Melissa Martin has not demonstrated standing to pursue prospective relief with respect to the non-resident circulator prohibition and associated fines inasmuch as RTCW has not demonstrated that it has a current or imminent petition-gathering campaign that Ms. Martin would participate in but for the challenged provision. Nor is Ms. Martin's testimony, *see* ECF No. 637 at 21, concerning her general intentions to begin gathering petitions someday in the future, sufficient to confer standing for prospective relief. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."); *Fla. St. Conf. of Branches & Youth Units of NAACP v. Byrd*, 794 F. Supp. 3d 1131, 1159 (N.D. Fla. 2025) (Walker, J.) (finding no standing for individual plaintiff following bench trial due to speculative injury based on "someday intentions" to come to Florida to participate in voter registration drives).

Finally, to the extent RTCW appears to have challenged certain provisions in its operative complaint but failed to address those challenges in its evidence at trial and written closing arguments, this Court is not persuaded that RTCW has met its burden to demonstrate standing to seek prospective relief concerning challenges that

---

[14] Inasmuch as RTCW does not have an active petition-gathering campaign and has introduced no evidence to suggest a campaign is imminent, RTCW has not demonstrated that it is likely to be harmed from the invalidation provision going forward.

13

have been essentially abandoned at trial. This includes RTCW's challenges to the misdemeanor notice provision, section 100.371(3)(a)5., Florida Statutes, and the full amendment provision, section 100.371(3)(b), Florida Statutes. *See* ECF No. 418 ¶¶ 63–66.[15]

As for RTCW's challenge to the ten-day delivery requirement and associated fines, including fines for delivering signed petitions to the wrong county, RTCW introduced evidence demonstrating that it had petitions delivered late and to the wrong county during the 2025–2026 cycle, and is thus subject to fines under these provisions. *See* ECF No. 637 at 52 and 65–66. In addition, Ms. Martin, on behalf of RTCW, testified that RTCW is not aware of how much it will be fined in total for late-delivered and misfiled petitions as it has not yet received any notice from the State. *Id*. at 66. And, as this Court already discussed, the State has yet to determine the fines imposed for late and misfiled petitions for the 2025–2026 election cycle. *See* ECF No. 654 at 198. Accordingly, based on this record, RTCW has demonstrated that it is more likely than not that it will be fined for late and misfiled deliveries under the challenged provisions. This injury is traceable to the Secretary of State, whose Office of Election Crimes and Security is responsible for issuing fines for late

---

[15] Although the misdemeanor notice and full amendment provisions are included in RTCW's allegations and are alleged to have substantially increased the burden on RTCW to gather petition signatures, RTCW does not include these provisions among the "challenged provisions" at issue in the complaint. *See* ECF No. 418 ¶ 67. This Court addresses them here in the interest of being thorough.

14

and misfiled petitions. And this injury is redressable by an injunction prohibiting the imposition of fines for late and misfiled deliveries from the 2025–2026 campaign cycle. Accordingly, RTCW has demonstrated that it has standing to seek prospective relief solely with respect to the ten-day delivery requirement and associated fines and the wrong-county delivery provisions.

C

Next, this Court turns to the FDH Plaintiffs and whether they have demonstrated standing to seek prospective relief. Unlike the other two ballot initiative sponsors in this case, FDH introduced substantial evidence demonstrating a concrete intention of pursuing another petition-gathering campaign for a proposed statewide ballot initiative to expand Medicaid eligibility for the 2028 general election. For example, FDH's Executive Director Mitchell Emerson testified that FDH is currently trying to get on the ballot for the 2028 cycle. ECF No. 640 at 268, 279. Mr. Emerson testified that FDH has "been communicating with the coalition partners that [it was] continuing to grow from 2025 to let them know to be prepared to be engaged," that FDH has "done some press . . . letting folks know that [they] are going to seek getting on the 2028 ballot again," and that, in response to the challenged provisions, FDH has shifted its petition-gathering strategy to "a digital method" where they provide a link where voters can request a petition and FDH

15

"will mail them a petition along with a return envelope so that they can fill it out and return it." *Id*. at 268–69, 279.

FDH's evidence also demonstrates that its current shift away from paid petition circulators and volunteer petition circulators for the 2028 petition-gathering campaign is in response to several of the challenged provisions in an effort to avoid liability for violating such provisions, including fines and invalidation of petitions for violating the circulator eligibility requirements,[16] fines and invalidation of petitions submitted in violation of the petition circulator registration requirements,[17]

---

[16] FDH presented testimony demonstrating that the vendor it contracted with to run its paid petition-circulator efforts for the 2026 election cycle employed non-citizens, non-residents, and some convicted felons. *See* ECF No. 640 at 36–38, 109–10, 115, 130–32. However, this vendor suspended its work with FDH in late August or early September in light of FDH's decision to halt its petition-gathering campaign and the potential financial and criminal liability that its team faced for violating the myriad provisions of HB 1205. *Id*. at 135. Moreover, employees for FDH's chosen vendor for paid petition circulation testified that the financial risk involved in petition gathering under HB 1205 has dissuaded the vendor from working on Florida ballot initiatives going forward. *Id*. at 135, 202. And FDH submitted evidence demonstrating that, if the circulator eligibility requirements remain in place, it would continue to forego the use of paid circulators for the 2028 election cycle based on the limitations the requirements pose for hiring staff. *Id*. at 270–71. In short, this record demonstrates that FDH is suffering an ongoing injury in fact with respect to the circulator eligibility requirements insofar as the burden of complying with these provisions and the risks attendant to violating them have chilled FDH from engaging in in-person petition gathering.

[17] FDH's witnesses testified to the impact the petition circulator registration requirement had on its petition-gathering efforts during the 2026 election cycle and continues to have on its efforts to get on the ballot in 2028. ECF No. 640 at 73–76, 272. In light of these impacts, including the potential liability for violating the registration requirements and the drop in recruitment for volunteers to engage in petition circulation beyond the 25-petition limit, FDH has opted instead to use a digital program that does not rely on volunteer circulators to gather signed petitions. *Id*. at 271–72; *see also* ECF No. 639 at 27–28. This evidence is sufficient to demonstrate an injury in fact to challenge the petition circulator registration requirements.

16

and fines for violating the ten-day return deadline.[18] This evidence is sufficient to demonstrate an ongoing injury in fact caused by the circulator eligibility requirements, the petition circulator registration requirements, and the ten-day return deadline. These injuries are traceable to the respective enforcers of each of the challenged provisions. The Secretary of State and Supervisors of Elections are responsible for enforcing the eligibility and registration requirements by issuing fines and invalidating petitions submitted in violation of these provisions. *See* §§ 100.371(4)(g), 100.371(11), 100.371(14)(h), Fla. Stat. Relatedly, the Attorney General and State Attorneys are responsible for enforcing the criminal prohibitions associated with violations of the registration requirements for petition circulators. *See* §§ 104.187, 104.188(2), 100.371(11), Fla. Stat. And an injunction prohibiting these actors from enforcing their respective provisions would redress FDH's injuries by eliminating the threat of crippling fines, invalidated petitions, and criminal prosecution. Accordingly, FDH has demonstrated standing to challenge the petition circulator eligibility requirements, the petition circulator registration requirements, and the ten-day delivery requirement and associated fines.

---

[18] FDH introduced evidence of an ongoing shift in operations as a result of the ten-day return deadline. When the law went into effect in 2025, FDH's petition circulators had to change the way they engaged in petition gathering and processing of signed petitions to avoid incurring substantial fines for late-delivered petitions. *See* ECF No. 640 at 192–93, 263. This change in operations continues through to the 2028 election cycle and FDH's decision not to engage in traditional in-person petition circulation. *Id*. at 271. This evidence is sufficient to demonstrate an ongoing injury in fact with respect to the ten-day return deadline.

17

Likewise, FDH's evidence also demonstrates a cognizable injury with respect to the challenged increase in verification costs that the Supervisors of Elections charge under the "actual cost" provision enacted through HB 1205. This provision has dramatically increased the cost to verify petitions submitted toward FDH's 2028 ballot initiative campaign and forced FDH to forego using paid petition circulators. *See* ECF No. 640 at 270; *see also* ECF No. 596 at 37–39 (stipulated chart of increase in verification fees across all counties except for Sumter County); *id*. at 40 (stipulation that reasonable estimate of verification cost for statewide ballot initiative petitions has increased from $1,131,000.00 before HB 1205 took effect to $4,381,000.00 under current verification fees). The Supervisors are also responsible for calculating and charging the increased verification costs, and thus, FDH's injury is traceable to the Supervisors. *See* § 100.371, Fla. Stat. And an injunction prohibiting the Supervisors from charging these increased costs would redress FDH's injury. Thus, FDH has standing to challenge the verification costs provision.

However, FDH has not pointed to evidence demonstrating that it suffers an ongoing or imminent injury related to the prohibitions on filling in missing information on signed petitions, sending out pre-filled petitions to voters to sign, or copying or retaining voter information. At most, FDH has demonstrated that employees of its paid petition circulator vendor previously filled in missing information on signed petitions and scanned copies of signed petitions as part of its

18

quality control[19] and that FDH worked with another third party to send voters pre-filled petitions[20] before the challenged provisions went into effect during its petition-gathering campaign for the 2026 general election. But FDH's evidence fails to demonstrate that it would have continued to engage in the same conduct for the 2028 cycle in the absence of these provisions.

Likewise, FDH's evidence has not demonstrated that it is more likely than not injured or will imminently be injured by the voter PII disclosure requirements. This provision requires voters to now include the last four digits of their social security numbers or their driver's license ("DL") or state identification number on their signed petition to be validated. FDH introduced evidence demonstrating that voters were far more hesitant to fill out the required information or even sign a petition after the requirement went into effect in 2025. ECF No. 640 at 133–34. This resulted in a reduction in completed petitions for FDH in 2025. *Id*. However, FDH's evidence demonstrates that voters were hesitant to sign petitions or include this personal

---

[19] Prior to HB 1205's enactment, FDH's petition circulators would fill in some missing information on signed petitions and scan and retain copies of signed petitions as part of its quality control process. *See* ECF No. 640 at 128, 196. FDH's paid petition circulators stopped curing petitions and retaining scanned copies once the law prohibiting these practices went into effect and instead began turning in signed petitions that had missing information and which would presumably not be counted toward FDH's signature goal. *Id*. at 195.

[20] FDH's evidence demonstrates that FDH hired a third party to do quality control and data aggregation during FDH's petition-gathering efforts in 2025. ECF No. 640 at 52. With the help of this third party, FDH would send pre-filled petitions to voters for their signatures. *Id*. This was not FDH's "primary mode of gathering petitions," *id*. at 53, and there is no evidence in the record that FDH would resume this activity if the prohibition was enjoined.

information on their signed petitions when the petition would be collected by an in-person petition circulator. *Id*. FDH's evidence does not demonstrate, however, that voters are less likely to include this personal information or sign petitions provided through the digital-only method FDH is now using for the 2028 election cycle. Nor does FDH's evidence demonstrate that its shift in operations to a digital-only petition-gathering campaign is based on the PII disclosure requirement. In short, given the other provisions that have led to a change in FDH's operations for the 2028 election cycle, FDH has not shown that it is currently injured or faces an imminent injury based on the PII disclosure requirement.[21]

FDH also argues that Plaintiff Michell Emerson is injured by the voter PII disclosure requirement as a Florida voter who will now have to disclose either his DL number, state identification number, or last four digits of his social security number on his signed petition form. ECF No. 667 at 72–73. But Plaintiffs' evidence fails to demonstrate that Mr. Emerson is currently suffering or is likely to suffer an imminent injury with respect to this provision. Instead, FDH merely points to Mr. Emerson's testimony that he previously signed a petition for the 2026 campaign. *See* ECF No. 640 at 257. But this raises the question as to whether Mr. Emerson signed

---

[21] In addition, the asserted injury to FDH also depends on the action of third parties not before this Court—namely, voters who are likely to sign FDH's petition. Thus, expectations concerning how voters will react to the PII disclosure requirement going forward are speculative.

a petition for the 2026 campaign after the voter PII disclosure requirements became effective, whether he plans to sign a petition for the 2028 campaign and, if so, whether he would be dissuaded from doing so because of the challenged voter PII disclosure requirement. This Court cannot fill in the gaps for Plaintiffs. Accordingly, on this record, Mr. Emerson has not demonstrated, let alone clearly argued, that he has standing to challenge the voter PII disclosure requirement.

Accordingly, for all these reasons, FDH has demonstrated standing to seek prospective relief only with respect to its challenges to the petition circulator eligibility requirements, [22] the petition circulator registration requirements, the ten-day delivery requirement and associated fines, and the increased verification costs provision. Next, this Court turns the League Plaintiffs' standing.

## D

As to the League Plaintiffs, this Court will address the individual Plaintiffs and the organizational Plaintiffs in turn, starting with the individual Plaintiffs—Cecile Scoon and Debra Chandler. Both Ms. Scoon and Ms. Chandler assert they have standing to challenge the registration requirements, including the requirement that they disclose certain personal information on signed petitions, the prohibitions

---

[22] Plaintiff Jordan Simmons has demonstrated that he was previously injured by the non-resident prohibition. However, as a Missouri resident who testified only generally to the desire to work on FDH's petition-gathering campaign sometime in the future, Mr. Simmons has not demonstrated an ongoing or imminent injury with respect to the non-resident prohibition of the petition circulator eligibility requirements. *See* ECF No. 640 at 136, 138.

on filling in missing voter information on signed petitions or retaining voters' personal information, and the investigation provision. However, Ms. Scoon's testimony did not include any details about future plans to collect signed petitions. Instead, her testimony largely focused on the impacts HB 1205 had on the League's activities with respect to petition gathering for FDH and RTCW's ballot initiatives for the 2026 campaign cycles, which have now ended. Given this lack of specificity concerning the new election cycle, Ms. Scoon has not demonstrated a current or imminent injury with respect to the challenged provisions.

Likewise, with respect to the prohibition of copying or retaining voter information, Ms. Chandler testified that she is concerned about the fact that voters sometimes provide their contact information to her at tabling events when they are also interested in joining the League of Women Voters. ECF No. 646 at 228; *see also id*. at 81–82. But such concerns do not constitute a reasonable fear of prosecution for violating section 100.371(9) merely because a voter who is interested in joining the organization may provide the League with their contact information—separate and apart from signing an initiative petition. In short, Ms. Chandler has not demonstrated a cognizable injury in fact sufficient to challenge the prohibition on copying or retaining voter information.

But Ms. Chandler has demonstrated that, but for other challenged provisions currently chilling her petition-gathering efforts, she would continue gathering signed

22

petitions on behalf of FDH in the same manner she has previously employed and at the same community events where she has previously engaged in petition gathering. *See* ECF No. 646 at 224; *see also id*. at 214–24 (describing previous petition circulation efforts). Specifically, Ms. Chandler testified that she is chilled from gathering petitions in light of the requirement that she now register with the State to avoid criminal prosecution for possessing more than 25 signed petitions, privacy concerns she has as a result of the compelled disclosure of her personal information on petition forms, and fears of running afoul of the criminal prohibition against filling in missing information on signed petitions—for instance, if she were to help sight-impaired voters fill out petitions. *See id*. at 224–29.

Ms. Chandler also testified that she is chilled from gathering petitions in light of the investigation provision, which triggers an investigation by the Office of Election Crimes and Security when a Supervisor of Election reports that 25% or more petitions are invalid in a given reporting period. *See* § 100.371(14)(g), Fla. Stat.; *see also* ECF No. 646 at 230–31. This fear of investigation is reasonable in light of Supervisor of Elections Mark Earley's testimony that initiative petitions are deemed invalid for a number of reasons at least a third of the time. *See* ECF No. 639 at 290–91.

The chill to Ms. Chandler's petition gathering constitutes a cognizable, ongoing injury in fact traceable to the Secretary of State, Attorney General, and Ms.

23

Chandler's local State Attorney for the Fifteenth Judicial Circuit,[23] who are responsible for enforcing the challenged provisions. And an injunction prohibiting these Defendants' enforcement of the challenged provisions would redress Ms. Chandler's injuries with respect to petition circulation. Accordingly, Ms. Chandler has demonstrated that she has standing, as an individual, to challenge the registration requirements, the criminal prohibitions against filling in missing information on signed petitions and possessing more than 25 signed petitions as an unregistered petition circulator, and the investigation provision.

Turning to the organizational Plaintiffs' standing, the League and LULAC assert they have associational and organizational standing to challenge the registration requirements for petition circulators, including the non-citizen, non-resident, and felon ban on petition circulation, the ten-day delivery requirement, and the investigation provision. With the exception of the League Plaintiffs' Fourteenth Amendment claim against the non-citizen ban, other Plaintiffs have already demonstrated standing to challenge these provisions. Thus, this Court need not

---

[23] Ms. Chandler testified that she resides in Palm Beach County and engages in petition circulation in Palm Beach County. *See* ECF No. 646 at 208–09. Accordingly, the only State Attorney against whom she has standing to seek prospective relief is the State Attorney for the Fifteenth Judicial Circuit, who has jurisdiction to prosecute crimes in Palm Beach County.

24

address the organizations' standing to reach the merits of these claims except for their claim that the non-citizen ban violates the Fourteenth Amendment.[24]

As to the League's equal protection claim, the only testimony the League points to in support of its standing to challenge the non-citizen ban is from member Cecilia González Herrera, who is originally from Venezuela and is not a U.S. citizen. *See* ECF No. 668 at 112. She previously circulated petitions for RTCW's ballot initiative in 2025. ECF No. 652 at 26. However, she lives in Washington, D.C. *Id*. at 18. And although she intends to return to live near her family in Florida and circulate petitions in the future for the RTCW ballot initiative in the event the non-citizen ban is enjoined, she provided few specifics about those plans. *Id*. at 18–19. Moreover, based on the record presented by RTCW, it is not clear that RTCW has an active petition gathering campaign at this time or will in the imminent future.

Although Ms. González Herrera offered compelling testimony regarding her community involvement and contributions, her testimony does not provide a basis for demonstrating a concrete and ongoing or imminent injury with respect to the non-citizen ban. Instead, it appears any asserted injury suffered as a result of the non-

---

[24] No other Plaintiffs raise an equal protection challenge to the non-citizen ban. Accordingly, this Court must address whether the League or LULAC have demonstrated standing to challenge the non-citizen ban on this basis. *See TransUnion LLC v. Ramirez*, 594 U.S. at 431 ("And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages).").

citizen ban is merely speculative and hypothetical at this juncture as it depends on Ms. González Herrera returning to Florida at some point in the future and engaging in petition circulation if the time permitted and the ballot initiative she has chosen to support is working towards ballot placement.

In addition, to the extent the League attempts to argue that the non-citizen ban has directly harmed the League as an organization by forcing a diversion in resources or by obstructing its core mission and reducing its membership, this Court is not persuaded. *See, e.g.*, *City of South Miami v. Gov.*, 65 F.4th 631, 638–39 (11th Cir. 2023) ("Although an organization can establish standing under a diversion-of-resources theory, it cannot do so by inflicting harm on itself to address its members' 'fears of hypothetical future harm that is not certainly impending.' "). Notably, the League's discussion of these alternative theories of organizational standing fail to highlight the evidence as it pertains specifically to the non-citizen ban and its effects on the League or its activities.[25]

---

[25] The League's reliance on this Court's standing analysis in an earlier case is not persuasive. *See* ECF No. 668 at 114 n.31 (discussing *Fla. State Conf. of the NAACP v. Byrd*, 680 F. Supp. 3d 1291 (N.D. Fla. 2023)). In that case, this Court determined that the third-party voter registration organizations had demonstrated, at the preliminary injunction stage, that they relied heavily on noncitizens to engage in voter registration and that targeted voter outreach following registration was central to their missions to increase voter participation. *See Fla. State Conf. of the NAACP*, 680 F. Supp. 3d at 1300 & 1308. Here, on the other hand, the League introduced evidence that the current president is aware of only one noncitizen who has engaged in petition circulation in the past on a volunteer basis. *See* ECF No. 646 at 93 ("And then also noncitizens, we do have at least one that we're aware of who has done petition gathering for us in a volunteer capacity."). This is hardly the "heavy reliance" on noncitizen participation that the plaintiffs demonstrated in this Court's earlier case. In short, the facts of these cases and the import of those facts are distinguishable, and this Court is not convinced that because this Court found a direct injury to an

Instead, the questioning at trial and the League's arguments concerning organizational standing relate to HB 1205 as a whole, which includes myriad other challenged provisions. But, again, standing is not dispensed in gross. Moreover, the League's current president's testimony undermines the assertion that the non-citizen ban is responsible for direct harm to the League as an organization. *See* ECF No. 668 at 118–19; ECF No. 646 at 86–87 (testifying that if all other provisions "went away," she would still not recommend that League members participate in petition circulation if the ten-day return deadline provision remained in effect). Accordingly, on this record, the League of Women Voters has not demonstrated that any non-citizen member has suffered a cognizable injury in fact sufficient to support the League's standing to challenge the non-citizen ban, nor has the League demonstrated that it has suffered a direct injury as an organization due to the non-citizen ban.

As for LULAC, Plaintiffs point to testimony from a noncitizen member, Karen Patricio, who has previously collected petitions for ballot initiatives in the 2018 and 2024 election cycles. *See* ECF No. 646 at 246. She testified that she was in the process of planning to collect petitions in 2025, but she decided against it after HB 1205 passed. *Id*. at 250. And she testified that she would collect petitions if HB 1205 is repealed. *Id*. at 256. But Ms. Patricio also testified that her decision to collect

---

organization in the past, that means the same conclusion is inevitable based on the record in this case.

initiative petitions depends on the cause and whether there is some "personal problem" or "community needs" for which she wishes to advocate. *Id*. at 246. However, Ms. Patricio did not identify any particular ballot initiative for which she would currently gather petitions but for the non-citizen ban. Her generalized testimony, on its own, therefore does not confer standing on LULAC to challenge the non-citizen ban, as any injury to Ms. Patricio is not ongoing or imminent, but rather hypothetical and speculative based on this record.

LULAC also points to the testimony of its CEO, Juan Proaño, as additional evidence supporting LULAC's standing to challenge the non-citizen ban. *See* ECF No. 668 at 125. However, Mr. Proaño's testimony is also too generalized to satisfy LULAC's burden to demonstrate an ongoing or imminent injury in fact. With respect to non-citizens, Mr. Proaño testified that LULAC has non-citizen members, that some of these members collected signed petitions for 2018 and 2024 campaigns, and that some non-citizen members plan to collect petitions in the future. *See* ECF No. 644 at 213–15. But, again, "someday intentions" absent specific facts do not give rise to an imminent injury in fact. *See Lujan*, 504 U.S. at 564. This is particularly true, here, where the ballot initiative sponsors that LULAC had recently been interested in assisting have not demonstrated that they have an active petition-gathering campaign (RTCW) or have switched to an online distribution model only

28

(FDH). As a result, LULAC's evidence also fails to demonstrate that any non-citizen member has suffered an injury in fact sufficient to support LULAC's standing.

LULAC's attempt to demonstrate organizational standing to challenge the noncitizen ban also falls short. LULAC points to the testimony of Ms. Patricio concerning her initial, unsuccessful efforts to start focusing more on petition circulation within newly created districts that she joined in 2025 as evidence that the noncitizen ban has impeded LULAC's core mission. ECF No. 668 at 129–30. Inasmuch as the petition-gathering cycle for the 2026 general election has now ended, this evidence of a past injury, on its own, does not amount to a cognizable injury for purposes of seeking prospective relief.

In addition, LULAC's CEO testified that petition circulation is "critically important" to the organization's overall mission to promote civic engagement and advocacy for the Latino community. *See* ECF No. 644 at 208–09. But this activity is highly dependent on the existence of an active ballot initiative and petition-gathering campaign for LULAC's Florida members to choose to take part in.[26] And the only initiative sponsor before this Court that has demonstrated an active and ongoing effort to gather signed petitions has shifted to an online-only distribution strategy.

---

[26] Again, this case is distinguishable from this Court's earlier case involving third-party voter registration organizations, *see* 680 F. Supp. 3d 1291, inasmuch as voter registration can happen any time and is not dependent on a third party, such as an initiative sponsor, creating a window of opportunity that would allow volunteers to gather signatures. Ballot initiative petition circulation, on the other hand, inherently depends upon initiative sponsors and the existence of an active campaign for a proposed ballot initiative.

*See* ECF No. 640 at 269. LULAC's evidence does not account for this absence of opportunity for in-person petition circulation attributable to initiative sponsor's campaign strategy in response to HB 1205, nor does LULAC's evidence identify any other active ballot initiative that it would seek to assist through petition gathering during the current or future elections cycles. Thus, on this record, LULAC's organizational injuries appear to be hypothetical at this juncture. Accordingly, this Court is not persuaded that LULAC has demonstrated standing to challenge the non-citizen ban under the Fourteenth Amendment.

E

Finally, this Court considers the issue of Plaintiffs' claims challenging HB 1205's amendment to Florida's definition of "racketeering activity." After the trial, Defendants filed a suggestion of mootness with respect to Plaintiffs' claims challenging this particular provision, inasmuch as the Legislature had struck the challenged language in new legislation, HB 991, which the Governor signed into law on April 1, 2026. *See* ECF No. 671. Plaintiffs were afforded an opportunity to respond to Defendants' suggestion of mootness, and both the FDH Plaintiffs and the League Plaintiffs argue that their claims challenging Florida's "racketeering activity" statute are not moot despite the fact that the Legislature has repealed the language that both groups of Plaintiffs challenged in this action. ECF No. 674. This Court Ordered Defendants to provide an additional response to the issue of the

30

repeal's July 1, 2026, effective date, and Defendants raised the additional argument of prudential mootness. ECF No. 676.

Having considered the parties' arguments, the operative complaints, ECF Nos. 413 and 431, the Plaintiffs' written closing arguments, ECF Nos. 667 and 668, and the trial record, this Court agrees with Defendants that Plaintiffs' claims challenging HB 1205's amendment to the "racketeering activity" definition—namely, the inclusion of "violation[s] of the Florida Election Code relating to irregularities or fraud involving issue petition activities" within that definition—will become "constitutionally moot" once the HB 991's amendment of this definition takes effect on July 1, 2026. *See* ECF No. 671-1 at 65, 69–70 (amendment striking challenged provision and setting effective date of July 1, 2026); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023–24 (10th Cir. 2011) (discussing "constitutional" and "prudential" mootness). This Court also acknowledges that many of Plaintiffs' arguments in support of standing to challenge the "racketeering activity" definition while it is still in effect are undermined by the record in this case. For example, Defendants make a persuasive argument that any fears of prosecution under the challenged racketeering provision are not reasonable given the lack of any enforcement to date and the statute's imminent repeal, such that Plaintiffs have not demonstrated a cognizable, ongoing injury in fact. *See* ECF No. 676 at 2.

31

Nonetheless, assuming, for the sake of argument, that any Plaintiffs who challenge this provision are able to demonstrate standing while the law remains in effect until June 30, 2026, Defendants assert this Court should find Plaintiffs' challenges to the "racketeering activity" definition to be prudentially moot. This Court agrees. With respect to prudential mootness, the Eleventh Circuit has held that "[t]he critical question becomes 'whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.' " *Ingaseosas Intern. Co. v. Aconcagua Investing Ltd.*, 479 F. App'x 955, 962 (11th Cir. 2012) (quoting *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987)).

This Court acknowledges that prudential mootness is a "rarely invoked doctrine," that comes into play only when "a controversy . . . has become 'so attenuated that considerations of prudence and comity counsel the court to stay its hand, and to withhold relief it has the power to grant." *Baker*, 164 F.4th at 860 n.6 (internal quotation marks and citation omitted). Even so, here, this Court is ultimately persuaded that the unique change in circumstances with respect to the controversy involving the "racketeering activity" definition—namely, the fact that there has been no enforcement of this provision during its brief tenure in the Florida Statutes (despite the fact that this Court's preliminary injunction was granted in favor of only one individual Plaintiff), there is no evidence of any prospective

32

enforcement, and the provision's imminent repeal takes effect July 1, 2026, counsels in favor of staying this Court's hand with respect to granting equitable relief under the doctrine of prudential mootness. *See Ingaseosas Intern. Co.* at 963 (concluding that unique circumstances where "any effective relief is so remote," appeal should be treated as moot for prudential reasons). Accordingly, this Court treats Plaintiffs' claims challenging the "racketeering activity" definition, now repealed by HB 991, as moot for prudential reasons.

\* \* \*

In sum, this Court concludes that Smart & Safe and RTCW have demonstrated standing only as to their claims seeking prospective relief with respect to the ten-day delivery requirement and associated fines. FDH has demonstrated standing with respect to the delivery requirement and fines, as well as the petition circulator eligibility requirements, the petition circulator registration requirements, and the increased verification costs provision. And Debra Chandler has also demonstrated standing to seek prospective relief with respect to the registration requirements, the criminal prohibitions against filling in missing information on signed petitions and possessing more than 25 signed petitions as an unregistered petition circulator, and the investigation provision. Finally, to the extent Plaintiffs' challenges to the "racketeering activity" definition may not yet be technically moot, this Court will

33

treat those challenges as moot for prudential reasons in light of the imminent effective date of the provision's repeal.

This Court now turns to the merits of Plaintiffs' claims for which they have demonstrated standing.

## II

### A

Turning to the merits, this Court first addresses Plaintiffs' challenges to the ten-day return deadline and associated fines, including fines for returning signed petitions to the wrong county Supervisor of Elections' office. This Court previously considered the merits of such claims at the preliminary injunction stage in this case and concluded that Plaintiffs had failed to establish a substantial likelihood of success in demonstrating that the shortened deadline and fines violated Plaintiffs' constitutional rights. *See* ECF No. 189. Based on the trial record, this Court remains unpersuaded that the return deadline, fines for late returns, and fines for erroneous returns constitute a severe burden on Plaintiffs' speech in violation of their First Amendment rights. Instead, this Court agrees with Defendants that these provisions fall within the heartland of permissible State regulation of the ballot initiative process—as one of the many "restrictions a state might impose on its initiative process" that does "not implicate First Amendment concerns." *Biddulph*, 89 F.3d at 1500.

As Judge Lagoa noted in the stay panel opinion in this case, *Biddulph* continues to bind the Eleventh Circuit (and this Court). *See* ECF No. 427 at 14. And *Biddulph* emphasized that "states maintain broad discretion in fashioning initiative mechanisms," so long as they do not impermissibly burden the free expression of ideas about the objective of an initiative proposal. 89 F.3d at 1500. Notwithstanding Plaintiffs' evidence concerning the great expense the new return deadline and associated fines have placed on ballot initiative sponsors, this Court is not persuaded that these provisions implicate Plaintiffs' First Amendment rights. Accordingly, judgment is due in Defendants' favor on Plaintiffs' claims challenging these provisions.

B

For similar reasons, this Court agrees with Defendants that the verification notice and increased verification cost provisions also do not run afoul of FDH's constitutional rights. For starters, to the extent FDH claims that the verification costs violate its First Amendment rights, this claim fails for reasons similar to the ten-day return deadline and associated fines. The costs to verify signed petitions are assessed only after petition circulators have spoken with voters and successfully persuaded them to sign petitions. On this record, the verification cost provision is well within the State's authority to regulate the state-created ballot initiative process and does not implicate FDH's First Amendment rights.

35

And to the extent FDH argues that the increase in verification costs for statewide ballot initiatives amounts to an equal protection violation, this Court disagrees. Statewide ballot initiative sponsors are not a suspect classification, nor does placing a statewide ballot initiative on the ballot implicate a fundamental right. *See* ECF No. 664 at 91–92. Moreover, this record readily demonstrates that treating statewide ballot initiatives differently than candidate petitions or local referenda is rationally related to a legitimate government purpose. *See, e.g.*, *id*. at 100.

Accordingly, this Court is not persuaded that the verification notice and increased verification cost provisions violate FDH's constitutional rights. Judgment is due in Defendants' favor on these claims.

C

Next, this Court considers Plaintiffs' claims challenging the petition circulator registration requirements and criminal prohibition on possessing more than 25 signed initiative petitions without registering as a petition circulator. This Court previously denied preliminary injunctive relief to Plaintiffs challenging these provisions under the First Amendment and Fourteenth Amendment. *See* ECF No. 283 at 28–30. And Plaintiffs' evidence at trial has not persuaded this Court that the merits of Plaintiffs claims have gained strength since the preliminary injunction stage. This Court again rejects the same arguments recycled from the preliminary

36

injunction stage for the reasons previously expressed and incorporated by reference herein. *Id*.

True, this record demonstrates that the registration requirements create hurdles for would-be volunteers who wish to gather more than 25 signed initiative petitions and financial risks for initiative sponsors in the event unregistered circulators exceed the 25-petition limit on their behalf. But contrary to Plaintiffs' argument, ECF No. 667 at 138, the registration requirement does not totally foreclose would-be volunteers from engaging in spontaneous speech. Eligible Florida residents may still partake in unregistered petition circulation unless and until they reach the 25-petition threshold. Only then must they complete the task of registering to continue gathering signed petitions. And while registering may be inconvenient,[27] it does not pose the sort of severe burden on core political speech that runs afoul of *Meyer* and *Buckley*. Again, states maintain authority to regulate the ballot initiative process, which includes the authority to regulate petition circulators. *See Buckley*, 525 U.S. at 191 ("As the Tenth Circuit recognized in upholding the age restriction [for petition circulators], the six-month limit on

---

[27] Plaintiffs cite the fact that the State's required training and test to complete registration is only offered in English as an example of the burdensome nature of the registration requirements. *See* ECF No. 667 at 138. However, Plaintiffs do not point to evidence of any would-be petition circulators who did not complete the training or successfully register because of the English-only option. Moreover, Plaintiffs do not bring a standalone claim challenging the English-only option. Accordingly, while this Court considers this fact as relevant to Plaintiffs' claim, it is certainly not determinative, nor does this Court afford this fact any special weight.

circulation, and the affidavit requirement [for petition circulators], States allowing ballot initiatives have considerable leeway to protect the integrity and reliability of the initiative process, as they have with respect to election processes generally."); *see also Miracle v. Hobbs*, 427 F. Supp. 3d 1150 (D. Ariz. 2019) (denying preliminary injunction with respect to First Amendment claim challenging Arizona's "strikeout law" for petition circulators who fail to respond to subpoenas).

Nor does the registration requirement's circulator affidavit and disclosure requirements impose a severe burden on core political speech. Plaintiffs again raise the same arguments this Court previously rejected at the preliminary injunction stage regarding the affidavit requirement and the disclosure of would-be circulators' names and addresses on signed petitions. *See* ECF No. 667 at 139–40; ECF No. 668 at 101–04.

To the extent Plaintiffs argue that the affidavit will operate in the same manner as the compelled name tags at issue in *Buckley*, the plain language of the statute undermines that argument. Under the challenged provision, petition circulators need not display their names nor identify themselves to voters prior to speaking. Instead, only after they have persuaded voters to sign a petition do they provide the petition form for signature, which may include their name and address. *See* § 100.371(3)(d), Fla. Stat.; *see also Buckley*, 525 U.S. 182, 199 ("While the affidavit reveals the name of the petition circulator and is a public record, it is tuned to the speaker's interest as

38

well as the State's. Unlike a name badge worn at the time a circulator is soliciting signatures, the affidavit is separated from the moment the circulator speaks."). Indeed, the Supreme Court has already distinguished compelled identification at the moment a petition circulator seeks to engage in core political speech from subsequent disclosure that follows such speech and concluded that this subsequent disclosure does not place the same unconstitutional burden on a would-be speaker. *Buckley*, 525 U.S. at 199 ("The affidavit, in contrast, does not expose the circulator to the risk of 'heat of the moment' harassment.").

Moreover, as this Court has previously explained, the Supreme Court has acknowledged that anonymity interests may justifiably give way to the special state interest of protecting the integrity of the ballot initiative process. *See* ECF No. 283 at 29 (quoting *Watchtower Bible & Tract Society of New York, Inc. v. Village of Stratton*, 536 U.S. 150, 167 (2002)). And the Supreme Court has also determined that a law requiring public disclosure of ballot initiative signers survived exacting scrutiny in a broader First Amendment challenge similar to Plaintiffs' claims here. *See John Doe No. 1 v. Reed*, 561 U.S. 186, 195–201 (2010). As in *Doe*, this Court is satisfied that the record amply supports the State's asserted interests in combatting fraud in the initiative petition process. And, based on this record, this Court is persuaded that the registration requirement, including disclosure of registered circulators' names and addresses, is narrowly tailored to furthering the State's

weighty interest in ensuring the integrity of the ballot initiative process. Accordingly, judgment is due in Defendants' favor with respect to these claims as well.

D

Next, this Court considers the petition circulator eligibility requirements. To the extent Plaintiffs have standing to raise First Amendment challenges to the petition circulator eligibility requirements—namely, the non-citizen, non-resident, and felon bans for petition circulators—and associated fines and invalidation of signed petitions based on violations of these restrictions, this Court is guided by the Eleventh Circuit's recent treatment of such claims in the stay panel opinion in this case. *See* ECF No. 427.

The stay panel's reasoning is persuasive inasmuch as it represents the collective voice of at least two Eleventh Circuit judges who rejected this Court's prior analysis in favor of their view of how Plaintiffs' First Amendment claims should be analyzed. According to the stay panel, the eligibility requirements— specifically, the non-resident and non-citizen prohibitions for petition circulators— are *not* subject to exacting scrutiny under *Meyer*, as they do not "restrict any speech elements of the petition-circulation process."[28] ECF No. 427 at 12. Moreover, the

---

[28] The stay panel's slicing and dicing of the core political speech of petition circulation into speech plus conduct (i.e., collecting a signed petition) fails to take cognizance of the reality of petition circulation and imposes a new layer to the analysis that the Supreme Court never previously imposed when it determined that initiative petition circulation constitutes core political speech. *See Meyer*, 486 U.S. at 421–22; *see also Baker v. City of Atlanta*, 164 F.4th 850, 868–69 (11th Cir. 2026) (Newsom, J., dissenting) (discussing *Meyer* and, without slicing and dicing speech

40

stay panel also concluded that to the extent these provisions are subject to some form of heightened review as restrictions on expressive conduct, they satisfy intermediate scrutiny based on evidence that Defendants introduced in early stages of this case pertaining to the State's asserted interest in combatting fraud in the initiative petition process. *Id*. at 18.

Whether or not this Court agrees with the majority's reasoning in the stay panel's opinion, this Court is hard pressed to ignore the panel's analysis.[29] This is particularly true now that Defendants have introduced additional evidence at trial concerning past instances of fraud in the initiative petition process, *see, e.g.*, ECF No. 639 at 246–47 & 251–53, which further supports the panel's conclusion that the petition circulator eligibility requirements satisfy intermediate scrutiny.[30] Moreover,

---

plus conduct, describes "the circulation of a citizen-initiated petition that seeks to place an issue on a general-election ballot" as "the particular type of speech act" at issue). Indeed, witness Cecilia González Herrera offered a helpful illustration of the importance of each step of petition circulation at trial. To her, talking to voters about a ballot initiative, without more, is akin to merely planting a seed. ECF No. 652 at 37. But petition circulators are trying to grow a relationship that bears fruit in the form of a signed initiative petition, and to do that, they must water the seed—by providing the petition—and grab the fruit and collect that signed petition once the conversation has blossomed into something greater. *Id*. However, the stay panel's analysis carves up this political speech and leaves petition circulators casting seeds in a dessert without water.

[29] Indeed, were this Court writing on a blank slate, it would have held to its prior analysis, in line with the vast majority of circuits to have considered similar challenges, and concluded that the bans on non-residents and non-citizens from circulating ballot initiative petitions severely burden core political speech and fail exacting scrutiny. But this Court is not writing on a blank slate, as the stay panel unequivocally rejected this prior analysis.

[30] To be clear, while this Court noted its concerns for the record and did not admit certain portions of proffered reports, this Court notes that Defendants introduced additional evidence of fraud to support the preliminary showing the Eleventh Circuit stay panel already found to be

41

as the Eleventh Circuit has often emphasized, the legislature need not wait for evidence of fraud to materialize before acting. *See League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 925 (11th Cir. 2023) ("Even if there were no evidence of voter fraud in Florida, our precedents would not require it before a bill like S.B. 90 could be adopted."). In short, this Court is not persuaded that the trial record permits this Court to deviate from the analysis set forth by the stay panel in this case, which this Court finds persuasive for the reasons set out above. In other words, in applying the stay panel's analysis to the record now before this Court, Plaintiffs have not demonstrated a First Amendment violation with respect to the petition circulator eligibility requirements. Accordingly, judgment is due in favor of Defendants as to these claims.

E

Finally, this Court considers Ms. Chandler's claims challenging the prohibition against filling in missing information on signed petitions and the investigation provision.

For starters, this Court finds the missing information provision is not void for vagueness in violation of the Fourteenth Amendment. To be clear, the challenged language prohibits "person[s] collecting petition forms on behalf of a sponsor of an

---

sufficient to withstand Plaintiffs' First Amendment challenges to the petition circulator eligibility requirements.

initiative petition" from "fill[ing] in missing information on a signed petition," among other acts, such as signing a fictitious name to any petition. § 100.371(8), Fla. Stat.; § 104.185(2), Fla. Stat. The plain language of the statute is clear. If you are collecting petitions on behalf of an initiative sponsor, you are prohibited from filling in any missing information on that petition once it is signed. As the record demonstrated at trial, a petition form has many blanks for voters to fill out. Blanks left unfilled plainly constitute "missing information." This Court is not persuaded otherwise, particularly where Plaintiffs rely primarily on a conclusory citation to their own argument at the motion-to-dismiss stage and suggest this Court credited that argument when this Court, in fact, dismissed their amended complaint as a shotgun pleading. *See* ECF No. 409.

This Court is also not persuaded that the missing information provision runs afoul of the First Amendment. While Plaintiffs suggest the prohibition may result in higher rates of invalidated petitions inasmuch as it prevents petition circulators from correcting minor omissions before returning signed petitions to the Supervisors of Elections, such policy arguments fail to demonstrate that the prohibition implicates the core political speech of petition circulation. Instead, the prohibition applies once the speech has already occurred and is supported by the State's interest in combatting fraud in the ballot initiative process. *See* ECF No. 663 at 86. In short, judgment is

43

due in favor of Defendants on Plaintiffs' claims challenging the missing information provision.

The same is true with respect to the investigation provision. This provision requires Supervisors of Elections to notify the Office of Election Crimes and Security when more than 25 percent of petition forms received by the Supervisors during a given reporting period are deemed invalid. § 100.371(14)(g), Fla. Stat. The Office of Election Crimes and Security then must "conduct a preliminary investigation into the activities of the sponsor, one or more petition circulators, or a person collecting petition forms on behalf of a sponsor, to determine whether the invalidated petitions are a result of fraud or any other violation of this section." *Id.*

The League Plaintiffs contend this provision is unconstitutionally overbroad under the First Amendment, that it violates their First Amendment rights by unconstitutionally chilling petition circulation, and is void for vagueness under the Fourteenth Amendment. This Court disagrees.

As to Plaintiffs' First Amendment claims, the investigation provision, by its very terms, kicks in after the core political speech of petition circulation has ended and petitions have been returned to the Supervisors of Elections for validation. And Plaintiffs identify no authority for the proposition that states cannot proactively investigate potential fraud or widespread clerical mistakes as part of regulating the statewide ballot initiative process or enact a particular trigger for such a proactive

44

investigation. In short, the investigation provision does not appear to implicate the League Plaintiffs' First Amendment rights in the first instance.

To be clear, however, this Court recognizes that this provision, in tandem with the shortened delivery deadline and fines provisions, gives rise to contradictory incentives for sponsors and proponents of proposed ballot initiatives. Either rush to return signed petitions on time to avoid fines and likely end up with higher rates of invalidation and potentially trigger a preliminary investigation, or take time to conduct quality checks and return fewer signed petitions and/or pay higher fines for late deliveries while also decreasing the invalidity rate and hopefully avoiding a preliminary investigation. But the pitfalls of either result and the policy arguments challenging these provisions as making the process harder, more expensive, and less efficient, do not transform Plaintiffs' legitimate concerns into a constitutional violation under *Biddulph*, *Meyer,* and *Buckley.* Moreover, as this Court has noted already, Defendants presented several examples of fraud in the ballot initiative context which support Defendants' justification for this provision. Indeed, even Defendants' preliminary evidence for enacting HB 1205 to combat fraud in the ballot initiative process already satisfied two Eleventh Circuit judges that other challenged provisions would survive intermediate scrutiny.  In short, this Court is not persuaded that the subjective chill on the League Plaintiffs' petition circulation efforts as a

result of their members' fears concerning the investigation provision is so severe and so unjustified as to violate the League Plaintiffs' First Amendment rights.

Finally, with respect to the League Plaintiffs' Fourteenth Amendment claim challenging the investigation provision as unconstitutionally vague, this Court cannot agree. Although the League Plaintiffs lump this provision in with other challenged provisions in its brief argument concerning vagueness, *see* ECF No. 668 at 224, the League Plaintiffs fail to identify what language in the investigation provision is so vague as to fail to provide notice or invite arbitrary enforcement. Instead, their argument appears to focus on the specific language of other provisions at issue in this case. *Id*. Likewise, the League Plaintiffs' overall discussion of this provision in its written closing argument cites no record evidence supporting the alleged vagueness asserted in the League Plaintiffs' operative complaint. *See id*. at 78–83. Indeed, it appears the League Plaintiffs have all but abandoned this claim.

But to the extent the League Plaintiffs continue to press this claim, this Court is not persuaded that the investigation provision is unconstitutionally vague in violation of the Fourteenth Amendment. For starters, the provision is a directive to state actors regarding reporting invalidity rates and when to initiative a preliminary investigation of high rates of invalidated petitions. It is not a criminal statute that prohibits certain conduct. *See Wollschlaeger*, 848 F.3d at 1319 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) ("It is, by now, a 'basic principle of due

46

process that an enactment is void for vagueness if its prohibitions are not clearly defined.' "). And this Court agrees with Defendants that the language is not so standardless as to leave the public guessing about when the Supervisors of Elections must notify the Office of Election Crimes and Security and when the Office of Election Crimes and Security must conduct a preliminary investigation—namely, "[f]or any reporting period in which the percentage of petition forms deemed invalid by the supervisor exceeds a total of 25 percent of the petition forms received by the supervisor for that reporting period." § 100.371(14)(g), Fla. Stat.; *see also* ECF No. 663 at 87. The provision is also clear about what the Office of Election Crimes and Security must do during the preliminary investigation—namely, "investigat[e] . . . the activities of the sponsor, one or more petition circulators, or a person collecting petition forms on behalf of a sponsor[] to determine whether the invalidated petitions are a result of fraud or any other violation of this section." *Id*. In short, the plain language of the challenged statute is clear—if more than 25% of petitions are deemed invalid during a particular reporting period, the initiative sponsor, registered circulators, or unregistered circulators may be investigated to determine the cause or causes of that invalidity rate. For these reasons, judgment is due in Defendants' favor on the League Plaintiffs' challenges to the provision prohibiting filling in missing information and the investigation provision.

\*      \*      \*

This Court recognizes that Plaintiffs and other proponents of Floridians' right of direct democracy are understandably dismayed by the Legislature's decision to further regulate the process, effectively making it even harder and more expensive to put issues on the ballot for public vote. The evidence at trial made this effect clear. It is incredibly expensive to successfully place a statewide ballot initiative on the ballot. It is virtually impossible to collect enough signatures for ballot placement without hiring paid petition circulators. And the changes wrought by HB 1205 have created new barriers to entry, making it even harder for initiative sponsors and supporters to accomplish their goals. The citizen initiative process, which gives Floridians a path to amend their Constitution, is virtually dead save for the most controversial issues for which tens of millions of dollars can be raised. But Plaintiffs' quarrels with the wisdom of the Legislature's actions—at least with respect to those provisions under HB 1205 for which Plaintiffs had standing to challenge—are policy arguments, not constitutional violations for which this Court may grant relief. And it is not for this Court to determine whether it is a good or bad thing that political power is being further consolidated in Tallahassee and reclaimed from the safety-valve of direct democracy that the first Constitution Revision Commission saw fit to propose for inclusion in Florida's modern Constitution.

Accordingly,

**IT IS ORDERED:**

1. With respect to the Florida Decides Healthcare, Inc., Jordan Simmons, and Mitchell Emerson, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Florida Decides Healthcare Inc.'s challenges to the petition circulator eligibility requirements, the petition circulator registration requirements, the ten-day delivery requirement and associated fines, and the increased verification costs provision. The Florida Decides Healthcare Plaintiffs' challenges to the "racketeering activity" definition are **DISMISSED as moot for prudential reasons.** The balance of the Florida Decides Healthcare Plaintiffs' claims are **DISMISSED for lack of standing**."

2. With respect to Smart & Safe Florida, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Smart & Safe Florida's challenge to the ten-day delivery requirement and associated fines. The balance of Smart & Safe Florida's claims are **DISMISSED for lack of standing**."

3. With respect to Floridarighttocleanwater.org and Melissa Martin, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to Right to Clean Water Plaintiffs' challenge to the ten-day delivery requirement and associated fines. The balance of Right to Clean Water Plaintiffs' claims are **DISMISSED for lack of standing**."

49

4. With respect to the League of Women Voters of Florida, the League of Women Voters of Florida Education Fund, Inc., LULAC, Cecile Scoon, and Debra Chandler, the Clerk shall enter judgment stating, "Judgment is entered in favor of Defendants with respect to the League Plaintiffs' challenges to the registration requirements, the criminal prohibitions against filling in missing information on signed petitions and possessing more than 25 signed petitions as an unregistered petition circulator, and the investigation provision. The League Plaintiffs' challenges to the "racketeering activity" definition are **DISMISSED as moot for prudential reasons.** The balance of the League Plaintiffs' claims are **DISMISSED for lack of standing**."

5. Consistent with this Court's prior Order acknowledging the Poder Latinx Plaintiff's stipulation of dismissal, ECF No. 498, the Clerk shall enter judgment stating, "Plaintiffs Poder Latinx, Yivian Lopez Garcia, and Humberto Orjuela Prieto's claims are **DISMISSED without prejudice**."

6. The Clerk shall **VACATE** this Court's prior preliminary injunction with respect to Jordan Simmons's vagueness claim challenging the "racketeering activity" definition, ECF No. 189, and close the file.

**SO ORDERED on April 30, 2026.**

**s/Mark E. Walker**  
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

FLORIDA DECIDES HEALTHCARE,
INC., et al.,

    *Plaintiffs/Intervenor-Plaintiffs*,

v.                                                                           Case No.: 4:25cv211-MW/MAF

CORD BYRD, et al.,

    *Defendants/Intervenor-Defendants*.

_____/


## JUDGMENT

Judgment is entered in favor of Defendants with respect to Right to Clean

Water Plaintiffs' challenge to the ten-day delivery requirement and associated

fines. The balance of Right to Clean Water Plaintiffs' claims are **DISMISSED for**

**lack of standing**.

                                           JESSICA J LYUBLANOVITS,
                                           CLERK OF COURT


April 30, 2026                                            s/ *Kimberly J. Westphal*
DATE                                                              DEPUTY CLERK


NDFL Ops 2 (Rev. 7/23) Civil Judgment
ClerkAdmin/Official/Forms